# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., AND MICRON TECHNOLOGY TEXAS LLC,<br><br>    Defendants. | Civil Action No. 2:22-cv-00203<br><br>**JURY TRIAL DEMANDED** |

# DEFENDANTS' OPPOSED MOTION TO SEVER AND STAY
# PATENTS AT ISSUE IN THE WESTERN DISTRICT OF TEXAS

## TABLE OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| 1 | Complaint, *Netlist, Inc. v. Micron Tech., Inc.*, ECF No. 1, Case No. 6:21-CV-00431 (W.D. Texas). |
| 2 | Amended Answer and Counterclaims, *Netlist, Inc. v. Micron Tech., Inc.*, ECF No. 72-1, Case No. 1:22-CV-00136 (W.D. Texas). |

# **TABLE OF CONTENTS**

I. Introduction ........................................................................................................................... 1
II. Statement of Facts ................................................................................................................. 2
    A. Netlist First Filed in the Western District of Texas, Waco Division, and Agreed to Transfer those Disputes to the Austin Division. .................................... 2
    B. Netlist Filed this Action Asserting the Overlapping Patents Immediately after Receiving an Adverse Ruling in Austin, Despite Substantial Overlap between the Asserted Patents and the Accused Products in the Two Actions. ..................... 3
III. Legal Standard ....................................................................................................................... 5
    A. First to File ................................................................................................................ 5
    B. Sever .......................................................................................................................... 6
IV. Argument ............................................................................................................................... 6
    A. Netlist's Allegations Regarding the Overlapping Patents Are Substantially Similar to Issues Already Pending in the Western District ....................................... 6
    B. Given the Substantial Overlap, the Western District as the First-Filed Court Should Determine Where the Overlap Patent Claims Proceed. ................................ 8
    C. The Court Should Sever the Overlapping Patents So That a Stay Will Not Delay an Adjudication Regarding the Remaining Two Patents ............................... 9
V. Conclusion ........................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                             **Page(s)**

*Aventis Pharmaceuticals Inc. v. Teva Pharmaceuticals USA Inc.*,
  No. 2:06-CV-469, 2007 WL 2823296 (E.D. Tex. Sept. 27, 2007)....................6, 7, 8

*BridgeLux, Inc. v. Cree, Inc.*,
  No. 9:06-CV-240, 2007 WL 9724143 (E.D. Tex. Feb. 5, 2007)..............................9

*Brunet v. United Gas Pipeline Co.*,
  15 F.3d 500 (5th Cir. 1994) ...................................................................................6

*Cadle Co. v. Whataburger of Alice, Inc.*,
  174 F.3d 599 (5th Cir. 1999) .................................................................................5

*Harris Corp. v. Huawei Device USA, Inc.*,
  No. 2:18-CV-00439-JRG, 2019 WL 8135570 (E.D. Tex. June 12, 2019) ...............9

*Netlist, Inc. v. Micron Tech., Inc.*,
  No. 1:22-CV-00134-LY (W.D. Texas)....................................................................2

*Netlist, Inc. v. Micron Tech., Inc.*,
  No. 1:22-cv-00136-LY (W.D. Texas).....................................................................1

*ROY-G-BIV Corp. v. FANUC Ltd.*,
  No. 2:07-CV-418 (DF), 2009 WL 10677443 (E.D. Tex. Apr. 14, 2009)..............6, 9

*RPost Holdings, Inc. v. Sophos, Inc.*,
  No. 2:13-CV-959, 2014 WL 10209205 (E.D. Tex. Aug. 20, 2014).........................5

*Salomon S.A. v. Scott USA Ltd. P'ship*,
  117 F.R.D. 320 (D. Mass. 1987)............................................................................9

*Virtual Fleet Mgmt., LLC v. Position Logic, LLC*,
  No. 2:17-CV-00014-JRG, 2017 WL 10276708 (E.D. Tex. May 17, 2017).....5, 6, 9

*W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*,
  751 F.2d 721 (5th Cir. 1985) ..............................................................................6, 9

**Other Authorities**

Fed. R. Civ. P. 15(c)(1)(B) ................................................................................................9

Fed. R. Civ. P. 21 ..........................................................................................................6, 9

# I.         INTRODUCTION

Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC (collectively, "Micron") respectfully move the Court to sever and stay proceedings for U.S. Patent Nos. 10,860,506 (the "'506 Patent"), 10,949,339 (the "'339 Patent"), 11,016,918 (the "'918 Patent"), and 11,232,054 (the "'054 Patent") (collectively, the "Overlapping Patents").

