# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



FILED
MAY 11 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| NETLIST, INC., § | |
|     PLAINTIFF, § | |
| § | |
| V. § | |
| § | |
| § | CAUSE NOS. 1:22-CV-134-LY |
| MICRON TECHNOLOGY, INC., § | 1:22-CV-136-LY |
| MICRON SEMICONDUCTOR § | |
| PRODUCTS, INC., AND MICRON § | |
| TECHOLOGY TEXAS LLC, § | |
|     DEFENDANTS. § | |

## ORDER ON MOTION TO STAY

Before the court in cause number 1:22-CV-134-LY is Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC's (collectively, "Micron") Motion to Stay Pending *Inter Partes* Review ("IPR") filed April 1, 2022 (Doc. #58) and all responses and replies. Micron filed an identical motion to stay in cause number 1:22-CV-136-LY on the same day (Doc. #59).[1] Having reviewed the motions and related briefing, the applicable law, and entire case file, the court will grant Micron's motions to stay.

Micron informs the court that it submitted petitions for IPR challenging the validity of all asserted claims in the four patents at issue—U.S. Patent Nos. 8,301,833, 10,489,314, 9,824,035, and 10,268,608 (collectively, the "Asserted Patents"). Micron moves to stay the case pending the Patent Trial and Appeal Board's ("PTAB") decisions to institute the IPRs and, should PTAB institute the IPRs, during the subsequent review proceedings.

Courts have the inherent power to manage their dockets, including the authority to order a stay. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). The party seeking a

---

[1] The response and reply briefs for both motions to stay are identical. The two actions involve the same parties and similar issues.

stay bears the burden of showing that a stay is appropriate. *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CV-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015). Courts generally consider three factors when determining whether to stay patent litigation in light of IPR proceedings: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question; and (3) the status of the litigation at the time a stay is requested. *Id.* In determining whether to stay court proceedings pending resolution of IPR proceedings, courts usually evaluate the totality of the circumstances in the particular case before them. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

For the first factor—whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party—Micron argues that the PTAB will decide whether to institute Micron's IPRs within the "short time frame" of four to six months, which, Micron argues, will not prejudice Plaintiff Netlist Inc. ("Netlist"). Micron argues that Netlist waited over a month and a half to serve the complaints on Micron and notes that Netlist seeks monetary damages, not an injunction. Netlist responds that Micron delayed in filing the IPR petitions with PTAB and argues that while the PTAB's institution decisions may take four to six months, the full IPR proceedings, if any, may take longer. Netlist also argues that Netlist and Micron are competitors, and that the additional delay would cause Netlist prejudice.

The court finds that a stay would not unduly prejudice or present a clear tactical disadvantage to Netlist. The court agrees with Micron that a stay pending PTAB's institution decisions would not present a significant delay. The court is unpersuaded by Netlist's argument

2

that Micron delayed in filing the IPR petitions and notes that Netlist contributed to the delay in its efforts to serve Micron with the complaint. Although Netlist argues that it is a competitor with Micron, Netlist has not requested injunctive relief from the court. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (noting that plaintiff's choice not to request preliminary injunction weighed against claim that plaintiff was unduly prejudiced). The court concludes that the first factor weighs in favor of a stay.

For the second factor—whether a stay will simplify the issues in question—Micron argues that because it submitted petitions for IPR on all the asserted claims in each Asserted Patent, a stay would significantly streamline the litigation or resolve it entirely. Netlist responds that because the PTAB has yet to institute any of Micron's petitions, it is unclear whether the petitions will simplify the litigation.

The court agrees with Micron and finds that a stay will simplify the issues in question. Micron's petitions cover all the asserted claims in each Asserted Patent, and the PTAB's decisions may significantly streamline the issues before the court. *See NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015) (noting that "the prospect that the *inter partes* review proceeding will result in simplification of the issues" is "the most important factor bearing on whether to grant a stay"). The court concludes that the second factor weighs in favor of a stay.

For the third factor—the status of the litigation at the time a stay is requested—Micron argues that the litigation is "in its infancy" because fact discovery has not begun and there is no trial setting in the cases. Netlist responds that the parties have already completed claims-construction briefing and notes that the court set the cases for a claims-construction hearing on May 12, 2022.

The court finds that the status of the litigation weighs in favor of a stay. The court has not yet rendered a scheduling order or set a trial date, and the parties have conducted discovery only with respect to the issue of venue. The court concludes that the third factor weighs in favor of a stay. *See VirtualAgility*, 759 F.3d 1307 at 1317 (noting that case "was still at its infancy" when "discovery had not yet begun and no trial date had been set").

Having considered the totality of the circumstances, the court finds that all three factors weigh in favor of a stay and will grant Micron's motions.

**IT IS THEREFORE ORDERED** that Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC's Motion to Stay Pending *Inter Partes* Review filed April 1, 2022 (Doc. #58) in cause 1:22-CV-134-LY is **GRANTED**. The identical motion filed in cause 1:22-CV-136 (Doc. #59) is also **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending further order of the court. The Tutorial and Claims-Construction Hearing set for **May 12, 2022, at 9:30 a.m.** is **CANCELLED**.

**IT IS FINALLY ORDERED** that the parties shall file a Status Report on or before **June 13, 2022**, advising the court on any action taken by the Patent Trial and Appeal Board related to these cases.

SIGNED this \_\_11th\_\_ day of May, 2022.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

4