# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

NETLIST, INC.,

        Plaintiff,

    v.

MICRON TECHNOLOGY, INC., MICRON
SEMICONDUCTOR PRODUCTS, INC., AND
MICRON TECHNOLOGY TEXAS LLC,

        Defendants.

Civil Action No. 1:22-CV-00136-LY

**JURY TRIAL DEMANDED**

## <u>DEFENDANTS' OPPOSED MOTION TO TEMPORARILY LIFT STAY AND MOTION FOR LEAVE TO FILE AN AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS</u>

# TABLE OF CONTENTS

I.    Introduction ................................................................................................... 1

II.    Statement of Facts ......................................................................................... 2

    A.    Netlist filed its first action in the Western District of Texas and agreed to transfer it to Austin. .................................................................. 2

    B.    Netlist's new EDTX cases ................................................................ 3

        1.    Netlist's first EDTX case ....................................................... 3

        2.    Netlist's second EDTX case .................................................. 5

III.    Legal Standard .............................................................................................. 5

IV.    Argument ...................................................................................................... 6

    A.    Micron's Amended Counterclaims Are Timely. ................................... 7

    B.    Micron's Amendment Causes No Undue Prejudice to Netlist. ............. 7

    C.    Micron Seeks This Amendment for a Proper Purpose ........................... 9

    D.    Micron seeks to amend its pleadings in response to Netlist's new case and not to correct any deficiencies in its earlier pleadings. ......................... 15

    E.    Micron's amendment is not futile. ..................................................... 15

V.    Conclusion .................................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anza Tech., Inc. v. Mushkin, Inc.*,
 934 F.3d 1359 (Fed. Cir. 2019) ...................................................................................12, 13

*Auster Oil & Gas, Inc. v. Stream*,
 764 F.2d 381 (5th Cir. 1985) .............................................................................................10

*Cinemark Holdings, Inc. v. Factory Mut. Ins. Co.*,
 No. 4:21-CV-00011, 2021 WL 3190508 (E.D. Tex. July 28, 2021) .......................................15

*Collabo Innovations, Inc. v. Advanced Micro Devices, Inc.*,
 No. 1:18-CV-552-LY, 2019 WL 13153226 (W.D. Tex. July 10, 2019) .................................15

*Deniece Design, LLC v. Braun*,
 953 F. Supp. 2d 765 (S.D. Tex. 2013) .................................................................................16

*Elecs. for Imaging, Inc. v. Coyle*,
 394 F.3d 1341 (Fed. Cir. 2005) ..........................................................................................10

*Futurewei Techs., Inc. v. Acacia Rsch. Corp.*,
 737 F.3d 704 (Fed. Cir. 2013) ...........................................................................................11

*Gomez v. United States*,
 No. EP-19-CV-71-KC, 2019 WL 11505831 (W.D. Tex. Sept. 20, 2019) ..............................7

*Halbert v. City of Sherman*,
 33 F.3d 526 (5th Cir. 1994) .................................................................................................7

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
 Case No. 1-14-CV-134-LY (W.D. Tex. Jan. 28, 2015) .........................................................6

*Merial Ltd. v. Cipla Ltd.*,
 681 F.3d 1283 (Fed. Cir. 2012) ....................................................................................10, 11

*Netlist Inc. v. Micron Tech., Inc.*,
 Civil Action No. 2:22-cv-00203-JRG-RSP (E.D. Tex.) ............................................... *passim*

*Netlist Inc. v. Micron Tech., Inc.*,
 Civil Action No. 2:22-cv-00294 (E.D. Tex.) ............................................................. *passim*

*Smith v. EMC Corp.*,
 393 F.3d 590 (5th Cir. 2004) ...............................................................................................6

ii

*Stripling v. Jordan Prod. Co.*,
  234 F.3d 863 (5th Cir. 2000) ................................................................15

*Teirstein v. AGA Med. Corp.*,
  No. 06:08-CV-14, 2009 WL 704138 (E.D. Tex. Mar. 16, 2009) ............................16

*Tiller v. Atl. Coast Line R.R. Co.*,
  323 U.S. 574, 65 S. Ct. 421, 89 L. Ed. 465 (1945)................................................12

