# EXHIBIT 14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| NETLIST, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 6:21-CV-431-ADA |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS LLC, | |
| Defendants. | |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., Micron Technology Texas, LLC ("Micron" or "Defendants") submit this Answer, Affirmative Defenses, and Counterclaims in response to Plaintiff Netlist, Inc.'s ("Netlist" or "Plaintiff") Complaint.

The numbered paragraphs below correspond to the numbered paragraphs in the Complaint and constitute Defendants' responsive admissions, denials, and allegations thereto. Except as otherwise Defendants admit expressly below, Defendants deny each and every allegation contained in the Complaint, including, without limitation, the headings, subheadings, footnotes, diagrams, and tables contained in the Complaint.

Defendants reserve the right to amend or supplement their Answer and Affirmative Defenses.

## THE PARTIES

1.     Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies the same.

1

2.       Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies the same.

3.       Micron Technology, Inc. ("MTI") admits that it is a Delaware corporation with a principal place of business at 8000 South Federal Way, Boise, Idaho 83716.  Except as expressly admitted, Micron denies the remaining allegations in paragraph 3.

4.       Micron Semiconductor Products, Inc. ("MSP") admits that it is an Idaho corporation with a principal place of business at 8000 South Federal Way, Boise, Idaho 83716. MSP admits that it leases a property located at 101 West Louis Henna Boulevard, Suite 210, Austin, Texas 78728.  MSP admits that it is registered to do business in Texas. MSP admits that it can be served with certain process through its registered agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.  Except as expressly admitted, Micron denies the remaining allegations in paragraph 4.

5.       Micron Technology Texas, LLC ("Micron Texas") admits that it is an Idaho limited liability company with a place of business at 8000 South Federal Way, Boise, Idaho 83716. Micron Texas admits that it can be served with certain process through its registered agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.  Except as expressly admitted, Micron denies the remaining allegations in paragraph 5 of the Complaint.

6.       Micron admits that MSP and Micron Texas are wholly owned subsidiaries of MTI. Micron admits that MTI currently does not separately report revenue from MSP or Micron Texas in its public filings submitted to the Securities Exchange Commission. Except as expressly admitted, Micron denies the remaining allegations in paragraph 6.

7.       Micron denies the allegations of paragraph 7.

## JURISDICTION

8.      Paragraph 8 contains conclusions of law and not averments of fact to which the rules require an answer, but insofar the rules require an answer, Micron admits that the Complaint purports to assert an action under the patent laws of the United States, 35 U.S.C. § 271 *et seq*., and that this Court has subject matter jurisdiction over actions for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

9.      Based solely on the allegations in the Complaint, and assuming (without admitting) them to be true, Micron does not contest personal jurisdiction in this district in this case.  Except as expressly admitted, Micron denies the remaining allegations in paragraph 9.

10.      MSP admits that it leases a property located at 101 West Louis Henna Boulevard, Suite 210, Austin, Texas 78728.  Except as expressly admitted, Micron denies the remaining allegations of paragraph 10.

11.      Micron denies the allegations of paragraph 11.

12.      Micron denies the allegations of paragraph 12.

13.      Micron denies the allegations of paragraph 13.

14.      Micron denies the allegations of paragraph 14.

15.      Micron denies the allegations of paragraph 15.

## FACTUAL BACKGROUND

16.      Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies the same.

17.      Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore denies the same.

18.      Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore denies the same.

19.     Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore denies the same.

20.     Micron admits that memory modules can be implemented as printed circuit boards that contain various components including DRAM (Dynamic Random-Access Memory) integrated circuits.  Micron also admits that memory modules can be installed into memory slots on computer motherboards and serve as memory for computer systems.  Micron lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint and therefore denies the same.

21.     Micron admits that JEDEC is the standard setting organization that promulgates standards for server memory modules.  Except as expressly admitted, Micron denies the remaining allegations of paragraph 21.

22.     Micron admits that LRDIMM is an acronym for "load-reduced dual inline memory module."   Micron lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint and therefore denies the same.

23.     Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and therefore denies the same.

24.     Micron admits that, in August 2019, JEDEC released standard JESD82-31A entitled "DDR4 Registering Clock Driver Definition (DDR4RCD02)," which was a revision of JESD82-31 published in August 2016.  Micron lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint and therefore denies the same.

25.     Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore denies the same.

26.     Micron admits that Netlist is presently a member of JEDEC.  Micron also admits that Netlist committed several patents, including the asserted patents, to various JEDEC standards pursuant to the JEDEC Patent Policy, which sets certain obligations for owners of patents (like the Asserted Patents) that it reasonably believes are essential to one or more JEDEC standards. Micron additionally admits that the JEDEC Patent Policy, as set forth in the JEDEC Manual of Organization and Procedure, states that "[a] license will be offered, to applicants desiring to utilize the license for the purpose of implementing the JEDEC Standard under reasonable terms and conditions that are free of any unfair discrimination . . .."  Except as expressly admitted, Micron lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint and therefore denies the same.

27.     Micron admits that it received a letter from Netlist dated April 28, 2021, regarding a license offer for the asserted patents.  Except as expressly admitted, Micron denies the remaining allegations of paragraph 27.

