# EXHIBIT 15

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **NETLIST, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 6:21-CV-430-ADA** |
| **MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS LLC,** | |
| **Defendants.** | |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., Micron Technology Texas, LLC ("Micron" or "Defendants") submit this Answer, Affirmative Defenses, and Counterclaims in response to Plaintiff Netlist, Inc.'s ("Netlist" or "Plaintiff") Complaint.

The numbered paragraphs below correspond to the numbered paragraphs in the Complaint and constitute Defendants' responsive admissions, denials, and allegations thereto. Except as otherwise Defendants admit expressly below, Defendants deny each and every allegation contained in the Complaint, including, without limitation, the headings, subheadings, footnotes, diagrams, and tables contained in the Complaint.

Defendants reserve the right to amend or supplement their Answer and Affirmative Defenses.

## THE PARTIES

1.      Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies the same.

1

2.      Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies the same.

3.      Micron Technology, Inc. ("MTI") admits that it is a Delaware corporation with a principal place of business at 8000 South Federal Way, Boise, Idaho 83716.  Except as expressly admitted, Micron denies the remaining allegations in paragraph 3.

4.      Micron Semiconductor Products, Inc. ("MSP") admits that it is an Idaho corporation with a principal place of business at 8000 South Federal Way, Boise, Idaho 83716. MSP admits that it leases a property located at 101 West Louis Henna Boulevard, Suite 210, Austin, Texas 78728.  MSP admits that it is registered to do business in Texas. MSP admits that it can be served with certain process through its registered agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.  Except as expressly admitted, Micron denies the remaining allegations in paragraph 4.

5.      Micron Technology Texas, LLC ("Micron Texas") admits that it is an Idaho limited liability company with a place of business at 8000 South Federal Way, Boise, Idaho 83716. Micron Texas admits that it can be served with certain process through its registered agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.  Except as expressly admitted, Micron denies the remaining allegations in paragraph 5 of the Complaint.

6.      Micron admits that MSP and Micron Texas are wholly owned subsidiaries of MTI. Micron admits that MTI currently does not separately report revenue from MSP or Micron Texas in its public filings submitted to the Securities Exchange Commission. Except as expressly admitted, Micron denies the remaining allegations in paragraph 6.

7.      Micron denies the allegations of paragraph 7.

## JURISDICTION

8.      Paragraph 8 contains conclusions of law and not averments of fact to which the rules require an answer, but insofar the rules require an answer, Micron admits that the Complaint purports to assert an action under the patent laws of the United States, 35 U.S.C. § 271 *et seq*., and that this Court has subject matter jurisdiction over actions for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

9.      Based solely on the allegations in the Complaint, and assuming (without admitting) them to be true, Micron does not contest personal jurisdiction in this district in this case.  Except as expressly admitted, Micron denies the remaining allegations in paragraph 9.

10.      MSP admits that it leases a property located at 101 West Louis Henna Boulevard, Suite 210, Austin, Texas 78728.  Except as expressly admitted, Micron denies the remaining allegations of paragraph 10.

11.      Micron denies the allegations of paragraph 11.

12.      Micron denies the allegations of paragraph 12.

13.      Micron denies the allegations of paragraph 13.

14.      Micron denies the allegations of paragraph 14.

15.      Micron denies the allegations of paragraph 15.

## FACTUAL BACKGROUND

16.      Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies the same.

17.      Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore denies the same.

18.      Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore denies the same.

19.     Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore denies the same.

20.     Micron admits that memory modules can be implemented as printed circuit boards that contain various components including DRAM (Dynamic Random-Access Memory) integrated circuits.  Micron also admits that memory modules can be installed into memory slots on computer motherboards and serve as memory for computer systems.  Micron lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint and therefore denies the same.

21.     Micron admits that the "NV" in "NVDIMM" and "NVRDIMM" may refer to "non-volatile."  To the extent not otherwise admitted, Micron denies allegations of paragraph 21.

22.     Paragraph 22 includes irrelevant allegations that express opinions on technical subjects and therefore do not require an admission or denial.  To the extent that a response is required, Micron denies the allegations of paragraph 22.

23.     Paragraph 23 includes irrelevant allegations that express opinions on technical subjects and therefore do not require an admission or denial.  To the extent that a response is required, Micron denies the allegations of paragraph 23.

