**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 2:22-cv-00203-JRG |
| | **JURY TRIAL DEMANDED** |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., AND MICRON TECHNOLOGY TEXAS LLC, | |
| Defendants. | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO SEVER AND STAY**

Trying to demonstrate a lack of complete overlap (the wrong standard), Netlist's opposition in fact underscores the substantial overlap (the right standard) between this case and the First-Filed Austin Case. Given that substantial overlap, this Court should sever and stay proceedings for the Overlapping Patents and allow the Austin Court to decide whether it will exercise jurisdiction.

**I.      The First-to-File Rule Applies Because Substantial Overlap Exists Between This Case and the Earlier-Filed Austin Case.**

Netlist is wrong that the first-to-file rule does not apply under these circumstances because it applies an incorrect standard that would require complete overlap. This District explained the correct analytical approach for applying the first-to-file rule in *SIPCO, LLC v. Emerson Elec. Co.*, 2016 WL 7743496, at *2 (E.D. Tex. July 1, 2016). First, the second-filed court must only decide whether there is a "***likelihood*** of ***substantial overlap***." *See id.* (emphasis added). If so, the first-filed Court should determine whether it will adjudicate the later-file case, because "it is no longer up to the second-filed court to resolve the question of whether both should be allowed to proceed." *Id.* at *4 (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)).

In *SIPCO*, the two competing cases (in Texas and Georgia) involved different patents, but

the Texas patents belonged to the same family as patents in the earlier-filed Georgia case. *See id.* at *3. Although the mere existence of patents in the same family in both actions does not, alone, show substantial overlap, the SIPCO Court nevertheless found, like Micron argues here, that this relationship between the patents when combined with overlapping inventors, overlapping accused products, and identical parties, was sufficient to show a likelihood of substantial overlap that justified applying the first-to-file rule. *See id.* at *4. This was so despite some differences between the accused products, which "does not preclude a finding of substantial overlap when the general technology is the same." *Id.* Thus, the *SIPCO* Court observed that "although there are differences, there is a likelihood of substantial similarity," and transferred the second-filed case to Georgia for a determination on how it should proceed. *See id.*

The same result follows here. The parties are identical, and both cases involve patents in the same family, the same general technology, overlapping inventors, and overlapping accused products, demonstrating a clear substantial overlap that implicates the first-to-file rule.

A.    **Netlist Admits Both Cases Involve Patents from the Same Patent Families that Cover the Same General Technology.**

Netlist concedes (as it must) that this case and the First-Filed Austin Case involve patents from the same patent families. In fact, it provides a chart illustrating those relationships, and admits that the '918 and '054 patents that it has asserted here are continuations-in-part of the '833 patent that it asserted earlier in the First-Filed Austin Case. Opp. at 3-4. It also admits that the '506 patent that it has asserted here "shares the same disclosures" as the '608 and '035 patents that it had already asserted in the First-Filed Austin Case.  Opp. at 3. Netlist is wrong, however, that these patents cover different technologies. Micron addresses the reasons that Netlist is wrong in more detail in its Motion. Mot. at 6-8. But Netlist's opposition tacitly admits the same general technology is at issue by conceding that the JEDEC Standard underpins its infringement theories

2

in both forums. *See* Opp. at 8. Netlist tries to walk a fine line by saying different provisions in the JEDEC Standard apply to different claims in the respective cases (e.g., some claims address issues like DDR clock frequencies and others address DDR on-module voltage regulation), but these differences do not show a lack of substantial overlap. Netlist alleges in both forums that Micron DDR DIMM products (including DDR4 LRDIMMs) infringe Netlist's patents because (according to Netlist) those patents cover functionalities in the JEDEC Standard. As in *SIPCO*, this sufficiently implicates the first-to-file rule because having the same general technology at issue in both cases supports finding a likelihood of substantial overlap.

**B.      Netlist admits both cases involve overlapping accused products.**

Netlist also cannot hide that common accused products exist between this case and the First-Filed Austin Case. All the accused products are DDR DIMM modules. Netlist's opposition includes a table where it tries to emphasize that it has accused some products here that it did not accuse in the First-Filed Austin Case, and vice-versa. Opp. at 4. But every product in the table is a DDR DIMM, and the last line of the table tells the tory: it has accused the same DDR4 LRDIMMs in this case that it had already accused in the First-Filed Austin Case. As in *SIPCO*, it does not matter that the accused products are not identical because complete overlap is not the standard. *See* 2016 WL 7743496, at *3-4.[1] The reality is, Netlist filed suit in the Western District first, and there it accused Micron's DDR4 LRDIMMs of infringing several patents. It then filed this suit accusing the exact same DDR4 LRDIMMs of infringing other patents in the same patent family. That overlap is substantial. And Netlist's behavior in shopping for a more favorable forum ***after first filing suit in the Western District*** on related patents implicates key rationales underpinning

---

[1] Netlist is also wrong to distinguish *Aventis Pharmaceuticals Inc. v. Teva Pharmaceuticals USA Inc.*, 2007 WL 2823296 (E.D. Tex. Sept. 27, 2007) because (according to Netlist) the accused products in *Aventis* were "identical" across the two cases. Complete overlap is not the standard and some accused products are identical across these cases too (e.g., DDR4 LRDIMM).

the first-to-file rule, including concerns for judicial efficiency in forcing Micron to litigate overlapping issues in different courts and concerns for comity, particularly given that Netlist's later-filed cases followed an adverse stay ruling in the first-filed case (which Netlist still continues to complain about in its opposition here). This Court should accordingly apply the first-to-file rule.

