IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 2:22-CV-203-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., | ) |
| MICRON SEMICONDUCTOR | ) **Filed Under Seal Pursuant to Protective** |
| PRODUCTS INC., MICRON | ) **Order** |
| TECHNOLOGY TEXAS LLC, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S MOTION TO FIND DEFENDANTS IN VIOLATION
OF P.R. 3-4(A) AND TO ORDER COMPLETE COMPLIANCE**

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | Factual Background | 2 |
|  | A. Micron's Deficienct P.R. 3-4(a) Document Production | 2 |
|  | B. Micron's Improper Discovery Delay Tactics | 4 |
| II. | Argument | 5 |
|  | A. Micron Must Produce Technical Documents under P.R. 3-4(a) | 5 |
|  | B. Micron Failed to Raise any Legitimate Basis in Resistance of Discovery and Should Be Precluded from Relying on Technical Documents for Its Defenses | 6 |
|  | C. Micron Should Be Precluded From Relying on Belated Production | 7 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*EVS Codec Techs., LLC v. OnePlus Tech. (Shenzhen) Co.*,
   2020 WL 6365514 (E.D. Tex. Apr. 9, 2020) .................................................................................5

*Georgetown Rail Equip. Co. v. Holland L.P.*,
   2014 WL 12703781 (E.D. Tex. Oct. 7, 2014) ...............................................................................7

*Realtime Data, LLC v. Packeteer, Inc.*,
   2009 WL 2590101 (E.D. Tex. Aug. 18, 2009) ..............................................................................7

*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*,
   685 F.3d 486 (5th Cir. 2012) .........................................................................................................7

*Wapp Tech. Ltd. v. Bank of Am.*,
   No. 21-cv-670, Dkt. 96 (E.D. Tex. June 28, 2022) ....................................................................6, 7

**Rules**

Fed. R. Civ. P. 26 ...........................................................................................................................6

Fed. R. Civ. P. 37 ...........................................................................................................................7

L.R. CV-26(d) ................................................................................................................................7

Local Rule 3-4(a) ........................................................................................................................5, 6

Netlist has alleged that Micron's HBM2, HBM2E, HBM3, and HBMNext memory products infringed U.S. Patent Nos. 8,787,060 ("'060 patent") and 9,318,160 ("'160 patent"). Dkt. 4. Netlist served its Preliminary Infringement Contentions, which addressed each of the HBM products, on September 8, 2022.

After receiving an extension for its invalidity contentions, Micron agreed to comply with P.R. 3-4(a) by November 21, 2022, which requires production of documents detailing the operation of the accused products, including source code materials. Despite Netlist's repeated reminders and meet and confer requests, Micron still has not produced the minimum required under P.R. 3-4(a). Micron claims that it does not need to produce the required documents because it believes it does not infringe the '060 and '160 patents. On the lead-to-lead meet-and-confer, Netlist made clear that this was a totally improper basis to withhold discovery.

Micron has only produced ▓▓ documents in this case as of today, nearly all of which consist of prior art references. Micron has not made any source code available for review, and has produced only two non-public (duplicative) documents referencing Micron's HBM products. In contrast, it produced dozens of documents, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. The existence of documents pertaining to those old products strongly suggest that Micron has, but chose not to produce, P.R. 3-4(a) technical documents for the accused HBM products.

Micron's production is far from meeting the minimum requirement under P.R. 3-4(a). For example, Micron has yet to produce documents sufficient to show the electrical communications between TSVs and the memory dies, information that is plainly relevant to all claims of the HBM patents. *E.g.*, Dkt. 5-5 at 23: ('060 cl.1). Micron's production also does not provide sufficient information regarding other key technical features disclosed in Netlist's patents, such as the operation of the control dies or the determination of the driver size for data conduits in the control die.

Micron's deficient 3-4(a) document production violates the Patent Local Rules as well as this Court's Discovery Order. Dkt. 41 at 3 (Micron shall "produce or permit the inspection of all documents, electronically stored information, and tangible things in [its] possession, custody, or control [] that are relevant to the pleaded claims or defenses involved in this action"). Netlist brings this motion only after lengthy (unsuccessful) communications with Micron, including repeated requests of meet and confer and letter correspondence.

Netlist respectfully requests that the Court: (1) find Micron in violation of P.R. 3-4(a); (2) order Micron to produce all the requested technical documents and make its source code materials ready for inspection within a week of the Court's order; and (3) order that Micron is bound by the representations its counsel has repeatedly made that it was in compliance with P.R. 3-4(a) by November 21, 2022, such that Micron is precluded from relying on any later-produced documents that were in its possession to defend against a claim of infringement.

## I. Factual Background

### A. Micron's Deficient P.R. 3-4(a) Document Production

This case has been pending since June 10, 2022. The accused Micron HBM products include HBM2, HBM2E, HBM3, and HBMNext. Netlist's patents are directed to key features such as the layout, electrical communications, driver sizes, and signaling of these HBM products.

