# Exhibit 1



NORTH AMERICA    SOUTH AMERICA    EUROPE    ASIA

255 Shoreline Drive
Suite 520
Redwood City, CA 94065
T +1 (650) 858-6500
F +1 (650) 858-6550

**MICHAEL RUECKHEIM**
Partner
650-858-6433
MRueckheim@winston.com

March 2, 2023

Tom Werner
twerner@irell.com
Annita Zhong
hzhong@irell.com
**Irell & Manella LLP**

Re:   *Netlist, Inc. v. Micron Technology Inc. et al.*, 2:22-cv-203 (E.D. Tex.)

Dear Annita and Tom:

We write to follow up on our January 18, 2023 correspondence, which you have not responded to, and to respond to your various inquiries and requests since that time.

**1.      Source Code Inspection**

On November 21, 2022, Micron made available for inspection certain source code material pursuant to Patent Rule 3-3 and 3-4.  The source code material Micron made available pertains to its HBM products.  Third parties supply the relevant components for the other accused products—namely, DDR4 LRDIMMs and DDR5 DIMMs—and thus Micron does not have source code for such products.

On December 14, 2022, the Court issued its claim construction order, holding that the term "*array die*" recited in each claim of the '060 and '160 patents means "array die that is different from a DRAM circuit."  *Netlist, Inc. v. Samsung Elec. Co., Ltd.*, 2:21-cv-00453-JRG, Dkt. 114 at 35 (E.D. Tex. Dec. 14., 2022).  Netlist is not challenging this construction.  *Netlist, Inc. v. Samsung Elec. Co., Ltd.*, 2:21-cv-00453-JRG, Dkt. 192 (E.D. Tex. Feb. 2, 2023) (unopposed motion to withdraw objection to claim construction).

Because Micron's HBM products are DRAMs, Netlist no longer has a cognizable infringement theory against Micron's HBM products under the Court's construction.  More than two months later, Netlist has yet to provide Micron with any proposed amendments to its operative infringement contentions (served on September 8, 2022) showing how Micron's HBM products can infringe the '060 or '160 patents under the Court's construction of the term "*array die*."  Nor has Netlist responded to Micron's January 18, 2023 letter requesting that Netlist withdraw the '060 and '160 patents from this case.



March 2, 2023<br>Page 2

Netlist's request to review Micron's HBM source code material is improper because these products cannot infringe Netlist's patents under the Court's construction. Therefore, please confirm that Netlist will withdraw its request for inspection of Micron's source code for its HBM products. Alternatively, please identify times for a meet and confer to explain how Micron's HBM products—which are "stacked DRAM dies products"—can possibly infringe the '060 and '160 patents, which exclude "DRAM circuits." I asked you on Tuesday, February 28, 2023 to identify times you are available to meet and confer this week and you to date have not identify any times for the requested meet and confer.

**2.     Micron's Responses to Netlist's January 26, 2023 Letter**

As we previously discussed, Netlist's January 26, 2023 letter to Mr. Park includes several false statements and allegations. For example, you state that you "came prepared for a discussion of Micron's document production" and we were "not familiar with any of those documents, and thus unable to provide any information in response to our questions, . . . were combative and uncivil, repeatedly talking over me and complaining about the conference being a waste of your time." This is blatantly false. In reality, you raised questions about documents during the meet and confer that you had not identified in advance and asked detailed discovery questions about those topics. Further, we have identified several times that Netlist's counsel (Tom Werner) is a very difficult and unprofessional person and we have asked several times for Netlist to designate a different attorney for correspondence between the parties to ensure a more harmonious correspondence. To date Netlist has refused to do so. We also have repeatedly asked Mr. Werner to please stop sending false summaries of communications in this litigation, and I again ask that it stop. Nonetheless, our responses to your specific questions are included below.

    **a.     Micron's Production of Technical Documents**

You raised several questions regarding the sufficiency and format of Micron's technical document productions. Micron's responses to Netlist's First Set of Interrogatories, and in particular Netlist's Interrogatory No. 2, include a detailed listing of Micron's products and the relevant components that were/are incorporated into those products. Thus, Micron understands that this interrogatory response resolves Netlist's questions directed to Micron's technical document production. Micron also continues to investigate facts relevant to Netlist's Interrogatory No. 2, and in particular details relating to Micron's DDR4 LRDIMMs, and will amend and/or supplement its responses in the upcoming weeks.

    **b.     Micron's Initial Disclosures**

Your January 26, 2023 letter states that "Micron is therefore barred from relying on" information regarding its component suppliers because Micron did not identify them in its Initial Disclosures. Micron



March 2, 2023
Page 3

respectfully disagrees. Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure requires a party to identify individuals "that the disclosing party may use to support its claims or defenses." Further, the operative infringement contentions Netlist served on September 8, 2022 appear to be based solely on the JEDEC standards and do not appear to depend on any specific information from third party component suppliers. In addition, the court may construe claim terms in this case could further clarify whether information from third party suppliers may become necessary. Thus, to the extent Micron believes it may use information from third party suppliers become to support its claims or defenses in the future, it will supplement its Initial Disclosures pursuant to Rule 26(e).

3.      **Micron's Responses to Netlist's January 27, 2023 Letter**

Micron does not have in its possession, custody, or control any source code (including RTLs) of DDR4 Data Buffers, DDR4 Registered Clock Drivers, or DDR5 Power Management ICs. Micron's responses to Netlist's Interrogatory No. 2 and the documents Micron produced as part of its P.R. 3-3 and 3-4 disclosures and production identify the identities of the third parties that supply these components, and thus are likely to have source code and other relevant information for these components.

4.      **Micron's Responses to Netlist's February 9, 2023 Email**

In your February 9, 2023 email, you requested re-production of certain documents in either native format or with correct extensions and also requested inclusion of metadata specified in Exhibit 1 to the proposed ESI order (which the parties are currently negotiating). Thank you for bringing these to our attention. We will provide updated productions with the requested corrections and the requisite metadata included.

Sincerely,

Michael Rueckheim