# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>MICRON TECHNOLOGY, INC.,<br>MICRON SEMICONDUCTOR<br>PRODUCTS, INC., AND MICRON<br>TECHNOLOGY TEXAS LLC,<br><br>    Defendants. | Civil Action No. 2:22-CV-203-JRG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO COMPEL COMPLIANCE WITH PATENT RULE 3-4(a)**

Pursuant to ¶ 9(b) of the Discovery Order (Dkt. 41), Netlist respectfully requests that the Court grant leave to file a Reply in support of its Motion to Compel Compliance with P.R. 3-4(a) (Dkt. 49). Leave is warranted to correct misstatements in and omissions from Micron's Opposition, primarily regarding facts that developed **after** Netlist filed its Motion, but **before** Micron filed its Opposition. Netlist asked Micron to address these developments in its Opposition, but **Micron did not do so**. Instead, Micron's Opposition would lead the Court to conclude (incorrectly) that the Motion has been resolved. Micron's opposition also misrepresents what occurred during the parties' meet and confer. Because the Court should have all pertinent facts when deciding a motion, leave is appropriate.

As explained in Netlist's Reply, filed concurrently herewith, the parties met and conferred regarding documents and inspection. Micron maintained its refusal to provide HBM discovery, arguing that a motion for summary judgment of noninfringement pending in another case involving the same patents (which has since been denied) precluded P.R. 3-4(a) discovery regarding those patents in this case. Although Micron later allowed some inspection, Micron blocked Netlist from inspecting materials relating to newer HBM products, and imposed numerous improper conditions on that inspection. And Micron continues to insist that its production of technical documents satisfies P.R. 3-4(a), even though it does not. Unless the Court grants leave for Netlist to file its Reply, the Court will not have a complete and accurate set of the pertinent facts. Because the additional facts are important to this case, are necessary to the Court's consideration of and ruling on Netlist's Motion, did not develop until after Netlist filed its Motion, and were not addressed in Micron's opposition, good cause exists.

For these reasons, the Court should grant Netlist leave. As Netlist confirmed to Micron in connection with the parties' meet and confer, Netlist agrees that Micron may file a Surreply of equal length, as reflected in the Proposed Order filed concurrently herewith.

| | |
|---|---|
| Dated: April 3, 2023 | Respectfully submitted,<br><br>*/s/ Thomas C. Werner*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason G. Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br><br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>***Attorneys for Plaintiff Netlist, Inc.*** |

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties met and conferred telephonically on March 31, 2023. Local counsel for both sides was present. The parties fully discussed all pertinent issues, including not only why Netlist believes that leave is appropriate, but also the substance of Netlist's reply. At the conclusion of the meet and confer, Micron stated that it opposes the motion, and further confirmed its opposition in writing.

/s/ Thomas C. Werner
Thomas C. Werner

## CERTIFICATE OF SERVICE

I hereby certify that, on April 3, 2023 a copy of the foregoing was served to all counsel of record.

/s/ Thomas C. Werner
Thomas C. Werner