## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. 2:22-cv-203-JRG ) |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., and MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendants. | ) ) |

**DECLARATION OF THOMAS C. WERNER IN SUPPORT OF PLAINTIFF NETLIST, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL COMPLIANCE WITH PATENT RULE 3-4(a)**

I, Thomas C. Werner, declare as follows:

1. I am an attorney at the law firm of Irell & Manella LLP, counsel of record for Netlist in this case, a member in good standing of the State Bar of California, and admitted *pro hac vice* in this action. I have personal knowledge of the facts stated herein, and will testify competently thereto should it please the Court.

2. Attached as Exhibit 3 are true and correct excerpts of: #1, my March 10, 2023 email to Michael Rueckheim, to which I received no response before I emailed again on March 13, 2023; and #2, my March 24, 2023 email to Ryuk Park attaching my March 24, 2023 letter to Michael Rueckheim, a true and correct copy of which is attached hereto as Exhibit 4.

3. I started the March 9, 2023 lead/local meet and confer regarding Netlist's potential Motion to Compel Compliance with Patent Rule 3-4(a) by referencing my March 8, 2023 letter, a true and correct copy of which is attached hereto as Exhibit 5, reciting from it that, absent agreement, Netlist intended to compel Micron to make a complete production of technical documents, including source code and schematics, regarding its HBM products. Micron's counsel Michael Rueckheim responded that Micron need not provide discovery regarding HBM products because a motion for summary judgement of noninfringement of the same patents was pending in *Netlist v. Samsung*, No. 21-cv-463 (E.D. Tex.) (which motion has since been denied). After discussion, Netlist's lead counsel Jason Sheasby confirmed the impasse and thanked Micron's counsel for their time. Micron's lead counsel Thomas Melsheimer interjected that he had not fully discussed the matter with Mr. Rueckheim, and that Micron would reconsider its position and advise Netlist the next day.

4. Netlist's non-attorney technical consultant inspected HBM materials in *Netlist v. Samsung*, No. 21-cv-463 (E.D. Tex.) for consecutive multi-day portions of at least eight weeks, one spanning three weeks and the other five weeks, with additional non-consecutive-week inspections, over three consecutive months. Netlist's inspector travelled between Austin and Dallas for that inspection. All materials were clearly correlated to products.  Netlist's five-day inspection of Micron's materials was also conducted by a non-attorney technical consultant.

5. The parties met and conferred informally on January 25, 2023, regarding Micron technical documents. Micron's counsel Ryuk Park stated that Micron had satisfied its P.R. 3-4(a) obligations. Micron has not produced a single document of any kind since November 21, 2022.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 3, 2023 in Los Angeles, California.

_____
Thomas C. Werner