## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:22-cv-203-JRG |
| | ) |
| MICRON TECHNOLOGY, INC.; MICRON | ) JURY TRIAL DEMANDED |
| SEMICONDUCTOR PRODUCTS, INC.; | ) |
| MICRON TECHNOLOGY TEXAS LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF NETLIST, INC.'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO COMPEL COMPLIANCE WITH PATENT RULE 3-4(A)

The Court should deny Netlist's request for leave to file a reply and strike Netlist's proposed reply. Netlist is again evading this Court's required mechanisms for resolving discovery disputes without intervention. In its Motion, Netlist sidestepped the Court's procedures by: (i) foregoing conferring on the purported deficiencies in Micron's technical production and (ii) moving to compel the production of source code material that Micron had already agreed to produce. Netlist is now dodging the Court's procedures by interjecting new alleged disputes into a reply brief when it did not raise them in the opening brief and when the parties have neither meaningfully conferred nor reached an impasse. Micron thus opposes leave and requests that the Court direct Netlist to adhere to the discovery dispute procedures and attempt in good faith to resolve the issues set forth in the proposed reply before resorting to motion practice.

Netlist is wrong that it is due a reply brief to address new alleged disputes that it admits "developed *after* Netlist filed its Motion." ECF No. 55 at 2. Netlist's Motion essentially addressed two issues: whether Micron should be compelled to make source code available for inspection and

the sufficiency of Micron's technical document production. ECF No. 49 at 2. The former issue is moot because Micron agreed to make the source code available before Netlist filed its Motion and an inspection subsequently occurred. *Compare id.* (filed Mar. 10, 2023), *with* ECF No. 58-2 at 3 (email from Micron's counsel earlier on March 10 asking Netlist for inspection dates). The latter issue was not ripe because the parties had not conferred about Micron's technical document production. *See* ECF No. 58-2 at 3 (confirming March 10 meet and confer related to source code).

Lacking actionable disputes in its Motion, Netlist wants to supplement it by raising new alleged disputes in a reply. Netlist's proposed reply complains about the source code production's sufficiency regarding certain products, logistics of using the source code computer and particular software, assistance from Micron's employees, and other logistical issues, such as the scheduling and length of the inspection. These are typical, run-of-the-mill issues that arise during source code inspections. As the inspection had not yet begun, none were ripe, nor meaningfully conferred upon, when Netlist filed its Motion. And the parties have begun working on these issues together, despite Netlist's reluctance to engage in the meet-and-confer process and seek reasonable compromises.

It is very likely the parties can resolve day-to-day differences that arise during the source code inspection without the Court's intervention. But this requires that Netlist participate meaningfully in the dispute resolution process and not simply use those mechanisms as perfunctory pretexts for unnecessary filings. Otherwise, Netlist is using this Court's docket as a cudgel to force Micron to either agree to Netlist's every demand or face the burden and expense of briefing discovery disputes that likely could have been resolved with a good-faith phone call.

Micron therefore opposes leave for Netlist to file its proposed reply. Alternatively, should the Court grant leave, Micron respectfully requests the opportunity to file a sur reply, including to address the new issues that Netlist has raised for the first time in its reply.

Dated: April 12, 2023

Respectfully submitted,

By: */s/ Michael R. Rueckheim*
Thomas M. Melsheimer (State Bar No. 13922550)
TMelsheimer@winston.com
Natalie Arbaugh (State Bar No. 24033378)
NArbaugh@winston.com
Barry K. Shelton (State Bar No. 24055029)
BShelton@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Michael R. Rueckheim (State Bar No. 24081129)
MRueckheim@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*Pro Hac Vice*. State Bar No. 1500598)
MHopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036-3506
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Juan C. Yaquian (*Pro Hac Vice*. State Bar No. 24110559)
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002-2925
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill (State Bar No. 24032294)
wh@wsfirm.com
andrea@wsfirm.com
Charles Everingham IV (State Bar No. 00787447)
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

***Attorneys for Defendants***
***Micron Technology, Inc.,***
***Micron Semiconductor Products, Inc., and***
***Micron Technology Texas, LLC***

## CERTIFICATE OF SERVICE

I certify that, on April 12, 2023, a copy of the foregoing was served on all counsel of record via the Court's ECF system.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim