# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 2:22-cv-203-JRG ) |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., and MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF NETLIST INC.'S OPPOSED MOTION FOR LEAVE
TO SUPPLEMENT P.R. 3-1 AND 3-2 DISCLOSURES**

# TABLE OF CONTENTS

**Page**

I.     **FACTUAL BACKGROUND** ................................................................................... 3

II.    **LEGAL STANDARD** ............................................................................................. 5

III.   **ARGUMENT** ......................................................................................................... 6

       A.     Reason of Netlist's Delay ................................................................................ 6

       B.     Importance of Netlist's Evidence .................................................................... 7

       C.     Prejudice to Micron ......................................................................................... 8

       D.     Availability of a Continuance ........................................................................ 10

IV.   **CONCLUSION** ................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexsam Inc. v. IDT Corp.*,
   No. 07-cv-420, 2011 WL 108725 (E.D. Tex. Jan. 12, 2011) ................................................... 5

*EMG Tech., LLC v. Chrysler Grp., LLC*,
   2013 WL 12147662 (E.D. Tex. July 3, 2013) ............................................................... 3, 6, 9

*Harris Corp. v. Huawei Device, USA, Inc.*,
   No. 18-cv-439, 2019 WL 4247067 (E.D. Tex. Sept. 6, 2019) ............................................ 5, 8

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
   797 F.3d 1025 (Fed. Cir. 2015) ........................................................................................... 5

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
   No. 2:13-cv-17, 2018 WL 574867 (E.D. Tex. Jan. 26, 2018) ............................................... 5

*Tactile Feedback Tech. LLC v. Samsung Elecs. Am., Inc.*,
   No. 14-cv-940-JRG-RSP, 2015 WL 13469637 (E.D. Tex. July 31, 2015) ............................ 8

*TiVo, Inc. v. Verizon Communications, Inc.*,
   2012 WL 2036313 (E.D. Tex. June 6, 2012) ...................................................................... 10

*Traxcell Techs., LLC v. AT&T, Inc.*,
   2018 WL 6329385 (E.D. Tex. Dec. 4, 2018) ........................................................................ 8

*United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*,
   No. 18-cv-366, 2019 WL 6878880 (E.D. Tex. Dec. 17, 2019) ....................................... 9, 10

**Rules**

Local Patent Rule 3-1(e) ............................................................................................................ 6, 9

Rule 3-1(f) ..................................................................................................................................... 6

Rule 3-2(b) .................................................................................................................................... 6

-i-

Netlist's Motion for Leave to Amend PICs
No. 22-cv-203-JRG (E.D. Tex.)

Plaintiff Netlist, Inc. ("Netlist") respectfully requests leave to amend its preliminary infringement contentions ("PICs") based on the location and review of additional materials evidencing earlier conception and reduction to practice of the patents-in-suit. Ex. 1 (Netlist's proposed amended cover pleadings); Ex. 2 (redline). Pursuant to P.R. 3-6, there is good cause for Netlist to amend its PICs because Netlist was diligent in its discovery efforts and because Micron will not suffer any prejudice. Netlist first served the proposed supplement that is the subject of this Motion on Micron in January 2023. Despite Netlist's prompt and diligent efforts to meet and confer, Micron strung Netlist along for months, implying that some sort of compromise could be reached to avoid burdening the Court with these issues, and only confirmed it would oppose this Motion on March 31, 2023 after Netlist informed Micron that it would need to file this Motion and inform the Court that Micron refused to provide its final position.

Netlist served its original infringement contentions on Micron on September 8, 2022. Ex. 3 (Netlist Original PICs). Later, in November 2022, Netlist produced additional documents and supplemented its interrogatory responses regarding conception and reduction to practice in related proceedings against Samsung involving the same patents-in-suit. *Netlist, Inc. v. Samsung Elec. Co.*, No. 21-cv-463 (EDTX). On December 23, 2022, Samsung moved to strike Netlist's interrogatory responses as untimely. *Id.* Dkt. 126 (Dec. 23, 2022).

On January 19, 2023, this Court determined that it was insufficient for Netlist to include the recently uncovered conception and reduction to practice material in its interrogatory responses, and that it was precluded from relying on it because Netlist disclosed these documents too late. Ex. 4 (2023-01-19 Motion Hearing) at 57:16-58:16. ("I'm going to grant the motion to strike. I think that it is too late in mid-December with the discovery, fact discovery closing on the 22nd of December, to bring in 30,000 documents. . . But at the end of the day, a delivery of the documents and materials pursuant to discovery in mid-November with discovery closing in the middle of December and the intervening holidays is just not reasonable, and it's not practical for

1

Samsung to recover from that.").

