# EXHIBIT 7

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:21-CV-463-JRG |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., | ) | |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC., SAMSUNG SEMICONDUCTOR, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DECLARATION OF JAYSON SOHI IN SUPPORT OF NETLIST, INC.'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INFRINGEMENT CONTENTIONS (DKT. 130)</u>

**I, Jayson Sohi, declare as follows**:

1.     Since December 15, 2021, I am the Director of IP Strategy of Netlist, Inc. ("Netlist"), the plaintiff in this Action.  *Netlist, Inc. v. Samsung Electronics Co., Ltd.*, No. 21-cv-463-JRG (E.D. Tex.).

2.     I provide this declaration in support of Netlist's Motion for Leave to Amend Its Preliminary Infringement Contentions (Dkt. 130).  Except for specifically noticed, I have personal knowledge of the facts stated herein, and could and would testify completely thereto if called as a witness in this matter.

3.     I understand that on December 20, 2021,  Netlist brought the action against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (collectively "Samsung"), for infringement of three of Netlist's patents: U.S. Patent Nos. 10,860,506 ("'506 Patent"), 10,949,339 ("'339 Patent"), 11,016,918 ("'918 Patent") (collectively, the "Initial Patents-in-Suit").

4.     I understand that on May 3, 2022, Netlist filed a First Amended Complaint bringing claims against Samsung for the infringement of the Initial Patents-in-Suit, and added claims for Samsung's infringement of three more patents: 11,232,054 ("'054 Patent"), 8,787,060 ("'060 Patent"), and 9,318,160 ("'160 Patent") (six patents collectively, the "Patents-in-Suit").

5.     The collection of materials that reflect the design and development of product prototypes and products that implement features described in the specifications of the Patents-In-Suit is challenging at Netlist because ███████████████████████████ ████████████████████████████████████████████ █████████████████████████████████████████████ ████████████████████████.  To find conception and reduction to practice documents therefore requires a review of records relating to product development to identify the specific ones that relate to the features at issue in the Patents-in-Suit.

6. ██████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████. This made the challenge of collecting disclosures even worse.

7. ██████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████

8. ██████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████ Mr. Milton is a working engineer who has full-time responsibilities for developing Netlist's current products. As a result, only he had the expertise to go through the files to determine if the relevant features were implemented.

9. At the time Netlist's original PICs were due on May 4, 2022, Netlist had not yet located any documents that would be responsive to Patent Local Rule 3-2. Netlist continued to diligently collect and review potentially relevant documents and promptly made the production

and supplemented its discovery responses when relevant documents were located.  The project was completed in November 2022, and Netlist determined that the Legacy Products embodied certain elements of the claims recited in the patent.  ████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████ .

10.     I understand that Netlist does not sell any of these Legacy Products today.  I also understand that the Legacy Products were not offered for sale at the time the respective patent whose embodiments they implemented were issued.

11.     Upon completion of the project, Netlist produced the design files, schematics, and presentations of Netlist's Legacy Products, and ██████████████████████████ ██████████████████████████ on November 15, 2022.  The next week, on November 21, 2022, Netlist supplemented its interrogatory responses, ██████████████████████ ███████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████     At the time Netlist produced the relevant documents and supplemented the interrogatory responses, Samsung had not taken the deposition of any Netlist witnesses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 16, 2023, in Irvine, California.

By /s/ Jayson Sohi
Jayson Sohi