**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action |
| ) | No. 2:22-cv-00203-JRG |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; MICRON ) | |
| SEMICONDUCTOR PRODUCTS, INC.; ) | |
| MICRON TECHNOLOGY TEXAS LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF *INTER PARTES*
REVIEW OF THE ASSERTED PATENTS**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ....................................................................................................................2

III. LEGAL STANDARDS ..........................................................................................................4

IV. ARGUMENT ..........................................................................................................................5

    A. Plaintiff Would Suffer No Undue Prejudice from a Stay .........................................5

    B. A Stay Could Resolve This Litigation Entirely or Significantly Streamline It ........6

    C. A Stay is Warranted Because This Litigation is in an Early Stage and Defendants were Diligent in Filing IPRs and Seeking a Stay ......................................................7

V. CONCLUSION .......................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Anza Tech., Inc. v. Avant Tech., Inc.*,
 No. A-17-cv-01193-LY, 2018 WL 11314191 (W.D. Tex. Nov. 15, 2018)
 (Yeakel, J) ................................................................................................................................ 8

*Aylus Networks, Inc. v. Apple Inc.*,
 856 F.3d 1353 (Fed. Cir. 2017) ............................................................................................... 8

*Clinton v. Jones*,
 520 U.S. 681 (1997) ................................................................................................................ 4

*Commc'n Techs., Inc. v. Samsung Elecs. Am., Inc.*,
 No. 2:21-CV-00444-JRG, 2023 WL 1478447 (E.D. Tex. Feb. 2, 2023)
 (Gilstrap, J.) ............................................................................................................................ 9

*CyWee Grp. Ltd. v. Samsung Elecs.*
 Co., No. 217CV00140WCBRSP, 2019 WL 11023976 (E.D. Tex. Feb. 14,
 2019) (Bryson, J.) ......................................................................................................... 2, 6, 8

*Ethicon, Inc. v. Quigg*,
 849 F.2d 1422 (Fed. Cir. 1988) ............................................................................................... 4

*Fisher-Price, Inc. v. Dynacraft BSC, Inc.*,
 No. 17-CV-3745-PJH, 2017 WL 5153588 (N.D. Cal. Nov. 7, 2017) ..................................... 5

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
 Civil Action No. 12 1744 GMS, 2013 WL 3353984 (D. Del. July 2, 2013) .......................... 7

*Network-1 Techs., Inc. v Hewlett-Packard Co.*,
 981 F.3d 1015 (Fed. Cir. 2020) ............................................................................................... 6

*NFC Tech. LLC v. HTC Am., Inc.*,
 Case No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)
 (Bryson, J.) ..................................................................................................................... 4, 5, 6, 7

*Realtime Data, LLC v. Rackspace US, Inc.*,
 No. 6:16-CV-00961, 2017 WL 772654 (E.D. Tex. Feb. 28, 2017) ........................................ 5

*Uniloc USA, Inc. v. Avaya Inc.*,
 No. 6:15-CV-01168-JRG, 2017 WL 2882725 (E.D. Tex. Apr. 19, 2017) .............................. 7

*Vill. Green Techs., LLC v. Samsung Elecs., LTD.*,
 Case No. 2:22-CV-00099-JRG, 2023 WL 416419 (E.D. Tex. Jan. 25, 2023)
 (Gilstrap, J.) ......................................................................................................................... 4, 8

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014) ................................................................................. 5

**Statutes**

35 U.S.C. § 315(e)(2) ............................................................................................................ 1, 6

35 U.S.C. § 316(a)(11) .............................................................................................................. 3

35 USC § 315 (c) ....................................................................................................................... 2

**Other Authorities**

37 C.F.R. § 42.100(c) ................................................................................................................ 3

37 C.F.R § 42.122 (b) ................................................................................................................ 7

I.      **INTRODUCTION**

Defendants ("Micron") respectfully move the Court for an immediate stay of the above-captioned litigation pending the complete resolution of the *inter partes* review ("IPR") petitions Micron filed at the Patent Trial and Appeal Board ("PTAB"). The PTAB has now instituted IPRs against every asserted claim of every asserted patent. The PTAB will issue final written decisions in the IPRs for four of the six Asserted Patents before the trial scheduled for this litigation (on January 22, 2024). The remaining two final written decisions are due less than four months later. The Court should stay the litigation pending the outcome of these IPR proceedings.

