# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 2:22-cv-203-JRG ) |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF NETLIST, INC.'S OPPOSITION TO
DEFENDANTS' MOTION TO STAY (Dkt. 80)**

## **TABLE OF CONTENTS**

|      |                                                                                                                                               | **Page** |
|------|-----------------------------------------------------------------------------------------------------------------------------------------------|---------:|
| I.   | INTRODUCTION                                                                                                                                  | 1        |
| II.  | FACTUAL BACKGROUND                                                                                                                            | 1        |
|      | A. Netlist is Diligently Prosecuting this Case and Has Invested Significant Resources in Seeking Discovery from Micron                        | 1        |
|      | B. Micron Waited Months to File Its IPR Petitions and Motions for Joinder                                                                     | 3        |
| III. | LEGAL STANDARD                                                                                                                                | 4        |
| IV.  | ARGUMENT                                                                                                                                      | 5        |
|      | A. A Stay Will Unduly Prejudice Netlist                                                                                                       | 5        |
|      | B. Micron's Delay in Filing IPR Proceedings Weighs Against a Stay                                                                             | 6        |
|      | C. The IPRs Would Not Resolve Issues Presented in this Litigation                                                                             | 10       |
| V.   | CONCLUSION                                                                                                                                    | 13       |

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*CAO Lighting, Inc. v. Gen. Elec. Co.*,
 2022 WL 17752270 (D. Del. Dec. 19, 2022) ........................................................................... 8

*Celsis in Vitro, Inc. v. CellzDirect, Inc.*,
 664 F.3d 922 (Fed. Cir. 2012) ................................................................................................. 6

*Chrimar Sys., Inc. v. Adtran, Inc.*,
 2016 WL 11746525 (E.D. Tex. Dec. 28, 2016) ................................................................. 6, 12

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) .................................................................... 8, 9

*E-Watch Inc. v. Apple, Inc.*,
 2015 WL 12915668 (E.D. Tex. Mar. 25, 2015) ...................................................................... 6

*Fisher-Price, Inc. v. Dynacraft BSC, Inc.*,
 2017 WL 5153588 (N.D. Cal. Nov. 7, 2017) .......................................................................... 9

*Intell. Ventures I LLC v. T Mobile USA, Inc.*,
 2018 WL 11363370 (E.D. Tex. Dec. 13, 2018) ...................................................................... 7

*Intell. Ventures II LLC v. FedEx Corp.*,
 2017 WL 6559172 (E.D. Tex. Dec. 22, 2017) ........................................................................ 5

*Invensys Sys., Inc. v. Emerson Elec. Co.*,
 2014 WL 4477393 (E.D. Tex. July 25, 2014) ......................................................................... 5

*Landis v. N. Am. Co.*,
 299 U.S. 248 (1936) ................................................................................................................ 4

*Maxell Ltd. v. Apple Inc.*,
 2020 WL 10458088 (E.D. Tex. Nov. 17, 2020) ...................................................................... 4

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
 2013 WL 3353984 (D. Del. July 2, 2013) ............................................................................. 10

*Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*,
 2015 WL 11439060 (E.D. Tex. Jan. 5, 2015) ......................................................................... 7

*NFC Tech. LLC v. HTC Am., Inc.*,
 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ........................................................................ 9

*Peloton Interactive, Inc. v. Flywheel Sports, Inc.*,
　2019 WL 3826051 (E.D. Tex. Aug. 14, 2019) ....................................................................... 7

*Realtime Data, LLC v. Rackspace US, Inc.*,
　2017 WL 772654 (E.D. Tex. Feb. 28, 2017) ....................................................................... 10

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*,
　2018 WL 2722051 (E.D. Tex. June 6, 2018) ........................................................................ 5

*Tessera Advanced Techs., Inc. v. Samsung Elecs. Co.*,
　2018 WL 3472700 (E.D. Tex. July 19, 2018) .................................................................. 4, 7

*TwinStrand Biosciences, Inc. v. Guardant Health, Inc.*,
　2023 WL 2563179 (D. Del. Mar. 17, 2023) ......................................................................... 8

*Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*,
　2014 WL 4494479 (E.D. Tex. Jan. 14, 2014) .................................................................... 12

*Uniloc USA, Inc. v. Avaya Inc.*,
　2017 WL 2882725 (E.D. Tex. Apr. 19, 2017) .................................................................... 10

