# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | )  Civil Action No. 2:22-CV-203-JRG ) |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., AND MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED ) ) ▄▄▄▄▄▄ ) ) |
| Defendants. | ) |

## PLAINTIFF NETLIST, INC.'S MOTION TO COMPEL OR IN THE ALTERNATIVE TO MODIFY THE PROTECTIVE ORDER REGARDING INSPECTION OF MICRON MATERIALS

11227052

Netlist respectfully requests that the Court compel Micron to allow Netlist to use Micron's "custom" software during Netlist's inspection of Micron's technical documents. Those documents can only be viewed using that "custom" software, but Micron will not allow Netlist to use it. Instead, Micron asserts that Netlist cannot touch the inspection computer, and must direct a Micron employee to operate it. Micron made no mention of this "protocol" when the parties negotiated the Protective Order, disclosing only on the eve of Netlist's first inspection that only Micron can use the "custom" software. The "protocol" substantially impairs Netlist's ability to conduct its inspection, and exposes all of Netlist's work product, which the Protective Order elsewhere forbids. The Court should order Micron to allow Netlist to use the "custom" software, without Micron's involvement, modifying the Protective Order if necessary.

### **Micron's "Protocol" Was Not Discussed During Protective Order Negotiations**

During negotiations over the Protective Order, Micron insisted that inspection of its technical documents must occur at Micron's Boise, Idaho facilities because its "custom" software is necessary to view those documents, and may only be used at those facilities. Ex. 1, #1. Netlist stipulated to the Protective Order based on Micron's representations. Micron made no mention, however, of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ In fact, Netlist understood that no such restrictions existed. *See id.* (Micron explained: "[I]f **Netlist** encounters any technical issues with the customized review tool(s), resources may be more readily available [in Boise] to assist and resolve such issues.").

Netlist further proposed and Micron stipulated that "***[Netlist] may decline Micron's employee's assistance***." *See* Dkt. 46, ¶ 10(c)vi. (employee "may" [not must] be involved). Yet Micron made no mention (until months later) of the purported consequences, i.e., that Netlist would have to direct a Micron employee how to move the mouse and operate the keyboard of the inspection computer, necessarily exposing Netlist's work product (which the Protective Order expressly forbids). *Id.*, ¶ 10(c)xii. ("The producing Party may monitor [Netlist's inspection], but

***only in a manner that does not risk exposing the receiving Party's work product***").

Micron alternatively asserts that Netlist must acquire its own license to Micron's "custom" software,[1] citing a Protective Order clause that obligates Micron to "provision the Source Code Computer(s) with search and review tools as reasonably ***requested and provided by the receiving Party***." Dkt. 46, ¶ 10(c)v. But Micron installed its own "custom" software without any request from Netlist (Micron just refuses to allow Netlist to directly use it). And the exemplary software listed in that clause are all publicly available—many of them freely available—not custom or proprietary. *See id.* Micron presumably knew when it negotiated the Protective Order ███████████████, but did not disclose it until months after the parties entered that stipulation. When it did disclose it, Micron acknowledged that its "protocol" is not supported by the actual text of the Protective Order. *See* Ex. 1, #2 (Micron sought to allow inspection only "provided Netlist will accept" the protocol, "[i]f this is acceptable."). Before then, Netlist justifiably understood that the "custom" software would be provisioned on the inspection computer and available for Netlist to use. *See* Werner Decl. ¶ 3.

### The Protective Order May Be Modified to Resolve This Dispute

"The court enjoys broad discretion in entering and modifying [a protective] order." *Raytheon Co. v. Indigo Sys. Corp.*, 2008 U.S. Dist. LEXIS 70934 , at *2 (E.D. Tex. Sept. 17, 2008). "In deciding whether to modify a stipulated protective order at the behest of a party that originally agreed to the order for reasons related to the private interests of the parties to the action, the court considers four factors: '1) the nature of the protective order, (2) the foreseeability, at the time of issuance of the order, of the modification requested, (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification.'" *Id.* at *6–7.

---

[1] Netlist has repeatedly asked Micron to arrange a conference with its "custom" software vendor to discuss licensing issues, but Micron has not complied. Werner Decl. ¶ 4. The vendor has not responded to Netlist's separate inquires. *Id.*

The modification that Netlist proposes does not impact any of the protections afforded materials designated under the Protective Order. Regardless of the nature of the Protective Order or the parties' reliance on its terms, modification is appropriate because Netlist was not made aware of Micron's "protocol" during negotiations. The modification conforms the Protective Order to what Netlist understood was its agreement, i.e., that Netlist would be able to directly use the "custom" software that is necessary to conduct its inspection. It was not foreseeable to Netlist during negotiations that the modification was necessary because Micron did not disclose ███████████████ To the contrary, Netlist understood that ███████████████████ *See* Ex. 1, #1 ("[I]f **Netlist** encounters any technical issues with the customized review tool(s), resources may be more readily available [in Boise] to assist and resolve such issues."). Netlist reasonably expected to be able to directly use Micron's "custom" software. *See* Werner Decl. ¶ 3. The Protective Order may appropriately be modified accordingly.

The modification is important to Netlist because Micron's "protocol" unreasonably hampers Netlist's ability to prepare its case.[2] Using a computer solely by directing someone else to move the mouse or use the keyboard this way or that is extremely burdensome and time consuming. Moreover, doing so exposes all of Netlist's work product created during inspection. Moreover, the inspection materials include schematics and other design files that Micron will only offer for inspection, and thus reflect information not available through any other documents that Micron might produce. Good cause therefore exists for the Court to modify the Protective Order, should the Court deem that necessary. Alternatively, the Court may order Micron to allow Netlist to directly use the "custom" software, as explained above.

---

[2] Netlist mooted its prior motion (Dkt. 49) and filed this motion because Micron argued that Netlist was "dodging the Court's procedures" by pursuing this matter via the prior motion. *See* Dkt. 59, at 1.

Dated: May 31, 2023

Respectfully submitted,

*/s/ Thomas C. Werner*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF CONFERENCE

I hereby certify that lead and local counsel for the parties met and conferred telephonically on May 26, 2023 regarding this motion, which Micron opposes.

*/s/ Thomas C. Werner*
Thomas C. Werner

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Thomas C. Werner*
Thomas C. Werner

## CERTIFICATE OF SERVICE

I hereby certify that, on May 31, 2023 a copy of the foregoing was served to all counsel of record.

*/s/ Thomas C. Werner*
Thomas C. Werner