# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICRON TECHNOLOGY, INC.; MICRON ) <br> SEMICONDUCTOR PRODUCTS, INC.; ) <br> MICRON TECHNOLOGY TEXAS LLC, ) <br> ) <br> Defendants. ) <br> ) | Civil Action <br> No. 2:22-cv-00203-JRG <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY PENDING RESOLUTION OF *INTER PARTES* REVIEW OF THE ASSERTED PATENTS**

## **TABLE OF CONTENTS**

**Page**

A. Netlist fails to identify any substantiated, non-generic prejudice ........................... 1

B. Micron showed that a stay pending the PTAB proceedings may resolve this litigation entirely or significantly streamline it ....................................................... 2

C. Netlist fails to show how Micron delayed in filing IPR or its motion to stay ........ 4

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Aylus Networks, Inc. v. Apple Inc.*,
   856 F.3d 1353 (Fed. Cir. 2017)..................................................................................3

*Chrimar Sys., Inc. v. ADTRAN, Inc.*,
   No. 6:15-CV-00618-JRG, 2016 WL 11746525 (E.D. Tex. Dec. 28, 2016)..............................4

*CyWee Grp. Ltd v. Samsung Elecs. Co. Ltd.*,
   No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019)......................4

*Network-1 Techs., Inc. v Hewlett-Packard Co.*,
   981 F.3d 1015 (Fed. Cir. 2020)..................................................................................3

*NFC Tech. LLC v. HTC Am., Inc.*,
   No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex., Mar. 11, 2015)...................1, 2, 3, 4

*Peloton Interactive, Inc. v. Flywheel Sports, Inc.*,
   No. 218-CV-00390-RWS-RSP, 2019 WL 3826051 (E.D. Tex. Aug. 14, 2019)...................4, 5

*Pers. Audio LLC v. Google, Inc.*,
   230 F. Supp. 3d 623 (E.D. Tex. 2017)..........................................................................5

*Realtime Data, LLC v. Rackspace US, Inc.*,
   No. 6:16-CV-00961, 2017 WL 772654 (E.D. Tex. Feb. 28, 2017)......................................3, 4

*Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*,
   No. 6:12CV221 LED-JDL, 2014 WL 4494479 (E.D. Tex. Jan. 14, 2014)..............................4

*Uniloc USA, Inc. v. Avaya Inc.*,
   No. 6:15-CV-01168-JRG, 2017 WL 2882725 (E.D. Tex. Apr. 19, 2017)...............................2

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014)..................................................................................1, 2

**Statutes**

35 U.S.C. § 315 (e)(2).................................................................................................3

35 U.S.C. § 316(a)(11)................................................................................................4

**Other Authorities**

37 C.F.R. § 42.25......................................................................................................3

The relevant factors favor a stay. Regarding prejudice, Netlist's generic assertions of prejudice are typical of any patent case, and Netlist is wrong that Micron's timely filings of *inter partes* review ("IPR") petitions and a motion to stay caused Netlist undue prejudice. Netlist also exaggerates its efforts to date in this case, while ignoring that greater effort lies ahead for both parties. Staying the case pending Micron's IPR proceedings will conserve resources, simplify the issues and possibly resolve the case. The factors demonstrate that the Court should stay this case.

Moreover, Netlist's arguments are misleading. Netlist and Micron are not competitors. Netlist's argument that it "is currently selling or designing products in direct competition with Micron's accused products" is contradicted by its recent trial testimony in *Netlist, Inc. v. Samsung Electronics Co., et al.*, EDTX No. 2:21-CV-463-JRG. Nor does it matter when Micron's copycat IPR petitions were filed. The only relevant dates are when the original IPR petitions were filed (here 1-3 months **before Micron was even sued** for most of the asserted patents) and when Micron moved to stay (here 1 month after the last IPRs instituted). Micron's timing in filing copycat petitions **has no effect** on the length of a stay, the length of the IPR proceedings, or anything at all—and Netlist's arguments to the contrary are misleading.

A. **Netlist fails to identify any substantiated, non-generic prejudice**

The lack of undue prejudice favors staying the litigation. Netlist's alleged prejudice—delaying the enforcement of its patent rights—flows from a stay in every patent case and is "therefore not sufficient, standing alone, to defeat a stay motion." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex., Mar. 11, 2015).

