# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 2:22-cv-203-JRG ) |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO STAY (Dkt. 80)**

**TABLE OF CONTENTS**

**Page**

A. Netlist Will Suffer Severe Prejudice from a Stay ............................................................. 1

B. The IPRs Will Not Simplify Issues in This Case ............................................................. 4

C. Micron Provides No Explanation for Its Delays ............................................................. 5

- ii -

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*B.E. Tech. LLC v. Twitter, Inc.*,
   2023 WL 3478567 (D. Del. May 16, 2023) ................................................................................1

*Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*,
   2022 WL 17484264 (E.D. Tex. July 7, 2022) ............................................................................3

**Statutes**

35 U.S.C. § 315(e)(2) ......................................................................................................................4

A. **Netlist Will Suffer Severe Prejudice from a Stay**

Micron's reply brief claims that its requested stay will be short and not prejudice Netlist. Micron is wrong in several ways. Micron ignores that it asks to stay this action "through any appeals" of each of Samsung's IPRs. Dkt. 80 at 9. Micron's suggestion that the IPRs will be "resolved" soon is thus inaccurate. *Id.* at 8 ("The PTAB will issue four written decisions in the next six months and the remaining two less than four months later"). The last FWD of these patents will issue in April 2024—three months after the scheduled trial in this case. Any Federal Circuit appeal will then take at least another year, but possibly substantially longer. "IPR proceedings are statutorily limited in duration, while appeals to the Federal Circuit are not… For that reason, granting a stay pending appeal subjects the party opposing the stay to an open-ended period of delay, rather than a time-limited period, as in the case of a stay pending an IPR proceeding." *B.E. Tech. LLC v. Twitter, Inc.*, 2023 WL 3478567, at *3 (D. Del. May 16, 2023) (denying motion to stay pending appeal of IPR).

Micron also claims that its request for a years-long stay is reasonable because Netlist only identified "generic" prejudice. Reply at 1. On the contrary, Netlist identified the specific severe prejudice it will suffer from a stay of this action. Netlist competes directly with Micron in sales of the accused products. Micron's claim that Netlist "admitted…that it does not make or sell any accused products from this case" is misleading. Reply at 2. Netlist's corporate representative was testifying regarding Netlist-manufactured products. Netlist does in fact sell DDR4 and DDR5 products in part due to its strategic agreement with SK Hynix. Netlist's website offers DDR4 and DDR5 DIMMs:



*See* Dkt. 94-4 at 6 (identifying DDR4 LRDIMMs for sale), at 11 (identifying DDR5 RDIMMs, SODIMMs, and UDIMMs for sale).

Micron also summarily dismisses Netlist's claim for injunctive relief, but ignores the fact that there is limited life left in Netlist's asserted patents, and so the need for injunctive relief in short order is real. *See* Dkt. 94 (Opposition) at 5. Micron also omits the fact that DDR4 LRDIMMs—i.e. products infringing the '339 and '506 Patents—are at the end of their life.[1] There is a distinct possibility that by the time the Federal Circuit appeals of Micron's IPRs run their course, Micron will no longer be selling any DDR4 products, and an injunction as to those products would be meaningless. In other words, a stay now effectively prevents Netlist from ever seeking injunctive relief.

Micron's disparagement of Netlist's prosecution of this case is baseless and hypocritical. Netlist has substantially completed its production, while it is Micron that continues to shirk its document production responsibilities. This has necessitated multiple motion to compel hearings, as well as a renewed hearing to occur on June 23.

Micron faults Netlist for only reviewing 25 hours of source code, but again ignores that this is a problem of Micron's own creation. Micron insisted that Netlist could not review the

---

[1] *See, e.g.,* https://www.digitaltrends.com/computing/the-end-of-ddr4-ram/.

source code unless a Micron employee was present and supervised the review. Micron's intransigence on this issue led Netlist to seek relief from the Court in the form of a motion to compel, which the Court granted on June 12th. *See* Dkt. 99 at 4 ("Micron shall make its relevant source code available for inspection without any active participation by its employees between the inspecting representatives of Netlist and the source code computer.").

Remarkably, as of the time of the filing of this sur-reply brief (over a week after the Court's order was entered) Micron has still refused to comply with the Court's order. Micron claimed that it was "investigating compliance with the Court's Order and intend to do so timely, but cannot guarantee at this time that the process will be completed by the time" Netlist sought to review source code. Micron had claimed that its license with its software provider Cadence prevented Micron from allowing Netlist's source code reviewers from reviewing code without a Micron employee present. Dkt. 95 at 1. Micron had apparently never actually reached out to Cadence. Netlist did reach out to Cadence, who stated that all Micron had ever needed to do was ask Cadence to allow Netlist to use the software, as third parties may be authorized to do under the license grant, and Cadence described this process as typical. This is just one example of Micron's strategy of obstinate delay and refusal to participate in the litigation process. Its motion to stay is another example, and should be denied.

For reference, this Court routinely denies stays even where a plaintiff does not practice its own patents, does not compete with the defendant, and only seeks money damages. *See, e.g., Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, 2022 WL 17484264, at *1-*2 (E.D. Tex. July 7, 2022) ("Ericsson argues that KPN will not suffer any prejudice because KPN does not compete with Ericsson and KPN only seeks monetary damages. […] This Court has previously rejected Ericsson's arguments and is 'not persuaded by [the] argument that because [KPN] is not a competitor of [Defendants], a delay to this litigation will result in no prejudice.' [. . .] Indeed, while 'a delay in vindication of patent rights *alone* is insufficient to prevent a motion to stay from

- 3 -

being granted,' 'such a delay should still be considered in determining the extent of undue prejudice.' [. . .] Further, this Court has repeatedly found that a delay in recovering monetary damages is 'far from non-prejudicial' and is entitled to weight under this factor") (citing *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, 2018 WL 11363368, at *1 (E.D. Tex. Nov. 19, 2018) and *Solas OLED Ltd. v. Samsung Display Co.*, 2020 WL 4040716, at *2 (E.D. Tex. July 17, 2020) (citations omitted)). Here, the specifically enumerated prejudices are greater, as Netlist does practice its patents, competes with Micron, and seeks equitable relief.

### B.     The IPRs Will Not Simplify Issues in This Case

Micron's reply brief confirms that it is taking the position that almost none of its invalidity defenses as to the patents-in-suit are estopped due to Samsung's IPRs. A petitioner who files an IPR is estopped under 35 U.S.C. § 315(e)(2) from asserting in a civil action that "the claim is invalid on any ground that the petitioner raised or reasonably could have raised during [the] *inter partes* review." Micron is taking the position that because it has only **joined** a petition, that it is only estopped "with respect to **grounds raised** in the original IPR petition." Reply at 3 (emphasis added). In other words, Micron wants to reserve for itself the ability to raise any grounds it reasonably could have raised in an IPR proceeding, while obtaining the full benefit of Samsung's IPRs.

Micron's Reply brief admits that in this case, it asserts 21-27 invalidity grounds for "every asserted patent besides the '506 patent," and fails to mention that it has asserted 40 grounds for the '506 Patent. The practical reality of Micron's refusal to enter into a *Sotera* stipulation is that Micron believes it has dozens of invalidity grounds available to it when the IPR is resolved.

| Patent | IPR Grounds | Micron's Invalidity Contentions |
|---|---|---|
| '506 | 5 references | **40** references |
| '339 | 2 references | **27** references |
| '918 | 5 references | **22** references |
| '054 | 5 references | **22** references |
| '060 | 5 references | **21** references |

| '160 | 5 references | <u>21</u> references |
|---|---|---|
| **Total** | **27 references** | **<u>153</u> references** |

Thus, in Micron's own view, the IPRs will at most resolve "a small minority of the references at issue in the litigation." Reply at 4 (distinguishing *Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*, 2014 WL 4494479 (E.D. Tex. Jan. 14, 2014)). Micron's attempt to distinguish *Unifi* on the ground that Micron's "invalidity contentions include **only** 21-27 references" per patent (while wholly ignoring the 40 references it asserts for the '506 Patent) is unavailing.

Micron's also argues that Netlist's statements in the IPR proceedings could be relevant to claim construction. This is merely unsupported attorney argument. Micron does not identify a single statement in Netlist's IPR briefing that it claims is relevant. Nor does Micron identify any issues or claim terms that might be affected by the IPR. Micron also ignores that this Court is already familiar with these patents, and construed them in the Samsung -463 Action.

### C. Micron Provides No Explanation for Its Delays

Micron made a strategic decision to take the "wait and see approach" to filing IPR petitions or joining existing instituted petitions only after institution decisions were made. *See* Dkt. 94 at 3-4 (detailing Micron's petitions). As a result, Micron sat on this case for a year before moving to stay.

Micron claims it should not be faulted for choosing not to move for a stay prior to PTAB's institution decisions. Reply at 4. Yet Micron does not show anywhere in its briefing that it diligently filed its joinder IPRs, or even this motion. Micron does not explain why it waited 7 months after the institution decisions on the '339 and '506 Patents, 5 months after the institution decisions on the '918 and '054 Patents, and over a month after the institution decisions on the '060 and '160 Patents. Micron's silence is especially noteworthy because its motion and reply argue that the '506 IPR will have an impact on claim construction in this case, and yet it waited more than half a year to file a motion to stay following that institution decision.

Dated: June 20, 2023                                  Respectfully submitted,

                                                      */s/ Jason G. Sheasby*

                                                      Samuel F. Baxter
                                                      Texas State Bar No. 01938000
                                                      sbaxter@mckoolsmith.com
                                                      Jennifer L. Truelove
                                                      Texas State Bar No. 24012906
                                                      jtruelove@mckoolsmith.com
                                                      **MCKOOL SMITH, P.C.**
                                                      104 East Houston Street Suite 300
                                                      Marshall, TX 75670
                                                      Telephone: (903) 923-9000
                                                      Facsimile: (903) 923-9099

                                                      Jason G. Sheasby (*pro hac vice*)
                                                      jsheasby@irell.com
                                                      Annita Zhong, PhD (*pro hac vice*)
                                                      jsheasby@irell.com
                                                      **IRELL & MANELLA LLP**
                                                      1800 Avenue of the Stars, Suite 900
                                                      Los Angeles, CA 90067
                                                      Tel. (310) 277-1010
                                                      Fax (310) 203-7199

                                                      **Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

      I hereby certify that, on June 20, 2023, a copy of the foregoing was served to all counsel of record.

                                                      */s/ Yanan Zhao*
                                                      Yanan Zhao