EXHIBIT R

```
1                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE EASTERN DISTRICT OF TEXAS
2                           MARSHALL DIVISION

3   NETLIST, INC.,                 (  CAUSE NO. 2:21-CV-463-JRG
                                    )
4            Plaintiff,             (
                                    )
5   vs.                            (
                                    )
6   SAMSUNG ELECTRONICS CO., LTD., (
    et al.,                         )  MARSHALL, TEXAS
7                                   (  APRIL 21, 2023
             Defendants.            )  8:00 A.M.
8   _____

9

10                           VOLUME 6

11

12
    _____
13
                       TRIAL ON THE MERITS
14
              BEFORE THE HONORABLE RODNEY GILSTRAP
15             UNITED STATES CHIEF DISTRICT JUDGE
                         and a jury
16  _____

17

18

19

20

21

22               SHAWN McROBERTS, RMR, CRR
                   100 E. HOUSTON STREET
23               MARSHALL, TEXAS  75670
                      (903) 923-8546
24          shawn_mcroberts@txed.uscourts.gov

25
```

```
 1                       A P P E A R A N C E S

 2          FOR THE PLAINTIFF:    IRELL & MANELLA, LLP -
                                  LOS ANGELES
 3                                1800 AVENUE OF THE STARS
                                  SUITE 900
 4                                LOS ANGELES, CA 90067-4276
                                  (310) 203-7096
 5                                BY:  MR. JASON SHEASBY
                                       MS. LISA GLASSER
 6                                     MR. BEN MANZIN-MONNIN
                                       MR. MICHAEL TEZYAN
 7
                                  IRELL & MANELLA -
 8                                NEWPORT BEACH
                                  840 NEWPORT CENTER DRIVE
 9                                SUITE 400
                                  NEWPORT BEACH, CA 92660
10                                (949) 760-0991
                                  BY:  MR. STEPHEN PAYNE
11
                                  McKOOL SMITH, P.C. - MARSHALL
12                                104 E. HOUSTON ST., SUITE 300
                                  MARSHALL, TEXAS  75670
13                                (903) 923-9000
                                  BY:  MR. SAM BAXTER
14                                     MS. JENNIFER TRUELOVE
                                       MR. KEVIN BURGESS
15
            FOR THE DEFENDANTS:   FISH & RICHARDSON, PC -
16                                WASHINGTON DC
                                  1000 MAINE AVE. SW, SUITE 1000
17                                WASHINGTON, D.C.  20024
                                  (202) 783-5070
18                                BY:  MR. RUFFIN CORDELL
                                       MR. MICHAEL McKEON
19                                     MS. LAUREN DEGNAN

20                                FISH & RICHARDSON, P.C. -
                                  DALLAS
21                                1717 MAIN STREET, SUITE 5000
                                  DALLAS, TEXAS  75201
22                                (214) 747-5070
                                  BY:  MR. MATTHEW COLVIN
23                                     MR. THOMAS REGER

24

25
```



1                                    GILLAM & SMITH, LLP
                                     303 SOUTH WASHINGTON AVENUE
2                                    MARSHALL, TEXAS  75670
                                     (903) 934-8450
3                                    BY:  MS. MELISSA SMITH

4          OFFICIAL REPORTER:    SHAWN M. McROBERTS, RMR, CRR
                                     100 E. HOUSTON STREET
5                                    MARSHALL, TEXAS  75670
                                     (903) 923-8546

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1332

1    distraction designed to focus on not the issues that are

2    presented in this case.

3         And I say that not just by my own words but under the

4    words of Samsung's expert, Mr. McAlexander.  And what he

5    testified to is that the modules contain flash.  Flash is a

6    non-volatile memory, and every single DDR5 module that Samsung

7    sells includes non-volatile memory.

8         This is another example where I'm asking you, do not take

9    my word for it.  JTX 12 at page 16, JTX 12 at 16, it will say

10   in clear English, a Samsung confidential document,

11   non-volatile memory.

12        The second family of patents that are at issue in this

13   case is the '339 Patents.  And Doctor Mangione-Smith will

14   speak -- spoke about those as well.  These relate to

15   load-reduced dual in-line memory modules.

16        This is a patent family that I struggle with how to start

17   to explain to you.  And the reason for that is because the

18   idea that this patent family is not infringed absolutely

19   contradicts everything Samsung said in its internal documents

20   in 2019.  PX 1756, a candid 2019 email from Samsung itself, a

21   formal document, and they say Netlist created LRDIMM, and yet

22   today when they face the consequences of their action, they

23   deny using our technology, the exact opposite of what they

24   said in 2019.

25        And it wasn't just once.  They said it again and again

1    and again that they wanted our LRDIMM patents.  This is, once

2    again, 1756.  Why did they say that?  Why is there this

3    dramatic change between 2019 and today?  It's the last

4    sentence.  The last sentence tells it all.  They wanted our

5    technology, and they did not want to compensate for it.  And

6    this lawsuit exist because they took the technology and they

7    did not want to compensate us for it.  And it's in plain

8    written English in a document from 2019 that you can access.

9         The limitation at issue in this case is, once again, all

10   but one element is conceded infringed, and the element that's

11   not infringed is this reference to a drive.  Driving.  And

12   driving means enabling only one of the data paths while the

13   other possible data paths are disabled.

14        Now, Doctor Mangione-Smith pointed out to you and

15   specifically pointed out that because the buffers have an

16   upper nibble and a lower nibble, there are two paths, path one

17   and path two, and the data, as it comes in, can make a choice

18   as to what path it goes on.  And he spoke about the fact that

19   those are different transmissions, two paths, the upper half

20   byte and the lower half byte.

21        Now, one of the things that I think is particularly

22   concerning, and I'd ask that you be very careful with this, is

23   that the ability to cherry-pick small isolated passages from

24   transcripts in a deposition or at trial often veils the truth.

25   In any one point in time, there is only one path for a

1372

1    this man 12 times, and for reasons that are unclear, this time

2    did not show him the source code, and it infects his analysis

3    of every single patent.  Out of timber so crooked nothing

4    straight can come.

5         Can we have -- and, by the way, this is Bruce Lo making

6    clear whether you call something a regulator or a converter,

7    it does the same thing, it converts.

8         Can we have slide 23?

9         The second operable state says nothing about DRAM

10   operating.  Don't take my word for it.  Ask Mr. McAlexander.

11   He admitted under oath that Judge Gilstrap did not say the

12   second operable state must have operable DRAM.  They are

13   changing Judge Gilstrap's construction.  And he admitted in

14   this operable state, second operable state, the power

15   management is still operating to protect the invention.

16        And Bruce Lo, who actually had access to the source code

17   that Samsung did not give to its own expert, testified that

18   there is a second operable state.

19        The second issue I will discuss is the '339 Patent.

20        If we could have slide 44.

21        These are the two paths.  Doctor Mangione-Smith showed

22   them clear as day.  Why does Doctor Mangione-Smith and Mr.

23   McAlexander say different things?  Why does Mr. McAlexander

24   say there's only one path and why does Doctor Mangione-Smith

25   say there's two paths?

1    The answer is in front of you.  Out of timber so crooked,

2   nothing straight can come.  A relationship that spanned 12

3   cases and yet they didn't even have the courtesy to provide

4   him with the source code that would establish definitively

5   that what they're having him say was incorrect.

6        If we can go to slide -- oh, I'll go back.

7        There was another word game that was played by counsel.

8   It says, Enabling one of the data paths.  But he said that had

9   to be a write data path.  Do you remember that?  He said it

10  had to be a write data path.

11       You're going to get the Court's claim construction in

12  your binders.  And if anyone tells you the data path has to be

13  only a write data path, point them to Judge Gilstrap's

14  construction, not the spin that was put on it by Samsung.  And

15  the reason why that spin was put on Samsung -- that Samsung

16  put that spin on is very clear:  They were trying to get out

17  in front of a damaging admission that Mr. McAlexander gave.

18       Go to JTX 20 at page 1.  Go to JTX 20 at page 1.  You

19  will see two paths on the right-hand side, upper and lower

20  nibble, two paths, and look at that claim construction and see

21  if it mentions the words "not read".  It does not.

22       I'd now like to go to the HBM patent.

23       If we can have slide 67.

24       There was a refusal of counsel to engage the basic defect

25  in the analysis that was presented.  Judge Gilstrap does not