# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) **Civil Action No. 2:22-cv-203-JRG** ) |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) **JURY TRIAL DEMANDED** ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, TO FILE A RESPONSE TO DEFENDANTS' SUR-REPLY CLAIM CONSTRUCTION BRIEF (Dkt. 113)**

Netlist respectfully brings this motion to strike portions of Micron's claim construction sur-reply (attached hereto as Exhibit A, striking through the requested portions) because it exceeds the very narrow authorization granted by the Court. Dkt. 84 at 1 ("[D]efendants may file a sur-reply brief **limited to addressing Dr. Stone's deposition** by July 5, 2023.") (emphasis added). Micron's sur-reply far exceeds this authorization, and in fact includes only four citations to Dr. Stone's deposition testimony. Dkt. 113 at 3-4. Indeed, in the nearly two pages of argument regarding the term "converter circuit," Micron's sur-reply does not refer to Dr. Stone's deposition testimony **at all**. Dkt. 113 at 4-6. The rest of Micron's nine-page sur-reply consists of unrelated argument addressing points Netlist first raised in its opening brief, and should be stricken as inconsistent with the Court's order and Micron's representations to the Court and to Netlist. *See* Dkt. 83 at 1 (Micron agreeing that its sur-reply would be "limited to addressing citations to Dr. Stone's deposition in Netlist's reply brief"). In the alternative, if the Court considers Micron's sur-reply, Netlist respectfully requests authorization to file the attached four-page response to afford Netlist an opportunity to respond to Micron's arguments (Exhibit B).

I.  **BACKGROUND**

To accommodate attorney scheduling conflicts regarding the May 24, 2023 deadline for claim construction discovery, the parties jointly moved to take the deposition of Micron's expert Dr. Stone out of time. Dkt. 83 at 1. The parties agreed that to the extent Netlist was to cite to Dr. Stone's deposition testimony in its claim construction reply brief, Micron would be afforded a limited sur-reply:

> Additionally, in the event that Netlist cites Dr. Stone's testimony in its reply claim construction brief, the parties also seek leave to allow Micron to file a sur-reply claim construction brief **limited to addressing citations to Dr. Stone's deposition in Netlist's reply brief** by July 5, 2023.

Dkt. 83 at 1 (emphasis added). Netlist agreed not to oppose Micron's filing of a sur-reply on this limited basis. *See* Ex. C (2023-05-24 Tezyan email) ("We can agree in advance to Micron filing a

sur-reply limited to addressing Dr. Stone's deposition testimony cited in Netlist's reply (to the extent Netlist's reply does so)."). On May 25, 2023, the Court granted the parties' joint motion. Dkt. 84 at 1 ("The parties may depose Dr. Stone by June 27, 2023, and defendants may file a sur-reply brief **limited to addressing Dr. Stone's deposition** by July 5, 2023.") (emphasis added).

Netlist deposed Dr. Stone on June 26, 2023, and filed its reply claim construction brief on June 30, 2023. Dkt. 110; Dkt. 110-02 (Stone Tr.). Netlist's reply brief responded to the arguments raised in Micron's responsive brief (Dkt. 109), and included citations to Dr. Stone's deposition testimony. Dkt 110. Micron filed its sur-reply brief on July 7, 2023. Dkt. 113.

## II. ARGUMENT

Pursuant to P.R. 4-5, sur-replies for claim construction briefing are not permitted. P.L.R. 4-5. Netlist agreed not to oppose Micron's filing of a sur-reply limited to addressing citations to Dr. Stone's testimony in order to resolve issues with scheduling his deposition, and the Court authorized Micron to file a sur-reply consistent with the parties' agreement. *See supra*, 1-2. Micron's sur-reply goes far beyond discussing the testimony of Dr. Stone that Netlist cited in its reply.

### A. "electrical communication" ('060, cl. 1, 11, 20; '160, cl. 1)

Netlist's reply cited Dr. Stone's testimony equating "electrical communication" and "electrical connection," and his testimony that the connection between a TSV and a stub constitutes "electrical communication." Dkt. 110 at 1. In its sur-reply, Micron includes nearly two pages of argument purporting to explain why the "real issue" the Court should decide with its construction of this term is not whether "electrical communication" and "electrical connection" are the same. Dkt. 113 at 1-2. In the second full paragraph, Micron argues that "[t]he real issue, which Netlist is trying to avoid, is whether Netlist should be permitted to argue to the jury that the term 'electrical communication' requires additional, unrecited limitations," not referencing to Dr. Stone's deposition testimony a single time. *Id.* at 2. In the next paragraph, Micron again argues

that Netlist is seeking to import another limitation into the claims (it is not) regarding "electrical communication" with stubs, again, including no discussion of Dr. Stone's deposition testimony. *Id.* These paragraphs simply take another opportunity to respond to argument that Netlist first raised in its opening brief, and that Micron already had an opportunity to address. *See* Dkt. 97 at 2-3 (discussing passage referencing electrical connection to "stubs" at 8:35-63). It is only in the last paragraph of this section that Dr. Stone's deposition testimony is addressed at all. *Id.* at 2-3. The remaining paragraphs should be stricken.

   **B.**  **"driver size" ('160, cl. 1)**

Netlist's reply cited to Dr. Stone's testimony regarding a hypothetical 10-transistor driver circuit with either 2 or 10 transistors active, where Dr. Stone explained that the "driver size" of such a circuit would depend on how many of the drivers one would need to use. Dkt. 110 at 3. While the last two paragraphs of Micron's sur-reply engage with this testimony, the first paragraph of Micron's sur-reply re-argues its interpretation of the term "driver size" without any citation to Dr. Stone's deposition testimony whatsoever. Dkt. 113 at 3 (first paragraph citing solely to Dkt. 97-9, Dr. Stone's declaration). This paragraph should be stricken.

   **C.**  **"converter circuit" ('918, all asserted claims)**

Netlist's reply cited to Dr. Stone's testimony regarding how he would define the term "circuit," and his references to an LDO as a "converter." Dkt. 110 at 7-8. Micron's sur-reply does not address these citations, and in fact, does not even reference Dr. Stone's deposition testimony for this term. *See* Dkt. 113 at 4-6. Instead, Micron's sur-reply includes a full paragraph of argument disputing Netlist's interpretation of Federal Circuit case law that Netlist first raised in its opening brief (Dkt. 97 at 20), and another two paragraphs disputing Netlist's interpretation of the intrinsic/extrinsic evidence—all without referring to Dr. Stone's deposition testimony. Dkt. 113 at 5-6. These paragraphs should be stricken.

### D. "at least one circuit" ('918, cls. 1-3, 5-7, 9-13, 15, 21)

For this term, Netlist's reply cited to Dr. Stone's testimony that the register of a DDR RDIMM is a "circuit." Dkt. 110 at 9. Micron's sur-reply dedicates a single sentence to addressing this testimony. Dkt. 113 at 7. The remainder of Micron's sur-reply includes argument disputing whether the term "circuit" is generally a nonce word, and disputing Netlist's interpretation of the disclosure of corresponding structure for the term "at least one circuit," which Netlist first raised in its opening brief. Dkt. 97 at 23-24; Dkt. 113 at 6-7. These portions of Micron's sur-reply should be stricken.

### E. "controller" ('918 patent, cls. 12, 18-19, 25-26; '054 patent, cls. 5, 7-13, 16-17, 23-25, 29-30)

Netlist's reply cited to Dr. Stone's testimony that, based on the language of '918 claim 12, the claimed "controller" needs to be directly or indirectly connected to the non-volatile memory to perform the recited function. Dkt. 110 at 9. Netlist's reply also cited to Dr. Stone's testimony agreeing that a controller designed for memory modules would have to be connected to the components it controls. *Id.* at 9-10. Micron's sur-reply features over two pages of argument regarding this term, but only a single paragraph discusses Dr. Stone's deposition testimony. Dkt. 113 at 8. The remainder of the sur-reply includes argument that the recited functions of the "controller" limitation do not impart structure, citing to the *MTD Products* and *Personal Audio* cases without reference to Dr. Stone's deposition testimony. *Id.* at 8-9. These portions of Micron's sur-reply should be stricken.

## III. CONCLUSION

For the foregoing reasons, Netlist respectfully requests that the Court strike the portions of Micron's sur-reply highlighted in Exhibit A, or, in the alternative, grant Netlist leave to file a response to the sur-reply (Exhibit B).

Dated: July 10, 2023                                              Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
jsheasby@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on July 10, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Michael Tezyan*
Michael Tezyan

[REDACTED]

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Netlist and counsel for Micron met and conferred regarding this motion on July 10. Netlist understands that Micron opposes the motion.

*/s/ Michael Tezyan*
Michael Tezyan
