# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | **Civil Action No. 2:22-cv-203-JRG** <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF NETLIST, INC.'S RESPONSE TO DEFENDANTS' CLAIM CONSTRUCTION SUR-REPLY (Dkt. 113)**

## **TABLE OF CONTENTS**

                                    **Page**

I. "electrical communication" ('060, claim 1, 11, 20; '160, claim 1) ........................................1

II. "converter circuit" ('918, all asserted claims) ...........................................................................1

III. "at least one circuit" ('918, cls. 1-3, 5-7, 9-13, 15, 21) ...........................................................3

IV. "controller" ('918 patent, cls. 12, 18-19, 25-26; '054 patent, cls. 5, 7-13, 16-17, 23-25, 29-30) ....................................................................................................................3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Dyfan, LLC v. Target Corp.*,
  28 F.4th 1360 (Fed. Cir. 2022) ...................................................................................2, 3

*MTD Products Inc. v. Iancu*,
  933 F.3d 1336 (Fed. Cir. 2019) ................................................................................ 2, 3, 4

*Sprint Commc'ns Co. L.P. v. Cox Commc'ns Inc.*,
  302 F. Supp. 3d 597 (D. Del. 2017) ...............................................................................3

*TEK Glob., S.R.L. v. Sealant Sys. Int'l, Inc.*,
  920 F.3d 777 (Fed. Cir. 2019) ........................................................................................2

I.  **"electrical communication" ('060, claim 1, 11, 20; '160, claim 1)**

Micron's sur-reply incorrectly argues that Netlist is trying to import "unrecited limitations" into the claims. Dkt. 113 at 2. Netlist is not seeking a construction of "electrical communication" that imports a "data port" limitation, nor is it seeking to import a "responsiveness" limitation. Dkt. 110 at 2. The only construction of "electrical communication" that Netlist is seeking is one that distinguishes the term from "electrical connection," consistent with the intrinsic evidence. Dkt. 97 at 1-3.

Micron's sur-reply also incorrectly argues that Netlist is seeking to interpret the "electrical communication" limitation to "require something more than communicating electricity to 'a stub on the array die.'" Dkt. 113 at 2. Dr. Stone testified at deposition that "electrical connection" to a "stub" is "electrical communication." Dkt. 110-02 (Stone Tr.) at 95:6-9 ("Is it your testimony that the connection between a TSV and a stub is electrical communication? A. Yeah. This demonstrates it, because the wave travels on that."). Netlist's Reply simply pointed out that Dr. Stone's interpretation was inconsistent with the following passage from the specification providing that "electrical connection[]" to a stub is not "electrical communication":

> **[E]lectrical connections** leading from the TSV of the array dies that are not configured to be in electrical communication with the die interconnect . . . **may be stubs**. These stubs are **not configured to provide electrical communication** with the memory cells of the array die.

'060 patent, 8:57-62 (emphasis added); Dkt. 110 at 1.

II.  **"converter circuit" ('918, all asserted claims)**

Micron cites to Dr. Stone's declaration to suggest that the dictionary definitions of "circuit" Netlist provided do not connote sufficient structure. Dkt. 113 at 4. But Dr. Stone's declaration provides no analysis of these definitions, which Dr. Stone conceded were consistent with his own definition of the term "circuit" as "a collection of electrical components connected together in some fashion." Dkt. 110-02 (Stone Tr.) at 23:9-17; 22:21-23:7.

Micron is also incorrect that "[r]ecital of 'some structure' is not 'sufficient structure' to remove the claims from § 112, ¶ 6 treatment." Dkt. 113 at 5. To the contrary, the Federal Circuit has instructed that "[i]n cases where it is clear that a claim term itself connotes **some structure** to a person of ordinary skill in the art, 'the presumption that § 112, ¶ 6 does not apply is determinative' in the absence of 'more compelling evidence of the understanding of one of ordinary skill in the art.'" *Dyfan, LLC v. Target Corp.*, 28 F.4th 1360, 1366 (Fed. Cir. 2022) (emphasis added) (quoting *Apex Inc. v. Raritan Comput., Inc.*, 325 F.3d 1364, 1373 (Fed. Cir. 2003)).

Micron now claims that Netlist's own expert "unequivocally agreed" with Dr. Stone's understanding of "converter circuit," citing to testimony from *Samsung I*. Dkt. 113 at 5-6. Micron again ignores that Dr. Mangione-Smith used the term "circuit" consistent with its normal usage connoting structure. Dkt. 110 at 8. Moreover, Dr. Mangione-Smith mapped the claimed "converter circuit" to an LDO, and pointed to the switch on the LDO as evidence of structure:

> Q. And counsel asked you about this figure here, which is the circuitry of the LDO. Correct?
> A. Yes.
> Q. And is there a -- excuse me. Is there a switch in the circuitry for this LDO?
> A. Yes.

Ex. 31 (*Samsung I* Trial Tr.) at 469:6-10.

Finally, the specification is properly used to interpret claim language to determine if it is a nonce word. *MTD Prods. Inc. v. Iancu*, 933 F.3d 1336, 1342 (Fed. Cir. 2019) ("[W]e note that '[c]laims are interpreted in light of the written description supporting them, and that is true whether or not the claim construction involves interpreting a "means" clause.'") (citation omitted); *TEK Glob., S.R.L. v. Sealant Sys. Int'l, Inc.*, 920 F.3d 777, 785-787 (Fed. Cir. 2019) (concluding that the term "conduit" should not receive 112, para. 6 treatment in part because "[c]onsidering the specification … we conclude that the '110 patent clearly contemplates a conduit having physical structure"). The structure in the specification for a "converter circuit" goes far beyond buck, buck-boost, and boost converters. The reference to buck, buck-boost and

boost converters in the specification is introduced with the non-limiting term "**such as**." '918 patent, 29:23-26. *Sprint Commc'ns Co. L.P. v. Cox Commc'ns Inc.*, 302 F. Supp. 3d 597, 617 (D. Del. 2017) ("The phrase 'such as' is commonly used in patents to identify non-limiting examples."). Moreover, the specification makes clear that that it is not limiting the types of converters. *See* '918 patent, 29:58-61 (sub-blocks in conversion element 1120 "**may** comprise other types of converters (e.g., pure boost converters) or which may produce different voltage values.").

### III.     "at least one circuit" ('918, cls. 1-3, 5-7, 9-13, 15, 21)

Contrary to Micron's assertion, the term "circuit" connotes structure (*see* Dkt. 97 at 18-21), particularly where, as here, the claim language specifies the operations of the "at least one circuit." *Id.* at 23. Micron does not dispute that, as Netlist pointed out, *MTD Products* held at the outset the term "mechanical control assembly" is a "generic, black-box" nonce word. Dkt. 110 at 8-9. Micron cites to no authority from the Federal Circuit or any court in this district that the term "circuit" is a nonce word. *See* Dkt. 109 at 18; Dkt. 113 at 4-7.

If the Court adopts a means-plus-function limitation, Netlist has cited support evidencing that a register is a structure for "at least one circuit." Dkt. 97 at 23-24; Dkt. 110 at 9. Figs. 12-14 depict "the at least one circuit" 1052 as a "switch" which inputs and outputs control/address signals, and Fig. 15A likewise illustrates registers 1160 and one or more switches 1170 as receiving and outputting control/address signals. '918, 23:41-56.

### IV.     "controller" ('918 patent, cls. 12, 18-19, 25-26; '054 patent, cls. 5, 7-13, 16-17, 23-25, 29-30)

Micron's sur-reply improperly suggests that it is Netlist's burden to establish that the term "controller" connotes structure. Dkt. 113 at 7; *Dyfan*, F.4th at 1370-71 ("In the absence of the word 'means,'" party challenging the presumption against means-plus-function treatment must establish "by a preponderance of the evidence that the [limitation] fails to recite sufficiently definite structure."). In any event, Netlist has shown that the term "controller" as used in the

claims connotes structure to a POSITA, for example, the structure necessary to connect the components the "controller" is controlling. Dkt. 110-02 (Stone Tr.) at 83:22-84:8 (Dr. Stone admitting that, per claim 12, "the controller needs to be connected directly or indirectly to the non-volatile memory in order to perform the write operation in the non-volatile memory."); *id.*, 39:13-18. A controller in the claim is circuitry that is connected to the non-volatile memory such that the connection allows for data to be transferred. This is structure. The function performed by this structure is separately recited ("perform[ing] a write operation to the non-volatile memory.").

Micron's reliance on *MTD Products* is misplaced. In that case, there was no discussion of what a "mechanical control assembly" is from a structural standpoint in the specification. 933 F.3d 1336 at 1343; *id.* at 1344 (noting that "the specification does not even refer to a 'mechanical control assembly.'"). In contrast, the '918/'054 specification provides the exact structure of a controller. '918, 24:35-40 ("[T]he controller 1062 may comprise a microcontroller unit (MCU) 1060 and a logic element 1070."), 23:1-25 (logic element 1070 comprises an FPGA, PLD, ASIC, custom-designed semiconductor device, or CPLD).

| | |
|---|---|
| Dated: July 10, 2023 | Respectfully submitted, |
| | */s/ Jason G. Sheasby* |
| | Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason G. Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*) |

jsheasby@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

### CERTIFICATE OF SERVICE

I hereby certify that, on July 10, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Michael Tezyan*
Michael Tezyan