UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-203-JRG-RSP <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' OPPOSITION TO PLAINTIFF NETLIST, INC.'S OPPOSED MOTION TO STRIKE DEFENDANTS' CLAIM CONSTRUCTION SUR-REPLY BRIEF**

I. **INTRODUCTION**

Netlist's motion to strike Micron's claim construction Sur-Reply, or in the alternative for additional briefing, should be denied. In May 2023, Netlist approached Micron and asked for Micron's consent to depose Micron's claim construction expert, Dr. Stone, more than a month after close of claim construction discovery citing, among others, alleged conflicts as its basis. As a professional courtesy, Micron agreed to allow Netlist to depose Dr. Stone out of time. That, however, meant that Dr. Stone's deposition would take place *after* Micron's submission of its responsive claim construction brief. Thus, in exchange for the extension, Micron requested an opportunity to rebut Netlist's arguments relating to Dr. Stone's deposition testimony through a Sur-Reply, which this Court granted. ECF No. 84.

Micron's Sur-Reply complies with this Court's order as it is narrowly tailored and limited to addressing the issues and arguments that relate to Dr. Stone's deposition testimony. Indeed, Micron's Sur-Reply addresses only five of the eleven disputed claim terms. Netlist's Reply for each of these claim terms relies upon Dr. Stone's deposition testimony as alleged support.

Netlist's strategy appears to be (i) take a late deposition of Micron's expert, (ii) present new arguments in Netlist's Reply claim construction briefing that rely upon testimony from the late deposition, and (iii) move to strike Micron from properly responding. This type of litigation gamesmanship should not be rewarded, and accordingly, Netlist's motion to strike Micron's Sur-Reply claim construction brief, or in the alternative to allow additional briefing, should be denied.

II. **BACKGROUND FACTS**

The deadline to complete claim construction discovery was May 24, 2023. ECF No. 43 (Docket Control Order). After Micron served a declaration from Dr. Stone on April 26, 2023, Netlist cited scheduling conflicts and requested Micron's consent to take Dr. Stone's deposition out of time between June 22 and June 27, 2023. Because Micron's responsive claim construction

1

brief was due before the proposed dates for Dr. Stone's deposition, Micron agreed under the condition that it be permitted to submit a Sur-Reply addressing Netlist's arguments that rely on or discuss Dr. Stone's deposition testimony. The parties submitted a joint motion to this effect, and the Court granted the parties' motion. ECF No. 84 ("The parties may depose Dr. Stone by June 27, 2023, and defendants may file a sur-reply brief limited to addressing Dr. Stone's deposition by July 5, 2023.").

**III.   ARGUMENT**

    **A.   Netlist's Motion to Strike Micron's Sur-Reply Should Be Denied as Micron's Sur-Reply Claim Construction Brief Is Narrowly Tailored to Address Netlist's Reply Arguments Related to Dr. Stone's Deposition Only**

There is no dispute that Micron's Sur-Reply addresses only five of the eleven disputed claim terms and that, for each of these five terms, Netlist's Reply cites and discusses Dr. Stone's deposition testimony. Thus, the only issue is whether Micron's Sur-Reply addressing Netlist's Reply arguments for these five disputed claim terms is in compliance with this Court's Order permitting Micron to "[a]ddress[] Dr. Stone's deposition." ECF No. 84 at 1. As explained below, it is.

    **1.   "electrical communication"**

Netlist's Reply makes two primary arguments regarding "electrical communication": (i) that Dr. Stone's testimony is inconsistent with Micron's position (Reply at 1) and (ii) Micron is misreading the prosecution history (Reply at 2). Micron's Sur-Reply properly responded to argument (i) and did not address Netlist's prosecution history argument (ii). Micron's Sur-Reply is proper and Netlist's motion should be denied.

The "electrical communication" arguments that Netlist seeks to strike (Mot. at 2-3) are directly responsive to arguments Netlist made about Dr. Stone's deposition testimony. For example, the last paragraph of Section 2.A (*see* Sur-Reply at 2-3 (paragraph beginning with

"Turning to …")) responds to Netlist's misrepresentations of Dr. Stone's testimony.  The opening portion of Section 2.A (*see* Sur-Reply at 1-2 (paragraph beginning with "Netlist's attempt to distinguish …")) introduces the irrelevance of the argument Netlist is making, including their arguments about Dr. Stone's deposition testimony, to this disputed claim issue.  Accordingly, Micron's Sur-Reply regarding the "electrical communication" term complies with the Court's Order.

### 2. "driver size"

For the term "driver size," the main thesis of Netlist's Reply is that "Dr. Stone's testimony illustrates why Micron's proposed construction should be rejected."  Reply at 3. Micron's Sur-Reply properly rebutted this argument, which necessitated referring to Dr. Stone's declaration to place Micron's argument and the testimony of Dr. Stone in context.  Sur-Reply at 3.  Micron also cited to Dr. Stone's deposition testimony to show that it directly contradicts Netlist's argument for this term.  Sur-Reply at 3-4.  Accordingly, Micron's Sur-Reply regarding the "driver size" term also complies with the Court's Order.

Netlist incorrectly argues that the first paragraph of Micron's Sur-Reply regarding "driver size" should be stricken because there is no "citation to Dr. Stone's deposition testimony whatsoever." Mot. at 3.  There is no rigid requirement that every sentence of Micron's Sur-Reply must cite to Dr. Stone's deposition to be responsive to the argument Netlist made about Dr. Stone's deposition.  Rather, the Court's Order permitted Micron to submit a Sur-Reply "addressing Dr. Stone's deposition" (ECF No. 84 at 1), and that is exactly what Micron provided.

### 3. "converter circuit"

Netlist's Reply argues that the term "circuit" connotes structure.  Reply at 7-8 (citing to Dr. Stone's "regarding how he would define the term 'circuit,' and his references to an LDO as a 'converter,'" *see* Mot. at 3).  Micron's Sur-Reply properly rebutted Netlist's mischaracterization

3

of Dr. Stone's testimony with references to Dr. Stone's declaration, which was the subject of his deposition, relevant case law supporting Dr. Stone's opinion, and explanation of how Netlist's arguments support Dr. Stone's opinions. Sur-Reply at 4-6 ("Dr. Stone was unequivocal in his opinion that …") (citing Dr. Stone's deposition testimony). Therefore, Micron's Sur-Reply regarding the "converter circuit" term also complies with the Court's Order.

### 4.  "at least one circuit"

Netlist's Reply contends that the term "at least one circuit" connotes structure. Reply at 8-9. In making this argument, Netlist mischaracterized Dr. Stone's deposition testimony as an admission that the specification discloses a sufficient structure for the claimed "at least one circuit." *Id.* at 9. In response, and similar to the "converter circuit" term discussed above, Micron's Sur-Reply properly rebutted Netlist's mischaracterizations of Dr. Stone's testimony. Sur-Reply at 6-7. Netlist again incorrectly argues that any portion of Micron's Sur-Reply that does not directly cite to or discuss Dr. Stone's deposition testimony should be stricken. Mot. at 4 ("Micron's sur-reply dedicates a single sentence to addressing this testimony. The remainder of Micron's sur-reply … should be stricken."). But as explained above, there is no requirement that every sentence of Micron's Sur-Reply must cite to Dr. Stone's deposition. Micron has given the sufficient context to explain why Netlist's arguments about Dr. Stone's testimony fail. Micron's Sur-Reply regarding the "at least one circuit" term accordingly complies with the Court's Order.

### 5.  "controller"

Netlist's Reply argues that the "the 'controller' limitation recites sufficiently definite structure." Netlist's Reply cites to Dr. Stone's testimony throughout its argument as alleged support. Reply at 9-10. Micron's Sur-Reply specifically addresses Netlist's mischaracterization of Dr. Stone's deposition with references to both Dr. Stone's declaration and his deposition testimony. Micron also notes that Netlist cites no expert testimony in support of Netlist's

4

arguments for this term. Those arguments are also proper to demonstrate why Dr. Stone's opinions, including those given at his deposition, should be given substantial weight. Sur-Reply at 8-9. Accordingly, Micron's Sur-Reply regarding the "controller" term complies with the Court's Order.

## IV.   CONCLUSION

For the foregoing reasons, Micron respectfully requests that the Court deny Netlist's Motion.

Dated: July 21, 2023

Respectfully submitted,

/s/ Michael R. Rueckheim
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P Enzminger (*pro hac vice*)
denzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)

5

State Bar No. 1500598
mhopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

William M. Logan
State Bar No. 24106214
wlogan@winston.com
Juan C. Yaquian (*pro hac vice*)
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Andrea Fair
State Bar No. 24078488
andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR DEFENDANTS
MICRON TECHNOLOGY, INC.,
MICRON SEMICONDUCTOR PRODUCTS,
INC., MICRON TECHNOLOGY TEXAS, LLC**

**CERTIFICATE OF SERVICE**

I certify that, on July 21, 2023, a copy of the foregoing was served on all counsel of record via the Court's ECF system and email.

*/s/ Mike Rueckheim*
Mike Rueckheim

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Mike Rueckheim*
Mike Rueckheim