# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:22-CV-203-JRG ) |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS INC., MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S MOTION TO COMPEL MICRON
DEFENDANTS TO PRODUCE RELEVANT LICENSE AGREEMENTS
AND LISTS OF PATENTS LICENSED**

## TABLE OF CONTENTS

**Page**

I. FACTUAL BACKGROUND ...................................................................................................1

II. ARGUMENT ..........................................................................................................................4

III. CONCLUSION .......................................................................................................................7

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Cywee Grp. Ltd. v. Samsung Elecs. Co.*,
   2018 WL 4112055 (E.D. Tex. Jan. 23, 2018) ................................................................................4

*Maxell Ltd. v. Apple Inc.*,
   2019 WL 7905454 (E.D. Tex. Nov. 13, 2019) ..............................................................................4

*Mirror Worlds Techs., LLC v. Apple Inc.*,
   2016 WL 4265758 (E.D. Tex. Mar. 17, 2016) ..............................................................................4

*Sportvision, Inc. v. MLB Advanced Media L.P.*,
   2022 WL 92758 (S.D.N.Y. Jan. 10, 2022) ....................................................................................6

*Williams v. Steward Health Care Sys., LLC*,
   2021 WL 7084166 (E.D. Tex. Dec. 16, 2021) ..............................................................................4

**Rules**

Fed. R. Civ. P. 26(b)(1) ......................................................................................................................4

E.D. Tex. L.R. 26(d) ..........................................................................................................................4

Plaintiff Netlist, Inc. ("Netlist") hereby moves to compel defendants Micron Technology, Inc., Micron Semiconductor Products Inc., and Micron Technology Texas LLC ("Micron") to produce relevant licenses or agreements in its possession. Specifically, Micron must produce:

1. Patent licenses, settlement agreements, covenants not to sue, or related items entered into by any of the Micron Defendants that relate to semiconductors or semiconductor manufacturing, memory products, transistors or circuits, or components of servers or other personal computers, including but not limited to the agreements and renewed agreements Micron entered into with Rambus, Inc.; and

2. The list of patents licensed by any party as part of each agreement.

The above-identified documents are directly relevant to the calculation of damages in this matter.

Netlist has been requesting the relevant licenses and a meet and confer with respect to Micron's document production deficiency for months. However, as of August 1, 2023, a month before the close of fact discovery and the deadline for Netlist to serve its opening expert reports, Micron has not produced a single license agreement. Micron also refused to provide a date certain of its production, or describe the standard Micron will apply in determining which license agreements it will produce. Micron's delay and evasive discovery behavior has improperly impeded Netlist's availability to prepare for depositions and expert reports.

I. **FACTUAL BACKGROUND**

On November 10, 2022, Netlist sent Micron a letter, identifying 163 categories of documents relevant to the parties' claims and defenses in this Action. Dkt. 94-2. Among others, Netlist asked Micron to produce:

> 33. Documents, including license agreements and settlement agreements, related to the royalty rate and total royalties You charge or pay for the use, manufacture, or sale of technology or intellectual property, including patents, relating to the LRDIMM Data Buffer Read Timing feature in each Micron Accused DDR4 LRDIMM.
>
> 44. Documents, including license agreements and settlement agreements, related to the royalty rate and total royalties You charge or pay for the use, manufacture, or sale of technology or intellectual property, including patents, relating to the enablement/disablement of read or write buffers in each Micron Accused DDR4 LRDIMM.

> 62. Documents, including license agreements and settlement agreements, related to the royalty rate and total royalties You charge or pay for the use, manufacture, or sale of technology or intellectual property, including patents, relating to implementing the power management circuitry on the module board instead of on the motherboard in each Micron Accused DDR5 DIMM.
>
> 75. Documents, including license agreements and settlement agreements, related to the royalty rate and total royalties You charge or pay for the use, manufacture, or sale of technology or intellectual property, including patents, relating to Micron Accused HBM Products.

On January 11, 2023, Netlist served its first set of interrogatories on Micron, which asked Micron to identify license agreements relevant to a reasonable royalty analysis in this Action and the factual bases showing such license agreements are comparable or incomparable to the parties' hypothetical negotiation.

> **INTERROGATORY NO. 7:**
>
> For each license agreement that You believe is relevant to a reasonable royalty analysis, identify the license agreement, Your interpretation of the royalty rate and structure set forth in the license agreement, and all factual and legal bases for why it is (or is not) a comparable license.

Micron failed to provide any substantive responses to Rog No.7, but simply stated that Micron "will produce non-privileged documents responsive to this Interrogatory pursuant to Federal Rule of Civil Procedure 33(d) to the extent they exist." Dkt. 128-6, at 16. Today, over a month and a half after the substantial production deadline, Micron has still not produced a single license agreement, nor has it supplemented the interrogatory responses either substantively or by identifying any relevant document production.

On June 16, Netlist asked Micron again to produce the relevant patent licenses, settlement agreements, covenants not to sue as well as "the list of patents licensed by any party as part of each agreement." Ex. 1 (2023-06-16 Zhao Email). Among others, Netlist specifically identified license agreements that Micron entered into with Rambus, Inc. *Id.* ("By way of example, Micron should produce its license agreements with Rambus and any subsequent renewed license and identify the licensed patents."). The Rambus Agreements were initially entered between Micron and Rambus in 2013 under which Micron agreed to pay up to $280 million to use Rambus's

patents for the manufacture of integrated circuit products, which include DRAM products similar to Micron's accused DDR4 LRDIMMs, DDR5 DIMMs, and HBM products at issue in this Action.[1] Micron and Rambus renewed the agreement recently on September 3, 2020.[2]

Because Micron never responded to Netlist's email or produced the relevant documents, Netlist's counsel followed up on this issue respectively on July 5, July 14, and July 18. *See* Dkt. 121-01 at 13 ("As requested in our June 16 email, Micron should produce all patent licenses, settlement agreements, covenants not to sue"); at 10 ("As the Court pointed out during our last hearing, the deadline for substantial completion of document production was over a month ago on June 7, 2023, but Micron has not produced a single license agreement as of today."); *id.* ("Counsel, I write to follow up again on the discovery deficiencies identified below"). Micron either completely ignored Netlist's requests or only stated that it was "investigating the issue." Micron never objected to Netlist's requests as irrelevant or overly burdensome.

At the parties' meet and confer on July 20, counsel for Micron stated that it was collecting license documents but refused to provide a specific date for production, nor any explanation why it has not produced licenses on a rolling basis. When asked whether Micron will produce the Rambus agreements, Micron stated that it believes those agreements are not comparable to the parties' hypothetical negotiation and therefore would likely withhold them. Despite Netlist's further attempts to ask Micron to explain the standard it applied in determining which license agreements it will produce and what they will withhold, Micron refused to answer.

In light of Micron's evasive answer and delay in producing licenses, the parties had a lead/local counsel meet and confer on July 28. Micron again refused to confirm it would produce

---

[1] *See* https://www.rambus.com/rambus-and-micron-sign-license-agreement/; *see also* https://www.sec.gov/Archives/edgar/data/917273/000091727314000007/rmbs-ex1016_20131231xq4.htm.

[2] https://investor.rambus.com/press-releases/press-release-details/2020/Rambus-and-Micron-Extend-Patent-License-Agreement/default.aspx.

all relevant license agreements, including the Rambus agreements, and refused to identify a date certain for its production. Although Micron stated that it would have an answer by the end of day on July 28, Micron never provided any response after the meet and confer. Netlist once again has to seek the Court's intervention to address Micron's discovery deficiencies.

## II.     ARGUMENT

Rule 26 allows a party to obtain discovery regarding any subject relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1); L.R. 26(d). "The party resisting discovery must show specifically how each discovery request is not relevant or how each request is overly broad, burdensome, or oppressive." *Williams v. Steward Health Care Sys., LLC*, 2021 WL 7084166, at *4 (E.D. Tex. Dec. 16, 2021) (citation omitted).

**Request 1** seeks license and/or settlement agreements entered into by the defendants for patents relating to semiconductors, semiconductor manufacturing, memory products, transistors or circuits, or components of servers or other personal computers.

Courts in this district consistently allow broad discovery into potentially relevant license agreements. *See Maxell Ltd. v. Apple Inc.*, 2019 WL 7905454, at *3 (E.D. Tex. Nov. 13, 2019) (granting patentee's motion to compel production of "all patent licenses…or other agreements [c]oncerning patents or intellectual property . . . that relate to the Accused Products or products that are reasonably similar to the Accused Products") (emphasis added); *Cywee Grp. Ltd. v. Samsung Elecs. Co.*, 2018 WL 4112055, at *1-2 (E.D. Tex. Jan. 23, 2018) (compelling production of "any agreement (past and present) that includes a license… or other rights to use, make, sell, offer to sell or import Accused Products or Additional Products in the United States"). Even where a defendant contends a license covers patented technology it believes is not comparable, that is not a sufficient basis to shield the license from discovery. *See Mirror Worlds Techs., LLC v. Apple Inc.*, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016) ("[Defendant]'s response that the technologies are dissimilar, by itself, does not demonstrate that the withheld agreements are irrelevant, overly

broad, unduly burdensome or oppressive, and thus should not be produced").

Micron does not deny the licenses agreements Netlist seeks exist, nor does Micron deny that "semiconductors, semiconductor manufacturing, transistors or circuits, or components of servers or other personal computers" are related to the technology at issue. Micron also does not contend that searching for patent licenses that it has entered into is not proportional to the needs of the case. Instead, Micron unilaterally limited its search and production of license agreements to what it contends as "comparable" to the parties' hypothetical negotiation by refusing to produce, for example, the Rambus agreements clearly relevant to the memory technologies at issue in this Action. There is no basis for Micron to limit its search in this manner.

Further, the Rambus agreements were entered in connection with settlement of lawsuits Rambus brought against Micron, whereby Rambus asserted infringement by Micron's DRAM products (e.g. DDR2 memory modules). The accused products in this Action include DRAM products as well. *See* Dkt. 70 (accusing Micron's DDR4, DDR5). A redacted version of the 2013 Rambus agreement, which is publicly available, clearly shows that it is related to "Semiconductor Patents" and "DRAM" products, just like the accused products here.[3]

EX-10.16 3 rmbs-ex1016_20131231xq4.htm EXHIBIT 10.16

Exhibit 10.16

**SEMICONDUCTOR PATENT LICENSE AGREEMENT**

This SEMICONDUCTOR PATENT LICENSE AGREEMENT ("Agreement") is effective as of December 1, 2013 ("Effective Date") by and between Rambus Inc., a corporation duly organized and existing under the laws of Delaware, U.S.A., having its principal place of business at 1050 Enterprise Way, Suite #700, Sunnyvale, California 94089, U.S.A., (hereinafter "Rambus") and Micron Technology, Inc., a corporation duly organized and existing under the laws of Delaware, U.S.A., having its principal place of business at 8000 S. Federal Way, Boise, Idaho 83716, U.S.A., (hereinafter "Micron"). Micron and Rambus shall be referred to herein individually as a Party, and collectively as the Parties.

1.40 "Initial Paid-Up Product" means each Micron Product that is an SDR DRAM, DDR DRAM, DDR2 DRAM, DDR3 DRAM, GDDR DRAM, GDDR2 DRAM, GDDR3 DRAM, GDDR4 DRAM, GDDR5 DRAM, LPSDR DRAM, LPDDR DRAM, LPDDR2 DRAM, LPDDR3 DRAM, RLDRAM, DDR Mobile RAM, DDR2 Mobile RAM, Wide I/O Mobile DRAM, and Hybrid Memory Cube 1.X DRAM. Notwithstanding the foregoing sentence, any product that constitutes a Rambus Leadership Product shall be deemed not to be an Initial Paid-Up Product.

Further, in the lawsuit between Netlist and Samsung involving the same patents in suit, this Court

---

[3] *See* https://www.sec.gov/Archives/edgar/data/917273/000091727314000007/rmbs-ex1016_20131231xq4.htm.

allowed testimony and evidence regarding license agreements between Rambus and Samsung as potentially comparable licenses. *See* Trial Tr., *Netlist, Inc. v. Samsung Elec. Co., Ltd.*, No. 21-cv-463, Dkt.490 at 680-81 (E.D. Tex. Apr. 28, 2023). Rambus entered the license agreements with Micron and Samsung to reach a resolution of parallel litigations involving Rambus's patents. In addition, the Samsung-Rambus licenses cover the same memory technologies and patents as the Micron-Rambus agreements Netlist now seeks from Micron.[4]

Micron's argument that the Rambus license or any other license is not comparable is not a basis to shield it from discovery. Comparability is a contested issue to be determined by expert witnesses. Micron cannot unilaterally decide what is comparable, and then refuse discovery to prevent Netlist from rendering its own analysis. That Netlist has had to file multiple motions to compel in this action because Micron has consistently taken this tact of unilaterally deciding the scope of discovery in this case is telling. Micron is taking an extreme gamesmanship approach to discovery, and should not be rewarded.

**Request 2** asks Micron to provide a complete list of the patents licensed under the agreements Micron produces (or should produce as a result of this motion to compel). Such information is necessary to determine whether a license agreement is comparable, technically and economically. District courts have required production of such information. *See Sportvision, Inc. v. MLB Advanced Media L.P.*, 2022 WL 92758, at *3 (S.D.N.Y. Jan. 10, 2022) (granting patentee's motion to compel to "identify . . . the patents that are the subject of the 12 patent licenses [the defendant] identified" and noting "if there is any reasonable possibility that the technology underlying [these] licenses could be considered comparable," they should be produced). Netlist's request is proportional to the needs of this case and it only requests that Micron produce the list

---

[4] *Compare* Fn.3 with the redacted version of Rambus-Samsung settlement agreement, https://www.sec.gov/Archives/edgar/data/917273/000091727310000028/ex10_1.htm.

of patents covered by each agreement to the extent Micron has such list in its possession. Micron never denied that it has such patent lists in its possession or explained why producing such patent lists would be overly burdensome.

### III. **CONCLUSION**

For the reasons stated above, Netlists' motion should be granted.

Dated: August 1, 2023

Respectfully submitted,

*/s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

**Attorneys for Plaintiff Netlist, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 1, 2023, a copy of the foregoing was served to all counsel of record via the Court's ECF system.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on July 28, 2023 the lead and local counsel of each side met and conferred. The parties are at an impasse because Defendants refuse to provide the requested documents.

*/s/ Yanan Zhao*
Yanan Zhao