# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 2:22-cv-203-JRG ) |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., and MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF NETLIST INC.'S OPPOSED MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT**

Plaintiff Netlist, Inc. ("Netlist") respectfully requests leave to file the attached Second Amended Complaint to add claims of induced and contributory infringement under 35 U.S.C. §§ 271(b) and (c) as to U.S. Patent Nos. 11,016,918 ("'918 patent"); 11,232,054 ("'054 patent"); 8,787,060 ("'060 patent"); and 9,318,160 ("'160 patent"). Ex. 1 (Netlist's Second Amended Complaint); Ex. 2 (redline). Good cause exists for Netlist to amend.

*First*, Micron has been on notice of Netlist's induced and contributory infringement claims since September 8, 2022, because Netlist's infringement contentions explicitly state: "Micron has infringed and is infringing, directly and/or indirectly, both literally and under the doctrine of equivalents." Dkt. 57-04 at 2. The contentions also make it clear that Netlist's "infringement allegations for each of the patents addressed in this disclosure include, without limitation, infringement under 35 U.S.C. §§ 271(a)-(c), and (f)." *Id.* at 2 n.1. At no time did Micron contend these contentions were deficient, nor has Micron moved to strike them.

*Second*, Netlist did not seek leave to amend earlier because Micron waited until July 20, 2023, to argue that Netlist has not asserted indirect infringement claims as to the '918, '054, '060, and '160 patents. Micron took this position to resist discovery into its sales data for the accused products, which the Court has now compelled. Dkt. 123. Netlist immediately stated its intent to amend the complaint and asked Micron whether it opposed Netlist's motion on July 21, 2023. Ex. 4. Micron refused to respond for over a week.

*Third*, Micron will not suffer any prejudice as a result of Netlist's amendment of the current pleading because the amendment will not change the scope of the parties' discovery. The Court has ordered Micron to produce worldwide sales records, including "a spreadsheet showing sales records with respect to each of the Accused Products, including but not limited to the product number, product name, product type, any other tracked product identifier, date of each sale, volume, price, revenue, final customer, recipient, the country from which the product is shipped, the country to which the product is shipped, cost of goods sold, margin, and the location

1

of the customer." Dkt. 123 at 1.  Micron has not identified any burden it would suffer as a result of Netlist's amendment—because the relevant evidence is largely in Micron's own possession.

*Fourth*, a continuation of any deadlines is unnecessary as additional discovery is not needed, and there is over a month left in the fact discovery period in any event.

Netlist respectfully asks the Court for leave to amend its pleading to assert claims under 35 U.S.C. §§ 271(b) and 271(c) as to the '918, '054, '160, and '060 patents.

## I.     FACTUAL BACKGROUND

### A.     Netlist's Infringement Contentions Explicitly Assert Induced and Contributory Infringement Claims for Each Patent-in-Suit

On June 10, 2022, Netlist filed a complaint alleging that Micron had infringed six patents: U.S. Patent Nos. 10,860,506 (the "'506 patent"); 10,949,339 (the "'339 patent"); the '918 patent; the '054 patent; the '060 patent; and the '160 patent. Dkt. 4.  On May 3, 2023, Netlist filed a First Amended Complaint ("FAC").  Dkt. 70.  The FAC incorporated additional allegations regarding Micron's knowledge and notice of Netlist's patented technology.  In both the original Complaint and the FAC, Netlist specifically alleged induced and contributory infringement of the '506 and '339 patents, *see* Dkt. 4 ¶¶ 75–76, 89–90; Dkt. 70 ¶¶ 75–76, 89–90, but inadvertently omitted specific allegations of induced or contributory infringement claims as to the other patents-in-suit.

On September 8, 2022, Netlist served its PICs on Micron and identified its allegations of indirect infringement, and specifically identified 35 U.S.C §§ 271(a)-(c) and (f).  Dkt. 57-04:

> **I.   INFRINGEMENT OF THE ASSERTED PATENTS**
>
> **A.   Identification of Infringed Claims**
>
> In accordance with P. R. 3-1(a), based on the public information presently available, Netlist asserts that Micron has infringed and is infringing, directly and/or indirectly,[1] both literally and under the doctrine of equivalents, at least the following claims:
>
> - the '506 patent: 1-3, 5, and 11-16;
> - the '339 patent: 1-4, 6-23, 26-30, and 32-35;
> - the '918 patent: 1-3, 5-7, 9-13, and 15-30;
> - the '054 patent: 1-13, 15-17, 23-25, and 29-30;
> - the '060 patent: 1-14, 16-21, and 23-28;
> - the '160 patent: 1-2, 4, and 5.
>
> ---
> [1] Netlist's infringement allegations for each of the patents addressed in this disclosure include, without limitation, infringement under 35 U.S.C. §§ 271(a)-(c), and (f).
>
> - 2 -   Netlist's Asserted Claims & Infringement Contentions
>              Netlist, Inc. v. Micron Tech. Inc., No. 22-cv-203 (E.D. Tex.)

Dkt. 57-04 at 2 & n.1 (highlight added). Netlist subsequently served First Supplemental Infringement Contentions on January 27, 2023. Dkt-57-02. The supplemental contentions state Netlist's assertions of induced and contributory infringement in identical language. Dkt-57-03 at 2.

### B.   Netlist Promptly Sought Leave to Amend

Micron waited until July 20, 2023 to contend that Netlist did not assert induced or contributory infringement claims with respect to the '918, '054, '060, or '160 patents, during the parties' meet and confer for Netlist's document production requests. Specifically, Micron improperly withheld worldwide sales data relating to the '918, '054, '060, and '160 patents on the theory that Netlist had not asserted indirect infringement of these patents.

Micron had never before identified this alleged objection, but had many chances to do so. For example, on January 11, 2023, Netlist served interrogatories on Micron seeking, *inter alia*,

- 3 -

identification of all accused Micron products by name and part number, Ex. 3 at 13, as well as:

> [T]he total number of units made, sold, used, or offered for sale, gross revenue, average revenue, operating revenue, net revenue, gross profit, operating profit, net profit, profit margin, the country or countries in which the unit was made, the country or countries in which any contract or invoice relating to the product was sent to or received from, the country or countries that the products were shipped to, the purchaser (including both the direct and indirect purchaser) and costs associated with each Micron Accused Product identified in response to Interrogatory No. 2, on a product-by-product basis.

*Id.* at 14. Netlist's interrogatories explicitly sought information regarding activities outside the United States, expressly including foreign sales:

> This interrogatory is not limited to only the Micron Accused Products You contend are made, used, sold, offered for sale, or imported in the United States, because this will be an issue of disputed fact, and Netlist is entitled to the full discovery into what satisfies that requirement. *Id.* at 13, 14.

Netlist sought this discovery from Micron for months, including through its Motion to Compel Production of Sales, Financials, and Marketing Documents Relating to Micron's Accused Products, filed on May 12. Dkt. 73. Micron waited another two months after Netlist filed its motion to compel to raise its argument that Netlist had not pled indirect infringement claims.

The day after Micron raised its new position, on July 21, 2023, Netlist informed Micron that it had asserted induced and contributory infringement claims as to each of the patents, noted that it would move to amend its complaint out of an abundance of caution, and inquired whether Micron would oppose. Ex. 4 (Netlist emails to Micron on July 21 and July 26). Micron did not respond until a week later on July 28, 2023 during the parties' meet and confer, where Micron refused to consent to Netlist's motion. Micron did not identify any specific prejudice it would suffer as a result of Netlist's amendment.

**II.     LEGAL STANDARD**

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013).

Under Federal Rule of Civil Procedure 16(b)(4), leave to amend or supplement pleadings after the deadline set for amendment in a scheduling order may be granted "for good cause." In determining whether good cause supports an amendment, courts "consider '(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.'" *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).

After "the movant's demonstration of good cause … the more liberal standard of Rule 15(a)" will "apply to the district court's decision to grant or deny leave." *Id.* Under Rule 15(a), leave to amend is freely given absent a showing of "undue delay," "bad faith or dilatory motive," "repeated failures to cure deficiencies by previous amendments," "undue prejudice to the opposing party," or "futility of the amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

### III.   ARGUMENT

Good cause exists to allow Netlist to amend its complaint.

#### A.   Reasons for Netlist's Delay

The first factor—the reason for Netlist's delay—favors leave to amend.

##### 1.   Netlist Asserted Induced and Contributory Infringement Claims for Each Patent-in-Suit as Early as September 8, 2022

Netlist has consistently asserted induced and contributory infringement claims with respect to each of the patents-in-suit since September 8, 2022 when Netlist served its original infringement contentions. *See* Dkt. 57-04 at 2 & n.1 (Netlist contending "that Micron has infringed and is infringing, directly **and/or indirectly**, both literally and under the doctrine of equivalents, at least" selected claims of each of the six patents in suit and "Netlist's infringement allegations for each of the patents addressed in this disclosure include, without limitation,

- 5 -

***infringement under 35 U.S.C. §§ 271(a)-(c)***, and (f).") (emphasis added).

Netlist's PICs have given Micron sufficient notice of its infringement theories and claims. Courts in this and other districts routinely allow a patent owner to amend its complaint to resolve any discrepancies between the pleading and its infringement contentions. *See, e.g. Harris Corp. v. Huawei Device USA, Inc.*, 2019 WL 4247067, at *4 (E.D. Tex. Sept. 6, 2019) ("not[ing] … a colorable argument that Harris's proposed amended infringement contentions may be outside the current scope of Harris's Amended Complaint" and *sua sponte* "grant[ing] leave to Harris for a period of three (3) days from the date of this order to amend its complaint, so as to ensure Harris's new contentions are fully supported by its complaint"); *Atlas IP, LLC v. Biotronik, Inc.*, 2014 WL 4273360, at *1–*2 (S.D. Fla. Aug. 29, 2014) (noting that infringement contentions were "inconsistent with the Complaint" and ordering amendment of the complaint even though doing so would "require changes to the case management schedule").

### 2. Netlist Diligently Sought Leave with the Court

Netlist was not on notice of Micron's position that Netlist did not assert the induced and contributory infringement claims as to the '918, '054, '060, and '160 patents until July 20, 2023. *See supra* Section I.B. After discovering this discrepancy between its PICs and complaint, Netlist has worked diligently to resolve the issue by seeking Micron's consent to file an unopposed motion for leave to amend the very next day, July 21, 2023. Micron did not respond or provide any position until agreeing to a telephonic meet and confer a week later. *See* Ex. 4 (Netlist emails to Micron on July 21 and July 26).

Netlist also diligently pursued the discovery that brought this issue to light. Netlist served its discovery letter requesting documents of sales and financial information of all Micron's accused products on November 10, 2022, and served interrogatories ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Micron waited until July 20, 2023 to raise its discovery objection based on Netlist's alleged failure to assert indirect infringement claims as

to certain patents. Micron's written objections to Netlist's discovery requests do not identify this position. Instead, Micron made a  Micron did not identify its belief that Netlist did not properly plead induced or contributory infringement claims as to these patents.[1]

Because Netlist fully disclosed its infringement theories in its PICs and acted promptly in response to Micron's newly taken position, the first factor weighs in favor of allowing Netlist to amend its complaint.

### B. Importance of the Amendment

The second factor also weighs in favor of leave. Netlist's amendment is important because Netlist intends to prove infringement directly and indirectly. Courts in this district held that this is an important reason to allow amendment, as it provides "an alternate means to prove infringement." *Adaptix, Inc. v. AT&T Mobility LLC*, 2014 WL 12622312, at *2 (E.D. Tex. Nov. 18, 2014) (explaining that "this factor weighs in favor of allowing leave to supplement to add contributory infringement").

Induced and contributory infringement claims are also important because they are directly relevant to Netlist's damages claims. "[U]nlike direct infringement, which must take place within

---

[1] Micron's position regarding indirect infringement, and using it as a basis to block discovery, is an out-of-time discovery objection. *See* Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."); Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). Had Micron raised its objection in a timely manner—that is, by February 10—Netlist would simply have amended its complaint without needing to seek leave of the Court.

the United States, induced infringement does not require any activity by the indirect infringer in this country." *See R2 Sols. LLC v. Deezer, S.A.*, 2022 WL 657963 at *3 (E.D. Tex. Mar. 4, 2022) (collecting cases). The extent to which Micron's worldwide sales of the accused products fall within the damages base for Netlist's direct infringement claims is a disputed issue in this Action. For example, Micron represented that it ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Micron has taken the position that ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ As such, Netlist's ability to assert indirect infringement claims to reach Micron's infringing activities outside the United States is particularly important in this Action. *R2 Sols.*, 2022 WL 657963 at *3 (holding that an amendment to add "four counts of induced infringement [that] are not constrained by territoriality requirements" was "vital" and "important" in order to reach activity out of the United States). Thus, the importance of the amendment weighs strongly in favor of granting Netlist's motion.

### C. Prejudice to Micron

Micron cannot show any prejudice. *First*, as detailed above, Netlist has given Micron sufficient notice regarding its induced and contributory infringement claims as to each of the patents-in-suit since September 8, 2022. Micron did not raise any argument to the contrary until 11 months later on July 20, 2023. *Supra* Section I.B. *See United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, 2019 WL 6878880, at *2 (E.D. Tex. Dec. 17, 2019) (granting motion for leave to amend and finding the prejudice is limited because "the Court agree[d] with [plaintiff] that its amended DOE contentions are merely a clarification of **theories already disclosed in its current Infringement Contentions**.") (emphasis added); *LBS Innovations, LLC v. Aaron Bros., Inc.*, 2012 WL 12897919, at *2 (E.D. Tex. Nov. 9, 2012) (finding the defendant will not suffer any prejudice because it "had adequate notice of Plaintiff's indirect infringement position for three

months without any complaint").

*Second*, allowing Netlist to plead the induced and contributory infringement claims as to the '918, '054, '060, and '160 patents will not change the scope of discovery in this Action. To show induced infringement, the patentee needs to present evidence showing (1) an act of direct infringement; and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). "Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012).

Netlist has already sought discovery relating to its induced or contributory infringement claims from Micron and third parties, to which Micron never objected (except in a single meet and confer) based on its "lack of improper pleading" argument. For example, in Netlist's First Set of Interrogatories, which was served on January 11, 2023, Netlist specifically requested discovery relating to induced and contributory infringement claims by inquiring into its interactions with its customers:

> **INTERROGATORY NO. 15:** Describe any customer demand, request, discussion, interest, and requirements for Micron Accused Products in connection with the Patented Features. Ex. 3 (2023-1-11 Netlist First Set of Rog) at 13.

Netlist's interrogatories defined the accused products including DDR4 LRDIMMs, DDR5 DIMMs, and HBMs to capture those that "[Micron's] customers further customize." *Id.* at 3-4.

As a further example, Netlist served ESI requests on June 30, which explicitly sought communications between Micron and its customers regarding each of the accused products:

- 9 -

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████

██████████████████████████ And more recently, this Court ordered Micron to produce worldwide sales and financial information. Dkt. 123.

Micron also does not need additional discovery relating to Netlist's induced or contributory infringement claims from Netlist or any third party. Any information it needs regarding its own knowing inducement of infringement is within its own possession.

This case is similar to *IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, 360 F. Supp. 3d 541, 555 (E.D. Tex. 2018), where the Court "[did] not anticipate the need for a continuance in this case following the amendments adding the theory of joint infringement [by the plaintiff]" because the "possible need to address [the additional claim] has been present in the case" early; the accused infringer's "expert could be expected to have given consideration as to how that theory would impact the expert's infringement analysis;" and "it seems unlikely that [the accused infringer] will need additional fact discovery to prepare to meet [the plaintiff's] allegations of joint infringement, as the evidence regarding any acts that might give rise to a claim of joint infringement would be in [the accused infringer's] possession." *See also R2 Sols.*, 2022 WL 657963, at *3 (finding the defendant prejudice allegation "suffers" because the defendant "could have anticipated [the plaintiff] would likely need to assert indirect infringement claims" because the defendant knew "the territorial limitations on direct infringement" and "it was always aware any alleged infringement activity could only occur in France").

To the extent that Micron identifies any need for separate discovery specifically focused on induced or contributory infringement—and it does not—Micron still has sufficient time to do so. Fact discovery is set to close on September 5, 2023. Dkt. 66 at 3. *See R2 Sols.*, 2022 WL 657963, at *4 (allowing amendment a month before fact discovery would close); *USAA*, 2019

WL 6878880, at *2 (granting leave to amend where "expert depositions have not yet occurred" and there would be "a full and fair opportunity to question [the plaintiff's] experts").

### D. Availability of a Continuance

A continuance is not necessary. Micron has been on notice of Netlist's claims of induced and contributory infringement since Netlist served its preliminary infringement contentions on September 8, 2022. Moreover, as explained above, III.C, it is unlikely that Micron will need any additional discovery from Netlist or third parties concerning induced or contributory infringement because all necessary information is in Micron's possession. As such, there is no risk of prejudice that could be mitigated by additional delay. *See IDB Ventures*, 360 F. Supp. 3d at 555 (holding Court "[did] not anticipate the need for a continuance in this case following the amendments adding the theory of joint infringement [by the plaintiff]" where the evidence is largely in the accused infringer's possession); *LBS Innovations*, 2012 WL 12897919, at *3 ("Lastly, granting leave to amend [to assert induced infringement] in this case would not inevitably delay trial or any other deadline. Trial remains two months away. The Court finds that the current trial setting provides adequate time to address any issues that might arise."); *see also TiVo, Inc. v. Verizon Commc'ns, Inc.*, 2012 WL 2036313, at *3 (E.D. Tex. June 6, 2012) ("Because the Court finds that Verizon will not be prejudiced by the amendment, the Court need not address the availability of a continuance to cure prejudice.").

### E. The Liberal Standard Under Rule 15 Permits Amendment

Netlist's motion for leave to amend also meets the requirements under Rule 15(a). *See Jones*, 427 F.3d at 994 ("In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment").

For reasons explained above, Netlist has shown good cause to amend its complaint to address the discrepancy between its complaint and the infringement contentions, Netlist promptly moved for leave to amend upon notice of the discrepancy and Micron's position, and there is no undue prejudice to Micron in light of the discovery already sought in this Action. *See R2 Sols.*, 2022 WL 657963, at *4 ("As explained above in the Rule 16(b)(4) analysis, the Court does not find any undue prejudice to [the accused infringer]" and "[u]nder the more lenient Rule 15(a) standard, the Court does not find such a timeline reflects undue delay").

Further, there is no dispute that Netlist's induced and contributory infringement claims are not futile since, for example, Micron never moved to dismiss Netlist's parallel pleadings with respect to the '339 and '506 patents in its current pleading. Nor has Micron moved to strike the relevant portions of Netlist's infringement contentions for any reason.

## IV.   CONCLUSION

For the foregoing reasons, Netlist's motion for leave to amend should be granted.

Dated: July 28, 2023

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com

Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on July 28, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF CONFERENCE

I hereby certify that, on July 28, 2023 counsel for the parties met and conferred on the issues raised in this motion. Defendants do not consent to Netlists' motion.

*/s/ Yanan Zhao*
Yanan Zhao