**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICRON TECHNOLOGY, INC.; MICRON ) <br> SEMICONDUCTOR PRODUCTS, INC.; ) <br> MICRON TECHNOLOGY TEXAS LLC, ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:22-cv-203-JRG <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC. AND MICRON TECHNOLOGY TEXAS LLC'S MOTION TO COMPEL PRODUCTION OF CERTAIN MATERIALS FROM NETLIST'S SK HYNIX LITIGATION AND NEGOTIATION DOCUMENTS**

I.     **INTRODUCTION**

Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc. and Micron Texas LLC (collectively "Micron") hereby moves to compel Plaintiff Netlist, Inc. ("Netlist") to produce (1) Netlist's witness statements, expert reports, hearing briefs and transcripts from its prior litigation against SK hynix, Inc. ("Hynix") involving overlapping products and related patents, and (2) offers, proposals, and draft agreements exchanged during the negotiation of "strategic agreements for patents, technology and product supply" with Hynix ("Hynix Agreement").[1]

The materials and documents Netlist relied upon in its litigation against Hynix are relevant because that previous litigation involved overlapping products (*e.g.*, DDR4 LRDIMMs) and patents belonging to the same family.  Indeed, Netlist itself cross-examined Micron's claim construction expert Dr. Stone on issues that were "encountered before" during the Hynix litigation. Any offers, proposals, and drafts exchanged between Netlist and Hynix during Netlist's negotiation of its Hynix Agreement are also highly relevant as the parties are expected to contest whether the Hynix agreement is comparable and contains license terms that are RAND/FRAND, and Micron expects Netlist's negotiation documents (such as drafts and proposals) to shed light on these issues.

Recognizing their high relevance to this case, Micron requested these documents and materials early in the case, in January 2023.  Seven months later, Netlist still refuses to produce them and reaffirmed its refusal during the parties' July 28, 2023 lead and local meet and confer. Having reached an impasse, Micron respectfully requests the Court's assistance in obtaining these narrow categories of highly relevant documents.

---

[1] According to Netlist's public press release available at https://investors.netlist.com/websites/netlist/English/2120/us-press-release.html?airportNewsID=0c16acc5-9a69-4028-a99a-40df99fcf759

## II. BACKGROUND FACTS

Netlist previously engaged in years-long patent litigation with SK hynix, Inc. ("Hynix"). That years-long litigation ended with Netlist and Hynix negotiating and ultimately consummating an agreement, which Netlist's press-release characterizes as "strategic agreements for patents, technology and product supply" (hereinafter "Hynix Agreement").

In January 2023, Micron requested that Netlist produce, among others, (1) documents and things Netlist produced or relied upon in Netlist's litigation against Hynix and (2) documents relating to Netlist's negotiation of a license to the patents-in-suit (*e.g.*, drafts and proposed license or settlement agreements), including its negotiation of the Hynix Agreement. Rueckheim Ex. A at 1-2 (Request Nos. 40, 46, 48, and 57). Six months later, when Netlist did not produce these requested documents and materials, Micron reiterated its request. But Netlist continued to refuse to produce these documents reaffirmed its refusal during the parties' July 28, 2023 lead and local meet and confer.

## III. ARGUMENTS

### A. The Court Should Compel Netlist to Produce Certain Documents and Materials It Relied Upon in the Hynix Litigation

Micron seeks the following set of documents from Netlist's prior litigation with Hynix: Netlist's expert reports, witness statements, deposition transcripts, pre- and post-hearing briefs, and trial/hearing transcripts from *Memory Modules and Components Thereof*, 337-TA-1023 (USITC) and *Memory Modules and Components Thereof*, 337-TA-1089 (USITC) ("Hynix Litigation"). These documents are relevant because there is a significant overlap in the patent families and the accused products. In the Hynix Litigation, Netlist accused Hynix's "JEDEC-compliant" DDR4 LRDIMMs of infringing its patents. Rueckheim Ex. C at 1. In this case, Netlist

accuses the same type of products—namely, Micron's DDR4 LRDIMMs—of infringing its patents. Rueckheim Ex. B at 1-2; Rueckheim Ex. C at 1.

The overlap does not end there. In this case, Netlist alleges that Micron's DDR4 LRDIMMs infringe the '339 patent, which is the child patent and grandchild patent of U.S. Patent Nos. 9,606,907 ("the 907 Parent Patent") and 8,516,185 ("the 185 Grandparent Patent"), respectively:

**Related U.S. Application Data**

> (63) Continuation of application No. 13/970.606, filed on Aug. 20, 2013, now **Pat. No. 9,606,907**, which is a …continuation of application No. 12/761,179, filed on Apr. 15, 2010, **now Pat. No. 8,516,185** …

ECF No. 1-2 ('339 Patent) at 1-2 (emphasis added). Netlist previously asserted the 907 Parent Patent and the 185 Grandparent Patents against Hynix's DDR4 LRDIMMs in the Hynix Litigation. Rueckheim Ex. B at 1-2; Rueckheim Ex. C at 1. Thus, requested Hynix Litigation documents are expected to shed light on many issues that are relevant to this case, including Netlist's understanding of the design and operations of the DDR4 LRDIMMs, Netlist's representations about the nature and scope of its inventions claimed in the related patents, and Netlist's representations about its conception and reduction to practice.

Furthermore, Netlist cannot argue that the Hynix litigation is irrelevant. Indeed, when Netlist deposed Micron's claim construction expert Dr. Harold Stone, Netlist presented documents from the Hynix litigation and asked Dr. Stone numerous questions touching upon issues from the Hynix litigation that involved the 907 Parent Patent and the 185 Grandparent Patent:

> Q     And Exhibit 7 is a declaration you submitted in IPR2018-00363 [against the 185 Grandparent Patent]; is that correct?
>
> A     That is correct.
>
> …

3

> Q       Okay. ***So you understand that one of the issues in this case is whether the '339 patent is direct to what's called a "fork in the road"; right?***
>
> A       That's correct.
>
> Q       And that's an issue you've encountered before; right?
>
> A       That's correct.
>
> …
>
> Q       But you see that there is this triangle between data path A and data path B. Do you see that? And it's referring to data path A and data path B in Figure 5 [of Exhibit 7] that's on the next page.
>
> A       Okay. ***I understand that in prior litigation between the parties involving the '185 patent, which is the parent to the '907 patent, they used the phrase "fork in the road."*** Okay. I see that.

ECF No. 112-2 (Stone Tr.) at 45:17-22, 46:5-8, 48:25-49:8. Given that Netlist opened the door on materials from the prior Hynix litigation, Netlist cannot now argue that the requested Hynix litigation materials lack relevance.

  **B.**  **The Court Should Compel Netlist to Produce Documents Containing Offers, Proposals, and Draft Agreements Exchanged Between Netlist and Hynix During Netlist's Negotiation of the Hynix Agreement**

Documents containing offers, proposals, and draft agreements exchanged between Netlist and Hynix during the negotiation of the Hynix Agreement is also highly relevant to this case and more specifically, to the issue of damages. This is not a case where the negotiation did not result in a license or an agreement. Further, Micron expects that the parties will dispute whether the Hynix Agreement—which covers the same type of products at issue in this case and includes all of the patents asserted in this case—is comparable for purposes of calculating a reasonable royalty and whether Netlist granted a license to Hynix under RAND/FRAND terms. Any offers, drafts, and proposals Netlist exchanged with Hynix during the negotiation of the Hynix Agreement will be relevant to the comparability and RAND/FRAND issues in this case. *See e.g.*, *Sol IP, LLC v. AT&T Mobility LLC*, 2:18-cv-00526-RWS-RSP, ECF No. 291 at 4-7 (E.D. Tex. Jan. 6, 2020)

(granting motion to compel discovery on license offers and proposals where the negotiation ultimately resulted in a license agreement and was particularly relevant to issues of RAND/FRAND royalty rates).

## IV.     CONCLUSION

For the foregoing reasons, Micron respectfully requests that the Court grant Micron's Motion to compel Netlist to produce (1) Netlist's expert reports, witness statements, deposition transcripts, pre- and post-hearing briefs, and trial/hearing transcripts from the Hynix Litigation (337-TA-1089 and 337-TA-1023), and (2) documents containing offers, proposals, and draft agreements exchanged between Netlist and Hynix during its negotiation of the Hynix Agreement.

Dated: August 7, 2023

Respectfully submitted,

By: */s/ Michael R. Rueckheim by permission Wesley Hill*
Thomas M. Melsheimer (State Bar No. 13922550)
TMelsheimer@winston.com
Natalie Arbaugh (State Bar No. 24033378)
NArbaugh@winston.com
Barry K. Shelton (State Bar No. 24055029)
BShelton@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Michael R. Rueckheim (State Bar No. 24081129)
MRueckheim@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*Pro Hac Vice*. State Bar No. 1500598)
MHopkins@winston.com

        WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036-3506
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Juan C. Yaquian (*Pro Hac Vice*. State Bar No. 24110559)
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002-2925
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill (State Bar No. 24032294)
wh@wsfirm.com
Andrea Fair (State Bar No. 24078488)
andrea@wsfirm.com
Charles Everingham IV (State Bar No. 00787447)
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

***Attorneys for Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC***

**CERTIFICATE OF SERVICE**

I certify that on August 7, 2023, a copy of the foregoing was served to all counsel of record via email.

/s/ Wesley Hill

**CERTIFICATE OF CONFERENCE**

The conference required by LR CV-7(h) occurred via telephone on July 28, 2023, between lead and local counsel for Micron (Mike Rueckheim and Andrea Fair) and lead and local counsel for Netlist (Jason Sheasby and Jennifer Truelove). No agreement could be reached regarding production of the materials requested herein and discussions ended in an impasse, leaving an open question for the Court to resolve. Accordingly, this motion is opposed.

/s/ Michael R. Rueckheim
Michael R. Rueckheim

/s/ Andrea Fair
Andrea Fair