IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:22-CV-203-JRG ) |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS INC., MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED ) ) ▮▮▮▮▮▮▮▮ ) ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND INFORMATION OF
MICRON'S COMPONENT SUPPLIERS**

## TABLE OF CONTENTS

**Page**

I.  FACTUAL BACKGROUND ...................................................................................... 1

II. ARGUMENT ................................................................................................................ 6

III. CONCLUSION ............................................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Williams v. Steward Health Care Sys., LLC*,
  2021 WL 7084166 (E.D. Tex. Dec. 16, 2021) ...................................................................6, 7

**Other Authorities**

Fed. R. Civ. P. 26 ..........................................................................................................................6

Fed. R. Civ. P. 37 ..........................................................................................................................7

Netlist hereby moves to compel Micron defendants to produce documents and information sufficient to identify Micron's suppliers of data buffers ("DBs"), registered clock drivers ("RCDs"), and power management integrated circuits ("PMICs") (collectively, the "Key Components"). Specifically, Netlist requests that the Court enter an order compelling Micron to produce documents or supplement its interrogatory responses to identify:

(1) On a transaction-by-transaction basis, the supplier and supplier part number of each Key Component incorporated into each of the Micron accused products; or

(2) On a Micron part number-by-part number basis, all suppliers of Key Components, the supplier part numbers, and the number of Key Components from each supplier.

The requested information and documents address the configuration of the accused instrumentalities of each sale of each accused product, and thus are directly relevant to Netlist's infringement analysis and related third-party discovery. Micron does not dispute their relevance, but refused to commit a date certain to produce the information or documents despite Netlist's repeated requests for months.

I. **FACTUAL BACKGROUND**

Netlist's asserted claims of the '339 and '506 patents are directed to, among others, features of DBs and RCDs in Micron's DDR4 LRDIMMs. For example, Netlist's PICs assert that certain features of RCDs in Micron's DDR4 LRDIMMs meet certain elements of claim 1 of the '506 patent:

**Exhibit A – Infringement of U.S. Patent No. 10,860,506**

| Claim 1 | Evidence of Use |
|---|---|
| (1b) a module control device on the module board configurable to receive input C/A signals corresponding to a memory read operation via the C/A signal lines and to output registered C/A signals in response to the input C/A signals and to output module control signals; | The Accused Instrumentalities include a module control device (*e.g.*, a registering clock driver, or "RCD") on the module board configurable to receive input C/A signals corresponding to a memory read operation via the C/A signal lines and to output registered C/A signals in response to the input C/A signals and to output module control signals. <br><br>For example, Micron Accused Instrumentalities include a RCD "[t]o reduce the electrical load on the host memory controller's command, address, and control bus." MTA144ASQ16G72LSZ datasheet at 15. <br><br>**Micron** 128GB (x72, ECC, 3DS 4H Stack, 2 Package Ranks x 4 Logic Ranks) 288-Pin DDR4 LRDIMM Registering Clock Driver Operation <br><br>**Registering Clock Driver Operation** <br><br>Registered DDR4 SDRAM modules use a registering clock driver device consisting of a register and a phase-lock loop (PLL). The device complies with the JEDEC DDR4 RCD specification. <br><br>To reduce the electrical load on the host memory controller's command, address, and control bus, Micron's RDIMMs use a DDR4 registering clock driver (RCD). The RCD presents a single load to the controller while redriving signals to the DDR4 SDRAM devices, which helps enable higher densities and increase signal integrity. The RCD also provides a low-jitter, low-skew PLL that redistributes a differential clock pair to multiple differential pairs of clock outputs. <br><br>MTA144ASQ16G72LSZ datasheet at 12 |

Netlist's PICs assert that the DBs of Micron DDR4 LRDIMMs meet certain elements in claim 3 of the '339 patent.



Netlist's '918 and '054 patents are directed to certain features of PMICs of Micron's accused DDR5 products. For example, Netlist's infringement contentions assert claim elements of the '918 patent against PMIC features in Micron's DDR5 products:



In its interrogatory responses, ▮

-3-

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████rs:

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

However, the data Micron disclosed as of today does not show the correlation information that is required to identify the Key Component suppliers and the supplier part numbers used in *each Micron accused product*. Discrepancies also exist in Micron's discovery responses, including the following:

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

- ████████████████████████████████████████
- ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████

Ex. 1 (2023-07-27 Werner Email) (citing examples of missing or incomplete information); Ex. 2.

Netlist has sought the correlation information and complete identification of Micron's Key Component suppliers and the supplier part numbers for each Micron product since the very beginning of fact discovery. For example, in Netlist's January 10, 2023 Interrogatories, Netlist asked Micron to disclose "identification of Supplier(s) for any component(s) in the Micron Accused Products (such as registering clock drivers, data buffers, DDR5 power management circuitry, SPD) that You assert are not made, assembled, or designed by You." Dkt. 128-4 at 13. Netlist specifically asked Micron to answer the interrogatories on a transaction-by-transaction basis in the following format, *id*.:

| Product Name | Unique Product Identifier | Date First Made by You | Date First Used by You | Date first Offered for Sale | Entity Offering for Sale | Date First Sold | Total Sales To-Date | 3rd Party Components Used | 3rd Party Component Supplier(s) |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

Micron's interrogatory responses did not disclose sufficient information. Netlist has raised this issue repeatedly in its correspondence with Micron. For example, in its January 16 letter, Netlist asked Micron to "identify all accused products by Micron product number . . . and each of their components that relate to the accused instrumentalities." Ex. 3 at 1 (2023-01-26 Werner Ltr).

Netlist asked again in its April 5 letter for "Micron's Product and Component Information":



After Micron supplemented its interrogatory responses on May 25, 2023, Netlist again raised the lack of sufficient correlation information about Micron's suppliers' part numbers. By way of example, during the parties' meet and confer on July 20, Netlist asked Micron to identify the Key Component suppliers for each accused product on a transaction-by-transaction basis so that Netlist could determine the total number of Key Components supplied by each third party in Micron's accused products. Netlist explained that the information Micron disclosed as of today is insufficient to identify the units of Key Components from each of the suppliers. ▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓ Such information is needed for Netlist to conduct infringement analysis including determining the number of Micron accused products that have the identical design or configuration. Micron agreed to conduct further investigation and at least provide information "showing what percentages or numbers of the key components used in Micron's accused products are supplied by each of the suppliers." Dkt. 121-1 at 4 (2023-07-24 Zhao Email).

Having received no responses from Micron, Netlist asked for the correlation information again on July 25, 2023, and followed up with a detailed email identifying the deficiencies of Micron's 2d Amended Interrogatory Responses. Ex. 1 (07-27 Werner Email). At the July 28 lead-and-local

meet and confer, Netlist asked for another time when Micron will address these issues. Micron repeated that it was still investigating and refused to commit to immediately produce such information or documents.

To ensure that the accused products are specifically identified by the configuration in which they are sold, Netlist respectfully seeks an order to compel Micron to produce such supplier and configuration information, correlated directly to sales.

## II. ARGUMENT

Rule 26 broadly allows a party to obtain discovery regarding any subject relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1); L.R. 26(d). "The party resisting discovery must show specifically how each discovery request is not relevant or how each request is overly broad, burdensome, or oppressive." *Williams v. Steward Health Care Sys., LLC*, 2021 WL 7084166, at *4 (E.D. Tex. Dec. 16, 2021) (citation omitted).

The Patent Rules of this District provide that Micron must provide "documentation sufficient to show the operation of any ***aspects or elements*** of an Accused Instrumentality." P.R. 3-4(a). The Discovery Order further requires Micron to "produce or permit the inspection of **all documents**, electronically stored information, and tangible things in the possession, custody, or control of the party that **are relevant to the pleaded claims** or defenses involved in this action." Dkt. 41 at 3.

There is no dispute that Netlist's requested supplier information is relevant. It is necessary for Netlist to identify how many Micron accused products incorporate Key Components from each of the suppliers and therefore understand the configuration of each Micron accused instrumentality. This is directly relevant to various aspects of Netlist's discovery and infringement claims.

***First***, it is important for Netlist to identify the exact designs for each of Micron's accused products for its infringement analysis. Micron has not conceded that all of the accused products operate in the same way regardless of the supplier of the Key Component. P.R. 3-4 explicitly requires

Micron to disclose information of the components in Micron's accused products. P.R. 3-4.

 Because Micron's refusal and delay in providing ▓▓▓▓▓, Netlist cannot receive all relevant information from third parties.

**Third**, because Micron ▓▓▓▓▓, Netlist is entitled to know the amount of ▓▓▓▓▓. Netlist needs to rely on such information to make a decision on how to enforce its subpoenas, including by filing motions to compel against certain suppliers as opposed to others.

There is no dispute that Micron has such information in its possession and readily accessible. At no time did Micron explain why it cannot timely produce the complete data to identify each supplier's components and how they correlate to each of Micron's accused products. Micron itself did not even bother to come up with any excuse for its deficient discovery responses and improper delay. Micron's conduct demonstrated nothing but gamesmanship that wastes the resources of Netlist and the Court.

### III. CONCLUSION

Micron should be compelled to produce the requested documents. Because of Micron's inexcusable delay and incomplete discovery responses, Micron should also be prevented from raising any arguments that its accused products operate differently because they incorporate Key Components from different suppliers. *See* Fed. R. Civ. P. 37(b)(2); *id.* 37(c).

| | |
|---|---|
| Dated: August 1, 2023 | Respectfully submitted,<br><br>*/s/ Jason Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason G. Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, Ph.D. (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br><br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

## CERTIFICATE OF SERVICE

I hereby certify that, on August 1, 2023, a copy of the foregoing was served to all counsel of record via the Court's ECF system.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF CONFERENCE

I hereby certify that, on August 1, 2023, the lead and local counsel of each side met and conferred. The parties are at an impasse because Defendants refuse to provide the requested documents.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that a motion to seal this document is being filed contemporaneously pursuant to Local Rules CV-5(a)(7) and CV-7(k).

*/s/ Yanan Zhao*
Yanan Zhao