# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:22-CV-203-JRG |
| | ) |
| | ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., | ) |
| MICRON SEMICONDUCTOR | ) |
| PRODUCTS INC., MICRON | ) |
| TECHNOLOGY TEXAS LLC, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF CERTAIN MATERIALS FROM NETLIST'S SK HYNIX LITIGATION AND NEGOTIATION DOCUMENTS**

## **TABLE OF CONTENTS**

**Page**

I. ARGUMENT ...................................................................................................................... 1

    A. Micron Has Not Demonstrated That the Broad Categories of SK Hynix Litigation Documents Are Relevant ...................................................................... 1

    B. Micron Has Not Demonstrated That the SK Hynix Negotiation Documents Are Relevant ........................................................................................ 3

    C. Micron's Requests Should Be Closely Scrutinized ............................................... 5

II. CONCLUSION ................................................................................................................... 6

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A.H. Robins Co. v. Fadely*,
    299 F.2d 557 (5th Cir. 1962) ...................................................................................................6

*Abstrax, Inc. v. Hewlett-Packard Company*,
    2015 WL 11197823 (E.D. Tex. Jan. 28, 2015) .........................................................................5

*In re Agent Orange Prod. Liab. Litig.*,
    517 F.3d 76 (2d Cir. 2008) .......................................................................................................1

*Am. Standard, Inc. v. Pfizer, Inc.*,
    828 F.2d 734 (Fed. Cir. 1987) ..................................................................................................5

*Charles E. Hill & Assocs. v. ABT Elecs., Inc.*,
    854 F. Supp. 2d 427, 429-30 (E.D. Tex. Apr. 3, 2012) ............................................................4

*In re Google Litig.*,
    No. C 08-03172, 2011 WL 286173 (N.D. Cal. Jan. 27, 2011) .................................................3

*Innovative Automation, LLC v. Amazon.com, Inc.*,
    No. 6:12-cv-881, 2013 WL 12140171 (E.D. Tex. Nov. 13, 2013) ...........................................1

*Maxell Ltd. v. Apple Inc.*,
    No. 5:19-CV-00036-RWS, 2019 WL 7905454 (E.D. Tex. Nov. 13, 2019) .............................5

*Mobile Telecommunications Techs., LLC v. Blackberry Corp.*,
    No. 3:13-cv-1652, 2015 WL 12698062 (N.D. Tex. July 15, 2015) ...................................1, 2

*Sol IP, LLC v. AT&T Mobility LLC*,
    2:18-cv-00526-RWS-RSP, ECF No. 291 (E.D. Tex. Jan. 6, 2020) ..........................................4

*Wi-LAN Inc. v. Rsch. in Mot. Corp.*,
    No. 10cv-859-W (CAB), 2010 WL 2998850 (S.D. Cal. July 28, 2010) ..................................5

Micron's motion to compel production of documents and negotiation history from a prior litigation involving different patents, different products, and different parties should be denied. Micron cannot show that the broad categories of confidential documents it requests bear specific relevance to this Action.

## I.     ARGUMENT

The party moving to compel discovery "bears the burden of clearly showing that the materials and information sought are relevant to the action and will lead to the discovery of admissible evidence." *Innovative Automation, LLC v. Amazon.com, Inc.*, No. 6:12-cv-881, 2013 WL 12140171 at *3 (E.D. Tex. Nov. 13, 2013) (citation omitted). "While the Court of Appeals for the Fifth Circuit has yet to address this issue, other courts have refused to allow discovery of documents from prior litigations absent a specific showing of relevancy." *Mobile Telecommunications Techs., LLC v. Blackberry Corp.*, No. 3:13-cv-1652, 2015 WL 12698062, at *3 (N.D. Tex. July 15, 2015) (collecting cases). Micron cannot carry its burden.

### A.     Micron Has Not Demonstrated That the Broad Categories of SK Hynix Litigation Documents Are Relevant

Micron's requests are overly broad. Rather than narrowly tailoring its requests, Micron requests all "documents and things Netlist produced or relied upon in Netlist's litigation against Hynix," including "expert reports, witness statements, deposition transcripts, pre- and post-hearing briefs, and trial/hearing transcripts" from Netlist's years-long litigation with Sk hynix. Mot. at 2. Micron makes no effort to tailor its requests whatsoever. For this reason alone Micron's motion should be denied. *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 102-03 (2d Cir. 2008) (upholding the refusal to compel production of documents from other litigations involving the same product where the request was made "without any attempt ... to tailor [it] to materials reasonably expected to produce relevant, non-duplicative information").

Further, Micron also makes no attempt to explain the relevance of the large volume of confidential documents it requests, nor does it cite a single case in support of this request. Micron argues that "there is significant overlap in the patent families and the accused products." Mot. at 2. Not so. In the SK hynix proceedings, Netlist never asserted its patent claims as to DDR5 RDIMMs, LRDIMMs, SODIMMs, UDIMMs, or HBM2, HBM2E, HBM3 products, which are all accused products in this action. DDR4 RDIMMs, which were at issue in the SK hynix proceedings, are not at issue in this action. The only overlap is DDR4 LRDIMMs, one of the eight categories of accused products here. This is not sufficient to show relevance as to the entire corpus of documents demanded. Indeed, "the mere fact that prior litigations concern the same accused products and systems is not necessarily a particularized showing of relevancy — rather, relevancy of past litigation documents is better determined by comparing the patents asserted in prior litigations with the patents-in-suit." *Mobile Telecommunications*, 2015 WL 12698062, at *3.

Here, none of the patents Netlist asserted against SK hynix are at issue in this case.[1] As to the '506, '918, '054, '060, and '160 patents, Micron does not dispute that they are from different patent families, and are directed to entirely different memory technologies.  By way of example, the '918 and '054 patents at issue here address on-module voltage regulation features that are distinct from the self-testing features disclosed in the '434, '501, and '064 patents in the SK hynix proceedings. Micron argues the swaths of document categories it requests are relevant because the '339 patent is in the same patent family as U.S. Patent Nos. 9,606,907 and 8,516,185, which were asserted in the prior proceedings. However, the '339 patent was issued on March 16, 2021, after the SK hynix proceedings ended, and was never at issue in those cases. Moreover, Micron

---

[1] The SK Hynix cases involved eight patents that are not at issue here: U.S. Patent Nos. 8,756,364 ("'364 patent"); 8,516,185 ("'185 patent"); 8,001,434 ("'434 patent"); 8,359,501 ("'501 patent"); 8,689,064 ("'064 patent"); 8,489,837 ("'837 patent"), U.S. Patent No. 9,606,907 ("'907 patent"), and U.S. Patent No. 9,535,623 ("'623 patent"). *Memory Modules and Components Thereof,* 337-TA-1023 (USITC); *Memory Modules and Components Thereof,* 337-TA-1089 (USITC).

does not make any particularized showing of the ways these patents are similar, for example, by pointing to any common claim terms or overlapping limitations. Micron merely points out that the '339 claims priority to these patents and vaguely states that the requested documents are thus "expected to shed light on many issues that are relevant to this case," with no basis provided for this rank speculation. Mot. at 3. Generalized attorney argument regarding relevance, with no support in fact (or even allegation) is not a proper basis for discovery. *See In re Google Litig.*, No. C 08-03172, 2011 WL 286173 at *9 (N.D. Cal. Jan. 27, 2011) (denying motion to compel discovery of Google's unrelated lawsuit where movant failed to make "any particularized showing that the additional discovery sought ... [was] relevant" and "[chose] instead to speculate what the transcripts and reports 'likely [contained].' ").

Micron also argues that in deposing Micron's claim construction expert, Netlist "opened the door on materials from the prior Hynix litigation." Mot. at 4. However, nowhere in the testimony cited by Micron did Netlist ask Dr. Stone about the Hynix litigation. Rather, Netlist asked about Dr. Stone's previous IPR testimony and **Dr. Stone** volunteered that a similar phrase was used in "prior litigation." Mot. at 4. Micron's claim that "Netlist opened the door," is thus disingenuous at best. Regardless, Micron does not explain how the cited testimony shows any actual relevance of any of the documents it requests from the Hynix Litigation. A single passing reference to "prior litigation" in a deposition cannot possibly open the door to every document relied on by Netlist in two prior cases. The Court should deny Micron's motion.

## B. Micron Has Not Demonstrated That the SK Hynix Negotiation Documents Are Relevant

Micron's second request is similarly overly broad and completely untailored to relevant issues. Micron requests all "[d]ocuments containing offers, proposals, and draft agreements exchanged between Netlist and Hynix during the negotiation of the Hynix Agreement." Mot. at 4. Micron does not explain why all documents exchanged during the lengthy negotiation process

- 3 -

in the Hynix case are relevant here, aside from vaguely asserting that these documents are "highly relevant to this case and more specifically, to the issue of damages." *Id.* Micron points out that the Hynix Agreement "includes all of the patents asserted in this case," but neglects to explain this is only because the Agreement includes a license to *all* of Netlist's patents. As discussed above, the Hynix Litigation, which was the dominant subject of the negotiations between the parties, did not include **any** of the patents-at-issue here (it occurred before the only patent-in-suit for which Micron claims the Hynix litigation is relevant even issued), and only included one out of eight of the same general product types.

Micron's speculation that the parties "will dispute whether the Hynix Agreement… is comparable… and whether Netlist granted a license to Hynix under RAND/FRAND terms" is insufficient to justify compelling the production of these documents, particularly given this Court's position that "[w]hile signed licenses relating to the same patents-in-suit are accepted as a valuable source for calculating a reasonable royalty, **the negotiations behind those licenses must be viewed, as a general rule, as less probative and more prejudicial than the licenses themselves**." *Charles E. Hill & Assocs. v. ABT Elecs., Inc.,* 854 F. Supp. 2d 427, 429-30 (E.D. Tex. Apr. 3, 2012) (emphasis added) (further "caution[ing] future litigants that such production will be viewed as the exception and not the rule" because "[s]ettlement negotiations are always suspect to some degree and are often littered with unreal assertions and unfounded expectations.") Unlike in *Charles E. Hill*, the negotiations here surrounded litigation that did not even involve the same patents-in-suit.

The one case Micron cites in support of its arguments, *Sol IP, LLC v. AT&T Mobility LLC*, 2:18-cv-00526-RWS-RSP, ECF No. 291 at 4-7 (E.D. Tex. Jan. 6, 2020), is inapposite. In *Sol*, the defendant sought to compel the patentee to "disclose its prior offers to license the **patents-in-suit**." *Id.*, Dkt. 216, at 5-6. Any relevance of the negotiations leading to the Hynix agreement is much more attenuated, and is based on what "Micron expects," rather than a

concrete issue or specific patent-at-issue. Courts in this district generally decline to compel a party to produce this kind of confidential information simply because one party contends a license may be relevant to its damages analysis. *Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2019 WL 7905454, at *3 (E.D. Tex. Nov. 13, 2019) (denying the patentee's motion to compel the accused infringer to, regarding its license agreements, "identify how the parties arrived at such royalty rate and/or consideration"); *see also Wi-LAN Inc. v. Rsch. in Mot. Corp.*, No. 10cv-859-W (CAB), 2010 WL 2998850, at *5 (S.D. Cal. July 28, 2010) (denying motion to compel and noting that "[s]ome licenses are the result of extensive litigation, and their negotiation histories involve confidential litigation strategy discussions.").

Of particular concern is that the SK hynix agreement was the product of settlement negotiations. Setting a precedent that FRE 408 settlement communications automatically become discoverable for every license agreement that is executed will chill candid settlement communications. Micron's request is no different from Netlist demanding all of Micron's negotiations leading up to each of the licenses that will be at issue in this case.

### C. Micron's Requests Should Be Closely Scrutinized

Even if there was some marginal relevance of the SK hynix documents or negotiation history (which there is not), it would be outweighed by the burden of production given the issues associated with disclosing such confidential third-party information to a direct competitor of the third party. Micron and Sk hynix are two of only three major players in the memory module market. The requested documents contain confidential information about SK hynix's products and communications between SK hynix and Netlist relating to joint development and license negotiations. Courts have cautioned against producing the confidential information of a third party to its direct competitor. *See Abstrax, Inc. v. Hewlett-Packard Company*, 2015 WL 11197823, at *4 (E.D. Tex. Jan. 28, 2015) (denying motion to compel production of inspection videos of third-party competitor's manufacturing facilities for confidentiality concern); *Am. Standard, Inc. v. Pfizer,*

*Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987) (The "parties' status as competitors [is] a factor in denying discovery of confidential information."); *A.H. Robins Co. v. Fadely*, 299 F.2d 557, 561 (5th Cir. 1962) (courts should exercise their discretion to avoid unnecessary disclosure of confidential information "particularly where the action is between competitors"). Thus, the risk and burden on a third party of disclosing its confidential information—or alternatively the burden on Netlist to apply redaction to a third-party's confidential information line-by-line—would outweigh the marginal benefits to Micron.

Furthermore, Micron's arguments concerning the relevance of the SK Hynix negotiation history ring hollow, as Micron has produced no documents reflecting the negotiations leading to its own potentially comparable licenses it has produced in this action. Under the discovery order issued in this case, each party is obligated to produce "all documents…that are relevant to the pleaded claims" "[w]ithout awaiting a discovery request." Dkt. 41 at 2-3. If Micron truly believes the negotiation history of the Hynix Agreement is relevant simply because "Micron expects that the parties will dispute whether the…Agreement… is comparable," it should have produced the same documents it requests from Netlist with respect to each license it has produced. That it has not suggests its arguments concerning the relevance of such documents should be viewed with skepticism.

**II.     CONCLUSION**

For the reasons stated above, Defendants' Motion should be denied.

Dated: August 20, 2023                                  Respectfully submitted,

                                                        */s/ Jason Sheasby*

                                                        Samuel F. Baxter
                                                        Texas State Bar No. 01938000
                                                        sbaxter@mckoolsmith.com
                                                        Jennifer L. Truelove
                                                        Texas State Bar No. 24012906
                                                        jtruelove@mckoolsmith.com

**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on August 20, 2023, a copy of the foregoing was served to all counsel of record via the Court's ECF system.

*/s/ Isabella Chestney*
Isabella Chestney