IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

NETLIST, INC.,

     *Plaintiff*,

v.

MICRON TECHNOLOGY, INC.,
MICRON SEMICONDUCTOR
PRODUCTS, INC., AND MICRON
TECHNOLOGY TEXAS LLC,

     *Defendants*.

§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No. 2:22-cv-0203-JRG-RSP

## ORDER

Before the Court are several Motions to Compel filed by both parties. Based on the briefings and arguments at the hearing held on August 22, 2023, the Court rules as follows.

First, Plaintiff Netlist, Inc. filed a Motion for Production of Relevant License Agreements and Lists of Patents, **Dkt. No. 131**, to which Defendants responded, Dkt. No. 142. Having considered the arguments, the Motion is **GRANTED** as to the "Rambus, Inc." license agreements referred to in the motion, as well as any license agreements entered into by Defendants in the last 10 years relating to DRAM technology.

Second, Plaintiff also filed a Motion to Compel Micron Defendants to Produce Documents Improperly Designated as Source Code and for an Order Finding Defendants in Violation of P.R. 3-4. **Dkt. No. 132.** Defendant responded, Dkt. No. 144, and at the hearing parties presented their dispute in two aspects: (1) designation of source code and (2) production of authoritative copies of RTL code. As to the first issue, Plaintiff demonstrated that some of the technical documents they need in order to understand the functioning of Defendants' products

are in the form of poser point presentations, data sheets, memos, and Excel spreadsheets, which

have been designated as source code by Defendants.  Defendants explain that these documents

contain circuit diagrams and portions of source code but are not part of the compiled source code

produced by Defendants. The motion is granted to the extent that Plaintiff will be allowed to

request copies of up to 500 pages of the PDF documents falling within that category, and those

pages will not count toward the total page limit and successive page limit on source code

copies in the Protective Order.   However, those documents will otherwise be treated as source

code under the Order.

As to the second issue of this motion, regarding RTL code, the Plaintiff's expert, Dr.

Thomas Barr, opined that :

> "The effect of what Micron has done is to make it impossible to analyze the RTL
> code or to have any confidence that the RTL code that was provided is the actual
> authoritative code.  Using the standard code repositories that are employed throughout the
> industry, providing Netlist with the intact tree of official RTL code would take a few
> minutes."  Dkt. 132-1 at 2.

Defendants' expert did not controvert that statement.  Micron is ordered to perform that process

and Plaintiff is ordered to use its best efforts to assist in that process.

Third, Plaintiff also filed a Motion to Compel Defendants' Production of Documents and

Information of Micron's Component Suppliers, **Dkt. No. 133**, which was answered by Defendants

at Dkt. No. 143. This motion deals with component products incorporated by Micron into accused

products but also used in products not accused in this case.  These components are sourced from

different suppliers and Micron does not track which supplier's products go into which of Micron's

products.  Accordingly, Micron has agreed to provide the overall numbers of components sourced

from each supplier and Plaintiff will calculate the percentage of components coming from each

supplier and apply that to the accused products.  The motion is thereby rendered **MOOT**.

Fourth, is Defendants' Motion to Compel Production of Certain Materials from Netlist's SK Hynix Litigation and Negotiation Documents, **Dkt. No. 135**, which was answered by Plaintiff at Dkt. No. 148. Having considered the arguments, the Motion is granted to the following extent only:   Plaintiff is directed to produce: (1) the settlement/license agreement, but not the correspondence leading up to it;[1] (2) all declarations and deposition transcripts of employees or officers of Netlist and the inventors of the asserted patents; and (3) the expert reports and testimony of Dr. Stone and Dr. Brogioli, who are common to both this case and that case.[2]  To the extent that Defendants seek documents filed in that litigation that are subject to sealing orders, they will need to seek relief from those orders.  The motion is otherwise denied.

SIGNED this 29th day of August, 2023.

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] In the *Sol IP* referred to by Defendants, the negotiations at issue involved offers to license the patents in suit in that case, and thus were potentially relevant under FRAND.  SK Hynix, on the other hand, was a settlement of litigation and it did not concern the patents asserted here.

[2] Expert witnesses are not representatives of the parties for purposes of F.R.E 801(d)(2)(C).  See Wright & Miller, Federal Practice and Procedure: Evidence § 6775 at 196.