## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MICRON TECHNOLOGY, INC., MICRON | ) | Civil Case No. 22-cv-203-JRG |
| SEMICONDUCTOR PRODUCTS, INC., and | ) | |
| MICRON TECHNOLOGY TEXAS LLC, | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |
| | ) | ▮▮▮▮▮▮▮ |
| | ) | |
| | ) | |

### JOINT STATUS REPORT REGARDING PLAINTIFF NETLIST, INC.'S MOTIONS TO COMPEL LICENSES, DOCUMENTS IMPROPERLY DESIGNATED AS SOURCE CODE MATERIALS, AND MICRON SUPPLIERS' COMPONENTS INFORMATION (DKT. 131, 132, 133), DEFENDANTS MICRON'S MOTION TO COMPEL SK HYNIX AND NEGOTIATION DOCUMENTS (DKT. 135)

## I. __Motion to Compel Production of Relevant License Agreements and Lists of Patents, Dkt. 131:__

**Netlist's Position:**

Micron should produce all patent license agreements in the last 10-years in order to ensure that it is not cherry-picking agreements. This is not an idle concern.  Contrary to this position, Micron contends in its interrogatory responses that Netlist's worldwide and cross-license agreements with Samsung and SK Hynix are relevant. *See* Dkt. 146-2 at 107 (Micron 3rd Suppl. Rog Responses identifying NETLIST_SAMSUNG_EDTX00034064 and 000377479 as relevant licenses). Micron itself also cherry-picked and produced license agreements that also include licenses of "worldwide portfolio." *E.g.* Ex. 1 at 5 (MICNL203-00072192)

Micron's uncited assertion that Netlist agreed that the Samsung/Rambus agreement amount was not admissible has no connection to reality. The amount was mentioned repeatedly at trial. *See, e.g.*, *Netlist, Inc. v. Samsung Elec. Co., Ltd.*, No. 21-cv-463, Dkt. 490, 492 (Tr. Transcript) at 720; 721, 724, 1016 (identifying patent made under the license agreement up to $1.1 billion). In addition, there is a difference between relevance and admissibility. Without knowing the amount and its relation to the agreement Micron has removed any ability to lay a foundation of admissibility.







inspection sessions, Micron additionally provided the specific locations of the source code on white boards in the review rooms.  Netlist's motion is moot.

As explained in Micron's opposition, the parties negotiated a protective order that allowed for a Micron employee to assist Netlist in its source code review, Netlist later changed its mind and successfully moved to modify the protective order to exclude Micron's assistance, and now Netlist is crying foul when its reviewers had a slightly hard time locating certain source code. Even if Netlist's complaint was true—which it is not because Micron did indeed promptly provide the relevant code and identified exactly where the code is located—Netlist's confusion is a problem of its own making.  For example, Netlist argues that it was able to locate RTL codes for only a subset of Micron's designs. ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████

Netlist also attaches a new declaration to this Joint Status Report identifying, ***for the first time***, the specific directory paths its reviewers inspected.  The declaration is improper new argument as it was not included with Netlist's motion.  The declaration also contradicts Netlist's motion by highlighting that Netlist's reviewers knew exactly where to look for the RTL and that Netlist made false representations to this Court that its reviewers were drowning in "millions of files" (Mot. at 6) when, in reality, Netlist's reviewers zeroed in on just several hundreds of RTL files (Ex. 3) for each Micron design, which is typical for designs having complexities similar to Micron's HBMs.

███████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

█████████████████

### III.    Netlist's Motion Compel Production of Documents and Information of Micron's Component Suppliers (Dkt. 133):

**Netlist's Position:**

During the parties' meet and confer, Netlist proposed that it is willing to withdraw the motion if Micron agrees to stipulate that its purchase records of the data buffers, RCDs, and PMICs from various suppliers accurately reflect the ratio of each component used in Micron accused products; and for RCDs purchased, the numbers will first be decreased by the ratio of LRDIMM to RDIMM sales.

**Micron's position:**

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

███████████████

### IV.    Micron's Motion to Compel Production of Certain Materials from Netlist's SK Hynix Litigation and Negotiation Documents (Dkt. 135):

**Micron's position:**

Micron is requesting production of a narrow set of documents – namely, (1) draft of the settlement/license agreement Netlist negotiated with SK hynix; and (2) witness statements, deposition transcripts, expert reports, and pre- and post-hearing briefs from prior SK hynix litigation as well as hearing transcripts.  The narrow set of draft agreements are highly relevant to damages, and in particular, the determination and Netlist's understanding of RAND royalties.  The other requests are necessitated by the significant overlap in the patent families and the accused products between the SK hynix litigation and this case.  The narrow set of documents that Micron seeks are highly relevant to at least (1) conception and reduction to practice; (2) claim construction; (3) Netlist's understanding of how some of the accused products operate; (4) non-infringement and (5) damages issues.  Netlist's counsel has these documents at its fingertips and cannot argue any burden for the requested production.

**Netlist's Position:**

Netlist offered to produce specific documents from the SK hynix litigation that Micron could identify as relevant. Micron refused to narrow the scope of its request. Micron also makes no attempt to explain the relevance of the large volume of confidential documents it demands. Further, Micron does not explain why all documents exchanged during the lengthy negotiation process in the Hynix case are relevant here—particularly in light of the fact that such negotiations are FRE 408 settlement communications.

Dated: August 21, 2023                      Respectfully submitted,

                                            */s/ Jason G. Sheasby*
                                            _____

                                            Samuel F. Baxter
                                            Texas State Bar No. 01938000
                                            sbaxter@mckoolsmith.com
                                            Jennifer L. Truelove
                                            Texas State Bar No. 24012906
                                            jtruelove@mckoolsmith.com

**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
H. Annita Zhong (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

*Attorneys for Plaintiff Netlist, Inc.*

/s/ Michael R. Rueckheim

Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Ste 520
Redwood City, CA 9405
Telephone: (650) 858-6500

- 9 -

Facsimile: (650) 858-6559

David Enzminger
*Pro Hac Vice Pending*
DEnzminger@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Matthew Hopkins
*Pro Hac Vice Pending*
mhopkins@winston.com
**WINSTON & STRAWN LLP**
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 282-5862
Facsimile: (202) 282-5100

Juan Yaquian
State Bar No. 24110559
*Pro Hac Vice*
JYaquian@winston.com
**WINSTON & STRAWN LLP**
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

***Attorneys for Defendants Micron Technology,
Inc., Micron Semiconductor Products, Inc.,
Micron Technology Texas LLC***

## CERTIFICATE OF SERVICE

I hereby certify that, on August 21, 2023, a copy of the foregoing was served to all counsel

of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

## **CERTIFICATE OF CONFERENCE**

I hereby certify that, on August 20, 2023, lead and local counsel for the parties met and conferred on the issues raised in the parties' pending motions.  The parties cannot resolve the above-referenced disputes.

*/s/ Yanan Zhao*
Yanan Zhao