# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICRON TECHNOLOGY, INC.; ) <br> MICRON SEMICONDUCTOR ) <br> PRODUCTS, INC.; MICRON ) <br> TECHNOLOGY TEXAS LLC, ) <br> ) <br> Defendants. ) | Civil Action No. 2:22-cv-203-JRG <br><br> JURY TRIAL DEMANDED <br><br> ▬▬▬▬▬▬▬ |

**PLAINTIFF NETLIST, INC.'S OPPOSITION TO
MICRON DEFENDANTS' MOTION FOR PROTECTIVE ORDER (Dkt. 169)**

## TABLE OF CONTENTS

**Page**

I. ARGUMENT ....................................................................................................................1

    A. Netlist's Notices of Deposition Are Consistent with the Court's Order ....................1

    B. Deposition of Witnesses Knowledgeable About HBM Designs Is Necessary ........................................................................................................2

    C. Netlist Properly Served Notices of Deposition Based on New Information and Testimony Provided by Micron's Witnesses .....................5

II. CONCLUSION .................................................................................................................7

Netlist properly noticed depositions of Micron's party witnesses on August 31 and September 7. These witnesses were noticed because of late disclosed information by Micron confirming that they possessed highly relevant information, in particular about HBMs.[1] These deposition are crucial because of missing information regarding the accused designs. Micron's motion for a protective order has the effect, regardless of purpose, of blocking crucial fact discovery necessary to prepare expert reports.[2]

I.  **ARGUMENT**

   A.  **Netlist's Notices of Deposition Are Consistent with the Court's Order**

As Micron correctly pointed out, on August 11, 2023, the parties jointly sought an order from the Court to extend the discovery deadlines to accommodate counsel and witnesses' schedules, because the parties were "currently scheduling fact witness depositions." Dkt. 139 (motion); Dkt. 163 (3rd DCO). The Third Amended DCO explicitly provides that the fact discovery deadline is extended from September 5 to September 20, and the extension does not "affect the original deadline to serve **written discovery** and **subpoena requests**." Dkt. 163 at 3. There was no restriction on when to serve deposition notices on party witnesses in the DCO.

Netlist did not seek additional interrogatory responses, requests for admissions, or serve subpoenas after the original discovery cutoff. Instead, Netlist properly pursued party witness depositions as both Netlist and Micron contemplated when jointly moving to extend the deadline.

There is no violation of the DCO. And the Discovery Order allows Netlist to take 110 hours of deposition. *See* Dkt. 41 at 4. Netlist's deposition is well under this deposition limit. Netlist has been highly efficient when taking depositions in this case, with the average length being less than 5 hours. Netlist anticipates that each of the disputed depositions can be completed

---

[1] Netlist has dropped notices of deposition of Micron's employees in Japan and Germany.

[2] Netlist's Response to this Motion is not due until September 26. Netlist is filing its response ahead of time to ensure timely resolution of this issue in time before fact discovery closes.

in less than four hours on the record.

### B. Deposition of Witnesses Knowledgeable About HBM Designs is Necessary

Netlist properly noticed Micron's HBM engineers ███████████ ███████████████████████ for deposition on August 31. Micron does not dispute that these engineers have relevant knowledge about the design and operation of the accused HBM products, but only objects to "the timing of Netlist's" notices. *See* Mtn. 3 (Dkt. 169).

For example, Netlist has been repeatedly asking Micron for information regarding the qualification process of Micron's accused products. 

---
[3] ███████████████████
[4] ███████████████.

At this meeting, qualification plans were discussed:



Further, ▮▮▮ is also serving as a ▮▮▮ ▮▮▮ and ▮▮▮ are members of the ▮▮▮ of Micron HBM products[6] and presumably have more knowledge about the detailed design information on the accused products:



Netlist served its main Rule 30(b)(6) notice (with 89 topics) on May 15, 2023 and 30(b)(1) notices on June 9, 2023. Ex. 1 (service emails). Micron significantly delayed discovery. Micron did not make its first witness, Brent Keeth, available for deposition until August 15.[7] And Mr.

---

[5] ▮▮▮.

[6] ▮▮▮

[7] To the contrary, Micron did not serve its Rule 30(b)(6) notice on Netlist until July 24, months after Netlist's notices. And Micron did not serve the second set of notices on Netlist until August 7. Netlist promptly provided written objections and responses to both within two weeks after receiving each.

- 3 -

Keeth testified he had 

Micron made two other technical witnesses available on August 17 and August 30.  Both of them testified:

Micron also offered another witness, Mr. Roman Royer, for deposition on August 24, who purports to have knowledge regarding HBMs.  As of this date, Micron had not provided complete authentic RTL code for these products and improperly withheld non-source code

materials from production. Dkt. 158 (2023-08-29 Order requiring Micron to provide standard code repositories and offer complete, authoritative copies of RTL codes). Micron also repeatedly ignored Netlist's printing requests for the source code materials. For example, Netlist's counsel asked for printouts of code on August 16, but Micron ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Despite repeated requests, Micron has only agreed to make Mr. Royer available on September 19 or 20. September 20 is the current deadline for expert reports. Dkt. 163. Micron does not get to arbitrarily decide which witness who has relevant knowledge of HBMs it gets to present for deposition and refuse to make available any other knowledgeable witnesses. Micron's refusal to provide an earlier date for Mr. Royer and its refusal to make available any other HBM engineers for deposition has the effect of depriving Netlist of sufficient time to prepare its reports.

### C. Netlist Properly Served Notices of Deposition Based on New Information and Testimony Provided by Micron's Witnesses

On August 31 and September 7, Netlist served 30(b)(1) notices on two additional Micron witnesses identified to Netlist during the deposition of Micron's representatives.[8]

On August 30, Mr. Boe Holbrook ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Mr. Holbrook is designated as a corporate representative regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But at the deposition, he stated that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[8] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████

███████████████████████████

Mr. Holbrook further testified that ████████████████████████████████████

████████████████████████████████████████

█  ████████████████████████████████████████████████████
██████

████████████████████████████████

█████████████████████████████████ ██

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
█████████████████████████████████████████████████

████████████████████████████████ Qualification evidence is necessary to prove a US nexus.

Mr. Holbrook further identified that ████████████████████████████████

██████████████████████████████████████████████ which are also accused of

infringement in this Action:

███████████████████████████████████████████████████████
█████████████████████████████████
█████████████████████████████
███████████████████████████████
███████████████████████████████
██████████
███████████████████████████████████████████████
██████████████████████████████

Micron has not identified any corporate representatives specifically regarding its Crucial brand.

Netlist served Rule 30(b)(1) notices on them the next day.

Similarly, Netlist noticed the deposition of ██████████████████████████ because

███████████████████████████████████████████ having knowledge relevant to this Action. For instance, ███████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████ ████████

███████████████████████████████████████████████████████.  ████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████.

Any purported delay is of Micron's own making, because it failed to respond to Netlist's early deposition notices served in May and June and failed to timely produce its source code materials. Micron's assertion that Netlist's notices are "short notices" because they were served a few days before September 5 is also not on point. The parties already stipulated to take depositions out of time until September 20, long before Netlist served these notices. Dkt. 139 (Joint Motion filed on August 11). Micron itself did not offer many of its own corporate representatives for deposition until after September 5, and had not even disclosed all of their availability as of September 14.

## II.   CONCLUSION

Micron's motion for a protective order should be denied. Micron should make the noticed witnesses available for deposition within 5 days after the Court enters this Order.

Dated: September 15, 2023   Respectfully submitted,

/s/ Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906

>jtruelove@mckoolsmith.com
>**MCKOOL SMITH, P.C.**
>104 East Houston Street Suite 300
>Marshall, TX 75670
>Telephone: (903) 923-9000
>Facsimile: (903) 923-9099
>
>Jason G. Sheasby (*pro hac vice*)
>jsheasby@irell.com
>Annita Zhong, PhD (*pro hac vice*)
>jsheasby@irell.com
>**IRELL & MANELLA LLP**
>1800 Avenue of the Stars, Suite 900
>Los Angeles, CA 90067
>Tel. (310) 277-1010
>Fax (310) 203-7199
>
>***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on September 15, 2023, a copy of the foregoing was served to all counsel of record.

>*/s/ Yanan Zhao*
>Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

>*/s/ Yanan Zhao*
>Yanan Zhao