IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS INC., MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-CV-203-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S MOTION TO STRIKE DEFENDANTS' SEPTEMBER 14, 2023 SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1**

**TABLE OF CONTENTS**

**Page**

I.  BACKGROUND ..................................................................................................................1

II. ARGUMENT......................................................................................................................5

   A. Legal Standard........................................................................................................5

   B. Micron Cannot Show That Its Late Responses Are Substantially Harmless ...................................................................................................................6

III. CONCLUSION ..................................................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Barrett v. Atl. Richfield Co.*,
   95 F.3d 375 (5th Cir. 1996) ................................................................................................... 8

*iFLY Holdings LLC v. Indoor Skydiving Germany GmbH*,
   2016 WL 3854070 (E.D. Tex. Mar. 22, 2016) .................................................................. 5, 8

*Kaist IP US LLC v. Samsung Elecs. Co.*,
   2017 WL 9937763 (E.D. Tex. Dec. 15, 2017) ...................................................................... 7

*Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente
   und Technologie GmbH*, No., 2018 WL 4289342 (E.D. Tex. July 11, 2018) ........................ 7

*Pers. Audio, LLC v. Apple, Inc.*,
   2010 WL 9499679 (E.D. Tex. June 1, 2010) ........................................................................ 7

*Primrose Operating Co. v. Nat'l Am. Ins. Co.*,
   382 F.3d 546 (5th Cir. 2004) .............................................................................................. 5, 6

*Rembrandt Vision Techs. LP v. Johnson & Johnson Vision Care, Inc.*,
   725 F.3d 1377 (Fed. Cir. 2013) ............................................................................................. 6

*Round Rock Rsch., LLC v. Dell Inc.*,
   2012 WL 8017390 (E.D. Tex. Mar. 26, 2012) ...................................................................... 7

*Smith v. Chrysler Grp.*,
   LLC, 2017 WL 11630515 (E.D. Tex. June 26, 2017) ........................................................... 8

*Woods v. DeAngelo Marine Exhaust, Inc.*,
   692 F.3d 1272 (Fed. Cir. 2012) .......................................................................................... 5, 7

**Rules**

Fed. R. Civ. P. 26(e) ...................................................................................................................... 5

Fed. R. Civ. P. 37 .......................................................................................................................... 5

Rule 26 ...................................................................................................................................... 5, 6

Rule 30(b)(6) ................................................................................................................................. 6

**Other Authorities**

8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2049.1
   (3d ed.2011) ............................................................................................................................ 5

Plaintiff Netlist, Inc. ("Netlist") respectfully moves to strike Micron Technology, Inc., Micron Semiconductor Products Inc., and Micron Technology Texas LLC's (collectively, "Micron" and "Defendants") untimely supplemental interrogatory responses regarding the factual basis for its non-infringement of Netlist's U.S. Patent Nos. 11,016,918 (the "'918 patent") and 11,232,054 (the "'054 patent"). The '918 and '054 patents are directed to on-module power management, and are asserted against Micron's DDR5 DIMMs, which include an on-module power-management integrated circuit ("PMIC"). Micron's September 14, 2023 supplement includes nearly ten pages of ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ that Micron disclosed for the first time just before the close of fact discovery and after the August 30, 2023 deposition of Micron's only 30(b)(6) witness designated on the structure, operation, and function of the Accused DDR5 DIMMs and PMICs. These late disclosures are highly prejudicial to Netlist and warrant exclusion.

## I. BACKGROUND

Netlist served a discovery letter on Micron on November 10, 2022 requesting, among other things "information . . . relevant to Micron's non-infringement theories." Ex. 11 at 4. Netlist served its first set of interrogatories on January 11, 2023. *See* Ex. 2. Interrogatory No. 1 sought the basis for Micron's non-infringement defense:

> For each asserted claim of Netlist Patents-in-Suit that You deny liability for infringement or damages, Set Forth Your Complete Basis (including both factual and legal) for that denial on a product-by-product and element-by-element basis, including but not limited to, all claim elements that You assert are not met by that Micron Accused Product, the reason for Your assertion that such elements are not met (such as by describing how each of Your products are configured to operate and/or actually operate), any affirmative defense(s) that You intend to assert with respect to that Micron Accused Product, and the factual basis supporting Your belief that such affirmative defense(s) apply.

*Id.* at 5. Micron initially responded to this interrogatory on February 17, 2023, ▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 1 at 6. Micron supplemented its responses six

months later on August 9, 2023. The only factual basis Micron provided for its non-infringement of the '918 and '054 patents was that the Accused Products:



Micron provided nothing but ███████████████████████████████████

██████████████████████ *See* Ex. 1 at 63-70, 72-77.

Netlist then took the deposition of Mr. Boe Holbrook on August 30, 2023. ████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████ Ex. 3 (Netlist's First 30(b)(6) notice) at 13-14 (topics #14-18 directed at operation of Micron's DDR5 DIMMs and on-module PMICs on those DIMMs), 29 (topic #89: "For each Micron Accused Product, all facts and circumstances relating to Micron's position that the Accused Product does not practice one or more claims of Netlist's Patents-in- Suit"). Netlist also deposed fact witnesses from third-party suppliers of

certain PMICs used by Micron in its DDR5 DIMMs, on August 10 and September 1, 2023.[1] Ex. 4

███████████████████████████████████████████████████████████████████████████

████████████████████████████████████.

On September 14, 2023, after these depositions were taken, and just six days before the fact discovery cutoff and the due date for expert reports at the time, Micron supplemented its responses again with nearly ten pages of ███████████████████████████████████████████. Ex. 1 at 91-100. Micron advanced entirely ████████████████████████████████ ██████ in its September 14, 2023 supplemental response:

- ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

- ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

- █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

- ██████████████████████████████████████████████████████████████████████████████████████████████████████

- ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

- ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[1] Netlist has been diligently pursuing a deposition with Texas Instruments ("TI"), another supplier of PMICs to Micron, as evinced by Netlist's email correspondences with counsel for TI. *See* Exs. 6, 7, and 8.



Micron did not disclose the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## II. ARGUMENT

### A. Legal Standard

Rule 26 allows for supplementation of interrogatory responses, but "prohibits parties who are aware of their deficient response from "hold[ing] back material items and disclos[ing] them at the last moment." *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1282 (Fed. Cir. 2012) (quoting 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2049.1 (3d ed.2011).

Where a party fails to supplement in a timely manner, the proper remedy is exclusion under Rule 37:

> *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c); Fed. R. Civ. P. 26(e) (party must supplement responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect"). *See also Woods,* 692 F.3d at 1282 ("Having properly found that DeAngelo's failure to supplement its interrogatory response was a violation of Rule 26(e), the district court was well within its discretion in excluding the drawings under Federal Rule of Civil Procedure 37(c).").

Courts must consider four factors when determining if a Rule 26 violation is "substantially harmless" under Rule 37: (1) "prejudice to the opposing party of including the evidence," (2) "explanation for a party's failure to disclose," (3) "importance of the evidence," and (4) "possibility of curing such prejudice by granting a continuance." *iFLY Holdings LLC v. Indoor Skydiving Germany GmbH*, 2016 WL 3854070, at *1 (E.D. Tex. Mar. 22, 2016) (citing *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004)). The party risking Rule 37 sanctions carries the burden of

showing its failure to comply with Rule 26 was "substantially justified or harmless." *See Rembrandt Vision Techs. LP v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013).

### B.  Micron Cannot Show That Its Late Responses Are Substantially Harmless

***Prejudice to Netlist.*** Prejudice is the most important single factor, and here the prejudice on Netlist as a result of Micron's untimely disclosure is substantial. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 564 (5th Cir. 2004) ("The focus of our inquiry is whether NAICO was prejudiced by Plaintiffs' failure to comply with discovery rules . . . .").

Micron strategically waited until after the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The only witness even remotely relevant to Micron's DDR5 products that Netlist was able to depose after Micron served its supplemental interrogatory responses was Mr. Neal Koyle,[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Given that fact discovery was six days from closing at the time Micron's supplemental response was served, it would have been practically impossible for Netlist to conduct any discovery into the basis for key arguments and positions that Micron intends to take at trial. This undermines the entire purpose of interrogatories, which is to "enable[e] a party to discover facts related to its

---

[2] Mr. Koyle is the co-author of a technical brief regarding Micron's DDR5 DIMMs. Ex. 7.

opponent's contentions" sufficiently early in the case to develop its responses. *Woods*, 692 F.3d at 1282. Moreover, most 30(b)(6) depositions have already been completed or were completed just after Micron's disclosure, and specifically Netlist had already deposed those Micron and third-party corporate representatives with knowledge of the accused DDR5 DIMMs or DDR5 PMICs. This factor weighs towards exclusion.

***Explanation for a party's failure to disclose.*** Micron has provided no reason for its delay, and there is no reason Micron disclosed its non-infringement arguments and factual bases with only six days to go in fact discovery. Micron's interrogatory response ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 12. And Micron received all of Netlist's expert reports from *Netlist v. Samsung Electronics Co, Ltd.,* No. 2:21-cv-463 by June 30, 2023. Those expert reports detail ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Thus, this is not a case in which Micron required extra time for its non-infringement theories to "crystallize." *Cf. Kaist IP US LLC v. Samsung Elecs. Co.*, 2017 WL 9937763, at *1 (E.D. Tex. Dec. 15, 2017).

To the extent Micron argues that it was not required to disclose the factual bases for its non-infringement positions prior to the deadline for opening expert reports, Micron is mistaken. *See Pers. Audio, LLC v. Apple, Inc.*, 2010 WL 9499679, at *2 (E.D. Tex. June 1, 2010) (granting motion to compel Apple to respond to non-infringement interrogatory where Apple objected that the interrogatory was "premature under the Scheduling Order, particularly since Apple has not received updated Infringement Contentions pursuant to [P.R.] 3–1(g), defined structure for § 112(6) claims **and calls for expert testimony**") (emphasis added); *Round Rock Rsch., LLC v. Dell Inc.*, 2012 WL 8017390, at *2 (E.D. Tex. Mar. 26, 2012) (granting plaintiff's motion to compel response to non-infringement interrogatory); *cf. Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Technologie GmbH*, No.,

2018 WL 4289342, at *4 (E.D. Tex. July 11, 2018) (striking non-infringement theory in expert report that defendant failed to disclose in its "non-infringement contention in its interrogatory responses" in part because patentee "ha[d] not had an opportunity to test the underlying merits of these conclusions through discovery"). This factor weighs towards exclusion.

*Importance of evidence.* To the extent Micron argues its supplemental interrogatory responses should not be stricken because they are important to its case, the Court should reject this argument. The "importance" of proposed evidence "cannot singularly override the enforcement" of court deadlines. *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996). Indeed, if these responses are important to Micron's case, this only heightens the prejudice to Netlist because it has not had the fair opportunity to take discovery on them. Micron should not be rewarded for its delay, and courts in this district frequently exclude untimely disclosed evidence even when it was "highly important." *See, e.g.*, *Smith v. Chrysler Grp., LLC*, 2017 WL 11630515, at *2 (E.D. Tex. June 26, 2017), *report and recommendation adopted as modified*, 2017 WL 3482174 (E.D. Tex. Aug. 14, 2017), *aff'd*, 909 F.3d 744 (5th Cir. 2018). This factor weighs towards exclusion.

*Availability of a continuance.* The availability of a continuance does not weigh against exclusion. Trial is set for roughly four months from now. A continuance would prevent Netlist from being able to vindicate its patent rights in a timely fashion. *See iFLY Holdings*, 2016 WL 3854070, at *3 (granting exclusion where responses were served just "three months before trial" and delay "would impede [plaintiff's right to resolve an issue of patent infringement before a jury, if necessary."). This factor weighs towards exclusion.

### III.   CONCLUSION

For the reasons discussed above, Netlist's motion to strike should be granted.

Dated: September 20, 2023                    Respectfully submitted,

*/s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on September 20, 2023, a copy of the foregoing was served to all counsel of record via the Court's ECF system.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF CONFERENCE

I hereby certify that, on September 19, 2023, I met and conferred with counsel for Micron. Micron opposes Netlist's motion to strike.

*/s/ Jason Sheasby*
Jason Sheasby