# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:22-CV-203-JRG ) ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS INC., MICRON TECHNOLOGY TEXAS LLC, | ) ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF NETLIST, INC.'S MOTION TO TAKE THIRD-PARTY DEPOSITION OUT OF TIME

## **TABLE OF CONTENTS**

**Page**

I. FACTUAL BACKGROUND ........................................................................................................1

II. ARGUMENT ................................................................................................................................3

    A. Information About TI's PMIC Is Highly Important to Netlist's Infringement Claims ........................................................................................................4

    B. Netlist Has Good Cause to Take the Deposition Out of Time ...................................5

    C. Micron Faces No Prejudice as a Result of Netlist's Motion .......................................7

III. CONCLUSION .............................................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arigna Tech. Ltd. v. Volkswagen AV*,
   2022 WL 2761288 (E.D. Tex. Jan. 19, 2022) ................................................................................4

*Attilio v. United States*,
   2018 WL 7283321 (S.D. Tex. July 23, 2018) ..........................................................................5, 6

*Brown v. DFS Services, L.L.C.*,
   434 F. App'x. 347 (5th Cir. 2011) ..............................................................................................3

*Candela Corp. v. Palomar Med. Techs.*,
   2008 U.S. Dist. LEXIS 143634 (E.D. Tex. May 12, 2008) ......................................................6, 7

*Guthrie v. Reg'l Plastic Surgery Ctr., P.A.*,
   2020 U.S. Dist. LEXIS 233728 (E.D. Tex. Dec. 11, 2020) .........................................................6

*Realtime Data LLC v. EchoStar Corp.*,
   2018 WL 6266301 (E.D. Tex. Nov. 15, 2018) ............................................................................6

**Rules**

Fed. R. Civ. P. 16(b)(4) ......................................................................................................................3

Fed. R. Civ. P. 16(b)(4) ......................................................................................................................3

Plaintiff Netlist, Inc. ("Netlist") respectfully requests the Court to permit the deposition of third-party Texas Instruments ("TI") to be conducted on a date agreeable by the parties between October 25 and 27. The requested out-of-time deposition is necessary because: ███

███

(3) Netlist has been diligently pursuing third-party discovery since November 2022, and TI's knowledgeable witnesses will not be available until the week of October 23 due to an unavoidable conflict. Netlist has also agreed to cap the deposition to less than **3 hours**. Micron has identified no prejudice in connection with Netlist's request for an out-of-time deposition.

**I.     FACTUAL BACKGROUND**

**A.     TI Has Relevant Information Not in Micron's Possession**

Netlist accuses Micron's DDR5 DIMMs of infringing the '918 and '054 patents by incorporating features realized by PMICs. Dkt. 145, ¶ 56. ███. Micron also stated that it does not have source code or information regarding the circuit-level operation of PMICs supplied by vendors, ███ 2023-03-02 Rueckheim Ltr ("Micron does not have in its possession, custody, or control any source code . . . of . . . DDR5 Power Management ICs");

███

- 1 -

In light of this, Netlist sought information regarding Micron's PMIC suppliers. Micron refused to disclose that information, forcing Netlist to file a motion to compel. *See* Dkt. 133 (Netlist's Motion to Compel Production of Document and Information of Micron's Component Suppliers). Micron agreed to produce these documents at the hearing on Netlist's motion. 2023-08-22 Hearing Tr. at 41:19-20.

### B. Netlist Diligently Pursued Third-Party Discovery in the Last Ten Months

Netlist properly served subpoenas on TI nearly ten months ago, on November 22, 2022. Ex. 1 (subpoena with proof of service). TI responded with responses and objections on December 7, and ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬). Micron refused to provide the basic and plainly relevant information of the component part numbers used in its accused products until January 18, 2023. *Id.* at 6. Once Micron provided this information, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Netlist met and conferred with TI on June 5, and TI confirmed it was amenable to producing a witness for deposition. *Id.* at 4. Netlist provided TI with specifically narrowed deposition topics on June 15 and subsequently revised the topics again on July 11 and August 7, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Dkt. 184-9 at 4, 10 (Email Chain).

Netlist received the source code printouts from TI on August 11. Thereafter, Netlist diligently followed up with TI and informed TI of the impending fact discovery deadline. *Id.* at 7 (2023-08-10 Tezyan Email). On August 17, Netlist and TI met and conferred again, during which TI's technical patent counsel was present, and Netlist's counsel explained in detail what information Netlist sought and why. *Id.* ███████████████████████

███████████████████████

███████████████████████

███████████████████████

Netlist's counsel responded on the same day that Netlist would be generally available before the September 20 discovery cutoff. *Id.* ███████████████████████

███████████████████████.

On September 13, Netlist's counsel reached out to Micron to see if it was amenable to and available on any of the deposition dates proposed by TI. Ex. 2 at 2 (09-13-2023 Tezyan Email). The parties met and conferred on September 14, and Micron refused to consent to the deposition dates provided by TI or any date beyond September 20, 2023, forcing Netlist to file this motion. Micron provided no basis for its refusal.

## II.  ARGUMENT

It is within the Court's discretion to permit or deny discovery outside of the discovery period. *See Brown v. DFS Services, L.L.C.*, 434 F. App'x. 347, 352 (5th Cir. 2011). Rule 16(b)(4) allows a case schedule to be modified for "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This Court considers four factors when determining whether to modify a schedule under Rule 16(b)(4): (1) the explanation for the failure to meet the deadline; (2) the importance of the modification of the deadline; (3) any potential prejudice from allowing the modification;

and (4) the availability of a continuance to cure any such prejudice. *See Arigna Tech. Ltd. v. Volkswagen AV*, 2022 WL 2761288, at *1–2 (E.D. Tex. Jan. 19, 2022).

### A. Information About TI's PMIC Is Highly Important to Netlist's Infringement Claims

The deposition testimony Netlist seeks from TI concerns the ▮▮▮▮▮ ▮▮▮▮▮ incorporated in Micron's Accused DDR5 Products. Ex. 1 (Depo. Subpoena). It is essential that Netlist be permitted to depose TI because this information is highly relevant to its infringement analysis and is not available from other sources. *See supra* 1 (▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

As explained in Netlist's motion to compel information on component suppliers, "Netlist's '918 and '054 patents are directed to certain features of PMICs of Micron's accused DDR5 products. For example, Netlist's infringement contentions assert claim elements of the '918 patent against PMIC features in Micron's DDR5 products." Dkt. 133 at 2. The Court recognized that this information was relevant, asking Micron's counsel if there was "any reason that Micron shouldn't produce those raw numbers?" 2023-08-22 Hearing Tr. at 41:14-18. Micron's counsel agreed to produce the requested information. *Id.* at 41:19-20. ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Thus, a deposition on the design and function of these components is clearly relevant and important, particularly given Micron's position that it has no information on this topic.



Micron does not object to the relevance of the subpoena. Netlist has indeed deposed other third-party suppliers of Micron's PMICs, including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. But a deposition of TI is important because Netlist asked, and Micron refused, to stipulate that all these PMIC components supplied by different vendors operate in the same way. Dkt. 133

(Netlist seeking to prevent Micron "from raising any arguments that its accused products operate differently because they incorporate Key Components from different suppliers"); Dkt. 143 (Micron opposing Netlist's motion).

### B. Netlist Has Good Cause to Take the Deposition Out of Time

Good cause exists to allow Netlist to take the deposition out of time.

***First***, as explained above in Section I, Netlist has complied with all applicable deadlines in issuing and seeking to enforce the deposition subpoena served on TI. Indeed, Netlist has diligently pursued third-party discovery from TI throughout the fact discovery period and served the relevant subpoenas nearly ten months ago, in November of 2022. Ex. 1 (Subpoena). Netlist consistently and diligently followed up with TI and worked to reduce any burden imposed by its requests as much as possible, including by meeting and conferring on numerous occasions and narrowing its list of questions several times to alleviate TI's concerns. *Attilio v. United States*, 2018 WL 7283321, at *1 (S.D. Tex. July 23, 2018) (permitting deposition after discovery deadline because "Plaintiff did request the deposition prior to the expiration of the discovery period and provided a list of topics to be covered.").

***Second***, Netlist has been working with TI for months to arrange a deposition. Netlist has narrowed its requests multiple times to address TI's concerns and explained in detail the relevance of the information it needs. Netlist also followed up with TI multiple times after every meet-and-confer. *See* Dkt. 184-9. As explained by TI, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Thus, Netlist must take this deposition out of time despite it and TI's diligent

- 5 -

efforts to pursue this discovery for reasons outside of its control. *Id.* (2023-09-19 Abraham Email)

███████████████████████████████████████████████████████████

███████████████████████████████████████ This satisfies the good cause standard. *See Candela Corp. v. Palomar Med. Techs.*, 2008 U.S. Dist. LEXIS 143634 (E.D. Tex. May 12, 2008) (finding good cause to grant motion to take deposition out of time where "any inability on the part of [plaintiff] to meet the deadline is a combination of other district courts' delay in ruling on their motions to compel and [defendant]'s stalling tactics").

**Third**, any indication by Micron that Netlist should have moved to compel TI for deposition at an earlier date would be disingenuous in light of Micron's refusal to provide the discovery relevant to TI, as discussed above. Micron agreed to produce information relating to the specific amount of its accused DDR5 products incorporating TI PMIC component at the hearing on Netlist's motion to compel on August 22. 2023-08-22 Hearing Tr. at 41:21-24

███████████████████████████████████████████████████████████

████████████████████████████████████████████████ Micron failed to follow through on its commitment to the Court for over three weeks, only finally complying on September 14. Without knowing what proportion of the accused products incorporate components from each disclosed supplier, Netlist had no means to prioritize which third-party subpoenas to enforce. Though Netlist diligently pursued discovery from TI in spite of this, Micron's delay has increased the urgency of this motion and wasted Netlist's resources by requiring it to pursue all suppliers with no knowledge of which supplier components were most relevant. *See, e.g., Realtime Data LLC v. EchoStar Corp.*, 2018 WL 6266301, at *5 (E.D. Tex. Nov. 15, 2018) (granting leave to conduct additional discovery where plaintiff "diligently pursued this discovery through the litigation and had previously filed a Motion to Compel"); *Guthrie v. Reg'l Plastic Surgery Ctr., P.A.*, 2020 U.S. Dist. LEXIS 233728 (E.D. Tex. Dec. 11, 2020) (permitting

Defendant to take deposition after close of fact discovery where Defendant did not receive documents "highly relevant to the claims and defenses in this action").

Micron has provided no explanation for its refusal to accommodate TI's witnesses. Indeed, the Discovery Order in this action requires the parties to "act reasonably and in good faith to schedule depositions expeditiously, while accommodating the schedules of counsel and witnesses." Dkt. 41 at 4. Micron has refused to do so.

### C. Micron Faces No Prejudice as a Result of Netlist's Motion

Netlist's request poses no prejudice to Micron. Netlist agreed to limit the deposition to only 3 hours or less. Allowing the deposition to proceed will give both Netlist and Micron an opportunity to question TI's witness about a key component of a substantial number of the accused products. Notably, the relief Netlist requests will not impact any of the deadlines set forth in the Court's Docket Control Order. *See* Dkt. 182. Moreover, Micron has had ample notice of both the relevance of TI's testimony and Netlist's intention to conduct this deposition. Netlist provided Micron with notice of its deposition subpoena of TI in November 2022, requested the relevant part information by December 15, and moved to compel information concerning the proportion of accused products using each supplier's components (Dkt. 133). There could be no doubt that the functioning of TI's PMICs is highly relevant to Netlist's claims, nor that Netlist intended to pursue discovery from TI, including a deposition. *See Candela*, 2008 U.S. Dist. LEXIS 143634, at *4-*5 (granting motion to take deposition out of time where "any potential prejudice to [defendant] is entirely of its own making… as [plaintiff] noticed these depositions five months ago, [defendant] has had plenty of time to contemplate what these depositions might reveal and incorporate the information into their trial preparations.")

### III. CONCLUSION

For the reasons stated above, Netlist's motion should be granted.

Dated: September 20, 2023       Respectfully submitted,

/s/ *Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

**Attorneys for Plaintiff Netlist, Inc.**

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 20, 2023, a copy of the foregoing was served to all counsel of record via Email as agreed by the parties.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF CONFERENCE**

I hereby certify that the parties' lead-and-local counsel met and conferred on September 14. Micron states that it does not agree to Netlist's motion for leave to take deposition of third-party witness out of time.

*/s/ Yanan Zhao*
Yanan Zhao