UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| NETLIST, INC., | ) |
|---|---|
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:22-cv-203-JRG ) ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) ) ) ) ) ) |
| Defendants. | ) |

### PLAINTIFF NETLIST'S MOTION TO EXTEND DEADLINE

Plaintiff Netlist, Inc. ("Netlist") respectfully requests that the Court extend the deadline for Netlist to serve its opening expert damages report and report(s) relating to Micron's HBM products accused of infringing Netlist's patents 8,787,060 and 9,318,160, and relating to Micron's sales and licensing activity by two weeks. An extension is necessary due to Micron Defendants' failure to provide documentation on the product in a timely manner, even after being ordered to do so by the Court. To put this in context, on August 29, 2023 the Court ordered the production of critical design materials for HBM products. The documents were not produced until yesterday. The Micron licenses still have not been produced. Specifically, Netlist requests that its deadline to serve opening expert reports be extended by fourteen (14) days as follows:

| Events | Current Deadline | Requested Extended Deadline |
|---|---|---|
| Serve Netlist's Opening Disclosures for Expert Witnesses relating to Infringement by Micron's Accused HBM Products and relating to Damages | September 20, 2023 | October 4, 2023 |

Lead and local counsel for Netlist and Micron met and conferred regarding Netlist's extension request on Wednesday, September 6, 2023. Micron agreed to propose a compromise, but waited until late Friday evening to do so, claiming that the only accommodation the schedule would allow was a three-day extension, which it wanted applied to its reports as well. Netlist realizes this would only provide Micron with one week to serve rebuttal disclosures under the current schedule. As such, Netlist proposes that Micron's deadline to serve rebuttal disclosures on these topics be moved to October 25, 2023, and that the parties' deadlines to file motions to strike expert testimony relating to these issues be moved to November 6, 2023, as set out below. Netlist is cognizant of the Court's burden in reviewing substantial briefing prior to the Pretrial Conference; Netlist's proposal would have the briefing for these issues completed before the parties even submit the pretrial order or the responsive briefing on MILs. Netlist is also aware that moving briefing deadlines requires good cause. Netlist believes such good cause is set out in detail in this motion.

| Events | Current Deadline | Requested Extended Deadline |
|---|---|---|
| Serve Disclosures for Rebuttal Expert Witnesses relating to Infringement by Micron's Accused HBM Products and relating to Damages | October 10, 2023 | October 25, 2023 |
| Deadline to Complete Expert Discovery relating to Infringement by Micron's Accused HBM Products and relating to Damages | October 23, 2023 | November 3, 2023 |
| File Motions to Strike Expert Testimony (including *Daubert* Motions) relating to Infringement by Micron's Accused HBM Products and relating to Damages | October 25, 2023 | November 6, 2023 |
| Response to Motions to Strike Expert Testimony (including *Daubert* Motions) relating to Infringement by Micron's Accused HBM Products and relating to Damages | November 8, 2023 | November 20, 2023 |

I.      **Micron's Behavior**

Micron has refused to partake in reasonable discovery at any point in this case.

Netlist has filed eight motions to compel. Dkts. 49, 73, 74, 90, 131, 132, 133, 137. The Court has ordered Micron to produce information as a result of four of them, and the other three were mooted because Micron agreed to produce responsive information only on the eve of the motion hearing.[1] Dkts. 99 (granting in part Netlist's Motion to Compel inspection), 123 (ordering production of certain sales information), 158 (granting Dkts. 131, 132, mooting Dkt. 133).

For example, the Court ordered Micron to make its relevant source code (solely for its HBM products) available for inspection without requiring active participation by a Micron employee. Dkt. 99. This was necessary because Micron refused to allow Netlist to review source code without a Micron employee operating the inspection computer. *See id.*

As another example, the Court ordered authoritative copies of RTL code necessary to permit inspection after Micron originally produced millions of files of disorganized RTL, making it "impossible" for Netlist's expert to "analyze the RTL code or to have any confidence that the RTL code that was provided is the actual authoritative code." Dkt. 132-1 (Barr Decl.); Dkt. 158 (Court Order).

As another example, the Court ordered Micron to produce a spreadsheet of its sales records. Dkt. 123. This was necessary because Micron had not produced complete sales information for the accused products over a year into the litigation. The Court also ordered Micron to disclose, "For each customer that has purchased any of the Accused Products, the individual(s) at those customers with whom Micron has negotiated the sale, or had any other discussions regarding the sale and/or use of the Accused Products." Dkt. 123 at 1. Such

---

[1] Netlist's Motion to Compel Micron Defendants to Produce Documents Relating to the Accused Features of Micron's Products, Dkt. 137, is still pending.

information is necessary for Netlist to analyze whether Micron's sales occurred in the United States or not.

Netlist has even had to move for an order to show cause that Micron is not in contempt of the Court's order to produce sales information. Dkt. 146. As Netlist explained in that motion, Micron failed to comply with the Court's order, failed to produce information in its possession, and failed to act with any sort of diligent effort to meet its discovery obligations.

Micron has also delayed in producing information subject to the Court's other orders granting Netlist's motions to compel. For example, despite that the Protective Order (Dkt. 46, ¶ 10(c)xiii) requires production of prepared source code printouts within three business days, Micron failed to produce anything from Netlist's August 16 print request until August 29. Ex. 5 (production letter). Moreover, at the discovery hearing on August 22, the Court ordered Micron to produce "what is described there in paragraph 2 of Doctor Barr's original declaration," which was "the intact tree of official RTL code" produced "[u]sing the standard code repositories that are employed throughout the industry." Dkt. 132-1 (Barr Decl.). Despite the Court's clear language on the record, Micron refused to produce any such information until the Court's written order was filed on the docket. Indeed, despite the impending close of fact discovery, over a week after the hearing took place, Micron's counsel acknowledged its refusal to produce anything: "We are still waiting for the Court to issue an order regarding the August 22 hearing." Ex. 1 (08-29-2023 Park Email). As another example, the Court ordered Micron on August 22 to produce design presentations on its HBM products that it improperly designated as source code. Micron did not even start producing these documents for a week, and sent out for delivery most (two-thirds) of the ordered production only yesterday – Netlist still has not received it. During the September 6 meet and confer, Micron disclosed that it had withheld additional HBM design presentations, and then waited two days to produce them. Ex. 6. Netlist's reviewer is presently and has been inspecting Micron's HBM source code daily since August 21. There are only 11 days before

Netlist's opening expert reports are due. The requested source code materials and improperly designated documents are critical to show the design, function, and operation of Micron's accused HBM products.

Further, during the August 22 hearing, the Court ordered Micron to produce license agreements relevant to this action because Micron unilaterally determined that DRAM-related licenses were not relevant, despite the accused products in this case all being DRAM products. Dkt. 142 (Micron disputing relevance of Rambus agreement); Dkt. 158 (Court ordering production). Micron stated that it cannot produce these license agreements until at least after September 11, which is 9 days before Netlist's damages report is due. Ex. 2 (2023-09-08 Park Email) ("**License agreement.** 1. The additional license agreements are being processed for production. We expect our discovery vendor to have the production ready by Monday."). Micron's delay has significantly impaired Netlist's capacity to prepare its damages analysis.

As a further example, during the parties' previous meet and confer on July 20, Micron stated that it has produced all master purchase agreements from its customers. Ex. 3 (2023-07-24 Zhao Email) ("Following up on our call last week, here below is a summary of our understanding of the parties' positions regarding Netlist's current document production requests and the outstanding issues for the Court to address during the July 26 hearing. . . .Micron represents that it has produced all master purchase agreements from its customers. . . "). Among over ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[2] On September 6, 2023 Micron's corporate representative testified during deposition that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



*See* Dkt. 164-04 ( ▮ ▮ ) Netlist promptly asked Micron to produce these contracts but heard no response from Micron whatsoever. Ex. 4 (2023-09-07 Sheasby Email & Zhao Email). The requested contracts and MOUs are also important for Netlist to conduct its analysis. For instance, the places where the contracts are negotiated or entered into are relevant to determine whether sales of Micron's accused products occurred in the United States; and any discounts or forecasts provide in these agreements would be relevant for Netlist's reasonable royalty calculations.

Micron's discovery delay and deficiency is a repeated pattern in this lawsuit. Micron came nowhere near compliance with the Deadline to Substantially Complete Document Production of June 7. For example, as of June 7, Micron had produced no license agreements at all. And even beyond that, Micron has unreasonably delayed. Micron waited until 9pm CT on August 30, 2023, the night before the deposition of its corporate representative Boe Holbrook at 8am CT the next morning, to produce any of Mr. Holbrook's ESI. Indeed, Micron produced ▮ of documents that night. By way of reference, as of that night, Micron had only produced ▮ of documents total to date. It is Micron's consistent pattern to delay production of ESI until **the day** before a scheduled deposition for the custodian. For example, Micron did not produce the ESI of Rank Ross until August 16, while his deposition was schedule for August 17;

Micron did not produce the ESI of Tyler Morton until September 5, while his deposition was scheduled for September 6.

Additionally, Netlist is currently awaiting Micron's compliance with a number of other discovery requests it has untimely delayed on, including, for example:

1. Netlist's request for samples of the accused products;
2. Micron's record tracking commissions of Micron's sales managers for each customer;
3. Supplemental Interrogatory responses confirming that it does not possess requested correlation information concerning DDR5;
4. ESI of two additional Micron's custodians; and
5. Documentation related to Micron's decision to discontinue its Hybrid Memory Cube product line (a system Micron contends as prior art to Netlist's HBM patents).

These requested documents are relevant to Netlist's damages analysis as well as infringement analysis with respect to the HBM Products.  This list is not exhaustive as Netlist is still covering additional discovery deficiencies during Micron corporate representatives' depositions.

## II.     A Short Extension Is Appropriate

Netlist should not have had to require the Court's intervention to receive basic discovery in this case. And there is no excuse for Micron's delays in producing basic information, like its patent licenses, sales data, and source code. This has prevented Netlist from being able to fully prepare its case and its opening expert reports. Netlist thus requests a brief two week extension on its opening reports with respect to damages and Micron's HBM products accused of infringing the '060 and '160 patents in suit. This is necessary given Micron's delay in providing the HBM-related source code materials and its licenses. *Supra* at 2-3. Micron would not suffer any prejudice due to Netlist's requested extension because Netlist's requested documents are within Micron's possession, custody, or control, and Micron has been aware of Netlist's requests for months, if not a year when Netlist served initial discovery letters, interrogatory requests, and filed the motion to compel.

The Court has the inherent authority to control its docket. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets."). Courts in this district allow extensions of expert report deadlines when the opposing party has unreasonably delayed in providing discovery. *See Cheetah Omni LLC v. Alcatel-Lucent USA Inc.*, 2013 U.S. Dist. LEXIS 198978 (E.D. Tex. Nov. 8, 2013) (granting motion to extend deadline to serve expert report where party requesting extension received delayed discovery from opposing party after filing motion to compel, and the opposing party would not suffer prejudice from brief extension.). Further, Netlist's requested two-week extension is reasonable given the serious discovery delays Micron has imposed. *Quintel Tech. v. Huawei Techs.*, 2017 U.S. Dist. LEXIS 235876 (E.D. Tex. Aug. 24, 2017) (granting two-week extension of time to file rebuttal expert reports "to minimize any potential prejudice to Defendants" where Plaintiffs disclosed "a handful of documents" late); *see also Gibson Brands, Inc. v. Armadillo Distrib. Enters.*, 2020 U.S. Dist. LEXIS 209861 (E.D. Tex. Nov. 10, 2020) (permitting late expert report where party received delayed sales data from third parties). Netlist requests no other deadlines be moved.

### III.    Conclusion

For the reasons discussed above, Netlist's motion to extend the deadline to serve damages report and technical report relating to Micron's HBM products by October 4 should be granted.

Dated: September 9, 2023                                  Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670

        Telephone: (903) 923-9000
        Facsimile: (903) 923-9099

        Jason G. Sheasby (*pro hac vice*)
        jsheasby@irell.com
        Annita Zhong, Ph.D. (*pro hac vice*)
        hzhong@irell.com
        Thomas C. Werner (*pro hac vice*)
        twerner@irell.com
        Yanan Zhao (*pro hac vice*)
        yzhao@irell.com
        Michael W. Tezyan (*pro hac vice*)
        mtezyan@irell.com

        **IRELL & MANELLA LLP**
        1800 Avenue of the Stars, Suite 900
        Los Angeles, CA 90067
        Tel. (310) 277-1010
        Fax (310) 203-7199

        ***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record by email.

        */s/ Jason G. Sheasby*
        Jason G. Sheasby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

        */s/ Jason Sheasby*
        Jason G. Sheasby

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties' lead and local counsel met and conferred on September

6, 2023.  Micron's counsel stated that it objected to Netlist's request to extend the deadlines for two weeks on September 8.

<i>/s/ Jason G. Sheasby</i><br>
Jason G. Sheasby