IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICRON TECHNOLOGY, INC., ) <br> MICRON SEMICONDUCTOR ) <br> PRODUCTS INC., MICRON ) <br> TECHNOLOGY TEXAS LLC, ) <br> ) <br> Defendants. ) | Case No. 2:22-CV-203-JRG <br><br> JURY TRIAL DEMANDED <br><br> ███████████ |

**PLAINTIFF NETLIST, INC.'S MOTION TO COMPEL PRODUCTION OF CONTRACTS AND MOUs WITH MAJOR CUSTOMERS, COMMISSION RECORDS, AND DECISIONS TO DISCONTINUE HMC PRODUCTS**

**TABLE OF CONTENTS**

**Page**

I. LEGAL STANDARD ...................................................................................................... 1

II. ARGUMENT .................................................................................................................... 1

    A. Micron Must Produce MOUs and Contracts with Its Major Customers .................... 1

    B. Micron Must Produce All Exhibit Records Tracking the Commissions of US-Based Sales Representatives for the Accused Products ........................................... 5

    C. Micron Must Produce Documents Sufficient to Show the Reasons Underlying Micron's Decision to Discontinue the HMC Products ............................. 6

III. CONCLUSION ................................................................................................................. 7

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*,
    2023 WL 4936210 (E.D. Tex. Aug. 2, 2023) ........................................................................5

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
    807 F.3d 1283 (Fed. Cir. 2015) ............................................................................................2

*Denman Springs, LLC v. L.G. Burke, Inc.*,
    2021 WL 2794697 (E.D. Tex. Apr. 20, 2021) .....................................................................5

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*,
    2017 WL 2869332 (E.D. Tex. May 18, 2017) ....................................................................5

*Williams v. Steward Health Care Sys., LLC*,
    2021 WL 7084166 (E.D. Tex. Dec. 16, 2021) ....................................................................1

*Georgia-Pac. Corp. v. U.S. Plywood Corp.*,
    318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) ..........................................................................1

**Rules**

Fed. R. Civ. P. 26(b)(1) ....................................................................................................................1

L.R. 26 ..............................................................................................................................................1

Plaintiff Netlist hereby moves for an order:

(1) Compelling Micron to produce all sales agreements or MOUs Micron entered with its company customers from 2010 through the present, requiring a Micron's corporate representative with personal knowledge to provide a sworn affidavit confirming it has produced all agreements, and preventing Micron from disputing that these sales agreements and MOUs Micron produced in this Action after July 20, 2023 are entered in the United States;

(2) Compelling Micron to produce all existing records tracking the commissions of sales representatives located in the United States regarding sales of any products accused of infringement (including sales shipped worldwide), and requiring Micron's corporate representative to provide a sworn affidavit confirming it has produced all records in its possession; and

(3) Compelling Micron to produce documents sufficient to show the reasons why Micron discontinued the HMC product lines.

I. **LEGAL STANDARD**

Rule 26 allows a party to obtain discovery regarding any subject relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1); L.R. 26(d). "The party resisting discovery must show specifically how each discovery request is not relevant or how each request is overly broad, burdensome, or oppressive." *Williams v. Steward Health Care Sys., LLC*, 2021 WL 7084166, at *4 (E.D. Tex. Dec. 16, 2021) (citation omitted). Under the Discovery Order, "without awaiting a discovery request, each party" should "produce or permit the inspection of all documents . . . in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action . . . ." Dkt. 41 at 3.

II. **ARGUMENT**

A. **Micron Must Produce MOUs and Contracts with Its Major Customers**

Micron has not produced MOUs and agreements with major customers including ███████████████████████████████████████████████████████████████████ ███████████████████████████████. For some customers, Micron only produced outdated agreements: ███████████████████████████████████████████████████ ███████████████████████████████████.

Netlist first sought the requested information in November 2022. Ex. 2 (2022-11-10 Zhao Letter) at 2-3 (for example, Netlist explicitly asked for Item No. 79 "Agreements between Micron and its customers, including master sales agreements"; Item No. 81 "Documents sufficient to fully describe any contract negotiation or contract performance regarding the purchase, sale, manufacture, or assembly of each Micron Accused Infringing Product"; and Item No. 82 "Agreements between You and Your customers for delivery and/or manufacture of each Micron Accused Infringing Product. . . .").

The places where the contracts are negotiated or entered into are relevant to determine whether sales of Micron's accused products occurred in the United States; and any discounts or forecasts provided in these agreements would be relevant for Netlist's reasonable royalty calculations. *See, e.g.*, *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 807 F.3d 1283, 1308 (Fed. Cir. 2015) ("The standards for determining where a sale may be said to occur do not pinpoint a single, universally applicable fact. . . . Places of seeming relevance include a place of inking the legal commitment to buy and sell and a place of delivery."); *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (considering the "established profitability" of the product made under the patent," "realizable profit," and "selling price" in calculating reasonable royalties)

Because Micron repeatedly refused to produce such documents, on May 12, 2023, Netlist moved to compel—among others—for production of:

> Documents relevant to the contracts or agreements entered by each Micron defendant with its customers in connection with the Accused Products. This includes relevant documents sufficient to show: (1) the identity of each party involved; (2) location(s) where any contract, pricing, and projected demand were negotiated; (3) location(s) where any contract, pricing, and projected demand were executed; (4) location(s) where requests for proposal or bids are submitted; (5) location(s) where each Micron Accused Product was shipped from; (6) location(s) where each Micron Accused Product was shipped to; (7) location(s) where title of Micron Accused Products was transferred or other locations where Micron and the purchaser agreed that a transfer takes places; (8) billing addresses; (9) locations where each Micron Accused Product was manufactured, assembled, and tested; (10) locations where the payment was made. This is necessary to determine if the

product was offered for sale or sold in the United States. Dkt. 73 at 2.

At the hearing on May 30, Micron stated that it would need more time to prepare supplemental discovery and document production which would moot the need for an order from the Court. *See* 2023-05-30 Hearing Tr. at 23:15-24 ("MR. RUECKHEIM: Your Honor, I believe we have a recommendation for the Court to continue the hearing for three weeks. And during that time period, Micron is going to work to reduce all of the issues here in dispute. And then the parties are committed to working together to meet and confer during that time period if other things come up with respect to that production either through interrogatory responses, document productions, or whatever. Anything we produce to help resolve this issue.").

On July 5, after Micron supplemented its interrogatory responses which Micron contends addressed its discovery deficiencies, Netlist pointed out that Micron has not produced agreements with major customers such as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 121 at 9 (2023-07-05 Zhao Email). By that time, Micron had only produced licenses with **7** customers, most of which it claims are outdated.[1]

On July 18, Micron's counsel responded that "Micron found and produced any agreements with its customers after a reasonable search and investigation." Dkt. 121 at 9 (2023-07-18 Park Email). The parties met and conferred on July 20, and Micron again represented on the call that it had produced all long-term license agreements and MOUs it was aware of. *Id.* at 7 (2023-07-20 Zhao Email) ("Following up on our call last week, here below is a summary of our understanding of the parties' positions regarding Netlist's current document production requests

---

[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

and the outstanding issues for the Court to address during the July 26 hearing: . . . Micron represents that it has produced all master purchase agreements from its customers").

In light of Micron's representations, Netlist did not pursue the specific requests for long-term agreements, MOUs, or master contract agreements at the following discovery hearing on July 26, 2023, but instead asked Micron to produce its purchase orders with the customers. *See* 2023-07-26 Hearing Tr. at 9-10.

On September 6, Netlist deposed Micron's corporate representative, Mr. Tyler Morton, who was designated to testify as to the "marketing, advertising, and promotion of the Micron Accused Products" and "customer demand, request, discussion, interest, and requirement for Micron Accused Products." During the deposition, Mr. Morton ████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████

Netlist promptly asked Micron to produce these contracts the next day on September 7. Micron did not respond or produce additional documents until September 14, at which time, ████████████████████████████████████ However, it is still missing agreements with customers such as with ████████████████████████████████████
████████████████████████████████████

Given the history of Micron's inaccurate representations and delay of production of

- 4 -

relevant documents, Netlist respectfully asks the Court to enter an order: (1) compelling Micron to produce all sales agreements or MOUs Micron entered with its company customers from 2010 through the present, (2) requiring a Micron's corporate representative with personal knowledge to provide a sworn affidavit confirming that Micron has produced all agreements, and (3) preventing Micron from disputing that these sales agreements and MOUs Micron produced in this Action after **July 20, 2023** are entered in the United States.

The requested evidentiary sanction is directly to address Micron's inaccurate statements during discovery. *E.g.*, *Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*, 2023 WL 4936210, at *4 (E.D. Tex. Aug. 2, 2023) ("**GRANTS** the motion such that the sales figures in the IDC reports relied upon by Plaintiff's expert shall be deemed established and may not be attacked by Defendants"); *Denman Springs, LLC v. L.G. Burke, Inc.*, 2021 WL 2794697, at *2 (E.D. Tex. Apr. 20, 2021) (because the defendants failed to comply with the Court's order for document production, holding "it will be taken as established" that defendants "failed to pay the vendors mentioned in Request Numbers 4, 7, 10, 13, 16, 19, and 22").

### B. Micron Must Produce All Exhibit Records Tracking the Commissions of US-Based Sales Representatives for the Accused Products

Micron does not dispute that the records tracking commissions of Micron's sales representatives are relevant. *See Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, 2017 WL 2869332, at *2 (E.D. Tex. May 18, 2017) (denying summary judgment based on foreign sales because of evidence showing, among other things, "Defendants track sales commissions for sales of products made overseas as if they were domestic sales. For example, if Broadcom makes a sale to Cisco in the United States, but the underlying good was transacted and shipped overseas, the revenue would be marked as a U.S. sale for the purpose of sales force commissions").

Micron's counsel stated during the parties' lead-and-local meet and confer that Micron

does not have any record tracking commissions for any sales representative. That is not accurate. Micron's corporate representative, Mr. Morton, testified during deposition that:



Dkt. 164-4 (2023-09-06 Morton Tr.) at 22:3-9.

Netlist respectfully asks the Court to enter an order (1) compelling Micron to produce all of its records tracking the commissions of sales representatives located in the United States regarding sales of any products accused of infringement (including sales shipped worldwide); and (2) requiring Micron corporate representative to submit a sworn affidavit confirming that it produced all the records or that no such records existed at Micron.

    **C.    Micron Must Produce Documents Sufficient to Show the Reasons Underlying Micron's Decision to Discontinue the HMC Products**

In its interrogatory responses and invalidity contentions, Micron identifies its hybrid memory cube ("HMC") products as a non-infringing alternative and system prior art. *See* Dkt. 146-2 (Micron's Third Amended Interrogatory Responses) at 110.

Micron publicly announced in 2018 that it discontinued the HMC products. *See* 2018-08-28 Micron Blog[2] ("Last week, Micron announced a change in its strategy for high-performance memory solutions, moving away from Hybrid Memory Cube (HMC) and focusing on the next-

---

[2] https://www.micron.com/about/blog/2018/august/micron-announces-shift-in-high-performance-memory-roadmap-strategy.

generation of high-performance compute and networking solution."). Micron's witnesses also confirmed the same at depositions:

[REDACTED]

2023-08-15 Brent Keeth Tr. at 48:7-17.

[REDACTED]

2023-09-07 Scott DeBoer Tr. at 107:5-8.

Netlist asked Micron to produce documents "related to Micron's decision to discontinue its Hybrid Memory Cube product line" on September 5. Ex. 2 (2023-09-5 Tezyan Email). Micron simply ignored this request.

At the parties' September 14, 2023 meet and confer, Micron's counsel stated that they are not going to produce any document in response to this request because HMC has never been discontinued. That is simply not what Micron witnesses testified. To the extent counsel meant to say that Micron still has some stocks of the previous parts of HMCs or could have some limited ability to manufacture such products, Micron must still produce documents explaining the reasons why Micron decided to stop further development of the new version of HMC Gen3 products and why they decided to make the "change in its strategy for high-performance memory solutions, moving away from Hybrid Memory Cube (HMC)" as publicly announced in 2018.

### III.  CONCLUSION

For the reasons stated above, Netlists' motion should be granted.

Dated: September 17, 2023                              Respectfully submitted,

- 7 -

/s/ *Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on September 17, 2023, a copy of the foregoing was served to all counsel of record via Email.

/s/ *Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties' lead-and-local counsel met and conferred on September 14. Micron refuses to produce documents sufficient to resolve the above referenced disputes. The parties are thus at an impasse.

*/s/ Yanan Zhao*
Yanan Zhao