# EXHIBIT 1
(Sought to be filed Under Seal)

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7956
FACSIMILE (310) 203-7065
Yzhao@irell.com

November 10, 2022

**VIA E-MAIL**

Michael R. Rueckheim
Winston & Strawn LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
(650) 858-6500
MRueckheim@winston.com

      Re:    *Netlist, Inc. v. Micron Technology, Inc. et al*, 22-cv-203-JRG-RSP (E.D. Tex.)

Dear Mr. Rueckheim:

      We write regarding Micron's obligation to produce relevant documents (including materials, tangible things, and information) under the Court's Discovery Order and the Federal and Local Rules.  This letter provides examples of highly relevant documents within the scope of Micron's discovery duties.  Netlist, Inc. ("Netlist") specifically requests that these and all other relevant documents be produced.  The list below is intended to help Micron categorize information that needs to be produced and does not in any way waive, limit, or alter any discovery obligations.  Micron should produce all documents and things as will be required by the Court's Discovery Order, Docket Control Order, and Local Rules.  As discovery is ongoing, Netlist reserves the right to supplement this list of examples.

      Please confirm that these documents will be produced by November 21, 2022.

**Definitions**

      1.    The terms "Micron" (or "You" or "Your") shall mean and include Micron Technology, Inc. ("Micron Technology"), Micron Semiconductor Products, Inc. ("Micron Semiconductor"), Micron Technology Texas LLC ("Micron Texas"), and all affiliates, related entities, parents, branches, subsidiaries or divisions, and any predecessor or successor entities and any of its officers, directors, agents, attorneys, consultants, accountants, employees, representatives, investigators, distributors, salespersons, sales representatives, licensors, licensees, and any other persons acting, or purporting to act for or on its or their behalf or under its or their control, including but not limited to experts or persons consulted concerning

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Michael R. Rueckheim
November 10, 2022
Page 13

communication with some DRAM dies but not others.

75. Documents, including license agreements and settlement agreements, related to the royalty rate and total royalties You charge or pay for the use, manufacture, or sale of technology or intellectual property, including patents, relating to Micron Accused HBM Products.

76. Documents related to the existence and content of any industry practice for royalties on intellectual property concerning HBM products.

77. Documents related to JEDEC discussions regarding specifying communication of data, control, and address signals to the control die (e.g., buffer die or logic die) and the DRAM dies in high bandwidth memory products, including the alternatives discussed.

78. Documents sufficient to identify Micron engineers who participated in JEDEC discussions related to specifying communication of data, control, and address signals to the control die (e.g., buffer die or logic die) and the DRAM dies in HBM products.

79. Agreements between Micron and its customers, including master sales agreements, master service agreements, statements of work, purchase orders, invoices, delivery notices, and export/import documentation.

80. Documents, including internal and external monthly, quarterly, and annual financial statements, profit and loss reports, studies of profitability, gross margin, turnover, price lists and price books, quotations, tax returns, and other related documents sufficient to determine, for each Micron Accused Infringing Product, total gross and net revenues, total average monthly revenue per device, fixed costs, variable costs, cost of goods sold, selling, general, and administrative ("SGA") expenses, variance from standard costs, gross and net profits, any non-standard costs or expenses, and accounting methods used with respect to the Micron Accused Infringing Products.

81. Documents sufficient to fully describe any contract negotiation or contract performance regarding the purchase, sale, manufacture, or assembly of each Micron Accused Infringing Product, including, but not limited to: (1) identity of each and all parties involved; (2) locations where any contract, pricing, and projected demand were negotiated and executed; (3) where requests for proposal or bids are submitted; (4) location where each Micron Accused Infringing Product was shipped from; (5) location where each Micron Accused Infringing Product was shipped to; (6) location where title of each Micron Accused Infringing Product was transferred or other locations where Micron and the purchaser agreed that a transfer would take place; (7) billing addresses; (8) locations where each Micron Accused Infringing Product

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Michael R. Rueckheim
November 10, 2022
Page 14

was manufactured, assembled, and tested; and (9) identity of individuals responsible for contract negotiation.

82. Agreements between You and Your customers for delivery and/or manufacture of each Micron Accused Infringing Product, including but not limited to contracts, documents memorializing such agreements, statements of work, purchase orders, invoices, instructions for a specific delivery or manufacture, master service agreements, master purchase agreements, joint development agreements, and requests for bids and bids submitted in response. The Micron Accused Infringing Products include not only products delivered to the customers but also products (even if not completely finished) that You deliver to a contractor or an agent of the customers for further processing.

83. Documents relating to any market forecasts concerning sales or usage of each Micron Accused Infringing Product, whether by Micron, any competitor or potential competitor, or any Micron Distributor, including market forecasts relating to: potential sales, profits, costs, cost comparisons, competitor analyses, market shares, customer surveys, intellectual property protection, or product or service strategies.

84. Documents related to budgets for the development, manufacture, assembly, testing, sale, use, or lease of each Micron Accused Infringing Product.

85. Documents related to any meeting or other conference between You and stock, financial, or similar analysts at which any Micron Accused Infringing Product was discussed.

86. Documents relating to any calculation of expected or actual attachment rates, relationships, or sales ratios between Micron Accused Infringing Products sales and Your convoyed sales, derivative sales, follow-on sales, tag-along sales, or any other sales made with any of these products.

87. Documents relating to advertisements, including marketing documents, sales documents, and internet web pages, made by or on behalf of You or Micron Distributors relating to Micron Accused Infringing Products.

88. Agreements between You and Micron Distributors (including contracts or documents memorializing such agreements) or documents sufficient to show the quantity and content of such agreements.

89. Documents sufficient to demonstrate the identity of and the specific role played by each Micron Partner involved in the design, research, development, manufacture, assembly, testing, use, distribution, advertisement, marketing, sale, and offer for sale of each