# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-CV-203-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., MICRON | ) | |
| SEMICONDUCTOR PRODUCTS INC., | ) | ███████████ |
| MICRON TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF NETLIST, INC.'S MOTION TO COMPEL WITNESS
DEPOSITIONS AND IMPROPERLY WITHHELD DOCUMENTS**

# TABLE OF CONTENTS

**Page**

I.     FACTUAL BACKGROUND ........................................................................................ 1

     A.     Mr. John Halbert ................................................................................................ 1

     B.     Micron Witnesses with Relevant Knowledge of HBM Designs and
          Crucial Products ................................................................................................. 2

II.    ARGUMENT ........................................................................................................... 3

     A.     Micron Shall Make the Noticed Witnesses and Corporate
          Representative Available for Deposition .......................................................... 3

     B.     If Micron Fails to Provide Witnesses in a Timely Manner, It Should
          Not Be Allowed to Rely on Their Testimony ................................................... 4

     C.     Micron Must Produce Documents Improperly Withheld During
          Discovery ........................................................................................................... 7

III.   CONCLUSION ....................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Estech Sys. IP, LLC v. Carvana LLC,*
  2023 WL 3292881 (E.D. Tex. May 5, 2023) .................................................................5

*Freeny v. Murphy Oil Corp.,*
  2015 U.S. Dist. LEXIS 118736 (E.D. Tex. June 3, 2015) ............................................5

*Netlist v. Samsung*
  No. 21-cv-463 Dkt. 209 (E.D. Tex. 2021) ...................................................................2

*Patterson v. Houston Indep. Sch. Dist.,*
  570 F. App'x 367 (5th Cir. 2014) .................................................................................5

*Pers. Audio, LLC v. Apple, Inc.,*
  2011 U.S. Dist. LEXIS 146756 (E.D. Tex. June 16, 2011) ......................................4, 6

*Roadway Express, Inc. v. Piper,*
  447 U.S. 752 (1980) ......................................................................................................6

*Sobrino-Barrera v. Anderson Shipping Co.,*
  495 F. App'x 430 (5th Cir. 2012) .................................................................................5

*United States v. Ocwen Loan Servicing, LLC,*
  2016 U.S. Dist. LEXIS 74847 (E.D. Tex. June 8, 2016) ..............................................4

**Rules**

Fed. R. Civ. P. 26 ...............................................................................................................3, 4

Fed. R. Civ. P. 30(b)(6) ................................................................................................. 1, 2, 4

Fed. R. Civ. P. 37 ...............................................................................................................4, 6

L.R. 26(d) .............................................................................................................................3

Plaintiff Netlist hereby moves for an order compelling Micron to make the following witnesses available for deposition by September 29: (1) John Halbert (Micron's 30(b)(6) corporate representative); and (2) Micron employees Netlist properly noticed for deposition, for whom Micron moved for a protective order, but was denied by this Court on September 19. Dkt. 183. Netlist respectfully asks for an order preventing Micron from relying on any witness testimony or other evidence relating to the topic that Mr. John Halbert has been designated to testify to. Additionally, Netlist moves to compel the production of documents Micron has improperly withheld to date.

## I.     FACTUAL BACKGROUND

### A.     Mr. John Halbert

Netlist served its second Rule 30(b)(6) notice on July 29, 2023. Among others, the notice asks Micron to provide a corporate representative to testify as to:

> Topic 105: All fact and circumstances relating to the public accessibility or lack of public accessibility of any JEDEC materials or documents Micron contends are prior art references or otherwise reflect the knowledge of a person having ordinary skill in the art.

This Topic is important because Micron asserted dozens of JEDEC non-public meeting minutes, draft proposals, presentations ballots, and other material as prior art references. For example:

**Table 3-B: Prior Art under pre-AIA § 102(f) for the '339 patent**

| Ex. | Prior Art Disclosing Technical Features | Name of Person(s) from Whom Invention was Derived |
|---|---|---|
| RB-21 | Quad Band Memory (QBM) System ("*QBM*") | Kentron Technologies Inc. employee(s) (*e.g.*, Chris Karabatsos, Vasilios Karabatsos, Bob Goodman, Badawi Dweik) |
| RB-18 | Proposals and disclosures made at JEDEC committee meetings during the time period 2004-2008 ("*JEDEC FBDIMM Proposals*") | Entities and persons attending JEDEC committee meetings where related technology was discussed (including the JC-40 and JC-45 committee meetings).  For example:<br>• One or more employees of Intel Corp.<br>• One or more employees of Qimonda<br>• One or more employees of Nanya Technology Corporation<br>• One or more employees of Staktek Corporation |
| RB-17 | Proposals and disclosures made at JEDEC committee meetings during the time period 2008-2009 ("JEDEC SDRAM/DIMM Proposals") | Entities and persons attending JEDEC committee meetings where related technology was discussed (including the JC-40 and JC-45 committee meetings).  For example:<br>• One or more employees of Intel Corp.<br>• One or more employees of Elpida Memory, Inc. |

The public availability of these materials is a highly disputed issue.  *See, e.g. Netlist v. Samsung* No. 21-cv-463 Dkt. 209 (E.D. Tex. 2021) (Netlist's summary judgment motion on public availability of JEDEC materials); *id.* Dkt. 432 (denying motion for summary judgment).

Netlist requested Micron to respond to Netlist's 30(b)(6) topics repeatedly at least on August 22, 25, and 29. Ex. 5 (emails).  Micron ultimately served its objections and responses to the second set of Rule 30(b)(6) topics a month and half later on September 8—after the original fact discovery deadline passed, and less than two weeks before fact discovery closed. Ex. 1 (2023-09-08 Micron Service Email). The same day, Micron announced that it would designate Mr. Halbert as a Micron's corporate representative on topic 105. Ex. 2 (2023-09-08 Park Email).

Netlist asked Micron to provide the availability of Mr. Halbert for deposition, but Micron stated during the parties' September 14 meet and confer that it was investigating Mr. Halbert's availability, and Micron repeated the same in response to Netlist's follow up requests. Ex. 3 (2023-09-15 Park Email) ("Mr. Halbert is traveling overseas and we are checking his availability as well."). At no time did Micron provide any explanation as to its delay in disclosing witness designation, nor its failure to make him available for deposition before the fact discovery cutoff or the original deadline for Netlist to serve its opening reports.[1]

### B. Micron Witnesses with Relevant Knowledge of HBM Designs and Crucial Products

As this Court is well aware, Netlist served 30(b)(1) notices on several Micron employees with knowledge relevant to this Action in light of Micron's witness deposition testimony and

---

[1]    The original deadline to serve opening expert reports was September 5, 2023.  Dkt. 43.  Upon the parties' joint stipulation, it was extended to September 20.  Because Micron failed to provide sufficient document production and make witnesses available for deposition before the deadline, Netlist moved on September 9 for an extension of the opening expert report deadline. Dkt. 165.  The Court issued an amended docket control order extending the expert report deadline to October 4. Dkt. 183.

document production. Dkt. 176 at 2-5 (Netlist's Opposition to Micron's Motion for Protective Order).  Micron refused to provide any of these witnesses for deposition and instead moved for a protective order to prevent these depositions. Dkt. 169.

The Court denied Micron's motion on September 19, finding Netlist's deposition notices "are not abusive or improper." Dkt. 183. Netlist followed up with Micron again regarding the witnesses' deposition schedule the same day.  Ex. 4 (2023-09-19 Zhao Email) ("In light of the Court's order denying Micron's motion for a protective order, please immediately provide the availability of the following Micron witnesses. Netlist intends to seek motion to compel with the court if Micron does not commit by today that it would offer these witnesses within a reasonable time."). Micron simply ignored it until Netlist followed up for the third time, and then stated that "We are obtaining dates for the requested depositions." Ex. 5 (2023-09-20 Melsheimer Email). Micron refused to certify that it would provide these witnesses for deposition in a timely manner.

Netlist hereby asks the Court to enter an order compelling Micron to offer the following witnesses for deposition by September 29, which is 3 business days in advance of the deadline for Netlist to serve opening expert reports: (1) Samir Mittal; (2) Aparna Limaye; (3) Zach Stordahl,; (4) Rajesh Kariya, (5) Ralf Ebert; (6) Dave Wilson; (7) Nevil Gajera; and (8) Kim Ralph.[2]

## II.   ARGUMENT

### A.   Micron Shall Make the Noticed Witnesses and Corporate Representative Available for Deposition

Rule 26 allows a party to obtain discovery regarding any subject relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1); L.R. 26(d). According to the Discovery Order entered in this Action, Micron "shall act ***reasonably and in good faith*** to schedule depositions expeditiously, while accommodating the schedules of counsel and witnesses." Dkt. 41 at 4.

---

[2] Netlist no longer intends to depose Micron witness Clint Rupp.

Micron cannot dispute that each of the witnesses has knowledge relevant to this Action, in particular, Micron's self-designated corporate representative under Rule 30(b)(6).  This Court also ruled that Netlist's 30(b)(1) deposition notices are reasonable and appropriate and denied Micron's motion for a protective order. Dkt. 183. Additionally, Netlist timely served all of these deposition notices long before fact the discovery deadline and has worked diligently to schedule them before the deadline. For instance, Netlist sought the witnesses' availability repeatedly on August 22 and 25 and September 11, 13, 14, and 15.

Micron has shown little—if any—respect for this Court's orders and the Federal Rules of Civil Procedure. It has simply refused to make any of these witnesses available before the fact discovery deadline without any excuse.  Thus, an order from the Court is necessary to require that Micron make these witnesses available for deposition at least by September 29—3 business days before Netlist's expert reports are due.

**B.      If Micron Fails to Provide Witnesses in a Timely Manner, It Should Not Be Allowed to Rely on Their Testimony**

"If a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Courts in this district routinely preclude parties from relying on evidence disclosed after the fact discovery deadline if the party cannot offer a substantial justification for its failure to timely produce. *See United States v. Ocwen Loan Servicing, LLC*, 2016 U.S. Dist. LEXIS 74847, at *16 (E.D. Tex. June 8, 2016) (holding that "[defendant] may not use or introduce the [late produced] data as evidence at trial; [defendant]'s experts shall not rely on or discuss any of the [late produced] data," but permitting plaintiff to introduce the data); *Pers. Audio, LLC v. Apple, Inc.*, 2011 U.S. Dist. LEXIS 146756, at *12-*14 (E.D. Tex. June 16, 2011) (finding sanctions were necessary for late-produced documents and

MP3 players, as the defendant did not demonstrate that its failure to produce the evidence was substantially justified or harmless and thus ordering that plaintiff was free to use the newly-produced evidence at trial; however, the defendant could not use the evidence, except to the extent that the plaintiff used it); *see also Freeny v. Murphy Oil Corp.*, 2015 U.S. Dist. LEXIS 118736, *5-*6 (E.D. Tex. June 3, 2015) (striking references to third party witness from expert report because "Defendant…did not timely disclose Mr. Menz within the fact discovery deadline" and "Plaintiffs were entitled to take reasonable discovery of this individual," but "Plaintiffs were not accorded such opportunity due to the untimely disclosure of this fact witness.").

Micron has not provided any justification for its failure to provide its designated 30(b)(6) witness for deposition within a reasonable time. Micron's delay has prevented Netlist from timely conducting discovery into an important topic in this case.  Thus, Micron should not be allowed to introduce any other evidence—witness testimony or documents—after the close of fact discovery relating to the topic that Mr. Halbert was designated to testify to. As this Court noted, "A party's failure to provide *any* justification for its untimely disclosure weighs heavily in favor of striking the disclosure, and may even be sufficient standing alone to support exclusion." *Estech Sys. IP, LLC v. Carvana LLC*, 2023 WL 3292881, at *2 (E.D. Tex. May 5, 2023) (granting motion to preclude witness testimony in light of late disclosure of relevant documents and communications); *see also Sobrino-Barrera v. Anderson Shipping Co.*, 495 F. App'x 430, 433 (5th Cir. 2012) (affirming district court's exclusion of an expert's new affidavit purporting to supplement the original report with new methodology because the proffering party gave no justification for untimeliness); *Patterson v. Houston Indep. Sch. Dist.*, 570 F. App'x 367, 370 (5th Cir. 2014) (collecting cases affirming district court exclusions where the party offered no justification for untimeliness).

Further, Micron's continuous refusal to make Mr. Halbert or other noticed witnesses available—even after this Court's ruling on Micron's protective order —has "hindered this court's

ability to administer the Federal Rules of Civil Procedure and its own Scheduling Order to ensure the speedy and inexpensive resolution of the case." *Pers. Audio*, 2011 U.S. Dist. LEXIS 146756 at *12-*13. As such, Micron should not be permitted to rely on information from any of these witnesses as evidence or in its own expert reports if they are not provided adequately in advance of the expert report deadlines. This is a reasonable sanction, as permitting Micron to use this testimony as evidence would encourage parties to withhold depositions of witnesses whose testimony they do not want sufficiently investigated during fact discovery. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) ("Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent."). Micron's repeated excuse that it is "checking" or "confirming" the dates these witnesses will be available "is simply not credible," and does not justify the significant delays. *Pers. Audio*, 2011 U.S. Dist. LEXIS 146756 at *12. Indeed, "there is no evidence that [Micron], a sophisticated and well-financed party that is well-experienced in litigation around the country, made a good-faith effort to comply with the requirements of the Federal Rules and this court's orders." *Id.*

Micron's failure to timely provide these witnesses for deposition was not harmless. For example, Micro did not offer Mr. Halbert for deposition during fact discovery and did not otherwise disclose any evidence showing the public availability of JEDEC materials during fact discovery. Netlist lost the critical opportunity to seek relevant third party discovery (or party discovery) regarding this topic. Netlist has also "been prejudiced by having to" spend substantial resources and time filing motions to compel, and will have to spend time planning and conducting these depositions after the deadline, "when it should be completing court-ordered pretrial filings and making final preparations." *Pers. Audio*, 2011 U.S. Dist. LEXIS 146756 at 12 (permitting

plaintiff to perform late depositions and precluding defendant from relying on late disclosed evidence).

### C.   Micron Must Produce Documents Improperly Withheld During Discovery

During his deposition on September 15, Micron's witness, Mr. Westergard, announced for the first time that certain Micron products sold under the "CRUCIAL" brand are subject to a purported license defense:



Micron has not produced any documents in this Action regarding █████████████

███████████████████████████████████████████████████████

█████████████  Micron must produce such documents and financial records relating to its purported license defense.

Separately, Micron has not produced any agreements assigning or otherwise selling its patents to third parties and it must do so. Netlist requested early on in discovery that Micron produce "Documents…related to the royalty rate and total royalties You **charge** or pay for the use, manufacture, or **sale** of technology or intellectual property, including patents." Dkt. 178-02 (11-10-2022 Discovery Letter) at 7, 8, 11, 13. Micron should be compelled to produce these documents. Given Micron's failure to produce any of these documents clearly relevant and known by Micron before the fact discovery deadline, it should not be allowed to rely on such documents for any defenses or claims at trial. *See supra* 4-6 (citing cases).

### III.   <u>CONCLUSION</u>

For the reasons stated above, Netlists' motion should be granted.

Dated: September 20, 2023

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on September 20, 2023, a copy of the foregoing was served to all counsel of record via Email.

*/s/ Yanan Zhao*
Yanan Zhao

- 8 -

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

## **CERTIFICATE OF CONFERENCE**

I hereby certify that the parties' lead counsel met and conferred on September 19, 2023, and Micron refused to provide dates for these witnesses sufficiently in advance of report deadlines.

*/s/ Jason G. Sheasby*
Jason G. Sheasby