UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:22-cv-203-JRG ) |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO SHOW CAUSE**

Micron respectfully files this short reply brief in support of its motion to show cause (ECF 181).

**I.    ARGUMENTS**

In response to Micron's motion to show cause, which demonstrates how Netlist has misrepresented throughout the entire case that its counsel represents three inventors on its asserted patents, Netlist makes *additional* misrepresentations to this Court. Specifically, Netlist states "Netlist also informed Micron during [a July 2023] meet and confer explicitly that Dr. Lee, Mr. Solomon, and Mr. Chen had left Netlist, and Netlist had to investigate further to determine whether it could accept service of notices or subpoenas for these individuals." ECF No. 206 at 4. This is a completely false statement. Park Decl. ¶¶ 3-4.

The correspondence between the parties unmistakably establishes Netlist's misrepresentations. On August 29, 2023, Netlist' counsel (Irell) stated—for the first time—that "Mr. Chen and Mr. Solomon are not Netlist employees … We do not represent them and cannot

1

accept service of a subpoena on their behalf at this time." Ex. B6.[1] Netlist previously never told Micron that these are former employees. Park Decl. ¶ 3. Nor did Netlist previously inform Micron that, contrary to its Initial Disclosures, these inventors were not represented by Irell. Park Decl. ¶ 4.

As a result, Micron had no idea that these inventors were former employees/consultants and/or that these inventors were not represented by Irell. For example, Mr. Chen's and Mr. Solomon's LinkedIn pages still list "Netlist" as their place of employment. Exs. E (LinkedIn Profile for Mr. Jesse Chen) & F (LinkedIn Profile for Mr. Jeffrey Solomon). That is precisely why Micron did not attempt to contact these inventors during the fact discovery period, why Micron served 30(b)(1) deposition notices (not subpoenas) on these highly relevant witnesses in July 2023 (Park Decl. ¶¶ 1-2), and why Micron asked Netlist to identify deposition dates for these witnesses on August 22, 2023 (Ex. B2), on August 25, 2023 (Ex. B3), on August 28, 2023 (Ex. B4), and on August 29, 2023 (Ex. B5). Indeed, after Netlist finally revealed the truth, Micron immediately inquired as to when the employment and representation status had changed:

> Netlist's disclosures identify Mr. Chen and Mr. Solomon as represented by Irell. ***Please identify when their representation status changed, when they ceased working for Netlist, and why you did not immediately notify us of the changes***, e.g., by updating Netlist's disclosures. ***We have inquired with you about their availability for depositions for many weeks per your representations in Netlist's initial disclosures***. Please provide contact information for both Mr. Chen and Mr. Solomon.

Ex. B8 (emphases added). It is plainly shocking that Netlist would double down on its misrepresentations to Micron by making *further* misrepresentations to this Court.

---

[1] Exhibits A-D were filed concurrently with Micron's Motion to Show Cause (ECF No. 181).

Micron acted promptly after learning of Netlist's misrepresentations. Micron, on September 4, 2023, asked Netlist for a lead and local meet and confer so that Micron can "move the Court to compel production of last known contact information for Mr. Chen and Mr. Solomon and for leave to depose Mr. Chen and Mr. Solomon out of time." Ex. G. Micron contemporaneously researched contact information for these witnesses and successfully served deposition subpoenas on the Chen and Solomon inventors on September 7, 2023 and September 12, 2023, respectively. Rueckheim Decl. ¶ 17.[2]

Netlist continues to withhold information about these inventors, including arguing that for some unexplained reason they "are not authorized to provide their contact information." Ex. B8. "Authorized," however, is not the correct standard—Federal Rule of Civil Procedure 26 *required* Netlist to produce whatever contact information it had in its possession, custody, or control.

## II.    CONCLUSION

Netlist identified Irell as the contact information for these witnesses. Ex. A. That was a false representation. If Netlist knew the contact information for these witnesses it was required to identify that contact information. If Netlist did not know the contact information for these witnesses, it was required to state it did not know the contact information. Identifying Netlist's counsel as the contact information was a false statement—a false statement clearly designed to mislead Micron into thinking these are current employees represented by Netlist's counsel. That false impression prejudiced Micron. The duplicity prevented Micron from contacting these inventors at the very beginning of the litigation and from taking any follow-up discovery resulting from that investigation as appropriate. To deter Netlist's extreme litigation gamesmanship and false representations, the Court should issue an order to show cause why Netlist should not be held

---

[2]   Declaration of Michael Rueckheim was filed concurrently with Micron's Motion to Show Cause (ECF No. 181).

in contempt for misrepresenting *throughout the entire case* that Netlist's counsel represents named inventors on the asserted patents; compel Netlist to provide information relevant to determine the extent of Netlist's misrepresentation; and allow Micron to conduct discovery of the inventors out of time.

Dated: October 10, 2023                                Respectfully submitted,

*/s/ Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P Enzminger (*pro hac vice*)
denzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
Ryuk Park (*pro hac vice*)
RPark@winston.com
Matthew R. McCullough
MRMcCullough@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036

Telephone: (202) 282-5000
Facsimile: (202) 282-5100

William M. Logan
State Bar No. 24106214
wlogan@winston.com
Juan C. Yaquian (*pro hac vice*)
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Vivek V. Krishnan (*pro hac vice*)
vkrishnan@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive, Suite 4200
Chicago, IL 60601
Telephone: 312-558-9508
Facsimile: 312-558-5700

Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Andrea Fair
State Bar No. 24078488
andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR DEFENDANTS MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC**

## CERTIFICATE OF SERVICE

      I certify that, on October 10, 2023, a copy of the foregoing was served on all counsel of record via the Court's ECF system and email.

*/s/ Mike Rueckheim*
Mike Rueckheim
