# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:22-CV-203-JRG |
| | ) |
| MICRON TECHNOLOGY, INC., | ) JURY TRIAL DEMANDED |
| MICRON SEMICONDUCTOR | ) |
| PRODUCTS INC., MICRON | ) **Filed Under Seal** |
| TECHNOLOGY TEXAS LLC, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANTS'
INTERROGATORY NOS. 15, 16, 31 (DKT. 189)**

## TABLE OF CONTENTS

**Page**

I. LEGAL STANDARD ........................................................................................................... 1

II. ARGUMENT ....................................................................................................................... 1

    A. Micron Failed to Provide a Legitimate Basis to Seek Additional Discovery ............... 1

    B. Netlist Has Fully Answered Micron's Interrogatory Nos. 15, 16, and 31, and Micron's Request for Additional Discovery Is Baseless .......................................... 2

        1. Interrogatory No. 15 ................................................................................................ 2

        2. Interrogatory No. 16 ................................................................................................ 3

        3. Interrogatory No. 31 ................................................................................................ 5

    C. Micron's Proposed Alternative Relief Is Improper and Unmoored from the Interrogatories at Hand and the JEDEC Standards ................................................. 7

III. CONCLUSION ................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Crawford v. C.R. Bard, Inc.*,
   No. 6:19-CV-00412, 2020 WL 2468771 (E.D. Tex. May 13, 2020) .......................................... 6

*Deepgulf, Inc. v. Moszkowski*,
   No. 3:18-cv-1466, 2019 WL 10631283 (N.D. Fla. Feb. 5, 2019) ............................................. 2

*Flanigan's Enters., Inc. of Ga. v. Fulton Cty., Ga.*,
   242 F.3d 976 (11th Cir. 2001) .................................................................................................. 2

*Janvey v. Proskauer Rose LLP*,
   No. 3:13-CV-0477, 2017 U.S. Dist. LEXIS 227600 (N.D. Tex. Dec. 28, 2017) ...................... 1

*Mass Eng'rd Design, Inc. v. Ergotron, Inc.*,
   633 F. Supp. 2d 361 (E.D. Tex. 2009) ..................................................................................... 2

*In re Norplant Contraceptive Prods. Liab. Litig.*,
   170 F.R.D. 427 (E.D. Tex. 1997) ............................................................................................. 3

*Patty v. United States*,
   No. H–13–3173, 2015 WL 1893584 (S.D. Tex. Apr. 27, 2015), *aff'd*, 633 F.
   App'x 238 (5th Cir. 2016) ........................................................................................................ 2

*Weatherford Tech. Holdings, LLC v. Tesco Corp.*,
   No. 2:17-CV-00456-JRG, 2018 WL 4620634 (E.D. Tex. Apr. 27, 2018) ........................ 1, 4, 5

**Rules**

Fed. R. Civ. P. 7(b)(1)(B) ............................................................................................................... 1

Fed. R. Civ. P. 16(b)(4) .................................................................................................................. 6

Fed. R. Civ. P. 26(b)(1) .................................................................................................................. 1

Fed. R. Civ. P. 37(a) ....................................................................................................................... 1

Local Rule CV-7(c) ........................................................................................................................ 2

Micron's motion to compel asks for further responses to its Interrogatory Nos. 15, 16, and 31. These interrogatories ask whether Netlist contends its asserted claims are essential to JEDEC standards, as defined by the JEDEC manual, and Netlist's basis for such contention. Micron's motion now improperly seeks information far beyond its actual discovery requests, such as Netlist's analysis for the commercial necessity of Netlist's patents, with no connection to the JEDEC standards. Netlist has already provided sufficient responses to each request, including confirming that Netlist does not contend any asserted claim is standard essential as defined under the JEDEC manual.

Thus, Micron's motion must be denied.

## I. LEGAL STANDARD

"The moving party bears the burden of showing that the materials and information sought are 'relevant to any party's claim or defense and proportional to the needs of the case . . . .'" *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 4620634, at *1 (E.D. Tex. Apr. 27, 2018) (citing Fed. R. Civ. P. 26(b)(1)). "A proper Rule 37(a) motion to compel . . . specifically, as to each request, identify the nature and basis of the dispute, including, for example, explaining . . . how a response or answer is deficient or incomplete, and ask the Court for specific relief as to each request; and must include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute." *Janvey v. Proskauer Rose LLP*, No. 3:13-CV-0477, 2017 U.S. Dist. LEXIS 227600, *9 (N.D. Tex. Dec. 28, 2017).

## II. ARGUMENT

### A. Micron Failed to Provide a Legitimate Basis to Seek Additional Discovery

Federal Rule of Civil Procedure 7(b)(1)(B) requires that a request for a court order "state with particularity the grounds for seeking the order." The Local Rules likewise require that briefing in support of a motion "**shall contain** a concise statement of the reasons in support of

the motion and ***citation of authorities upon which the movant relies***." E.D. Tex. L.R. CV-7(c) (emphasis added).

Micron's motion violates these basic motion requirements by failing to identify any legal standard or authority anywhere in its motion. For this reason alone, Micron's motion should be denied. *Mass Eng'rd Design, Inc. v. Ergotron, Inc.*, 633 F. Supp. 2d 361, 378 n.5 (E.D. Tex. 2009) (arguments waived because they "are not adequately briefed, nor is the law adequately discussed) (citing L.R. CV-7(c)); *Patty v. United States*, No. H–13–3173, 2015 WL 1893584, at *9 (S.D. Tex. Apr. 27, 2015), *aff'd*, 633 F. App'x 238 (5th Cir. 2016) (finding the plaintiff "cites no cases to support this argument and has 'waived the issue by failing to brief it adequately'"); *Deepgulf, Inc. v. Moszkowski*, No. 3:18-cv-1466, 2019 WL 10631283, at *2 (N.D. Fla. Feb. 5, 2019) ("Motions that are devoid of any analysis or citation to authority generally will be insufficient to satisfy [the 7(b)(1)(B)] particularity requirement.") (citing *Flanigan's Enters., Inc. of Ga. v. Fulton Cty., Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (per curiam)).

### B. Netlist Has Fully Answered Micron's Interrogatory Nos. 15, 16, and 31, and Micron's Request for Additional Discovery Is Baseless

#### 1. Interrogatory No. 15

Interrogatory No. 15 asks Netlist to, for each asserted claim, "explain whether [Netlist] contend the practicing claim is necessary for conforming to any [JEDEC standard]," and if Netlist contends so, to "identify the relevant standard, the relevant portion of the standard, and describe all factual bases for [Netlist's] contention." Dkt. 189-02 at 1.

Netlist

Micron has no basis in law or fact to request the court

compel Netlist to respond further to this interrogatory since its answer is already complete. *See, e.g.*, *In re Norplant Contraceptive Prods. Liab. Litig.*, 170 F.R.D. 427, 429 (E.D. Tex. 1997) (denying motion to compel plaintiff to provide details of negligent manufacture allegations "[b]ecause Plaintiffs have provided a complete answer" by stating they are not pursuing such a claim).

### 2. Interrogatory No. 16

Micron's Interrogatory No. 16 asks Netlist to:

> Identify each element of each Asserted Claim, if any, You contend is not required by the applicable JEDEC Standard(s), and for each such element, describe Your contention in complete detail, including all factual and legal bases supporting Your contention, including how the JEDEC Standard(s) can be practiced without practicing the claim element.

Dkt. 189-03 at 1. Netlist ███████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████ Netlist stands by these objections. Micron is requesting Netlist undertake a massive analysis requiring expert testimony and analysis with respect to the issue of standard essentiality that is not even disputed in this case.

There are 120 asserted claims spanning six patents in this case, many of which have numerous sub-elements:

- the '506 patent: 1-3, 5, and 11-16;
- the '339 patent: 1-4, 6-23, 26-30, and 32-35;
- the '918 patent: 1-3, 5-7, 9-13, and 15-30;
- the '054 patent: 1-13, 15-17, 23-25, and 29-30;
- the '060 patent: 1-14, 16-21, and 23-28;
- the '160 patent: 1-2, 4, and 5.

Ex. 1 (2023-01-27-Netlist's First Supplemental Infringement Contentions) at 1. There are hundreds of "JEDEC Standard(s)," as that term is defined by Micron because Micron defined it "without limitation":



Ex. 2 (2023-08-03 Micron's Second Set of Interrogatories to Netlist) at 1; *see also* Ex. 3 (JEDEC.org Standards & Documents Search) at 1. Micron's interrogatory asks Netlist to determine, for **every element** of **every** asserted claim, whether or not it is not required by **any** JEDEC standard. Such an analysis would span thousands and thousands of pages of expert technical analysis. Micron fails to meet its burden of showing that such an analysis is "relevant to any party's claim or defense and proportional to the needs of the case." *See Weatherford Tech. Holdings*, 2018 WL 4620634, at *1.

Indeed, the massive analysis Micron requests is *neither* relevant *nor* proportional to the needs of the case. Standard essentiality is not a disputed issue in this case. As discussed above with respect to Rog 15, ███████████████████████████████████████

███████████████ . ███████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████████
████

Any claim by Micron that this is relevant to RAND is baseless, as this Court has agreed with Netlist that RAND is not relevant where, as here, neither party contends that the asserted claims (of the same patents) are standard essential. *See* Dkt 213-4 ████████████████████

██████████████████████████████████████████████████████████████████████████████

████████████████████

### 3.  Interrogatory No. 31

Micron's Interrogatory No. 31 asks Netlist:

> If You ever formed a belief that any of the Patents-in-Suit were standard essential, state the date you formed such a belief, and describe the circumstances, including describing with particularity any evaluation, investigation, observation, review, or analysis supporting or contradicting any such belief, including any claim charts or analysis of the JEDEC Standards. Such description should include, without limitation, an identification of all Documents reviewed, when such evaluation or analysis was undertaken, the Persons involved in such evaluation or analysis, and a description of any analysis of systems, methods, processes, devices, products or services that comply with the JEDEC Standards.

Dkt. 189-03 at 3-4. ████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

████ As discussed at length above, neither Netlist nor Micron contends that any of the asserted claims of the patents-in-suit are standard essential. Micron has not met its burden of showing this interrogatory seeks information that is both relevant and proportional to the needs of the case. *See Weatherford Tech. Holdings*, 2018 WL 4620634, at *1. Furthermore, to the extent this interrogatory seeks "any claim charts or analysis of the JEDEC Standards," ████████████████

████████████████ Dkt. 189-03 at 4 ████████████████████████████████

████████████████████████████████████████ *see also Netlist v. Samsung*, No. 21-cv-463 Dkt. 550, FF

72 (citing Netlist CEO Chuck Hong's deposition notes that "Expert analysis [is] required for SEP determination. Netlist has not performed a formal SEP analysis[.]").

In its motion, Micron asks Netlist for the first time to explain why the use of Netlist's patents is "a commercial necessity" because, according to Micron, "Interrogatory 31 specifically asks for this information if Netlist 'ever formed a belief' that the patents are essentially [sic]." Mot. at 3. Micron is wrong because its Interrogatory No. 31 never asked for such information. *See supra.* Micron's Interrogatory No. 31 focuses solely on **JEDEC** essentiality and never asks for information regarding whether the use of Netlist's patents would be "essential" or "necessary" for Micron to make commercially acceptable or competitive products. This is an improper attempt at late discovery on an entirely new issue. Micron has never sought leave with the Court or shown good cause to seek additional discovery after the discovery cutoff on September 5. *See* Dkt. 163 (no parties should be allowed to seek additional written discovery beyond the original discovery cutoff on September 5); Fed. R. Civ. P. 16(b)(4) (good cause is required for the Court to amend the scheduling order or reopen discovery); *Crawford v. C.R. Bard, Inc.*, No. 6:19-CV-00412, 2020 WL 2468771, at *2 (E.D. Tex. May 13, 2020) (same).

In any event, Netlist has already disclosed its existing analysis of the commercial necessity of its patented designs by answering other responses regarding Netlist's damages analysis and incorporating by reference its expert reports and interrogatory responses from *Samsung I* (which have been produced to Micron). Netlist's interrogatory responses and expert reports discussed in detail the technical benefits conferred by Netlist's patents as well as the lack of non-infringing alternatives. *See, e.g.* NL-MIC-203-463_00018837-19689 (Dr. Mangione-Smith Opening Report), NL-MIC-203-463_00019690-20111 (Dr. Brogioli Opening Report), NL-MIC-203-463_00020139-20410 (Mr. Kennedy Opening Report); NL-MIC-203-463_00043230-43229 (Netlist's interrogatory responses in Samsung I matter). It is unclear what additional information Micron needs from Netlist beyond what has already been provided.

Micron claims that Netlist "clearly already formed" a belief that the patents in this case are essential. Mot. at 3. Micron cites **no** support to suggest that Netlist ever took the position in this case that the patents-in-suit are essential. Instead, Micron cites solely to an argument made by **Samsung's** counsel at a bench trial before this Court, wherein the Court denied Samsung's affirmative defense of unclean hands relating to the essentiality of the patents.

### C. Micron's Proposed Alternative Relief Is Improper and Unmoored from the Interrogatories at Hand and the JEDEC Standards

Micron's proposed alternative relief is to "preclude Netlist from arguing that each asserted claim element is required by JEDEC standards under Netlist's interpretation and infringement assertions of the claims." Mot. at 3. This has no connection to the interrogatories at hand and has no connection to the JEDEC standards. First, even if standard essentiality was an issue, it would be irrelevant whether a particular claim **element** is required by JEDEC standards. JEDEC only defines "Essential Patent Claims," *i.e.*, "[t]hose Patent **claims** the use of which would necessarily be infringed by the use, sale, offer for sale or other disposition of a portion of a product in order to be compliant with the required portions of a final approved JEDEC Standard." Ex. 4 (JEDEC Patent Policy) at § 8.2.1. Second, Micron is aware of Netlist's essentiality contentions— and aware of Netlist's infringement contentions and the supporting evidence for each claim element. Nothing more is required.

### III. CONCLUSION

For the reasons stated above, Micron's Motion to Compel (Dkt. 189) should be denied.

Dated: October 5, 2023   Respectfully submitted,

/s/ *Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com

- 7 -

Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on October 5, 2023, a copy of the foregoing was served to all counsel of record via the Court's ECF system.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Yanan Zhao*
Yanan Zhao

- 8 -