Case 2:22-cv-00203-JRG-RSP   Document 230   Filed 10/12/23   Page 1 of 12 PageID #: 11131

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 2:22-CV-203-JRG ) ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., AND MICRON TECHNOLOGY TEXAS LLC, | ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 1 AND 27 (DKT. 190)**

**TABLE OF CONTENTS**

**Page**

I. LEGAL STANDARD ........................................................................................................ 1

II. ARGUMENTS .................................................................................................................. 1

    A. Micron's Motion to Compel Fails to Provide any Legal Support ......................... 1

    B. Interrogatory No. 1 ................................................................................................ 2

        1. Netlist a Provided a Complete Response to Interrogatory No. 1. .................. 2

        2. Micron's New Request for Claim Charts Is Untimely and Improper. ........................................................................................................... 4

    C. Interrogatory No. 27 Is Too Vague and Broad to Be Enforced, and Netlist Has Provided a Sufficient Response in Any Event ..................................... 5

III. CONCLUSION ................................................................................................................. 7

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re Ameranth Cases*,
  2018 WL 1744497 (S.D. Cal. Apr. 11, 2018) ........................................................................4

*Crawford v. C.R. Bard, Inc.*,
  2020 WL 2468771 (E.D. Tex. May 13, 2020) .......................................................................1

*Finjan, Inc. v. ESET, LLC*,
  2018 WL 4772124 (S.D. Cal. Oct. 3, 2018) ...................................................................... 4, 5

*Friskit, Inc. v. Real Networks, Inc.*,
  2006 WL 1305218 (N.D. Cal. May 11, 2006) .......................................................................4

*Intelligent Verification Sys., LLC v. Microsoft Corp.*,
  2015 WL 846012 (E.D. Va. Feb. 25, 2015) ...........................................................................4

*Mass Engineered Design, Inc. v. Ergotron, Inc.*,
  633 F. Supp. 2d 361 (E.D. Tex. 2009) ...................................................................................1

*Patty v. United States*,
  2015 WL 1893584 (S.D. Tex. Apr. 27, 2015), *aff'd*, 633 F. App'x 238 (5th
  Cir. 2016) ...............................................................................................................................1

*Sol IP, LLC v. AT&T Mobility LLC*,
  2020 WL 60140 (E.D. Tex. Jan. 6, 2020) ......................................................................... 4, 6

*Sullivan v. Schlumberger Ltd.*,
  2021 WL 3206778 (E.D. Tex. July 29, 2021) ...............................................................1, 5, 6

*Uniloc 2017 LLC v. Google LLC*,
  2020 WL 2306613 (E.D. Tex. May 8, 2020) .........................................................................5

**Rules**

Fed. R. Civ. P. 7(b)(1)(B) ...............................................................................................................1

Fed. R. Civ. P. 16(b)(4) ..................................................................................................................1

Fed. R. Civ. P. 26(b)(1) ..................................................................................................................1

Fed. R. Civ. P. 33(d) ...........................................................................................................3, 6, 7

L.R. CV-7(c) ...................................................................................................................................1

Netlist has fully responded to Micron's Interrogatories Nos. 1 and 27. Micron never raised any alleged deficiencies in Netlist's responses until September 14—over 6 months after Netlist served its original response and only 6 days before fact discovery cutoff. Further, Micron demands for the first time a claim chart mapping Netlist's products to the asserted claims. This request is not in Micron's interrogatory. Because the interrogatories do not fairly comprehend the discovery Micron now seeks to compel, and because the new demands are burdensome and out of proportion with the needs of this litigation, Micron's motion must be denied.

**I.       LEGAL STANDARD**

A party moving to compel discovery "bears the burden of showing that the materials and information sought are discoverable." *Sullivan v. Schlumberger Ltd.*, 2021 WL 3206778, at *1 (E.D. Tex. July 29, 2021).  Discovery requests are not enforceable unless they are "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Good cause is required for the Court to amend the scheduling order or reopen discovery.  Fed. R. Civ. P. 16(b)(4); *Crawford v. C.R. Bard, Inc.*, 2020 WL 2468771, at *2 (E.D. Tex. May 13, 2020).

**II.      ARGUMENTS**

      **A.      Micron's Motion to Compel Fails to Provide any Legal Support**

Federal Rule of Civil Procedure 7(b)(1)(B) requires that a request for a court order "state with particularity the grounds for seeking the order." *See also* L.R. CV-7(c) (that briefing in support of a motion "***shall contain*** a concise statement of the reasons in support of the motion and ***citation of authorities upon which the movant relies***")(emphasis added). Micron's motion violates these basic Rules by failing to identify any legal standard or authority.  For this reason alone, Micron's motion should be denied. *Mass Engineered Design, Inc. v. Ergotron, Inc.*, 633 F. Supp. 2d 361, 378 n.5 (E.D. Tex. 2009) (finding arguments were waived because they "are not adequately briefed, nor is the law adequately discussed" and "nowhere in these various footnotes do Defendants discuss the [legal] standard") (citing L.R. CV-7(c)); *Patty v. United States*, 2015 WL

1893584, at *9 (S.D. Tex. Apr. 27, 2015), *aff'd*, 633 F. App'x 238 (5th Cir. 2016) (finding the plaintiff "cites no cases to support this argument and has waived the issue by failing to brief it adequately").

### B.    Interrogatory No. 1

#### 1.    Netlist a Provided a Complete Response to Interrogatory No. 1.

In response to Micron's Rog No. 1 which requires Netlist to "describe and explain in detail the history and process leading to the alleged invention," Netlist provided ███████ ████████████████████████████████████████████████████████████

Micron conceded that Netlist's responses regarding the '339 and '506 patents are sufficient. Dkt. 190 (Mtn. to Compel) at 2. But Micron complains that Netlist "did not provide any comparison for its earliest disclosures with respect to [the '060, '160, '918, '054 patents] other than vaguely referring" to its embodying projects or products. *Id.* Not so.

As to the '918 and '054 patents, ███████████████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████



Dkt. 190-02 (Interrogatory Responses First Set) at 2–3.

With respect to the '060 and '160 patents, Netlist's response disclosed:



Netlist's response to Rog No. 8, which is incorporated to the response to Rog No. 1, also states:



Ex. 1 (Interrogatory Responses First Set) at 4.

As to all the Patents-in-Suit, Netlist also referenced responsive documents from its production pursuant to Rule 33(d) to which Micron could turn for additional details.

As the foregoing shows, Netlist did "provide a[] comparison for its earliest disclosures with respect to its other four asserted patents." Dkt. 190 at 2.

### 2.     Micron's New Request for Claim Charts Is Untimely and Improper.

*First*, nowhere does Micron's interrogatory ask for a "claim chart." The new request was raised for the first time in Micron's September 20 motion to compel, despite that Micron received Netlist's interrogatory responses as early as March 2023. This is essentially a brand new discovery request, served long after the deadline for parties to serve written discovery requests. Dkt. 163 (written discovery requests should be served at least 30 days before September 5, 2023). Micron made no effort whatsoever to show good cause for leave to seek out-of-time interrogatory requests. Micron "cannot now complain of an error attributable to its own drafting of interrogatory requests." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, 2015 WL 846012, at *3 (E.D. Va. Feb. 25, 2015) ("[I]f [the requesting party] had required claim charts, [it] should have asked for those claim charts in discovery."), *aff'd sub nom. Intelligent Verification Sys., LLC v. Majesco Ent. Co.*, 628 F. App'x 767 (Fed. Cir. 2016).

*Second*, requiring a response in claim chart form is not "proportional to the needs of the case." *Finjan, Inc. v. ESET, LLC*, 2018 WL 4772124, at *5 (S.D. Cal. Oct. 3, 2018). Micron provided no case law to support its demand, and plentiful authority holds that demanding a claim chart is too burdensome, including in this district. *Sol IP, LLC v. AT&T Mobility LLC*, 2020 WL 60140, at *2 (E.D. Tex. Jan. 6, 2020) ("demanding" a claim chart "mapping claim elements to particular portions of specifications" creates "a significant burden" and represents "the type of 'scorched earth,' 'no stone unturned' … approach to discovery the changes to Rule 26 were intended to curb" (quoting *Finjan*, 2018 WL 4772124, at *5)); *In re Ameranth Cases*, 2018 WL 1744497, at *2 (S.D. Cal. Apr. 11, 2018) ("[A]s other courts have found, [an interrogatory's] requirement for supporting claim charts is unduly burdensome."); *see also Friskit, Inc. v. Real Networks, Inc.*, 2006 WL 1305218, at *2 (N.D. Cal. May 11, 2006) (same); *Intelligent Verification*, 2015 WL 846012, at *2 (same).

Micron certainly does not provide any need that would justify this burdensome format.[1] It "does not explain why such a detailed mapping is required, why the information has to be in this format, or explain why the information it has already obtained … [is] insufficient." *Finjan*, 2018 WL 4772124, at *5.

### C. Interrogatory No. 27 Is Too Vague and Broad to Be Enforced, and Netlist Has Provided a Sufficient Response in Any Event

Interrogatory No. 27's request to "[p]rovide a narrative description of Your business practices" is an extremely broad request, far beyond the needs of the case, and therefore unenforceable. Moreover, Netlist has already responded as fulsomely as possible given the requests vagueness and breadth. Micron's late breaking demand that Netlist supplement its response with additional details about whether its "portfolio of proprietary technologies … relate to any commercially sold product," Dkt. 190 at 3, must be refused. This is found nowhere in the interrogatory. Interrogatory No. 27 does not ask Netlist to connect its technologies to specific products, nor does it ask whether "any product sales [are] relevant to the asserted patents," as Micron now asserts. Dkt. 190 at 3. If Micron wanted that information, it should have put it in this (or any other) interrogatory. Netlist responded to the actually-propounded interrogatory.

Netlist would have had a basis to refuse to respond to such a broad and vague interrogatory as the one Micron propounded. Micron has not provided any authority to support a request as broad as a "narrative description of … business practices," Dkt. 190 at 3, and authority in this district is to the contrary. *Sullivan*, 2021 WL 3206778, at *2 (denying for overbreadth a motion to compel a defendant to provide "the identity of the employees who worked at the [defendant's] facility during [plaintiff's] employment at the facility"); *Uniloc 2017 LLC v. Google LLC*, 2020 WL 2306613, at *1 (E.D. Tex. May 8, 2020) (denying a motion to

---

[1] The fact that Netlist provided a claim charts for two claims in this case six months ago does not change the undue burden that Micron's late request for new claim charts would impose.

compel discovery because a request to "describe the complete factual and legal bases for Your contentions of infringement, Including by Identifying all Documents that contain information Regarding Your infringement contentions" was overbroad). The only clarifying detail Micron included is that it wanted information about "products and services" and "revenues and profits." This does not narrow the request at all because Micron prefaces them with "including but not limited to." Dkt. 190 at 3. Instead, the examples rather serve to underscore the overbreadth problem—for example, requesting all revenue from sales or licenses "**globally** during the last **ten years**" or identification of "**all** … past and present customers." Dkt. 190 at 3 (emphasis added). Requests this broad simply cannot be proportionate since many of Netlist's sales and customers have nothing to do with the patented technologies, no relationship to Micron, and no other relevance to any pertinent question. *See Sullivan*, 2021 WL 3206778, at *3 ("agree[ing] that the request" to identify all employees who worked at a facility during the plaintiff's employment was "overbroad, unduly burdensome, and not proportional to the needs of the case" because "no dispute appears to exist that most employees did not work with" the plaintiff). And the overbreadth here is particularly indefensible because Netlist is a public company with an extensive public record from which Micron could have derived substantial responsive information. *Sol IP*, 2020 WL 60140, at *2 (denying motion to compel "[d]ue to the availability of alternative means for discovering this information and the burden that would be imposed").

Notwithstanding Interrogatory 27's defects and Netlist's timely objection to them, Netlist did its best to respond. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ This is all that Rule 33(d) requires:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could

Micron failed to identify any basis to conclude that Netlist's written response and Rule 33(d) documents are insufficient to fully respond to the discovery respond. Indeed, Micron's motion to compel is especially perplexing since it is not clear what exactly Micron contends is missing from Netlist's disclosures and production. Micron complains that the response "does not identify whether these technologies relate to any commercially sold product" but does not elaborate further. This complaint only provokes more confusion because (1) it is not true—[REDACTED]—and (2) the language of the interrogatory does not request this detail.

For example, [REDACTED] Dkt. 190-03 at 4. As to [REDACTED] Dkt. 190-03 at 4. These are commercially sold products relating to specific Netlist proprietary technologies.

Because Netlist responded fully to Micron's interrogatory request, because Micron's request is too broad and vague to be enforceable, and because Micron's motion to compel seeks discovery far beyond the scope of the interrogatory request, Micron's motion should be denied.

### III. CONCLUSION

For the reasons stated above, Micron's motion to compel must be denied.

| | |
|---|---|
| Dated: October 5, 2023 | Respectfully submitted, |
| | */s/ Jason Sheasby* |

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on October 5, 2023, a copy of the foregoing was served to all counsel of record via the Court's ECF system.

*/s/ Yanan Zhao*
Yanan Zhao

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Yanan Zhao*
Yanan Zhao