**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:22-cv-203-JRG ) |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFF NETLIST'S SUR-REPLY IN OPPOSITION TO DEFENDANTS'
MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 29, 2023
ORDER [DKT. 168]**

Micron's reply arguments fail for three reasons.

***First***, Micron still does not show that there are any newly discovered facts justifying reconsideration. The Fifth Circuit is clear that a "motion to reconsider should not be granted unless… the facts alleged are actually newly discovered **and could not have been discovered earlier by proper diligence**." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003) (emphasis added). The fact that the parties were "very busy" with claim construction and discovery when Netlist produced these documents does not show that Micron could not have discovered them at any point within the 46 days between the production and the filing of its original motion to compel in August. Reply at 1.

***Second***, Micron's relevancy argument still fails. Micron does not respond at all to the fact that it has not produced any negotiation documents relating to the licenses it itself has produced in this case. If Micron believes that settlement negotiations are important to assess the comparability of a license agreement, it should have produced the negotiations behind its own produced license agreements under the Discovery Order. Dkt. 41 at 2-3.

Moreover, Micron reiterates Samsung's argument that "Netlist put the relevance of the negotiation materials at issue" based on its *Daubert* arguments in Samsung I[1], but it still does not actually explain how a settlement agreement from a different case involving different asserted patents and different products will be "key in determining" whether that agreement "accurately reflects the inventions [sic] value." Reply at 2. But the value of the inventions in the SK Hynix litigation has no relevance to the value of the patents in this case, none of which are identified on the face of the SK Hynix license, and most of which did not exist at the time of the Hynix agreement. Regardless, this Court has explained that "[s]ettlement negotiations are always suspect

---

[1] *Netlist v. Samsung*, No. 21-cv-463 (E.D. Tex.).

to some degree and are often littered with unreal assertions and unfounded expectations," and thus "must be viewed, as a general rule, as less probative and more prejudicial than the licenses themselves." *Charles E. Hill & Assocs. v. ABT Elecs., Inc.,* 854 F. Supp. 2d 427, 429-30 (E.D. Tex. Apr. 3, 2012). Micron has not shown why the negotiations would more accurately reflect the value of anything than the agreement itself does. The argument Micron incorporates by reference likewise fails to do so. *See* Case No. 2:21-cv-293-JRG, Dkt. 168.

**Third**, Micron's incorporation of Samsung's briefing is completely improper. Micron attempts to incorporate Samsung's opposition to Netlist's motion for a protective order to raise new arguments it has not itself made and did not make in its original motion. These arguments are waived. *Bavely v. Panini Am., Inc.*, 2022 U.S. Dist. LEXIS 240141, *9 (E.D. Tex. Oct. 19, 2022) ("any argument raised for the first time in a reply brief is waived."). Moreover, Samsung filed its motion **after** this Court's order denying Micron's to compel the negotiation documents. Dkt. 158. Micron and Samsung's collective effort to circumvent this Court's order is improper, and Micron's attempt to incorporate new arguments by **Samsung** in its **reply** arguing for **reconsideration** (i.e., its fourth bite at the apple) should be soundly rejected.

Dated: October 12, 2023                             Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)

hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
AStrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record by email.

*/s/ Isabella Chestney*
Isabella Chestney