IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS INC., MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-CV-203-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANTS'
INTERROGATORY NOS. 8, 20, AND 22 (DKT. 188)**

## **TABLE OF CONTENTS**

**Page**

I. LEGAL STANDARD ........................................................................................................ 1

II. ARGUMENT .................................................................................................................... 1

      A. Micron Failed to Identify any Legal Basis to Support Its Motion ................................ 1

      B. Interrogatory No. 8 ........................................................................................................ 2

      C. Interrogatory Nos. 20 and 22 ........................................................................................ 6

III. CONCLUSION ................................................................................................................ 7

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Agent Orange Prod. Liab. Litig.*,
  517 F.3d 76 (2d Cir. 2008) .................................................................................................... 6

*Beckman Coulter, Inc. v. Sysmex Am., Inc.*,
  2019 WL 10250941 (N.D. Ill. Aug. 12, 2019) ....................................................................... 4

*Deepgulf, Inc. v. Moszkowski*,
  2019 WL 10631283 (N.D. Fla. Feb. 5, 2019) ........................................................................ 2

*Ecolab USA Inc. v. Diversey, Inc.*,
  2015 WL 2353018 (D. Minn. May 15, 2015) ........................................................................ 4

*In re Google Litig.*,
  2011 WL 286173 (N.D. Cal. Jan. 27, 2011) ........................................................................... 5

*Innovative Automation, LLC v. Amazon.com, Inc.*,
  2013 WL 12140171 (E.D. Tex. Nov. 13, 2013) ..................................................................... 1

*Janvey v. Proskauer Rose LLP*,
  2017 U.S. Dist. LEXIS 227600 (N.D. Tex. Dec. 28, 2017) ............................................... 1, 7

*Mass Engineered Design, Inc. v. Ergotron, Inc.*,
  633 F. Supp. 2d 361 (E.D. Tex. 2009) ................................................................................... 1

*Morpho Detection, Inc. v. Smiths Detection, Inc.*,
  957 F. Supp. 2d 655 (E.D.Va.2013) ...................................................................................... 4

*Patty v. United States*,
  2015 WL 1893584 (S.D. Tex. Apr. 27, 2015), *aff'd*, 633 F. App'x 238 (5th Cir.
  2016) ...................................................................................................................................... 2

*Promethean Insulation Tech. LLC v. Sealed Air Corp.*,
  2015 WL 11027038 (E.D. Tex. Oct. 13, 2015) ...................................................................... 4

*Wi-LAN Inc. v. Rsch. in Mot. Corp.*,
  2010 WL 2998850 (S.D. Cal. July 28, 2010) ......................................................................... 6

**Other Authorities**

Fed. R. Civ. P. 7(b)(1)(B) .................................................................................................................. 1

Fed. R. Civ. P. 33 .............................................................................................................................. 6

Fed. R. Civ. P. 33(d) ......................................................................................................................... 7

**Page**

Fed. R. Civ. P. 34 ...........................................................................................................................6

Fed. R. Civ. P. 37(a) ......................................................................................................................1

Fed. R. Civ. P. 37(a)(3)(B) ............................................................................................................6

Fed. R. Civ. P. 403 .........................................................................................................................6

L.R. CV-7(c) ..................................................................................................................................1

Micron's motion for further response to its Interrogatory Nos. 8, 20, and 22 must be denied because Netlist has provided sufficient responses to each interrogatory and Micron fails to identify what additional information it needs for any claims or defenses in this Action.

## I. LEGAL STANDARD

The party moving to compel discovery "bears the burden of clearly showing that the materials and information sought are relevant to the action and will lead to the discovery of admissible evidence." *Innovative Automation, LLC v. Amazon.com, Inc.*, 2013 WL 12140171 at *3 (E.D. Tex. Nov. 13, 2013). "A proper Rule 37(a) motion to compel…should…specifically, as to each request, identify the nature and basis of the dispute, including, for example, explaining . . . how a response or answer is deficient or incomplete, and ask the Court for specific relief as to each request; and must include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute." *Janvey v. Proskauer Rose LLP*, 2017 U.S. Dist. LEXIS 227600, *9 (N.D. Tex. Dec. 28, 2017).

Micron cannot carry its burden to show further responses are needed—much less that Netlist should be precluded from "offering a willfulness defense [sic]." Mtn. at 2.

## II. ARGUMENT

### A. Micron Failed to Identify any Legal Basis to Support Its Motion

Federal Rule of Civil Procedure 7(b)(1)(B) requires that a request for a court order "state with particularity the grounds for seeking the order." The Local Rules likewise require that briefing in support of a motion "**shall contain** a concise statement of the reasons in support of the motion and *citation of authorities upon which the movant relies*." L.R. CV-7(c).

Micron's motion violates these basic Rules by failing to identify any legal standard or authority. For this reason alone, Micron's motion should be denied. *Mass Engineered Design, Inc. v. Ergotron, Inc.*, 633 F. Supp. 2d 361, 378 n.5 (E.D. Tex. 2009) (finding arguments were waived because they "are not adequately briefed, nor is the law adequately discussed. Importantly,

nowhere in these various footnotes do Defendants discuss the [legal] standard") (citing L.R. CV-7(c)); *Patty v. United States*, 2015 WL 1893584, at *9 (S.D. Tex. Apr. 27, 2015), *aff'd*, 633 F. App'x 238 (5th Cir. 2016) (finding the plaintiff "cites no cases to support this argument and has waived the issue by failing to brief it adequately"); *Deepgulf, Inc. v. Moszkowski*, 2019 WL 10631283, at *2 (N.D. Fla. Feb. 5, 2019) ("Motions that are devoid of any analysis or citation to authority generally will be insufficient to satisfy [the 7(b)(1)(B)] particularity requirement.") (citing *Flanigan's Enters., Inc. of Ga. v. Fulton Cty., Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (per curiam).

### B.     Interrogatory No. 8

Micron's Interrogatory No. 8 requests Netlist to identify its "contentions as to whether Micron's alleged infringement is willful." Mtn. (Dkt. 188) at 1.

Netlist's response to this interrogatory totaled seventeen pages in addition to identification of specific documents and previous expert reports, and provided an immense amount of detail concerning the factual bases for Netlist's willfulness allegations. In relevant part, Netlist's responses stated, with specific reference to documents Netlist produced in this Action:



---

[1] *See, e.g.*, NETLIST_SAMSUNG_EDTX00055281; NETLIST_SAMSUNG_EDTX00053956-53978; NETLIST_SAMSUNG_EDTX00056202-56211; NETLIST_SAMSUNG_EDTX00056212-56218; NETLIST_SAMSUNG_EDTX00056219-56224; NETLIST_SAMSUNG_EDTX00056225-56231; NETLIST_SAMSUNG_EDTX00056232-56235.

[2] *See* NETLIST_SAMSUNG_EDTX00056232-56235; NETLIST_SAMSUNG_EDTX00056569-56630; NETLIST_SAMSUNG_EDTX00056651-56690; NETLIST_SAMSUNG_EDTX00056236.

██████████
██████████
██████████

Ex. 2 at 109-11. ██████████

██████████ [3] Netlist thus presents facts demonstrating that ██████████ ██████████ The document production referenced above includes ██████████

██████████

██████████

██████████

For example, ██████████

██████████

██████████

Netlist also identified in its interrogatory responses document ██████████

██████████

██████████

██████████

---

[3] 2023-08-30 Holbrook Tr. 131:19-132:6 ██████████
██████████

- 3 -

Netlist also produced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Micron simply refused to acknowledge the acceptability of these documents. Instead, Micron asks "Netlist to fully describe the full basis for its allegation it disclosed technology embodying its asserted patent claims" "*through a claim chart comparison*." Mtn. at 2 (emphasis added).

First of all, nowhere in Micron's Rog. No. 8 or the June 16 letter did it ask for a claim chart—this request is waived. *See generally* Dkt. 188-3. *Second*, Micron did not identify any basis to require Netlist to prepare a claim chart mapping its own products to the patents-in-suit—nor do the local rules require that. Instead, courts have consistently rejected such burdensome requests in similar contexts where the accused infringer asks the patentee to map its own products to the asserted claims. *See, e.g.*, *Beckman Coulter, Inc. v. Sysmex Am., Inc.*, 2019 WL 10250941, at *2 (N.D. Ill. Aug. 12, 2019) ("As a general matter, a patentee is not required to provide a claim by claim analysis of its own products."); *Ecolab USA Inc. v. Diversey, Inc.*, 2015 WL 2353018, at *6 (D. Minn. May 15, 2015) ("As Plaintiffs have noted, they were not required to provide a claim-by-claim analysis of the EnCompass system"); *Morpho Detection, Inc. v. Smiths Detection, Inc.*, 957 F. Supp. 2d 655, 674 n.22 (E.D.Va.2013) (same). Furthermore, Micron's requests simply seek premature expert testimony for detailed technical analysis, which is not proper. *Promethean Insulation Tech. LLC v. Sealed Air Corp.*, 2015 WL 11027038, at *2 (E.D. Tex. Oct. 13, 2015) ("A party is not entitled to obtain early disclosure of expert opinions via interrogatory."). Given that Micron did not move to compel Netlist for supplemental responses until the last day of fact discovery, which

was shortly before Netlist's opening expert reports were due, there is simply no reason for Micron to claim any potential prejudice it would suffer based on Netlist's purportedly insufficient interrogatory responses.

Micron's motion also asks Netlist to further produce "**all communications with TI** or **others** relating to these subjects and litigation, all court testimony, reports and filings, any **settlement license, NDA or other agreement**, **and all relevant briefing and materials**." Mtn. at 1-2 (emphasis added). However, Micron has not shown how such a broad request would potentially lead to any admissible evidence—because the willful infringement issue focuses on Micron's knowledge of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

As an initial matter, Micron states that "Netlist has not produced any pleadings from that case" between Netlist and TI. Mtn. 2. This is wrong. As early as January 2023, Netlist produced its complaint and TI's answer to Micron.[4] Micron's blatantly false statement makes clear that it has not diligently reviewed Netlist's document production before filing this motion.

Second, the Netlist-TI litigation involved claims for trade secret misappropriation and breach of a non-disclosure agreement. Micron does not explain how the large volume of documents it requests are relevant to a specific issue in this case, nor does it cite a single case in support of this request. Micron's generalized attorney argument regarding relevance, with no support in fact (or even allegation) is not a proper basis for discovery. *See In re Google Litig.*, 2011 WL 286173 at *9 (N.D. Cal. Jan. 27, 2011) (denying motion to compel discovery of Google's unrelated lawsuit where movant failed to make "any particularized showing that the additional discovery sought ... [was] relevant" and "[chose] instead to speculate what the transcripts and reports 'likely [contained].'"). Micron's request also seeks Netlist's settlement communications

---

[4] NETLIST_SAMSUNG_EDTX00190118; NETLIST_SAMSUNG_EDTX00190123.

with TI that are protected under Rule 408 and generally not discoverable without a specific showing of relevance. *See Wi-LAN Inc. v. Rsch. in Mot. Corp.*, 2010 WL 2998850, at *5 (S.D. Cal. July 28, 2010) (denying motion to compel and noting that "[s]ome licenses are the result of extensive litigation, and their negotiation histories involve confidential litigation strategy discussions.").

Micron's request is overly broad on its face and Micron makes no effort to tailor its requests whatsoever. For this reason also Micron's motion should be denied. *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 102-03 (2d Cir. 2008) (upholding the refusal to compel production of documents from other litigations involving the same product where the request was made "without any attempt ... to tailor [it] to materials reasonably expected to produce relevant, non-duplicative information"). Further, a motion to compel an interrogatory response is not the proper vehicle to seek out the extensive volume of documents Micron requests. Fed. R. Civ. P. 37(a)(3)(B) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection…if…(iii) a party fails **to answer an interrogatory** submitted under Rule 33; **or** (iv) a party fails to **produce documents… as requested under Rule 34**").

### C.  Interrogatory Nos. 20 and 22

Micron's Interrogatory Nos. 20 and 22 request that Netlist "[d]escribe in detail, and on a section-by-section and on an annual basis, all revenues, profits, and other benefits or values Netlist obtained or derived from" the supply provisions of Netlist's license agreements with SK Hynix and Samsung, including "the types and quantities of products Netlist made, offered for sale, or sold that include [supplied products] and Netlist's revenues, costs, and profits from the manufacture and/or sales of such products." Dkt. 188-4.

Micron's motion for further responses to these interrogatories is improper because it fails to explain at all "how [Netlist's] response or answer is deficient or incomplete," does not "include a concise discussion of the facts and authority that support the motion as to each discovery

request in dispute," and in turn fails to "ask the Court for specific relief as to each request." *Janvey*, 2017 U.S. Dist. LEXIS 227600, at *9. Netlist identified in its responses to these interrogatories ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████ Ex. 1 at 23-24 (identifying specific bates numbers). Netlist also incorporated by reference relevant sections of its expert reports and deposition testimony from the *Samsung I* case. NL-MIC-203-463_00020139 at § 9(b). Micron argues that this is insufficient because "there is nothing in the records from the Samsung litigation that provides the type of information Micron seeks," but it does not specify what type of information it seeks at all or why this information is not supplied by the extensive documents Netlist already provided.

As is evident from Micron's blatant misstatements of fact regarding Netlist's production above, *supra* 5, Micron has not diligently reviewed Netlist's document production and interrogatories at all, and merely wants Netlist to spell out exactly what it should take away from these documents. However, that is not Netlist's burden under the law. Under Rule 33(d), when an "answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records … and if the burden of deriving or ascertaining the answer will be substantially the same for either party," Rule 33(d) gives a responding party the option of answering by: "(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d). Micron has failed to specify with any level of particularity exactly what it is seeking from Netlist or what relief it seeks from this Court. Thus, this Court should deny Micron's request.

### III. **CONCLUSION**

For the reasons stated above, Defendants' Motion should be denied.

- 7 -

Dated: October 5, 2023　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Jason Sheasby*
　　　　　　　　　　　　　　　　　　　　　Samuel F. Baxter
　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 01938000
　　　　　　　　　　　　　　　　　　　　　sbaxter@mckoolsmith.com
　　　　　　　　　　　　　　　　　　　　　Jennifer L. Truelove
　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24012906
　　　　　　　　　　　　　　　　　　　　　jtruelove@mckoolsmith.com
　　　　　　　　　　　　　　　　　　　　　**MCKOOL SMITH, P.C.**
　　　　　　　　　　　　　　　　　　　　　104 East Houston Street Suite 300
　　　　　　　　　　　　　　　　　　　　　Marshall, TX 75670
　　　　　　　　　　　　　　　　　　　　　Telephone: (903) 923-9000
　　　　　　　　　　　　　　　　　　　　　Facsimile: (903) 923-9099

　　　　　　　　　　　　　　　　　　　　　Jason G. Sheasby (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　jsheasby@irell.com
　　　　　　　　　　　　　　　　　　　　　Annita Zhong, Ph.D. (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　hzhong@irell.com
　　　　　　　　　　　　　　　　　　　　　Andrew J. Strabone (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　astrabone@irell.com
　　　　　　　　　　　　　　　　　　　　　Thomas C. Werner (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　twerner@irell.com
　　　　　　　　　　　　　　　　　　　　　Yanan Zhao (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　yzhao@irell.com
　　　　　　　　　　　　　　　　　　　　　Michael W. Tezyan (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　mtezyan@irell.com

　　　　　　　　　　　　　　　　　　　　　**IRELL & MANELLA LLP**
　　　　　　　　　　　　　　　　　　　　　1800 Avenue of the Stars, Suite 900
　　　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90067
　　　　　　　　　　　　　　　　　　　　　Tel. (310) 277-1010
　　　　　　　　　　　　　　　　　　　　　Fax (310) 203-7199

　　　　　　　　　　　　　　　　　　　　　***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on October 5, 2023, a copy of the foregoing was served to all counsel of record via the Court's ECF system.

　　　　　　　　　　　　　　　　　　　　　*/s/ Isabella Chestney*
　　　　　　　　　　　　　　　　　　　　　Isabella Chestney

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Isabella Chestney*
Isabella Chestney