**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS INC., MICRON TECHNOLOGY TEXAS LLC,<br><br>Defendants. | ) | Case No. 2:22-CV-203-JRG<br><br>JURY TRIAL DEMANDED<br><br>[REDACTED] |

**PLAINTIFF NETLIST, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANTS' INTERROGATORY NOS. 7, 21, 23, 33 (DKT. 187)**

# TABLE OF CONTENTS

**Page**

I. LEGAL STANDARD .......... 1

II. ARGUMENT .......... 1

A. Micron Failed to Provide any Support for Its Motion to Compel .......... 1

B. Interrogatory No. 7 .......... 2

C. Interrogatory No. 33 .......... 6

D. Interrogatory Nos. 21 and 23 .......... 7

III. CONCLUSION .......... 7

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Charles E. Hill & Assocs. v. ABT Elecs., Inc.*,
854 F. Supp. 2d 427 (E.D. Tex. Apr. 3, 2012)....7

*Deepgulf, Inc. v. Moszkowski*,
2019 WL 10631283 (N.D. Fla. Feb. 5, 2019)....2

*Innovative Automation, LLC v. Amazon.com, Inc.*,
2013 WL 12140171 (E.D. Tex. Nov. 13, 2013)....1

*Janvey v. Proskauer Rose LLP*,
2017 U.S. Dist. LEXIS 227600 (N.D. Tex. Dec. 28, 2017)....1

*Mass Eng'rd Design, Inc. v. Ergotron, Inc.*,
633 F. Supp. 2d 361 (E.D. Tex. 2009)....2

*Mobile Telecommunications Techs., LLC v. Blackberry Corp.*,
2015 WL 12698062 (N.D. Tex. July 15, 2015)....1

*Patty v. United States*,
2015 WL 1893584 (S.D. Tex. Apr. 27, 2015), *aff'd*, 633 F. App'x 238 (5th Cir. 2016)....2

*Richards v. Lufkin Indus., LLC*,
2017 U.S. Dist. LEXIS 225636 (E.D. Tex. Feb. 2, 2017)....6

*Villareal v. San Antonio Extended Med. Care, Inc.*,
2015 U.S. Dist. LEXIS 184299 (W.D. Tex. July 15, 2015)....5

**Statutes**

35 U.S.C. § 285....2

**Other Authorities**

Fed. R. Civ. P. 7(b)(1)(B)....1

Fed. R. Civ. P. 37(a)....1

Fed. R. Civ. P. 403....5

Fed. R. Civ. P. 408....7

L.R. CV-7(c)....2

Micron's motion to compel further response to its Interrogatory Nos. 7, 21, 23, and 33 should be denied because Netlist has provided sufficient responses in great detail to each. Micron has provided no case law or other authority to support its motion.[1]

## I. LEGAL STANDARD

The party moving to compel discovery "bears the burden of clearly showing that the materials and information sought are relevant to the action and will lead to the discovery of admissible evidence." *Innovative Automation, LLC v. Amazon.com, Inc.*, 2013 WL 12140171 at *3 (E.D. Tex. Nov. 13, 2013). "A proper Rule 37(a) motion to compel [should] specifically, as to each request, identify the nature and basis of the dispute, including, for example, explaining . . . how a response or answer is deficient or incomplete, and ask the Court for specific relief as to each request; and must include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute." *Janvey v. Proskauer Rose LLP*, 2017 U.S. Dist. LEXIS 227600, *9 (N.D. Tex. Dec. 28, 2017). "While the Court of Appeals for the Fifth Circuit has yet to address this issue, other courts have refused to allow discovery of documents from prior litigations absent a specific showing of relevancy." *Mobile Telecommunications Techs., LLC v. Blackberry Corp.*, 2015 WL 12698062, at *3 (N.D. Tex. July 15, 2015) (collecting cases).

## II. ARGUMENT

### A. Micron Failed to Provide any Support for Its Motion to Compel

Federal Rule of Civil Procedure 7(b)(1)(B) requires that a request for a court order "state with particularity the grounds for seeking the order." The Local Rules likewise require that

---

[1] Micron never seriously intended to seek further discovery from Netlist. For example, Netlist first served its responses to Micron's first set of interrogatories nearly six months ago, on March 3, 2023, and then diligently supplemented its responses on May 8, and again on August 17. Micron sat on these responses, raising no objections until September 14, which was 6 days before discovery closed. Netlist has provided further supplemental responses on September 20. Micron fails to take into consideration Netlist's supplemental responses in filing this Motion, and that is solely due to Micron's delay in raising any purported discovery deficiencies.

briefing in support of a motion "***shall contain*** a concise statement of the reasons in support of the motion and ***citation of authorities upon which the movant relies***." E.D. Tex. L.R. CV-7(c) (emphasis added).

Micron's motion violates these basic motion requirements by failing to identify any legal standard or authority anywhere in its motion. For this reason alone, Micron's motion should be denied. *Mass Eng'rd Design, Inc. v. Ergotron, Inc.*, 633 F. Supp. 2d 361, 378 n.5 (E.D. Tex. 2009) (arguments waived because they "are not adequately briefed, nor is the law adequately discussed) (citing L.R. CV-7(c)); *Patty v. United States*, 2015 WL 1893584, at *9 (S.D. Tex. Apr. 27, 2015), *aff'd*, 633 F. App'x 238 (5th Cir. 2016) (finding the plaintiff "cites no cases to support this argument and has 'waived the issue by failing to brief it adequately'"); *Deepgulf, Inc. v. Moszkowski*, 2019 WL 10631283, at *2 (N.D. Fla. Feb. 5, 2019) ("Motions that are devoid of any analysis or citation to authority generally will be insufficient to satisfy [the 7(b)(1)(B)] particularity requirement.") (citing *Flanigan's Enters., Inc. of Ga. v. Fulton Cty., Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (per curiam).

**B. Interrogatory No. 7**

**INTERROGATORY NO. 7:**

For each of the Patents-in-Suit, identify Your contentions regarding any claim for damages, including, but not limited to, identifying the time period for which You contend damages may be recovered for each Asserted Patent; the factual bases for that contention, including the form of damages Netlist seeks from Micron (e.g., lost profit damages, reasonable royalty damages, any other form of damages, or any combination of the foregoing); the method, process, or formula Netlist intends to use to compute damages; the factual and legal basis for that computation, including for the determination of the smallest salable unit; the dollar amount of damages; whether You are offering a per patent license or a license to a larger patent portfolio; all relevant Documents and Things related to the subject matter of this Interrogatory; and the Persons who are most knowledgeable of this subject matter.

In response to this Interrogatory, Netlist identified:

[redacted] Dkt. 212-3

Netlist also produced and incorporated into its interrogatory responses Netlist's damages report and technical reports from the action with Samsung involving the same patents-in-suit. *Samsung I*, No. 21-cv-00463 (E.D. Tex.). Netlist's responses explicitly provided that [redacted]

Dkt. 212-3 at 105.

Micron identifies three categories of information that it claims Netlist failed to provide: 1) "the factual…basis for that computation, including for the determination of the smallest salable unit;" 2) "whether You are offering a per patent license or a license to a larger patent portfolio; and 3) "all relevant Documents and Things related to the subject matter of this Interrogatory."

Micron identifies no basis to assert these categories have not been answered, or that Micron is entitled to more information. It is possible Micron did not actually review Netlist's responses and the cited documents, but all of this information has been answered, as identified above.

The only specificity Micron identifies in its motion is that "Whether Netlist failed to offer a license on a per patent basis is relevant to both [breach of RAND and patent misuses] defenses." Mot. at 2. Even if this were true (and it is not, as both of Micron's defenses are baseless), Micron's interrogatory does not seek information regarding Netlist's past licensing offers. Micron's interrogatory seeks ***damages*** information, including whether You ***are offering*** a per patent license or a license to a larger patent portfolio." *Id.* Mtn. at 1-2 (emphasis added). If Micron wanted to seek information regarding past licensing offers or history, it could have done so. Micron should not be allowed to use a motion to compel to seek additional discovery after the fact discovery cutoff. Dkt. 163 (no party shall be allowed to seek written discovery after the original discovery cutoff on September 5).

Even if Micron's Rog No. 7 did encompass such a request, Micron has not shown its relevance. Micron argues that Netlist's past licenses would be relevant to show "whether Netlist has breached its RAND licensing obligations for failing to offer Micron a license to the specifically asserted patents on a RAND rate." Mtn. at 2. However, Micron has not shown that RAND is an issue in this case. [REDACTED]. Ex. 1 (2023-09-20 Micron's responses to Netlist's first set of Rogs) at 1-2. In response to Netlist's interrogatory asking Micron's position on essentiality, [REDACTED]

[REDACTED] Ex. 2 (2023-9-5 Micron response to Netlist Rog No. 24) at 1. However, Micron does not point to any element of Netlist's asserted claims it contends is required by any standard as defined by the JEDEC manual. Further, this Court has agreed with Netlist that RAND was not relevant where neither party contended the asserted claims (of the same patents) are standard essential. *See* Ex. 3 (*Samsung* I PTC Day One Tr.) at 248:6-11 ("[REDACTED]."). [2]

Further, even if this Court finds that Micron's interrogatory does seek information about Netlist's past licensing practices, and even if that request were relevant and proportional, Netlist has already answered that through document production and responses to more relevant interrogatories. For example, Netlist has produced its license agreements to Micron. Netlist has also produced [REDACTED] Micron thus can easily discern what Netlist offered to others, and whether those offers were on per-patent or portfolio bases.

For the reasons discussed above, this court should deny Micron's irrelevant and unsupported request. *See Villareal v. San Antonio Extended Med. Care, Inc.*, 2015 U.S. Dist. LEXIS

[2] Netlist has moved to dismiss Micron's patent misuse defense. Dkt. 193. As detailed there, Micron failed to state a plausible claim and also failed to seek leave from the Court to add this new defense. *Id.* Further, the requested information has no connection to Micron's breach of RAND defense. Micron asserts such information will "establish that Netlist improperly sought to extract more than a reasonable royalty for the asserted patents by attempting to tie the asserted patents with other patents," but does not tie this to either cause of action it cites. Nothing in this interrogatory is related to a RAND rate, and Micron provides no support for its claim that the type of license Netlist offers is relevant to a breach of a RAND obligation.

184299, at *13 (W.D. Tex. July 15, 2015) (denying-in-part motion to compel where "Plaintiff has cited no case authority demonstrating its position on the discoverability of this information."). Likewise, Micron's request to bar "Netlist from later disputing that it is contractually precluded from offering per patent licenses" is not supported by any law or fact, and thus must be denied. *Richards v. Lufkin Indus., LLC*, 2017 U.S. Dist. LEXIS 225636, *7-*8 (E.D. Tex. Feb. 2, 2017) (denying motion to compel and sanctions where the party "provided the relevant information" and "there is certainly no evidence of bad faith justifying the imposition of sanctions.").

### C. Interrogatory No. 33

> **INTERROGATORY NO. 33:**
>
> Identify Your F/RAND royalty terms for each Patent-in-Suit, including but not limited to royalty rate, and describe in detail the reasons You believe those terms to be F/RAND, and identify all communications in which You have asserted that You would be willing to license any Patent-in-Suit under F/RAND terms.

Micron's motion asks Netlist to "identify each licensing offer for the asserted patents it has made to anyone and Netlist's contentions as to how the offers reflect a RAND rate."

*First*, Micron's Rog. No. 33 on its face never asked Netlist to identify its past "licensing offers for the asserted patents it made to anyone," nor did it ask Netlist to perform an analysis to show "how the offers reflect a RAND rate." Again, Micron should not be allowed to use its motion to compel to inject new discovery requests into this case at the end of fact discovery.

*Second*, the calculation of a F/RAND royalty rate and determining whether a license offer is under F/RAND terms requires substantive expert analysis and is not a proper subject of fact discovery. Dkt. 41 (Discovery Order) at 3 ("[T]he disclosure of the computation of [any category of damages claimed by any party to the action] may be deferred until the time for Expert Disclosures if a party will rely on a damages expert").

*Third*, Micron states that "

[REDACTED]." Mtn. 3. This unsubstantiated assertion is plainly wrong. [REDACTED] [REDACTED]. The only support Micron relies on is an argument made by Samsung's lawyers at a bench trial in a different case, in which the Court rejected Samsung's unclean hands defense based on alleged misstatements Netlist made regarding essentiality.

[REDACTED] [REDACTED] RAND has no place in this case, and thus Micron is not entitled to any further response to Interrogatory No. 33.

**D. Interrogatory Nos. 21 and 23**

Micron states that Interrogatory Nos. 21 and 23 "seek information regarding the negotiations of Netlist's agreements with SK Hynix and Samsung," Mtn. at 4. This request has already been clearly addressed and rejected by the Court after the parties' lengthy briefing. Dkt. 158 ("Plaintiff is directed to produce: (1) the settlement/license agreement, ***but not the correspondence leading up to it***") (emphasis added).

Neither Micron's motion for reconsideration nor its current motion to compel provides any new basis to change the Court's previous order or show that Netlist's confidential Rule 408 settlement negotiations with SK Hynix or Samsung are relevant to this action or otherwise discoverable. *See* Dkts. 148, 196; *Charles E. Hill & Assocs. v. ABT Elecs., Inc.*, 854 F. Supp. 2d 427, 429-30 (E.D. Tex. Apr. 3, 2012) ("[w]hile signed licenses relating to the same patents-in-suit are accepted as a valuable source for calculating a reasonable royalty, ***the negotiations behind those licenses must be viewed, as a general rule, as less probative and more prejudicial than the licenses themselves***.") (emphasis added).

Micron's attempt for a third bite at the apple is improper and must be denied.

## III. CONCLUSION

For the reasons stated above, Micron's Motion (Dkt. 187) should be denied.

Dated: October 5, 2023

Respectfully submitted,

*/s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on October 5, 2023, a copy of the foregoing was served to all counsel of record via the Court's ECF system.

*/s/ Isabella Chestney*
Isabella Chestney

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Isabella Chestney*
Isabella Chestney