**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:22-CV-203-JRG |
| | ) |
| MICRON TECHNOLOGY, INC., | ) JURY TRIAL DEMANDED |
| MICRON SEMICONDUCTOR | ) |
| PRODUCTS INC., MICRON | ) ▇▇▇▇▇▇▇ |
| TECHNOLOGY TEXAS LLC, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S REPLY IN SUPPORT OF ITS MOTION
TO STRIKE DEFENDANTS' SEPTEMBER 14, 2023 SUPPLEMENTAL
RESPONSE TO INTERROGATORY NO. 1 (Dkt. 184)**

# **TABLE OF CONTENTS**

**Page**

I. Micron Failed to Give Netlist Proper Notice of Its Non-Infringement Positions by Adding *New* Limitations at the End of Fact Discovery ................................ 1

II. Micron Could Have Identified the Limitations It Contends Are Not Met Earlier .................................................................................................................................... 2

III. Micron's Late Disclosure Prejudices Netlist ........................................................................ 4

IV. A Continuation Is Not Sufficient to Cure the Prejudice Suffered by Netlist ................... 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Genband US LLC v. Metaswitch Networks Corp.*,
   2016 WL 122969 (E.D. Tex. Jan. 9, 2016) ........................................................................................1

*Huawei Technologies Co., Ltd. v. T-Mobie US, Inc.*
   2017 WL 9988630 (E.D. Tex. Aug. 25, 2017). ..............................................................................1, 2

I.  **Micron Failed to Give Netlist Proper Notice of Its Non-Infringement Positions by Adding *New* Limitations at the End of Fact Discovery**

The Court should strike Micron's September 14 supplemental responses because Micron added, for the first time and with limited conclusory support, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ It is not simply that Micron waited to identify relevant theories or evidence, it is that Micron did not substantively contest infringement of any of those limitations prior to six days before the fact discovery cutoff. Such basic information should have been disclosed long before witness deposition and fact discovery cutoff.

Micron's reliance on case law from this Court denying motions to strike expert reports in opposition to Netlist's motion to strike is misplaced. Opp. (Dkt. 220) at 1. In fact, these cases support Netlist's motion. For instance, in *Genband US LLC v. Metaswitch Networks Corp.*, this Court explains: "Parties are not required to disclose the details of expert opinions prior to the expert disclosure deadline. However, a party ***must provide fair notice of its contentions*** when this information is sought during discovery." 2016 WL 122969, at *2 (E.D. Tex. Jan. 9, 2016) (emphasis added).[2] Similarly, in *Huawei Technologies Co., Ltd. v. T-Mobie US, Inc.*, "[i]n response to Interrogatory No. 8 regarding T-Mobile's non-infringement positions, T-Mobile identified ***each of the claim limitations*** it contends are not embodied in T-Mobile's accused networks" and identified documents supporting its statements "***months before the close of fact discovery***." No. 16-cv-52, Dkt. 270 (E.D. Tex. Aug. 4, 2017) (Defendant's Opposition to Huawei's Motion to Strike) (emphasis added). Because T-Mobile objected to Huawei's interrogatory on the ground

---

[1] As explained in Netlist's motion, Micron cannot argue that these ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Those completely failed to give Netlist sufficient notice of Micron's non-infringement position.

[2] In *Genband*, the plaintiff moved to strike defendant's expert reports but did not file a motion arguing that the defendant's interrogatory responses were untimely, unlike here.

that they sought early disclosure of expert opinions, the Court found that Huawei "had sufficient notice to test that objection by moving to compel a complete response" but failed to do so. *Huawei*, 2017 WL 9988630, at *1 (E.D. Tex. Aug. 25, 2017). Here, Micron ███████████ ████████████████████████████████ By no means could Netlist have anticipated that Micron ████████████████████████/████████████████████████.

## II. Micron Could Have Identified the Limitations It Contends Are Not Met Earlier

Micron provided no legitimate explanation for its delay. Micron does not identify a **single** one of its new contentions that actually required information it claimed it did not have access to until the end of the discovery period. For example, Micron makes the vague assertion that "Micron considered the following as important for updating contentions responses: (1) the testimony of an inventor of the relevant '918 and '054 asserted Patents; and (2) the testimony of third-party suppliers of the PMICs on the accused Micron devices." Opp. at 2. But Micron does not even attempt to show how any of that testimony is relevant to its new non-infringement contentions. That is because it is not, and there is no excuse for Micron's delay.[3]

In fact, Micron's new interrogatory responses ████████████████████████ ████████████████████████████████████████████████████████ ██████. Micron's late responses only ████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████ ████████████████ ████████████████████████████████████

Additionally, Micron's earlier August 9 supplemental response ████████████

---

[3] And to be clear, with respect to third-party PMIC suppliers, Micron never served any subpoenas on these third parties for information potentially relevant to Micron's non-infringement defenses. Thus, if Micron actually needed this information to develop its non-infringement case, any purported delay is Micron's fault.

- 2 -



Micron's claim that its analysis could only be done as to some but not all limitations when they indeed address the **same** component of the same accused products lacks merit. Further, not all of these newly disclosed limitations are related to PMICs. For example, Micron's belated supplement asserts that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Micron also argues that it could not have served the interrogatory responses earlier because Netlist only provided materials from *Samsung I* in June 2023. Opp. at 3.[4] This ignores the fact that Micron has had Netlist's infringement contentions in this case since September 8, 2022, and there was nothing preventing Micron from developing its own non-infringement case. Instead, Micron decided to hide the ball until the eleventh hour to prejudice Netlist. Even if Micron needed *Samsung I* materials to form its non-infringement position (it did not), Micron has had the expert reports from Netlist and Samsung in the earlier action at least since June 23, 2023, and waited three months to supplement their responses, after their 30(b)(6) witness on the topic

---

[4] Micron's assertion that it "had been asking Netlist for these materials for almost a year," Opp. at 2, makes no sense. Expert discovery in *Samsung I* did not even start until after December 22, 2022, and did not end until February 10, 2023. Netlist promptly produced fact witness deposition transcripts on June 2 and all *Samsung I* files by June 23. Micron counsel also stated that it attended the *Samsung I* jury trial, which ended on April 21, and thus has been informed of Samsung's non-infringement positions and Netlist's infringement theory. *See* Ex. 14 (2023-07-26 Markman Hearing Tr.) at 7:14-16 ("MR. RUECKHEIM: Not from conversations with opposing counsel, Your Honor. I sat in and watched the tail end of the *Netlist v. Samsung* trial, and [observed] what was argued there. . . .").

was already deposed on August 30, 2023.

Micron also opposes Netlist's motion on "equity" grounds, stating that "before service of expert reports, Netlist had only provided broad and vague infringement contentions." Opp. at 4. As noted above, Micron has had Netlist's infringement contentions for well over a year. Not once did Micron ask Netlist to supplement or clarify its contentions as to the '918 or '054 patents.

### III. Micron's Late Disclosure Prejudices Netlist

As explained in Netlist's motion, Micron prejudiced Netlist by ▇▇▇▇▇▇ ▇▇▇▇▇▇ only after Mr. Boe Holbrook, its sole 30(b)(6) corporate representative designated on the topic of PMICs, was deposed. Micron puts forward the patently false theory that Netlist suffered no prejudice because Mr. Holbrook "was not knowledgeable regarding the relevant features." Opp. at 1. According to Micron, ▇▇▇▇▇▇ ▇▇▇▇▇▇ ▇▇▇▇▇▇. Mr. Holbrook affirmatively answered questions about the ▇▇▇▇▇▇ ▇▇▇▇▇▇. For example, Mr. Holbrook was able to answer questions about the ▇▇▇▇▇▇:



▇▇▇▇▇▇ Mr. Holbrook also answered questions about the ▇▇▇▇▇▇ ▇▇▇▇▇▇ ▇▇▇▇▇▇ ▇▇▇▇▇▇

███████████████████████████████████████ Had Micron identified the new limitations earlier, Netlist would have had the opportunity to examine Mr. Holbrook about them in the same way as it did with the previously disclosed limitations.

Micron argues that "Netlist cannot maintain a prejudice claim in light of the fact that it actually had depositions of knowledgeable witnesses even after Micron served its updated contentions," citing the depositions of Dave Wilson and Ralph Kim on September 27, 2023. Opp. at 3. ███████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████ As demonstrated, ███████████████████████

███████████████████████████████. Netlist deposed them for other purposes.

### IV. A Continuation Is Not Sufficient to Cure the Prejudice Suffered by Netlist

Micron suggests that a continuance could cure the prejudice Netlist has suffered while simultaneously noting "the short time remaining until trial." Micron cannot have it both ways. In reality, Netlist has already served its infringement report, which it was forced to do without the benefit of fact discovery on the issues raised for the first time in Micron's interrogatory supplement. Thus, it is critical for the court to strike Micron's belated theories to avoid prejudice Netlist suffered and will suffer.

| | |
|---|---|
| Dated: October 13, 2023 | Respectfully submitted,<br><br>/s/ Jason Sheasby<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason G. Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, Ph.D. (*pro hac vice*)<br>hzhong@irell.com<br>Andrew J. Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br><br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

## CERTIFICATE OF SERVICE

I hereby certify that, on October 13, 2023, a copy of the foregoing was served to all counsel of record via the Court's ECF system.

/s/ Yanan Zhao
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Yanan Zhao*
Yanan Zhao
