IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO, LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR INC., <br><br> Defendants. | Case No. 2:22-cv-203-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE MICRON DEFENDANTS' AFFIRMATIVE DEFENSE OF PATENT MISUSE (DKT. 193)**

# **TABLE OF CONTENTS**

**Page**

I. MICRON'S PATENT MISUSE DEFENSE IS PROCEDURALLY IMPROPER ........... 1

II. MICRON'S PATENT MISUSE DEFENSE IS FACIALLY DEFICIENT ...................... 3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alford v. Kuhlman Elec. Corp.*,
   716 F.3d 909 (5th Cir. 2013) ................................................................................................... 4

*Andrews v. Rosewood Hotels & Resorts, LLC*,
   2021 WL 4709734 (N.D. Tex. Oct. 8, 2021) ........................................................................... 3

*Cellport Sys. v. Peiker Acustic GMBH*,
   762 F.3d 1016 (10th Cir. 2014) ............................................................................................... 5

*Cyberonics, Inc. v. Zabara*,
   2013 WL 3713432 (S.D. Tex. July 12, 2013) .......................................................................... 1

*Filgueria v. U.S. Bank Nat. Ass'n*,
   734 F.3d 420 (5th Cir. 2013) ................................................................................................... 2

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*,
   677 F.2d 1045 (5th Cir. 1982) ................................................................................................. 4

*Lloyd's Syndicate 457 v. Floatec LLC*,
   2017 WL 3189020 (S.D. Tex. July 27, 2017), *aff'd* 921 F.3d 508 (5th Cir.
   2019) ........................................................................................................................................ 4

*McCullough Tool Co. v. Well Surveys, Inc.*,
   343 F.2d 381 (10th Cir. 1965) ................................................................................................. 5

*Saint Lawrence Commc'ns LLC v. Motorola Mobility LLC*,
   2018 WL 915125 (E.D. Tex. Feb. 15, 2018). .......................................................................... 4

*Tech Pharmacy Servs., LLC v. Alixa Rx LLC*,
   2017 WL 2911773 (E.D. Tex. Jan. 19, 2017) .......................................................................... 1

*Tinnus Enters., LLC v. Telebrands Corp.*,
   2017 WL 11630433 (E.D. Tex. July 11, 2017) ....................................................................... 1

*U.S. Philips Corp. v. Int'l Trade Comm'n*,
   424 F.3d 1179 (Fed. Cir. 2005) ............................................................................................... 4

**I.      MICRON'S PATENT MISUSE DEFENSE IS PROCEDURALLY IMPROPER**

Micron does not address the numerous authorities from courts in this circuit (including this district) holding that Micron was required to seek leave before raising a new defense that did not respond to the narrow additions to Netlist's SAC. Mot. 4-5. Instead, Micron claims that other courts *outside* this circuit have held leave is not required under this circumstance. Opp. 4. But as Netlist's Motion demonstrated and Micron does not dispute, this is the minority view. Mot. 4; *Cyberonics, Inc. v. Zabara*, 2013 WL 3713432, at *2 (S.D. Tex. July 12, 2013) (surveying cases and concluding "most courts require leave"). Courts in this circuit have rejected the minority view with good reason: "If every amendment . . . allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause." *Tinnus Enters., LLC v. Telebrands Corp.*, 2017 WL 11630433, at *2 (E.D. Tex. July 11, 2017) (internal quotation marks omitted). Moreover, "[a]pplication of the permissive method would allow for a seemingly inequitable application of the requirements for leave to amend, by forcing a plaintiff to seek leave and specifically justify its amendment while allowing a defendant to amend its counterclaims with complete freedom." *Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, 2017 WL 2911773, at *2 (E.D. Tex. Jan. 19, 2017).

Micron also argues that it has shown good cause for leave. Opp. 4. But this is irrelevant because Micron failed to seek leave in the first place. *Id.* (refusing to consider defendant's good cause arguments because defendant had not sought leave). Regardless, even if the Court considers Micron's good-cause arguments, which it should not, they fail for all the reasons explained in Netlist's Motion.

First, Micron still has not provided any reasonable explanation for its failure to file its amended Answer before the deadline to amend. Mot. 6. ████████████████████████████████████████████████████████ Opp. 5. But the production consisted of 1,813 documents, Sheasby Decl. ¶ 2, which is hardly voluminous for a patent case. There is no reason why Micron, a $75 billion company represented by many competent lawyers, needed six months to review these

documents and draft its two-paragraph patent misuse defense. Micron also argues that Netlist's cited authority involved "delays much longer than the one at issue here." Opp. 7. But Micron did not merely "delay" in seeking leave; it did not seek leave at all. Regardless, the Fifth Circuit has affirmed the denial of leave to amend when leave was sought just eleven days after the deadline. *Filgueria v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). Here, Micron filed its amended Answer months after the May 3, 2023 deadline to amend, Dkt. 43 at 4, which was just *six days* before the close of fact discovery. Dkt. 107 (Amended DCO) at 3. Moreover, Micron's counsel attended *Samsung I*, where the license was extensively discussed. *See* Dkt. 234-02 (2023-07-26 Markman Tr.) at 7:14-16 ("MR. RUECKHEIM: . . . I sat in and watched the tail end of the Netlist v. Samsung trial . . . .").

Second, Micron's amendment will cause substantial prejudice to Netlist. Micron does not dispute that its patent misuse theory will require substantial discovery into various complex issues, yet the fact discovery deadline has now passed. Mot. 1, 7. Instead, Micron argues that an amendment is not improper simply because it introduces complexity, Opp. 5, but this is a strawman. The prejudice stems not from the complexity itself, but from the fact that Micron sought to introduce these complexities *just as fact discovery was set to close.* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This is false. As Micron does not dispute, Netlist's patent claims do not require adjudication of, for example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Moreover, Micron's patent misuse defense is predicated on the allegation (albeit conclusory) that Netlist has sought ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opp. 6. This is also false, given that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Regardless, even if Netlist possesses relevant discovery, it has been deprived of an opportunity to develop the factual record due to Micron's delay in raising this defense.

Third, Micron's Opposition argues that its patent misuse defense is "important," but, as Micron's own cited authority explains, this weighs *against* granting leave: "the 'importance of the amendment simply underscores Defendants' necessity to have timely asserted their defenses or to have timely moved for leave to amend.'" *Andrews v. Rosewood Hotels & Resorts, LLC*, 2021 WL 4709734, at *3 (N.D. Tex. Oct. 8, 2021). As such, the supposed "importance" of Micron's defense "does not outweigh the [its] lack of diligence." *Id.*; *see also* Mot. 6-7. Micron also ignores that its lack of diligence undercuts its assertion that the defense is "important." Mot. 6.

Fourth, the possibility of a continuance does not demonstrate good cause. Micron claims the parties could have extended the fact discovery deadline, Opp. 6-7, but Micron never sought any extension. Nor does Micron explain how the parties could have completed discovery without extending other key deadlines such as expert discovery, dispositive motions, and trial. As Netlist's Motion showed, Netlist has the right to timely vindicate its patent rights, and thus, any delay by itself constitutes prejudice. Mot. 8.

## II.  MICRON'S PATENT MISUSE DEFENSE IS FACIALLY DEFICIENT

Micron's patent misuse defense is also facially deficient and should be dismissed:

***Micron misreads the MFL clause.*** The interpretation of an unambiguous contract is a question of law. First, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Micron argues that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But it completely ignores the key language ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Micron concedes that the SK

hynix License is incorporated by reference into its Answer, Opp. 9 n.4, and thus cannot manufacture a patent misuse defense by ignoring this key language. Mot. 9.

Micron focuses on a single sentence, which states, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. But this language simply ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Nothing in this sentence suggests that Netlist ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Indeed, Micron's interpretation directly contradicts the subsequent paragraph, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Micron ignores this language as well. *See Lloyd's Syndicate 457 v. Floatec LLC*, 2017 WL 3189020, at *6 (S.D. Tex. July 27, 2017), *aff'd* 921 F.3d 508 (5th Cir. 2019) (A "reasonable construction of [a contract] is one that harmonizes, rather than conflicts, with other . . . provisions"). Micron argues that this Court cannot decide "disput[ed] legal and factual determinations on a motion to strike." Opp. 10. But there are no such disputes here. ▮▮▮▮▮▮▮▮▮▮ and thus its interpretation is a pure "question of law" that can be resolved at the pleading stage. *See Alford v. Kuhlman Elec. Corp.*, 716 F.3d 909, 912 (5th Cir. 2013) (affirming district court's motion to dismiss); *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (Dismissing a "defense is proper when the defense is insufficient as a matter of law").

**Package Licenses Are Not Patent Misuse.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Micron's Opposition fails to demonstrate that this constitutes patent misuse. Micron ignores *U.S. Philips Corp.*, which held that alleged patent-to-patent tying does not pose the same risks of abuse as patent-to-*product* tying, which

Micron has not alleged here. Mot. 11. Micron also ignores the other authority cited in Netlist's Motion, including *Saint Lawrence Commc'ns*, in which this Court noted that package licenses "helps both parties avoid the extraordinary transaction costs of litigating or licensing a global patent portfolio on a country-by-country or patent-by-patent." 2018 WL 915125, at *9 (E.D. Tex. Feb. 15, 2018). Micron's cited authority is out-of-circuit, nearly fifty years old, and distinguishable because it involved patent-to-*product* tying. *McCullough Tool Co. v. Well Surveys, Inc.*, 343 F.2d 381, 404 (10th Cir. 1965)

**Market Power**. Micron argues that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opp. 12. But Micron has never ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Micron also argues that Netlist's alleged assessment of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opp. 12. With portfolio licenses, however, it is common for royalties to be based on total sales rather than infringement. *See, e.g., Cellport Sys. v. Peiker Acustic GMBH*, 762 F.3d 1016, 1022 (10th Cir. 2014) ("Royalties from a license agreement do not need to be based on the actual use of a patent . . . ."). This does not constitute patent misuse.

**FRAND.** Micron does not dispute that a breach of a FRAND commitment is not by itself patent misuse. Micron nonetheless argues that tying non-essential and essential patents can constitute patent misuse because this impermissibly broadens the scope of the patent grant. But Micron's tying allegations fail for reasons explained above.

**Unconsummated licenses.** Micron cannot dispute that "numerous courts have held [that] an unconsummated offer to license cannot constitute patent misuse." Mot. 15. Micron tries to distinguish these cases by reducing them to their facts but ignores their actual holding, which is clear and unequivocal. Micron's citation to cases addressing Article III standing has no bearing on whether its patent misuse defense fails on the merits as a matter of law.

| | |
|---|---|
| Dated: October 16, 2023 | Respectfully submitted,<br><br>*/s/ Jason G. Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason G. Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, Ph.D. (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br><br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

## CERTIFICATE OF SERVICE

I hereby certify that, on October 16, 2023, a copy of the foregoing was served to all counsel of record via email.

*/s/ Jason Sheasby*
Jason G. Sheasby

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case

*/s/ Jason Sheasby*
Jason G. Sheasby