IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC,. <br><br> Defendants. | Case No. 2:22-cv-203-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST, INC.'S OPPOSITION TO DEFENDANTS'
ALTERNATIVE MOTION FOR LEAVE TO ASSERT PATENT MISUSE
AFFIRMATIVE DEFENSE *NUNC PRO TUNC* (DKT. 222)**

## **TABLE OF CONTENTS**

**Page**

I. BACKGROUND ........................................................................................................... 1

II. ARGUMENT ................................................................................................................. 2

    A. Micron Has Not Demonstrated Good Cause For Leave Under Rule 16 ................. 2

        1. Micron Fails To Explain Why It Failed To Timely Move For Leave ........................................................................................................ 2

        2. Micron's Proposed Amendment Will Significantly Prejudice Netlist ........................................................................................................ 4

        3. The Alleged "Importance" Of Micron's Patent Misuse Defense Does Not Favor Leave ............................................................................... 6

        4. Prejudice Would Not Be Cured By A Continuance ................................... 7

    B. Micron's Proposed Amendment Is Futile ................................................................ 8

III. CONCLUSION .............................................................................................................. 8

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Aircraft Holding Sols., LLC v. Learjet, Inc.*,
    2020 WL 6262183 (N.D. Tex. Oct. 23, 2020) ........................................................................7

*Andrews v. Rosewood Hotels & Resorts, LLC*,
    2021 WL 4709734 (N.D. Tex. Oct. 8, 2021) ..........................................................................7

*Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*,
    933 F.2d 314 (5th Cir.1991) ...................................................................................................8

*Bob Daemmrich Photography, Inc. v. Scholastic, Inc.*,
    2018 WL 6265025 (W.D. Tex. Aug. 22, 2018) ......................................................................7

*E.E.O.C. v. Geoscience Eng'g & Testing, Inc.*,
    2007 WL 951632 (S.D. Tex. Mar. 28, 2007) .........................................................................8

*EEOC v. Service Temps Inc.*,
    679 F.3d 323 (5th Cir. 2012) ..................................................................................................3

*Eidos Display, LLC v. AU Optronics Corp.*,
    2017 WL 81161 (E.D. Tex. Jan. 4, 2017) ..............................................................................5

*Escort Inc. v. Uniden Am. Corp.*,
    2019 WL 4246605 (N.D. Tex. Sept. 6, 2019) .....................................................................4, 7

*Guerrero Mendoza v. A&A Landscape & Irrigation, LP*,
    2014 WL 12884089 (E.D. Tex. Nov. 3, 2014) .......................................................................8

*IP Holdings LLC v. AT&T Corp.*,
    2017 WL 3394480 (E.D. Tex. Aug. 8, 2017) .........................................................................6

*MacLean v. McCarroll*,
    2009 WL 1940105 (E.D. Tex. July 2, 2009) ..........................................................................6

*Ortiz v. Minnesota Life Ins. Co.*,
    2023 WL 3993047 (E.D. Tex. June 9, 2023) .........................................................................7

*Panoceanis Mar., Inc. v. M/V Eula B. Devall*,
    2013 WL 264616 (E.D. La. Jan. 23, 2013) ............................................................................3

*Sw. Bell Tel. Co. v. City of El Paso*,
    346 F.3d 541 (5th Cir. 2003) ..................................................................................................2

*Tejas Casing Ltd. v. IPSCO Tubulars, Inc.*,
    2011 WL 13120162 (S.D. Tex. Dec. 19, 2011) ................................................................3

*Traxcell Techs., LLC v. AT&T, Inc.*,
    2019 WL 13222791 (E.D. Tex. June 19, 2019) ...............................................................3

*Wade v. Cycle Mart, L.P.*,
    2015 WL 4404876 (W.D. Tex. July 17, 2015) .............................................................4, 5

*Wechsler v. Hunt Health Sys., Ltd.*,
    186 F. Supp. 2d 402 (S.D.N.Y. 2002) ..............................................................................4

**Rules**

Fed. R. Civ. P. 16 ...........................................................................................................................2

Local Rule CV-7(k) ........................................................................................................................4

As Plaintiff Netlist, Inc. ("Netlist") demonstrated in its Motion to Strike Micron's Affirmative Defense of Patent Misuse (the "Motion to Strike," Dkt. 193), Micron was required to seek leave before asserting a new patent misuse defense in its amended answer. The Court should reject Micron's belated attempt to cure this defect. Micron should have requested leave months ago. The deadline to amend was May 3, 2023, and fact discovery has been closed for a month. As Netlist has pointed out, and Micron has never disputed, Micron's patent misuse defense would require discovery into a host of complex factual issues, including whether Netlist and SK hynix conspired to fix prices, whether Netlist has market power in any relevant market, whether the rates Netlist has sought for ***all*** of its patents (not just the patents in suit) are "supra competitive," etc. Dkt. 193 at 1. Micron's delay has made conducting such discovery before the dispositive motion deadline and trial impossible. Allowing Micron to inject these new issues into the case at this late stage is highly prejudicial. In addition, even assuming Micron's request was timely, its amendment is futile. This is because Micron's patent misuse defense is facially deficient for all of the reasons outlined in Netlist's Motion to Strike. Dkt. 193 at 8-15. Accordingly, Micron's request for leave should be denied.

I.      **BACKGROUND**

Netlist served its original complaint in this matter alleging infringement of six Netlist patents on June 13, 2022. Dkts. 4, 7-9. Netlist filed a First Amended Complaint on May 3, 2023. Dkt. 70. On July 28, 2023, Netlist sought leave to file the SAC. Dkt. 128. The proposed amendments were narrow in scope. They added allegations relating to Micron's indirect infringement of four of the patents-in-suit via contributory infringement and inducement. Dkt. 145 ¶¶ 100-01, 111-12, 122-23, 131-32.

Micron filed its Answer to the SAC on August 30, 2023. (the "Answer," Dkt. 160). This was less than three weeks before the ultimate close of fact discovery (and at the time Micron filed its answer, the close of fact discovery was merely six days away). Dkt. 182 at 3. Micron's Answer, however, was not limited to responding to the narrow additions to Netlist's SAC regarding indirect

infringement. Instead, Micron added an entirely new affirmative defense for patent misuse. Answer at 39 (¶¶ 58-59). This new affirmative defense alleged for the first time that Netlist had "leveraged market power" through a "secret, anticompetitive agreement with its competitor SK hynix" (the "SK Hynix License"). Answer at 39 (¶ 58). According to Micron, this agreement fixed the minimum price for Netlist's portfolio and "condition[s] the grant of a patent license on the payment of royalties on products that do not use the teaching of any patent asserted by Netlist." *Id.*

Micron, however, had been on notice of the contents of this SK hynix License for months before it filed its amended Answer. Micron has admitted that this license was produced by at least February 21, 2023. Dkt. 221-01 ¶ 5. Moreover, Micron's counsel attended the *Samsung I* trial in April of 2023, where the license was extensively discussed. See Dkt. 234-02 (2023-07-26 Markman Tr.) at 7:14-16 ("MR. RUECKHEIM: . . . I sat in and watched the tail end of the Netlist v. Samsung trial . . . ."). Despite this, Micron waited until August 30, 2023 to assert its patent misuse defense and then waited an additional month before seeking leave to amend in the present motion. By that time, fact discovery had been closed for weeks.

## II.   ARGUMENT

### A.   Micron Has Not Demonstrated Good Cause For Leave Under Rule 16

Where a party seeks to amend its pleadings after the deadline to amend has passed, Rule 16(b) of the Federal Rules of Civil Procedure governs. *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). That rule requires a showing of "good cause." Fed. R. Civ. P. 16(b)(4). Courts consider four factors when determining whether good cause exists: (1) "the explanation for the failure to timely move for leave to amend"; (2) "potential prejudice in allowing the amendment; (3) "the importance of the amendment"; and (4) "the availability of a continuance to cure such prejudice." *Sw. Bell Tel.*, 346 F.3d at 546. Here each one of these factors weighs against granting leave.

### 1.   Micron Fails To Explain Why It Failed To Timely Move For Leave

There is no reasonable explanation for Micron's substantial delay in raising its patent misuse defense. As discussed above, Netlist produced the SK Hynix License to Micron on February 21, 2023, but Micron did not file its Answer until August 30, 2023. By this time, the close of fact discovery was six days away, and fact discovery ultimately closed on September 20, 2023. Dkt. 182 at 3. *Traxcell Techs., LLC v. AT&T, Inc.*, 2019 WL 13222791, at *1 (E.D. Tex. June 19, 2019) (denying leave where "the motions for leave were filed near the deadline for fact discovery."). Micron also failed to identify this defense in response to Netlist's interrogatories, which specifically asked Micron to identify the "Complete Basis for your affirmative defenses." Dkt. 193-3 at 171. Micron's response made no mention of patent misuse at all. *Id.* at 171-172. *See Tejas Casing Ltd. v. IPSCO Tubulars, Inc.*, 2011 WL 13120162, at *3 (S.D. Tex. Dec. 19, 2011) (precluding defendant from asserting defense that it failed to disclose in response to interrogatories).

Micron claims that the SK Hynix License was supposedly "buried" in a large production. Mot. 2-3. But the production consisted of just 1,813 total documents, Dkt. 235-01 ¶ 2, which is hardly voluminous for a patent case. There is no reason why Micron, a $75 billion company represented by many competent lawyers, needed six months to review these documents and draft its patent misuse defense (which consists of just two paragraphs). Nor does Micron explain why (1) it failed to identify its patent misuse defense in its interrogatory responses, which were served on September 20, 2023, Dtk. 193-03, or (2) why it did not actually seek leave until October. In sum, Micron "easily could have asserted its counterclaim . . . or sought leave to amend, long before this patently late date." *Panoceanis Mar., Inc. v. M/V Eula B. Devall,* 2013 WL 264616, at *4 (E.D. La. Jan. 23, 2013). This alone warrants denying leave. *EEOC v. Service Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (district court did not abuse its discretion in finding that party's delay outweighed remaining factors).

Finally, Micron's assertion that its request for leave should be given *nunc pro tunc* status does not somehow make its request timely. Mot. 7. Micron claims "[i]t would be appropriate to treat

Micron's Answer as effective as of the date of its original filing (August 30, 2023)." *Id.* But Micron cites no authority that supports this proposition. Micron relies on *Escort Inc. v. Uniden Am. Corp.*, but the court in that case simply held that there was "good cause" to grant leave based on the facts before it. 2019 WL 4246605, at *2 (N.D. Tex. Sept. 6, 2019). It did not hold that a defendant who fails to seek leave to amend can somehow backdate a later request for leave to when its answer was originally filed via a *nunc pro tunc* motion. *See Wechsler v. Hunt Health Sys., Ltd.*, 186 F. Supp. 2d 402, 417 (S.D.N.Y. 2002) (denying motion for leave to amend *nunc pro tunc* where request was made after the close of discovery). Micron also cites local rule CV-7(k), but that rule states that "[m]otions for leave to file a document should be filed separately **and immediately before the document for which leave is sought**." *Id.* (emphasis added). This is precisely what Micron failed to do. Regardless, even if Micron had sought leave on August 30, 2023, its request would have still been untimely. As explained above, this was just prior to the close of fact discovery, and Micron had been on adequate notice of the SK Hynix License for months by that point.

### 2. Micron's Proposed Amendment Will Significantly Prejudice Netlist

Netlist will suffer significant prejudice if Micron is able to insert a brand new affirmative defense at this late stage of the proceeding. Addressing Micron's new patent misuse defense will require significant discovery, including from a third party, SK hynix (Netlist's alleged co-conspirator). According to Micron's own allegations, the Court will have to adjudicate complex issues such as whether Netlist and SK hynix conspired to limit competition, whether Netlist has "market power" in any relevant market comparison to its competitors, and whether Netlist has sought "supra-competitive prices" for patents that are not at issue in this case and that it has not asserted against Micron. Affirmative Defenses ¶¶ 58-59. Fact discovery, however, is now closed. Micron's failure to raise its patent misuse defense in a timely manner has thus deprived Netlist of the opportunity to take discovery into the merits of this defense and develop a response. *Wade v. Cycle Mart, L.P.*, 2015 WL

4404876, at *4 (W.D. Tex. July 17, 2015) (denying leave where "the amendment would result in unfair surprise and prejudice to the Plaintiff because it would afford her no opportunity for discovery into the new affirmative defense, and would prevent her from adequately addressing the affirmative defense at the summary judgment stage.").

Micron's attempt to downplay the clear prejudice that Netlist will suffer fails. First, Micron argues that an amendment is not improper simply because it introduces complexity, Mot. 4, but this is a strawman. The prejudice stems not from the complexity itself, but from the fact that Micron seeks to introduce these complexities *after fact discovery has closed. See, e.g., Eidos Display, LLC v. AU Optronics Cor*p., 2017 WL 81161, at *2 (E.D. Tex. Jan. 4, 2017) ("The prejudice is significant where discovery has now closed prior to the completion of the briefing on this motion.").

Second, Micron argues that there is "substantial overlap" between the patent misuse defense and Netlist's patent claims. Mot. 4. This is false. Netlist's patent claims do not require adjudication of, for example, whether Netlist and SK hynix conspired to fix prices or whether Netlist has market power. Moreover, Micron's patent misuse defense is predicated on the allegation (albeit conclusory) that Netlist has sought "supracompetitive" rates for its entire portfolio of patents, not just the patents in suit.

Third, Micron claims that any relevant discovery is "already in Netlist's possession." Mot. 4. This is also false given that Micron's patent misuse defense is predicated on an alleged conspiracy between Netlist and a non-party (SK Hynix). Regardless, even if Netlist possesses relevant discovery, Netlist has been deprived of an opportunity to develop the factual record to respond to Micron's new patent misuse defense. *Wade*, 2015 WL 4404876, at *4.

Finally, the fact that Netlist has sought to take a limited number of targeted depositions out of time does not, contrary to Micron's assertion, somehow demonstrate that Netlist will not suffer prejudice if it is permitted to amend. Mot. 5. Netlist has only sought to take a single third-party

deposition out of time. Dkt. 185 (motion to take Texas Instruments deposition out of time). Netlist agreed to limit the length of the deposition to three hours and the subject-matter of the testimony to a specific list of topics concerning the structure and operation of a single component on Micron's DDR5 DIMM products. *Id.* at 1-2. The other depositions referenced in Micron's motion were similarly limited in scope. Netlist sought to depose Micron's JEDEC consultant John Halbert on the issue of public accessibility of JEDEC documents, and the deposition occurred outside of the discovery period because of Micron's delay in designating Mr. Halbert as a 30(b)(6) representative and providing his availability for deposition. Dkt. 191 at 1-2. The other witnesses Netlist sought to depose had specific knowledge regarding Micron's high bandwidth memory and Crucial-branded products. Dkt. 191 at 2-3. Micron refused to provide the availability of these witnesses within the discovery period, despite the fact that the Court had denied Micron's motion for a protective order. *Id.* By contrast, Micron's proposed amendment implicates Netlist's entire patent portfolio and would exponentially expand the scope of this case. Responding to Micron's new defense would require significant discovery (including documentary discovery), which cannot be accomplished by permitting a few additional depositions.

### 3. The Alleged "Importance" Of Micron's Patent Misuse Defense Does Not Favor Leave

Micron's patent misuse defense is of minimal importance. This is demonstrated by Micron's lack of diligence in bringing it. *MacLean v. McCarroll*, 2009 WL 1940105, at *2 (E.D. Tex. July 2, 2009) ("[D]oubt is cast on the importance of the amendment because of its being raised at the eleventh hour."). Micron will not be deprived of an opportunity to defend itself if it is unable to raise the affirmative defense of patent misuse. Patent misuse is just one of eighteen affirmative defenses that Micron raises in its Answer, and Micron devotes just two paragraphs to this affirmative defense in its Answer. Dkt. 160 at 28-39. Moreover, as explained in Netlist's Motion to Strike, Micron's patent misuse defense suffers from numerous fatal infirmities, which also demonstrates its lack of importance to this case. *See IP Holdings LLC v. AT&T Corp.*, 2017 WL 3394480, at *3 (E.D. Tex. Aug. 8, 2017)

("What is called for in determining the importance of the amendment is not just an assessment of the theoretical effect of success on the defense being asserted, but a pragmatic judgment as to the likelihood that the newly asserted defense will succeed.").

Regardless, Micron's own cited authority demonstrates that, even if Micron's alleged patent misuse defense were important, this would "not by itself absolve [Micron] of [its] responsibility to timely move to amend." *Andrews v. Rosewood Hotels & Resorts, LLC*, 2021 WL 4709734, at *3 (N.D. Tex. Oct. 8, 2021). On the contrary, the "importance of the amendment simply underscores Defendants' necessity to have timely asserted their defenses or to have timely moved for leave to amend." *Id.* Thus, "the importance of the amendment does not outweigh the Defendant's lack of diligence in seeking modification . . . ." *Id.*

None of the cases that Micron cites supports its position. In each of the cases Micron cites, the court stressed that the affirmative defense in question required no further discovery. *Ortiz v. Minnesota Life Ins. Co.*, 2023 WL 3993047, at *2 (E.D. Tex. June 9, 2023) (granting leave because "no additional discovery is necessary to respond to the amendment"); *Aircraft Holding Sols., LLC v. Learjet, Inc.*, 2020 WL 6262183, at *5 (N.D. Tex. Oct. 23, 2020) (granting leave because new defense would not "require additional discovery"); *Escort Inc. v. Uniden Am. Corp.*, 2019 WL 4246605, at *2 (N.D. Tex. Sept. 6, 2019) (granting leave because "discovery was still ongoing, allowing [plaintiff] to conduct discovery regarding the newly asserted matters"). In contrast, here, Micron's new defense will require substantial discovery, and the fact the discovery deadline has passed. Thus, the supposed "importance" of Micron's affirmative defense cannot outweigh the prejudice to Netlist.

### 4. Prejudice Would Not Be Cured By A Continuance

Finally, the prejudice to Netlist would not be cured by a continuance. This is "because [Micron's] delay itself is prejudicial." *Bob Daemmrich Photography, Inc. v. Scholastic, Inc.*, 2018 WL 6265025, at *1 (W.D. Tex. Aug. 22, 2018). Netlist is entitled to timely vindication of its patent rights. But "a

continuance would simply increase the expense to both parties and delay resolution of this matter further." *Guerrero Mendoza v. A&A Landscape & Irrigation, LP*, 2014 WL 12884089, at *1 (E.D. Tex. Nov. 3, 2014). Micron claims the parties could have extended the fact discovery deadline, Mot. 5, but Micron never sought any extension, and did not even seek leave to file its new patent misuse defense until after fact discovery was closed. Nor does Micron explain how the parties could have completed discovery without extending other key deadlines such as expert discovery, dispositive motions, and trial.

### B. Micron's Proposed Amendment Is Futile

Even if Micron could satisfy the good cause standard, its request for leave should still be denied because amendment would be "futile." *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir.1991); *See also E.E.O.C. v. Geoscience Eng'g & Testing, Inc.,* 2007 WL 951632, at *3 (S.D. Tex. Mar. 28, 2007) (denying leave to amend because asserting new affirmative defenses would be futile). As noted above, Netlist's Motion to Strike demonstrates that Micron's patent misuse defense is deficient as a matter of law for multiple independent reasons. Netlist will not rehash those arguments in full here, but, in sum, Micron's patent misuse defense fails because (1) it is premised on a blatant misreading of the SK hynix License, Motion to Strike at 9-11; (2) Micron's allegations that Netlist will only license its patents as an entire portfolio, even if true, does not constitute patent misuse, *id.* at 11-12; (3) Micron fails to sufficiently allege that Netlist has market power, *id.* at 12-14; (4) Netlist's alleged breach of its FRAND commitments cannot constitute patent misuse, *id.* at 14; and (5) an unconsummated patent license cannot constitute patent misuse, *id.* at 15. While Micron asserts that amendment would not be futile here, Mot. at 6, its Motion fails to rebut any of these fatal defects.

### III. CONCLUSION

For the reasons explained above, Micron's request for leave should be denied.

Dated: October 23, 2023

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on October 23, 2023, a copy of the foregoing was served to all counsel of record via the Court's ECF system.

*/s/ Jason G. Sheasby*
Jason G. Sheasby