# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:22-CV-203-JRG |
| | ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS INC., MICRON TECHNOLOGY TEXAS LLC, | ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S SUR-REPLY IN
OPPOSITION TO DEFENDANTS' MOTION TO SHOW CAUSE
(DKT. 181)**

When attorneys are dilatory in pursuing discovery there is a tendency to blame everyone else but themselves. Netlist accepts that this is the unfortunate reality of the legal practice. But turning a failure by Micron in diligently issuing subpoenas into an allegation that Netlist lied to both Micron and this Court needs to stop.

Micron's reply fails to support Micron's motion. **First**, Micron fails to respond to the basic deficiencies identified in Netlist's Opposition—*i.e.* Micron failed to point to any specific court order that required Netlist to disclose who represented Netlist's former employees, as required for a motion to show cause based on civil contempt. Opp. (Dkt. 206) at 2. Micron also failed to point to any case law supporting its request to find Netlist in civil contempt, and failed to identify the good cause basis and additional need for Micron to conduct out-of-time depositions. *See* Opp. at 6-8, 9-11. Micron's failure to identify any authority supporting its motion, or any order it claims Netlist violated, is dispositive. *Id.* (citing *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 581–82 (5th Cir. 2005) ("A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order.")).

**Second**, Micron's argument that Netlist made ▮▮▮▮▮▮▮▮▮▮ has no connection to reality. Micron suggests that ▮▮▮▮▮▮▮▮▮▮ until August 29. Reply (Dkt. 233) at 2. ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ It makes no sense for Micron to claim that it had believed all the inventors noticed for deposition were Netlist's current employees and/or represented by Netlist's counsel while admitting ▮▮▮▮▮▮▮▮▮▮

- 1 -

███████████████████████████████████████████████████████████████████████████.

According to Micron's version of the facts, █████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████ █████████████████████████████████████████████████

███████ If it were true, this admission would be shocking considering former employees are plainly required to be subpoenaed to be required to attend a deposition.  *See* Opp. at 5.  According to Micron's version of the facts, Micron's counsel was told that ████████████████

████████████████████████████████████████ █████████████████████████████████

████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████

But Micron's version of the events is not accurate.  Netlist's counsel explicitly identified Dr. Hyun Lee, Jeff Solomon, and Chi-She Chen (as well as two other individuals, Marc Frechette and Khaled Shami) on the July 21, 2023 meet and confer by name and stated that none of those individuals were Netlist's employees.  Netlist's counsel has █████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

██████████████████████████████████

**Third**, Micron's Reply backtracks from its motion with respect to the representation status of the inventors.  Micron's motion stated ████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Mtn. at 6.  Netlist showed that this was incorrect in its opposition.  Micron's reply has a new theory—that Netlist never actually stated that it represented the inventors but gave Micron a █████████████ that it did.  Reply at

- 2 -

3. Netlist freely and openly explained in meet and confers that these individuals were former employees, and that Netlist could not simply accept service on their behalf.

Micron's suggestion that it has been prejudiced by its assumption that Netlist represented these inventors, and that Micron would have contacted these inventors ▉▉▉▉▉▉▉▉▉▉ and could have ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ is a made-up lawyer argument. Reply at 3. This case was filed in mid-June 2022. Netlist did not serve its initial disclosures until October 31, 2022. Micron does not claim it attempted to contact any of these individuals over that four and a half month span. Indeed, Micron cites **nothing** (i.e. no facts, no declaration of its counsel, and no statement from its corporate representative) suggesting that it has suffered any prejudice or would have litigated this case in any other way. This is confirmed by Micron's repeated delays in performing any sort of basic discovery in this case, as demonstrated by the several granted motions to compel Netlist has had to file. *See* Opp. at 8.

Dated: October 18, 2023

Respectfully submitted,

*/s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)

- 3 -

astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on October 18, 2023, a copy of the foregoing was served to all counsel of record via email.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case

*/s/ Yanan Zhao*
Yanan Zhao