UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., AND MICRON TECHNOLOGY TEXAS LLC,<br><br>    Defendants. | Civil Action No. 2:22-CV-203-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' OBJECTIONS TO CLAIM CONSTRUCTION MEMORANDUM ORDER**

# **TABLE OF CONTENTS**

I.    DISPUTED CLAIM TERMS ................................................................................................ 1

    A.    Claim 7 of the '060 Patent is Indefinite .................................................................. 1

    B.    "One or More Previous Operations" ('506 patent Claims 1–3, 11, 15, and 16) ........................................................................................................................... 1

    C.    "determining" ('506 Patent, Claim 14) ................................................................... 2

    D.    "pre-regulated input voltage" / "input voltage" ('918 Patent, Claims 16, 30) ........................................................................................................................... 2

    E.    "converter circuit" ('918 Patent, all asserted claims) ............................................. 2

    F.    "at least one circuit" ('918 Patent, Claims 1, 21) .................................................... 3

    G.    "controller" ('918 Patent, Claims 12, 18–19, 25–26; '054 Patent, Claims 5, 7–13, 16–17, 23–25, 29–30) ................................................................................... 3

    H.    "first operable state" and "second operable state" ('054 Patent, Claims 4–7, 11–12, 16–17, 23, 25) ............................................................................................. 3

Pursuant to Fed. R. Civ. P. 72(a) and Local Rule CV-72, and for the purposes of preserving the issues for appeal, Defendants submit the following objections to Magistrate Payne's Claim Construction Memorandum Opinion and Order (ECF 249) (the "Order").

## I. DISPUTED CLAIM TERMS

### A. Claim 7 of the '060 Patent is Indefinite

For at least the reasons set forth in prior briefing (ECF 109) and at the oral argument, the Court erred in finding this claim not indefinite. This claim term contains sequential method steps ("array die[s] are selected in consideration of a load … so as to reduce a difference") that render the claims in which they appear indefinite as mixed method apparatus claims. *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005) ("a single claim covering both an apparatus and a method of use of that apparatus" fails to meet the requirements of § 112). The specification provides no clarity, and merely refers to "selecting" dies without providing a boundary for who or what selects, or how the dies are "selected in consideration"; it simply assumes that someone or something performs the selection method step. *See* '060 patent at 4:17-21, 4:22-29, 8:3-8, 11:43-52, 13:19-34, 14:40-46, 17:36-49, 18:4-13. The claim language "array die are selected in consideration of a load" contains no indication whether the array die are selected during manufacturing or when programming the memory module to operate in various ways.

### B. "One or More Previous Operations" ('506 patent Claims 1–3, 11, 15, and 16)

For at least the reasons set forth in prior briefing (ECF 109) and at the oral argument, the Court erred in construing the claim as "one or more previous memory operations" without limiting "memory operations" as different from "leveling operations". Netlist argued in *inter partes* review Nos. IPR2022-00236 or IPR2023-00205 that the claim term "one or more previous memory operations" is not met by prior art that discloses "leveling operations." *See* ECF 109 at 6-8.

### C. "determining" ('506 Patent, Claim 14)

For at least the reasons set forth in prior briefing (ECF 109) and at the oral argument, the Court erred in giving this term its "plain and ordinary meaning" construction. In IPR2022-00711, Netlist argued that the prior art did not disclose a determination that occurs during one or more previous memory operations and argued that this "reflected limitation" found in claim 14 distinguishes the claim from the IPR prior art. *See* ECF 109 at 9-10. Prosecution disclaimer thus precludes Netlist from recapturing through claim interpretation specific meanings that it used to overcome the prior art—that is, claim 14 does not include that the determination step occurs "during one or more previous operations."

### D. "pre-regulated input voltage" / "input voltage" ('918 Patent, Claims 16, 30)

For at least the reasons set forth in prior briefing (ECF 109) and at the oral argument, the Court erred in giving this term its "plain and ordinary meaning" construction and rejecting Micron's requirement the "pre-regulated input voltage" is different from the "input voltage." Claim 16 recites "a pre-regulated input voltage" as different than "an input voltage" thereby making clear on its face that the two terms are different. The presumption is further confirmed here by the fact that the claims use antecedent identifiers to explicitly distinguish the two different terms. See '918 claim 16 (reciting "a pre-regulated input voltage" and "the pre-regulated input voltage," while also reciting "an input voltage" and "the input voltage"). The specification also consistently identifies the input voltage signal line as something physically different than the pre-regulated voltage signal line. *See* ECF 109 at 14-16.

### E. "converter circuit" ('918 Patent, all asserted claims)

For at least the reasons set forth in prior briefing (ECF 109 and 113) and at the oral argument, the Court erred in giving this term its "plain and ordinary meaning" construction. The

term is a means-plus-function limitation and indeed, Netlist's own expert has treated the term as connoting merely function without structure. *See* ECF 109 at 16-20.

    F.    **"at least one circuit" ('918 Patent, Claims 1, 21)**

For at least the reasons set forth in prior briefing (ECF 109 and 113) and at the oral argument, the Court erred in giving this term its "plain and ordinary meaning" construction. The term is a means-plus-function limitation. See ECF 109 at 21-24.

    G.    **"controller" ('918 Patent, Claims 12, 18–19, 25–26; '054 Patent, Claims 5, 7–13, 16–17, 23–25, 29–30)**

For at least the reasons set forth in prior briefing (ECF 109 and 113) and at the oral argument, the Court erred in giving this term its "plain and ordinary meaning" construction. The term is a means-plus-function limitation. See ECF 109 at 25-27.

    H.    **"first operable state" and "second operable state" ('054 Patent, Claims 4–7, 11–12, 16–17, 23, 25)**

For at least the reasons set forth in prior briefing (ECF 109) and at the oral argument, the Court erred in construing these terms as a "state in which the memory module is operated before transition" and a "state in which the memory module is operated after transition" respectively. The Court's construction renders the term indefinite. *See* ECF 109 at 28. It also does not reflect the claim context from the specification that describes (1) what the first and second states of the memory module mean and (2) the transition by the memory module between those two states. *See, e.g.,* '054 patent at 24:60-25:7.

Dated: November 3, 2023

Respectfully submitted,

*/s/ Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378

NArbaugh@winston.com
Barry K. Shelton
State Bar No. 24055029
BShelton@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P Enzminger
denzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (pro hac vice)
State Bar No. 1500598
mhopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Juan C. Yaquian
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill (State Bar No. 24032294)

wh@wsfirm.com
Andrea Fair (State Bar No. 24078488)
andrea@wsfirm.com
Charles Everingham IV (State Bar No. 00787447)
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR DEFENDANTS MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC**

5

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2023, the foregoing document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including counsel of record for Plaintiff Netlist Inc.

                                        */s/ Michael R. Rueckheim*
                                        Michael R. Rueckheim