# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) Civil Action |
| | ) No. 2:22-cv-00203-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF ISSUE ..................................................................................................... 2

III. STATEMENT OF UNDISPUTED MATERIAL FACTS .................................................... 3

IV. GOVERNING LAW .............................................................................................................. 5

V. ARGUMENT ......................................................................................................................... 7

    A. Netlist Has Not Provided Actual Pre-Suit Notice of the '918 and '054 Patents ..... 7

    B. With Respect to Constructive Notice, Netlist Cannot Show That Netlist or Any Licensee Marked Its Products with the Asserted Patents ...................................... 10

    C. Netlist Should Be Bound by This Court's Decision in the Samsung Litigation, Where It Found That Netlist Failed to Provide Constructive Notice .................... 11

    D. Netlist's Failure to Comply with Section 287 Bars Pre-Suit Damages ................ 12

VI. CONCLUSION .................................................................................................................... 13

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993) .......................................................................................... 10-11

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994) .............................................................................................. 6, 9

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ................................................................................................................ 6

*Arctic Cat, Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017) .................................................................................... passim

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   950 F.3d 860 (Fed. Cir. 2020) ............................................................................................ 11

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ........................................................................................................... 5-6

*Lubby Holdings LLC v. Chung*,
   11 F.4th 1355 (Fed. Cir. 2021) ............................................................................................. 8

*Maxwell v. J. Baker, Inc.*,
   86 F.3d 1098 (Fed. Cir. 1996) .............................................................................................. 6

*Netlist, Inc. v. Samsung Elecs. Co.*,
   No. 21-cv-463 (E.D. Tex.) .......................................................................................... passim

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   853 F.3d 1370 (Fed. Cir. 2017) ......................................................................................... 6-7

*Team Worldwide Corp. v. Acad., Ltd.*,
   No. 2:19-cv-00092-JRG, 2021 WL 1854302 (E.D. Tex. May 10, 2021) ................................. 9

*In re Yarn Processing Patent Validity Litig. (No. 11)*,
   602 F. Supp. 159 (W.D.N.C. 1984) .................................................................................... 11

**Statutes**

35 U.S.C. § 287 ................................................................................................................... passim

35 U.S.C. § 287(a) ............................................................................................................... passim

**Other Authorities**

Fed. R. Civ. P. 56(a) ................................................................................................................. 5-6

## TABLE OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| 1. | NL-MIC-203_00042010 |
| 2. | Excerpts from the Expert Report of Mr. David Kennedy, Dated October 4, 2023 |
| 3. | NL-MIC-203_00042085 |
| 4. | NL-MIC-203_00042083 |
| 5. | NL-MIC-203-463_00030723 |
| 6. | NL-MIC-203-463_00030743 (Snapshots SK hynix product website) |
| 7. | NL-MIC-203_00030433 |
| 8. | NL-MIC-203_00030437 |
| 9. | |
| 10. | 2023-09-20 Excerpts from Netlist's 3rd Suppl. Responses and Objections to Micron's 1st Set of Interrogatories |
| 11. | 2023-09-20 Excerpts from Netlist's 1st Suppl. Responses and Objections to Micron's 2nd Set of Interrogatories |
| 12. | |
| 13. | NL-MIC-203-463_00030757 |
| 14. | 2023-10-23 Excerpts from Motion Hearing Transcript |

████████████

## I.  INTRODUCTION

Netlist is not entitled to pre-suit damages for the '918 and '054 patents because it cannot show that it provided actual or constructive pre-suit notice of alleged infringement to Micron before it filed its complaint in this case. No damages may accrue for these patents prior to their actual assertion:

| Asserted Patents[1] | First Allegation by Netlist |
|---|---|
| U.S. Patent No. 11,016,918 (the "'918 patent") | June 10, 2022 (Complaint) |
| U.S. Patent No. 11,232,054 (the "'054 patent") | June 10, 2022 (Complaint) |

Despite the complete absence of proof of pre-suit notice, Netlist's damages case improperly relies on sales of the accused products well before Netlist filed its infringement claims in this Court. After months of discovery, Netlist adduced no evidence that it provided actual pre-suit notice for the '918 and '054 patents, which are the only patents for which Netlist claims pre-suit notice. Netlist relies on three pieces of evidence as purported notice for the asserted patents in support of its pre-suit damages period: (i) ████████████████ referencing none of the asserted patents, (ii) ████████████████ with no proof that ████████████ ████████████ and (iii) ████████████ referencing none of the presently asserted patents. None of these materials have any reference at all to the '918 or '054 patents, which is dispositive here. Nor do any of these ███████ accuse any Micron product of infringement—a prerequisite for actual notice for pre-suit damages recovery. In fact, the ███████ never reference any Micron product.

---

[1] On October 17, 2023, the PTAB found all asserted claims of the '506 patent to be unpatentable in IPR2022-00711. On October 18, 2023, the PTAB found all asserted claims of the '339 patent to be unpatentable in IPR2022-00639. Netlist is no longer proceeding with the '506 and '339 patents in this case. *See* Ex. 14 (2023.10.23 Motion Hearing Transcript) at 49-50.

Turning to Netlist's failure to provide any constructive notice, this Court has already addressed Netlist's failure to satisfy the marking requirements of 35 U.S.C. § 287(a) in *Netlist, Inc. v. Samsung Electronics Co.*, No. 21-cv-463 (E.D. Tex.) (the "Samsung Litigation"). In that case, which included the same asserted patents as here, this Court granted Samsung's motion for summary judgment of no pre-suit damages for any of the asserted patents before the filing of the original complaint. That case included the same Netlist products that should have been marked. Netlist should be bound by this Court's prior decision in the Samsung Litigation concluding that Netlist failed to satisfy the marking requirements of 35 U.S.C. § 287(a) and provide constructive notice for any of the asserted patents.

As it did in the Samsung Litigation, Netlist again failed to present evidence that it provided constructive notice for any asserted patent. No genuine dispute exists that Netlist failed to satisfy the marking requirements of 35 U.S.C. § 287(a). Micron satisfied its initial burden of identifying unmarked products to Netlist, and it thus became Netlist's burden to prove it satisfied the marking requirements. Because Netlist failed to provide any evidence that Netlist or its licensees marked licensed products—despite Micron's requests for such information throughout discovery—no reasonable factfinder could find in Netlist's favor on this issue.

There is a complete absence of proof of pre-suit notice. Consequently, this Court should grant Defendants' Motion for Summary Judgment of No Pre-Suit Damages for both the '918 and '054 asserted patents.

## II.   STATEMENT OF ISSUE

Netlist's failure to comply with 35 U.S.C. § 287 prevents it from recovering pre-suit damages for the '918 and '054 patents.

### III. STATEMENT OF UNDISPUTED MATERIAL FACTS

1) Netlist produced a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1 (NL-MIC-203_00042010); Ex. 2 (Kennedy Rpt.) ¶¶ 67, 87, 89, 780–781. None ▮▮▮▮▮▮▮▮▮▮ reference any of the asserted patents.

2) Netlist also produced a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (not at issue in this case). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 3 (NL-MIC-203_00042085); Ex. 2 (Kennedy Rpt.) ¶¶ 68, 90–91, 121, 782. The ▮▮▮▮ otherwise contains no references to either the '918 or '054 asserted patents.

3) Neither the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ mention any of the accused products in this case—or, for that matter, any Micron product at all. These ▮▮▮▮ do not state that Micron infringes any of Netlist's patents. *See* Exs. 1 (NL-MIC-203_00042010), 3 (NL-MIC-203_00042085).

4) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 84.

5) Netlist did not depose any ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and there is no testimony in the record as to ▮▮▮▮▮▮

3

███████████████

███████████████ There is no other produced evidence describing whether any patents were ███████████████████████████████████████████████████████ ███████████████████████████████████████████ There is no evidence of any kind that ███████████████████████████████████████

███████████████████████████████████████████████████████

███████████████ *See id.*

6) ███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████

7) SK hynix sells the same classes of products accused of infringement in this case, including DDR5 products. *See* Ex. 6.

8) ███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████ the previously asserted U.S. Patent Nos. 10,860,506 (the "'506 patent") and 10,949,339 (the "'339 patent") were listed. Ex. 8 (NL-MIC-203_00030437). None of the currently asserted patents were listed in ███████████████████

9) On December 20, 2021, Netlist sued Samsung Electronics Co., Ltd. ("SEC"); Samsung Electronics America, Inc. ("SEA"); and Samsung Semiconductor, Inc. ("SSI")

4

(collectively, "Samsung") for infringing several patents, including the '506 patent, the '339 patent, the '918 patent, the '054 patent, the '060 patent, and U.S. Patent No. 9,318,160 (the "'160 patent"). *Netlist, Inc. v. Samsung Elecs. Co.*, No. 21-cv-463 (E.D. Tex.), Dkt. 1 (Complaint) ¶¶ 1–2; Dkt. 23 (First Amended Complaint) ¶¶ 2–3.

10) In the Samsung Litigation, Samsung filed a motion for summary judgment of no pre-suit damages for all asserted patents. *Id.*, Dkt. 198. This Court granted the motion for all asserted patents, finding that no asserted patent was entitled to pre-suit damages before the filing date of the original complaint. *Id.*, Dkt. 432 (Order on Pretrial Motions).

11) On June 10, 2022, Netlist sued Micron Technology, Inc.; Micron Semiconductor Products, Inc.; and Micron Technology Texas, LLC (collectively, "Micron" or "Defendants").

12) On ▮▮▮▮▮ and in connection with this litigation, ▮▮▮▮▮



13) Micron has served numerous interrogatories requesting that ▮▮▮▮▮ Netlist failed to provide a substantive response to these interrogatories.

## IV. GOVERNING LAW

Summary judgment is warranted when the pleadings, depositions, answers to interrogatories, and admissions on file, altogether with the affidavits, show "there is no genuine

5

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Rather, in order to avoid summary judgment, Netlist must present enough evidence for the factfinder to reasonably find in its favor. *Id.* at 252.

To obtain pre-suit damages, Netlist bears the burden to demonstrate that it either provided actual notice of infringement or, alternatively, provided constructive notice via compliance with the marking requirements of 35 U.S.C. § 287(a). *Arctic Cat, Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("*Arctic Cat I*"). "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).

A patentee may benefit from constructive notice by complying with the marking statute. Although the patentee bears the ultimate burden to prove it complied with § 287(a), the Federal Circuit has held that the alleged infringer "bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat I*, 876 F.3d at 1368. This burden is a "low bar." *Id.* The alleged infringer "need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Id.* "Once the alleged infringer meets its burden of production . . . the patentee bears the burden to prove the products identified do not practice the patented invention." *Id.*; *see also Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). A licensee's failure to mark products covered by licensed patents prevents a patentee from relying on the constructive

6

notice provision of § 287(a) and, therefore, prevents a patentee from recovering damages before the alleged infringer received actual notice of any alleged infringement. *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1383 (Fed. Cir. 2017) (citing cases).

## V. ARGUMENT

Netlist's pre-suit damages theories for the '918 and '054 patents suffer from the same fundamental flaw: Netlist has not established and cannot establish that Micron had any notice—actual or constructive—of alleged infringement of these asserted patents prior to filing suit. Netlist's damages expert Mr. Kennedy asserts the following earliest alleged dates for purposes of calculating damages:

| Asserted Patents | Earliest Alleged Damages | 1st Allegation by Netlist |
|---|---|---|
| The '918 patent (DDR5) | May 25, 2021 (issue date) | June 10, 2022 (Complaint) |
| The '054 patent (DDR5) | January 25, 2022 (issue date) | June 10, 2022 (Complaint) |

Ex. 2 (Kennedy Rpt.) ¶¶ 793–795.

### A. Netlist Has Not Provided Actual Pre-Suit Notice of the '918 and '054 Patents

No genuine dispute of material fact exists that Micron had no actual pre-suit notice of infringement of the '918 and '054 patents for which Netlist claims pre-suit damages. Netlist failed to provide any legally-sufficient evidence of actual notice of infringement, despite having the burden to do so. *Arctic Cat I*, 876 F.3d at 1366.

Mr. Kennedy asserts that damages for the '918 and '054 patents began on their issue date—May 25, 2021, and January 25, 2022, respectively—" ▮ " Ex. 2 (Kennedy Rpt.)

7

¶¶ 793–795. Neither the ▮▮▮ or any testimony ▮▮▮ provide any such notice.

Netlist relies solely on ▮▮▮ to prove what purportedly was ▮▮▮ Exs. 1 (NL-MIC-203_00042010), 3 (NL-MIC-203_00042085). But the '918 and '054 patents were not filed until five years later ▮▮▮ do not contain a single reference to either the '918 or the '054 asserted patents. Rather, Mr. Kennedy relies on a ▮▮▮ Ex. 1 (NL-MIC-203_00042010) at 023; Ex. 2 (Kennedy Rpt.) ¶¶ 87–88. Mr. Kennedy also relies on ▮▮▮ Ex. 2 (Kennedy Rpt.) ¶ 89. But neither of these references are legally sufficient. Notice of a patent, at a minimum, requires at least the identification of the asserted patent number, which Netlist's presentation fails to include. *See Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360 (Fed. Cir. 2021) ("As we have long explained, 'the actual notice requirement of § 287(a) is satisfied when the recipient is informed of the ***identity of the patent*** and the activity that is believed to be an infringement . . . .'" (emphasis added)). Nor could Netlist have identified the '918 or the '054 patent at that time, because the patents were not even pending. The '918 and '054 asserted patents were not even filed until five and six years later, respectively. Thus, the ▮▮▮ cannot, as a matter of law, establish pre-suit notice of the '918 and '054 asserted patents in this case (even if Netlist could adduce evidence that the ▮▮▮ which it has not).

Finally, the ▮▮▮ contains no reference to any of the currently asserted patents. Exs. 7 (NL-MIC-203_00030433), 8 (MIC-203_00030437). Rather,

buried in ▇▇▇▇▇▇▇▇▇▇▇▇ there is a reference to the '506 and '336 previously-asserted patents among a long list of patents. Ex. 8 (MIC-203_00030437). The PTAB declared those patents unpatentable, and Netlist is no longer proceeding with them in this case. Mr. Kennedy draws no connection between the remaining asserted patents and ▇▇▇▇▇▇ also fails as a matter of law to establish any pre-suit notice of the '918 and '054 asserted patents.

Even setting aside Netlist's failure to provide any evidence that Micron knew about the existence of the currently asserted patents prior to the Complaint, Netlist also failed to advance any allegations of infringement. "For purposes of section 287(a), notice must be of 'the infringement,' not merely notice of the patent's existence or ownership," and "actual notice requires the affirmative communication of a *specific charge of infringement* by a *specific accused product* or device." *Team Worldwide Corp. v. Acad., Ltd.*, No. 2:19-cv-00092-JRG, 2021 WL 1854302, at *3 (E.D. Tex. May 10, 2021) (quoting *Amsted*, 24 F.3d at 187) (emphases added). No evidence exists in ▇▇▇▇▇▇ that Netlist provided to Micron of any *specific charge of infringement* of any currently asserted patent by any *specific accused product*.[2]

Neither ▇▇▇▇▇▇ k state that any Micron product infringes any Netlist patent. Notably, ▇▇▇▇▇▇ do not even mention any of the accused Micron products, nor any Micron products at all. Under no reasonable interpretation could these ▇▇▇▇ be seen as any *specific charge of infringement* by a *specific accused product* or device. This is likewise the case for ▇▇▇▇▇▇ which does not identify a single patent that is currently asserted in this case or any specific DDR5 product.[3] Thus, ▇▇▇

---

[2] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

[3] Netlist only accuses Micron's DDR5 products of infringing the '918 and '054 asserted patents.

9

███ cannot provide actual or constructive notice of any Micron DDR5 product that allegedly infringes the '918 or '054 patent.

The Court should enter summary judgment that Netlist did not provide actual notice of infringement prior to the Complaint's allegations of infringement for the '918 and '054 patents.

###    B.  With Respect to Constructive Notice, Netlist Cannot Show That Netlist or Any Licensee Marked Its Products with the Asserted Patents

Netlist also has not carried its burden to show that Micron had any constructive notice of the '918 and '054 patents. Under the *Arctic Cat I* framework, once Micron discharged its burden to identify unmarked products, Netlist had the burden to prove that the identified products were marked or otherwise not subject to a marking requirement. *Arctic Cat I*, 876 F.3d at 1366.

Here, ███ identifying Netlist products that were not marked but covered by the patents ███

███ No genuine dispute exists that ███ Ex. 5 (NL-MIC-203-463_00030723-741); Undisputed Material Fact ¶ 6. It is not disputed that SK hynix sells the same class of products accused of infringement here, namely, DDR5 and HBM products. *See* Ex. 6; Undisputed Material Fact ¶ 7. Netlist never responded to ███ Nor did Netlist produce any kind of virtual marking page, and more importantly, its corporate representative on the subject admitted Netlist did not have one. *See* Ex. 12 (███ Dep. Tr.) at 150:4–151:7.

Netlist's failure to provide proof that its ███ products were marked, and over what time period, demonstrates that Netlist did not mark, let alone "consistently mark substantially all of its patented products." *See Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed.

Cir. 1993) (finding no compliance with marking statute where plaintiff distributed unmarked products). Netlist is thus precluded from any recovery of pre-suit damages.

Indeed, Netlist failed to provide any evidence that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which is dispositive of Netlist's failure to make reasonable efforts to ensure compliance with the marking requirements. *See, e.g.*, *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864–66 (Fed. Cir. 2020) ("*Arctic Cat II*") (finding that the patentee's failure to contractually require its licensee to mark could not be deemed a "reasonable effort" at marking); *see also In re Yarn Processing Patent Validity Litig. (No. 11)*, 602 F. Supp. 159, 169 (W.D.N.C. 1984) (finding patentee's failure to include license provision requiring its licensees to mark precluded damages until patentee gave actual notice).

Thus, Netlist has failed to carry its burden to show that Micron had any constructive notice of the asserted patents.

### C. Netlist Should Be Bound by This Court's Decision in the Samsung Litigation, Where It Found That Netlist Failed to Provide Constructive Notice

This Court's decision in the Samsung Litigation, where this Court granted Samsung's motion for summary judgment finding that Netlist could not recover any pre-suit damages before the filing of the original complaint, should bind Netlist here. *Netlist, Inc. v. Samsung Elecs. Co.*, No. 21-cv-463 (E.D. Tex.), Dkt. 432 (Order on Pretrial Motions); Dkt. 198 (Samsung's Motion for Summary Judgment on Pre-Suit Damages). Specifically, Netlist should be bound by this Court's determination that Netlist failed to provide constructive notice.

The Samsung Litigation involved the same asserted patents as the current case against Micron—the '918, '054, '060, and '160 patents—and included the two patents that Netlist is no longer proceeding with after the PTAB invalidated those patents—the '506 and '339 patents. The

11

accused instrumentalities in the Samsung Litigation included Samsung's "DDR5 LRDIMMs, DDR5 RDIMMs, DDR5 SODIMMs, [and] DDR5 UDIMMs . . . ." *Id.*, Dkt. 23 (Amended Complaint). Netlist accuses Micron's versions of these same (or similar) products in the current matter. Dkt. 1 (Compl.) ¶¶ 52–65.

Further, ▮

Thus, the Court should reach the same decision in this case as it did in the Samsung Litigation—that is, the Court should be persuaded that Micron met its burden under *Artic Cat*, and that Netlist had not shown actual or constructive notice prior to filing the original complaint.

### D. Netlist's Failure to Comply with Section 287 Bars Pre-Suit Damages

The impact of Netlist's failure to satisfy its burden with respect to notice and marking is substantial. Netlist asserts flawed damages calculations covering a purported infringement period dating back to (1) May 25, 2021 for the '918 patent and (2) January 25, 2022 for the '054 patent:

| Asserted Patents | Earliest Alleged Damages | 1st Allegation by Netlist |
|---|---|---|
| The '918 patent (DDR5) | May 25, 2021 (issue date) | June 10, 2022 (Complaint) |
| The '054 patent (DDR5) | January 25, 2022 (issue date) | June 10, 2022 (Complaint) |

Dkt. 2 (Kennedy Rpt.) ¶¶ 793–795, 888–894. Because Netlist failed to comply with the requirements of 35 U.S.C. § 287, it may not recover damages for these pre-suit periods.

## VI. CONCLUSION

Micron requests that the Court grant summary judgment that Netlist cannot recover pre-suit damages for the '918 and '054 patents before the filing date of the Complaint in the current matter for failure to comply with 35 U.S.C. § 287.

Dated: November 14, 2023

Respectfully submitted,

*/s/ Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P Enzminger (*pro hac vice*)
denzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
Ryuk Park (*pro hac vice*)
RPark@winston.com
Matthew R. McCullough
MRMcCullough@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000

Facsimile: (202) 282-5100

William M. Logan
State Bar No. 24106214
wlogan@winston.com
Juan C. Yaquian (*pro hac vice*)
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Vivek V. Krishnan (*pro hac vice*)
vkrishnan@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive, Suite 4200
Chicago, IL 60601
Telephone: 312-558-9508
Facsimile: 312-558-5700

Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Andrea Fair
State Bar No. 24078488
andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR DEFENDANTS MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC**

## CERTIFICATE OF SERVICE

I certify that, on November 14, 2023, a copy of the foregoing was served on all counsel of record via the Court's ECF system and email.

/s/ *Michael R. Rueckheim*
Michael R. Rueckheim

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ *Michael R. Rueckheim*
Michael R. Rueckheim