**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:22-cv-203-JRG-RSP |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; MICRON ) | |
| SEMICONDUCTOR PRODUCTS, INC.; ) | |
| MICRON TECHNOLOGY TEXAS LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

# DEFENDANTS' PARTIAL OPPOSITION TO PLAINTIFF NETLIST, INC.'S MOTION FOR SUMMARY JUDGMENT ON MICRON'S EQUITABLE DEFENSES

I.  **Micron's Response to Summary Judgment on the Defenses of Equitable/Standards-Based Estoppel and Prosecution History Estoppel**

Defendants ("Micron") are not pursuing standards-based estoppel or prosecution history estoppel defenses and therefore Plaintiff ("Netlist's") Motion is moot with respect to those grounds.

II.  **Micron's Response to Summary Judgment on the Defense of Prosecution Laches**

Micron opposes Netlist's Motion regarding prosecution laches. Netlist unreasonably, inexcusably, and prejudicially delayed in prosecuting claims of the '918 and '054 Patents for roughly thirteen years. Here, Netlist is asserting that the '918 and '054 Patents, filed in 2020-2021, that claim a priority date of at least June 1, 2007. *See* Mot. at 1.

Prosecution laches "render[s] a patent unenforceable when it has issued only after an unreasonable and unexplained delay in prosecution that constitutes an egregious misuse of the statutory patent system under a totality of the circumstances." *Hyatt v. Hirshfeld*, 998 F.3d 1347, 1360 (Fed. Cir. 2021). "Prosecution laches as a defense to infringement requires proof of two elements: (a) that the patentee's delay in prosecution was unreasonable and inexcusable under the totality of the circumstances; and (b) that the accused infringer or the public suffered prejudice attributable to the delay." *Seagen Inc. v. Daiichi Sankyo Co.*, 2:20-CV-00337-JRG, 2022 WL 2789901, at *4 (E.D. Tex. July 15, 2022).

Netlist argues that prosecution laches does not apply because it "continuously filed patent applications between 2008 to the present day," that "Netlist has done nothing to extend its patent term," and that "Netlist sought, and was granted, expedited prosecution for the '918 and '054 Patents." *See* Mot. at 4. However, this exact argument was recently rejected by the court in *Sonos, Inc. v. Google LLC*, 20-06754 WHA, 2023 WL 6542320 (N.D. Cal. Oct. 6, 2023).

In *Sonos*, the Court found that the patents-in-suit were unenforceable where the patent owner "filed the provisional application from which the patents in suit claim priority in 2006, but

1

it did not file the applications for these patents and present the asserted claims for examination until 2019." *Id.* at * 1.  Just as Netlist has done here, the patent owner there, Sonos, argued that it diligently prosecuted the family of patent applications complied with the statutory requirements and PTO regulations.  *Id.* at *17.  The Court, however, found that a patent applicant must also "prosecute its applications in an equitable way that avoids unreasonable, unexplained delay that prejudices others."  *Id.* (c*iting Hyatt*, 998 F.3d at 1360).  That Sonos "diligently" prosecuted patent applications for **thirteen years** rendered the delay all the more unreasonable and inexcusable.  *Id.*

Similarly, at all relevant times in the more than thirteen years it took for Netlist to present its claims, Netlist had related applications on file.  It would have been a small step for Netlist to amend those applications to claim the present alleged inventions.  Likewise, nothing prevented Netlist from filing parallel applications with new claims covering the invention.  Netlist did not have to run out its string of inert applications before turning to claim the invention that mattered.

Finally, just as the court found in *Sonos*, in considering the totality of the circumstances, including the prosecution history of the related patents and the overall delay in issuing claims, there was unreasonable and inexcusable delay in prosecution of the '918 and '054 Patents, to the extreme prejudice of Micron and others.  *Sonos*, 2023 WL 6542320 at *19.  For example, Micron invested in building a line of products and there is no question that Micron worked on, invested in, and used the technology during the period of Netlist's delay.  *Id.*  The industry had also come together in the JEDEC standard development.  By the time the '918 and '054 issued in 2020-2021, "the industry had already marched on and put the claimed invention into practice."  *Id.* at *1.

For the reasons stated above, Netlist's Motion on the defense of prosecution laches should be denied.  Netlist's patents were issued after an unreasonable, inexcusable and prejudicial delay.

Dated: November 28, 2023

Respectfully submitted,

/s/ *Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P Enzminger (*pro hac vice*)
denzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
Ryuk Park (*pro hac vice*)
RPark@winston.com
Matthew R. McCullough
MRMcCullough@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

William M. Logan
State Bar No. 24106214
wlogan@winston.com
Juan C. Yaquian (*pro hac vice*)
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400

3

Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Vivek V. Krishnan (*pro hac vice*)
vkrishnan@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive, Suite 4200
Chicago, IL 60601
Telephone: 312-558-9508
Facsimile: 312-558-5700

Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Andrea Fair
State Bar No. 24078488
andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323


**ATTORNEYS FOR DEFENDANTS
MICRON TECHNOLOGY, INC.,
MICRON SEMICONDUCTOR PRODUCTS,
INC., MICRON TECHNOLOGY TEXAS, LLC**

## **CERTIFICATE OF SERVICE**

I certify that, on November 28, 2023, a copy of the foregoing was served on all counsel of record via the Court's ECF system.

*/s/ Mike Rueckheim*
Mike Rueckheim
