# EXHIBIT 8

```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE EASTERN DISTRICT OF TEXAS
                              MARSHALL DIVISION

NETLIST, INC.,                       (  CAUSE NO. 2:22-CV-203-JRG
                                     )
         Plaintiff,                  (
                                     )
vs.                                  (
                                     )
MICRON TECHNOLOGY, INC.,             (
et al.,                              )  MARSHALL, TEXAS
                                     (  OCTOBER 23, 2023
         Defendants.                 )  9:00 A.M.
_____



_____

                             MOTION HEARING

                BEFORE THE HONORABLE ROY S. PAYNE
                 UNITED STATES MAGISTRATE JUDGE

_____










                   SHAWN McROBERTS, RMR, CRR
                      100 E. HOUSTON STREET
                     MARSHALL, TEXAS  75670
                          (903) 923-8546
                 shawn_mcroberts@txed.uscourts.gov
```

1   Mr. Halbert's deposition.  So Micron identified Mr. Halbert as
2   a potential witness first time on September 5th.  That was
3   original discovery cutoff, and that's the deadline for the
4   parties to serve subpoenas -- serve original discovery
5   requests or responses.
6      And on September 8th Micron identified Mr. Halbert as
7   a 30(b)(6) corporate representative, and since then we
8   immediately asked Micron to provide availability of
9   Mr. Halbert for deposition based on his identity as a fact
10  witness.  Micron gave us no response until September 15th.
11  That's the first time they informed us that Mr. Halbert has
12  some plan to travel internationally.
13     And since then we kept asking Micron to provide us the
14  date for the deposition, and Micron finally offered a date of
15  September 30th.  That's after we filed the motion and after
16  our repeated requests for the deposition of this witness.
17        THE COURT:  So what are you seeking regarding
18  Mr. Halbert?
19        MS. ZHAO:  So during the deposition, Mr. Halbert
20  brought him with notes and some of the testimony that has
21  never been disclosed in the past.  Given the late deposition,
22  we want to preclude Micron to rely on anything that's new,
23  never discussed in the previous discovery period time.
24        THE COURT:  So you're saying that because he was not
25  offered for deposition when you wanted him, you want the

```
1    Defendant to be precluded from what?
2              MS. ZHAO:  Relying on his testimony offered after
3    fact discovery.
4              THE COURT:  You mean being called as a witness at
5    trial?
6              MS. ZHAO:  Yes, Your Honor.  And also -- so he
7    provide some notes as evidence.  Those are facts that did not
8    disclose during the discovery period, so Micron should not be
9    allowed to rely on the notes either.
10             THE COURT:  The notes you're saying were not
11   disclosed during discovery?
12             MS. ZHAO:  Yes, Your Honor.  And those notes
13   actually talk about a third-party document set, and those are
14   in Halbert's opinion what are the dates those documents were
15   published, and those search terms that could be run to
16   identify those documents from JEDEC.
17             THE COURT:  Well, the standard rule is that
18   documents that are not disclosed during discovery can't be
19   used thereafter unless there's some motion for leave, so I'll
20   hear from Micron on that.
21        But -- Mr. Rueckheim, do you have plans to use
22   Mr. Halbert as a witness at trial?
23             MR. RUECKHEIM:  We do, Your Honor.
24             THE COURT:  And has he been deposed?
25             MR. RUECKHEIM:  He was deposed, yes.  Netlist
```

1   deposed him on September 20th.  I'm sorry.  I'm looking at --
2   their CEO.  Their CEO was deposed few days earlier on
3   September 20th, and their CFO was deposed after Mr. Halbert.
4   So it's -- they're coming up here asking to preclude a witness
5   by Micron when they offered their witnesses later.
6       But we do -- Mr. Halbert is a third party, and so
7   Mr. Halbert served an expert report in this case, and they
8   wanted Mr. Halbert because he was also a fact witness.  He was
9   present at these JEDEC meetings.  And so they wanted
10  Mr. Halbert's deposition.  We thought it would make more sense
11  after opening expert reports, but they demanded to have it
12  even though he's traveling overseas.  And so we worked with
13  Mr. Halbert, a third party, to give a deposition from Paris,
14  and he did.  He brought notes with him, which are his expert
15  analysis, and that was included into his expert report.  He
16  did an expert report of what happened at JEDEC.  It's not
17  Micron information, Your Honor.  And they've going to have an
18  opportunity to depose him on expert reports.
19          THE COURT:  All right.  And is it your position that
20  the notes should be exhibits at the trial?
21          MR. RUECKHEIM:  Your Honor, the -- it's part of his
22  expert report.  We wanted to give -- it's expert analysis, and
23  it was before the expert report deadline, but we wanted to
24  give them the early part of that analysis because he was being
25  deposed anyway.  And so I -- it's all part of his expert

1     report which was timely served, if that helps.
2                THE COURT:  All right.  But these aren't evidence;
3     these aren't derivation notes or --
4                MR. RUECKHEIM:  This is for him to remember.
5     There's a lot of dates involved.
6                THE COURT:  Okay.  Well, I feel safe in saying that
7     those will not be exhibits.  His testimony certainly may be
8     offered, but --
9          So Ms. Zhao, let me follow up now that I have a little
10    more context.  You intend to take his deposition as an expert?
11               MS. ZHAO:  I believe so, Your Honor.
12               THE COURT:  And so what are you asking the Court to
13    exclude?
14               MS. ZHAO:  So let me explain a little bit about the
15    notes.
16         So the whole notes thing is about actually during the
17    discovery there was some third-parties' production of
18    documents, and some of them are confidential documents that
19    are only available to the members of JEDEC.  So Micron is
20    using Mr. Halbert as a way to offer some facts to show that
21    those documents were published at a certain date, and the
22    members of JEDEC can run search terms to identify those
23    documents, and those should be disclosed during the fact
24    discovery period of time.
25               THE COURT:  Well, if they're in the possession of a

1    report which was timely served, if that helps.
2            THE COURT: All right. But these aren't evidence;
3    these aren't derivation notes or --
4            MR. RUECKHEIM: This is for him to remember.
5    There's a lot of dates involved.
6            THE COURT: Okay. Well, I feel safe in saying that
7    those will not be exhibits. His testimony certainly may be
8    offered, but --
9        So Ms. Zhao, let me follow up now that I have a little
10   more context. You intend to take his deposition as an expert?
11           MS. ZHAO: I believe so, Your Honor.
12           THE COURT: And so what are you asking the Court to
13   exclude?
14           MS. ZHAO: So let me explain a little bit about the
15   notes.
16       So the whole notes thing is about actually during the
17   discovery there was some third-parties' production of
18   documents, and some of them are confidential documents that
19   are only available to the members of JEDEC. So Micron is
20   using Mr. Halbert as a way to offer some facts to show that
21   those documents were published at a certain date, and the
22   members of JEDEC can run search terms to identify those
23   documents, and those should be disclosed during the fact
24   discovery period of time.
25           THE COURT: Well, if they're in the possession of a

1  party, they should be disclosed during fact discovery.  Do you
2  have evidence that Micron had possession of these documents?
3            MS. ZHAO:  So even though Micron emphasized that
4  Mr. Halbert is a third party, but actually two things that
5  need to address.
6       First of all, during his deposition, Mr. Halbert said he
7  didn't prepare those notes.  The notes actually came from
8  Micron.  So he just reviewed the notes and discussed it during
9  the deposition.  And that's in our motion as well.  And so
10 it's in Micron's possession.  They prepared it.  It should
11 have been able to disclose to us earlier.
12      And more importantly, because it's the documents
13 generated by JEDEC, a third party, if they disclosed it a
14 month earlier, we could have served subpoenas on third party
15 to actually examine the stuff of JEDEC to discuss when these
16 documents were uploaded or published or searchable.
17      And to be clear, even though Mr. Halbert has been the
18 representative at JEDEC, he was retained as an expert, not a
19 fact witness, by Samsung in a previous Samsung action.  And
20 during the pretrial conference, Judge Gilstrap specifically
21 instructed the parties that Mr. Halbert shouldn't be acting as
22 the CEO of JEDEC; he shouldn't be speaking on behalf of JEDEC.
23      So had him being disclosed earlier, had his notes been
24 disclosed to us earlier, we could actually go to JEDEC to
25 serve subpoena on them and get someone actually can speak on

1  behalf of that organization.
2          THE COURT:  Well, so I'm still confused about what
3  it is you are asking for as relief with respect to the notes.
4          MS. ZHAO:  So as a fact witness, he shouldn't be
5  allowed to rely on the notes or testify anything about the
6  notes at trial.  And to the extent he played a role as an
7  expert witness, he shouldn't be relying on any facts not
8  disclosed during discovery either.
9          THE COURT:  When you say 'notes', if these are notes
10 that have been prepared to refresh his recollection, that's
11 one thing.  Are these notes something that were created during
12 the JEDEC meetings or what --
13         MS. ZHAO:  If I may just show you the notes from the
14 elmo, that might help to explain a little bit.
15         THE COURT:  Well, I mean, tell me -- you want to --
16 the Court to order that Mr. Halbert not be allowed to look at
17 certain notes when he's testifying?
18         MR. SHEASBY:  I think I can short circuit this, Your
19 Honor --
20         THE COURT:  Okay.
21         MR. SHEASBY:  -- if I may.
22    So Mr. Halbert was disclosed as a fact witness.  He's
23 also a paid expert for them, so they've retained this fellow
24 for some period of time.  He -- his fact testimony is that a
25 set of documents were publicly available on certain dates.

1  That fact testimony was not given us until September 30th,
2  after the close of fact discovery.  We've been repeatedly
3  asking for his deposition.
4      If they would have given that testimony earlier that
5  that -- they had a witness who was going to testify as to
6  publicly available documents, we would have subpoenaed JEDEC
7  to disprove it.  But now it's impossible for us to subpoena
8  JEDEC to disprove it because they sprung him on us as a fact
9  witness at a late possible moment in time, and they didn't
10 give his deposition until well after the close of fact
11 discovery.  So there's no way for us to use -- to do anything
12 to disprove his, quote, factual testimony on public
13 availability.
14          THE COURT:  Well, do you have evidence that as to
15 his fact testimony about JEDEC that he is not a true
16 third-party witness?
17          MR. SHEASBY:  Yes, Your Honor, we do.  He's
18 retained by Micron.  He's being paid by Micron.  They have
19 an engagement letter with him.
20          MS. ZHAO:  And to add to that point, Micron also
21 designated him as a 30(b)(6) witness as a corporate
22 representative.
23          THE COURT:  I mean, this is coming up in a motion
24 to compel a deposition, and -- but it sounds like what you're
25 seeking is to strike fact testimony.

1    MS. ZHAO:  If I may, our motion also adds to
2  preclude Micron to offer testimony or rely on this witness
3  testimony if they didn't offer them during fact discovery
4  under Rule 37.
5    THE COURT:  Well, I'm going to deny this as a motion
6  to compel as to Mr. Halbert, but if these issues materialize
7  after you take his deposition, you can file it as a motion to
8  strike testimony and we can take it up that way.