UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:22-CV-203-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., | ) |
| MICRON SEMICONDUCTOR | ) ███████████ |
| PRODUCTS INC., MICRON | ) |
| TECHNOLOGY TEXAS LLC, | ) |
| | ) |
| Defendants. | ) |

**NETLIST INC.'S MOTION FOR SUMMARY JUDGMENT OF NO ANTICIPATION AS TO THE '060 AND '160 PATENTS AND THAT 2012 DESIGN REVIEW IS NOT PRIOR ART**

**TABLE OF CONTENTS**

|   |   |   | Page |
|---|---|---|------|
| I. | STATEMENT OF ISSUES TO BE DECIDED BY THE COURT | | 2 |
| II. | STATEMENT OF UNDISPUTED FACTS | | 2 |
| III. | ARGUMENT | | 5 |
|   | A. | Micron's Sole Anticipation Theory For the '060 and '160 Patents Relies on an Incorrect and Self-Awarded Claim Construction | 6 |
|   | B. | Micron's Invalidity Expert Does Not Identify Any Disclosure of Distinct Terminals in HMC2 | 8 |
|   | C. | Micron's Sole Anticipation Theory for the '160 Patent Did Not Apply the Court's Construction for "Driver Size" | 9 |
|   | D. | The 2012 Design Review is Not Prior Art | 10 |
| IV. | CONCLUSION | | 10 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*3M Innovative Properties Co. v. Avery Dennison Corp.*,
  350 F.3d 1365 (Fed. Cir. 2003) ................................................................................................ 7

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
  2019 WL 2710113 (E.D. Tex. Jun. 28, 2019) ........................................................................... 8

*Equistar Chemicals, LP v. Westlake Chemical Corp.*,
  2016 WL 4410054 (E.D. Tex. Feb. 26, 2016) ........................................................................ 10

*Estech Sys. IP, LLC v. Carvana LLC*,
  2023 WL 3292881 (E.D. Tex. May 5, 2023) ......................................................................... 10

*Maxell Ltd. v. Apple Inc.*,
  2020 WL 8269548 (E.D. Tex. Nov. 11, 2020) ......................................................................... 7

*Mobile Telecommunications Techs., LLC v. Leap Wireless Int'l, Inc.*,
  2015 WL 2250056 (E.D. Tex. May 13, 2015) ..................................................................... 1, 7

**Statutes**

35 U.S.C. § 102(g)((2) ............................................................................................................. 2, 6

**Rules**

Fed. R. Civ. P. 56 ..................................................................................................................... 5, 6

Netlist respectfully moves for summary judgment on Micron's section 102 defense for the '060 and '160 Patents. Micron presents a single anticipation ground for the '060/'160 Patents based on Hybrid Memory Cube (Gen. 2) ("HMC2"). Ex. 1 (Woods Open. Rpt.) at ¶ 173. In presenting this theory, Micron's expert ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 2 (Woods Appx. 1) at ¶ 51. Micron's expert argues that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*

Micron did not request construction of these terms at claim construction, and the Court did not construe them. They are therefore afforded their plain and ordinary meaning. It is well established that where a claim denotes "first" and "second" instances of an element, "the 'first' and 'second' sets must be distinct in order to give meaning to all of the words of the claim." *Mobile Telecommunications Techs., LLC v. Leap Wireless Int'l, Inc.*, 2015 WL 2250056, at *7 (E.D. Tex. May 13, 2015). This Court's construction in the *Samsung* litigation and this case regarding first, second, third, and fourth voltages is no different: "The regulated voltages are *distinct* in the sense they are voltages at different physical outputs …." Ex. 3 *Samsung* Dkt. 114 at 24 (emphasis added). There is no dispute of fact that HMC2 does not disclose distinct first and second terminals or distinct data terminals and control terminals as required by the claims. There is also no dispute that with respect to the asserted claims of the '160 Patent, the sizes of the first and second drivers relied on by Dr. Woods are not "different" as required by the claims. Because the sole basis for Micron's anticipation theory relies on an incorrect and self-awarded claim construction, summary judgment on Micron's section 102 defense is appropriate.

In addition, Netlist respectfully seeks summary judgment that a 2012 design review alleged by Micron as prior art to the '060 and '160 Patents is not prior art because it post-dates the critical date.

I.  **STATEMENT OF ISSUES TO BE DECIDED BY THE COURT**

1. Whether the Court should grant summary judgment dismissing Micron's section 102 defense as to the '060 and '160 Patents?

2. Whether the Court should grant summary judgment that the "E80a Design Review" for HMC2 is not prior art because it post-dates the critical date?

II. **STATEMENT OF UNDISPUTED FACTS**

1. Asserted claim 1 of the '060 Patent recites, in part, "a plurality of input/output terminals," and "at least a first data conduit between the first die interconnect and *a first terminal* of the plurality of input/output terminals, and at least a second data conduit between the second die interconnect and the first terminal, *the first terminal being a data terminal*," and "the control die further comprising a control circuit to control respective states of the first data conduit and the second data conduit in response to control and the second data conduit in response to *control signals received via one or more second terminals* of the plurality of terminals." Ex. 4 ('060 Patent) (emphases added). All additional asserted claims of the '060 Patent depend from claim 1 and contain the same requirements.

2. Asserted claim 1 of the '160 Patent recites, in part, "data terminals and control terminals" as well as "first drivers each having a first driver size," "second drivers each having a second driver size" with "the second driver size being different from the first driver size." Ex. 5. All additional asserted claims of the '160 Patent depend from claim 1 and contain the same requirements.

3. The only anticipation theory presented by Micron's invalidity expert as to the '060 and '160 Patents is based on HMC2 under 35 U.S.C. § 102(g)(2), based on system art. Ex. 1 (Woods Opening Rpt.) at ¶ 173.

4. Micron's invalidity expert ███████████████████████████████████
████████████████████████████████████████████████████████████████

■■■ Ex. 2 (Woods Appx. 1) at ¶ 12 (red box added):



5. Micron's invalidity expert alleges ■■■ Ex. 2 (Woods Appx. 1) at p.55 (red box added); *see id.* at p.46 ■■■ at 87, 89):



6. Micron's invalidity expert points to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 2 (Woods Appx. 1) at ¶ 51 (red box added):

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7. Micron's invalidity expert expressly states that his anticipation theory for the '060 Patent relies on a claim interpretation that the "first terminal" and "second terminal" are not distinct:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮."'" Ex. 2 (Woods Appx. 1) at ¶ 51.

8. Micron's invalidity expert incorporates by reference the same theory for the element "data terminals and control terminals" of the '160 Patent. Ex. 2 (Woods Appx. 1) at ¶¶ 145, 148.

9. As to the requirement that "the second driver size being different from the first driver size," Dr. Woods again only opined under an interpretation that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 2, ¶¶ 149-152. Dr. Woods provides no opinion on whether or how the limitation is met under the Court's claim construction that "driver size" refers to "physical" size of the drivers. Ex. 6 (*Markman* Order) at 13. Instead, Mr. Keeth, the corporate

witness on HMC2, testified that in each HMC2 memory package ▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬:



Ex. 7 (Keeth Depo.) at 68:13-20, 71:15-72:11 (emphases added).

10. The application for the '060 Patent was filed on November 3, 2011. The '160 Patent is a continuation of the same 2011 application (No. 13/288,850).

11. Micron alleges as prior art a document called ▬▬▬▬▬▬▬▬▬▬ (MICNL203-00003200). Ex. 8. The pages of this document that Dr. Woods cites to (pp. 86, 87, 89) each bear a copyright date of 2012. *Id.* (▬▬▬▬▬▬) at pp. 86, 87, 89.

### III. ARGUMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A court may "enter an order stating any material fact . . . that is not genuinely in dispute and treat[] the fact as established in the case." Fed. R. Civ. P. 56(g).

### A. Micron's Sole Anticipation Theory For the '060 and '160 Patents Relies on an Incorrect and Self-Awarded Claim Construction

The asserted claims of the '060 Patent require, among other things, "a plurality of input/output terminals," including "a first terminal . . . the first terminal being a data terminal" and "one or more second terminals" via which control signals are received. Ex. 4 at cl. 1. The asserted claims of the '160 Patent similarly require "data terminals and control terminals." Ex. 5 at cl. 1.

The only section 102 theory alleged by Micron's invalidity expert for the '060 and '160 Patents is based on HMC2 under 35 U.S.C. § 102(g)(2). Micron's expert expressly states that



Ex. 2 (Woods Appx. 1) at ¶ 51 (emphasis added). Consistent with this theory, and as discussed above in undisputed facts nos. 4-8, Micron's expert

Ex. 2 (Woods Appx. 1) at ¶¶ 12, 40, 51.

Micron's attempt to self-construe the claim as not requiring that the first and second terminals be distinct is both improper and incorrect. As an initial matter, it is improper for Micron's expert to engage in express, self-help claim construction in an expert report. Micron did not request construction of any of the "terminal" elements during the claim construction phase, and this Court did not construe them. Ex. 6 (Markman Order), Ex. 9 (4-5 Statement Ex. A). It is an established rule in this Court that experts may not offer claim constructions not adopted in the Court's Claim

Construction Order. Ex. 6 (Dkt. 249, *Markman* Order) at 45 ("the Court **ORDERS** the parties to refrain from mentioning any part of this opinion, other than the actual positions adopted by the Court, in the presence of the jury. Neither party may take a position before the jury that contradicts the Court's reasoning in this opinion. Any reference to claim construction proceedings is limited to informing the jury of the positions adopted by the Court."); *Maxell Ltd. v. Apple Inc.*, 2020 WL 8269548, at *20 (E.D. Tex. Nov. 11, 2020) ("IT IS ORDERED that no experts are to render any conclusions regarding the scope of the patents-in-suit or particular claim limitations that deviate from this Court's Claim Construction Memorandum and Order."), *23 ("Apple should have presented this dispute to the Court during claim construction and, by failing to do so, has forfeited the argument").

Further, Micron's self-awarded construction that the first and second terminals "need not be separate and distinct" is incorrect. Because the Court did not construe the "terminal" terms, the plain and ordinary meaning applies. Micron's construction is at odds with the well-established plain meaning of the terms "first" and "second" in patent claims, which denote **distinct** instances of a limitation. As the Federal Circuit has explained, "The use of the terms 'first' and 'second' is a common patent-law convention **to distinguish between** repeated instances of an element or limitation." *3M Innovative Properties Co. v. Avery Dennison Corp.*, 350 F.3d 1365, 1371 (Fed. Cir. 2003) (emphasis added). This Court has repeatedly confirmed that where a claim uses "first" and "second" "the 'first' and 'second' sets must be distinct in order to give meaning to all of the words of the claim." *Mobile Telecommunications*, 2015 WL 2250056, at *7 (construing claims reciting a "first/second set of transmitters"); *see also* Ex. 3 *Samsung* Dkt. 114 at 24 (construing first, second, third, fourth voltages as "distinct").

Here, the plain language of the claims is clear that the first and second terminals are distinct. This is established not only by the use of "first" and "second," but also by the additional claim language distinguishing the first and second terminals by requiring that the "first terminal" is "a data terminal" and the "second terminal" receives "control signals." Ex. 4 at cl. 1.

- 7 -

### B. Micron's Invalidity Expert Does Not Identify Any Disclosure of Distinct Terminals in HMC2

Summary judgment is appropriate on Micron's 102 defense for the '060 and '160 Patents because, as discussed above, it depends on Micron's un-adopted and incorrect construction that the first and second terminals "need not be separate and distinct." Ex. 2 at ¶ 51. Micron's expert expressly states that his anticipation theory is proffered "[u]nder this interpretation." *Id.*

Micron's invalidity expert does not identify any disclosure in HMC2 of distinct terminals that satisfy the "first terminal" and "second terminal" limitations. To the contrary, as discussed above, Micron's expert points to ▮▮▮▮▮ as meeting both limitations. The absence of any disclosure in HMC2 of separate terminals is confirmed by Netlist's technical expert Dr. Brogioli, who explains that ▮▮▮▮▮ Ex. 10 (Brogioli Rebuttal Rpt.) at ¶ 169; *see also id.* ¶ 163 ▮▮▮▮▮ ), *id.* ¶¶ 163-168. Neither Micron nor its expert dispute this.

Where the sole basis for a theory is an incorrect and unadopted claim construction, there is no factual dispute and summary judgment is appropriate. *See EMED Techs. Corp. v. Repro-Med Sys., Inc.*, 2019 WL 2710113, at *1 (E.D. Tex. Jun. 28, 2019) (granting summary judgment where "EMED's argument lacks merit, contradicts claim 9's language and the Court's construction of the term 'groove,' and fails to create a fact issue.").

C. **Micron's Sole Anticipation Theory for the '160 Patent Did Not Apply the Court's Construction for "Driver Size"**

Micron advocated and the Court adopted its position that "driver size" means "driver physical size." Ex. 6 (Dkt. 249, *Markman* Order) at 13. Dr. Wood's analysis for the HMC2 did not apply that construction, asserting only that the limitation "the second driver size being different from the first driver size" is met under an alternative interpretation that "two drivers can have different sizes if they are driving signals at different strengths." Ex. 2 (Woods Appx. 1) at ¶¶ 149-152.

Micron's fact witness testified that the driver sizes for the TSV drivers at issue in Dr. Woods' discussion are of the same size:



Ex. 7 (Keeth Depo.) at 68:13-20, 71:15-25 (emphases added).



Ex. 7 (Keeth Depo.) at 72:1-11.

- 9 -

Anticipation analysis requires Micron to apply the court's claim constructions. Dr. Woods has not done that here; and the undisputed facts show that the limitation is not met under the Court's construction. This is a separate reason why summary judgment is appropriate for the '160 Patent.

### D. The 2012 Design Review is Not Prior Art

In addition, Netlist respectfully seeks summary judgment that the ▬▬▬▬▬ (MICNL203-00003200) used by Micron's expert as alleged evidence of the HMC2 reference is not prior art because it was created in 2012, after the critical date. The '060 and '160 Patents both claim priority to a non-provisional application filed November 3, 2011. Ex. 4, 5. As part of his opinion on HMC2, Micron's expert Dr. Woods relies on a document called ▬▬▬▬▬ Ex. 2 (Woods Appx. 1) at ¶¶ 25, 27, 31, 37-38, 44, 54, 72, 76, 82, 102, 142, 155. The pages of this document that Dr. Woods cites to (pp. 86, 87, 89) each bear a copyright date of 2012. Ex. 8 (▬▬▬▬▬) at pp. 86, 87, 89. Dr. Woods identifies no evidence that these portions of the ▬▬▬▬▬ were created before the critical date.

The portions of ▬▬▬▬▬ relied on by Dr. Woods, especially with respect to driver designs and effects of design on load, also cannot be used to show prior conception given their date of creation and the lack of any evidence that they reflect designs conceived before the inventions of the '060 and '160 Patents. Because the ▬▬▬▬▬ post-dates the critical date, summary judgment should be granted that it is not prior art. *See, e.g.*, *Equistar Chemicals, LP v. Westlake Chemical Corp.*, 2016 WL 4410054, at *2 (E.D. Tex. Feb. 26, 2016) (granting SJ of no invalidity where reference post-dated priority-date and "is not prior art"); *Estech Sys. IP, LLC v. Carvana LLC*, 2023 WL 3292881, at *11-12 (E.D. Tex. May 5, 2023) (excluding expert's reliance on post-priority date documents and explaining that "the general rule is not to allow post-dated references as evidence for invalidity").

### IV. CONCLUSION

Netlist respectfully requests summary judgment on the issues above.

Dated: November 14, 2023

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 14, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao