# EXHIBIT 5

# JEDEC MANUAL

## JEDEC Manual of Organization and Procedure

## JM21U

(Revision of JM21T, September 2020)

**DECEMBER 2022**

**JEDEC SOLID STATE TECHNOLOGY ASSOCIATION**



NOTICE

JEDEC standards and publications contain material that has been prepared, reviewed, and approved through the JEDEC Board of Directors level and subsequently reviewed and approved by the JEDEC legal counsel.

JEDEC standards and publications are designed to serve the public interest through eliminating misunderstandings between manufacturers and purchasers, facilitating interchangeability and improvement of products, and assisting the purchaser in selecting and obtaining with minimum delay the proper product for use by those other than JEDEC members, whether the standard is to be used either domestically or internationally.

JEDEC standards and publications are adopted without regard to whether or not their adoption may involve patents or articles, materials, or processes. By such action JEDEC does not assume any liability to any patent owner, nor does it assume any obligation whatever to parties adopting the JEDEC standards or publications.

The information included in JEDEC standards and publications represents a sound approach to product specification and application, principally from the solid state device manufacturer viewpoint. Within the JEDEC organization there are procedures whereby a JEDEC standard or publication may be further processed and ultimately become an ANSI standard.

No claims to be in conformance with this standard may be made unless all requirements stated in the standard are met.

Inquiries, comments, and suggestions relative to the content of this JEDEC standard or publication should be addressed to JEDEC at the address below, or refer to www.jedec.org under Standards and Documents for alternative contact information.

Published by
©JEDEC Solid State Technology Association 2022
3103 North 10th Street
Suite 240 South
Arlington, VA 22201-2107

This document may be downloaded free of charge; however JEDEC retains the copyright on this material.  By downloading this file the individual agrees not to charge for or resell the resulting material.

**PRICE: Contact JEDEC**

Printed in the U.S.A.
All rights reserved

### 3.4 Meeting attendance

All JEDEC committee and subcommittee meetings are open to members, their designated alternates, and guests invited by the committee or subcommittee chairperson.

A JEDEC staff member or a designated alternate must participate in every committee meeting, either in person or by electronic means. The duties of the staff person shall include but not be limited to taking minutes, advising the chairperson regarding the content of this manual and JEDEC legal policies and guidelines, and distributing the minutes. JEDEC staff attendance is not required at every subcommittee meeting.

A potential new member company may be a guest for one meeting with prior approval of the chairperson. A timely submission of such a request stating the purpose of attendance shall be given so that appropriate accommodations can be made. If there are any issues to be raised by a guest, those issues must be specified in the purpose statement.

Nonmembers may participate in committee meetings if they pay a nonmember participation fee, the fee shall be predetermined, fixed, and reasonable. A procedure for requesting a fee waiver or fee reduction shall be available. Nonmembers do not have the right to vote. Nonmembers should contact the JEDEC Office prior to the meeting date for further details.

Before attending a JEDEC meeting, guests and non-members must agree to comply with all JEDEC rules and procedures, including the rules and procedures set forth in this Manual.

An individual representative may represent only one company at any committee, subcommittee or task group meeting, and may vote on behalf of only one company on any ballot placed on the electronic voting machine. It is the responsibility of the committee chairman to enforce this rule during a committee or subcommittee meeting. For the electronic voting machine, it is the responsibility of the ballot sponsor to enforce this rule when the ballot tally is reported.

### 3.5 Quorum

The JEDEC Office shall maintain a list of active members for the sole purpose of determining the quorum requirements for a committee meeting. An active member is defined as a member company that has been represented at either or both of the previous two consecutive regular meetings of the committee. Special meetings shall not be considered for the purpose of determining "active" member status. The quorum requirements shall be 50% by count of a committee's active member list, but in no case shall the quorum requirement be greater than 12 member companies regardless of committee size. All committee member companies present at a meeting are counted toward quorum requirement.

### 3.6 Recording devices

Voice or video recording devices of any kind are forbidden at any type of JEDEC meeting.

## 8        Legal guidelines

All meetings of the JEDEC Board and its associated committees, subcommittees, task groups, and other units shall comply with JEDEC Legal Guidelines incorporated herein by reference.  JEDEC Legal Counsel may advise the Board and committees from time to time concerning interpretation of Legal Guidelines.

### 8.1        JEDEC documents and publications

Prior to publication, the following documents including, but not limited to, all JEDEC standards, publications, manuals, minutes, surveys, questionnaires, press releases, registration data formats, and workshop proceedings, formulated by the Board, committees, and subcommittees, must be approved by JEDEC Legal Counsel.

### 8.2        Patent Policy

### 8.2.1        Terms and definitions

**Affiliate:**  An entity owned or controlled by a Committee Member, or which controls or is under common control with a Committee Member for so long as such control exists.

NOTE   For purposes of this definition, control means the ownership of greater than 50% of the voting securities of that Committee Member.

**Approval by the Committee:** An approval by vote of the committee to send a proposed Standard to the Board of Directors for review and approval. Some committees approve proposed Standards in parts, for example, by a "pass-hold" process. In those instances, "Approval by the Committee" means preliminary or final approval of the relevant part of a proposed Standard by a committee vote.

**Committee Member:**  An entity that participates in a JEDEC committee and its Affiliates.

**Contribution:**  Any submitted material, proposal or other submission offered by a Committee Member in the process of developing a Standard for the purpose of incorporating such submitted material, proposal, or other submission into a Standard, provided that such submitted material, proposal, or other submission either, a) exists in a tangible form of expression (including in electronic media); or b) is a verbal statement that is memorialized in written documentation (such as a proposed Standard or submitted material) and is either confirmed or not objected to by such Committee Member within thirty (30) calendar days after its receipt of or access to such memorialization, including without limitation, via posting on the JEDEC website.

**8.2.1   Terms and definitions (cont'd)**

**Disclosure of Potentially Essential Patents** (to Disclose Potentially Essential Patents)**:**  Disclosure to JEDEC, in writing, in the following form:

a)   for issued patents, disclose the patent owner, assignee (if available at time of disclosure) name, address and intellectual property rights ("IPR") contact person; name or title of the patent; the patent number; the country or countries of issuance, and the Standard(s) on which the submitter of the disclosure believes an Essential Patent Claim may read,

b)   for published applications, disclose the patent application owner, assignee (if available at time of disclosure) name, address and IPR contact person; name or title of the patent; the patent application number; the country or countries of filing, and the Standard(s) on which the submitter of the disclosure believes an Essential Patent Claim may read, and

c)   for unpublished pending applications, disclose the name or title of the patent application, the patent application owner or assignee (if available at time of disclosure) name, address and the IPR contact person; the patent application number; the general subject matter of such unpublished application(s) and the Standard(s) on which the submitter of the disclosure believes an Essential Patent claim may read.  Nothing herein precludes broader disclosure of unpublished patent applications on a voluntary basis or pursuant to a non-disclosure agreement.

Disclosure of a patent is deemed to include all patents claiming priority of a single filing. The listing of foreign equivalents is optional and at the discretion of the patent holder.

NOTE   If any of a Committee Member's disclosed patent or patent application contains Essential Patent Claims which, if licensed, would require a payment of royalties or other material consideration to an unaffiliated third party, the Committee Member must also note this fact in its disclosure statement.

**Essential Patent:**  A Patent containing one or more Essential Patent Claims.

**Essential Patent Claims:**  Those Patent claims the use of which would necessarily be infringed by the use, sale, offer for sale or other disposition of a portion of a product in order to be compliant with the required portions of a final approved JEDEC Standard.

NOTE   Essential Patent Claims do not include Patent claims covering aspects that are not required to comply with a JEDEC Standard, or are required only for compliance with sections that are marked "example," "non-normative," or otherwise indicated as not being required for compliance, or related to underlying enabling technologies or manufacturing techniques not specified in the standard.

**Participate (Participated, Participation):**  (a) joining a JEDEC committee or task group involved in the development of or amendments to a Standard; or (b) attending more than one meeting of such committee or task group (in person or by telephone) within a one-year period.  "Participate" includes being present at any point in a meeting of a committee or task group even if the individual or entity has not formally joined the committee or task group.

**Patents:**  All classes or types of patents other than design patents (including, without limitation, originals, divisions, continuations, continuations-in-part, extensions or reissues), and applications for these classes or types of patents throughout the world.

**Potentially Essential Patent:**  A Patent that is reasonably believed by a subject person to contain one or more Essential Patent Claims.

**8.2.1   Terms and definitions (cont'd)**

**Potential Licensees:**  All JEDEC Committee Members and non-members.

**RAND:**  Reasonable and non-discriminatory licensing terms and conditions.

**Representative:**  An individual who represents a Committee Member.  The term includes entities that have not formally joined the committee or task group, if they participate.

**Standard:**  Standards include publications and package outlines, provided that they are adopted (or intended to be adopted) by the JEDEC Board of Directors and have the effect of Standards.  Standards work includes activities in JEDEC committees and task groups.

NOTE   Standards include both proposed and adopted JEDEC technical specifications.

**8.2.2   General Provisions**

**8.2.2.1 Committee Members**

All Committee Members, as a condition of committee membership or committee Participation, agree to abide by JEDEC rules and procedures, including this JEDEC patent policy ("Patent Policy").  This commitment also applies to entities that Participate in JEDEC Committees or task groups, whether or not they have formally joined as JEDEC members.

All Committee Members, as a condition of committee membership and participation, agree to Disclose Potentially Essential Patents, as set forth more fully in 8.2.3, and to offer to license their Essential Patent Claims to all Potential Licensees on RAND terms and conditions, if and as consistent with 8.2.3 and 8.2.4.

The disclosure and licensing obligations of Committee Members and Participants are limited to Standards developed in the particular JEDEC committees in which and while they Participate.

As JEDEC members, Committee Members and Representatives are encouraged, but not required, both to disclose their Potentially Essential Patents and to license their Essential Patent Claims on RAND terms and conditions for Standards developed in all other JEDEC committees in which they are not Committee Members.  Such disclosure shall be in the format described in 8.2.3 and be made to the JEDEC Legal Department.

Committee Members and Representatives are encouraged, but not required, to disclose the Potentially Essential Patents of other entities, including other Committee Members and third-parties.

Committee Members and Representatives are encouraged, but not required, to bring Patent Policy issues or concerns with respect to the Disclosure of Potentially Essential Patents and the licensing of Essential Patent Claims to the attention of the JEDEC Board of Directors for resolution, see 9.2.

**8.2.2    General Provisions (cont'd)**

**8.2.2.2    Committees**

JEDEC committees and task groups shall not consider any matters or proposals that are outside the approved scope of such committees or task groups.  Furthermore, JEDEC committees and task groups are encouraged to use best efforts to avoid proposals for Standards that are within the approved scope of such committees and task groups and that would be likely to cause Committee Members to terminate their membership in the committee or task group for the purpose of discontinuing their disclosure or RAND licensing obligations.

JEDEC committees and task groups shall keep track of all notices, disclosures and licensing assurances with respect to Potentially Essential Patents and to review, on a periodic basis, the list of prior disclosures of Potentially Essential Patent Claims.

JEDEC committees and task groups shall consider reasonable workarounds and technical alternatives (but are not required to implement such workarounds or alternatives) within the earlier of: a) balloting, or b) one-hundred twenty (120) calendar days of receiving Notice of Refusal to offer Licenses on RAND Terms.

JEDEC committees and task groups are encouraged, but not required, to resolve patent policy issues before balloting.  Unresolved issues relating to Potentially Essential Patents may be submitted to the JEDEC Board of Directors for resolution, see 9.2.  The sole remedy for any issues or concerns about deviations from approved scope shall be an appeal to the JEDEC Board of Directors made prior to Approval by the Committee, see 9.2.

**8.2.3    Disclosure of Potentially Essential Patents**

At each committee meeting, the chairperson should call to the attention of all those present the requirements contained in the JEDEC Legal Guides and the obligation of all Representatives to inform the committee of any personal knowledge they have of any Potentially Essential Patents that are owned or controlled by that Committee Member and to call for the Disclosure of Potentially Essential Patents by Representatives. Annex A provides information to be displayed at the beginning of the committee meeting to satisfy the requirement.  Additionally, all Representatives should be asked to read the statement attached to each JEDEC sign-in/attendance roster; see Annex A for patent policy application guidelines.

All Committee Members must Disclose Potentially Essential Patents, known to their Representative(s) to be Potentially Essential Patents that are owned or controlled by that Committee Member to the personal knowledge of the Representatives.  However, neither Committee Members nor Representatives shall have any obligation to conduct a search for Potentially Essential Patents.

Disclosure of Potentially Essential Patents by a Representative or the Committee Member being represented shall be made as early as reasonably possible. The Disclosure of Potentially Essential Patents shall be in accordance with the definition of Disclosure of Potentially Essential Patents, see 8.2.1.  Initial disclosure by a Committee Member or Representative may be made in a meeting of the committee or task group.  The Representative is responsible for ensuring that such disclosure is properly recorded in the meeting minutes.

**8.2.3    Disclosure of Potentially Essential Patents (cont'd)**

The Representative or Committee Member shall document all known Potentially Essential Patents in either: a) License Assurance/Disclosure Forms, see Annex A.3, or b) Notice of Refusal to offer Licenses on RAND Terms forms, see Annex A.4.  Such disclosures or notices of known Potentially Essential Patents shall be delivered to the JEDEC Legal Department within thirty (30) calendar days of Approval by the Committee in order to be effective.

**8.2.3.1    Disclosure of unwillingness to license work of a committee**

If a Committee Member knows that it would not be willing to offer to license Essential Patent Claims arising from the Contributions of another Committee Member on RAND terms to all Potential Licensees consistent with 8.2.4, the Committee Member shall notify the committee chair in writing as early as reasonably possible but no later than thirty (30) calendar days after Approval by the Committee in the form of a Notice of Refusal to offer Licenses on RAND Terms, see Annex A.4.

The committee shall consider working around the material or other technical alternatives with a goal of resolving the concern if at all possible.  The Committee Member may (at its own discretion) withdraw its notification of Refusal to License at any time.  However, if the Committee Member wishes to maintain its position that it would refuse to License the work of the committee, the Committee Member must withdraw from the committee no later than one-hundred twenty (120) calendar days after providing notice of its unwillingness to license.

**8.2.4    RAND Patent Licensing Commitment**

Subject to the terms and conditions of section 8.2.4, each Committee Member, as a condition of Participation, agrees to offer to license on RAND terms, to all Potential Licensees, such Committee Member's Essential Patent Claims for the use, sale, offer for sale or other disposition of a portion of a product in order to be compliant with the required portions of a final approved JEDEC Standard issued during the period of membership in that committee.  The licensing commitment does not apply to Essential Patents of a Committee Member where notice of a Refusal to License has been given by the Committee Member in accordance with 8.2.3.1.

This commitment applies to any Standard that was pending in the committee or task group while the Committee Member Participated in that committee or task group.  If a Committee Member terminates its committee membership, the commitment does not apply with respect to any new proposal or Standard introduced in the committee or task group after the Committee Member provided notice to the JEDEC Legal Department terminating its committee membership.   If and as necessary, questions whether or not a particular proposal is a new Standard or merely a continuation of a prior Standard will be addressed in the first instance by the JEDEC Legal Department in accordance with 8.2.10.

Certain exceptions apply to the licensing requirement.  A Committee Member will not be required to license or continue to license its Essential Patent Claims to a Potential Licensee for a particular Standard if: (i) such Potential Licensee does not agree to grant a license to all other Potential Licensees under such Potential Licensee's Essential Patent Claims of that Standard on RAND terms and conditions for the approved Standard  and/or (ii) such Potential Licensee has commenced or has threatened to commence patent litigation targeting such Committee Member's products that are meant to comply with that Standard.