UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:22-CV-203-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., | ) |
| MICRON SEMICONDUCTOR | ) ▇▇▇▇▇▇▇▇▇▇ |
| PRODUCTS INC., MICRON | ) |
| TECHNOLOGY TEXAS LLC, | ) |
| | ) |
| Defendants. | ) |

**NETLIST INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
FINDING ALLEGED PRIOR ART NOT PUBLICLY ACCESSIBLE**

**TABLE OF CONTENTS**

**Page**

I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ................................... 1

II. STATEMENT OF UNDISPUTED FACTS .................................................................... 1

III. LEGAL STANDARD ..................................................................................................... 2

VII. ARGUMENT .................................................................................................................. 3

    A. There Is No Evidence Keller Was Publicly Accessible As Of The Critical Date ..................................................................................................................... 3

    B. THE JEDEC MATERIALS WERE NOT PUBLICLY ACCESSIBLE ................... 5

        1. There is No Evidence Materials on the JEDEC Website Were Searchable or Sufficiently Indexed Before the Critical Date ........................... 5

        2. Internal JEDEC Materials Are Not Publicly Accessible ................................ 7

        3. The JEDEC Materials Do Not Meet the Standard for Publicly Accessible Presentations ................................................................................ 9

        4. Disclosures of Content of JEDEC Materials Do Not Make the Confidential Materials Publicly Accessible ................................................. 10

VIII. CONCLUSION ............................................................................................................ 10

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Acceleration Bay, LLC v. Activision Blizzard Inc.*,
908 F.3d 765 (Fed. Cir. 2018) .................................................................................................4, 5

*Application of Bayer,*
568 F.2d 1357, 1362 (C.C.P.A. 1978) .........................................................................................3

*Blue Calypso, LLC v. Groupon, Inc.*,
815 F.3d 1331 (Fed. Cir. 2016) ...............................................................................................4, 6

*Carella v Starlight Archery*,
804 F.2d 135 (Fed. Cir. 1986) .....................................................................................................3

*Cordis Corp. v. Boston Sci. Corp.*,
561 F.3d 1319 (Fed. Cir. 2009) ...................................................................................................9

*Finesse Wireless, LLC v. AT&T Mobility, LLC,*
2022 WL 18141571 (E.D. Tex. Dec. 21, 2022) ........................................................................10

*In re Hall*,
781 F.2d 897 (Fed. Cir. 1986) .....................................................................................................2

*In re Klopfenstein*,
380 F.3d 1345 (Fed. Cir. 2004) ...................................................................................................9

*Koninklijke Philips N.V. v. Zoll Med. Corp.*,
656 F. App'x 504 (Fed. Cir. 2016) ..............................................................................................7

*In Re Lister*,
583 F.3d 1307 (Fed. Cir. 2009) ........................................................................................... 3, 4, 6

*Medtronic, Inc. v. Barry,*
891 F.3d 1368 (Fed. Cir. 2018) ................................................................................................3, 9

*Navico Inc. v. Garmin Int'l, Inc.*,
2017 WL 3750252 (E.D. Tex. Jul. 28, 2017) ..............................................................................5

*Samsung Elecs. Co. v. Infobridge Pte. Ltd.*,
929 F.3d 1363, 1372 (Fed. Cir. 2019) ............................................................................ 6, 7, 8, 9

*SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*,
511 F.3d 1186 (Fed. Cir. 2008) ................................................................................................3, 6

- iii -

|  | **Page** |
|---|---:|

**Statutes**

35 U.S.C. § 102 ................................................................................................................. 2, 3

**Rules**

Fed. R. Civ. P. 56 .................................................................................................................. 2

Netlist respectfully requests summary judgment that the following materials relied on by Micron do not qualify as prior art because they were not publicly accessible: (1) a university thesis by Keller and (2) JEDEC materials. Public availability is a question of law for the Court to decide.

## I.  STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1.  Whether Netlist is entitled to summary judgment that (1) the Keller thesis and (2) the asserted JEDEC materials do not qualify as prior art.

## II.  STATEMENT OF UNDISPUTED FACTS

1.  The '918 and '054 Patents claim priority to non-provisional application No. 12/131,873, filed on June 2, 2008, and provisional application No. 60/941,586, filed on June 1, 2007.

2.  Micron alleges as prior art a university thesis by Sean J. Keller ("Keller"). Ex. 1.

3.  Micron has identified the following JEDEC documents and materials as alleged prior art (collectively, the "JEDEC materials"): Fully Buffered Dual In-Line Memory Module (FBDIMM) Advanced Memory Buffer (AMB) in March 2007 ("JESD82-20"); DDR2 SDRAM FBDIMM Design Specification in March 2007 ("JESD205"); JESD79-2A (MICNL203-00009342); JC-40 Minutes of Meeting No. 148, December 2006 (JEDEC00003265); JC-40 Minutes of Meeting No. 149, March 2007 (JEDEC00003288); Ballot JC42.2-04-76 Item 1480.01 (SAM-NET00341422); JC-42.3 Minutes of Meeting No. 110, June 2004 (JEDEC00005508); JC-42.3 Minutes of Meeting No. 120, December 2006 (SAMNET00341462); JC-45 Minutes of Meeting No. 13, December 2006 (JEDEC00011145); JEDEC Board of Directors Ballot, Committee Item 1325.19 (SAM-NET00007342).

4.  Micron provided no evidence showing that the JEDEC website had a keyword search function through JEDEC's member's area in 2010 or earlier. Ex. 2 (Gillingham Rpt.) at ¶ 95 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5. Micron's expert admits that certain JEDEC materials such as ballots, meeting minutes, and presentations are not accessible to the public and that access is limited to member companies of the relevant JEDEC committees.  Ex. 3 (Halbert) ¶ 37 ▮

▮ *id.* ▮

▮ Ex. 4 (Halbert Depo.) at 29:8-15 ▮

▮ 45:16-19 ▮

▮ 31:13-22 ▮

▮

6. Micron's JEDEC representative, Mr. Frank Ross, testified that: ▮

▮ Ex. 5 (Ross Depo.) at 210:2-22.

### III.  LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"Because there are many ways in which a reference may be disseminated to the interested public, 'public accessibility' has been called the touchstone in determining whether a reference constitutes a 'printed publication' bar under 35 U.S.C. § 102(b)." *In re Hall*, 781 F.2d 897, 898–899

(Fed. Cir. 1986). Whether a document "qualifies as a 'printed publication' under § 102 is a legal conclusion." *SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, 511 F.3d 1186, 1192 (Fed. Cir. 2008). The "known or used" prong of Section 102(a) is subject to the same public availability requirement as a printed publication. *Carella v Starlight Archery,* 804 F.2d 135 (Fed. Cir. 1986) ("known or used by others . . . means knowledge or use which is *accessible to the public*."). A reference is publicly accessible if "such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it." *SRI*, 511 F.3d at 1194. It is Micron's burden to prove that a reference was publicly accessible as of the critical date. *Medtronic, Inc. v. Barry*, 891 F.3d 1368, 1380 (Fed. Cir. 2018) ("the patent challenger[] bears the burden of establishing that a particular document is a printed publication.").

**VII.   ARGUMENT**

    **A.   There Is No Evidence Keller Was Publicly Accessible As Of The Critical Date**

Micron's invalidity expert Dr. Stone asserts as prior art to the '918 and '054 Patents a university thesis by Sean Keller. Ex. 6 (Stone Rpt.) at ¶¶ 276-278, 293-295, 301-304, Ex. 1 (Keller Thesis).

The Federal Circuit has specifically addressed the standard for showing public accessibility of university theses. In *Application of Bayer,* 568 F.2d 1357, 1362 (C.C.P.A. 1978), the Court held that a university thesis did not qualify as prior art where it was "uncatalogued and unshelved as of the critical date in question." Similarly, in *In Re Lister*, 583 F.3d 1307, 1309 (Fed. Cir. 2009), the Federal Circuit vacated a decision of the patent office rejecting claims where "the record does not contain sufficient evidence that the prior art reference relied upon by the Board [a university manuscript] was publicly accessible more than one year prior to the date on which Dr. Lister filed his patent application." There, even though the manuscript was shelved and searchable as of when the litigation occurred (in 2006), the Federal Circuit held it was not prior art because there was "no evidence that it was in fact included in either Westlaw or Dialog **prior to the critical date** [of 1996]." *Id.* at 1316 (emphasis added). The

Court explained that the reference could not qualify as prior art where there was "no . . . evidence that speaks to the timing or process" of when the reference was catalogued, nor "any evidence of the general practice of the Copyright Office, Westlaw, or Dialog with regard to database updates." *Id.*

Numerous decisions have since confirmed that a reference is not publicly accessible where there is no evidence that it was sufficiently catalogued or indexed before the critical date, even if it was available by the time of trial. *See, e.g.*, *Acceleration Bay, LLC v. Activision Blizzard Inc.*, 908 F.3d 765, 772-73 (Fed. Cir. 2018) (affirming holding that reference was not a printed publication because, even though reference was uploaded to library's website, "the website allowed a user to view a list of technical reports indexed only by author or year and that there was no evidence as to how many reports were in the Library's database in 1999"); *Blue Calypso, LLC v. Groupon, Inc.*, 815 F.3d 1331 (Fed. Cir. 2016) (finding reference was not publicly accessible where "[t]he record is devoid of any evidence that a query of a search engine before the critical date, using any combination of search words, would have led to [reference] appearing in the search results.").

Here, there is no evidence in the record that the Keller thesis was publicly accessible before the critical date of 2007-2008. Micron provides no evidence of when the Keller thesis was catalogued or shelved, when or how it was made searchable, or when a member of the public could have obtained a copy. For example, although the Keller thesis purports to be from the University of Illinois, Micron has not produced any evidence as to when or if the thesis was catalogued or shelved at the University of Illinois (or anywhere else), nor has it put forward any evidence of general cataloguing practices at the University of Illinois. In short, Micron has no evidence regarding how, or even if, a member of the public could have obtained a copy of the Keller thesis prior to the critical date.

The only evidence in the record is the Keller thesis itself, which has on its cover a copyright date of 2006. Ex. 1 (Keller) at 1; Ex. 6 (Stone Rpt.) at ¶ 276. This Court has previously held, on virtually identical facts, that this is not sufficient evidence to avoid summary judgment. In *Navico Inc. v. Garmin*

*Int'l, Inc.*, 2017 WL 3750252 (E.D. Tex. Jul. 28, 2017), *report & recommendation adopted* 2017 WL 3764213 (Gilstrap, J), defendant asserted as prior art a product "Operator Manual." *Id.* at *3. The only evidence in the record of publication was "the 2007 copyright and revision dates reflected in the Manual" itself. *Id.* This Court granted summary judgment that the manual was not prior art, explaining "Garmin relies only on the Manual's copyright and revision dates, and presents no evidence about the extent of its distribution. Moreover, Garmin fails to show how any interested member of the public could have obtained a copy." *Id.* This Court therefore held that "the Court concludes Garmin does not have enough evidence of public accessibility of the 2007 Operator Manual to carry its burden at trial." *Id.* Summary judgment that Keller is not prior art is appropriate for the same reasons here.

### B. THE JEDEC MATERIALS WERE NOT PUBLICLY ACCESSIBLE

#### 1. There is No Evidence Materials on the JEDEC Website Were Searchable or Sufficiently Indexed Before the Critical Date

Documents uploaded to a database are not publicly accessible when they are not searchable or indexed in a meaningful way as of the critical date. *See Acceleration Bay*, 908 F.3d at 773-774 (affirming holding reference was not publicly accessible where indexing was limited to title and year and there was "insufficient evidence" of search functionality available at the time of critical date).

Micron appears to contend that the JEDEC materials are prior art because they were supposedly uploaded to the JEDEC website before the critical date of 2007-2008. But even assuming that is true, here the only evidence in the record is that the JEDEC website did not have search functionality until years after the critical date. Ex. 2 (Gillingham Rpt.) at ¶ 95 (no keyword search function on JEDEC website as of 2010). Nor has Micron put forward any evidence of how (if at all) materials allegedly posted on the JEDEC website were indexed before the critical date. All of the evidence presented by Micron, including by its expert Mr. Halbert, concerns only the **current** version of the JEDEC website. Micron has put forward no evidence of accessibility at the relevant time.

The mere possibility that some JEDEC members might have known where to find materials

on the JEDEC website even without a search function does not make them publicly accessible. The Federal Circuit has held that a reference is not publicly accessible where the only people who can find it are those who "knew what to look for and where to look for it." *Infobridge*, 929 F.3d at 1372. Similarly, in *SRI*, the Federal Circuit held "[O]n summary judgment, [the Federal Circuit] finds that the [article] was not catalogued or indexed in a meaningful way and not intended for dissemination to the public" where only a few persons directed by the author were able to locate it. 511 F.3d at 1197-98.

There is also no evidence as to how or if the relied upon JEDEC materials were indexed on the website in 2007-2008 or how an interested person would know of their existence – for example, Micron has not put in evidence as to the date the materials were uploaded, the file structure of the JEDEC website in 2007-2008, or how various materials would be accessed at that time. *See Blue Calypso*, 815 F.3d 1331 (upholding Board's finding that reference was not publicly accessible because "there was no evidence that the ordinarily skilled artisan would know of" the webpage the reference was stored on and there was no evidence reference was locatable by search engine); *In re Lister*, 583 F.3d at 1317 (reversing decision finding a manuscript uploaded to the Copyright Office's system was prior art because "[t]here is no indication as to when [the creation of the catalog information about the relevant prior art] occurred or whether it was prior to the critical date").

Micron's failure of proof applies not only to internal JEDEC materials, but also to the final published standards. While Netlist does not contend final standards are restricted to JEDEC members, Micron has put forward no competent evidence of how such standards were made available or otherwise disseminated **as of the critical date**. For example, as to the JESD205 standard Micron asserts as prior art, the only evidence in the record is the speculation of Mr. Halbert that it was published to the website on the date on the cover. But Mr. Halbert did not work for JEDEC and does not profess any knowledge of JEDEC's internal publication practices or procedures. Indeed, this Court already ruled in the Samsung case that Mr. Halbert cannot speak for JEDEC:

- 6 -

> The COURT: I do not expect and I will not permit [Mr. Halbert] to become the voice of JEDEC and speculate about what JEDEC would do under these circumstances and what they wouldn't do. He's not – he is not JEDEC and he's not a representative of JEDEC entitled as an agent to take a position for them. He can talk about what he's seen as a member, he can talk about what he understands will happen in circumstances that he's observed, but he needs to cabin his testimony about the JEDEC experience with his personal experience and his personal knowledge. I don't think it's a proper use of him to be some kind of CEO of JEDEC that's going to come in here and speak for the body, if you will, on any matter and every matter and offer opinions about what they would or wouldn't do in hypothetical scenarios. That goes too far, and I'm expecting you not to take him there on direct.

Ex. 7 (*Samsung*, 3/28/2023 PTC Tr.) at 228:1-16. And in any event, even if Mr. Halbert's speculation is enough to support a publication date, there still is no evidence of **how** the standards and other materials were posted on the website and whether they were indexed, searchable, or otherwise disseminated (if at all) before the critical date. *Koninklijke Philips N.V. v. Zoll Med. Corp.*, 656 F. App'x 504, 529 (Fed. Cir. 2016) (rejecting assertions "that some member of the public could have found out about the application," including because there was "no evidence of indexing or cataloguing").

The Court's ruling in the *Samsung* case regarding accessibility of JEDEC materials does not preclude summary judgment here. The Court's ruling in *Samsung* was based on a finding there was "a fact question as to who is the relevant public, who has access." Ex. 7 at 104:17-18. But the Court need not reach that issue here, because regardless of who had access to the JEDEC website, there is no genuine dispute of fact that the documents were not searchable as of the critical date, and there is no evidence of indexing as of the critical date. This evidence was not before the Court in *Samsung* and is a sufficient basis for summary judgment regardless of who the relevant public is.

### 2.   Internal JEDEC Materials Are Not Publicly Accessible

JEDEC materials relied on by Micron other than final standards, such as internal meeting minutes, ballots, and committee items, do not qualify as prior art for the additional reason that they are confidential and only accessible to JEDEC members. While Netlist acknowledges the Court addressed this issue in Samsung, Netlist respectfully submits that summary judgment is warranted on

the record here, including the admissions of Micron's experts and JEDEC representative.

Dissemination to JEDEC members—by itself—is insufficient as a matter of law to demonstrate the JEDEC materials are "publicly accessible." In *Samsung Elecs. Co. v. Infobridge Pte. Ltd.*, the Federal Circuit explained that to determine whether a document is publicly accessible, the analysis should focus on the knowledge of those *outside the authoring organization*, because "[t]o hold otherwise would disincentivize collaboration and depart from what it means to *publish* something." 929 F.3d 1363, 1372 (Fed. Cir. 2019). Similar to the JCT-VC members in *Infobridge*, members of JEDEC meetings are "part of ongoing, collaborative efforts to draft" the materials. *Id.* Thus, these internal presentations and proposals of JEDEC members are not prior art. *Id.* at 1371-72.

There is no evidence that anyone outside of specific JEDEC committees could access the JEDEC materials before the critical date. Micron's JEDEC representative admitted this:

Ex. 5 (Ross) at 210:2-22.

Micron's expert Mr. Halbert likewise confirmed this:

Ex. 4 (Halbert Depo) at 29:8-18; *id.* 31:23-32:3, 52:19-53:3

### 3. The JEDEC Materials Do Not Meet the Standard for Publicly Accessible Presentations

For presentations at a conference, trade show, or group meeting, public accessibility turns on: (1) "the length of time the display was exhibited," (2) "the expertise of the target audience," (3) "the existence (or lack thereof) of reasonable expectations that the material displayed would not be copied," and (4) "the simplicity or ease with which the material displayed could have been copied." *In re Klopfenstein*, 380 F.3d 1345, 1347–52 (Fed. Cir. 2004). "[P]rofessional and behavioral norms" establishing "a reasonable expectation" of confidentiality can support a summary judgment finding a reference is not a printed publication. *Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1335 (Fed. Cir. 2009). Micron has not provided any evidence showing that JEDEC materials qualify as prior art based on their presentation within JEDEC.

*First*, Micron has not produced any evidence to show when and how the materials were first made accessible to JEDEC members, much less how long the materials were displayed.

*Second*, "[d]istributing materials to a group of experts, does not, without further basis, render those materials publicly accessible or inaccessible, simply by virtue of the relative expertise of the recipients." Medtronic, 891 F.3d at 1382-83. Rather, a presentation made only to an exclusive group of experts is less likely to be considered publicly available. *Id.* In this circumstance, "the purpose of the meetings" and "whether the [organization] members were expected to maintain the confidentiality of received materials" are important considerations. *Id.* As discussed above, JEDEC committee meetings are confidential and the purpose of these meetings is to collaborate on drafting JEDEC standards, which the Federal Circuit has found to counsel against the public accessibility of documents. *Infobridge*, 929 F.3d at 1372. Micron's expert Dr. Halbert admitted that confidential committee materials should not be discussed with non-members and that he was not aware of them being distributed outside JEDEC. Ex. 4 (Halbert Depo.) at 55:1-6, 12-14 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

███████████████████████████████████████████████████████████████

███ 51:12-16 ██████████████████████████████████████████████████

████████████████████████████████████████

*Third*, there is no dispute that the JEDEC materials are confidential and only available to the members of specific JEDEC committees.

*Fourth*, Micron has not produced any evidence showing how JEDEC members or the public could have copied the information during a presentation nor of the ease or difficulty of doing so.

### 4. Disclosures of Content of JEDEC Materials Do Not Make the Confidential Materials Publicly Accessible

Micron's expert witness appears to suggest that the ████████ of JEDEC materials could be ████████████████████████████████ even though the documents themselves cannot be shared with others outside of JEDEC committees. Ex. 6 (Stone Rpt.) ¶¶ 239, 275. Dr. Stone provides no basis to substantiate his conclusory allegation. Micron's own JEDEC expert Mr. Halbert contradicted this assertion, testifying he was aware of only one instance in his nearly 20 year career as a JEDEC representative where, contrary to JEDEC policy, internal JEDEC materials were shared outside JEDEC. Ex. 4 (Halbert Depo.) at 33:6-23. Dr. Stone's conclusory assertion to the contrary does not preclude summary judgment. *Finesse Wireless, LLC v. AT&T Mobility, LLC,* 2022 WL 18141571, at *1 (E.D. Tex. Dec. 21, 2022) ("Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment."). And even assuming Dr. Stone's assertion was correct (which it is not), that does not make the restricted JEDEC documents prior art.

## VIII. CONCLUSION

Netlist respectfully requests summary judgment be granted as discussed above.

Dated: November 14, 2023                                Respectfully submitted,

                                                        */s/ Jason G. Sheasby*

 

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on November 14, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao