# EXHIBIT 7

# FILED UNDER SEAL

```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF TEXAS
                       MARSHALL DIVISION

NETLIST, INC.,                   (  CAUSE NO. 2:21-CV-463-JRG
                                 )
         Plaintiff,              (
                                 )
vs.                              (
                                 )
SAMSUNG ELECTRONICS CO., LTD.,   (
et al.,                          )  MARSHALL, TEXAS
                                 (  MARCH 28, 2023
         Defendants.             )  9:00 A.M.
_____


                           VOLUME 1

_____

                      PRETRIAL CONFERENCE

            BEFORE THE HONORABLE RODNEY GILSTRAP
             UNITED STATES CHIEF DISTRICT JUDGE

_____










                   SHAWN McROBERTS, RMR, CRR
                     100 E. HOUSTON STREET
                    MARSHALL, TEXAS  75670
                        (903) 923-8546
                 shawn_mcroberts@txed.uscourts.gov
```

1    If you go to slide --
2             THE COURT: But who might be a part or a member of
3    the relevant public is not necessarily the same thing as who
4    might be a person of ordinary skill in the art. Is that not
5    true?
6             MR. SHEASBY: Well, I think if you look at the --
7    the case on the subject, and I think their best case on the
8    subject is *SRI International.*
9         Go to slide 7.
10        So this was a summary judgment case. So the Defendant in
11   that case was in a similar situation in which there were
12   people who were, quote, in the relevant public who he had
13   given it to -- he had given to them, but that still didn't
14   make it publicly accessible. And so I don't think the fact
15   that -- the fact that someone in the, quote, relevant public
16   has access to it makes it publicly accessible.
17        In fact, if you look at their best cases on the subject,
18   slide 19 and 20, this is the relevant public. The documents
19   were shared with joint venture members that were maintained in
20   confidence. Those would not be prior art. But the fact that
21   most, if not all, of the information was available without
22   restriction is what made it prior art.
23        So this -- they argued that that was the relevant public
24   because the joint invention members were some of these same
25   persons of ordinary skill in the art. And they said that was

1  not enough to make something a prior art reference.
2       So I think under the Federal Circuit case law,
3  accessibility to the relevant public, the fact that individual
4  members of the relevant public had access to the document is
5  not the standard.  The standard is, based on their definition
6  of prior art, was it publicly accessible.
7            THE COURT:  All right.  Anything further?
8            MR. SHEASBY:  Nothing further, Your Honor.
9            THE COURT:  Okay.
10           MR. McKEON:  Your Honor, brief rebuttal response?
11           THE COURT:  I don't think so, Mr. McKeon.
12           MR. McKEON:  Okay.
13           THE COURT:  With regard to Document 209, Plaintiff's
14  motion for partial summary judgment finding that the JEDEC
15  materials are not publicly accessible, I'm going to deny that
16  motion.
17      I think there is a fact question as to who is the
18  relevant public, who has access.  There's too much at issue
19  here about the degree of difficulty or accessibility of
20  reaching this material.  I just don't believe it's appropriate
21  for treatment under Rule 56.  I'm going to deny the motion.
22      Counsel, before we break for lunch, because we're about
23  five minutes from the noon hour, I asked you, when I recessed
24  earlier, to confer with each other about what on the list of
25  disputed motions might be impacted by the Court's ruling on

1   products, HBM products.  And what Mr. Halbert did is he went
2   and looked at the contributions in JEDEC to the development of
3   the standards, both by Netlist and by others, to see
4   effectively how many contributions went into those standards,
5   how many of those contributions are attributable to Netlist.
6        There are numerous opinions in Mr. Halbert's report in
7   terms of what he did and did not do in arriving at that
8   analysis, and if counsel would like to cross examine Mr.
9   Halbert on his analysis and how he conducted that, they're
10  free to do so.
11       But Your Honor, the analysis that's in Mr. Halbert's
12  report is directly responsive, both to Mr. Kennedy's analysis
13  as well as to Mr. Meyer's analysis in which he is trying to
14  apportion to any value to give the patents for the products
15  that are accused.
16            THE COURT:  Well, I have no problem with him
17  responding to Mr. Kennedy's calculations and his responses can
18  certainly be tested as to their reasonableness when he's on
19  cross.  So I don't see any compelling reason to strike those
20  portions of his report.
21       I do want to go back and clarify one additional thing for
22  you, though.  I understand this witness is going to talk about
23  his personal experience as a member of JEDEC, and I think as
24  long as he stays within what he knows of his own personal
25  knowledge is fine.

1   I do not expect and I will not permit him to become the
2   voice of JEDEC and speculate about what JEDEC would do under
3   these circumstances and what they wouldn't do.  He's not -- he
4   is not JEDEC and he's not a representative of JEDEC entitled
5   as an agent to take a position for them.
6       He can talk about what he's seen as a member, he can talk
7   about what he understands will happen in circumstances that
8   he's observed, but he needs to cabin his testimony about the
9   JEDEC experience with his personal experience and his personal
10  knowledge.
11      I don't think it's a proper use of him to be some kind of
12  CEO of JEDEC that's going to come in here and speak for the
13  body, if you will, on any matter and every matter and offer
14  opinions about what they would or wouldn't do in hypothetical
15  scenarios.  That goes too far, and I'm expecting you not to
16  take him there on direct.  And if you do, I'm expecting
17  Plaintiff to object.  And if any of that happens, I'm likely
18  to just exactly do what I'm telling you right now.
19          MR. MOSTELLER:  Understood, Your Honor.
20      One thing I would ask to clarify is that Netlist also has
21  their own JEDEC expert in this case, Mr. Gillingham.
22          THE COURT:  What's good for the goose is good for
23  the gander.
24          MR. MOSTELLER:  I appreciate that, Your Honor.  I
25  will stand down.

1    THE COURT: We will get to that witness when we get
2 to that witness.
3    MR. MOSTELLER: Sounds good, sir.
4    THE COURT: All right. Thank you, sir.
5 Let's turn to -- by the way, for the record those are the
6 rulings on Document 207. While the Court has not expressly
7 struck any of the portions of Mr. Halbert's report, the Court
8 has given clear and direct guidance to counsel as to how that
9 report and the information and opinions of that expert are to
10 be presented to the jury, and I expect that guidance to be
11 followed.
12 Okay. So in a technical sense, the motion by the
13 Plaintiff is denied there with the guidance and clarifications
14 that I've clearly put into the record.
15 All right. Let's turn to Document 214. This is
16 Plaintiff's motion to strike portions of the rebuttal expert
17 report of Paul K. Meyer. This is one of those situations,
18 Counsel, that I've referred to earlier in the day because I
19 count 11 subparts to this one motion, and that's part of why
20 we have such a tremendous load of material to get through
21 during the two days I've allocated to pretrial.
22 But without further delay, let's get into this motion.
23 Let me hear from Plaintiff on it.
24    MR. SHEASBY: May it please the Court. Jason
25 Sheasby.

```
1         I HEREBY CERTIFY THAT THE FOREGOING IS A
2    CORRECT TRANSCRIPT FROM THE RECORD OF
3    PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
4    I FURTHER CERTIFY THAT THE TRANSCRIPT FEES
5    FORMAT COMPLY WITH THOSE PRESCRIBED BY THE
6    COURT AND THE JUDICIAL CONFERENCE OF THE
7    UNITED STATES.
8
9    S/Shawn McRoberts                04/02/2023
10   _____DATE_____
     SHAWN McROBERTS, RMR, CRR
11   FEDERAL OFFICIAL COURT REPORTER
```