# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:22-CV-203-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., | ) |
| MICRON SEMICONDUCTOR | ) ▇▇▇▇▇▇▇▇▇▇ |
| PRODUCTS INC., MICRON | ) |
| TECHNOLOGY TEXAS LLC, | ) |
| | ) |
| Defendants. | ) |

**NETLIST INC.'S MOTION FOR SUMMARY JUDGMENT DISMISSING MICRON'S AFFIRMATIVE DEFENSE OF BREACH OF RAND OBLIGATION OR IN THE ALTERNATIVE FOR SEVERANCE**

**TABLE OF CONTENTS**

**Page**

I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ................................... 1

II. STATEMENT OF UNDISPUTED FACTS ............................................................... 1

III. ARGUMENT ............................................................................................................. 2

    A. The Court Should Grant Summary Judgment Dismissing Micron's Affirmative Defense of Breach of RAND Because the Patents are Not Standard Essential ............................................................................................. 2

    B. The Court Lacks Jurisdiction to Adjudicate Micron's Defense .................... 3

    C. In the Alternative, Micron's RAND Defense Should Be Severed From The Jury Trial Because It Is An Equitable Issue For The Court ........................... 4

IV. CONCLUSION ........................................................................................................ 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Commonwealth Sci. and Indus. Res. Org. v. Buffalo Tech. Inc.*,
    492 F. Supp. 2d 600 (E.D. Tex. 2007) ............................................................................... 5

*Evolved Wireless, LLC v. Apple, Inc.*,
    2019 WL 831112 (D. Del. Feb. 21, 2019) ......................................................................... 5

*Optis Wireless Tech., LLC v. Apple Inc.*,
    2020 WL 999463 (E.D. Tex. Mar. 2, 2020) .................................................................. 3, 4

*Optis Wireless Tech., LLC v. Huawei Device USA, Inc.*,
    2019 WL 1244707 (E.D. Tex. Mar. 18, 2019) ............................................................... 3, 4

*Optis Wireless Tech., LLC v. Huawei Tech. Co. Ltd.*,
    2018 WL 3375192 (E.D. Tex. July 11, 2018) ................................................................... 4

*Voda v. Cordis Corp.*,
    476 F.3d 887 (Fed. Cir. 2007) ........................................................................................... 4

**Rules**

Fed. R. Civ. Proc. 403 ............................................................................................................... 3

Netlist respectfully requests summary judgment dismissing Micron's affirmative defense alleging breach of RAND licensing obligation or in the alternative severing it from the jury trial. Dkt. 160 at ¶¶ 52-57. Netlist has filed a motion for summary judgment that the Asserted Patents are not standard essential, and if that motion is granted, then Micron's RAND defense should be dismissed because there is no RAND obligation for non-essential patents. Summary judgment is also appropriate for the independent reason that all of Netlist's offers involved global licenses including non-U.S. Patents, and this Court does not have subject-matter jurisdiction to address foreign patents. Finally, because Micron does not claim damages and merely seeks to bar injunctive relief, its alleged breach of RAND defense is an equitable one for the Court and so should be severed from the jury trial.

## I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Whether the Court should enter summary judgment dismissing Micron's affirmative defense of breach of RAND licensing obligation or in the alternative sever it from the jury trial?

## II. STATEMENT OF UNDISPUTED FACTS

1. The RAND licensing obligation in the JEDEC Patent Policy is limited to essential patent claims. Ex. 1 (JM21U) at § 8.2.4 (RAND Patent Licensing Commitment. "Subject to the terms and conditions of section 8.2.4, each Committee Member, as a condition of Participation, agrees to offer to license on RAND terms, to all Potential Licensees, **such Committee Member's Essential Patent Claims** for the use, sale, offer for sale or other disposition of a portion of a product in order to be compliant with the required portions of a final approved JEDEC Standard issued during the period of membership in that committee.") (emphasis added).

2. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 2 (NL-MIC-203_00030433). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 3 Hong Tr. at 200:14-16 ▇▇▇▇▇▇▇



██████████████████ 200:24-201:2 ██████████████████

3. ██████████████████

██████ Ex. 4 (NL-MIC-203_00030438) at 1. The letter attached as Exhibit A ██████

██████████ *Id.*; Ex. 9 (NL-MIC-203_00030443). The letter attached as Exhibit B ██

██████████████████ Ex. 5 (NL-MIC-203_ 00030447). Netlist's CEO, Mr. Hong, testified that ██████

██████████████████ Ex. 3 at 210:2-10 ██

4. On August 23, 2023, Eric Lucas of Netlist sent a letter to Mike Myers of ██

██████████ Ex. 6 (Aug. 23 Letter).

### III. ARGUMENT

**A. The Court Should Grant Summary Judgment Dismissing Micron's Affirmative Defense of Breach of RAND Because the Patents are Not Standard Essential**

Netlist has filed a co-pending motion that the Asserted Patents are not standard-essential. If the Court grants that motion, then the Court should likewise grant summary judgment on Micron's defense of breach of RAND because the RAND licensing obligation in the JEDEC Patent Policy (JM21T) is limited to "Essential Patent Claims." *See* Undisputed Fact No. 1 (quoting Ex. 1 at § 8.2.4).

Therefore, if this Court grants summary judgment that the Asserted Patents are not standard-essential, it should also dismiss Micron's affirmative defense of breach of RAND obligation. This Court already held in the prior *Samsung* case that non-essential patents are not encumbered by a RAND obligation and that RAND is irrelevant for such patents:

> THE COURT: With regard to the references to RAND, I'm going to grant that portion of the motion as we've established beyond doubt today there are no standard essential patents at issue in this case. Therefore, any mention of a RAND contractual obligation would violate Rule 403 and be highly confusing and prejudicial with limited, if any, probative value.

Ex. 7 (Samsung PTC Tr.) at 248:6-11; *see also id.* 217:21-218:4.

> The COURT: That being said, I think everybody understands that it's been established clearly on the record through this pretrial proceeding that none of the asserted patents are standard essential, they are not encumbered with a RAND obligation, and how there's going to be relevant references to the standard-setting organization JEDEC is going to have to be very carefully presented to have any real relevance or application here.

*Id.* at 146:15-22. The same ruling is appropriate here.

### B.  The Court Lacks Jurisdiction to Adjudicate Micron's Defense

Even if the Court finds there is a fact issue about essentiality, summary judgment is still appropriate on Micron's breach of RAND defense because the Court lacks jurisdiction to address it. As discussed above in undisputed facts Nos. 3-6, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This court lacks jurisdiction to determine whether an SEP holder has "complied with their obligations under foreign laws or as they relate to foreign patents." *See Optis Wireless Tech., LLC v. Apple Inc.*, 2020 WL 999463, at *3 (E.D. Tex. Mar. 2, 2020). The Court cannot adjudicate whether a proposed rate for foreign patents is FRAND compliant. *Id.* It can adjudicate such questions with respect to US patents only. To do so, however, there must be evidence demonstrating ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This Court's decision in *Optis Wireless Tech., LLC v. Huawei Device USA, Inc.*, 2019 WL 1244707 (E.D. Tex. Mar. 18, 2019) is directly on point. There, this Court dismissed a claim that offers complied with FRAND because the offers were for worldwide licenses, and there was no evidence as

to what portion of this rate was attributable to the US patents (*id.* at *7):

> The Court . . . has not been presented with any evidence by which it can adjudicate whether PanOptis' September 2017 offer was FRAND as to U.S. patents only. The September 2017 offer is an offer for a worldwide license to PanOptis' SEPs and those SEPs include both U.S. and non-U.S. patents. Based on the evidence adduced at trial, this offer cannot be segregated or analyzed by product, region, or patent; nor has either party attempted to analyze the offer only as to U.S. patents.

*Optis* follows the Federal Circuit's decision in *Voda v. Cordis Corp.*, 476 F.3d 887 (Fed. Cir. 2007), in which the Federal Circuit declined to exercise jurisdiction over foreign patent infringement claims, explaining that "a patent right to exclude only arises from the legal right granted and recognized by the sovereign within whose territory the right is located. It would be incongruent to allow the sovereign power of one to be infringed or limited by another sovereign's extension of its jurisdiction." *Id.* at 902. This rule applies to FRAND claims involving foreign patents. *Optis Wireless Tech., LLC v. Huawei Tech. Co. Ltd.*, 2018 WL 3375192, at *8 (E.D. Tex. July 11, 2018) (adopted *id.* Dkt. 246) (dismissing claim involving FRAND for foreign patents because "'it is almost always an abuse of discretion' to assume supplemental jurisdiction over a foreign patent infringement claim.").

As in *Optis*, Micron has produced no evidence here permitting the Court ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Micron has never even requested a license to only Netlist's U.S. patents. Similarly, the only Netlist license agreement relied on by Micron's expert as allegedly comparable was a "worldwide" license. Ex. 8 (Lynde Rpt.) at ¶¶ 138, 231 (SK Hynix). The Micron in-licenses that Micron's expert claims are comparable are also worldwide agreements. *Id.* at ¶¶ 156, 205, 242-245.

## C. In the Alternative, Micron's RAND Defense Should Be Severed From The Jury Trial Because It Is An Equitable Issue For The Court

The only relief sought by Micron in connection with its breach of RAND defense is a determination that "Netlist's claims for injunctive relief are barred." Dkt. 160 at ¶ 52. Micron has not alleged a counterclaim for breach of RAND and does not seek damages. Because the sole relief sought

by Micron is purely equitable (the denial of an injunction), even if the Court does not grant summary judgment, it should in the alternative sever the defense from the jury trial because the availability of injunctive relief is an equitable issue for the Court to decide. *See Evolved Wireless, LLC v. Apple, Inc.*, 2019 WL 831112, at *7 (D. Del. Feb. 21, 2019) ("breach of FRAND obligations are equitable in nature (as analogous to equitable damages for bad faith), the determination is a matter for resolution by the Court. Interpretation of the terms of the various [SSO] Policies, standards, and specifications at issue in connection with the FRAND obligation are also matters of law for the Court to determine."); *Commonwealth Sci. and Indus. Res. Org. v. Buffalo Tech. Inc.*, 492 F. Supp. 2d 600, 603 (E.D. Tex. 2007) ("the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts").

## IV.   CONCLUSION

For the foregoing reasons, Netlist respectfully requests summary judgment as discussed above.

Dated: November 14, 2023

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)

twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 14, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao