# EXHIBIT 7

## FILED UNDER SEAL

```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE EASTERN DISTRICT OF TEXAS
                           MARSHALL DIVISION

NETLIST, INC.,                    (  CAUSE NO. 2:21-CV-463-JRG
                                  )
        Plaintiff,                (
                                  )
vs.                               (
                                  )
SAMSUNG ELECTRONICS CO., LTD.,    (
et al.,                           )  MARSHALL, TEXAS
                                  (  MARCH 28, 2023
        Defendants.               )  9:00 A.M.
_____


                              VOLUME 1

_____

                         PRETRIAL CONFERENCE

              BEFORE THE HONORABLE RODNEY GILSTRAP
               UNITED STATES CHIEF DISTRICT JUDGE

_____
```

                           SHAWN McROBERTS, RMR, CRR
                           100 E. HOUSTON STREET
                           MARSHALL, TEXAS  75670
                           (903) 923-8546
                           shawn_mcroberts@txed.uscourts.gov

Shawn M. McRoberts, RMR, CRR
Federal Official Court Reporter

1           THE COURT: Let me ask you this. In your mind, is
2  Samsung alleging any application of standard essentiality to
3  the patents-in-suit?
4           MR. SHEASBY: They're not. Samsung is --
5           THE COURT: SEP is just off the table here, is it
6  not?
7           MR. SHEASBY: Samsung claims they're not essential.
8           THE COURT: Okay.
9           MR. SHEASBY: So I -- I want to be very clear, which
10  is that actual notice -- I understand where the Judge's views
11  are on that, I think, and that you think it's not specific
12  enough. I'm focused on something more basic, which is, we
13  don't think all these products are equal. Our whole story for
14  why Samsung infringed the HBM patents is because SK hynix
15  multi-drop was no good. And it's exactly what Doctor Brogioli
16  is going to present.
17      Have I answered Your Honor's questions?
18           THE COURT: I think so.
19           MR. SHEASBY: Thank you, Your Honor.
20           THE COURT: All right. Ms. Degnan, do you have
21  something further?
22           MS. DEGNAN: I do, briefly. Let's start with slide
23  3.
24      Just to reiterate, there's nothing that they disclose in
25  discovery about this theory about multi-drop being something

1  asking about.  Your Honor is just asking about the hundred
2  percent.
3      And the answer is is that if you read *Monsanto,* if you
4  read *Prism*, if you read *Powell*, we are entitled to the benefit
5  when we're an unwilling licensor in this technical situation
6  to the value of our technology.  And I think if you go from
7  *Prism,* the cases that make that point are *Prism, Ericsson,*
8  *Powell,* and *Apple,* and *Monsanto.*
9          THE COURT:  All right.  Thank you, Counsel.
10         MR. CORDELL:  Do you need a response, Your Honor?
11         THE COURT:  I think not.  Thank you.
12     All right.  With regard to Document 205 and Samsung's
13 *Daubert* motion and motion to strike regarding David Kennedy
14 and his opinions, there are references in this lengthy report
15 to the TI matter, Texas Instruments.  The Court's previously
16 excluded any reference to other litigation and to that
17 particular matter, and it should be excluded from Mr.
18 Kennedy's report and his opinions.
19     I'm going to grant the motion as to references to the TI
20 matter.
21     With regard to the portions of Mr. Kennedy's opinion that
22 relate to his RAND opinions, both parties have confirmed on
23 the record that none of the patents-in-suit are standard
24 essential patents that would be subject to a RAND contractual
25 commitment.  Therefore, their probative value, if any, is

1    greatly exceeded by the risk of confusion and prejudice.
2         Therefore, I'm going to grant the motion and strike the
3    portions of Mr. Kennedy's report that relate to his RAND
4    opinions.
5         The balance of the motion, I'm going to deny.  And that
6    will be the ruling on Document 205.
7         All right.  Let's go next to Document 207, which is
8    Netlist's motion to strike certain opinions of Defendants'
9    expert, John B. Halbert.
10        Let me hear from Netlist on this.
11            MR. SHEASBY:  Yes, Your Honor.  Give me one moment.
12        Your Honor, may I approach?
13            THE COURT:  You may.
14            MR. SHEASBY:  May it please the Court.
15            THE COURT:  Please proceed.
16            MR. SHEASBY:  One of the issues that is -- I think
17   Samsung is attempting to inject into this case is sort of a
18   suggestion in front of the jury that we acted improperly with
19   JEDEC.  And obviously since standard essentiality is not in
20   this case, we don't believe that any sort of allegations of
21   impropriety in front of JEDEC have a place in front of this
22   jury.
23        I should note that that's never been pled, there's never
24   been a pleading that JEDEC is -- is something that we had
25   obligations to JEDEC that were breached from a legal

1  which is identified as paragraphs 289 through 305 of Mr.
2  Meyer's rebuttal report, I'm going to grant the motion and
3  strike those paragraphs.  I think they do fall within the
4  purview of *Apple versus Wi-Lan* and they are probably not
5  reliable in light of that and other precedent.
6       With regard to the references to RAND, I'm going to grant
7  that portion of the motion as we've established beyond doubt
8  today there are no standard essential patents at issue in this
9  case.  Therefore, any mention of a RAND contractual obligation
10 would violate Rule 403 and be highly confusing and prejudicial
11 with limited, if any, probative value.
12      With reference to the NIAs, I'm going to deny that
13 portion of the motion.
14      With regard to the references to other litigation and
15 IPRs, consistent with the Court's earlier discussed practices,
16 I'm going to grant that.  Again, I think that's mandated by a
17 fair application of Rule 403 where there's considerable risk
18 of prejudice and confusion and limited probative value.
19      With regard to the references to the alleged JEDEC
20 contributions, I'm going to deny that portion of the motion.
21 I believe this witness is entitled to respond to Mr. Kennedy's
22 opinions.  Particularly in that regard, I don't find anything
23 in this section of his report that cannot fairly be addressed
24 by Plaintiff through cross-examination and rises to the level
25 of needing to be excluded.