# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br>         Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., AND MICRON TECHNOLOGY TEXAS LLC, <br><br>         Defendants. | Civil Action No. 2:22-CV-203-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO CLAIM CONSTRUCTION ORDER

Defendants (collectively, "Micron") submit the following response to Plaintiff's ("Netlist") Objection to the Court's Claim Construction Order.

## I.      The "drive" Term ('339 Patent)

| Term | The Court's Construction |
|------|--------------------------|
| "to actively drive a respective byte-wise section of the N-bit wide write data" ('339 Patent, Claim 1) | "to enable only one of the data paths for the respective byte-wise section of the N-bit wide write data while the other possible data paths for the same respective byte-wise section of the N-bit wide write data are disabled" |

In *Netlist, Inc. v. Samsung Elec. Co., Ltd.*, No. 21-cv-00463 (E.D. Tex.), the Court construed the term "drive" in the '339 patent to mean "enabling only one of the data paths while the other possible data paths are disabled." *Id.*, ECF No. 114 at 34.  The term is present in claims that recite, for example, "actively drive a respective **byte-wise section** of the N-bit wide **write** data." '339 patent, claim 1.  The dispute between Micron and Netlist in this case is (or was)[1] whether the Court's prior "drive" construction deleted the associated claim terms: "byte-wise section" and "write data."  The Court's claim construction in the present case properly determined that it did not.

Netlist objects to the Court's construction on two grounds.  First, Netlist argues that the Court erred by excluding **read** paths from the "other possible paths" in the Court's prior "drive" construction.  Objections at 1.   This argument, however, ignores that the claim recites "drive" with respect to "write data."  *See* '339 patent, claim 1.  Given the plain claim language, the Court here properly stated that the "'other possible paths' are paths **for the same data** from the same 'one

---

[1] The Court should deny Netlist's Objections as moot.  Netlist is no longer pursuing infringement of the '339 patent.  ECF No. 258 (Oct. 23, 2023 Hr'g Tr.) at 50:9-10 ("MR. SHEASBY: We are, in fact, not proceeding with the '339 and '506 Patents at this time, Your Honor.").  Further, the PTAB recently issued a Final Written Decision finding all asserted claims of the '339 patent unpatentable.  Dkt. No. 246.

side of the buffer' to the same 'other' side of the buffer." Dkt. No. 249 at 25-26.  In other words, the claims that recite "write data" should not be redrafted now to recite "read and/or write data." Netlist has provided no reason to change the plain claim language.

Instead, Netlist's objections only cite to one sentence from the '339 patent's specification as alleged support.  Objections at 1 (citing '339 patent at 19:56-61).[2]  This citation fails for multiple reasons.  First, Netlist ***never*** cited to the '339 patent at 19:56-61 in its claim construction briefing for the present case—and its attempt to do so now is improper.  Second, the sentence at 19:56-61 describes a mere embodiment—and importantly—an embodiment that does not discuss "drive" with respect to "***read*** and/or write data."  This cited embodiment is not clear lexicography or disclaimer that warrants the drastic change to the plain claim language that Netlist is urging.

Netlist next argues that the Court erred by construing the claims to require "enabling data paths corresponding to 'the respective bytewise section of the N-bit wide write data' and disabling data paths corresponding to 'the same respective byte-wise section of the N-bit wide write data.'" Objections at 1-2.  This argument also ignores the plain language of the claims, which makes it clear that the data path is specifically for a "***byte-wise*** section." *See, e.g.*, '339 patent, claim 1. Thus, the Court properly rejected Netlist's attempt to read out the term "byte-wise" from the claims. Dkt. No. 249 at 26 ("Clearly the plain language of the claims requires the respective *data paths* to be at least byte-wise") (emphasis in original).  Netlist has once again provided no reason to change the plain claim language.

---

[2] Netlist also cites to "Dkt. 97-8 at 9-10" as alleged support from the "prosecution history." Objections at 1.  The Court, however, properly observed that Netlist previously cited "Dkt. 97-8 at 9-10" to argue that "the prosecution history supports its position," but failed to provide "further explanation."  Dkt. No. 249 at 26 n 4.  Netlist has similarly not provided ***any*** explanation here with respect to this citation, and its arguments should similarly be rejected.

Instead, Netlist argues that the "claims distinguish between 'byte wise' and 'byte wide.'" Objections at 2.  This argument fails for many reasons.  Netlist did not make this argument in the claim construction briefing for the present case, and raising it now is improper.  Furthermore, Netlist provided no substantive explanation as to why recital of "a byte wide" (in the preamble of '339 patent claim 1) somehow changes the meaning of the separately recited "***byte-wise*** buffers." Indeed, the Court properly noted that "Netlist does not appear to dispute the plain meaning of 'byte-wise' refers to a byte rather a nibble."  Dkt. No. 249 at 26.  Nor does Netlist's citations to the specification at 13:54-63, 14:1-17, 14:15-34, or 17:14-44[3] support changing the plain claim language as Netlist urges.  Objections at 2.  The Court properly noted that the "the plain language of the claims requires the respective *data paths* to be at least byte-wise, but that does not prohibit" other embodiments from being described in the specification.  Dkt. No. 249 at 26.

Ultimately, the Court's construction simply takes its previous (and proper) construction of the term "drive" and applies it to the larger claim term context "drive a respective byte-wise section of the N-bit wide write data."  Because Netlist agrees with the Court's construction of the term "drive," Netlist cannot show that the Court's application of the construction of the "drive" term to the '339 patent claims is clearly erroneous or contrary to law.  Netlist's objections should be rejected, and the Court should adopt the Magistrate's claim constructions.

---

[3] Netlist did not cite to 17:14-44 in the claim construction briefing for the present case.  Thus, its new arguments based on that portion of the specification are improper.

Dated: December 4, 2023

Respectfully submitted,

*/s/ Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P Enzminger (*pro hac vice*)
denzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
Ryuk Park (*pro hac vice*)
RPark@winston.com
Matthew R. McCullough
MRMcCullough@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

William M. Logan
State Bar No. 24106214
wlogan@winston.com
Juan C. Yaquian (*pro hac vice*)
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400

Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Vivek V. Krishnan (*pro hac vice*)
vkrishnan@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive, Suite 4200
Chicago, IL 60601
Telephone: 312-558-9508
Facsimile: 312-558-5700

Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Andrea Fair
State Bar No. 24078488
andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR DEFENDANTS
MICRON TECHNOLOGY, INC.,
MICRON SEMICONDUCTOR PRODUCTS,
INC., MICRON TECHNOLOGY TEXAS, LLC**

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of December 2023 the foregoing document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including counsel of record for Plaintiff Netlist.

*/s/ Michael R. Rueckheim*
Michael Rueckheim