**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-CV-203-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., | ) | |
| MICRON SEMICONDUCTOR | ) | ███████████████ |
| PRODUCTS INC., MICRON | ) | |
| TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**NETLIST INC.'S OPPOSITION TO MICRON'S MOTION FOR**
**SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES (DKT. 281)**

**TABLE OF CONTENTS**

Page

I.      BACKGROUND .................................................................................................1

        A.      Netlist Meets with Micron in 2015 and Notifies It of the '918/'054 Patent
                Family and Netlist's Pending Patents on Intelligent On-Module Power
                Technology .........................................................................................1

        B.      Netlist's 2021 Notice Letter to Micron ..........................................5

II.     RESPONSE TO MICRON'S STATEMENT OF UNDISPUTED FACTS......................6

III.    LEGAL STANDARD ........................................................................................8

IV.     ARGUMENT ...................................................................................................9

        A.      Netlist Provided Actual Notice to Micron.......................................9

                1.      Netlist's 2015 Presentations to Micron Provided Actual Notice...................9

                2.      Netlist's 2021 Letter to Micron Provided Actual Notice.............................11

                3.      Micron's Arguments Regarding Actual Notice Do Not Support Summary
                        Judgment ...........................................................................12

        B.      Micron Did Not Meet its Burden Under *Arctic Cat*......................................16

        C.      The Court Did Not Consider In *Samsung* Whether Actual Notice Was Given
                to Micron, a Different Party...................................................................17

V.      CONCLUSION ..............................................................................................18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acticon Techs. LLC v. Creative Labs Inc.*,
2012 WL 708059 (E.D. Tex. Mar. 5, 2012) ........................................................................13

*Amsted Industries v. Buckeye Steel Casting Co.*,
24 F.3d 178 (Fed.Cir.1994) .................................................................................................8

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017) .............................................................................7, 8, 16, 17

*Arigna Technology Ltd. v. Nissan Motor Co., Ltd.*,
2022 WL 18046695 (E.D. Tex. Sep. 20, 2022) .................................................................17

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
2016 WL 11750176 (E.D. Tex. Nov. 29, 2016) ...........................................................*passim*

*Funai Elec. Co. v. Daewoo Elecs. Corp.*,
616 F.3d 1357 (Fed. Cir. 2010) .....................................................................................13, 16

*Gart v. Logitech, Inc.*,
254 F.3d 1334 (Fed. Cir. 2001) ...........................................................................................8

*K-TEC, Inc. v. Vita-Mix Corp.*,
696 F.3d 1364 (Fed. Cir. 2012) .......................................................................................*passim*

*Lexington Luminance LLC v. Feit Electric Co.*,
2020 WL 7248374 (C.D. Cal. Nov. 4, 2020) .....................................................................13

*Mass. Inst. Of Tech. v. Abacus Software, Inc.*,
2004 WL 5268125 (E.D. Tex. Sept. 29, 2004) ....................................................................9

*Metrologic Ins, Inc. v. PSC, Inc.*,
2004 WL 2851955 (D. N.J. Dec. 13, 2004) .........................................................................9

*MLC Intellectual Prop., LLC v. Micron Technology, Inc.*,
2019 WL 4963253 (N.D. Cal. Oct. 8, 2019) ......................................................................13

*SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*,
127 F.3d 1462 (Fed. Cir. 1997) ................................................................................8, 9, 10

*UltimatePointer, LLC v. LG Electronics, Inc.*,
2023 WL 5511520 (E.D. Tex. Aug. 25, 2023) ...................................................................18

Micron's motion for summary judgment that there are no pre-suit damages available for the '918 and '054 Patents should be denied. The '918 and '054 Patents claim priority to a non-provisional application filed in 2008, from which numerous continuation patents (including the '918/'054) have issued. Netlist has repeatedly provided actual notice of the '918/'054 patent family to Micron and expressly stated its notice included continuation patents, which encompasses the '918/'054. These communications are more than sufficient to create a genuine dispute of fact regarding actual notice.

## I.     BACKGROUND

### A.     Netlist Meets with Micron in 2015 and Notifies It of the '918/'054 Patent Family and Netlist's Pending Patents on Intelligent On-Module Power Technology

On February 25, 2015, representatives of Netlist and Micron held a technical meeting to discuss Netlist's technology. At the meeting, Netlist presented Micron with its "Intelligent On-Module power distribution" design. Ex. 1 (NL-MIC-203_00042010) at 14.



. Ex. 2 (Mangione-Smith Rpt.) Ex. B at ¶ 646 (2015 presentation

; Ex. 3 (Milton Depo.) at 209:12-15

.

The presentation specifically informed Micron that Netlist had "U.S. Pat. Pending" on this technology:



Ex. 1 (NL-MIC-203_00042010) at 14 (red boxes added). The presentation further identified to Micron

"U.S. Pat. No. 8,301,833," which is a parent patent to the '918 and '054 Patents. *Id.*; Ex. 4 ('918 Patent)

at Related Application Data.

Micron's corporate representative, Scott DeBoer, admitted that Micron ██████████████

████████████████████████████████████████████. Ex. 5 (DeBoer Depo.) at 65:6-11 ████



████████████████████████████████████). Micron's corporate representative Boe

Holbrook confirmed ███████████████████████████████████Ex. 6 (Holbrook

Depo.) at 29:5-8 ████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████). Micron's vice present of engineering Samir Mittal, who is

responsible for the design of Micron's DDR5 products, testified the same. Ex. 7 (Mittal Depo.) at 8:13-22, 9:21-25 ██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

He further testified ██████████████████████. *Id.* at 10:11-17 ██████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████

    Netlist and Micron held a second meeting in April 2015. ██████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████ Ex. 8 (NL-MIC-203_00042083) (email summary of "Micron meeting – 4/21"). At the April meeting, ████

██████████████████████████████████████████████████████████████

███████████████████████████████████████████████:

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Ex. 9 (NL-MIC-203_00042085) at 22 (red box added). Netlist further presented █████████

████████████████████████████████████████████████████████████████

███████████████████████████. *Id.* at 31-33; Ex. 2_ (Mangione-Smith Opening Rpt.) Ex. B,

¶¶ 44-52. Netlist expressly informed Micron in the presentation that the '833 was part of a larger

"memory patent family." Ex. 9 (NL-MIC-203 00042085) at 34.

Micron suggests that there is no evidence these meetings occurred or what was presented.

This is incorrect. ████████████████████████████████████████████

████████████████████████. Ex. 10 (NL-MIC-203_00042009) (███████████████

███████████████████████████); Ex. 8 (NL-MIC-203_00042083) (██

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████ Mr. Scott Milton, Netlist's Vice President of Engineering, submitted a declaration

certifying these documents are Netlist business records. Ex. 22 (Milton Declaration).

There is also witness testimony confirming the presentations were made to Micron. For

example, Noel Whitley, a participant at the meetings, ██████████████████████

█████████. Ex. 11 (Whitley 2-3-17 Depo., NL-MIC-203_00046468) at 160:18-161:5 █████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████ Mr. Whitley also submitted a sworn declaration █

████████████████████████████████████████████████████

███████████████████████████████████████████████████.

Ex. 18 (Whitley Declaration).

Other Netlist witnesses likewise testified the meetings occurred and the presentations were given to Micron. Ex. 12 (Hong Depo.) at 169:23-170:1 ("███████████████████████

████████████████████████████████████████████████████████████████████████████████

██████████████), 174:20-25 ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

███████████████████████████████), 181:6-8 █████████████████████████████████

███████████████████████████████████████████████████████; Ex. 3 (Milton Depo.) at 38:23-

39:9 ███████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████  ███████████████████████████

████████████████████████████████████████████████████████████████████████████████

█████. Ex. 13 (MICNL203-00082052) ████████████████████████████████████.

**B.     Netlist's 2021 Notice Letter to Micron**

On April 28, 2021, Netlist sent a letter to Micron's CEO asking to  █████████████████

████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████ Ex. 14 (NL-MIC-203_00030433) at 1. Micron's DDR5

RDIMMs and LRDIMMs are accused of infringing the '918 and '054 Patents in this case. Ex. 2

(Mangione-Smith Rpt.) Ex. B at ¶ 85. The April 2021 letter explicitly stated that  ██████████

████████████████████████████████████████████████████████████████████████████████

███████████████████████████████ Ex. 14 (NL-MIC-203_00030433) at 2. The letter attached

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████. Ex. 15 (NL-MIC-203 00030437). All of these patents

are listed on the face of the '918 and '054 Patents as part of the same continuation chain.

In addition to specifically listing the parent patents to the '918/'054, the April 2021 letter

███████████████████████████████████████████████████████████████

███████████████████████████████████████ *See* Ex. 14 (NL-MIC-203_00030433) at 2.

This encompasses the '918/'054 Patents, both of which claim priority to the same original application

as the ████████████████████████████ *See* Ex. 4 ('918 Patent) at Related Application

Data), Ex. 16 ('054 Patent) at Related Application Data). The application for the '918 Patent was filed

Dec. 30, 2020 and was already pending at the time of the letter. Micron admitted in its Interrogatory

responses that it received Netlist's April 2021 letter. Ex. 17 (Micron's Fourth Supplemental Responses

to Netlist's First Set of Interrogatories) at 111.

## II.    RESPONSE TO MICRON'S STATEMENT OF UNDISPUTED FACTS

1.    Disputed. As discussed above, ██████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████.

Ex. 1 (NL-MIC-203_00042010) at 14; Ex. 10 (NL-MIC-203_00042009). Micron's witnesses admit its

accused DDR5 products use on-module power management. Ex. 5 (DeBoer Depo.) at 65:6-11; Ex. 6

(Holbrook Depo.) at 29:5-8; Ex. 7 (Mittal Depo.) at 8:13-22, 9:21-25.

2.    Disputed. As discussed above, ██████████████████████████████

███████████████████████████████████████████████████████████████. Ex.

8 (NL-MIC-203_00042083); Ex. 11 (Whitley 2-3-17 Depo., NL-MIC-203_00046468) at 160:18-161:5;

Ex. 12 (Hong Depo.) at 169:23-170:1, 174:20-25; Ex. 3 (Milton Depo.) at 38:23-39:9. ████████

███████████████████████████████████████████████████████████████

███████████████████████████. Ex. 9 (NL-MIC-203_00042085) at 22.

3.      Disputed. ████████████████████████████████████

████████████████████████████████████████████. *E.g.*, Ex. 1 (NL-

MIC-203_00042010) at 14-15, 34. The accused products for the '918/'054 Patents include Micron

DDR5 LRDIMMs and RDIMMs. Ex. 2 (Mangione-Smith Rpt.) Ex. B at ¶ 85. ████████████

████████████████████████████████████████████ Ex. 8 (NL-MIC-203_00042083)

at 8, 16-17, 19-20, 22, 23-25, 35-37.

4-5.      Disputed. ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████. Ex. 10 (NL-

MIC-203_00042009) (████████████████████████████████████

████); Ex. 8 (NL-MIC-203_00042083) (████████████████████████

████████████████████████████████████████████

████████████████████████████████████); Ex. 11 (Whitley 2-3-17 Depo., NL-

MIC-203_00046468) at 160:18-161:5; Ex. 12 (Hong Depo.) at 169:23-170:1, 174:20-25, 181:6-8; Ex.

3 (Milton Depo.) at 38:23-39:9; Ex. 18 (Whitley Declaration).

6-7. Not disputed that Netlist and SK Hynix entered into a "Strategic Product Supply and

License Agreement" on April 5, 2021 or ████████████████████████████████

████████████████████████████████████████████

████. However, disputed that Micron complied with its obligations under *Arctic Cat*.

8. Not disputed that Netlist sent the April 28, 2021 letter to Micron. However, disputed that

the '918/'054 Patents were not identified. As discussed above, ████████████████████

████████████████████████████████████████████

████████████████████████████████ Ex. 15 (NL-MIC-203_00030437). In addition to ████

████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

Ex. 14 (NL-MIC-203_00030433) at 2. This includes the '918/'054 Patents, both of which claim

priority to the same original application as the ███████████████████████████████. *See*

Ex. 4 ('918 Patent) at Related Application Data), Ex. 16 ('054 Patent) at Related Application Data).

     9. Undisputed but not material.

     10. Disputed and not material. The Court denied Samsung's motion in-part as to the '054

Patent. Case No. 2:21-cv-00463, Dkt. 432. Further, the Court's ruling in Samsung is not controlling

here because whether notice was provided to Micron is a different factual question from whether

notice was provided to Samsung.

     11. Undisputed.

     12. Undisputed that Micron's counsel sent a letter dated May 25, 2023, but disputed that the

letter complied with Micron's obligations under *Arctic Cat*.

     13. Disputed. Netlist responded to Micron's Interrogatories and stated that ███████████

████████████████████████████████████████████████████ and that ███████████████

████████████████████████████████████████████████████████████████████████

██████████████████ Dkt. 281-11 at 133; Dkt. 281-12 at 28, 29.

## III.   LEGAL STANDARD

     "Compliance with the marking statute is an issue of fact." *Arthrex, Inc. v. Smith & Nephew, Inc.*,

2016 WL 11750176, at *3 (E.D. Tex. Nov. 29, 2016). Communications regarding actual notice should

be viewed within the context of the parties' negotiations. *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1346-47

(Fed. Cir. 2001). "[A]lthough the Federal Circuit wrote in *Amsted Industries v. Buckeye Steel Casting Co.*,

24 F.3d 178, 187 (Fed.Cir.1994), that '[a]ctual notice requires the affirmative communication of a

specific charge of infringement by a specific accused product or device,' the court, in *SRI Int'l.*, held

that a direct charge of infringement was not required." *Mass. Inst. Of Tech. v. Abacus Software, Inc.*, 2004

WL 5268125, at *3 (E.D. Tex. Sept. 29, 2004) (citing *SRI Int'l, Inc. v. Advanced Tech. Lab'ys., Inc.*, 127 F.3d 1462, at 1469–70 (Fed. Cir. 1997)).

The provision of notice regarding a parent patent can suffice to provide notice of children of that parent. *K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1378-79 (Fed. Cir. 2012) (affirming denial of summary judgment where patent owner "proffered evidence that (1) it provided notice that the MP container infringed various claims of the '117 patent's parent patent in March 2005."); *Arthrex*, 2016 WL 11750176 at *3 (concluding that a "reasonable juror could conclude that the scope of notice [regarding a parent patent]….expanded to include notice of infringement of the [child] patent after the [child] patent issued."); *Metrologic Ins, Inc. v. PSC, Inc.*, 2004 WL 2851955, at *20 (D.N.J. Dec. 13, 2004) ("allegations of infringement of the parent patent (the '342) would provide sufficient notice of infringement of the continuations (the '027, '717, and '049 patents) as well"). Similarly, notice may occur before a product launches. *K-TEC*, 696 F.3d at 1378 (earlier notice as to "MP container" product effective as to later-released "XP container" product).

## IV.   ARGUMENT

### A.   Netlist Provided Actual Notice to Micron

Micron's motion for summary judgment should be denied because there is at minimum a factual dispute regarding actual notice.

#### 1.   Netlist's 2015 Presentations to Micron Provided Actual Notice

As discussed above, ███████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████. Ex. 4 (NL-MIC-203_00042010) at 14; Ex. 2 (Mangione-Smith Rpt.) Ex. B at ¶ 646; Ex. 3 (Milton Depo.) at 209:12-15. ███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

████████████. Ex. 1 (NL-MIC-203_00042010) at 14. In a second presentation in April 2015, Netlist



. Ex. 9 (NL-MIC-203_00042085) at 22.

." *Id.* at 31-34.

Micron has admitted that its accused DDR5 products

*See* Ex. 5 (DeBoer Depo.) at 65:6-11

; Ex. 6 (Holbrook Depo.) at 29:5-8

; Ex. 7 (Mittal

Depo.) at 8:13-22, 9:21-25

.

The Federal Circuit holds that "the actual notice requirement of § 287(a) is satisfied when the recipient is informed of the identity of the patent and the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement, whether by license or otherwise." *SRI*, 127 F.3d at 1470. The 2015 presentations satisfied these requirements:



- <u>Identity of the Patent</u>:

  . Ex. 1 (NL-MIC-203_00042010) at 14.

  *Id.*; Ex. 9 (NL-MIC-203_00042085) at 22, 31-34.

- <u>Activity Believed to Be an Infringement</u>:

  . Ex. 1 (NL-

MIC-203_00042010) at 14. ██████████████████████████████

███████████████████████████████████████████████████

███████████ .

- A proposal to abate the infringement, whether by license or otherwise: ████████

███████████████████████████████████████████████████

██████ Ex. 1 (NL-MIC-203_00042010) at 32 ████████████████

██████████████████████████████████████████████████, 34

█████████████████████████████████████████████

2.    **Netlist's 2021 Letter to Micron Provided Actual Notice**

███████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ :

- Identity of the Patent: ████████████████████████████

██████████████████████████████████████████████

██████████████████████████ Ex. 15 (NL-MIC-203 00030437). ████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████ Ex. 14 (NL-MIC-203_00030433) at 2 (emphasis added). ████████████████████

████████████████████████ ████████████████████

█████████████████████████

- Activity Believed to Be an Infringement: ████████████████████

████████████████████████████████████████████████

██████████████████████████ Ex. 14 (NL-MIC-203_00030433)

at 2. Micron's DDR5 RDIMMs and LRDIMMs are accused products for the '918 and '054 Patents in this case. Ex. 2 (Mangione-Smith Rpt.) Ex. B at ¶ 85. ███████████



███ *id.* at 3.

- A proposal to abate the infringement, whether by license or otherwise: ███████████

███████████ Ex. 14 (NL-MIC-203_00030433) at 1. ███████████

███████████ *Id.* at 2; *see* *also id.* at 3 ███████████

### 3.   Micron's Arguments Regarding Actual Notice Do Not Support Summary Judgment

Micron contends that notice of a pending application or a parent patent is not actual notice because the '918 and '054 Patents had not yet issued ███████████

███████ However, the Federal Circuit holds that notice of a parent patent (as Netlist repeatedly provided here) can constitute actual notice as to a child patent. In *K-TEC*, 696 F.3d at 1378-79, the Federal Circuit affirmed the denial of Defendants' motion for summary judgment that patent owner

failed to provide pre-suit notice and affirmed the jury's award of pre-suit damages, where patent owner "proffered evidence that (1) it provided notice that the MP container infringed various claims of the '117 patent's parent patent in March 2005." *Id.* at 1379; *see also Ceeco Machinery Mfg., Ltd. v. Intercote, Inc.,* 817 F. Supp. 979, 986 (D. Mass. 1992) (actual notice does not require infringer "be given the precise patent number, as long as the patented invention itself is identified").

The Federal Circuit likewise held in *K-TEC* that notice may occur before a product launches. There, the original notice letter accused defendant's "MP container" of infringement. *K-TEC,* 696 F.3d at 1370. Defendant subsequently released a re-designed product called "XP container." *Id.* The Federal Circuit held the earlier notice as to "MP container" applied to the subsequently released XP container because it was a related product. *Id.* at 1378; *see also Funai Elec. Co. v. Daewoo Elecs. Corp.,* 616 F.3d 1357, 1373 (Fed. Cir. 2010) (actual notice may extend to "other models and related products"). Whether a notice extends to subsequent products is "a fact issue for the jury to decide." *Acticon Techs. LLC v. Creative Labs Inc.,* 2012 WL 708059, at *2 (E.D. Tex. Mar. 5, 2012) (denying summary judgment and finding fact issue existed as to notice for related products); *MLC Intell. Prop., LLC v. Micron Tech., Inc.,* 2019 WL 4963253, at *10 (N.D. Cal. Oct. 8, 2019) (holding notice as to group of products could apply to "subsequently released products" and that this was "a question of fact for the jury to decide"); *Lexington Luminance LLC v. Feit Elec. Co.,* 2020 WL 7248374, at *6 (C.D. Cal. Nov. 4, 2020) (denying summary judgment and finding issue of fact existed as to whether notice applied to products put on sale after original notice).

Here, the NVDIMM product Netlist claimed it patents covered used on-module power management. Micron subsequently ported on module power management into its DDR5 products. Ex. 19 (Ross Depo.) at 159:23-160:10 █████████████████████████████ █████████████████████████████████████████████████; Ex. 6 (Holbrook Depo.) at 120:24-121:12 ████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████; Ex. 20  MICNL203-00196943  (███████████████████

███████████████████████████████████████████████████████

█████████).

This Court's decision in *Arthrex*, 2016 WL 11750176 is on all fours with this case. There, Defendant moved for summary judgment that the plaintiff failed to provide actual notice under section 287(a). *Id.* at *2. Plaintiff argued it had provided actual notice because the parties had entered into a "Standstill Agreement" that specifically identified two parent patents to the asserted patents (the "'186 and '052 Patents"), and the agreement stated it also applied "with respect to later-arising continuation patents." *Id.* at *2. The asserted patent ("the '541 Patent") was a continuation from the '186/'052 patents and issued a month after the Standstill Agreement was entered, and it was not disputed that Plaintiff did not provide a further notice when the '541 Patent issued.

This Court denied summary judgment, explaining that the notice must be viewed in the context of the Parties' "ongoing and complex patent dispute" and holding that "Under the circumstances, the Court holds that § 287(a) did not require Arthrex to have provided affirmative notice of the '541 patent after the '541 patent issued." *Arthrex,* 2016 WL 11750176 at *2. The Court further held that "If notice of specific products can expand to include later-discovered products, **notice of infringement of a parent patent can expand to include notice of infringement a continuation patent**. The Federal Circuit has acknowledged that an accused infringer's actual notice of a parent patent is relevant to the § 287(a) inquiry." *Id.* (citing *K-TEC*) (emphasis added). This Court therefore concluded that "A reasonable juror could conclude that the scope of notice provided by the

Standstill Agreement expanded to include notice of infringement of the '541 patent after the '541 patent issued. Accordingly, summary judgment cannot be granted." *Id.* at *3.

Netlist's notice here is virtually identical to the notice at issue in *Arthrex*. As discussed above, Netlist specifically ███████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████ Ex. 14 (NL-MIC-203_00030433) at 2. This notice must further be viewed in the context of the Parties' overall interactions including ████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███. Therefore, just as in *Arthrex*, a reasonable jury could conclude that the scope of notice provided by Netlist included the continuation '918 and '054 Patents once they issued.

Micron also argues that Netlist "failed to advance any allegations of infringement" as to any "specific product." Mot. At 9. This is wrong. ████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████ *E.g.*, Ex. 14 (NL-MIC-203_00030433) at 3 (discussing ████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████. Ex. 2 (Mangione-Smith Open. Rpt.) Ex. B at ¶ 85 ████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████

Micron contends without explanation that Netlist's reference to ██████████████████

███████████████████████████████████████ Mot. at 9. ████████████████

███████████████████████████████████████████████████████████████

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 14 (NL-MIC-203_00030433) at 2. ▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓   ▓▓▓▓▓▓▓▓

Ex. 14 (NL-MIC-203_00030433) at 3. ▓▓▓▓▓▓▓▓ / ▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 14 (NL-MIC-203_00030433) at 2.

Moreover, even if Micron were correct that ▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓ that still would not mandate summary judgment because, as Netlist's expert explains,

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓ Ex. 21 (Gillingham Rpt.) at ¶ 73. As discussed above, both the Federal Circuit and this Court hold that notice as to one model of product can encompass "other models and related products." *Funai*, 616 F.3d at 1373. This includes subsequent generations of a product. *K-TEC*, 696 F.3d at 1379 (notice as to "MP container" encompassed updated "XP container" product); *Arthrex*, 2016 WL 11750176, at *2 ("notice of specific products can expand to include later-discovered products"). There is accordingly at minimum a dispute of fact about whether DDR5 products are encompassed within the notice.

In sum, there is more than sufficient evidence in the record from which the jury could conclude that Netlist provided actual notice to Micron of the infringement before suit was filed and therefore can recover damages as of the dates the '918 and '054 Patents issued, which was after the 2015 and 2021 notices. Any dispute about the sufficiency of notice is a fact issue for the jury to resolve.

**B.  Micron Did Not Meet its Burden Under *Arctic Cat***

As to constructive notice, Micron's May 2023 letter did not discharge its obligation under *Arctic Cat* to identify products "which the alleged infringer believes practice the patent." *Arctic Cat Inc.*

*v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). Micron's May 2023 letter purports to ████████████████████████████████████████████████████████████

██████████████████████████████████████████. Dkt. 281-10. ████████████████████

███████████████████████████ ▟███████████████████████████████████████████

██████████████ *Id.* at 2 (emphasis added). Nor does Micron identify any allegation or evidence that all DDR5 products practice the '918 and '054 Patents.

This Court has previously held that such letters do not meet Defendants' burden of production under *Arctic Cat*. In *Arigna Technology Ltd. v. Nissan Motor Co., Ltd.*, 2022 WL 18046695 (E.D. Tex. Sep. 20, 2022), the Court held that a letter identifying "the DNMR008 module" did not satisfy defendant's burden under *Arctic Cat* where the "letter does not articulate the requisite belief that the DNMWR008 module or the chip incorporated therein practices the '318 Patent. In fact, it articulates Toyota's belief as to the opposite: that neither the DNMWR008 module nor the chip incorporated therein practices the '318 Patent. This does not notify Arigna of any defendants' intent to challenge the marking status of either the DNMWR008 module or the chip regarding adherence with § 287." *Id.* at *4. So too here, Micron's letter did not allege any belief the listed DDR5 products incorporated the '918 and '054 Patents and in fact articulated the opposite belief, that the products did not practice. There is accordingly at least a dispute of fact as to whether the burden shifted to Netlist and whether Netlist was required to mark.

  **C. The Court Did Not Consider In *Samsung* Whether Actual Notice Was Given to Micron, a Different Party**

Netlist understands that the Court ruled against it on the issue of notice in the *Samsung* case, however, that ruling was specific to whether actual and constructive notice were provided ***to Samsung***. The Court neither considered nor addressed (1) whether Netlist provided actual notice ***to Micron***, a different party, and (2) whether Micron complied with its obligations under *Arctic Cat*.

These are different factual questions.

Micron does not actually argue that issue preclusion applies to the determination in *Samsung*, and it clearly does not. "Under Fifth Circuit law, collateral estoppel requires: (1) the issue in the current litigation is identical to the one in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the determination of the issue in the prior action was necessary to the judgment in that prior action and (4) there are no special circumstances that would render estoppel inappropriate or unfair." *UltimatePointer, LLC v. LG Elecs., Inc.*, 2023 WL 5511520, at *3 (E.D. Tex. Aug. 25, 2023) (finding no preclusion where issue in second case was not the same). Here at least prongs one through three are not satisfied, because the issue of whether Netlist provided notice to Micron is different from whether it provided notice to Samsung, and notice to Micron was neither litigated in the *Samsung* case nor part of the judgment. Therefore, the Court's determination in *Samsung* is not binding in this case.

## V.      CONCLUSION

For the foregoing reasons, Netlist respectfully submits Micron's motion should be denied.

Dated: November 28, 2023

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)

jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on November 28, 2023, a copy of the foregoing was served to all counsel of record.

/s/ Jason Sheasby
Jason Sheasby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ Jason Sheasby
Jason Sheasby