# EXHIBIT 16

```
IN THE UNITED STATES DISTRICT COURT
   FOR THE EASTERN DISTRICT OF TEXAS
            MARSHALL DIVISION

NETLIST, INC.,                  ( CAUSE NO. 2:21-CV-463-JRG
                                )
        Plaintiff,              (
                                )
vs.                             (
                                )
SAMSUNG ELECTRONICS CO., LTD., (
et al.,                         ) MARSHALL, TEXAS
                                ( MARCH 29, 2023
        Defendants.             ) 9:00 A.M.
_____


                    VOLUME 2

_____

                PRETRIAL CONFERENCE

       BEFORE THE HONORABLE RODNEY GILSTRAP
        UNITED STATES CHIEF DISTRICT JUDGE

_____
```

SHAWN McROBERTS, RMR, CRR
100 E. HOUSTON STREET
MARSHALL, TEXAS  75670
(903) 923-8546
shawn_mcroberts@txed.uscourts.gov

1  an LDO is a converter or not.  Nothing wrong with that.
2  That's good litigation tactics.  But the point is, is that
3  they finally said, We don't think an LDO is a converter.  We
4  said, Of course an LDO is a converter in our opening, and
5  Mr. McAlexander fully joined it.
6      So there can be a theoretical debate as to whether the
7  disclosure was sufficient enough in the contentions, but we
8  can't be mindreaders.  If they don't disclose the
9  non-infringement contention until the end of fact discovery,
10 if we fairly disclose -- and we specifically told them it's
11 the LDOs; in our PICs from the beginning we say it's the LDOs.
12 And then at the end of fact discovery saying an LDO can't be a
13 converter, there's really no other choice than to engage it in
14 the expert report.  It was fully disclosed in the first round
15 and they had the right to respond.
16         THE COURT:  Let me ask you this question.  You just
17 said it was fairly disclosed in the first round.  How many
18 rounds were there?  How many iterations of these contentions
19 were put out?
20         MR. SHEASBY:  Four.
21         THE COURT:  And was it addressed anywhere in the
22 subsequent iterations beyond the first one?
23         MR. SHEASBY:  That it was -- an LDO was a converter
24 circuit?  Every single one said the LDO was the converter
25 circuit.  We were consistent from the beginning.  We never

1  changed it.
2           THE COURT: So you carried what was in the
3  preliminary infringement contentions forward into subsequent
4  iterations.
5           MR. SHEASBY: All the way. We've been saying LDO is
6  the converter circuit from the beginning, and then at the end
7  of fact discovery they say LDO can't be a converter circuit,
8  and then we're in a situation to have to scramble.
9           THE COURT: All right. What else, Mr. Sheasby?
10          MR. SHEASBY: The alleged state of mind, this is
11 sort of a difficult thing. There are highlights in the
12 paragraph where Mr. -- Doctor Mangione-Smith hypothesizes
13 about what Samsung's state of mind would be, but there are
14 vast elements of that paragraph that just discuss the factual
15 record about when Samsung was on notice, objectively on notice
16 of certain things. And so based on the Court's order
17 yesterday, I think the idea that an expert -- I think you said
18 that for Mr. Halbert that experts should not be hypothesizing
19 on the state of mind of --
20          THE COURT: That would apply here as well.
21          MR. SHEASBY: That would apply here as well. And
22 that would be a blanket thing, but the paragraphs contain lots
23 of perfectly appropriate things about notice and state of
24 mind. So on those paragraphs I would just ask that the Court
25 apply the same standard.

1  If the Court has any questions, I'll move on to the next
2  one.
3          THE COURT: No. I mean, my intention here from the
4  briefing and hearing Defendant's argument until you addressed
5  it was to basically say Doctor Mangione-Smith is not going to
6  be permitted to opine on Samsung's state of mind. Now, that
7  should be adequate guidance without going back and taking
8  paragraphs and saying this sentence is in and this sentence is
9  out. And there's no reason why counsel for both sides can't
10 do that with the kind of high-level guidance I'm giving. But
11 that is the Court's guidance--the witness is not going to
12 opine on Samsung's state of mind.
13         MR. SHEASBY: Okay. And then in terms of the Sung
14 Mo Jung's deposition testimony, I think -- so first off,
15 Doctor Mangione-Smith will testify that he read the entire
16 deposition testimony, I believe. As to the --
17         THE COURT: This is the one with the errata?
18         MR. SHEASBY: Yes, this is the one with the errata.
19 I don't think he has the memory to say, I read the pages of
20 the errata or not. They were given to him. As to whether he
21 physically read the errata, we don't know the answer to that
22 because he doesn't remember it anymore. But we know that the
23 original is part of the record, so you can't get away from the
24 original. The way this works is you have the original and
25 then they can also put in the corrected version. And Doctor

1   Mangione-Smith did quote from the original version and they're
2   fighting about things from 'implements' to 'supports', that
3   they change these individual words.
4        And there was no idea to be evasive or to sort of do
5   anything underhanded.  If Doctor Mangione-Smith publishes this
6   testimony to the jury, depending on what testimony's admitted,
7   we can publish the corrections as well.  But there was no
8   intention to play games.  These are either minor amendments or
9   improper amendments, and the courts have said that the
10  testimony -- the original testimony is part of the record that
11  he can consider.  And they can certainly cross examine him on
12  the fact there were these changes.
13       I can tell you we do not accept these changes as proper
14  in many instances, and we'll actually be moving to strike the
15  changes as outside the appropriate federal rules because they
16  were substantive.
17            THE COURT:  You will be moving to strike them?
18            MR. SHEASBY:  Yes.
19            THE COURT:  When is that going to be?  The day we
20  select the jury?  This is pretrial.
21            MR. SHEASBY:  So the way I think it would work is
22  we designate the testimony, they counterdesignate the
23  corrections, and then we'd object to the corrections.
24            THE COURT:  Let me ask you this.  Do you dispute
25  Doctor Albert's representation that the errata was available

```
 1            I HEREBY CERTIFY THAT THE FOREGOING IS A
 2       CORRECT TRANSCRIPT FROM THE RECORD OF
 3       PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
 4       I FURTHER CERTIFY THAT THE TRANSCRIPT FEES
 5       FORMAT COMPLY WITH THOSE PRESCRIBED BY THE
 6       COURT AND THE JUDICIAL CONFERENCE OF THE
 7       UNITED STATES.
 8
 9       S/Shawn McRoberts                  03/31/2023
10       _____DATE_____
         SHAWN McROBERTS, RMR, CRR
11       FEDERAL OFFICIAL COURT REPORTER
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```