# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 2:22-CV-203-JRG |
| vs. | ) ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS INC., MICRON TECHNOLOGY TEXAS LLC, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF NETLIST INC.'S OPPOSED MOTION FOR LEAVE
TO SUPPLEMENT EXPERT REPORTS**

**TABLE OF CONTENTS**

Page

I.  FACTUAL BACKGROUND ....................................................................................... 1

   A.  Netlist Deposed TI's Corporate Witness on October 27 ..................................... 2

   B.  Micron Produced the I/O Terminal Mapping for its HBM3 Products on October 20—Several Weeks After the Close of Fact Discovery ................... 2

   C.  Netlist Deposed Additional Micron Witnesses ................................................... 3

II. LEGAL STANDARD .................................................................................................. 4

III. ARGUMENT ............................................................................................................... 5

   A.  Explanation of Netlist's Late Disclosures ........................................................... 5

      i.   Supplemental Reports of Dr. Mangione-Smith ....................................... 5

      ii.  Supplemental Report of Dr. Brogioli ....................................................... 6

   B.  There is No Prejudice to Micron ......................................................................... 7

   C.  A Continuance Is Not Necessary ........................................................................ 8

   D.  Importance of Netlist Expert Witnesses' Testimony .......................................... 8

      i.   Supplemental Reports of Dr. Mangione-Smith ....................................... 8

      ii.  Supplemental Report of Dr. Brogioli ....................................................... 9

IV. CONCLUSION .......................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Biscotti Inc. v. Microsoft Corp.*,
  2017 WL 2607882 (E.D. Tex. May 25, 2017) ....................................................................... 4, 7

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
  2017 WL 4619791 (E.D. Tex. Oct. 16, 2017) ....................................................................... 4, 7

*Image Processing Techs., LLC v. Samsung Elecs. Co.*,
  2020 WL 2395928 (E.D. Tex. May 12, 2020) ........................................................................... 4

*Image Processing Techs, LLC v. Samsung Elecs Co. Ltd.*,
  2020 WL 2499810 (E.D. Tex. May 14, 2020) ....................................................................... 4, 8

*Kaist IP US LLC v. Samsung Elecs. Co., Ltd.*,
  2018 WL 1833341 (E.D. Tex. Apr. 17, 2018) ............................................................................ 7

*Netlist, Inc. v. Samsung Elecs. Co. Ltd.*,
  No. 21-cv-463 (E.D. Tex.) ......................................................................................................... 5

Plaintiff Netlist, Inc. ("Netlist") respectfully requests leave to serve the following supplemental expert reports on Defendants Micron Technology, Inc., Micron Semiconductor Products Inc., and Micron Technology Texas, LLC (collectively, "Micron"):

- 2023-11-06: Supplemental Expert Report of Dr. William Henry Mangione-Smith. Ex. 1.
- 2023-11-22: Second Supplemental Expert Report of Dr. William Henry Mangione-Smith. Ex. 2.
- 2023-11-28: Supplemental Report of Dr. Michael Brogioli. Ex. 3.

These supplemental reports analyze deposition testimony and other evidence produced by Micron after the Court's deadline for opening expert reports had passed.

In an effort to avoid motion practice, Netlist asked Micron on November 22 whether it would oppose Netlist's motion for leave to amend, and on November 26 whether Micron intended to serve rebuttal reports to address Netlist's supplemental reports. Micron responded that it opposed Netlist's motion.

## I.   FACTUAL BACKGROUND

The original deadline to serve opening expert reports was September 5, 2023. Dkt. 43. Fact discovery for this case closed on September 20. Dkt. 182. Because of Micron's consistent failures to provide sufficient document production and make witnesses available for deposition before the deadline, Netlist had no choice but to file motions to compel production of documents and witness depositions and for an extension of the opening expert report deadline. Dkts. 165; 185, 191. The Court issued an amended docket control order extending the expert report deadline to October 4. Dkt. 182.

On October 4, Netlist served the opening report of Dr. Mangione-Smith, which presented Dr. Mangione-Smith's analysis regarding infringement of the '918/'054 patents and Micron's DDR5 products. That same day, Netlist served Dr. Brogioli's opening report, which analyzed infringement of the '060/'160 patents and Micron's HBM products. As summarized

below, after those reports were submitted, Netlist deposed additional witnesses, and Micron produced a key document relevant to infringement of the '060 and '160 patents.

### A. Netlist Deposed TI's Corporate Witness on October 27

The Court permitted Netlist to take the deposition of TI's witness out of time at the October 23 discovery motion hearing. Dkt. 255 at 2. Netlist promptly deposed TI's corporate representative, Angelo Pereira, on October 27. The final transcript of Mr. Pereira's deposition was provided to Netlist on October 31 and Dr. Mangione-Smith supplemented his report six days later on November 6 based on his analysis of the final deposition transcript. The Supplemental Expert Report of William Henry Mangione-Smith (hereafter the "First Supplemental Report"), which constitutes 21 pages of analysis, analyzes this deposition transcript and how the testimony impacts the opinions in his opening report served on October 4. *See* Ex. 1. Dr. Mangione-Smith does not disclose any new opinions or theories in his First Supplemental Report. *Id.*

### B. Micron Produced the I/O Terminal Mapping for its HBM3 Products on October 20—Several Weeks After the Close of Fact Discovery

Micron obstructed discovery into its HBM products by improperly designating hundreds of documents as source code. *See* Dkt. 178 at 2-5. Netlist's September 16 motion to show cause identified that Micron's production was incomplete in that some of the produced documents included hyperlinks to documents that Micron did not produce, including ▮▮▮▮ for Micron's HBM products. *See id.* at 3 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.") (emphasis added). Micron finally produced the ▮▮▮▮ for these products on October 20. Ex. 4 (Oct. 20, 2023 Park Email producing MICNL203-00259238). Dr. Brogioli's supplemental report ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

███████████████████████████████████████████. Ex. 3 ¶¶ 16-19. As explained below, Netlist confirmed this information during the deposition of Micron engineer Zachary Stordahl, who was deposed on November 7.

### C. Netlist Deposed Additional Micron Witnesses

Micron resisted deposition discovery of a number of its engineers throughout this case even after the Court denied its motion for a protective order on September 19. On October 23, the Court ordered out-of-time depositions of several Micron witnesses knowledgeable about the structure and operation of Micron's DDR5 and HBM products. Dkt. 255 at 3 ("Defendants are ORDERED to make Messrs. Stordahl, Limaye, and Mittal available for deposition."). Netlist deposed these witnesses on the first available dates: November 7 for Mr. Stordahl and November 15 for Dr. Mittal. Ex. 5 (Nov. 1 McCullough Email), Ex. 6 (Nov. 3 McCullough Email).

On November 7, Netlist deposed Mr. Stordahl, who is Micron's Senior Manager on its HBM product engineering team. Ex. 7 at 7:5-10. The final transcript of Mr. Stordahl's deposition was provided to Netlist on November 10.

On November 15, Netlist deposed Micron witness Dr. Samir Mittal, Micron's CVP of Silicon Systems AI and Central Engineering, and the chief engineer responsible for the launch and design of Micron's DDR5 and HBM Products. Ex. 8 (Mittal Tr.) at 8:3-22. The final transcript of the deposition of Dr. Mittal was provided to Netlist on November 20.

On November 22, two business days after Netlist received the final transcript of Dr. Mittal's deposition, Netlist served Dr. Mangione-Smith's Second Supplemental Report. Ex. 2. The Second Supplemental Expert Report of William Henry Mangione-Smith (hereafter the "Second Supplemental Report"), which constitutes 17 pages of analysis, analyzes this deposition transcript of Dr. Mittal and how it impacts the opinions in his opening and supplemental reports respectively served on October 4 and November 11. *See* Ex. 2. Dr. Mangione-Smith does not disclose any new opinions or theories in this supplemental report. *Id.* Dr. Mangione-Smith's

Second Supplemental Report was served nearly three weeks before the expert discovery deadline. Dkt. 263.

On November 28, four business days after Netlist received the final transcript of Dr. Mittal's deposition, Netlist served Dr. Brogioli's supplemental report. The Supplemental Expert Report of Michael C. Brogioli, Ph.D., which constitutes 37 pages of analysis, analyzes the late-produced DA PortMap document and the testimony of Mr. Stordahl and Dr. Mittal regarding the operation of Micron's HBM products, and how this evidence impacts the opinions in his opening report served on October 4. *See* Ex. 3. Dr. Brogioli's supplemental report does not include opinions or theories that go beyond those disclosed in his opening report. *Id.* Dr. Brogioli's report was produced nearly two weeks before the expert discovery deadline. Dkt. 263.

## II. LEGAL STANDARD

In determining whether to permit a party to supplement an expert report after the close of expert discovery, this Court considers four factors: "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony." *Image Processing Techs., LLC v. Samsung Elecs. Co.*, 2020 WL 2395928, at *2 (E.D. Tex. May 12, 2020) (quotation omitted). Courts in this District routinely allow leave to supplement expert reports based on new information disclosed by the opposing party after the parties exchanged opening and rebuttal reports. *See e.g. Huawei Techs. Co. v. T-Mobile US, Inc.*, 2017 WL 4619791, at *4 (E.D. Tex. Oct. 16, 2017) (finding the "late email production [by the defendant] justifies Huawei's supplementation" of expert reports); *Biscotti Inc. v. Microsoft Corp.*, 2017 WL 2607882, at *1 (E.D. Tex. May 25, 2017) (granting leave to supplement expert report to "include information revealed through additional discovery and source code disclosures [] occurred after the service of Dr. Wicker's opening report"); *Image Processing Techs, LLC v. Samsung Elecs Co. Ltd.*, 2020 WL 2499810, at *1 (E.D. Tex. May 14, 2020) (granting leave to file

supplemental expert report to address "newly raised positions regarding alleged non-infringing alternatives presented by Defendants… in their… supplemental rebuttal expert report.").

### III.   ARGUMENT

All four factors weigh in favor of allowing Netlist to supplement its expert reports.

#### A.   Explanation of Netlist's Late Disclosures

As discussed above, *supra* 2-4, Netlist's supplemental reports analyze information that was not available until after the original opening expert report deadline expired, including deposition testimony from TI's corporate representative Mr. Pereira, and Micron witnesses Mr. Stordahl and Dr. Mittal. This court routinely grants similar motions for leave to supplement a party's expert reports under similar circumstances involving fact discovery that was obtained after the opening reports were submitted. *See, e.g.*, *Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, No. 21-cv-463 (E.D. Tex.) Dkt. 432 at 9 ("The Court **GRANTED** the motion with respect to the second supplement to Mr. Kennedy's report and to the supplement to Dr. Brogioli's report."); *see also id.,* Dkt. 427 (Pre-trial Conference Transcript, Vol. 2) at 181:1-3 ("THE COURT: Okay. All right. Well, I'll approve the supplemental report for Kennedy and Brogioli limited only to the deposition of Doctor Lee."); *supra* 4.

      i.   <u>Supplemental Reports of Dr. Mangione-Smith</u>

Dr. Mangione-Smith's First Supplemental Report was served on November 6, over a month before the end of expert discovery. The Court granted Netlist's motion to take the deposition of TI's witness, Mr. Pereira, out-of-time. Dkt. 255 at 2. Netlist conducted this deposition four days later and the final transcript was provided to Netlist on October 31. Dr. Mangione-Smith promptly reviewed this deposition and supplemented his report in less than a week. Dr. Mangione-Smith's First Supplemental Report was thus served after the deadline for reasons entirely beyond Netlist's control, including Micron's delays and third-party scheduling conflicts.

Dr. Mangione-Smith's Second Supplemental Report was served on November 22, nearly three weeks before the close of expert discovery on December 11. Dkt. 263 at 3. As explained above, *supra* 3-4, Micron refused to make Dr. Mittal available for deposition until ordered to do so by the Court. Dkt. 255. Following the Court's Order, Netlist deposed these witnesses as soon as Micron made them available. Netlist deposed Dr. Mittal on November 15. Two business days after receiving the final transcript of Dr. Mittal's deposition, Dr. Mangione-Smith served his Second Supplemental Report. Dr. Mittal is responsible for the design of Micron's DDR5 products, and provided information Netlist could not have obtained elsewhere. Dr. Mangione-Smith's Second Supplemental Report was thus produced after the deadline for reasons entirely beyond Netlist's control, namely Micron's delays and witness availability.

  ii. <u>Supplemental Report of Dr. Brogioli</u>

Dr. Brogioli's Supplemental Report was served on November 28, nearly two weeks before the close of expert discovery. As detailed above, *supra* 3-4, Micron has consistently impeded discovery into its HBM products throughout this case. Accordingly, several pieces of information were not available to Dr. Brogioli until after he submitted his Opening Report, namely: (1) the deposition testimony of Dr. Mittal on November 15, who was in charge of "performance analysis of high bandwidth memory products" (Ex. 8 at 8:13-25); (2) the deposition testimony of Mr. Stordahl on November 7, the Senior Manager on Micron's HBM product engineering team (Ex. 7 at 7:5-10); and (3) the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, produced by Micron several weeks after Opening Reports on October 20. Dr. Brogioli's Supplemental Report was thus produced after the deadline for reasons entirely beyond Netlist's control, namely Micron's delays and witness availability.

There is no dispute that the information addressed in these supplemental reports was not available to Netlist until after the opening expert reports were served on October 4. Further, upon receiving the information, Netlist diligently reviewed it and promptly served the supplemental

reports as soon as possible. Thus, the first factor favors allowing Netlist to supplement the expert reports. *See e.g. Huawei Techs.*, 2017 WL 4619791, at *4 (finding the "late email production [by the defendant] justifies Huawei's supplementation" of expert reports); *Biscotti*, 2017 WL 2607882, at *2 (granting leave to supplement expert report to add new arguments for certain claims due to "late production of discovery" by the opponent).

### B.     There is No Prejudice to Micron

Dr. Mangione-Smith's supplemental reports do not change the theory or methodology of his opening reports. Instead, the proposed supplemental reports provide additional context, background, and factual basis to support the expert's opinions. *See generally supra* 2-4. Dr. Mangione-Smith's deposition is currently scheduled for the week of December 11. Given the ample time Micron has had to review Dr. Mangione-Smith's supplemental reports prior to his deposition the week of December 11 – First Supplement (5 weeks) and Second Supplement (3 weeks), Micron will suffer no harm in its ability to prepare for Dr. Mangione-Smith's deposition. Micron will have the opportunity to depose Dr. Mangione-Smith on his supplemental reports to the same extent as his opening report.

Similarly, Dr. Brogioli's Supplemental Report does not change the theory of his opening report; it only provides additional context and support for his original opinions based on the late-produced information. Dr. Brogioli's deposition is scheduled for December 8, giving Micron nearly two weeks to review the 37 page supplement, much of which is directly quoting deposition transcripts Micron has already had in its possession.

Thus, Micron will not suffer any prejudice. *See Kaist IP US LLC v. Samsung Elecs. Co.*, 2018 WL 1833341, at *2 (E.D. Tex. Apr. 17, 2018) (finding the defendants will not be prejudiced because "[t]he supplementation is minimal and will not impede trial preparation"). Moreover, Micron has not contended that it has suffered any prejudice by these timely supplements. Indeed, to the extent that Micron contends that it would suffer any prejudice, it is self-inflicted—Netlist

repeatedly asked Micron to make these witnesses available for deposition during fact discovery, but Micron simply refused until it was ordered to do so by the Court. *Supra* 3-4.

### C. A Continuance Is Not Necessary

Because trial is set to start on January 22, 2024, two months away from Netlist's service of the limited supplements to its opening reports, a continuance is not necessary. *Image Processing Techs.*, 2020 WL 2499810, at *4 (because "the trial is nearly two months away," "no continuance is necessary to mitigate prejudice," and "this factor weighs in favor of [the movant for leave to supplement]").

### D. Importance of Netlist Expert Witnesses' Testimony

#### i. Supplemental Reports of Dr. Mangione-Smith

Dr. Mangione-Smith's First Supplemental Report and Second Supplemental Report focus on the analysis of Micron's DDR5 DIMMs, which is directly relevant to Dr. Mangione-Smith's opinions in Exhibit B of his opening report regarding whether Micron's DDR5 DIMMs infringe the '918 and '054 patents. *See* Ex. 1 ¶¶ 2-3; Ex. 2 ¶¶ 2-3.

Dr. Mangione-Smith's supplemental reports analyze the deposition testimony of Mr. Pereira from TI, a PMIC supplier for Micron's DDR5 DIMMs, and Dr. Mittal, Micron's Corporate Vice President for Silicon Systems responsible for the design of Micron's DDR5 products. Both depositions provide insights that are highly relevant to Dr. Mangione-Smith's infringement analysis of Micron's DDR5 products. For example, Mr. Pereira's testimony supplements Dr. Mangione-Smith's opinion that the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex. 1 ¶¶ 7-17 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *id.* ¶¶ 18-20 ▇▇▇▇▇▇▇▇▇▇▇▇▇ Mr. Pereira's testimony also supplements Dr. Mangione-Smith's opinions that the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 1 ¶¶ 21-24. Dr. Mangione-

Smith further confirmed these limitations were met by analyzing Dr. Mittal's deposition, noting that because ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ Ex. 3 ¶ 8; *id.* ¶¶ 9-12 (analysis for "converter circuit") ¶¶ 25-26 (analysis for "operable state").

Additionally, Dr. Mittal's testimony provided further supporting evidence for Dr. Mangione-Smith's opinions on ███████████████████████████████████████ ███████████████████████████████████████████████████████████ ██████████████

The testimony resulting from the out-of-time depositions of Mr. Pereira and Dr. Mittal, and Dr. Mangione-Smith's analysis of that evidence, is important to his opinions and to issues to be decided by the jury in this case. For example, Micron contends that the '918 Patent Accused Products ███████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████ Ex. 9 (Micron's 7th Suppl. Responses to Netlist First Set of Interrogatories), at 90-92. The testimony of Mr. Pereira and Dr. Mittal contradicting these arguments is thus important for Dr. Mangione-Smith to explain to the jury how the structure and operation of Micron's DDR5 DIMMs satisfy the claims of the '918 and '054 patents. Preventing Dr. Mangione-Smith from incorporating this testimony in his infringement analysis would reward Micron's dilatory efforts by excluding the very evidence it sought to delay or withhold.

        ii.       <u>Supplemental Report of Dr. Brogioli</u>

Dr. Brogioli's Supplemental Report likewise contains important facts to support his infringement analysis. These facts are particularly important given the substantial delays in Micron's production of HBM documents and witnesses. *See* Dkts. 74, 152, 137, 169, 178, 186, 191 (Motions to Compel HBM Information). For example, Dr. Mittal provided testimony that Dr. Brogioli was not previously able to consider as to ████████████████████████

▇▇▇ Ex. 3 ¶ 7 (quoting Dr. Mittal's testimony that ▇▇▇ ▇▇▇ ▇▇▇. *Id.* ¶¶ 5-6. These subjects were all covered in Dr. Brogioli's Opening Report, and the Supplemental Report merely provides further support. *Id.* ¶¶ 3-8.

Similarly, the testimony of Dr. Mittal and Mr. Stordahl supplements Dr. Brogioli's opinion that ▇▇▇. The testimony offers support for Dr. Brogioli's position ▇▇▇ which Samsung's expert Dr. Woods disputes. Woods Opening Rpt. ¶ 33; Ex. 3 (Brogioli Supplemental Rpt.) ¶¶ 9-12 (analyzing Dr. Mittal's and Mr. Stordahl's testimony as it relates to the "array die" limitation). Dr. Brogioli's Supplemental Report also analyzes Dr. Mittal's testimony ▇▇▇ ▇▇▇. *See id.* ¶¶ 13-15.

With respect to the contested "data conduit" limitation, Mr. Stordhal's testimony also provides additional evidence of infringement and reveals additional modes of infringement that Dr. Brogioli was not able to consider previously. Ex. 3 ¶ 19 ▇▇▇ *id.* ¶ 16-18. Dr. Brogioli's Supplemental Report includes his analysis of the ▇▇▇ Micron failed to produce until Netlist requested it do so in its Motion for Sanctions. Dkt. 178; Ex. 3 ¶ 17. Mr. Stordahl confirmed ▇▇▇

████████ This is plainly relevant to Dr. Brogioli's infringement analysis, and Netlist would be prejudiced if Dr. Brogioli was not permitted to supplement his report to consider this late disclosed evidence.

## IV.     CONCLUSION

For the foregoing reasons, Netlist's motion for leave to serve supplemental expert reports should be granted.

Dated: December 1, 2023

Respectfully submitted,

*/s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

                                Rebecca Carson (*pro hac vice*)
                                rcarson@irell.com
                                **IRELL & MANELLA LLP**
                                840 Newport Center Drive, Suite 400
                                Newport Beach, CA 92660

                                ***Attorneys for Plaintiff Netlist, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 1, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Michael Tezyan*
Michael Tezyan

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Michael Tezyan*
Michael Tezyan

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on December 1, 2023 counsel for the parties met and conferred on the issues raised in this motion. Counsel for Micron confirmed that Micron opposed the motion.

*/s/ Michael Tezyan*
Michael Tezyan