# EXHIBIT 1
# FILED UNDER SEAL

```
 1                IN THE UNITED STATES DISTRICT COURT
                   FOR THE EASTERN DISTRICT OF TEXAS
 2                         MARSHALL DIVISION

 3  NETLIST, INC.,                  (  CAUSE NO. 2:21-CV-463-JRG
                                    )
 4          Plaintiff,              (
                                    )
 5  vs.                             (
                                    )
 6  SAMSUNG ELECTRONICS CO., LTD.,  (
    et al.,                         )  MARSHALL, TEXAS
 7                                  (  MARCH 29, 2023
            Defendants.             )  9:00 A.M.
 8  _____

 9
                              VOLUME 2
10
    _____
11
                         PRETRIAL CONFERENCE
12
            BEFORE THE HONORABLE RODNEY GILSTRAP
13           UNITED STATES CHIEF DISTRICT JUDGE

14  _____

15

16

17

18

19

20

21

22              SHAWN McROBERTS, RMR, CRR
                  100 E. HOUSTON STREET
23               MARSHALL, TEXAS  75670
                     (903) 923-8546
24         shawn_mcroberts@txed.uscourts.gov

25
```

1  changed it.
2          THE COURT:  So you carried what was in the
3  preliminary infringement contentions forward into subsequent
4  iterations.
5          MR. SHEASBY:  All the way.  We've been saying LDO is
6  the converter circuit from the beginning, and then at the end
7  of fact discovery they say LDO can't be a converter circuit,
8  and then we're in a situation to have to scramble.
9          THE COURT:  All right.  What else, Mr. Sheasby?
10         MR. SHEASBY:  The alleged state of mind, this is
11 sort of a difficult thing.  There are highlights in the
12 paragraph where Mr. -- Doctor Mangione-Smith hypothesizes
13 about what Samsung's state of mind would be, but there are
14 vast elements of that paragraph that just discuss the factual
15 record about when Samsung was on notice, objectively on notice
16 of certain things.  And so based on the Court's order
17 yesterday, I think the idea that an expert -- I think you said
18 that for Mr. Halbert that experts should not be hypothesizing
19 on the state of mind of --
20         THE COURT:  That would apply here as well.
21         MR. SHEASBY:  That would apply here as well.  And
22 that would be a blanket thing, but the paragraphs contain lots
23 of perfectly appropriate things about notice and state of
24 mind.  So on those paragraphs I would just ask that the Court
25 apply the same standard.

1  If the Court has any questions, I'll move on to the next
2  one.
3         THE COURT: No. I mean, my intention here from the
4  briefing and hearing Defendant's argument until you addressed
5  it was to basically say Doctor Mangione-Smith is not going to
6  be permitted to opine on Samsung's state of mind. Now, that
7  should be adequate guidance without going back and taking
8  paragraphs and saying this sentence is in and this sentence is
9  out. And there's no reason why counsel for both sides can't
10 do that with the kind of high-level guidance I'm giving. But
11 that is the Court's guidance--the witness is not going to
12 opine on Samsung's state of mind.
13        MR. SHEASBY: Okay. And then in terms of the Sung
14 Mo Jung's deposition testimony, I think -- so first off,
15 Doctor Mangione-Smith will testify that he read the entire
16 deposition testimony, I believe. As to the --
17        THE COURT: This is the one with the errata?
18        MR. SHEASBY: Yes, this is the one with the errata.
19 I don't think he has the memory to say, I read the pages of
20 the errata or not. They were given to him. As to whether he
21 physically read the errata, we don't know the answer to that
22 because he doesn't remember it anymore. But we know that the
23 original is part of the record, so you can't get away from the
24 original. The way this works is you have the original and
25 then they can also put in the corrected version. And Doctor