The Court should sever and stay proceedings relating to the Overlapping Patents from this case because Netlist Inc.'s ("Netlist") allegations relate to an earlier-filed patent-infringement case pending in the Western District of Texas, Austin Division, and the Austin Court (as the first-filed Court) is currently considering whether it should exercise jurisdiction over the same disputes that Micron has filed in this Court for these patents.

Over a year ago, Netlist Inc. sued Micron in the Western District of Texas, Waco Division, contending that Micron infringes certain alleged standard essential buffered memory module patents. Micron counterclaimed seeking judgments of noninfringement, invalidity and standard-required RAND terms. Micron sought to transfer that case to a more convenient forum, and Netlist stipulated to transferring the case to the Austin Division (the "First-Filed Austin Case").[1]

Apparently unhappy with its stipulated venue choice, Netlist filed this case against Micron, asserting materially similar alleged standard essential buffered memory patents. This lawsuit is a blatant attempt at forum shopping to end-run the stay issued by the Austin Court. In doing so, Netlist creates a problem by first agreeing to have this dispute heard in Austin and then improperly seeking to split the same dispute between the parties into multiple actions and judicial districts.

---

[1] The First-Filed Austin Case is *Netlist, Inc. v. Micron Tech., Inc.*, No. 1:22-cv-00136-LY (W.D. Texas).

The overlap between this case and the First-Filed Austin Case is substantial. The two cases implicate the same alleged standard-essential RAND issues for buffered memory products and the same Micron products and witnesses. Further, the same Netlist inventors are identified on the Overlapping Patents, one of the Overlapping Patents is a related continuation of a patent the parties are already litigating in the First-Filed Austin Case, and two of the Overlapping Patents are related continuations of another patent that the parties are also litigating in Austin in a related case (the "Related Austin Case")[2] that is on the same schedule as the First-Filed Austin Case. These similarities, and others, necessarily involve overlapping discovery, damages, and liability issues with the First-Filed Austin Case. Thus, in the interest of judicial efficiency, comity, and decreasing the parties' overall litigation expenses, Micron has requested leave from the Austin Court to add counterclaims addressing the Overlapping Patents in the First-Filed Austin Case. That motion is currently pending before the Austin Court.

Micron accordingly requests that this Court enter an order severing and staying proceedings for the Overlapping Patents until the Court in the First-Filed Austin Case resolves Micron's motion for leave to add counterclaims. Doing so will serve the interests of judicial economy and comity that underpin the first-to-file rule without unduly delaying proceedings in this Court regarding the remaining patents that Netlist asserts here.

## II.  STATEMENT OF FACTS

**A.   Netlist First Filed in the Western District of Texas, Waco Division, and Agreed to Transfer those Disputes to the Austin Division.**

On April 28, 2021, Netlist filed a complaint for patent infringement in the Western District of Texas, Waco Division. *See* Ex. 1 (Western District of Texas Case No. 6:21-cv-431 ("WDTX

---

[2] The Related Austin Case is *Netlist, Inc. v. Micron Tech., Inc.*, No. 1:22-CV-00134-LY (W.D. Texas).

2

431 Case"), Dkt. No. 1).[3] Netlist accused Micron's DDR4 Load Reduced Dual In-Line Memory Modules ("LRDIMMs") of allegedly infringing three Netlist patents: U.S. Patent Nos. 10,489,314 (the "'314 patent"); 9,824,035 (the "'035 patent"); and 10,268,608 (the "'608 patent") (collectively, the "Austin Patents"). *Id.*, ¶¶ 7, 40, 43, 74, and 105. Netlist alleged that these patents are essential to various DDR4 memory module standards promulgated by the Joint Electron Device Engineering Counsel (the "JEDEC"). *Id.*, ¶ 2. Micron filed an answer and counterclaims seeking declaratory judgment to resolve infringement, validity, and (if needed) appropriate standard-required RAND licensing terms. WDTX 431 Case at Dkt. No. 19.

Micron moved to transfer the case to a more convenient forum: either the District of Idaho or alternatively the Western District's Austin Division. *Id.* at Dkt. No. 32. Netlist stipulated to transfer to the Austin Division. *Id.* at Dkt. No. 43. Judge Alan D Albright transferred the case to the Austin Division on February 14, 2022. *Id.* at Dkt. No. 45.

**B.    Netlist Filed this Action Asserting the Overlapping Patents Immediately after Receiving an Adverse Ruling in Austin, Despite Substantial Overlap between the Asserted Patents and the Accused Products in the Two Actions.**

Having identified invalidating prior art, Micron filed petitions for *inter partes* review of the Austin Patents. On May 11, 2022, the Austin Court stayed the First-Filed Austin Case pending the PTAB acting on Micron's *inter partes* review petitions. Western District of Texas Case No. 1:22-cv-136 at Dkt. No. 69.[4] Netlist filed this action alleging infringement of the Overlapping Patents less than a month later, on June 10, 2022. *See* ECF No. 4. Netlist never moved for leave to add the Overlapping Patents to the existing First-Filed Austin Case, despite that it chose the

---

[3] Netlist also filed the Related Austin Case on the same day. Western District of Texas Case No. 6:21-cv-430 at Dkt. No. 1.
[4] On July 19, 2022, the Patent Trial and Appeal Board instituted proceedings for the '035 Patent (IPR2022-00236) and declined to institute proceedings for the '608 Patent (IPR2022-00237). Micron has requested rehearing of the denial.

3

Western District as the forum for its allegedly standard essential buffered memory patents dispute and despite that it stipulated to adjudicating the dispute in the Austin Division.

The overlap between this case and the First-Filed Austin case is substantial. As with the Austin Patents, Netlist alleges the Overlapping Patents are standard-essential buffered memory patents. ECF No. 1 at ¶¶ 72 (referring to JEDEC standard to allegedly show that Micron products practice claim features of '506 patent); 85-88 (same for '339 patent), 96-99 (same for '918 patent); 107-108 (same for '054 patent). Netlist's asserted '506 patent is in the same patent family as the '608 and '035 patents asserted in the First-Filed Austin Case. And Netlist's asserted '918 and '054 patents relate to the sole patent—U.S. Patent No. 8,301,833 (the "'833 patent")—involved in the Related Austin Case. Accordingly, these patents all share common disclosures and significantly overlapping issues of invalidity, non-infringement, and SEP-licensing requirements.

Netlist makes similar accusations here and in the First-Filed Austin Case regarding Micron's products, including against Micron's DDR4 LRDIMMs. *Compare* ECF No. 1, ¶ 9 *with* Ex. 1, ¶¶ 7, 40, 43, 74, 105. More specifically, Netlist accuses, *inter alia*, the following products:

- '506 patent: DDR4 LRDIMMs and other products with materially the same structures in relevant parts (ECF No. 1 at ¶ 67);

- '339 patent: DDR4 LRDIMMs and other products with materially the same structures in relevant parts (*Id.* at ¶ 79);

- '918 Patent: DDR5 LRDIMMs, DDR5 RDIMMs, DDR5 SODIMMs, DDR5 UDIMMs, and other products with materially the same structures in relevant parts (*id.* at ¶ 93); and

- '054 Patent: DDR5 LRDIMMs, DDR5 RDIMMs, DDR5 SODIMMs, DDR5 UDIMMs, and other products with materially the same structures in relevant parts (*id.* at ¶ 102).

Netlist is thus accusing Micron's dual in-line memory module ("DIMM") products of infringing the Overlapping Patents, which are the same as (or share similar features with) the DDR4 LRDIMMs that Netlist accused in the First-Filed Austin Case. *See* Ex. 1, ¶¶ 7, 40, 43, 74, 105.

### III. LEGAL STANDARD

#### A. First to File

Under the first-to-file rule, a dispute should generally be resolved in the forum that first seized jurisdiction over the subject matter. *See RPost Holdings, Inc. v. Sophos, Inc.*, No. 2:13-CV-959, 2014 WL 10209205, at *1 (E.D. Tex. Aug. 20, 2014). This is true even when then first-filed case is a declaratory judgment action. *See id.* Determining whether to apply the first-to-file rule requires resolving two questions: "1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the subject matter of both actions; and 2) which of the two courts should take the case?" *Id.* (quoting *Texas Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F.Supp. 994, 997 (E.D. Tex. 1993)).

If "two pending actions involve substantially similar issues," the second-filed court should "decline[] to resolve the question of which of the two courts should proceed" because "it is not the second-filed court's position to determine the appropriate venue." *Virtual Fleet Mgmt., LLC v. Position Logic, LLC*, No. 2:17-CV-00014-JRG, 2017 WL 10276708, at *2 (E.D. Tex. May 17, 2017) (Gilstrap, J.); *see also Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605 (5th Cir. 1999) ("Once the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] was no longer up to the [second filed court] to resolve the question of whether both should be allowed to proceed." (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408

5

(5th Cir. 1971))). Hence, when two actions involve substantially similar issues, the second-filed court should either dismiss, transfer, or stay—with a stay being particularly appropriate when necessary to allow the first-filed court to determine whether it should adjudicate both cases. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA*, AFL-CIO, 751 F.2d 721, 729 n.1 (5th Cir. 1985) (remanding case for entry of an order of stay, transfer, or dismissal).

    **B.**    **Sever**

Federal Rule of Civil Procedure 21 grants this Court authority to "sever any claim against a party." A district court "has broad discretion to sever issues to be tried before it." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). Severance may be appropriate, for instance, when it would avoid undue delay and reduce the complexity of the case, including to sever patents that relate to different technologies or that would require different schedules for discovery. *See, e.g.*, *ROY-G-BIV Corp. v. FANUC Ltd.*, No. 2:07-CV-418 (DF), 2009 WL 10677443, at *1 (E.D. Tex. Apr. 14, 2009).

### IV.    ARGUMENT

Under these circumstances, severing and staying the Overlapping Patents will best serve judicial efficiency and comity. Under the first-to-file rule, when two cases involve substantially similar issues, a stay is appropriate in the second-filed court to allow the first-filed court an opportunity to decide whether to exercise jurisdiction over the subject matter of the later action. *Virtual Fleet Mgmt.*, 2017 WL 10276708, at *2; *W. Gulf Mar. Ass'n*, 751 F.2d at 729 n.1.

    **A.**    **Netlist's Allegations Regarding the Overlapping Patents Are Substantially Similar to Issues Already Pending in the Western District.**

Patent-infringement cases are substantially similar even when they involve different patents if the cases involve the same parties, patents covering similar technologies, and the same accused products. This Court concluded as much under similar circumstances in *Aventis*

*Pharmaceuticals Inc. v. Teva Pharmaceuticals USA Inc.*, No. 2:06-CV-469, 2007 WL 2823296, at *2 (E.D. Tex. Sept. 27, 2007). In *Aventis*, the patentee, Aventis, filed an infringement action in this District alleging that Teva infringed claims in two patents related to the pharmaceutical compound fexofenadine. *Id.* at *1. Aventis, however, previously asserted other fexofenadine-related claims from different patents against Teva in New Jersey. *Id.* Both cases involved the same accused products—though Teva argued that the claims asserted here related to "distinct inventions from those involved in the New Jersey actions." *Id.* At *1–2. Aventis filed its action here shortly after an adverse ruling in the New Jersey actions. *See id.* at *2 ("In short, it appears that Aventis filed suit in this forum because it was disappointed with Judge Greenaway's ruling on the motion for preliminary injunction."). Under those circumstances, this Court determined that because the new case and the prior New Jersey cases were substantially similar applying the first-to-file rule was appropriate. *Id.* at *2.

The *Aventis* reasoning applies equally here. The parties—Netlist, Inc., Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC—are the same in both cases. ECF No. 1; Ex. 1. The Micron memory modules at issue in both sets of claims substantially overlap. In the First-Filed Austin Case, Netlist has accused Micron's DDR4 LRDIMM products of infringing its alleged standard-essential buffered memory module patents. *See* Ex. 1 at ¶¶ 7, 40, 43, 74, and 105. In this case, Netlist accuses the same (or similar) DIMM products of infringing the Overlapping Patents. *See* ECF No. 1 at ¶¶ 67, 79, 93, 102.

Substantial overlap also exists in the underlying technology at issue in both proceedings. For example, all the patents relate to the same DIMM technology. The Overlapping Patents also share common inventors with the patents asserted in the First-Filed Austin Case: Hyun Lee and Jayesh Bhakta. Further, the '506 patent here shares the same disclosure as the '035 and '608 patents

7

in the First-Filed Austin Case. And the '918 and '504 patents relate to (and share disclosures with) the '833 patent that Netlist asserted in the Related Austin Case, a case being adjudicated on the same schedule and by the same Court as the First-Filed Austin Case. Accordingly, the Overlapping Patents share the same underlying technology as the patents at issue in the Austin Division case.

In addition, the overlap extends beyond identical parties, related patents, common inventors, and the same or similar accused products and technologies. The allegations in both venues involve activities by Netlist inventor Hyun Lee that give rise to inequitable conduct and unclean hands defenses for the three related patents, the '035, the '608, and '506 patents. *See* Ex. 2 (Micron's amended counterclaim) at ¶¶ 170-171. The allegations also implicate common issues of damages and licensing since they implicate sales of the same Micron DIMM products and RAND licensing obligations, such that discovery relating to Netlist's allegations will cover substantially similar issues. *See, e.g.*, Ex. 1, ¶ 2, 94. Both actions also cite the same JEDEC standards that allegedly show how the accused products practice the claimed features. *Compare* Ex. 1 ¶¶ 60 (citing JEDEC Standard No. 82-32A (August 2019) at 13-14), 83 (same), 84 (same) 88 (same), 113 (same) *with* ECF No. 4 ¶¶ 72 (same), 88 (same); *compare* Ex. 1 ¶ 88 (citing JEDEC standard 82-32A (August 2019), Page 95), 119 (same) *with* ECF No. 4 ¶ 87 (same). Given the above similarities, which include significantly more overlap than was present in *Aventis*, substantial similarity exists between the issues here regarding the Overlapping Patents and those present in the First-Filed Austin Case, such that the first-to-file rule should apply.

    **B.**    **Given the Substantial Overlap, the Western District as the First-Filed Court Should Determine Where the Overlap Patent Claims Proceed.**

As in *Aventis*, it appears that Netlist brought the Overlap Patent claims here because it was disappointed with Austin Court's decision to stay those proceedings pending Micron's IPRs. This is not an appropriate basis to deprive the Austin Court of jurisdiction. Instead, under the first-filed

rule, the Austin Court as the fist-filed Court should decide whether it will adjudicate Netlist's allegations regarding the Overlapping Patents. *See Virtual Fleet Mgmt.,* 2017 WL 10276708, at *2. Micron thus has moved for leave to add the Overlapping Patents to the Western District actions through amended counterclaims. If the Austin Court grants leave, the amendment will relate back to the filing of the original counterclaims in the Western District action, taking precedence over Netlist's later filing here. *See* Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.").

Micron thus respectfully requests this Court enter a stay pending the Austin Court's decision on whether to adjudicate this dispute. *See W. Gulf Mar. Ass'n*, 751 F.2d at 729 n.1 (noting stay is appropriate while first-filed court determines where action should be adjudicated).

**C. The Court Should Sever the Overlapping Patents So That a Stay Will Not Delay an Adjudication Regarding the Remaining Two Patents**

This is not a dilatory request. Micron does not request a stay regarding U.S. Patent Nos. 8,787,060 and 9,318,160, which will remain pending in this Court. A stay regarding the Overlapping Patents need not delay the progress of adjudicating the two remaining patents. Severance is appropriate in situations where (as here) it would simplify the issues in dispute and avoid delaying discovery and trial. *See, e.g.*, *ROY-G-BIV Corp*, 2009 WL 10677443, at *1. This Court previously has severed patents under Rule 21. *See, e.g.*, *Harris Corp. v. Huawei Device USA, Inc.*, No. 2:18-CV-00439-JRG, 2019 WL 8135570, at *3 (E.D. Tex. June 12, 2019). Other courts similarly have severed patents that were the subject of separate co-pending cases. *See, e.g*, *BridgeLux, Inc. v. Cree, Inc.*, No. 9:06-CV-240, 2007 WL 9724143, at *3 (E.D. Tex. Feb. 5, 2007) (dismissing patents filed elsewhere while keeping other patents); *Salomon S.A. v. Scott USA Ltd.*

9

*P'ship*, 117 F.R.D. 320, 321 (D. Mass. 1987) (severing and staying patent-infringement counterclaims in separate co-pending actions).

Under these circumstances, staying and severing the Overlapping Patents would promote comity and judicial efficiency while eliminating any potential related delay in advancing the dispute regarding the two patents that will remain pending in this District.

## V.    CONCLUSION

For the reasons set forth above, Micron requests that the Court sever and stay proceeding regarding the Overlapping Patents until the Austin Court as the first-filed Court decides which forum should adjudicate those claims

Dated: September 2, 2022            Respectfully submitted,

By: */s/ Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
Barry K. Shelton
State Bar No. 24055029
BShelton@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins
*Pro Hac Vice*
State Bar No. 1500598
MHopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036-3506
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Juan C. Yaquian
*Pro Hac Vice*
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002-2925

Telephone: (713) 651-2600
Facsimile: (713) 651-2700

**Attorneys for Defendants
Micron Technology, Inc.,
Micron Semiconductor Products,
Inc., and Micron Technology Texas,
LLC**

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 2nd day of September 2022 the foregoing document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including counsel of record for Plaintiff Netlist.

*/s/ Michael R. Rueckheim*
Michael Rueckheim

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h) and (i), Micron certifies that Micron informed Plaintiff of Micron's intent to move to sever and stay patents at issue in the Western District of Texas. Plaintiff responded that it opposes the motion.

*/s/ Michael Rueckheim*
Michael Rueckheim