*United States ex rel. Willard v. Humana Health Plan of Tex.*,
  336 F.3d 375 (5th Cir. 2003) ................................................................6

**Statutes**

35 U.S.C. § 286................................................................13

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)................................................................15

Fed. R. Civ. P. 15(a)(2)................................................................1, 5

Fed. R. Civ. P. 15(c)................................................................12

Fed. R. Civ. P. 15(c)(1)(B)................................................................12

## I.     **INTRODUCTION**

Perhaps to avoid the stay entered in this case, Netlist, Inc. ("Netlist") filed an action in the Eastern District of Texas asserting patents claims related to those asserted here. Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC ("Micron") move to temporarily lift the stay in this case for the limited purpose of granting Micron's accompanying Motion for Leave to File an Amended Answer, Affirmative Defenses, and Counterclaims ("Motion to Amend") to add counterclaims for declaratory judgment of noninfringement of U.S. Patent Nos. 7,619,912 (the "'912 patent"), 9,858,215 (the "'215 patent"), 10,860,506 (the "'506 patent"), 10,949,339 (the "'339 patent"), 11,016,918 (the "'918 patent"), 11,232,054 (the "'054 patent"), and 11,093,417 (the "'417 patent") (collectively, the "Newly Asserted Patents") pursuant to Federal Rule of Civil Procedure 15(a)(2).

This case involves Netlist's alleged standard essential buffered memory module patents. Netlist filed this case in Waco, Texas, and Micron counterclaimed seeking declaratory judgment of noninfringement, invalidity, and determination of standard-required RAND terms. Dkt. No. 19. Netlist initially opposed Micron's request to transfer this case, but ultimately stipulated to the case proceeding in the Austin Division.

Apparently unhappy with its stipulated venue choice, Netlist recently filed two other lawsuits against Micron—this time in the Eastern District of Texas—asserting ***materially similar*** alleged standard essential buffered memory patents. *Netlist Inc. v. Micron Tech., Inc.*, Civil Action No. 2:22-cv-00203-JRG-RSP (E.D. Tex.) (the "first EDTX lawsuit") and Civil Action No. 2:22-cv-00294 (E.D. Tex.) (the "second EDTX lawsuit"). These additional lawsuits are a blatant attempt at forum shopping to end-run the stay issued by this Court. In doing so, Netlist creates a problem by first agreeing to have this dispute heard in this district and then improperly seeking to split the same dispute between the parties into multiple actions and judicial districts.

1

The issues here significantly overlap with those in the new EDTX lawsuits. The same alleged standard-essential RAND issues for buffered memory products are at issue, the same Micron products and witnesses are at issue, the same Netlist inventors are listed on the overlapping patents, three of the new EDTX patents are related continuations of a patent the parties are already litigating here, and two of the new EDTX patents are related continuations of another patent that the parties are already litigating here in Case No. 1:22-CV-00134-LY on the same schedule as this case. These similarities, and others, necessarily involve overlapping discovery, damages, and liability issues with this case. For at least these reasons, Micron seeks leave to add counterclaims addressing these patents so this Court—rather than two courts—can resolve these similar issues. Doing so will promote judicial efficiency and decrease the parties' overall litigation expenses and time commitments for witnesses and experts.

## II.    STATEMENT OF FACTS

### A.    Netlist filed its first action in the Western District of Texas and agreed to transfer it to Austin.

Netlist filed a complaint for Patent Infringement on April 28, 2021, in the Western District of Texas. Netlist accused Micron products—that is, Micron's DDR4 Load Reduced Dual In-Line Memory Modules ("LRDIMMs")—of allegedly infringing three Netlist patents: U.S. Patent Nos. 10,489,314 (the "'314 patent"); 9,824,035 (the "'035 patent"); and 10,268,608 (the "'608 patent"). Dkt. No. 1, ¶¶ 7, 40, 43, 74, 105. Netlist also alleged these patents are essential to various DDR4 memory module standards promulgated by the Joint Electron Device Engineering Counsel ("JEDEC"). *Id.*, ¶ 2. Micron answered and counterclaimed for declaratory judgments of noninfringement and invalidity of the Netlist patents. Dkt. No. 19.

Micron also moved to transfer venue to this Court or the District of Idaho as the more convenient forums. Dkt. No. 32. In response, Netlist initially opposed and sought venue

discovery. *Id.* Ultimately, however, Netlist consented to transfer the case to the Austin Division. Dkt. No. 43. On February 14, 2022, Judge Albright transferred this case from the Waco Division to the Austin Division of this District. *See* Dkt. No. 45.

In the meantime, Micron filed petitions for *inter partes* review ("IPR") against the asserted patents at the Patent Trial and Appeal Board. On July 19, 2022, the PTAB instituted an IPR review of the '035 patent and denied another against the '608 patent,[1] and three petitions are still pending.

The Court granted Micron's Motion to Stay pending resolution of related IPR proceedings. *See* Dkt. No. 69.

**B.      Netlist's new EDTX cases**

Netlist filed two complaints against Micron. As further explained below, these new complaints accuse similar (and even the same) products and involve patents that contain similar (and the same) disclosures as patents involved in the present action.

**1.      Netlist's first EDTX case**

Netlist filed a new complaint in the Eastern District of Texas on June 10, 2022, accusing Micron of allegedly infringing six patents: the '506 patent, the '339 patent, the '918 patent, the '054 patent, and U.S. Patent Nos. 8,787,060, and 9,318,160. First EDTX lawsuit, Dkt. No. 4, ¶ 2. Micron filed its answer on August 4, 2022. First EDTX lawsuit, Dkt. No. 13.

Netlist alleges the '506, '339, '918, and '054 patents are standard-essential buffered memory patents. First EDTX lawsuit,, Dkt. No. 4, ¶¶ 72 (referring to JEDEC standard to allegedly show that Micron products practice claim features of '506 patent), 85-88 (same for '339 patent), 96-99 (same for '918 patent), 107-108 (same for '054 patent). Further, the '506 patent is even in

---

[1] Micron has requested rehearing on the '608 patent IPR petition denial.

the same patent family as a patent at issue in the above-captioned action as a continuation of Netlist's '608 and '035 patents. The '918 and '054 patents likewise relate to the sole patent—U.S. Patent No. 8,301,833 (the "'833 patent")—involved in Case No. 1:22-CV-00134-LY that is before this Court. Accordingly, these patents all shared disclosures and significantly overlapping issues.

Netlist alleges in both actions that Micron products infringe its overlapping patents, including Micron's DDR4 LRDIMMs. *See* Dkt. No. 1, ¶¶ 7, 40, 43, 74, 105; first EDTX lawsuit, Dkt. No. 4, ¶ 9. Specifically, with respect to the patents at issue in this Motion, Netlist accuses the following Micron products, *inter alia*, as infringing products:

- '506 patent: DDR4 LRDIMMs and other products with materially the same structures in relevant parts, *see id.*, Dkt. No. 4, ¶ 67;

- '339 patent: DDR4 LRDIMMs and other products with materially the same structures in relevant parts, *see id.*, ¶ 79;

- '918 Patent: DDR5 LRDIMMs, DDR5 RDIMMs, DDR5 SODIMMs, DDR5 UDIMMs, and other products with materially the same structures in relevant parts, *see id.*, ¶ 93; and

- '054 Patent: DDR5 LRDIMMs, DDR5 RDIMMs, DDR5 SODIMMs, DDR5 UDIMMs, and other products with materially the same structures in relevant parts, *see id.*, ¶ 102.

As shown above, Netlist accuses Micron dual in-line memory module ("DIMM") products of infringing these new patents. These DIMM products are the same as (or share similar features with) Micron's DDR4 LRDIMMs, which are the accused products in this case.

### 2. Netlist's second EDTX case

Netlist filed another complaint in the Eastern District of Texas on August 1, 2022, accusing Micron of allegedly infringing the '912 patent. Second EDTX lawsuit, Dkt. No. 1, ¶ 2. Netlist then amended that complaint to include two additional patents: the '215 and '417 patents. *See* Second EDTX lawsuit, Dkt. 11. Micron's answer is currently due on September 7, 2022.

Netlist's second complaint also overlaps this case. Netlist's '912, '417, '215, and '314 patents are related. The '417 patent is a direct continuation of the '314 patent involved in this case. Likewise, the '314 patent is a direct continuation from the '215 patent. Both the '912 and '314 patents claim priority to the same provisional and non-provisional applications—U.S. Patent Nos. 7,286,436 and 7,289,386. In addition, Netlist accuses the same products as in the present action and its first EDTX lawsuit: Micron's DDR4 LRDIMMs and RDIMM products. *See* Dkt. No. 1, ¶¶ 7, 40, 43, 74, 105; second EDTX lawsuit, Dkt. No. 11, ¶¶ 9, 37, 39, 41, 55. Netlist has also represented to Micron that the '912 and '215 patents are standard essential patents, just like the patents involved in this case. *See* Dkt. No. 1, ¶ 27 (mentioning the letter that included the '035, '608, '314, '912, and '215 patents as standard essential patents). Moreover, Netlist's complaint accuses Micron's DDR4 LRDIMM products of infringing the '417 patent for practicing features described in JEDEC standard documents 79-4C and 82-32A, which would also make the '417 patent standard essential. *See* second EDTX lawsuit, Dkt. No. 11, ¶¶ 57, 59, 61–63. Accordingly, the '314 patent involved in the present action shares similar disclosures and significantly overlapping issues with the '912, '215, and '417 patents.

### III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* While courts do not automatically

grant leave, courts should grant leave, "absent some justification for refusal." *United States ex rel. Willard v. Humana Health Plan of Tex.*, 336 F.3d 375, 386 (5th Cir. 2003). A court should consider the following five factors when determining whether any basis for refusal exists: whether (i) the movant seeks leave to amend after undue delay, (ii) the movant seeks leave to amend in bad faith or with a dilatory motive, (iii) the movant repeatedly failed to cure prior deficiencies by amendments previously allowed, (iv) the amendment would cause undue prejudice to the opposing party, or (v) the proposed amendment would be futile. *Id.* "Absent any of these factors, the leave sought should be freely given." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004); *see also Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, Case No. 1-14-CV-134-LY (W.D. Tex. Jan. 28, 2015) (granting a motion for leave to file an amended complaint to include an additional patent in a patent infringement matter).

## IV.  ARGUMENT

All factors favor Micron's proposed amendment to add the counterclaims relating to the '912, '215, '506, '339, '918, '054, and '417 patents to this case: (1) Micron timely moves for this amendment without any undue delay; (2) Micron has not brought this Motion in bad faith or with a dilatory motive; (3) Micron has not amended its pleadings before and no deficiencies exist with its earlier pleading; (4) this amendment will not prejudice Netlist; and (5) Micron's amendment is not futile. Netlist, on the other hand, filed two new complaints in the Eastern District of Texas seeking to forum shop even though its new complaint involved the same products and related patents to this case. Given the similarities between Netlist's allegations in its new EDTX complaints and those in the current case, this Court—where the first case was filed—should resolve the entire dispute rather than two different courts. When a patent owner seeks to circumvent a first-filed action by filing suit on similar patents and products in another forum, as Netlist has done here, the proper remedy is to add those patents to the declaratory judgment counterclaim

action, as other courts have done in similar circumstances. Accordingly, for the reasons discussed below, Micron respectfully requests that the Court grant leave to file the Amended Answer and Counterclaims attached to the present Motion as Exhibit A.

### A.    Micron's Amended Counterclaims Are Timely.

"A motion to amend a pleading filed before the deadline in a scheduling order presumptively evinces no undue delay, dilatory motive, or prejudice to the other parties." *Gomez v. United States*, No. EP-19-CV-71-KC, 2019 WL 11505831, at *1 (W.D. Tex. Sept. 20, 2019) (citing *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994)). Here, Micron is filing its Motion before any deadline in the scheduling order for amending pleadings has been set. The above-captioned cases are also in their early stages as the *Markman* hearing has not even occurred. This Court stayed the hearing and has not set any other deadlines in either of the above-captioned actions—including a deadline to amend pleadings. Micron thus has timely filed its motion to amend its pleadings without any undue delay.

Moreover, Micron wasted no time in diligently analyzing Netlist's overlapping allegations and preparing this Motion for Leave to File an Amended Answer and Counterclaims after learning about Netlist's new EDTX lawsuits. Micron seeks to file its amended counterclaims shortly after being served with Netlist's new EDTX complaints that include the Newly Asserted Patents. Because these cases are still in their early stages and Micron did not delay in filing this Motion, the Court should find that Micron's Motion is timely. This factor thus weighs in favor of granting Micron's Motion to Amend.

### B.    Micron's Amendment Causes No Undue Prejudice to Netlist.

Micron's amendment will cause no undue prejudice to Netlist for at least three reasons.

*First*, Netlist will not be unfairly prejudiced by the timing of Micron's amended counterclaims. As explained above, this case is still in its infancy, and the Court has not yet set

7

any deadlines. Discovery has not yet commenced. Because all cases are in an early stage, Netlist will not be prejudiced by a single court addressing these additional patents with overlapping issues.

*Second*, Netlist's new patents share the same issues with the patents already at issue in the current case. All patents, for example, concern accused DIMMs. All but the '912, '417, '314, and '215 patents share the same common inventors—Hyun Lee and Jayesh Bhakta—with the patents already at issue here. The '912, '215, and '417 patents share the same inventors as the '314 patent, which also includes Jayesh Bhakta along with another inventor, Jeffrey Solomon. Further, the '506 patent is a related continuation of two patents already at issue—that is, they share the same disclosure and figures as their related patents. Likewise, the '215 and 417 patents are related continuations of another patent already at issue: the '314 patent. The '912 patent is also related to the '314 patent. In addition, the amended counterclaims allege that the same actions by Hyun Lee give rise to inequitable conduct and unclean hands for all three related patents—that is, the '035, the '608, and '506 patents. *See* Ex. A, ¶¶ 37–38, 106–171. The '918 and '504 patents likewise are related continuations to the '833 patent, which is being litigated by the parties in this Court on the same schedule in Case No. 1:22-CV-00134-LY.[2] Accordingly, the Court will address issues relevant to the new Netlist patents in the above-captioned action (or another related case). The new patents share the same deficiencies as well. For instance, the parties have fully briefed whether a claim term, "module control device," renders the claims of the '035 and '608 patents indefinite. Claim 1 of the '506 patent—a child continuation of the '608 patent and grandchild continuation of the '035 patent—includes the same "module control device" that would also render claims of the

---

[2] Because the -00134 case does not allegedly involve standard essential patents, Micron seeks to add the '918 and '054 patents to the above-captioned case given that the same remedy Netlist seeks (i.e., a reasonable and nondiscriminatory rate) would be applicable to the entire Netlist patent portfolio, which would include the '314, '608, '035, '506, '339, '918, and '054 patents.

'506 patent indefinite. The counterclaims involving these related patents likely will be resolved based on the same underlying patent issues the parties must address for the patents at issue.

*Third*, Micron's counterclaims seek to add these new patents because they share overlapping discovery issues. Netlist accused the same Micron products of infringing patents directed toward the same underlying technology. The same prosecuting attorney, Jamie Zheng, was also used for all but two of the patents. Exs. B-I. Further, because the '506, '339, '215, '912, and '417 patents cover the same accused products as those in this action, the same witnesses and documents, including manufacturing and sales data, will likely be required for the new patents and those asserted in the above-captioned action. In addition, the parties will need to conduct overlapping discovery relating to Netlist's development of the alleged standard-essential DIMM inventions, including with respect to Netlist's participation in the relevant JEDEC standard and Netlist's unlawful attempts to patent what it learned from other participants by attending JEDEC meetings. Consequently, the claims will involve the same witnesses and same evidence to demonstrate whether any of these Micron products infringe.

Because the patents raise overlapping issues, the addition of these patents to the present action will promote efficiency and reduce the resources necessary to resolve this dispute. Given that this case is in its early stages, the Court should determine that Micron's amended counterclaims will cause no undue prejudice to Netlist, and this factor weighs in favor of granting Micron's Motion to Amend.

### C.    Micron Seeks This Amendment for a Proper Purpose.

Micron seeks this amendment to its counterclaims to decrease the parties' overall litigation expenses and reduce duplicative work performed by the courts, witnesses, and experts. The Federal Circuit's first-to-file rule confirms Micron's amendment would avoid conflicting decisions and promote judicial efficiency. This demonstrates that Micron brought this Motion for a proper

purpose rather than in bad faith or with a dilatory motive and, thus, this factor weighs in Micron's favor.

Micron seeks to add its counterclaims in response to Netlist's new lawsuit filed in the Eastern District of Texas. *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 391 (5th Cir. 1985) (holding that district court abused its discretion by denying leave to amend when movant "asked for amendment promptly upon discovering the basis for new allegations"). Micron has a proper purpose for seeking to amend its counterclaim—that is, requesting leave to include related patents with substantially overlapping patent and discovery issues in the same case. Litigating these overlapping issues in the same court—rather than two different courts—will decrease the parties' overall litigation expenses and time commitments for witnesses and experts.

The first-to-file rule confirms that Micron's efficiency rationale is correct. "The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). This rule applies in cases of duplicative infringement and declaratory judgment actions filed in separate district courts. *See, e.g., id.*; *see also Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345–46 (Fed. Cir. 2005) (holding that Federal Circuit law governs the application of the first-to-file rule in overlapping patent infringement and declaratory judgment actions).

Because Netlist filed this action first in the Western District, before the Eastern District actions, the first-to-file rule favors litigating these overlapping issues in this Court. Netlist filed this case on April 21, 2021, alleging that Micron DDR4 LRDIMM products infringe Netlist's patents. Netlist filed its new EDTX cases many months later, on June 10, 2022 and August 16,

10

2022, and alleges that similar (and even the same) Micron DIMM products infringe patents directed toward the same underlying technology, including related continuations of the patents in this case—that is, the '506 patent is a continuation of the '035 and '608 patents and the '215, '314, and '417 patents are all related continuations.

Given Netlist's new EDTX cases share related technology and accused products, both cases will involve overlapping evidence and claims for noninfringement. *Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) ("When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the [second] action . . . generally is to be stayed, dismissed, or transferred to the forum of the [first] action."). The new EDTX cases will also include overlapping evidence, such as RAND royalty rate, and claims for noninfringement for the new patents based on any JEDEC documentation—that is, JEDEC documentation might limit Netlist's damages based on the JEDEC patent policy or show that devices practicing the standard do not infringe the patents. Further, to the extent invalidity becomes an issue in the present action (e.g., based on a subsequently filed counterclaim), Netlist expects that at least some of the relevant prior art references will be common across these similar patents. Similarly, there will be substantial overlap among documents relating to the Micron accused products and Netlist's development of the alleged standard-essential buffered memory module inventions, including with respect to Netlist participation in the relevant JEDEC standard. Thus, the present action takes precedence under the first-to-file rule. *See Merial*, 681 F.3d at 1299 ("[W]hat matters is the initiation of suit.")

Although Micron seeks to add these counterclaims after Netlist's filing, the new counterclaims share common traits to satisfy the relation back doctrine, which would give the counterclaims the date of the present action—that is, the counterclaims would take precedence

11

over Netlist's new filing. *See* Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."). To determine whether newly alleged claims, based on separate patents, relate back to the date of the original complaint, the Federal Circuit considers "the overlap of parties, the overlap in the accused products, the underlying science and technology, time periods, and any additional factors that might suggest a commonality or lack of commonality between the two sets of claims." *Anza Tech., Inc. v. Mushkin, Inc.*, 934 F.3d 1359, 1369 (Fed. Cir. 2019). The Federal Circuit has emphasized that courts should apply Rule 15(c) "liberally." *Id.* at 1368 ("The Supreme Court has interpreted the relation back doctrine liberally. . . .") (citing *Tiller v. Atl. Coast Line R.R. Co.*, 323 U.S. 574, 580–81, 65 S. Ct. 421, 89 L. Ed. 465 (1945)). At least five topics are common to both Micron's originally presented counterclaim and its new counterclaims, as further described below.

*First*, the parties—Netlist, Inc., Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC—are the same in the new counterclaim as this case.

*Second*, there is substantial overlap in the Micron memory modules at issue in both sets of claims. Netlist's original complaint in this case accused Micron's DDR4 LRDIMM products of infringing its alleged standard-essential buffered memory module patents. *See* Dkt. No. 1, ¶¶ 7, 40, 43, 74, 105. Micron's new counterclaims address how similar DIMM products (and even the same DDR4 LRDIMM products) do not infringe Netlist's new patents. *See* first EDTX lawsuit, Dkt. No. 4, ¶¶ 67, 79, 93, 102; second EDTX lawsuit, Dkt. No. 11, ¶¶ 9, 37, 39, 41, 55; Ex. A, ¶¶ 2, 43, 55, 66, 85, 91, 97, 103, 175, 219, 225.

*Third*, there is substantial overlap in the underlying technology at issue. For example, all the patents relate to the same DIMM technology. All share at least one common inventor: Jayesh Bhakta. Further, the '506 patent shares the same disclosure as the '035 and '608 patents in the present action. Likewise, the '215 and '417 patents share the same disclosures as another patent in the present action: the '314 patent. The '912 patent also relates to the '314 patent in the present action. The '918 and '504 patents likewise relate to the '833 patent (and share some of the disclosures), which is at issue in a related case between the same parties in this case and shares the same schedule with this case. Accordingly, patents addressed by the new counterclaims share the same underlying technology as the patents already before this Court. *See Anza*, 934 F.3d at 1370 (applying relation back doctrine to newly added patents because, despite "the patents address[ing] different bonding techniques, they all share the same underlying technology").

*Fourth*, Netlist's allegations in both venues share common time periods[3] for sales of accused products—Micron DIMM products. Accordingly, discovery relating to infringement allegations will cover substantially the same time periods.

*Fifth*, numerous additional factors demonstrate commonality between Micron's new counterclaims and those previously presented in the current action. *See id.* at 1369 (holding that the relation back analysis may consider "any additional factors that might suggest a commonality or lack of commonality between the two sets of claims"). For example, claim 1 of the '506 patent— a continuation of the '608 and '035 patents—includes the same "module control device" that both parties have fully briefed and would also render claims of the '506 patent indefinite. Both actions

---

[3] The patents in the above-captioned case and in Netlist's new EDTX cases share an overlapping damages period of June 14, 2016 to August 1, 2016, through each patent's respective expiration because, under 35 U.S.C. § 286, Netlist's causes of action are limited to six years of past damages. The present action includes an additional year of possible damages based on its service date: June 14, 2015 to June 14, 2016.

also cite the same JEDEC standards that allegedly show how the accused products practice the claimed features. *Compare* Dkt. No. 1, ¶¶ 60 (citing JEDEC Standard No. 82-32A (August 2019) at 13-14), 83 (same), 84 (same) 88 (same), 113 (same), *with* first EDTX lawsuit, Dkt. No. 1, ¶¶ 72 (same), 88 (same); *compare* Dkt. No. 1, ¶ 88 (citing JEDEC standard 82-32A (August 2019), p. 95), 119 (same), *with* first EDTX lawsuit, ¶ 87 (same) *and* second EDTX lawsuit, Dkt. No. 11, ¶¶ 46 (citing JEDEC Standard No. 82-32A), 49–50 (same), 62–63 (same); *See also* Dkt. No. 1, ¶ 53 (citing JEDEC Standard No. 82-31A), 83–84 (same), 113 (same); second EDTX lawsuit, Dkt. No. 11, ¶¶ 45 (same), 49 (same), 61 (same) . Any remedy sought by Netlist in this case would be subject to the same RAND licensing assurances that would cover the Newly Asserted Patents. Dkt. No. 1, ¶¶ 2, 94; Dkt. No. 19, ¶¶ 47–53. Netlist has also represented to Micron that the '215 and '912 patents would be included in the same JEDEC-compliant RAND license, which would include the '035, '608, and '314 patents involved in the present action. *See* Dkt. No. 1, ¶ 27 (mentioning the letter that included the '035, '608, '314, '215, and '912 patents). These commonalities provide additional reasons that the new counterclaims relate back to the counterclaims presented in the current action.

For the above reasons, Micron properly seeks to add the additional patents to decrease the parties' overall litigation expenses and time commitments for witnesses and experts. Adding these patents by allowing Micron to amend its counterclaims is consistent with the first-to-file rule, which promotes judicial economy. Accordingly, Micron brought this motion with a proper purpose rather than in bad faith or with a dilatory motive. Thus, this factor weighs in favor of granting Micron's Motion to Amend.

### D. Micron seeks to amend its pleadings in response to Netlist's new case and not to correct any deficiencies in its earlier pleadings.

Micron seeks to amend its counterclaim to address certain Newly Asserted Patents that Netlist included in its suits in the Eastern District of Texas. These new counterclaims introduce theories in direct response to Netlist's new allegations. *See* Ex. A, ¶¶ 82–227; *Cinemark Holdings, Inc. v. Factory Mut. Ins. Co.*, No. 4:21-CV-00011, 2021 WL 3190508, at *3 (E.D. Tex. July 28, 2021) (finding the addition of a new theory was not a deficiency in the original pleadings and thus weighing this factor in favor of granting leave to amend). This amendment does not fix any deficiencies in Micron's previous counterclaims, which Netlist's counsel never alleged were deficient. *See, e.g.*, Dkt. 28. Accordingly, the Court should determine that this factor weighs in favor of granting Micron's Motion to Amend.

### E. Micron's amendment is not futile.

To determine whether an amendment would be futile, the court determines whether the "amended [pleading] would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). In doing so, the court uses "the same legal standard of legal sufficiency as applies under Rule 12(b)(6)" and considers whether, "in the light most favorable to the [moving party], the [amendment] states a valid claim for relief." *Id.*

Micron's proposed amended counterclaims are not futile. Micron seeks to add these counterclaims in response to Netlist's complaints filed in the Eastern District of Texas. In those cases, Netlist accuses Micron of infringing each of these patents, *see* first EDTX lawsuit, Dkt. No. 4, ¶¶ 2, 52; second EDTX lawsuit, Dkt. No. 11, ¶¶ 1–2, 35–36, which demonstrates a real and immediate threat of injury to Micron. In addition, Micron's counterclaims state a plausible claim for relief because they identify specific claim limitations that are not satisfied by the accused Micron memory modules. *See* Ex. A, , ¶¶ 82–227; *Collabo Innovations, Inc. v. Advanced Micro*

15

*Devices, Inc.*, No. 1:18-CV-552-LY, 2019 WL 13153226, at *2 (W.D. Tex. July 10, 2019) (determining defendant claim of noninfringement was sufficient because it put plaintiff "on notice that [defendant] intends to show that the accused products do not practice a single claim limitation"). Taken pleaded theories as true, Micron's counterclaims are not futile as it has pleaded sufficient facts to show how asserted patents are not infringed. *See Deniece Design, LLC v. Braun*, 953 F. Supp. 2d 765, 774 (S.D. Tex. 2013) (finding that a claim seeking a declaratory judgment patent invalidity counterclaim satisfied the "minimal pleading requirements"); *Teirstein v. AGA Med. Corp.*, No. 06:08-CV-14, 2009 WL 704138, at *4–5 (E.D. Tex. Mar. 16, 2009). This factor thus weighs in favor of granting Micron's Motion to Amend.

## V.  CONCLUSION

For the reasons set forth above, Micron requests that the Court temporarily lift the stay and enter an order granting leave to file the proposed amended answer and counterclaims so that one court may consider and decide the related cases.

Dated: September 2, 2022        Respectfully submitted,

By: */s/ Michael Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
Barry K. Shelton
State Bar No. 24055029
BShelton@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Michael R. Rueckheim

State Bar No. 24081129
MRueckheim@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins
*Pro Hac Vice*
State Bar No. 1500598
MHopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036-3506
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Juan C. Yaquian
*Pro Hac Vice*
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002-2925
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

**Attorneys for Defendants
Micron Technology, Inc.,
Micron Semiconductor Products,
Inc., and Micron Technology Texas,
LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 2nd day of September 2022, the foregoing document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including counsel of record for Plaintiff Netlist.

*/s/ Michael Rueckheim*
Michael Rueckheim

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), Micron certifies that Micron informed Plaintiff of Micron's intent to move to temporarily lift stay and for leave to file amended answer and counterclaims and Plaintiff responded that it opposed the motion.

*/s/ Michael Rueckheim*
Michael Rueckheim

18