## THE ASSERTED PATENTS

### A.     U.S. Patent No. 10,489,314 (the "'314 Patent")

28.     Micron admits that, according to the face of the document, the '314 Patent was filed as Application No. 15/857,519 on December 28, 2017, and issued on November 26, 2019.  Micron also admits, according to the face of the document, that the '314 Patent purports a claim to priority to five provisional applications: No. 60/645,087 filed on January 19, 2005; No. 60/588,244 filed on July 15, 2004; No. 60/550,668 filed on March 5, 2004; No. 60/575,595 filed on May 28, 2004; and No. 60/590,038 filed on July 21, 2004.  Micron lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint and therefore denies the same.

29.     Micron admits that, according to the face of the document, the '314 Patent is

entitled "Memory Module with Data Buffering." Micron also admits that the Abstract states "[t]he logic is configured to respond to a first memory command by providing first control signals to the data buffer to enable communication of at least one first data signal between the first memory integrated circuits and the memory controller through the data buffer, and is further configured to respond to a second memory command by providing second control signals to the data buffer to enable communication of at least one second data signal between the second memory integrated circuit and the memory controller through the data buffer." Except as expressly admitted, Micron denies the remaining allegations of paragraph 29.

30. Micron denies the allegations of paragraph 30.

**B.    U.S. Patent No. 9,824,035 (the "'035 Patent")**

31. Micron admits that, according to the face of the document, the '035 Patent was filed as Application No. 15/426,064 on February 7 and issued on November 21, 2017. Micron also admits, according to the face of the document, that the '035 Patent purports a claim to priority to a provisional application No. 61/676,883 filed on July 27, 2012. Micron lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 31 of the Complaint and therefore denies the same.

32. Micron admits that, according to the face of the document, the '035 Patent is entitled "Memory Module with Timing-Controlled Data Paths in Distributed Data Buffers." Except as expressly admitted, Micron denies the remaining allegations of paragraph 32.

33. Micron denies the allegations of paragraph 33.

**C.    U.S. Patent No. 10,268,608 (the "'608 Patent")**

34. Micron admits that, according to the face of the document, the '608 Patent was filed as Application No. 15/820,076 on November 21, 2017, and issued on April 23, 2019. Micron also admits that the '608 Patent purports to be a continuation of the '035 patent. In addition, Micron

admits that the '608 Patent purports to claim priority to provisional application No. 61/676,883 filed on July 27, 2012. Micron lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 34 of the Complaint and therefore denies the same.

35. Micron admits that, according to the face of the document, the '608 Patent is entitled "Memory Module with Timing-Controlled Data Paths in Distributed Data Buffers." Except as expressly admitted, Micron denies the remaining allegations of paragraph 35.

36. Micron denies the allegations of paragraph 36.

## ALLEGEDLY INFRINGING TECHNOLOGY

37. Micron admits that it designs and manufactures memory and storage products including DRAM, NAND, and Multichip Packages. Except as expressly admitted, Micron denies the remaining allegations of paragraph 37.

38. Micron denies the allegations of paragraph 38.

39. Micron denies the allegations of paragraph 39.

40. Micron denies the allegations of paragraph 40.

## COUNT I: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,489,314

41. Micron repeats and incorporates by reference its responses to the allegations of the foregoing paragraphs of the Complaint as described above.

42. Micron denies the allegations of paragraph 42.

43. Micron denies the allegations of paragraph 43.

44. Micron denies the allegations of paragraph 44.

45. Micron denies the allegations of paragraph 45.

46. Micron admits that the image included in paragraph 46 appears to have been taken from a Micron data sheet (referred to as Micron 64GB DDR4 LRDIMM MTA72ASS8G72LZ Data Sheet) available at https://media-www.micron.com/-

/media/client/global/documents/products/data-

sheet/modules/lrdimm/ddr4/ass72c8gx72lz.pdf?rev=9cd25a3a18c84a98bf57e0ba5c691cec

Micron denies the remainder of paragraph 46 to the extent that it does not accurately quote this

document and any remaining allegation.

47.     Micron admits that the image included in paragraph 47 appears to have been taken

from JEDEC Standard No. 21C (Aug. 2015), page 4.20.26-5. Micron denies the remainder of

paragraph 47 to the extent that it does not accurately quote this document and any remaining

allegation.

48.     Micron admits that the images included in paragraph 48 appears to have been taken

from JEDEC Standard No. 79-4B (June 2017), pages 98 and 119. Micron denies the remainder of

paragraph 48 to the extent that it does not accurately quote this document and any remaining

allegation.

49.     Micron denies the allegations of paragraph 49.

50.     Micron admits that paragraph 50 cites to websites that identify compliance with the

JEDEC DDR4DB02 and JEDEC DDR4RCD02 specification.  The remaining allegations in

paragraph 50 contain conclusions of law and not averments of fact to which the rules require an

answer, but insofar the rules require an answer Micron denies the remaining allegations of

paragraph 50.

51.     Micron admits that the image included in paragraph 51 appears to have been taken

from Micron 64GB DDR4 LRDIMM MTA72ASS8G72LZ Data Sheet, page 5. Micron denies the

remainder of paragraph 51 to the extent that it does not accurately quote this document and any

remaining allegation.

52.     Micron admits that the image included in paragraph 52 appears to have been taken

from Micron 64GB DDR4 LRDIMM MTA72ASS8G72LZ Data Sheet, page 10. Micron denies the remainder of paragraph 52 to the extent that it does not accurately quote this document and any remaining allegation.

53. Micron admits that the image included in paragraph 53 appears to have been taken from JEDEC Standard No. 82-31A (Aug. 2019), page 66. Micron denies the remainder of paragraph 53 to the extent that it does not accurately quote this document and any remaining allegation.

54. Micron admits that the images included in paragraph 54 appears to have been taken from Micron 64GB DDR4 LRDIMM MTA72ASS8G72LZ Data Sheet, page 10. Micron denies the remainder of paragraph 54 to the extent that it does not accurately quote this document and any remaining allegation.

55. Micron denies the allegations of paragraph 55.

56. Micron admits that the image included in paragraph 56 appears to have been taken from Micron 64GB DDR4 LRDIMM MTA72ASS8G72LZ Data Sheet, page 10. Micron denies the remainder of paragraph 56 to the extent that it does not accurately quote this document and any remaining allegation.

57. Micron denies the allegations of paragraph 57.

58. Micron admits that the image included in paragraph 58 appears to have been taken from Micron 64GB DDR4 LRDIMM MTA72ASS8G72LZ Data Sheet, page 10. Micron denies the remainder of paragraph 58 to the extent that it does not accurately quote this document and any remaining allegation.

59. Paragraph 59 lacks any source or citation supporting the allegation and therefore Micron lacks knowledge as to what specifically is being alleged and denies the allegations of

paragraph 59.

60. Micron admits that the images included in paragraph 60 appears to have been taken from JEDEC Standard No. 82-32A (August 2019), pages 13-14. Micron denies the remainder of paragraph 60 to the extent that it does not accurately quote this document and any remaining allegation.

61. Micron denies the allegations of paragraph 61.

62. Micron denies the allegations of paragraph 62.

63. Micron admits that it received a letter from Netlist dated April 28, 2021, identifying the asserted patents. Except as expressly admitted, Micron denies the remaining allegations of paragraph 63.

64. Micron denies the allegations of paragraph 64.

65. Micron admits that the image included in paragraph 65 appears to have been taken from (https://www.micron.com/solutions/server). Micron denies the remainder of paragraph 65 to the extent that it does not accurately quote this document and any remaining allegation.

66. Micron denies the allegations of paragraph 66.

67. Micron denies the allegations of paragraph 67.

68. Micron admits that it received a letter from Netlist dated April 28, 2021, that referred to the '314 Patent. Except as expressly admitted, Micron denies the remaining allegations of paragraph 68.

69. Micron denies the allegations of paragraph 69.

70. Micron denies the allegations of paragraph 70.

71. Micron admits that paragraph 71 purports "Plaintiff seeks monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a

reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court."  Except as expressly admitted, Micron denies the allegations in paragraph 71.

### COUNT 2:  ALLEGED INFRINGMENT OF U.S. PATENT NO. 9,824,035

72.     Micron repeats and incorporates by reference its responses to the allegations of the foregoing paragraphs of the Complaint as described above.

73.     Micron denies the allegations of paragraph 73.

74.     Micron denies the allegations of paragraph 74.

75.     Micron denies the allegations of paragraph 75.

76.     Micron denies the allegations of paragraph 76.

77.     Micron admits that the image included in paragraph 77 appears to have been taken from a datasheet (referred to as Micron 64GB DDR4 LRDIMM MTA72ASS8G72LZ Data Sheet) available             at             https://www.micron.com/products/dram-modules/lrdimm/part-catalog/mta72ass8g72lz-2g9.  Micron denies the remainder of paragraph 77 to the extent that it does not accurately quote this document and any remaining allegation.

78.     Micron admits that the image included in paragraph 78 appears to have been taken from JEDEC Standard No. 21C (Aug. 2015), page 4.20.27-5. Micron denies the remainder of paragraph 78 to the extent that it does not accurately quote this document and any remaining allegation.

79.     Micron admits that the image included in paragraph 79 appears to have been taken from JEDEC Standard No. 21C (Aug. 2015), page 4.20.27-17.  Micron denies the remainder of paragraph 79 to the extent that it does not accurately quote this document and any remaining allegation.

80.     Micron admits that the image included in paragraph 80 appears to have been taken

from Micron 64GB DDR4 LRDIMM MTA72ASS8G72LZ Data Sheet, page 4.  Micron denies the remainder of paragraph 80 to the extent that it does not accurately quote this document and any remaining allegation.

81.    Micron denies the allegations of paragraph 81.

82.    Micron denies the allegations of paragraph 82.

83.    Micron admits that the images included in paragraph 83 appears to have been taken from JEDEC Standard No. 82-31A (Aug. 2019), pages 14 and 66, as well as JEDEC Standard No. 82-32A (Aug. 2019), page 14.  Micron denies the remainder of paragraph 83 to the extent that it does not accurately quote this document and any remaining allegation.

84.    Micron admits that the image included in paragraph 84 appears to have been taken from Micron 64GB DDR4 LRDIMM MTA72ASS8G72LZ Data Sheet, page 10.  Micron also admits that the other images included in paragraph 84 appears to have been taken from JEDEC Standard No. 82-32A (Aug. 2019), pages 4 and 14, as well as JEDEC Standard No. 82-31A (Aug. 2019), page 14.  Micron denies the remainder of paragraph 84 to the extent that it does not accurately quote this document and any remaining allegation.

85.    Micron admits that the image included in paragraph 85 appears to have been taken from Micron 64GB DDR4 LRDIMM MTA72ASS8G72LZ Data Sheet, page 10.  Micron denies the remainder of paragraph 85 to the extent that it does not accurately quote this document and any remaining allegation.

86.    Micron admits that the image included in paragraph 86 appears to have been taken from Micron 64GB DDR4 LRDIMM MTA72ASS8G72LZ Data Sheet, page 10.  Micron denies the remainder of paragraph 86 to the extent that it does not accurately quote this document and any remaining allegation.

87.     Micron admits that the image included in paragraph 87 appears to have been taken from Micron 64GB DDR4 LRDIMM MTA72ASS8G72LZ Data Sheet, page 10.  Micron denies the remainder of paragraph 87 to the extent that it does not accurately quote this document and any remaining allegation.

88.     Micron admits that the images included in paragraph 88 appears to have been taken from Micron JEDEC Standard No. 82-32A (Aug. 2019), pages 14 and 95.  Micron denies the remainder of paragraph 88 to the extent that it does not accurately quote this document and any remaining allegation.

89.     Micron denies the allegations of paragraph 89.

90.     Micron admits that the images included in paragraph 90 appears to have been taken from Micron JEDEC Standard No. 82-32A (Aug. 2019), pages 27, 29, and 32 (text image).  Micron denies the remainder of paragraph 90 to the extent that it does not accurately quote this document and any remaining allegation.

91.     Micron admits that the images of text included in paragraph 91 appears to have been taken from Micron JEDEC Standard No. 82-32A (Aug. 2019), pages 32 (text image) and 33 (text image).  Micron denies the remainder of paragraph 91 to the extent that it does not accurately quote this document and any remaining allegation.

92.     Micron denies the allegations of paragraph 92.

93.     Micron denies the allegations of paragraph 93.

94.     Micron admits that it received a letter from Netlist dated April 28, 2021, regarding a license offer for the asserted patents.  Except as expressly admitted, Micron denies the remaining allegations of paragraph 94.

95.     Micron denies the allegations of paragraph 95.

96.     Micron admits that the image included in paragraph 96 appears to have been taken from (https://www.micron.com/solutions/server). Micron denies the remainder of paragraph 96 to the extent that it does not accurately quote this document and any remaining allegation.

97.     Micron denies the allegations of paragraph 97.

98.     Micron denies the allegations of paragraph 98.

99.     Micron admits that it received a letter from Netlist dated April 28, 2021, that referred to the '035 Patent.  Except as expressly admitted, Micron denies the remaining allegations of paragraph 99.

100.    Micron denies the allegations of paragraph 100.

101.    Micron denies the allegations of paragraph 101.

102.    Micron admits that paragraph 102 purports "Plaintiff seeks monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court."   Except as expressly admitted, Micron denies the allegations in paragraph 102.

## COUNT 3:  ALLEGED INFRINGMENT OF U.S. PATENT NO. 10,268,608

103.    Micron repeats and incorporates by reference its responses to the allegations of the foregoing paragraphs of the Complaint as described above.

104.    Micron denies the allegations of paragraph 104.

105.    Micron denies the allegations of paragraph 105.

106.    Micron denies the allegations of paragraph 106.

107.    Micron denies the allegations of paragraph 107.

108.    Micron admits that the image included in paragraph 108 appears to have been taken from a datasheet (referred to as Micron 64GB DDR4 LRDIMM MTA72ASS8G72LZ Data Sheet)

available at https://www.micron.com/products/dram-modules/lrdimm/part-catalog/mta72ass8g72lz-2g9.  Micron denies the remainder of paragraph 108 to the extent that it does not accurately quote this document and any remaining allegation.

109.    Micron admits that the image included in paragraph 109 appears to have been taken from JEDEC Standard No. 21C (Aug. 2015), page 4.20.27-5. Micron denies the remainder of paragraph 109 to the extent that it does not accurately quote this document and any remaining allegation.

110.    Micron admits that the image included in paragraph 110 appears to have been taken from JEDEC Standard No. 21C (Aug. 2015), page 4.20.27-17. Micron denies the remainder of paragraph 110 to the extent that it does not accurately quote this document and any remaining allegation.

111.    Micron admits that the image included in paragraph 111 appears to have been taken from Micron 64GB DDR4 LRDIMM MTA72ASS8G72LZ Data Sheet, page 4.  Micron denies the remainder of paragraph 111 to the extent that it does not accurately quote this document and any remaining allegation.

112.    Micron denies the allegations of paragraph 112.

113.    Micron admits that the images included in paragraph 113 appears to have been taken from JEDEC Standard No. 82-31A (Aug. 2019), page 14, as well as JEDEC Standard No. 82-32A (Aug. 2019), pages 4 and 14.  Micron denies the remainder of paragraph 113 to the extent that it does not accurately quote this document and any remaining allegation.

114.    Micron admits that the image included in paragraph 114 appears to have been taken from Micron 64GB DDR4 LRDIMM MTA72ASS8G72LZ Data Sheet, page 10.  Micron denies the remainder of paragraph 114 to the extent that it does not accurately quote this document and

any remaining allegation.

115.    Micron admits that the images included in paragraph 115 appears to have been taken from Micron 64GB DDR4 LRDIMM MTA72ASS8G72LZ Data Sheet, page 10.  Micron denies the remainder of paragraph 115 to the extent that it does not accurately quote this document and any remaining allegation.

116.    Micron admits that the image included in paragraph 116 appears to have been taken from Micron 64GB DDR4 LRDIMM MTA72ASS8G72LZ Data Sheet, page 10.  Micron denies the remainder of paragraph 116 to the extent that it does not accurately quote this document and any remaining allegation.

117.    Micron denies the allegations of paragraph 117.

118.    Micron admits that the image included in paragraph 118 appears to have been taken from Micron 64GB DDR4 LRDIMM MTA72ASS8G72LZ Data Sheet, page 10.  Micron denies the remainder of paragraph 118 to the extent that it does not accurately quote this document and any remaining allegation.

119.    Micron admits that the image included in paragraph 119 appears to have been taken from JEDEC Standard No. 82-32A (Aug. 2019), pages 95. Micron denies the remainder of paragraph 119 to the extent that it does not accurately quote this document and any remaining allegation.

120.    Micron denies the allegations of paragraph 120.

121.    Micron denies the allegations of paragraph 121.

122.    Micron denies the allegations of paragraph 122.

123.    Micron denies the allegations of paragraph 123.

124.    Micron admits that it received a letter from Netlist dated April 28, 2021, regarding

a license offer for the asserted patents.  Except as expressly admitted, Micron denies the remaining allegations of paragraph 124.

125.    Micron denies the allegations of paragraph 125.

126.    Micron admits that the image included in paragraph 126 appears to have been taken from (https://www.micron.com/solutions/server). Micron denies the remainder of paragraph 126 to the extent that it does not accurately quote this document and any remaining allegation.

127.    Micron denies the allegations of paragraph 127.

128.    Micron denies the allegations of paragraph 128.

129.    Micron admits that it received a letter from Netlist dated April 28, 2021, that referred to the '608 Patent.  Except as expressly admitted, Micron denies the remaining allegations of paragraph 129.

130.    Micron denies the allegations of paragraph 130.

131.    Micron denies the allegations of paragraph 131.

132.    Micron admits that paragraph 132 purports "Plaintiff seeks monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court."  Except as expressly admitted, Micron denies the allegations in paragraph 132.

## PRAYER FOR RELIEF

Micron denies that Netlist is entitled to any relief in this action, as requested in paragraphs (A) through (F) of Netlist's Prayer for Relief or otherwise.

## DEMAND FOR A JURY TRIAL

Micron admits that the Complaint purports to demand a trial by jury on all issues so triable.

## MICRON'S AFFIRMATIVE DEFENSES

17

Subject to its responses above, and upon information and belief, Micron alleges and asserts these defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated. In addition to the affirmative defenses described below, subject to the responses above, Micron reserves all rights to allege additional defenses pursuant to any scheduling order, that become known through the course of discovery, or otherwise.

### FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

1.      Netlist has failed to plead its claims with sufficient specificity or factual support to place Micron on notice of the claims Netlist is asserting against it, such that Netlist has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

2.      Micron has not infringed and does not infringe (i) directly, either literally or under the doctrine of equivalents, (ii) indirectly by contributing to infringement by others, either literally or under the doctrine of equivalents, and/or (iii) indirectly by inducing others to infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents, willfully or otherwise.

### THIRD AFFIRMATIVE DEFENSE – INVALIDITY

3.      One or more claims of the Asserted Patents are invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

4.      One or more claims are limited by the text of the Asserted Patents and prosecution histories of the Asserted Patents and related patents such that Netlist is estopped, or otherwise precluded, from asserting that the claim is infringed by Micron, literally or by equivalents.

18

**FIFTH AFFIRMATIVE DEFENSE – WAIVER AND ESTOPPEL**

5.     Netlist's claims for relief, in whole or in part, are barred by the doctrines of waiver and/or equitable estoppel.

**SIXTH AFFIRMATIVE DEFENSE – LICENSE AND COVENANT NOT TO SUE**

6.     Netlist's claims for relief, in whole or in part, are precluded to the extent any of the claims of the Asserted Patents are subject to a license and covenant not to sue, express and/or implied.

**SEVENTH AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS**

7.     Netlist's recovery for any infringement of the Asserted Patents that it might establish is limited to any established infringement occurring no more than six years before the filing of this lawsuit, pursuant to 35 U.S.C. § 286.

**EIGHTH AFFIRMATIVE DEFENSE – LACK OF MARKING**

8.     Netlist's recovery for alleged infringement of the Asserted Patents, if any, is limited to alleged infringement committed after Netlist provided actual or constructive notice of infringement under 35 U.S.C. § 287.

**NINTH AFFIRMATIVE DEFENSE – NO WILLFUL INFRINGEMENT**

9.     Netlist fails to state a claim for relief against Micron for enhanced or increased damages for willful infringement.

**TENTH AFFIRMATIVE DEFENSE – NO EXCEPTIONAL CASE**

10.     Netlist fails to state a claim for relief against Micron for exceptional case under 35 U.S.C. § 285.

**ELEVENTH AFFIRMATIVE DEFENSE – NO COSTS**

11.     Netlist is barred by 35 U.S.C. § 288 from recovering any costs associated with this lawsuit.

## TWELFTH AFFIRMATIVE DEFENSE – LACK OF STANDING

12.     To the extent that Netlist was not the sole and total owner of all substantial rights in any of the Asserted Patents as of the filing date of the Complaint, Netlist lacks standing to bring one or more claims in this lawsuit.

## THIRTEENTH AFFIRMATIVE DEFENSE – EXHAUSTION

13.     Netlist's claims are barred, in whole or in part, by the doctrine of patent exhaustion.

## FOURTEENTH AFFIRMATIVE DEFENSE – ABSENCE OF DAMAGES

14.     Netlist has not suffered and will not suffer any injury or damages as a result of Micron's alleged conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE – LACHES AND UNCLEAN HANDS

15.     Netlist is barred, in whole or in part, under principles of equity, including laches, prosecution laches, and/or unclean hands.  Netlist is also barred by issue preclusion from reasserting or altering its positions on factual and legal issues that were previously adjudicated.

## SIXTEENTH AFFIRMATIVE DEFENSE – 28 U.S.C. § 1498

16.     Netlist's recovery for alleged infringement of the Asserted Patents, if any, is limited pursuant to 28 U.S.C. § 1498 to the extent that any alleged infringement, in whole or part, is attributable to the United States government.

## SEVENTEENTH AFFIRMATIVE DEFENSE – BREACH OF RAND LICENSING OBLIGATION

17.     Netlist's claims for injunctive relief are barred, in whole or in part, because of its failure to offer Micron a license to the Asserted on reasonable terms and conditions that are demonstrably free of unfair discrimination (i.e., "RAND terms").

18.     Netlist is presently a member of JEDEC.  Netlist committed the Asserted Patents to various JEDEC standards pursuant to the JEDEC Patent Policy, which sets certain obligations

for owners of patents (like the Asserted Patents) that it reasonably believes are essential to one or more JEDEC standards. The JEDEC Patent Policy, as set forth in the JEDEC Manual of Organization and Procedure, states in relevant part that "[a] license will be offered, to applicants desiring to utilize the license for the purpose of implementing the JEDEC Standard under reasonable terms and conditions that are free of any unfair discrimination . . .."

19.     Netlist has asserted in its letter dated April 28, 2021, that the Asserted Patents must be practiced to implement standards relating to memory technologies promulgated by the leading standard-setting organization in the memory technology field, JEDEC. Netlist therefore asserts that the Asserted Patents are "essential" to the implementation of the JEDEC standards in question. (Such allegedly standard "essential" patents are referred to herein as "SEPs".) JEDEC's semiconductor memory standards enable interoperability—that is, the ability of memory products made by different manufacturers to work together and with computer and electronic devices made by others.  JEDEC standards are widely implemented and, for many types of semiconductor memory products, it is imperative that they comply with JEDEC standards in order to be commercially viable.

20.     Netlist has participated in the development of standards relating to memory technologies in JEDEC.  Pursuant to JEDEC's Patent Policy, Netlist submitted a "License Assurance/Disclosure Form" applicable to each of the Asserted Patents pursuant to which it has (a) disclosed each of those patents, or patents claiming priority to the same filing as the Asserted Patents, to be potentially essential to certain JEDEC standards and (b) committed to offer to license any claim of the Asserted Patents that is essential to the implementation of relevant JEDEC standards to those wishing to implement those JEDEC standards on RAND terms.

21.     Moreover, pursuant to the JEDEC Patent Policy, which is binding upon Netlist,

simply by virtue of its membership on the committees that developed the standards to which Netlist asserts the claims of the Asserted Patents are essential, Netlist is obligated to offer to license those claims to all potential licensees like Micron on RAND terms.

22.     Netlist has breached its obligations to offer to license the Asserted Patent on RAND terms by, among other things: (a) failing to offer to license its SEPs to Micron on terms that are reasonable and (b) seeking injunctive relief against Micron based upon its alleged infringement of the Asserted Patent despite Micron's willingness to engage in discussions about licensing any claim shown to be valid and infringed on RAND terms.  To date, and despite Micron's attempts to obtain such a showing, Netlist has failed to show that any asserted claim is valid and infringed.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Micron reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

## COUNTERCLAIMS

Micron, by and through its undersigned counsel, incorporates its answers and affirmative defenses as set forth above, and alleges counterclaims against Plaintiff/Counter-Defendant Netlist for invalidity and non-infringement of the Asserted Patents as follows:

## BACKGROUND

1.      According to the allegations set forth in its Complaint, Netlist claims to be the assignee and owner of the Asserted Patents.  Dkt. 1 ¶¶ 2, 28, 31, 34.

2.      Netlist has accused Micron of infringing the Asserted Patents.  Micron denies that any of its products infringe any valid and enforceable claim in the Asserted Patents.

3.      An actual case and controversy exists between Micron and Netlist concerning the

alleged infringement of one or more claims of the Asserted Patents, and that controversy is ripe for adjudication.

## PARTIES

4.       Counterclaim-Plaintiff MTI is a Delaware corporation with its principal place of business at 8000 S. Federal Way, Boise, Idaho 83716.

5.       Counterclaim-Plaintiff Micron Texas is an Idaho limited liability company with its principal office at 8000 S. Federal Way, Boise, Idaho 83716.

6.       Counterclaim-Plaintiff MSP is an Idaho corporation with its principal office at 8000 S. Federal Way, Boise, Idaho 83716.

7.       Counterclaim-Defendant Netlist alleges it is a Delaware corporation with its principal place of business at 175 Technology Drive, Suite 150, Irvine, California 92618.  *See* Dkt. 1 ¶ 1.

## JURISDICTION AND VENUE

8.       This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction over these Counterclaims under §§ 1331 and 1338(a).  These Counterclaims arise under the patent laws of the United States.

9.       This Court has personal jurisdiction over Netlist, at least because by initiating this lawsuit, Netlist has submitted to this District's jurisdiction.

10.      Venue for these Counterclaims is proper under this District under 28 U.S.C. §§ 1391 and 1400.

## COUNTERCLAIM 1

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '314 PATENT)

11.      Micron incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

23

12.     An actual controversy exists between Micron and Netlist as to whether Micron infringes the '314 Patent, as Netlist contends, or does not do so, as Micron contends.

13.     Micron has been damaged by Netlist's filing of a lawsuit against Micron based on a patent that Micron does not infringe.

14.     By this Counterclaim, Micron seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '314 Patent either directly or indirectly, literally or under the doctrine of equivalents, or willfully, and is entitled to a declaration.

15.     A judicial declaration is necessary and appropriate at this time such that Micron may ascertain its rights and duties with respect to the '314 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

16.     This is an exceptional case entitling Micron to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM 2

## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '314 PATENT)

17.     Micron incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

18.     An actual controversy exists between Micron and Netlist as to whether the '314 Patent is valid, as Netlist contends, or is invalid for failure to comply with the requirements of patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 132, 251, 256, and/or 282, as Micron contends.

19.     For example, U.S. Patent No. 6,446,184 to Dell et al. ("Dell"), attached as Exhibit A, was filed on January 31, 2001, and issued on September 3, 2002, and is therefore prior art under at least § 102 (a) (2).   Similarly, U.S. Patent No. 6,070,217 to Connolly et al. ("Connolly"),

attached as Exhibit B, was filed on May 12, 1998, and issued on May 30, 2000, and is therefore prior art under at least § 102 (a) (2).

20.     Dell and/or Connolly anticipate or render obvious one or more claims of the '314 Patent.

21.     By this Counterclaim, Micron seeks a declaration that the claims of the '314 Patent are invalid.  A judicial declaration is necessary and appropriate at this time such that Micron may ascertain its rights and duties with respect to the '314 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

22.     This is an exceptional case entitling Micron to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM 3

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '035 PATENT)

23.     Micron incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

24.     An actual controversy exists between Micron and Netlist as to whether Micron infringes the '035 Patent, as Netlist contends, or does not do so, as Micron contends.

25.     Micron has been damaged by Netlist's filing of a lawsuit against Micron based on a patent that Micron does not infringe.

26.     By this Counterclaim, Micron seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '035 Patent either directly or indirectly, literally or under the doctrine of equivalents, or willfully, and is entitled to a declaration.

27.     A judicial declaration is necessary and appropriate at this time such that Micron may ascertain its rights and duties with respect to the '035 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

28.     This is an exceptional case entitling Micron to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM 4

## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '035 PATENT)

29.     Micron incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

30.     An actual controversy exists between Micron and Netlist as to whether the '035 Patent is valid, as Netlist contends, or is invalid for failure to comply with the requirements of patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 132, 251, 256, and/or 282, as Micron contends.

31.     For example, U.S. Patent Application Publication No. 2010/0309706 to Saito et al. ("Saito"), attached as Exhibit C, was filed on June 3, 2010, and is therefore prior art under at east § 102 (a) (2).  U.S. Patent No. 8,020,022 to Tokuhiro, attached as Exhibit D, was filed on September 12, 2008, and issued on September 13, 2011, and is therefore prior art under at least § 102 (a) (2).

32.     Saito in view of Tokuhiro renders obvious one or more claims of the '035 Patent.

33.     By this Counterclaim, Micron seeks a declaration that the claims of the '035 Patent are invalid.  A judicial declaration is necessary and appropriate at this time such that Micron may ascertain its rights and duties with respect to the '035 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

34.     This is an exceptional case entitling Micron to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM 5

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '608 PATENT)

35.     Micron incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

36.     An actual controversy exists between Micron and Netlist as to whether Micron infringes the '608 Patent, as Netlist contends, or does not do so, as Micron contends.

37.     Micron has been damaged by Netlist's filing of a lawsuit against Micron based on a patent that Micron does not infringe.

38.     By this Counterclaim, Micron seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '608 Patent either directly or indirectly, literally or under the doctrine of equivalents, or willfully, and is entitled to a declaration.

39.     A judicial declaration is necessary and appropriate at this time such that Micron may ascertain its rights and duties with respect to the '608 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

40.     This is an exceptional case entitling Micron to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM 6

## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '608 PATENT)

41.     Micron incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

42.     An actual controversy exists between Micron and Netlist as to whether the '608 Patent is valid, as Netlist contends, or is invalid for failure to comply with the requirements of patentability of the Patent Laws of the United States, Title 35 of the United States Code, including,

but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 132, 251, 256, and/or 282, as Micron contends.

43.     For example, U.S. Patent Application Publication No. 2010/0309706 to Saito et al. ("Saito") (Exhibit C) was filed on June 3, 2010, and is therefore prior art under at least § 102 (a) (2).  U.S. Patent No. 8,020,022 to Tokuhiro (Exhibit D) was filed on September 12, 2008, and issued on September 13, 2011, and is therefore prior art under at least § 102 (a) (2).

44.     Saito in view of Tokuhiro renders obvious one or more claims of the '608 Patent.

45.     By this Counterclaim, Micron seeks a declaration that the claims of the '608 Patent are invalid.  A judicial declaration is necessary and appropriate at this time such that Micron may ascertain its rights and duties with respect to the '608 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

46.     This is an exceptional case entitling Micron to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## **COUNTERCLAIM 7**

## **(DECLARATORY JUDGMENT OF RAND TERMS FOR A LICENSE TO NETLIST'S ASSERTED PATENT)**

47.     Micron incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

48.     To the extent that the claims of the Asserted Patents are found valid and infringed, Netlist has an obligation to offer Micron a license on RAND terms and conditions.

49.     There is, however, a definite and concrete dispute between Micron and Netlist regarding what constitutes RAND royalties for a license to Netlist's patents essential to JEDEC standards.

50.     Unless and until RAND royalties for a license to Netlist's patents essential to

JEDEC standards are determined, Micron will continue to be harmed by the potential disruption of its business, ongoing litigation and threat of potential litigation, threat of injunctions against Micron's products, imminent loss of profits, loss of customers and potential customers, and loss of goodwill and product image.

51.     Micron is therefore entitled to a declaratory judgment setting forth the RAND terms and conditions for a license to Netlist's patents essential to JEDEC standards including the applicable royalty rate, to which Netlist is entitled.

52.     Micron is further entitled to a declaratory judgment that it has a right to obtain a license to Netlist's patents essential to JEDEC standards under the RAND terms and conditions to be determined by the Court.

53.     Upon a showing that the claims of the Asserted Patents are found valid and infringed, Micron is willing to take a license to Netlist's patents essential to JEDEC standards on the RAND terms and conditions as determined by the Court (subject to any applicable right of appeal).

## JURY DEMAND

54.     Pursuant to Federal Rule of Civil Procedure 38(b), Micron demands a trial by jury on all issues so triable.

## MICRON'S PRAYER FOR RELIEF

WHEREFORE, Micron prays for judgment as follows:

A.      For dismissal of Netlist's Complaint with prejudice, and that Netlist shall take nothing against Micron;

B.      For a judgment and declaration that Micron does not infringe each and every claim in the Asserted Patents;

C.      For a judgment and declaration that the Asserted Patents, and each and every claim

thereof, are invalid;

D.      For a judgment, pursuant to 35 U.S.C. § 285, that Netlist's conduct renders this case

exceptional and that the Court award Micron its attorneys' fees and costs;

E.      The Court award Micron's costs of suit; and

F.      For such other and further relief as the Court deems just and proper.


Dated: August 20, 2021                          Respectfully submitted,


                                                By:     /s/ Natalie Arbaugh
                                                        Thomas M. Melsheimer
                                                        State Bar No. 13922550
                                                        TMelsheimer@winston.com
                                                        Natalie Arbaugh
                                                        State Bar No. 24033378
                                                        NArbaugh@winston.com
                                                        WINSTON & STRAWN LLP
                                                        2121 N. Pearl Street, Suite 900
                                                        Dallas, TX  75201
                                                        Telephone:  (214) 453-6500
                                                        Facsimile:  (214) 453-6400

                                                        Katherine Vidal
                                                        *Pro Hac Vice* (forthcoming)
                                                        State Bar No. 194971
                                                        KVidal@winston.com
                                                        Michael R. Rueckheim
                                                        State Bar No. 24081129
                                                        MRueckheim@winston.com
                                                        WINSTON & STRAWN LLP
                                                        275 Middlefield Road, Suite 205
                                                        Menlo Park, CA 94025
                                                        Telephone: (650) 858-6500
                                                        Facsimile: (650) 858-6559

                                                        Matthew Hopkins
                                                        *Pro Hac Vice* (forthcoming)
                                                        mhopkins@winston.com
                                                        WINSTON & STRAWN LLP

30

1901 L Street, NW
Washington, DC 20036
Telephone: (202) 282-5862
Facsimile: (202) 282-5100

Juan Yaquian
*Pro Hac Vice* (forthcoming)
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

**ATTORNEYS FOR DEFENDANTS
MICRON TECHNOLOGY, INC.,
MICRON SEMICONDUCTOR
PRODUCTS, INC., MICRON
TECHNOLOGY TEXAS, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 20th day of August, 2021, a true and correct copy of Defendants' Answer to Plaintiff's Complaint for Patent Infringement was electronically filed with the Clerk of Court using the CM/ECF system, which sends notifications of such filing to all counsel of record who have consented to accept service by electronic means.

*/s/ Natalie Arbaugh*
Natalie Arbaugh