24.     Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and therefore denies the same.

**THE ASSERTED PATENT**

**A.      U.S. Patent No. 8,301,833 (the "'833 Patent")**

25.     Micron admits that, according to the face of the document, the '833 Patent was filed as Application No. 12/240,916 on September 29, 2008.  Micron also admits, according to the face of the document, that the '833 Patent issued on October 30, 2012.  In addition, Micron admits that the '833 patent purports a claim to priority to a provisional application No. 60/941,586 filed on

4

June 1, 2007. Micron lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint and therefore denies the same.

26. Micron admits that, according to the face of the document, the '833 Patent is entitled "Non-Volatile Memory Module." Except as expressly admitted, Micron denies the remaining allegations of paragraph 26.

27. Micron denies the allegations of paragraph 27.

28. Micron admits that it received a letter from Netlist dated April 28, 2021, identifying the '833 patent. Except as expressly admitted, Micron denies the remaining allegations of paragraph 28.

## ALLEGEDLY INFRINGING TECHNOLOGY

29. Micron admits that it designs and manufactures memory and storage products including DRAM, NAND, and Multichip Packages. Except as expressly admitted, Micron denies the remaining allegations of paragraph 29.

30. Micron denies the allegations of paragraph 30.

31. Micron denies the allegations of paragraph 31.

32. Micron denies the allegations of paragraph 32.

## COUNT I: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,301,833

33. Micron repeats and incorporates by reference its responses to the allegations of the foregoing paragraphs of the Complaint as described above.

34. Micron denies the allegations of paragraph 34.

35. Micron denies the allegations of paragraph 35.

36. Micron denies the allegations of paragraph 36.

37. Micron denies the allegations of paragraph 37.

38. Micron admits that the image included in paragraph 38 appears to have been taken

from Figure 2 of a datasheet (referred to as Micron 16GB NVRDIMM Data Sheet) available at https://www.micron.com/products/dram-modules/nvdimm/part-catalog/mta18asf2g72pf1z-2g9. Micron denies the remainder of paragraph 38 to the extent that it does not accurately quote this document and any remaining allegation.

39.     Micron admits that the image included in paragraph 39 appears to have been taken from Micron 16GB NVRDIMM Data Sheet, Figure 3.  Micron denies the remainder of paragraph 39 to the extent that it does not accurately quote this document and any remaining allegation.

40.     Micron admits that the image included in paragraph 40 appears to have been taken from Micron 16GB NVRDIMM Data Sheet, Table 3.  Micron denies the remainder of paragraph 40 to the extent that it does not accurately quote this document and any remaining allegation.

41.     Micron admits that the images included in paragraph 41 appears to have been taken from Micron 16GB NVRDIMM Data Sheet, page 14 (text image) and Figure 3.  Micron denies the remainder of paragraph 41 to the extent that it does not accurately quote this document and any remaining allegation.

42.     Micron admits that the image included in paragraph 42 appears to have been taken from Micron 16GB NVRDIMM Data Sheet, Figure 2.  Micron denies the remainder of paragraph 42 to the extent that it does not accurately quote this document and any remaining allegation.

43.     Micron admits that the image of text included in paragraph 43 appears to have been taken from Micron 16GB NVRDIMM Data Sheet, page 14.  Micron denies the remainder of paragraph 43 to the extent that it does not accurately quote this document and any remaining allegation.

44.     Micron admits that the image of text included in paragraph 44 appears to have been taken from Micron 16GB NVRDIMM Data Sheet, Table 10.  Micron denies the remainder of

paragraph 44 to the extent that it does not accurately quote this document and any remaining allegation.

45.     Micron admits that the image of text included in paragraph 45 appears to have been taken from Micron 16GB NVRDIMM Data Sheet, Table 5.  Micron denies the remainder of paragraph 45 to the extent that it does not accurately quote this document and any remaining allegation.

46.     Micron admits that the image of text included in paragraph 46 appears to have been taken from Micron 16GB NVRDIMM Data Sheet, Table 10.  Micron denies the remainder of paragraph 46 to the extent that it does not accurately quote this document and any remaining allegation.

47.     Micron denies the allegations of paragraph 47.

48.     Micron denies the allegations of paragraph 48.

49.     Micron admits that it received a letter from Netlist dated April 28, 2021, identifying the '833 patent.  Except as expressly admitted, Micron denies the remaining allegations of paragraph 49.

50.     Micron denies the allegations of paragraph 50.

51.     Micron admits that the statement included in paragraph 51 appears to have been taken from Micron 16GB NVRDIMM Data Sheet, p. 14.  Micron denies the remainder of paragraph 51 to the extent that it does not accurately quote this document and any remaining allegation.

52.     Micron denies the allegations of paragraph 52.

53.     Micron denies the allegations of paragraph 53.

54.     Micron admits that it received a letter from Netlist dated April 28, 2021, identifying

the '833 Patent.  Except as expressly admitted, Micron denies the remaining allegations of paragraph 54.

54.  55.  Micron denies the allegations of paragraph 55.

56.  Micron denies the allegations of paragraph 56.

57.  Micron admits that paragraph 57 purports "Plaintiff seeks monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, and Plaintiff will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court."  Except as expressly admitted, Micron denies the allegations in paragraph 57.

58.  Micron denies the allegations of paragraph 58.

## PRAYER FOR RELIEF

Micron denies that Netlist is entitled to any relief in this action, as requested in paragraphs (A) through (G) of Netlist's Prayer for Relief or otherwise.

## DEMAND FOR A JURY TRIAL

Micron admits that the Complaint purports to demand a trial by jury on all issues so triable.

## MICRON'S AFFIRMATIVE DEFENSES

Subject to its responses above, and upon information and belief, Micron alleges and asserts these defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated.  In addition to the affirmative defenses described below, subject to the responses above, Micron reserves all rights to allege additional defenses pursuant to any scheduling order, that become known through the course of discovery, or otherwise.

## FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

1.      Netlist has failed to plead its claims with sufficient specificity or factual support to place Micron on notice of the claims Netlist is asserting against it, such that Netlist has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

2.      Micron has not infringed and does not infringe (i) directly, either literally or under the doctrine of equivalents, (ii) indirectly by contributing to infringement by others, either literally or under the doctrine of equivalents, and/or (iii) indirectly by inducing others to infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patent, willfully or otherwise.

### THIRD AFFIRMATIVE DEFENSE – INVALIDITY

3.      One or more claims of the Asserted Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

4.      One or more claims are limited by the text of the Asserted Patent and prosecution history of the Asserted Patent and related patents such that Netlist is estopped, or otherwise precluded, from asserting that the claim is infringed by Micron, literally or by equivalents.

### FIFTH AFFIRMATIVE DEFENSE – WAIVER AND ESTOPPEL

5.      Netlist's claims for relief, in whole or in part, are barred by the doctrines of waiver collateral estoppel, and/or equitable estoppel.

6.      For example, Netlist is estopped from asserting claim 15 of the '833 patent because that claim is substantially the same as a claim found to be unpatentable by the U.S. Patent and Trademark Office (USPTO) in *inter partes* review proceeding IPR2017-00692.  In that proceeding, the USPTO Patent Trial and Appeal Board determined that claim 15 of U.S. Patent

No. 8,874,831 was unpatentable, attached as Exhibit A, because the prior art rendered the claims obvious. Netlist chose not to appeal that decision. No meaningful difference exists between claim 15 of U.S. Patent No. 8,874,831, attached as Exhibit B, and asserted claim 15 in the '833 patent. Consequently, Netlist is estopped from alleging that Micron's products infringe at least claim 15 of the '833 patent that has the same scope as a claim that was fully litigated before the USPTO, determined to be unpatentable, and not appealed.

### SIXTH AFFIRMATIVE DEFENSE – LICENSE AND COVENANT NOT TO SUE

7.      Netlist's claims for relief, in whole or in part, are precluded to the extent any of the claims of the Asserted Patent are subject to a license and covenant not to sue, express and/or implied.

### SEVENTH AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS

8.      Netlist's recovery for any infringement of the Asserted Patent that it might establish is limited to any established infringement occurring no more than six years before the filing of this lawsuit, pursuant to 35 U.S.C. § 286.

### EIGHTH AFFIRMATIVE DEFENSE – LACK OF MARKING

9.      Netlist's recovery for alleged infringement of the Asserted Patent, if any, is limited to alleged infringement committed after Netlist provided actual or constructive notice of infringement under 35 U.S.C. § 287.

### NINTH AFFIRMATIVE DEFENSE – NO WILLFUL INFRINGEMENT

10.      Netlist fails to state a claim for relief against Micron for enhanced or increased damages for willful infringement.

### TENTH AFFIRMATIVE DEFENSE – NO EXCEPTIONAL CASE

11.      Netlist fails to state a claim for relief against Micron for exceptional case under 35 U.S.C. § 285.

### ELEVENTH AFFIRMATIVE DEFENSE – NO COSTS

12.     Netlist is barred by 35 U.S.C. § 288 from recovering any costs associated with this lawsuit.

### TWELFTH AFFIRMATIVE DEFENSE – LACK OF STANDING

13.     To the extent that Netlist was not the sole and total owner of all substantial rights in the Asserted Patent as of the filing date of the Complaint, Netlist lacks standing to bring one or more claims in this lawsuit.

### THIRTEENTH AFFIRMATIVE DEFENSE – EXHAUSTION

14.     Netlist's claims are barred, in whole or in part, by the doctrine of patent exhaustion.

### FOURTEENTH AFFIRMATIVE DEFENSE – ABSENCE OF DAMAGES

15.     Netlist has not suffered and will not suffer any injury or damages as a result of Micron's alleged conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE – LACHES AND UNCLEAN HANDS

16.     Netlist is barred, in whole or in part, under principles of equity, including laches, prosecution laches, and/or unclean hands.  Netlist is also barred by issue preclusion from reasserting or altering its positions on factual and legal issues that were previously adjudicated.

### SIXTEENTH AFFIRMATIVE DEFENSE – 28 U.S.C. § 1498

17.     Netlist's recovery for alleged infringement of the Asserted Patent, if any, is limited pursuant to 28 U.S.C. § 1498 to the extent that any alleged infringement, in whole or part, is attributable to the United States government.

### SEVENTEENTH AFFIRMATIVE DEFENSE – BREACH OF RAND LICENSING OBLIGATION

18.     Netlist's claims for injunctive relief are barred, in whole or in part, because of its failure to offer Micron a license to the Asserted on reasonable terms and conditions that are

demonstrably free of unfair discrimination (i.e., "RAND terms").

19.     Netlist is a presently member of JEDEC.  Netlist committed the '833 patent to various JEDEC standards pursuant to the JEDEC Patent Policy, which sets certain obligations for owners of patents (like the '833 Patent) that it reasonably believes are essential to one or more JEDEC standards. The JEDEC Patent Policy, as set forth in the JEDEC Manual of Organization and Procedure, states in relevant part that "[a] license will be offered, to applicants desiring to utilize the license for the purpose of implementing the JEDEC Standard under reasonable terms and conditions that are free of any unfair discrimination . . .."

20.     Netlist has asserted in its letter dated April 28, 2021, that the '833 Patent must be practiced to implement standards relating to memory technologies promulgated by the leading standard-setting organization in the memory technology field, JEDEC. Netlist therefore asserts that the '833 Patent is "essential" to the implementation of the JEDEC standards in question. (Such allegedly standard "essential" patents are referred to herein as "SEPs".) JEDEC's semiconductor memory standards enable interoperability—that is, the ability of memory products made by different manufacturers to work together and with computer and electronic devices made by others. JEDEC standards are widely implemented and, for many types of semiconductor memory products, it is imperative that they comply with JEDEC standards in order to be commercially viable.

21.     Netlist has participated in the development of standards relating to memory technologies in JEDEC.  Pursuant to JEDEC's Patent Policy, Netlist submitted a "License Assurance/Disclosure Form" applicable to the '833 Patent pursuant to which it has (a) disclosed the '833 patent, or patents claiming priority to the same filing as the '833 Patent, to be potentially essential to certain JEDEC standards and (b) committed to offer to license any claim of the

Asserted Patents that is essential to the implementation of relevant JEDEC standards to those wishing to implement those JEDEC standards on RAND terms.

22.     Moreover, pursuant to the JEDEC Patent Policy, which is binding upon Netlist, simply by virtue of its membership on the committees that developed the standards to which Netlist asserts the claims of the '833 patent are essential, Netlist is obligated to offer to license those claims to all potential licensees like Micron on RAND terms.

23.     Netlist has breached its obligations to offer to license the Asserted Patent on RAND terms by, among other things: (a) failing to offer to license its SEPs to Micron on terms that are reasonable and (b) seeking injunctive relief against Micron based upon its alleged infringement of the Asserted Patent despite Micron's willingness to engage in discussions about and its ability to license the Asserted Patent on RAND terms.

## EIGHTTEENTH DEFENSE - NO INJUNCTIVE RELIEF

24.     Netlist is not entitled to injunctive relief because any alleged injury to Netlist is not immediate or irreparable, Netlist has an adequate remedy at law, and Netlist agreed through its commitments to JEDEC that it would accept a license under RAND terms for use of the Asserted Patents.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Micron reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

## COUNTERCLAIMS

Micron, by and through its undersigned counsel, incorporates its answers and affirmative defenses as set forth above, and alleges counterclaims against Plaintiff/Counter-Defendant Netlist for invalidity and non-infringement of the Asserted Patent as follows:

## BACKGROUND

1. According to the allegations set forth in its Complaint, Netlist claims to be the assignee and owner of the Asserted Patent.  Dkt. 1 ¶¶ 2, 25.

2. Netlist has accused Micron of infringing the Asserted Patent.  Micron denies that any of its products infringe any valid and enforceable claim in the Asserted Patent.

3. An actual case and controversy exists between Micron and Netlist concerning the alleged infringement of one or more claims of the Asserted Patent, and that controversy is ripe for adjudication.

## PARTIES

4. Counterclaim-Plaintiff MTI is a Delaware corporation with its principal place of business at 8000 S. Federal Way, Boise, Idaho 83716.

5. Counterclaim-Plaintiff Micron Texas is an Idaho limited liability company with its principal office at 8000 S. Federal Way, Boise, Idaho 83716.

6. Counterclaim-Plaintiff MSP is an Idaho corporation with its principal office at 8000 S. Federal Way, Boise, Idaho 83716.

7. Counterclaim-Defendant Netlist alleges it is a Delaware corporation with its principal place of business at 175 Technology Drive, Suite 150, Irvine, California 92618.  *See* Dkt. 1 ¶ 1.

## JURISDICTION AND VENUE

8. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction over these Counterclaims under §§ 1331 and 1338(a).  These

Counterclaims arise under the patent laws of the United States.

9.      This Court has personal jurisdiction over Netlist, at least because by initiating this lawsuit, Netlist has submitted to this District's jurisdiction.

10.     Venue for these Counterclaims is proper under this District under 28 U.S.C. §§ 1391 and 1400.

## COUNTERCLAIM 1

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '833 PATENT)

11.     Micron incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

12.     An actual controversy exists between Micron and Netlist as to whether Micron infringes the '833 Patent, as Netlist contends, or does not do so, as Micron contends.

13.     Micron has been damaged by Netlist's filing of a lawsuit against Micron based on a patent that Micron does not infringe.

14.     By this Counterclaim, Micron seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '833 Patent either directly or indirectly, literally or under the doctrine of equivalents, or willfully, and is entitled to a declaration.

15.     A judicial declaration is necessary and appropriate at this time such that Micron may ascertain its rights and duties with respect to the '833 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

16.     This is an exceptional case entitling Micron to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM 2

## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '833 PATENT)

17.     Micron incorporates by reference the admissions, denials, and allegations set forth

in the preceding paragraphs of this Answer as if fully set forth herein.

18.     An actual controversy exists between Micron and Netlist as to whether the '833 Patent is valid, as Netlist contends, or is invalid for failure to comply with the requirements of patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 132, 251, 256, and/or 282, as Micron contends.

19.     For example, U.S. Patent Publication No. 2010/0110748 to Best, attached as Exhibit C, was filed on April 17, 2008, claims priority to a provisional application filed on April 17, 2007, and published on May 6, 2010, so it thereby qualifies as prior art under at least § 102 (a) (2).  U.S. Patent No. 6,026,465 to Mills, attached as Exhibit D, was filed on June 18, 1997, and issued on February 15, 2000, and is therefore prior art under at least § 102 (a) (2).  U.S. Patent Publication No. 2007/0136523 to Bonella, attached as Exhibit E, was filed on December 8, 2006, and published on June 14, 2007, and is therefore prior art under at least § 102 (a) (2).

20.     The combination of Best, Mills, and Bonella renders obvious at least claim 15 of the '833 Patent for the same reasons determined by the U.S. Patent Office in IPR2017-00692.  Specifically, claim 15 is obvious for the same reasons described in pages 31 through 41 of the attached PTAB final decision, which Netlist chose not to appeal.  *See* Exhibit A, pp. 31-41.

21.     By this Counterclaim, Micron seeks a declaration that the claims of the '833 Patent are invalid.  A judicial declaration is necessary and appropriate at this time such that Micron may ascertain its rights and duties with respect to the '833 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

22.     This is an exceptional case entitling Micron to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**COUNTERCLAIM 3**

**(DECLARATORY JUDGMENT OF RAND TERMS FOR A LICENSE TO NETLIST'S '833 PATENT)**

23.     Micron incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

24.     To the extent that the claims of the '833 patent are found valid and infringed, Netlist has an obligation to offer Micron a license on RAND terms and conditions.

25.     There is, however, a definite and concrete dispute between Micron and Netlist regarding what constitutes RAND royalties for a license to Netlist's patents essential to JEDEC standards—which includes the '833 patent.

26.     Unless and until RAND royalties for a license to Netlist's patents essential to JEDEC standards are determined, Micron will continue to be harmed by the potential disruption of its business, ongoing litigation and threat of potential litigation, threat of injunctions against Micron's products, imminent loss of profits, loss of customers and potential customers, and loss of goodwill and product image.

27.     Micron is therefore entitled to a declaratory judgment setting forth the RAND terms and conditions for a license to Netlist's patents essential to JEDEC standards including the applicable royalty rate, to which Netlist is entitled.

28.     Micron is further entitled to a declaratory judgment that it has a right to obtain a license to Netlist's patents essential to JEDEC standards under the RAND terms and conditions to be determined by the Court.

29.     Upon a showing that the claims of the '833 Patent are found valid and infringed, Micron is willing to take a license to Netlist's patents essential to JEDEC standards on the RAND terms and conditions as determined by the Court (subject to any applicable right of appeal).

## JURY DEMAND

30.     Pursuant to Federal Rule of Civil Procedure 38(b), Micron demands a trial by jury on all issues so triable.

## MICRON'S PRAYER FOR RELIEF

WHEREFORE, Micron prays for judgment as follows:

A.     For dismissal of Netlist's Complaint with prejudice, and that Netlist shall take nothing against Micron;

B.     For a judgment and declaration that Micron does not infringe each and every claim in the Asserted Patent;

C.     For a judgment and declaration that the Asserted Patent, and each and every claim thereof, are invalid;

D.     For a judgment, pursuant to 35 U.S.C. § 285, that Netlist's conduct renders this case exceptional and that the Court award Micron its attorneys' fees and costs;

E.     The Court award Micron's costs of suit; and

F.     For such other and further relief as the Court deems just and proper.

Dated: August 20, 2021

Respectfully submitted,

By:  /s/ Natalie Arbaugh

Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX  75201
Telephone:  (214) 453-6500
Facsimile:  (214) 453-6400

Katherine Vidal
*Pro Hac Vice* (forthcoming)
State Bar No. 194971
KVidal@winston.com
Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
WINSTON & STRAWN LLP
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins
*Pro Hac Vice* (forthcoming)
mhopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 282-5862
Facsimile: (202) 282-5100

Juan Yaquian
*Pro Hac Vice* (forthcoming)
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600

Facsimile: (713) 651-2700

**ATTORNEYS FOR DEFENDANTS
MICRON TECHNOLOGY, INC.,
MICRON SEMICONDUCTOR
PRODUCTS, INC., MICRON
TECHNOLOGY TEXAS, LLC**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on this 20th day of August, 2021, a true and correct copy of Defendants' Answer to Plaintiff's Complaint for Patent Infringement was electronically filed with the Clerk of Court using the CM/ECF system, which sends notifications of such filing to all counsel of record who have consented to accept service by electronic means.

<u>/s/ Natalie Arbaugh</u>
Natalie Arbaugh