## II.    The Samsung Case Does not Justify Depriving the Austin Court (as the first-filed Court) of Jurisdiction over this Dispute between Netlist and Micron.

Netlist also is wrong that this Court should decline to apply the first-to-file rule based on a co-pending case against Samsung even if the Court finds a likelihood of substantial overlap. The Federal Circuit has warned that courts should consider "whether the aim of the first-to-file rule would be impermissibly thwarted" by emphasizing co-pending cases against other defendants. *See In re Nitro Fluids L.L.C.*, 978 F.3d 1308, 1313 (Fed. Cir. 2020) (citing *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017)). In effect, Netlist is arguing that it has inoculated itself against the first-to-file rule (and can force Micron to litigate overlapping disputes in two districts) because Netlist has filed a related suit against another defendant. Within the analogous context of transfer under Section 1404(a), the Federal Circuit has held such reasoning to be a clear abuse of discretion. *See In re Google Inc.*, 2017 WL 977038, at *3.

Moreover, Netlist's approach departs from clear Fifth Circuit precedent and the practice in this District because it improperly asks this Court to decide how the second-filed case should proceed after it has found a likelihood of substantial overlap. "Once the likelihood of substantial overlap between the two suits has been demonstrated, it is no longer up to the second-filed court to resolve the question of whether both should be allowed to proceed." *SIPCO,* 2016 WL 7743496, at *4 (quoting *Cadle*, 174 F.3d at 605); *see also First Nat'l Title Ins. Co. v. Entrust Enterprises, LLC*, No. 4:21-CV-00462-SDJ-CAN, 2022 WL 393198, at *2 (E.D. Tex. Jan. 7, 2022) ("A second-filed court thus plays a limited role when presented with a request to transfer based on the first-to-

file rule: to determine whether a likelihood of substantial overlap exists between the two suits."). This Court should accordingly enter Micron's requested stay and give the Austin Court an opportunity to determine whether it will exercise its jurisdiction.

### III. Given the Likelihood of Substantial Overlap, This Court Does Not Need to Wait for the Austin Court to Grant Micron Leave to Amend to Apply the First-to-File Rule.

Netlist again applies the incorrect standard by arguing that this Court should not apply the first-to-file rule because the Austin Court has not yet decided whether to grant leave for Micron to add its counterclaims. Once more, Netlist is improperly trying to change the standard to complete overlap. However, the test for whether the first-to-file rule applies is whether there is a likelihood of substantial overlap, not whether the same patents are at issue in both cases. *See SIPCO*, 2016 WL 7743496, at *2-3. As Micron explains in its Motion and here, substantial overlap exists between this case and the First-Filed Austin Case now, including because this case and the First-Filed Austin Case involve the same parties, patents from the same patent families, the same type of technology, and overlapping accused products. This clearly implicates the first-to-file rule, establishing the Austin Court as the first-filed court. If the Austin Court ultimately decides to assert its jurisdiction over the relevant patents at issue here in the Western District, the overlap would simply go from substantial to complete. The principles of comity that underpin the first-to-file rule accordingly suggest that this Court should enter the stay that Micron has requested and afford the Austin Court the opportunity to make that decision.[2]

### CONCLUSION

Micron therefore requests that the Court grant the relief set forth in its Motion.

---

[2] Netlist is wrong (and bold) to suggest that litigating in the Western District would prejudice it. Netlist first chose the Western District as the forum for this dispute. It is plainly dissatisfied with the Austin Court's stay. Yet it has made no effort to lift the stay to add its new claims there. Netlist being unhappy with its first-choice forum is not a prejudice. But its blatant attempts to shop for another forum based on its displeasure is a prejudice to Micron that implicates the first-to-file rule.

Dated: October 4, 2022                    Respectfully submitted,


By: */s/ Thomas M. Melsheimer*
    Thomas M. Melsheimer
    State Bar No. 13922550
    TMelsheimer@winston.com
    Natalie Arbaugh
    State Bar No. 24033378
    NArbaugh@winston.com
    Barry K. Shelton
    State Bar No. 24055029
    BShelton@winston.com
    WINSTON & STRAWN LLP
    2121 N. Pearl Street, Suite 900
    Dallas, TX 75201
    Telephone: (214) 453-6500
    Facsimile: (214) 453-6400


    Michael R. Rueckheim
    State Bar No. 24081129
    MRueckheim@winston.com
    WINSTON & STRAWN LLP
    255 Shoreline Drive, Suite 520
    Redwood City, CA 94065
    Telephone: (650) 858-6500
    Facsimile: (650) 858-6559

    Matthew Hopkins
    *Pro Hac Vice*
    State Bar No. 1500598
    MHopkins@winston.com
    WINSTON & STRAWN LLP
    1901 L Street, N.W.
    Washington, D.C. 20036-3506
    Telephone: (202) 282-5000
    Facsimile: (202) 282-5100

    Juan C. Yaquian
    *Pro Hac Vice*
    State Bar No. 24110559
    JYaquian@winston.com
    WINSTON & STRAWN LLP

800 Capital Street, Suite 2400
Houston, TX 77002-2925
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

**Attorneys for Defendants
Micron Technology, Inc.,
Micron Semiconductor Products,
Inc., and Micron Technology Texas,
LLC**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 4th day of October 2022 the foregoing document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including counsel of record for Plaintiff Netlist.


*/s/ Thomas M. Melsheimer*
Thomas M. Melsheimer