To facilitate Micron's document collection efforts, Netlist provided Micron with a detailed list identifying more than 160 categories of documents relevant to Netlist's claims. After receiving an extension, Micron agreed to comply with P.R. 3-4(a) and make source code available for inspection as of November 21. Ex. 2 (Netlist's counsel: "Is Micron committing to getting source code ready for review on November 21?" Micron's counsel: "I am surprised that this is even an issue. . . . As I said earlier, Micron intends to comply with the Patent Rules and the DCO deadlines.").

However, when the deadline came, Micron only produced a limited number of documents on

November 21. The production includes only ▮ documents relating to Micron's accused HBM products. The accused HBMs are . Micron's production is far from sufficient to meet P.R. 3-4(a). Indeed, the 14 documents produced were limited to:



Micron has not allowed Netlist to inspect any of its source code materials as of today.

Micron's production is insufficient to explain the operation and function of the structure and features of the accused Micron HBM2, HBM2E, HBM3, or HBMnext products explicitly identified in Netlist's infringement contentions. For example, Micron has not produced any documents to show how the TSVs are arranged in the accused HBM products, and that information is plainly relevant to determining how the TSVs are in electrical communication with the array die. *See, e.g.*, Dkt. 5-5 at 23 ('060 cl. 1) ("the first die interconnect in electrical communication with the first group of array dies and not in electrical communication with the second group of at least one array die"). Micron's production also does not provide sufficient information regarding other key technical features, including how the control dies in the accused products operate in response to control signals. *See, e.g.*, '060 patent cl. 1 ("the control die further comprising a control circuit to control respective states of the first data conduit and the second data conduit in response to control signals received via one or more second terminals of the plurality of terminals"); *see also* Dkt. 5-6 ('160 patent) at 24, cl. 5. The

production also does not allow for the determination of the driver size for data conduits in the control die (relevant to, *e.g.*, Dkt. 5-6 ('160 cl. 1) and also *e.g.*, the un-asserted claims 15 and 22 of the '060 patent that Netlist is waiting for production to determine whether it can pursue those two claims). Nor does the production thus far provide sufficient information regarding the manner of selection of specific chips or channels in the HBM products (relevant to '060 patent, cl. 6, 11-19).

The information is available in schematics, RTL, design files, technical drawings, and other materials in Micron's possession. Micron designs and manufactures the accused HBM products.

B.  **Micron's Improper Discovery Delay Tactics**

Upon reviewing Micron's production, Netlist determined that Micron had failed to fully comply with P.R. 3-4(a). Netlist wrote to Micron about its deficient production on January 18, 2023, and requested inspection of Micron source code on January 20, 2023. The parties met and conferred on January 25, 2023. During that conference, Netlist screen-shared documents from Micron's production to facilitate resolving the issues. Micron's counsel was unable or unwilling to answer any of Netlist's questions about Micron's documents. When inquired when source code would be available for inspection, Micron's counsel was unable to confirm, but promised to get back to Netlist. Netlist followed up with correspondence the next day, asking Micron to respond by addressing the numerous questions that went unanswered during the meet and confer.

Micron did not respond. After Netlist's repeated requests for inspection of the source code, and after delaying for six weeks, Micron for the first time on March 2, 2023 stated that it would not offer any source code for inspection based on Micron's belief that Netlist "no longer has a cognizable infringement theory":

> On December 14, 2022, the Court issued its claim construction order, holding that the term "*array die*" recited in each claim of the '060 and '160 patents means "array die that is different from a DRAM circuit." *Netlist, Inc. v. Samsung Elec. Co., Ltd.*, 2:21-cv-00453-JRG [sic], Dkt. 114 at 35 (E.D. Tex. Dec. 14., 2022). . . . Because Micron's HBM products are DRAMs, Netlist no longer has a cognizable infringement theory against Micron's HBM products under the Court's

> construction. More than two months later, Netlist has yet to provide Micron with any proposed amendments to its operative infringement contentions (served on September 8, 2022) showing how Micron's HBM products can infringe the '060 or '160 patents under the Court's construction of the term "*array die.*"
>
> Netlist's request to review Micron's HBM source code material is improper because these products cannot infringe Netlist's patents under the Court's construction.

Ex. 1 (2023-03-02 Rueckheim Ltr). Micron relied on the same basis to refuse to produce technical documents. Micron points to no case law to support its novel position that its own beliefs about the merits of Netlist's case absolve it of its discovery obligations.

Netlist directed Micron to briefing in the co-pending case against Samsung explaining why an HBM with DRAM is still infringing. *Netlist, Inc. v. Samsung Elec. Co., Ltd.*, No. 21-cv-463-JRG, Dkt. 197, 249 (E.D. Tex.). Micron provided no response.

After another meet and confer on March 9, 2023, Micron's counsel agreed to allow Netlist to inspect source code—more than three months after the deadline under P.R. 3-4(a) passed. Micron, however, has not yet provided the availability for inspection, and Micron refused to commit to produce the relevant technical documents required by P.R. 3-4(a).

## II. Argument

### A. Micron Must Produce Technical Documents under P.R. 3-4(a)

Patent Local Rule 3-4(a) is clear:

> [T]he party opposing a claim of patent infringement must produce or make available for inspection and copying: (a) Source code, specifications, schematics . . . or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart.

Courts in this district have made it clear that "[t]he rules of discovery are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials." *EVS Codec Techs., LLC v. OnePlus Tech. (Shenzhen) Co.*, 2020 WL 6365514, at *1 (E.D. Tex. Apr. 9, 2020) (quotation omitted). Micron has failed to comply with P.R. 3-4(a) for the accused HBM2, HBM2E, HBM3, HBMnext products. The few technical documents Micron produced largely mirror the publicly

available JEDEC HBM standards, and do not provide sufficient detail regarding the configuration, function, or operation of the disputed features of Micron's HBM products, including:

(1) Arrangement of TSVs in the accused HBM products and how the TSVs are in electrical communication with the array die. This is relevant to, for example, the '060 patent claim 1 and the '160 patent claim 1.

(2) Communication of data signals, control signals, and address signals to and from the control dies (e.g., buffer die or logic die), including how the control dies operate in response to control signals. This is relevant to, for example, the '060 patent cl. 1, 2, 3, 4, 8, 9, 10, 18, 19, 20, 26, and the '160 patent claim 5.

(3) Control of the driver sizes. This is relevant for example, to '060 patent claim 21 and '160 patent claims 1, 2, 4, as well as to the unasserted claims 15 and 22 of the '060 patent.

(4) Chip selection mechanisms in Micron's HBM products. This is relevant to, for example, the '060 patent claims 6, 11-19, 23, 24, 27, 28.

At a minimum, Netlist needs the following types of documents to evaluate the operation of Samsung's accused products: (a) RTL and software code; (b) internal and external presentations on the products, including product key feature overview, simulations, modeling, and design files; (c) block diagrams and schematics; and (d) other documents relating to the HBM layout, interconnections, driver size determination, and signaling in Micron's HBM Products. Micron should be compelled to make prompt production of these relevant documents and materials.

**B.     Micron Failed to Raise any Legitimate Basis in Resistance of Discovery and Should Be Precluded from Relying on Technical Documents for Its Defenses**

Micron does not dispute the documents showing the function of its accused products are relevant. Nor does Micron dispute that P.R. 3-4(a) requires disclosure of these technical documents and source code materials. Micron also conceded that it has possession of all these documents. Nevertheless, Micron argues that compliance of P.R. 3-4(a) or Federal Rules of Civil Procedure 26 is not required because Micron believes its products do not practice Netlist's patents. *See* Ex. 1 (03-02 Rueckheim Ltr) at 2 ("Netlist's request to review Micron's HBM source code material is improper because these products cannot infringe Netlist's patents under the Court's construction."). This is not a valid basis to satisfy Micron's burden to resist discovery. *See Wapp Tech. Ltd. v. Bank of Am.*, No. 21-

cv-670, Dkt. 96 at 3 (E.D. Tex. June 28, 2022) (denying the defendant's argument that discovery should not be permitted because the plaintiff's damages theory is not appropriate because the defendant's "argument is better saved for the summary judgment stage—once all possible relevant evidence has been produced").

As the court in *Wapp Tech* confirmed, if a defendant could unilaterally decide not to produce documents based on its belief that the plaintiff's claims lack merit, no defendant would produce any documents. That is not the way discovery works. Micron's refusal to provide Netlist's with sufficient discovery on the HBM products based solely on Micron's belief of "non-infringement" runs afoul of the local rules and precedents of this District. *Se Realtime Data, LLC v. Packeteer, Inc.*, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009) ("Infringement contentions are not intended to require a party to set forth a *prima facie* case of infringement and evidence in support thereof."); *Georgetown Rail Equip. Co. v. Holland L.P.*, 2014 WL 12703781, at *2 (E.D. Tex. Oct. 7, 2014) (same).[1] The rules are clear that a party can receive discovery of all documents relevant to either party's claims or defenses and is not limited by the scope of patentee's infringement contentions. L.R. 26(d) (information is relevant if "is likely to have an influence on or affect the outcome of a claim or defense" or if it "deserves to be considered in the preparation, evaluation, or trial of a claim or defense").

### C. Micron Should Be Precluded From Relying on Any Belated Production

Given the total lack of support for its position, Micron should not be allowed to rely on documents or source code materials for any defenses or claims of non-infringement. Fed. R. Civ. P. 37(b)(2); *id.* 37(c); *see also Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (Rule 37(b) "empowers the courts to impose sanctions for failures to obey discovery orders").

---

[1] To be clear, Micron never moved for summary judgment or to dismiss under Rule 12(b)(6) based on its purported non-infringement theory.

Dated: March 10, 2023

Respectfully submitted,

*/s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on March 10, 2023, a copy of the foregoing was served to all counsel of record via the Court's ECF system.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF CONFERENCE

I hereby certify that, on March 9, 2023, the lead and local counsel of each side met and conferred. The parties are at an impasse.

*/s/ Jason Sheasby*
Jason Sheasby