A few days after the Court's ruling, on January 21, 2023, Netlist promptly produced documents relating to the invention of the patents-in-suit in this Action and provided supplemental disclosures under P.R. 3-1 and 3-2. Ex. 5 (2023-01-21 Netlist production letter); Ex. 1 (Netlist's proposed amended cover pleadings). The substance and timing of the proposed amendments removes any question about prejudice to Micron. The earlier conception and reduction to practice dates are not transformative to existing infringement theories, and Micron would not be prejudiced by their addition to this case. Micron did not raise any objections to Netlist's First Supplemental PICs until March 9, 2023. Ex. 6 at 3. Unlike in the related Samsung action, Netlist provided Micron with its supplemental PICs at an early stage of this Case, with more than seven months remaining for fact discovery and claim construction briefing yet to begin. The amended PICs do not affect other deadlines in the case.

Importantly, Micron did not serve its first set of interrogatories on Netlist until January 24, 2023, after Netlist produced the relevant documents and served the supplemental PICs. To the extent any third party discovery is necessary, there is plenty of time before the fact discovery cut-off. As early as January 2023, Netlist made clear in its initial email disclosing its intent to amend the PICs that it would agree to amend the case schedule to the extent necessary, which removes any possible prejudice. Thereafter, Netlist made repeated attempt to meet and confer with Micron. *See generally* Ex. 6. However, Micron refused to engage in any efforts to reach a compromise and only provided its position on March 31, 2023.[1] *Id.* Specifically, upon Netlist's

---

[1] While resisting Netlist's diligent efforts to amend its infringement contentions, Micron failed to meet the minimum document production requirements under the patent local rules P.R. 3-4. As detailed in Netlist's motion to compel production, as of today, ██████████████████████████████████████████████████████████████████████████████████████████████████████ These documents are insufficient to show the design, operation, or function of Micron's accused infringing products, particularly the HBM products. *See* Dkt. 49.

repeated requests, Micron finally participated in a meet and confer with Netlist on March 15, 2023. During the meet and confer, Netlist again asked Micron for its position and whether Micron would agree to propose a reasonable time to amend its invalidity contentions in response to Netlist's amended PICs. Micron did not respond. Two weeks later, Netlist followed up with Micron on March 30, 2023. Ex. 6 (2023-03-30 Zhao email) at 1. Micron once again ignored Netlist until it followed up for the fourth time the next day on March 31, 2023. *Id.* Due to Micron's delay tactics, Netlist had no choice but to file the instant motion for leave to supplement its PICs, which should be granted.

## I.  FACTUAL BACKGROUND

Netlist brought parallel proceedings against Samsung[2] and Micron[3] in this Court on the same patents: U.S. Patent Nos. 10,860,506 (the "'506 patent"); 10,949,339 (the "'339 patent"); 11,016,918 (the "'918 patent"); 11,232,054 (the "'054 patent"); 8,787,060 (the "'060 patent); and 9,318,160 (the "'160 patent).

*Samsung I* commenced first on December 20, 2021. Netlist served its original PICs on the Samsung defendants on May 4, 2022. When Netlist served PICs in the *Samsung I* Action, Netlist believed that it was not required under the P.R. to provide updated evidence of conception or reduction to practice because as similar cases in this District have held, "there is no need for Plaintiff to amend its infringement contentions to list an earlier date . . . of its alleged conception and reduction to practice" following the production of relevant documents during litigation. *See EMG Tech., LLC v. Chrysler Grp., LLC*, 2013 WL 12147662, at *2 (E.D. Tex. July 3, 2013). Further, Netlist believed it was not required to disclose products under 3-1(f) that were no longer being marketed or sold at the time the patents issued.

---

[2] *Netlist v. Samsung Elecs. Co., Ltd..*, No. 21-cv- 463-JRG (E.D. Tex.) ("Samsung I").
[3] *Netlist v. Micron Tech., Inc.*, No. 22-cv-203-JRG (E. D. Tex.) ("Micron I")

Netlist filed the *Micron I* Action on June 10, 2022. Dkt. 1. On September 8, Netlist served its preliminary infringement contentions ("PICs") on Micron pursuant to the order setting the scheduling conference. Ex. 3 (Netlist Original PICs). In its PICs, Netlist complied with P.R. 3-1(e) by identifying "the priority date to which each asserted claim is allegedly entitled." *Id.* at 8-9. Netlist expressly stated its understanding that evidence of conception and reduction to practice was distinct from priority and would be provided during the fact and expert discovery period:

> The subject matter described by the asserted claims, however, may have been conceived and reduced to practice prior to this priority date. Netlist's investigation is ongoing and Netlist reserves the right to assert that the claims are entitled to an invention date that is earlier than the above dates. Ex. 3 at 9.

Thereafter and during its investigation, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

As explained by Netlist's in-house counsel:

> The collection of materials that reflect the design and development of product prototypes and products that implement features described in the specifications of the Patents-In-Suit is challenging at Netlist because ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ To find conception and reduction to practice documents therefore requires a review of records relating to product development to identify the specific ones that relate to the features at issue in the Patents-in-Suit.
>
> ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Ex. 7 (01-16 Sohi Decl., *Samsung I* Dkt. 168-1).

Netlist ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ sought to amend its PICs in the *Samsung I* Action, which Samsung opposed. *Samsung I*, Dkt. No. 130.

Instead, Samsung moved to strike Netlist's interrogatory responses on December 23, 2022. *Id.* Dkt. 126. At the hearing on January 19, 2023, this Court denied Netlist's motion to amend PICs in *Samsung I*, reasoning that "it's not practical for Samsung to recover" from Netlist's production of materials "in mid-November with discovery closing in the middle of December." Ex. 4 (2023-01-19 Motion Hearing, 58:3-9).

In light of this Court's ruling, and within two days after the hearing, Netlist promptly produced the relevant documents demonstrating Netlist's invention story and products that embodied Netlist's asserted claims in this Action to Micron. Ex. 5 (2023-01-21 Netlist's production letter); Ex. 8 (2023-01-21 Zhao Email). And on January 27, Netlist supplemented its PICs under P.R. 3-1 and 3-2. Ex. 1 (Netlist's proposed amended PICs). Netlist also offered to reach a compromise with Micron which would allow Micron to supplement its invalidity contentions within a reasonable time to address Netlist's supplemental disclosures. Ex. 8 (2023-01-21 Zhao Email).

## II.     LEGAL STANDARD

Under P.R. 3-6(b), leave to amend or supplement infringement contentions may be granted "upon a showing of good cause." In determining whether good cause supports an amendment, courts consider: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1036 (Fed. Cir. 2015) (applying P.R. 3-6(b)) (*citing Alexsam Inc. v. IDT Corp.*, No. 07-cv-420, 2011 WL 108725, at *1 (E.D. Tex. Jan. 12, 2011)). This district's local rules "do not require the parties to litigate the case in the contentions." *Harris Corp. v. Huawei Device, USA, Inc.,* No. 18-cv-439, 2019 WL 4247067, at *3 (E.D. Tex. Sept. 6, 2019). Indeed, "[i]t is expected that during the course of discovery, infringement contentions may be clarified or refined." *Id.* "Diligence is a factor, but it is not a threshold requirement that

must be evaluated in a vacuum . . . ." *Keranos, LLC v. Silicon Storage Tech., Inc.*, No. 2:13-cv-17, 2018 WL 574867, at *2 (E.D. Tex. Jan. 26, 2018).

### III.   ARGUMENT

Good cause exists to allow Netlist to supplement its P.R. 3-1 and 3-2 disclosures. Netlist has been diligent in its discovery efforts, and Micron will not suffer any prejudice. This case is still in its early stages – claim construction briefing has not yet begun, the close of fact discovery is about seven months away, and trial will not start until January 22, 2024. Dkt. 43.

#### A.   Reason of Netlist's Delay

The first factor —reason of Netlist's delay—favors Netlist's motion for leave to amend.

Local Patent Rule 3-1(e) requires disclosure of any priority claim to an **earlier application**. *See EMG Tech., LLC v. Chrysler Grp., LLC*, No.6:12-cv-259, 2013 WL 12147662, at *1 (E.D. Tex. July 3, 2013) ("[T]he rule makes clear that the priority date provided pursuant to P.R. 3-1 is related to claiming priority to 'an earlier application.'"). This rule does not require a patentee to disclose a specific prior conception or reduction to practice date. *Id.* at *2 ("The Court finds that Plaintiff has complied with the local patent rules and there is no need for Plaintiff to amend its infringement contentions to list an earlier date.").

In light of this Court's precedent, Netlist fully complied with P.R. 3-1(e) by disclosing the priority claim to an earlier application. Ex. 3 (2022-09-08 PICs) at 9 ("Netlist presently understands that the identified claims of the '506 patent are entitled to a priority date of at least July 27, 2012[;] the identified claims of the '339 patent are entitled to a priority date of at least July 16, 2009[;] the identified claims of the '918 and '054 patents are entitled to a priority date of at least June 1, 2007[;] and the identified claims of the '060 and '160 patents are entitled to a priority date of at least November 3, 2010.").

With respect to Rule 3-1(f) and 3-2(b), at the time Netlist served its original infringement contentions, Netlist reasonably believed that supplementing the PICs was not required because

all products that implemented embodiments in the specification of the patent had ceased being marketed by the time the patent claims issued. ▮

▮ *Supra* at 4; *see also* Ex. 7 (Sohi Decl. Samsung I, Dkt. 168-1).

Netlist also diligently searched the relevant documents before and after the service of its original PICs. However, as explained by Netlist's in-house counsel, Mr. Sohi, it has been a challenging process for Netlist to collect and review materials that reflect the design and development of prototypes and products that implement features disclosed in the Patents-In-Suit. Ex. 7 Sohi Decl. ¶ 5. These products identified as embodying one or more of Netlist's asserted claims of the Patents-in-Suit are no long offered for sale. *Id.* ¶ 10. Netlist files patent applications in most cases based on actual product prototypes, rather than a laboratory notebook or other centralized repository. *Id.* ¶ 5. As a result, a document-by-document search of the development records must occur to find documents evidencing conception and reduction to practice. *Id.* ▮

▮ *Id.* ¶ 7.

Further, during the January 19, 2023 hearing, the Court indicated that P.R. 3-1 and 3-2 require disclosure of the Netlist legacy products even though they were no longer offered for sale. Within two days of the hearing, Netlist promptly produced the documents evidencing Netlist's reduction to practice and invention story as well as the products that practiced Netlist's patents in this Action. Netlist also supplemented its PICs on January 27, 2023.

Because Netlist diligently investigated the relevant information and acted promptly in accordance with this Court's ruling, the first factor weighs in favor of allowing Netlist to supplement its P.R. 3-1 and 3-2 disclosures.

    **B.**     **Importance of Netlist's Evidence**

The second factor—the importance of Netlist's evidence relating to the conception and

reduction to practice—also weighs in favor of allowing Netlist to amend its PICs. It is important for the jury to understand the invention story of Netlist's patents-in-suit as well as the reduction to practice effort. For example, Micron's answer disputes the inventorship of Netlist's patents-in-suit by asserting that Netlist "falsely portrayed [Hyun Lee] and Jayesh R. Bhakta as the inventors of the alleged inventions claimed in the '506 Patent." Dkt. 13 at 33.

Futher, Netlist's supplemental PICs identifiy documents evidencing Netlist's disclosures of its technologies and designs in connection with the patents-in-suit with Micron and third parties. These presentations are relevant to show Micron's willful infringement, which is another important issue in this Action. *E.g.* Dkt. 4 (Netlist's complaint) ¶¶ 77, 91.

### C. Prejudice to Micron

With respect to the third factor, Micron cannot show any prejudice as a result of Netlist's supplemental disclosures under P.R. 3-1 and 3-2.

Discovery is still ongoing. Netlist produced the relevant documents on January 21, over seven months before fact discovery is set to close on September 5, 2023. Dkt. 43 at 3. The deadline to complete claim construction discovery is May 24, 2023; no witness depositions have been taken or even scheduled in this Action; claim construction briefing is not due until June 7 (opening) and June 21 (response). *Id.* Further, opening expert reports are due September 5, 2023; dispositive motions are due on October 16, 2023; and trial will not start until next year on January 22, 2024. *See id.* Under the current schedule, Micron has ample time and opportunities to address Netlist's supplemental disclosures, including conducting third-party discovery. Thus, Micron would not suffer any prejudice as a result of Netlist's supplemental disclosures which had been disclosed to Micron in January 2023. *See, e.g., Harris Corp.*, 2019 WL 4247067, at *3 (there is "little, if any, prejudice" where "[t]he case is still at an early stage—the *Markman* hearing has not occurred, discovery has not been completed, and the deadline for disclosing experts has not passed"); *Traxcell Techs., LLC v. AT&T, Inc.*, 2018 WL 6329385, at *2 (E.D. Tex. Dec. 4, 2018)

(any "prejudice would be limited because the litigation is in its early stages" where "[t]rial is set for [] a little under 11 months away")); *Tactile Feedback Tech. LLC v. Samsung Elecs. Am., Inc.*, No. 14-cv-940-JRG-RSP, 2015 WL 13469637, at *1 (E.D. Tex. July 31, 2015) (finding the defendant would not be prejudiced "because it is early in this case," and noting the patent local rules do not require the plaintiff complete its PICs "three months after it first serves its Infringement Contentions, four months before the Parties' claim construction hearing, and five months before the close of discovery"); *United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, No. 18-cv-366, 2019 WL 6878880, at *1-2 (E.D. Tex. Dec. 17, 2019) (granting leave to amend where "expert depositions have not yet occurred" and there would be "a full and fair opportunity to question [the plaintiff's] experts")).

Indeed, Micron did not serve its first set of interrogatories until January 24, 2023, **after** Netlist produced the relevant documents and disclosed its intent to supplement the P.R. 3-1 and 3-2 disclosures. Netlist provided a detailed response to Micron's discovery requests on March 3, 2023. Micron has not pointed to any evidence or facts indicating why additional time is necessary to address Netlist's supplemental disclosures or the specific prejudice Micron would suffer if Netlist is allowed to amend its PICs. In fact, Netlist has offered to agree to allow Micron to supplement its invalidity contentions to address Netlist's disclosures within a reasonable time, which can address any prejudice that Micron may suffer. Ex. 8 (01-21 Zhao Email); Ex. 6 at 5 (02-03 Zhao Email). Micron simply refused to engage in any such discussions or compromise.

During the parties' meet and confer, Micron raised, for the first time, that it would suffer prejudice due to Netlist's later disclosure of evidence of reduction to practice or conception dates. However, as Micron's counsel agreed during the meet and confer, the Local Patent Rule 3-1(e) requires disclosure of any priority claim to an **earlier application**, and this rule does not require a patentee to disclose a specific prior conception or reduction to practice date. *See EMG*, 2013 WL 12147662, at *1-2 ("The Court finds that Plaintiff has complied with the local patent rules

and there is no need for Plaintiff to amend its infringement contentions to list an earlier date."). Micron did not ask for such dates until January 24, 2023, when Micron served its first set of interrogatories. Netlist timely provided its detailed written responses. Micron does not contend the interrogatory responses are insufficient. Micron did not identify any other alleged prejudice.

### D. Availability of a Continuance

Finally, the fourth factor—availability of a continuance—also weighs in favor of allowing Netlist's supplemental disclosures. The trial for this case is not until January 2024, and expert reports were over seven months away from being filed at the time Netlist identified the dates of conception and reduction to practice. Dkt. 43. As explained above, *supra* III.C, Micron will have ample opportunity to conduct discovery on these subjects because fact discovery in this case remains open until September 5, 2023, over seven months from now.[4] Thus, the availability of a continuance is a non-issue because it is not necessary under the circumstances. *See United Servs. Auto. Ass'n*, 2019 WL 6878880, at *2 (noting that there would be a "full and fair opportunity to question" the patentee's "experts regarding this amendment" because "expert depositions have not yet occurred"); *see also TiVo, Inc. v. Verizon Communications, Inc.*, 2012 WL 2036313, at *3 (E.D. Tex. June 6, 2012) ("Because the Court finds that Verizon will not be prejudiced by the amendment, the Court need not address the availability of a continuance to cure prejudice.").

### IV. CONCLUSION

For the foregoing reasons, Netlist's motion for leave to amend its PICs to include supplemental disclosures pursuant to P.R. 3-1 and 3-2 should be granted.

---

[4] To the extent Micron claims it would not have sufficient time to conduct third party discovery at the time Netlist files this instant motion for leave to amend, that argument lacks merit. Micron has had Netlist's proposed amended PICs since January but made an intentional decision to sit on the record without actively seeking discovery either from Netlist or a third party. Netlist also proposed to allow Micron to supplement its invalidity contentions at a reasonable time, but Micron refused to reach a compromise. Micron should not be rewarded for its lack of diligence.

| | |
|---|---|
| Dated: April 3, 2023 | Respectfully submitted, |
| | */s/ Jason G. Sheasby* |

                                             Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on April 3, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

### **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

### **CERTIFICATE OF CONFERENCE**

I hereby certify that, on March 16, 2023, counsel for the parties met and conferred on the issues raised in this motion. Defendants indicated that it opposes the motion on March 31, 2023.

*/s/ Yanan Zhao*
Yanan Zhao