*First*, a stay will not unduly prejudice or present a tactical disadvantage to Plaintiff Netlist Inc. ("Netlist"). Instead, each side, and the Court, potentially benefit from a stay by avoiding the substantial time and cost of litigating patent claims that the PTAB may find invalid. Moreover, even if Netlist were to prevail in some of the IPRs, a stay will not diminish Netlist's ability to receive monetary damages for the stayed time period.

*Second*, a stay has a substantial likelihood of simplifying the case by eliminating most, if not all, issues for trial. The IPR petitions challenge every asserted patent claim in the present case, and Netlist has not asserted any non-patent causes of action. If the PTAB invalidates the claims from these asserted patents, it will entirely resolve this litigation. Alternatively, if the PTAB does not invalidate certain claims, Micron will be estopped under 35 U.S.C. § 315(e)(2) from asserting certain prior art defenses at any later occurring trial.

*Third*, the status of litigation favors a stay because this case is in an early stage. The parties have not yet exchanged claim construction briefs and the *Markman* hearing is several weeks away. Expert reports are not scheduled to begin for four months. Accordingly, a stay of this litigation would significantly reduce costs to both parties on discovery, especially expensive expert

discovery. The Court should grant a stay pending final decisions on the IPR petitions and any subsequent appeals.

## II. BACKGROUND

On June 10, 2022, Netlist filed its complaint for patent infringement against Defendants. Dkt. No. 1. Netlist's Complaint asserted infringement of six U.S. Patents: Nos. 10,860,506 (the "'506 patent"); 10,949,339 (the "'339 patent"); 11,016,918 (the "'918 patent"); 11,232,054 (the "'054 patent"); 8,787,060 (the "'060 patent"); and 9,318,160 (the "'160 patent") (collectively, the "Asserted Patents"). *Id.* ¶ 2. Three months earlier, Samsung began filing petitions for *inter partes* review challenging the same patents, each of which the PTAB has instituted, as set forth in the below chart:

| IPR Case No. | Challenged Patent | Petition Filing Date | Institution Date |
|---|---|---|---|
| IPR2022-00711 | The '506 patent | March 22, 2022 | October 21, 2022 |
| IPR2022-00639 | The '339 patent | March 2, 2022 | October 19, 2022 |
| IPR2022-00996 | The '918 patent | May 17, 2022 | December 7, 2022 |
| IPR2022-00999 | The '054 patent | May 17, 2022 | December 6, 2022 |
| IPR2022-01428 | The '060 patent | August 26, 2022 | April 12, 2023 |
| IPR2022-01427 | The '160 patent | August 26, 2022 | April 12, 2023 |

Shortly after each of the above institution decisions, Micron filed copycat IPR petitions[1] and motions to join the instituted Samsung proceedings:

---

[1] Copycat petitions include the same unpatentability grounds using the same prior art and expert declaration as a petition that the PTAB has already instituted. *See CyWee Grp. Ltd. v. Samsung Elecs*. Co., No. 217CV00140WCBRSP, 2019 WL 11023976, at *8 (E.D. Tex. Feb. 14, 2019) (Bryson, J.) (analyzing copycat petitions for IPRs); *see also* 35 USC § 315 (c).

| IPR Case No. | Challenged Patent | Copycat Petition Filing Date |
|---|---|---|
| IPR2023-00205 | The '506 patent | November 18, 2022 |
| IPR2023-00204 | The '339 patent | November 18, 2022 |
| IPR2023-00406 | The '918 patent | January 6, 2023 |
| IPR2023-00405 | The '054 patent | January 6, 2023 |
| IPR2023-00882 | The '060 patent | May 8, 2023 |
| IPR2023-00883 | The '160 patent | May 8, 2023 |

On March 17, 2023, the PTAB instituted Micron's petition for IPR against the '506 patent and granted Micron's motion to join as a party to the Samsung proceeding. *Micron Technology, Inc. et. al. v. Netlist, Inc*., IPR2023-00205, Paper 7 (PTAB) (Ex. A). Accordingly, Micron expects the Board to allow Micron to join Samsung's additional instituted IPR proceedings as a party, as the PTAB did for the '506 patent.

Under 35 U.S.C. § 316(a)(11), the PTAB must issue its final written decision in an IPR proceeding "not later than 1 year after" the date of institution. 35 U.S.C. § 316(a)(11); *see also* 37 C.F.R. § 42.100(c). Because Micron will be a party to Samsung's IPR instituted proceedings, the final written decision for Micron's IPR proceedings will be due not later than one year after the institution date of Samsung's proceedings. The PTAB will issue final written decisions in Micron's and Samsung's IPRs no later than the following dates:

3

| IPR Case No. | Challenged Patent | Final Written Decision |
|---|---|---|
| IPR2022-00711 | The '506 patent | October 21, 2023 |
| IPR2022-00639 | The '339 patent | October 19, 2023 |
| IPR2022-00996 | The '918 patent | December 7, 2023 |
| IPR2022-00999 | The '054 patent | December 6, 2023 |
| IPR2022-01428 | The '060 patent | April 12, 2024 |
| IPR2022-01427 | The '160 patent | April 12, 2024 |

Accordingly, the PTAB will issue final written decisions in four of the IPRs before trial is scheduled in the present case—that is, January 22, 2024. Dkt. 40.

### III. LEGAL STANDARDS

The Court's inherent power to manage its docket includes the power to stay proceedings. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). The question of whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Vill. Green Techs., LLC v. Samsung Elecs., LTD.*, Case No. 2:22-CV-00099-JRG, 2023 WL 416419, at *1–3 (E.D. Tex. Jan. 25, 2023) (internal quotes omitted) (Gilstrap, J.).

In deciding whether to grant a stay pending resolution of an IPR petition, a court considers: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2

(E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

## IV.   ARGUMENT

A stay of this litigation is warranted because the stay will not prejudice to Netlist, it will likely simplify the issues in question, or could eliminate the need for a trial in the case entirely, and the case is at an early stage.

### A.   Plaintiff Would Suffer No Undue Prejudice from a Stay

This factor favors staying the litigation. A stay will not unduly prejudice Netlist because Netlist has not invested substantial time and expense in the litigation given that this case is in its early stages. *Fisher-Price, Inc. v. Dynacraft BSC, Inc.*, No. 17-CV-3745-PJH, 2017 WL 5153588, at *2 (N.D. Cal. Nov. 7, 2017) at *2 (noting courts generally find staying a litigation does not cause nonmoving party any prejudice "where the party has not invested substantial time and expense in the litigation."). The PTAB has already instituted each of Samsung's IPRs that Micron has filed motions to join. As such, the Court and parties will benefit by having the case dispositive issues resolved without devoting substantial additional resources to discovery and other issues in this parallel litigation.

Moreover, a stay will not prejudice Netlist because it will not diminish Netlist's monetary damages. Potential monetary damages are all that are at issue in this case; Netlist has not moved for a preliminary injunction. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318–19 (Fed. Cir. 2014) (noting fact that plaintiff did not seek a preliminary injunction weighed against any claim that it would be unduly prejudiced). Mere delay in Netlist enforcing its patent rights is likewise insufficient to constitute undue prejudice, especially when monetary damages are available to cure any prejudice. *Realtime Data, LLC v. Rackspace US, Inc.,* No. 6:16-CV-00961, 2017 WL 772654, at *4 (E.D. Tex. Feb. 28, 2017) ("[C]oncerns such as timely enforcement of

patent rights are generally too generic, standing alone, to defeat a stay motion."). Accordingly, a stay will not unduly prejudice Netlist.

For the above reasons, this factor weighs in favor of a stay.

### B. A Stay Could Resolve This Litigation Entirely or Significantly Streamline It

A stay could resolve this litigation entirely or significantly streamline it. Courts have observed that "the most important factor bearing on whether to grant a stay . . . is the prospect that the *inter partes* review proceeding will result in simplification of the issues before the [c]ourt." *NFC Tech. LLC*, 2015 WL 1069111, at *4. As this Court explained in *NFC Technology*, "Congress's purpose in creating an *inter partes* review procedure . . . was designed in large measure to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and focused consideration[.]" *Id*. Stated otherwise, Congress designed *inter partes* review proceedings to both simplify and streamline patent litigation issues in district courts.

Here, this factor strongly favors a stay because the PTAB is determining whether all challenged patent claims are unpatentable. If the PTAB invalidates all asserted claims, it will resolve the entire district court litigation including all counterclaims and defenses. *Id*. ("[I]f the proceedings result in cancellation of some or all of the asserted claims, either some portion of the litigation will fall away, or the litigation will come to an end altogether."); *CyWee Grp. Ltd.*, 2019 WL 11023976, at *8 ("If the PTAB holds that the claims at issue in the IPR are invalid, . . . . [those claims] will not be available to [Plaintiff] to press in this or any other ongoing litigation."). Moreover, even if the PTAB does not invalidate all claims, Micron will be subject to an estoppel under 35 U.S.C. § 315 (e)(2) which further streamlines the potential issues and defenses for trial. *See Network-1 Techs., Inc. v Hewlett-Packard Co.*, 981 F.3d 1015 at 1027 (Fed. Cir. 2020) (joined IPRs create estoppel with respect to only the grounds raised in the original IPR petition).

Accordingly, the final IPR decisions will significantly simplify trial regardless of the outcome of each IPR, and this factor weighs in favor of a stay.

### C. A Stay is Warranted Because This Litigation is in an Early Stage and Defendants were Diligent in Filing IPRs and Seeking a Stay

The status of this litigation favors a stay because this case is in its early stages. "Staying a case in its early stages can be said to advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *Neste Oil OYJ v. Dynamic Fuels, LLC*, Civil Action No. 12 1744 GMS, 2013 WL 3353984, at *5 (D. Del. July 2, 2013) (internal quotes omitted). The parties have not yet started claim construction briefing and no depositions have occurred. Expert discovery is not scheduled to begin for four months. A stay could dramatically reduce the burdens of expert discovery, which is both extremely costly and time consuming, for patent claims that the PTAB invalidates. *NFC Tech. LLC*, 2015 WL 1069111, at *3 (explaining that denying a stay would "impose significant expenses on the parties that might be avoided" because "the bulk of the expenses that the parties would incur in pretrial work and trial preparation are still in the future"); *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-CV-01168-JRG, 2017 WL 2882725, at *2 (E.D. Tex. Apr. 19, 2017) (noting that a stay would spare the parties from "significant pre-trial expenses" of a "*Markman* hearing and expert discovery.").

A stay is also warranted because Defendants were diligent in filing their IPR challenges and seeking a stay. *NFC Tech. LLC*, 2015 WL 1069111 at *3 (describing another factor considered is "whether the defendant acted with reasonable dispatch in filing its petitions for *inter partes* review and then, after the petitions were granted, in filing its motion for a stay"). Here, and as required by 37 C.F.R § 42.122 (b), Micron timely filed its copycat IPRs shortly after each Samsung's IPR was instituted and Micron anticipates that the Micron's IPRs will have the same final written decision deadlines as Samsung's IPRs. *See* Ex. A at 4 (ordering the "Scheduling

7

Order entered in [Samsung's] IPR2022-00711 (Paper 15) and the [Samsung's and Netlist's] stipulation to modify Dates 1, 2, and 3 (Paper 17) shall govern the trial schedule" in proceeding that Micron joined). As a result, final written decisions for four of the six IPRs are expected before trial scheduled on January 24, 2024, and written decisions for the remaining two IPRs are due no later than April 12, 2024. *See Vill. Green Techs.*, 2023 WL 416419, at *3. ("This specific case meets the criteria that this Court looks for; . . . all claims have been instituted on by the PTAB; the Defendants' IPR petition and the PTAB institution decision are timely – where timely means a final written decision is expected in the ordinary course before the trial in this case would otherwise take place."). Micron likewise diligently filed this motion to stay shortly after filing its final copycat petitions, the last of which being filed recently on May 8, 2023. Micron "cannot be faulted" for not filing a motion to stay anytime "after an IPR petition has been filed but before the petition has been granted" because this Court would "very likely" deny such an application for a stay. *CyWee Grp. Ltd*, 2019 WL 11023976, at *5 (finding no fault in Plaintiff delaying to file copycat petitions and its motion to stay until the PTAB instituted the earlier filed petitions for IPR). Accordingly, Micron acted with reasonable dispatch in filing both its motion for a stay and its petitions for IPRs.

Further, if this Court grants a stay before the scheduled *Markman* hearing, and some claims ultimately survive the IPR challenges, this Court may consider statements made in the IPR as part of the prosecution history in construing the parties' disputed claim terms. *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017). Moreover, like in *Anza*, this Court may find the PTAB's reasoning "persuasive" in construing certain disputed claim terms. *Anza Tech., Inc. v. Avant Tech., Inc.,* No. A-17-cv-01193-LY, 2018 WL 11314191, at *2 (W.D. Tex. Nov. 15, 2018) (Yeakel, J) ("whatever occurs at the PTAB will potentially be helpful to the court in construing the

8

parties' disputed claim terms"). In this case, as just one example, whether the PTAB finds Netlist's arguments persuasive as to whether leveling operations satisfy the claimed memory operations will affect disputed claim terms for the '506 patent. Dkt. No. 69-2 (Ex. B) at 4–5.

A stay would thus provide a significant benefit in both judicial and party resources. Given Micron acted diligently in filing its petitions and motion to stay, this factor weighs in favor of a stay. *See Commc'n Techs., Inc. v. Samsung Elecs. Am., Inc.*, No. 2:21-CV-00444-JRG, 2023 WL 1478447, at *3 (E.D. Tex. Feb. 2, 2023) (Gilstrap, J.).

## V.  CONCLUSION

A stay of this litigation is appropriate because the stay will not prejudice Netlist, it will simplify the issues in question and trial of the case, and the case is in its early stages. Accordingly, Defendants respectfully request that the Court stay the present litigation pending the complete resolution, through any appeals, of the *inter partes* review petitions filed at the Patent Trial and Appeal Board.

Dated: May 19, 2023

Respectfully submitted,

*/s/ Michael Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
Barry K. Shelton
State Bar No. 24055029
BShelton@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P Enzminger
denzminger@winston.com

9

**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
**WINSTON & STRAWN LLP**
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Juan C. Yaquian
State Bar No. 24110559
JYaquian@winston.com
**WINSTON & STRAWN LLP**
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill (State Bar No. 24032294)
wh@wsfirm.com
Andrea Fair (State Bar No. 24078488)
andrea@wsfirm.com
Charles Everingham IV (State Bar No. 00787447)
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR DEFENDANTS MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2023, the foregoing document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including counsel of record for Plaintiff Netlist Inc.

<i>/s/ Michael Rueckheim</i><br>
Michael R. Rueckheim

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h) and (i), Micron certifies that Micron, through lead counsel Michael Rueckheim, informed Plaintiff, specifically Netlist counsel Tom Werner and Jason Sheasby, of Micron's intent to move to stay the above captioned case. Plaintiff responded that it opposes the motion.

<i>/s/ Michael Rueckheim</i><br>
Michael R. Rueckheim