*Village Green Techs., LLC v. Samsung Elecs. Co.*,
　2023 WL 416419 (E.D. Tex. Jan. 25, 2023) ......................................................................... 9

**Statutes**

35 U.S.C. § 102 ................................................................................................................... 10, 11

35 U.S.C. § 103 ................................................................................................................... 10, 11

35 U.S.C. § 315 ......................................................................................................................... 10

I.     INTRODUCTION

Micron waited many months after this case was filed to file its IPR petitions against the patents-in-suit. Its first petition was not filed until 5 months after the case was initiated, and it waited 11 months to file its final petition. In all instances, Micron waited until close to the deadline to copy Samsung's petitions and file its joinder motions. Micron has not identified any reason for its delay, either in its own copy/paste IPR petitions, its motions for joining Samsung's IPR petitions, or in this instant motion to stay. Micron's dilatory behavior alone justifies denial of its motion.

The years-long stay Micron requests will cause undue prejudice to Netlist, who has invested significant resources in this case including discovery and claim construction. Netlist has already completed substantial document production, having produced over 280,000 pages of documents to Micron. And Netlist has diligently prosecuted this case, including through a recent discovery hearing before Magistrate Judge Payne.

Finally, a stay is especially unwarranted in this case because it will not meaningfully streamline the case. The vast majority of Micron's invalidity and unenforceability defenses will not be addressed by the PTAB. And as of the time of filing its motion of stay, Micron has reserved the right to raise the exact same invalidity defenses at trial in this case that will be addressed by the PTAB because no *Sotera* stipulation has been entered. In addition, the final written decisions on the '060 and '160 patents will not issue until months after the scheduled trial date. Micron's motion to stay should be denied.

II.    FACTUAL BACKGROUND

    A.    **Netlist is Diligently Prosecuting this Case and Has Invested Significant Resources in Seeking Discovery from Micron**

Fact discovery in this case opened on October 31, 2022, and is set to close in three months on September 5, 2023. Claim construction briefing is well underway, with opening briefing due

two days after the filing date of this Opposition. Jury trial is set for January 22, 2024. Dkt. 66.

Netlist has diligently prosecuted this Action. As of the date of this filing, Netlist has produced 12,149 documents spanning 289,930 pages. Netlist has actively sought discovery from Micron and third parties. On November 10, 2022, Netlist provided a letter to Micron, listing over 160 categories of documents relevant to the parties' claims and defenses. Ex. 1 (2022-11-10 Zhao Ltr). Netlist repeatedly followed up with Micron in connection with its document production and interrogatory responses. During the course of discovery, the parties had over 20 letter correspondences regarding discovery deficiencies and numerous meet and confers. Netlist's code reviewers have travelled to Micron's facilities in Boise, Idaho to conduct source code review. As Micron's counsel admitted to this Court, the parties have been "busy" in this matter. *See* 2023-05-30 Hearing Tr. at 12-13 (Mr. Rueckheim: "I counted. It was more than 300 e-mails from opposing counsel over the last few months as to various – not all dealing with these production issues, of course, but dealing with a number of different topics. So we've been busy. We've been trying to collect this information.").

Netlist has also actively sought discovery from third parties. Netlist has served document and deposition subpoenas on 13 of Micron's suppliers and customers to obtain information about the design and operation of various components of Micron's accused products and use of its accused products. Netlist also spent a significant amount of time and resources meeting and conferring with these third parties and reviewing their collective production of over 1,300 documents.

Netlist has invested substantial resources to address Micron's numerous discovery deficiencies and its failure to comply with the patent local rules, including filing three motions to compel. *See* Dkt. 49 (motion for finding Micron in violation of P.R. 3-4(a) for producing only 14 technical documents related to Micron's accused HBM products and refusing to allow Netlist to inspect any source code related to the Accused HBM products); Dkt. 73 (compelling Micron to

produce sales, financials, and marketing documents because Micron has not produced a single document one week before the deadline for substantially completing document production); Dkt. 74 (compelling Micron to produce third party documents in its possession, documents relating to infringing features of Micron's accused products, and documents related to testing, evaluation, and simulation data for all accused products under P.R. 3-4(a)). Only after Netlist filed these motions has Micron started to produce—or even only *agreed* to produce—the requested documents.

### B.   Micron Waited Months to File Its IPR Petitions and Motions for Joinder

**The '060/'160 Patents**. Micron did not file an IPR petition on the '060 and '160 patents until May 8, 2023, **11 months** after this Action commenced. Micron's petitions were filed **9 months** after Samsung filed its petitions for the same patents and 1 month after Samsung's petitions for IPR were instituted on these patents in April 2023. As Micron admitted, its IPR petitions are nothing more than copycats of those filed by Samsung over a year ago on August 26, 2022. *See* Dkt. 80 at 12; *compare* IPR2022-01428, paper 1 (Samsung '060 petition, dated Aug. 26, 2022) and IPR2022-01427, paper 1 (Samsung '160 petition, same) *with* IPR2023-883, paper 2 (Micron '160 petition, dated May 8, 2023) and IPR2023-882, paper 2 (Micron '060 petition, dated May 8, 2023). Micron moved to join Samsung's instituted petitions, but its motions for joinder have not been granted at this time and the IPR petitions filed by Micron have not been instituted.

**The '918/'054 Patents**. Micron did not file IPR petitions on the '918 and '054 or move to join Samsung's petitions until January 6, 2023, nearly **7 months** after this Action commenced. Micron's copycat petitions were filed **8 months** after Samsung filed its petitions for the same patents and 1 month after Samsung's petitions were instituted on December 7, 2022. *Compare* IPR2022-00999, paper 1 (Samsung '054 petition, dated May 17, 2022) and IPR2022-00996, paper 1 (Samsung '918 petition, dated May 17, 2022) *with* IPR2023-00405, paper 1 (Micron '054 petition, dated Jan. 6, 2023) and IPR2023-00406, paper 1 (Micron '918 petition, dated Jan. 6, 2023).

Micron moved to join Samsung's instituted petitions, but the motions have not been granted. Micron's IPR petitions have not been instituted.

**The '339 Patent**.  Micron did not file an IPR petition on the '339 Patent until November 18, 2022, **5 months** after this Action commenced.  Micron's copied petition was filed **8 months** after Samsung's petition was filed on March 2, 2022 and a month after Samsung's petition was granted on October 19, 2022. *Compare* IPR2022-00639, paper 1 (Samsung '339 petition, dated March 2, 2022) with IPR2023-00204, paper 3 (Micron '339 petition, dated November 18, 2022). Micron's motion for joinder of Samsung's petition has not been granted and the IPR petition filed by Micron has not been instituted.

**The '506 Patent**.  Micron did not file an IPR petition on the '506 patent until November 18, 2022, **5 months** after this Action commenced, which was **8 months** after Samsung's petition was filed on March 2, 2022, and a month after Samsung's petition was granted on October 19, 2022.  *See* Dkt. 80 at 12; *compare* IPR2022-00711, paper 1 (Samsung petition) and IPR2023-00205, paper 3 (Micron petition).  As of the time of filing Micron's motion, Micron's motion for joinder was granted only as to the '506 patent out of the six patents-in-suit.

### III.   LEGAL STANDARD

When considering motions to stay, courts "must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "[C]ourts in this district consider three factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay will simplify issues in question and trial of the case." *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co.*, 2018 WL 3472700, at *1 (E.D. Tex. July 19, 2018) (citations omitted).

In analyzing the second factor, the Court considers "two sub-factors: '(1) whether discovery is complete and whether a trial date has been set; and (2) whether the movant has unreasonably delayed filing its IPR petition and motion to stay.'" *Maxell Ltd. v. Apple Inc.*, 2020

WL 10458088, at *2 (E.D. Tex. Nov. 17, 2020).

## IV. ARGUMENT

### A. A Stay Will Unduly Prejudice Netlist

Micron seeks to stay this case until "the complete resolution, **through any appeals**, of the *inter partes* review petitions filed at the Patent Trial and Appeal Board." Dkt. 80 at 13 (emphasis added). This will take over two years assuming the Federal Circuit does not remand for further proceedings. Staying this Action for an unknown duration would undermine the "public interest in the 'speedy resolution of disputes.'" *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, 2018 WL 2722051, at *4 (E.D. Tex. June 6, 2018); *Invensys Sys., Inc. v. Emerson Elec. Co.*, 2014 WL 4477393, at *3 (E.D. Tex. July 25, 2014) ("Firm trial settings resolve cases and reduce litigation costs.").

Such an indeterminate stay necessarily prejudices Netlist. "[T]his Court has repeatedly recognized that 'a plaintiff has a right to timely enforcement of its patent rights, even if the plaintiff does not practice the asserted patents, and even if the plaintiff could be made whole by money damages.'" *Intell. Ventures II LLC v. FedEx Corp.*, 2017 WL 6559172, at *4 (E.D. Tex. Dec. 22, 2017) (quoting *St. Lawrence Commc'ns LLC v. ZTE Corp.*, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017)). Disrupting the trial schedule with a stay would "impair that right, potentially requiring a new trial date amidst the Court's already busy calendar." *Intell. Ventures II*, 2017 WL 6559172, at *4.

Micron's suggestion that Netlist only seeks monetary damages and thus would not be prejudiced is also wrong. First, Netlist's complaint seeks not only monetary damages, but also seeks all equitable relief the court deems proper, which would include injunctive relief. Dkt. 70 at 71. Some of Netlist's patents in suit expire in 2028. Thus, an indefinite stay of this case would dramatically limit any injunctive relief. Second, because of its agreement with SK Hynix, Netlist has the ability to supply many of the accused products. Micron's ability to compete unlawfully

by selling infringing products decreases demand for Netlist's products. *See Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012) ("Price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm."). Further, even if Micron were correct that Netlist sought only monetary damages, that would not support a stay at this stage of the case in any event. *See, e.g., Chrimar Sys., Inc. v. Adtran, Inc.*, 2016 WL 11746525, at *1 (E.D. Tex. Dec. 28, 2016) ("Defendants' argument suggests that only those parties who seek injunctions could ever experience undue prejudice from the delay of the final resolution of their case. This cannot be the case.").

As discussed above, Netlist has been diligently prosecuting this case since it filed the complaint on June 10, 2022. Netlist has invested significant resources in this case, including filing various motions to compel Micron to address its deficient discovery responses and document production. In addition, Netlist has substantially completed document production including technical documents relating to its products that potentially practice the patents-in-suit as well as Netlist's sales and financial documents by June 7. By contrast, Micron improperly delayed discovery and has not produced a single sales or financial documents and only agreed to attempt to make such production two weeks after the June 7 deadline. *See* 2023-05-30 Tr. at 6 (Zhao: [as of today,] we've received no single production of those types of documents, including sales, financials, or marketing materials."). Micron has done nothing but delay this case to date; it should not be rewarded for its refusal to comply with its discovery obligations with a stay of this case.

**B.     Micron's Delay in Filing IPR Proceedings Weighs Against a Stay**

Defendants routinely file early motions to stay prior to institution decisions. Courts recognize that when a defendant moves to stay early in the case but it is denied because an institution decision has not yet been rendered, that fact should be accorded "some weight" when analyzing a motion to stay. *E-Watch Inc. v. Apple, Inc.*, 2015 WL 12915668, at *3 (E.D. Tex. Mar. 25, 2015). Micron waited until almost a year after this case was filed to move to stay. Micron has

provided no explanation for its delay. This Court has repeatedly recognized that the strategic decision to draw out proceedings by filing a late motion to stay counsels against granting such a stay:

> While Samsung has the right to delay filing its IPRs for a year under 35 U.S.C. § 315, the choice of when to bring such IPRs is still at Samsung's discretion. Unlike in *NFC*, where the defendants waited only seven months to file their IPRs, Samsung waited nine months from the initiation of these proceedings and five months after service of infringement contentions to move for a stay. Samsung's actions here, in conjunction with Samsung's Motion to Stay Proceedings Pending Arbitration (Dkt. No. 50, filed Feb. 22, 2018), appear to be yet another attempt to draw out these proceedings. Accordingly . . . the Court finds that this factor weighs strongly against a stay.

*Tessera*, 2018 WL 3472700, at *3; *Intell. Ventures I LLC v. T Mobile USA, Inc.*, 2018 WL 11363370, at *3 (E.D. Tex. Dec. 13, 2018) (a defendant's choice to "delay in filing of IPR petitions . . . seven months from the filing of the Complaint . . . put it firmly at the mercy of the PTAB's institution timing").

Micron's motion also fails to recognize that it is seeking what is in effect an indefinite stay. The Final Written Decisions in Samsung's earlier IPRs on the '060 and '160 Patents are not due until April 12, 2024. Appeals of those decisions will likely take over a year to resolve. *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, 2019 WL 3826051, at *3-4 (E.D. Tex. Aug. 14, 2019) (finding that "[w]hile the PTAB has instituted review," "a stay may still significantly delay resolution of the issues in this case due to the appellate process. While the PTAB may provide final determinations for the [instituted IPRs] before the currently scheduled jury selection date, a significant possibility exists in this case that those determinations would be appealed because of the magnitude of this case" and "the median time to disposition for Federal Circuit appeals from the USPTO was 15.0 months in the 2018 fiscal year, and that figure has been rising since the 2016 fiscal year."); *Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*, 2015 WL 11439060, at *5, 5 n.8 (E.D. Tex. Jan. 5, 2015) (noting that the additional delay imposed by appeals is considerable and that maintaining a stay through such appeals would be very costly). Micron's delayed IPR

petitions of the '060 and '160 Patents were only just accorded a filing date on May 25th, and its joinder motions remain undecided.

Even though Micron moved to join Samsung's IPR petitions, five of the six motions it filed have not been granted, and Micron's improper delay in joining such IPR proceedings will cause the same prejudice on Netlist. *See also CAO Lighting, Inc. v. Gen. Elec. Co.*, 2022 WL 17752270, at *3 (D. Del. Dec. 19, 2022) (finding "status of the litigation" factor weighs against a stay where "Defendants did not seek review of the '961 patent, but instead chose to file a 'copycat' petition once the [defendant in a separate action's] IPR had been instituted, and only moved this Court for a stay upon that institution. While oral argument has been scheduled in the [other] IPR for July 2023 and a Final Written Decision is due by October 2023, a stay would necessarily delay trial in these actions until at least 2024 (if not longer should the Final Written Decision be appealed.)"); *see also TwinStrand Biosciences, Inc. v. Guardant Health, Inc.*, 2023 WL 2563179, at *3-*4 (D. Del. Mar. 17, 2023) (finding prejudice where "some of Defendant's IPR petitions were filed within the first few months of litigation," but "Defendant waited eight months… and eleven months" to file other petitions, and finding further that the "status of the IPR proceedings also supports a finding of prejudice" where FWDs were anticipated "several weeks before the scheduled trial" and "two months after trial," but a stay would delay trial "by at least a year, and possibly longer, because the decisions will not truly be final until the exhaustion of appellate rights.").

Micron's reliance on *CyWee Grp. Ltd. v. Samsung Elecs. Co.,* 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) is misplaced. *First*, in *CyWee*, the court did not address a delay of filing of IPR petitions or motions of joinder in the first place. Instead, the Court only held that Samsung's alleged delay in filing the motion to stay *after* its IPR petitions was not unreasonable. *See id.* at *5 ("It is true that Samsung could have been more prompt in moving for a stay once the PTAB instituted the IPR proceedings in Google's case. Nonetheless, a period of five weeks is not

exorbitant, particularly in light of the intervening holiday period and the need for Samsung to file papers seeking to join Google's IPR. Moreover, the Court does not perceive any severe and unilateral prejudice to CyWee from that five-week delay."). *Second*, the court found that "CyWee is not a competitor of Samsung's in the market for products that contain the technology at issue" at the time CyWee commenced the litigation. *Id.* at *4. Here, unlike in *CyWee*, Netlist is currently selling or designing products in direct competition with Micron's accused products. *See* Ex. 3 (Netlist website for available DDR4 and DDR5 DIMMs products). *Third*, in *CyWee*, the patent owner consented to "stays pending the IPR proceedings in all but one of the other co-pending cases," and according to the court, "CyWee's acquiescence in stays in those five cases tends to impeach its claim that it will be unduly prejudiced by delay in the enforcement of its rights under the patents in suit in each of those cases." *Id.* at *6. Unlike CyWee, Netlist has actively opposed every single motion to stay in all related (and unrelated) litigation.[1]

Other cases Micron referenced in its motion are also inapposite. *See Village Green Techs., LLC v. Samsung Elecs. Co.*, 2023 WL 416419, at *3 (E.D. Tex. Jan. 25, 2023) (defendants "acted expeditiously in filing their IPR petitions within two months of the filing of this lawsuit" and "Plaintiff had yet to serve Defendants by the time the IPR petitions were filed"); *Fisher-Price, Inc. v. Dynacraft BSC, Inc.*, 2017 WL 5153588, at *2 (N.D. Cal. Nov. 7, 2017) ("request for the stay was filed one day after the IPR petitions were filed") & *id.* Dkt. 44 at 4 ("no party has made its initial disclosures or served any discovery requests"); *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *3 (E.D. Tex. Mar. 11, 2015) (granting stay where the patentee did not dispute that it was not a competitor of the defendant, the IPR was binding on the petitioner/defendant, and

---

[1] *See, e.g. Netlist, Inc. v. Samsung Elec. Co., Ltd.*, No. 21-cv-463, Dkts. 46, 85, 140, 459 (E.D. Tex.) (opposing Samsung's motions and renewed motions to stay); *Netlist, Inc. v. Samsung Elec. Co., Ltd.*, No. 22-cv-293, Dkt. 21 (E.D. Tex.) (opposing Samsung's motion to stay); *Netlist, Inc. v. Micron Tech., Inc.*, No. 22-cv-294, Dkt. 27 (E.D. Tex.) (opposing Micron's motion to stay).

there was no other circumstance that called for denial of the stay); *Neste Oil OYJ v. Dynamic Fuels, LLC*, 2013 WL 3353984, at *5 (D. Del. July 2, 2013) (staying the case when "[t]here has been no scheduling conference, no trial date has been set, and no discovery has taken place"); *Uniloc USA, Inc. v. Avaya Inc.*, 2017 WL 2882725, at *2 (E.D. Tex. Apr. 19, 2017) (defendants filed their motion to stay "one day after they received notice of institution from the PTAB").

Thus, the second factor weighs heavily against a stay.

        **C.**        **The IPRs Would Not Resolve Issues Presented in this Litigation**

The final factor also weighs against a stay because the IPR proceedings cannot fully dispose of the parties' disputed issues before this Court.

*First*, as of the date of Micron's filing the USPTO has not granted all of Micron's IPR petitions, and only allowed Micron to join one out of the six instituted IPR petitions filed by Samsung in connection with the patents-in-suit. As such, Micron is not yet a party to the IPR proceedings instituted as to the '339, '918, '054, '060, and '160 patents. Micron has not filed any *Sotera*-type stipulations with the USPTO in connection with its IPR petitions. Thus, to the extent the USPTO's final written decisions confirm the validity of Netlist's patents-in-suit, Micron may attempt to raise the same challenges or other grounds it reasonable could have raised under 35 U.S.C. §§ 102, 103 before the PTAB again before this Court. *Realtime Data, LLC v. Rackspace US, Inc.*, 2017 WL 772654, at *3 (E.D. Tex. Feb. 28, 2017) (denying stay pending an instituted IPR and noting "where defendants do not agree to be bound by the full estoppel provisions of § 315, IPR may not actually simplify the issues at all") (internal quotation omitted).

*Second*, Micron's invalidity contentions raised invalidity theories far beyond the scope of the instituted IPR petitions. Specifically, with respect to the '506 patent, Micron raised 23 "prior art patents and printed publications" and 17 "prior art systems and inventions" as invalidating references under 35 U.S.C. §§ 102, 103. *See* Ex. 2 (2022-11-21 Micron Invalidity Contentions) at 9-10. Micron asserts that it is "actively searching for information regarding at least [6 additional]

devices and inventions" as system prior art. *Id.* at 11. Micron also served 23 separate charts in support of its invalidity contentions. By contrast, in its IPR petition, Micron only raised invalidity defenses based on 5 different prior art references (Hiraishi, Butt, Tokuhiro, Ellsberry, and Kim). IPR2023-00205, paper 3.

With respect to the '339 patent, in its invalidity contentions, Micron raised 19 "prior art patents and printed publications" and 8 "prior art systems and inventions" as invalidating references under 35 U.S.C. §§ 102, 103. *See* Ex. 2 (2022-11-21 Micron Invalidity Contentions) at 20-21. Micron asserts that it is "actively searching for information regarding at least [2 additional] devices and inventions" as system prior art. *Id.* at 22. Overall, Micron served 25 separate charts in support of its invalidity contentions. Conversely, in its IPR petition, Micron only challenged the validity of the patent on a single ground based on 2 different prior art references (Ellsberry and Halbert). IPR2023-00204, paper 3.

With respect to the '054 and '918 patents, Micron raised 19 "prior art patents and printed publications" and 3 "prior art systems and inventions" as invalidating references under 35 U.S.C. §§ 102, 103. *See* Ex. 2 (2022-11-21 Micron Invalidity Contentions) at 31-32. Micron asserts that it is "actively searching for information regarding at least [7 additional] devices and inventions." *Id.* at 33. Micron served 13 separate charts in support of its invalidity contentions against each of the '054 and '918 patents. But in its IPR petition, Micron only challenged the validity of the '918 and '054 patents based on 5 different prior art references (Harris, FBDIMM Standards, Amidi, Hajeck, and Spiers). *See* IPR2023-00406 (the '918 patent), paper 1; IPR2023-00405 (the '514 patent), paper 1.

Similarly, with respect to the '060 and '160 patents, Micron raised 17 "prior art patents and printed publications" and 4 "prior art systems and inventions" as invalidating references under 35 U.S.C. §§ 102, 103. *See* Ex. 2 (2022-11-21 Micron Invalidity Contentions) at 36-37. Micron served 21 separate charts in support of its invalidity contentions as to the '060 and '160

separately. By contrast, in its IPR petition, Micron only challenged the validity of the '160 and '060 patents based on 5 different prior art references (Kim, Rajan, Riho, Wyman, Riho2). IPR2023-00883 ('160 patent), paper 2; IPR2023-00882 ('060 patent), paper 2.

In this instant litigation, Micron also raised additional invalidity arguments based on lack of written description/enablement, indefiniteness with respect to each of the patents-in-suit, prosecution laches, estoppel, license and covenant not to sue, exhaustion, and inequitable conduct. *See* Ex. 2 (2022-11-21 Micron Invalidity Contentions) at 704-52; *see also* Dkt. 76 (Amended Answer).

Because of Micron's drastically broader invalidity arguments in this litigation, the possibility that the IPR proceedings will greatly simplify issues presented before this Court is low. *See Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*, 2014 WL 4494479, at *2 (E.D. Tex. Jan. 14, 2014) ("[T]he PTO merely granted the IPR request with respect to two references in TI's petition and four references in Samsung's petition" but the "Defendants' joint invalidity contentions contained over 40 references").

Further, Micron's contention that all of the asserted claims in suit would be invalidated is mere speculation. As the Court explained in *Chrimar*, 2016 WL 11746525:

> The Court must always consider that the outcome of any final decision by the PTAB is speculative and look instead to the circumstances that surround the instant action and the issues presented as the Magistrate Judge did here. If not, the Court's analysis would always presume that institution means the claims will be found invalid and therefore simplified by the PTAB's eventual written decision. In other words, the Court must consider both possibilities—the possibility that all asserted claims across all patents are found invalid, and the possibility that that they are not. In the former situation the issues would eventually be simplified, but in the latter they would be significantly complicated for the reasons explained by the Magistrate Judge. . . .

*Id.* at *1 (denying motion to stay).

Last, Micron's assertion that issue simplification could ensue even if some claims survive

the IPRs is not well taken. *See* Dkt. 80 at 8-9.  Micron argues that the PTAB proceedings could inform the Court on claim construction issues, but it only provided one example by arguing that "whether the PTAB finds Netlist's arguments persuasive as to whether leveling operations satisfy the claimed memory operations will affect disputed claim terms for the '506 patent. Dkt. No. 69-2 (Ex. B) at 4–5."  To the extent this would even be an issue (Netlist does not believe the outcome of the IPR would depend on this), it is rank speculation on the part of Micron, not only with respect to the actions of the PTAB, but also its assumption that the Court will find particular arguments persuasive or not persuasive.  At any rate, this court will reach a claim construction determination before the FWD on the '506 patent is due.

Overall, this factor—whether a stay will simplify issues in question and trial of the case—weighs against granting Micron's motion to stay.

## V.    CONCLUSION

For the reasons discussed above, Micron's motion to stay should be denied.

Dated: June 5, 2023

Respectfully submitted,

/s/ Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
jsheasby@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on June 5, 2023, a copy of the foregoing was served to all counsel of record.

/s/ Yanan Zhao
Yanan Zhao