Netlist is wrong in alleging that a stay would cause undue prejudice. "A stay will not diminish the monetary damages to which [plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). Further,

1

Netlist's decision to not seek a preliminary injunction weighs against finding undue prejudice. *Id.* at 1318–19. Similarly, Netlist's decision to wait several months to eight years after issuance, depending on the asserted patent, before bringing suit further weighs against its undue prejudice allegations. *See id.* at 1319 (waiting almost a year after issuance before bringing suit weighs against claim of undue prejudice). Thus, a stay will not unduly prejudice Netlist.

Nor can Netlist credibly argue that a stay causes a competitor prejudice. Netlist does not compete with Micron. Netlist admitted in its recent *Samsung* litigation that it does not make or sell any accused products from this case. *See* Hopkins Decl., Ex. C, pp. 231:9-22, 233:5–234:6.

Nor do Netlist's case efforts to-date weigh against a stay. Most of Netlist's production is simply reproducing materials from its previous *Samsung* litigation. Indeed, even for its source code review, Netlist only spent five days reviewing the source code for about 5 hours each day. Netlist's other identified efforts are illusory, such as filing a motion to compel materials that Micron had already agreed to produce. Dkt. No. 86.

Instead, a stay is warranted because there is a substantial amount of work that could be avoided if the case is stayed. Upcoming events such as the *Markman* hearing, expert reports and trial preparation are significant and substantial efforts that may be avoided if the PTAB determines that any of the asserted claims are unpatentable. *NFC Tech.*, 2015 WL 1069111, at *3 (noting a stay would spare parties "significant expenses" that they "would incur in pretrial work and trial preparation"); *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-CV-01168-JRG, 2017 WL 2882725, at *2 (E.D. Tex. Apr. 19, 2017) (noting a stay would spare the parties from significant expenses of a "*Markman* hearing and expert discovery."). Netlist has accordingly identified no undue prejudice that would favor denying a stay.

**B.      Micron showed that the PTAB proceedings may resolve or significantly streamline the litigation**

2

The potential for the PTAB proceedings to resolve this litigation, or significantly streamline it favors a stay. Netlist attempts to misdirect the Court by emphasizing that Micron is not yet a party to certain[1] of Samsung IPR proceedings. Yet Netlist has not opposed Micron's motions to join Samsung's IPRs. Nor has Netlist contested institution of four[2] of Micron's petitions. Consequently, it is highly likely that Micron's petitions will be joined with Samsung's.

Netlist overstates its argument that Micron may raise invalidity challenges in this Court in the absence of a *Sotera*-type stipulation. Micron will be subject to estoppel under 35 U.S.C. § 315 (e)(2), which streamlines the potential issues and defenses for trial. *See Network-1 Techs., Inc. v Hewlett-Packard Co.*, 981 F.3d 1015 at 1027 (Fed. Cir. 2020) (joining creates estoppel with respect to grounds raised in the original IPR petition). And if the PTAB invalidates all asserted claims, that decision will resolve the entire district court litigation. *See NFC Tech.*, 2015 WL 1069111, at *4.

Netlist acknowledges that the Court will reach a claim construction decision before the PTAB issues a final written decision for the '506 patent but ignores how Netlist's statements made during those IPR proceedings might affect the Court's decision. *See, e.g., Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir. 2017) ("statements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer"). Staying the case will allow the Court to consider Netlist's PTAB statements before issuing its *Markman* order and avoid potentially having to revisit claim construction based on Netlist's PTAB ongoing statements.

Netlist cites three inapposite cases—none of which address parties who filed copycat

---

[1] The Board granted Micron's motion to join in IPR2023-00204 and -00205—both scheduled to have final written decisions issued no later than October 2022. *See* Hopkins Decl. dated May 19, 2022, Ex. A (Dkt. No. 80-1), Hopkins Decl. dated June 12, 2023, Ex. B.

[2] Netlist's deadline for opposing Micron's motions to join has passed. *See* 37 C.F.R. § 42.25.

petitions and their corresponding estoppel. *Realtime* involved defendants that did not file any IPR petitions. *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961, 2017 WL 772654, at *2 (E.D. Tex. Feb. 28, 2017) ("[N]one of the Defendants in the above-captioned case . . . have participated in filing or joining in the filing of any of the IPR petitions against the Asserted Patents."). *Unifi* "contain[ed] unusual facts" that rendered it an "exception" because it "involved only a small minority of the references at issue in the ligation." *NFC Tech.* 2015 WL 1069111, at *7 n.2 *citing Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*, No. 6:12CV221 LED-JDL, 2014 WL 4494479, at *2 (E.D. Tex. Jan. 14, 2014). For every asserted patent besides the '506 patent, Micron's invalidity contentions include only 21 to 27 references unlike the contentions in *Unifi* that included over 40 references for a single patent. *Unifi* at *2; *See* Sheasby declaration, Ex. 2, (2022-11-22 Micron Invalidity Contentions) at pp. 20–21, 31–32, and 36–37. *Chirmar* likewise addressed very different circumstances: there, the defendant did not request the stay until the eve of trial and the requested stay would have lasted "anywhere from 12 to 18 months." *Chrimar Sys., Inc. v. ADTRAN, Inc.*, No. 6:15-CV-00618-JRG, 2016 WL 11746525, at *1-2 (E.D. Tex. Dec. 28, 2016). The PTAB proceedings accordingly will either resolve or substantially streamline the current litigation and a stay is warranted.

  **C.**    **Netlist fails to show that Micron delayed**

  Netlist is mistaken that Micron should have filed a motion to stay prior to the PTAB's institution decisions. Micron "cannot be faulted for that delay" as "[t]his Court (and many others) have made clear that an application for a stay after an IPR petition has been filed but before the petition has been granted is very likely to be denied." *CyWee Grp. Ltd v. Samsung Elecs. Co. Ltd.*, No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976, at *5 (E.D. Tex. Feb. 14, 2019).

  Nor is Micron seeking an indefinite stay. The PTAB will issue final written decisions no later than October 2023 for the '506 and '339 patents; early December 2023 for the '918 and '054

4

patents; and April 2024 for the remaining '060 and '160 patents. *See* 35 U.S.C. § 316(a)(11). Netlist's reliance on *Peloton* is meritless because that case involved a petition that would have resulted in the parties and court waiting 18 months for the PTAB to issue a final written decision. *See Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 218-CV-00390-RWS-RSP, 2019 WL 3826051, at *4 (E.D. Tex. Aug. 14, 2019). Here, the PTAB will issue four final written decisions in the next six months and the remaining two less than four months later. If the parties appeal any of these decisions, the Court may revisit the merits of a stay. *See Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623 (E.D. Tex. 2017) (lifting a stay during with pending appeal of final written decision of *inter partes* review proceedings). Thus, Micron does not seek an indefinite stay.

Netlist has also not been prejudiced by the timing of Micron's filings or because the Board has yet to grant the remaining motions as it did with two IPRs already. Netlist has not opposed Micron's motions to join Samsung's IPR proceedings. Nor has it challenged the sufficiency of four of Micron's petitions.

Moreover, the filing date of Micron's copycat petitions and its motion to join has no impact on the PTAB proceeding schedule because Micron's IPR proceeding will adopt the same schedule from Samsung's IPR proceeding. Therefore, Netlist suffers no prejudice if this Court grants a stay given that the Board has not yet granted Micron's unopposed motions to join.

Netlist thus fails to show an undue delay, and this factor weighs in favor of a stay.

***

The PTAB will reach final written decision on most of the asserted patents before the jury trial in this litigation. Substantial resources can be conserved by staying the litigation. And Netlist will not suffer any undue prejudice. Micron respectfully asks that the Court grant its Motion to Stay.

Dated: June 12, 2023            Respectfully submitted,

*/s/ Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
Barry K. Shelton
State Bar No. 24055029
BShelton@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P Enzminger
denzminger@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
**WINSTON & STRAWN LLP**
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

        Juan C. Yaquian
        State Bar No. 24110559
        JYaquian@winston.com
        **WINSTON & STRAWN LLP**
        800 Capital Street, Suite 2400
        Houston, TX 77002
        Telephone: (713) 651-2600
        Facsimile: (713) 651-2700

        Wesley Hill (State Bar No. 24032294)
        wh@wsfirm.com
        Andrea Fair (State Bar No. 24078488)
        andrea@wsfirm.com
        Charles Everingham IV (State Bar No. 00787447)
        ce@wsfirm.com
        **WARD, SMITH & HILL, PLLC**
        1507 Bill Owens Parkway
        Longview, TX 75604
        Telephone: (903) 757-6400
        Facsimile: (903) 757-2323

        **ATTORNEYS FOR DEFENDANTS**
        **MICRON TECHNOLOGY, INC.,**
        **MICRON SEMICONDUCTOR PRODUCTS,**
        **INC., MICRON TECHNOLOGY TEXAS,**
        **LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2023, the foregoing document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including counsel of record for Plaintiff Netlist Inc.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim
