UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-203-JRG <br><br> JURY TRIAL DEMANDED |

### DEFENDANTS' SUPPLEMENT TO
### DEFENDANTS' MOTION TO STAY (DKT. NO. 80)

Micron hereby submits this supplement to its Motion to Stay. The Patent Trial and Appeal Board ("PTAB") has now found that all claims asserted against products sold by Micron are unpatentable. Two additional patents-in-suit have instituted IPRs that will be decided by April 12, 2024, but Netlist does not assert those patents against Micron's current products. Instead, those patents are only asserted against Micron's HBM3 design which is still in development. The status of the IPR proceedings are as follows:

| Asserted Patent | Status |
|---|---|
| U.S. Patent No. 10,860,506 | All claims found invalid in IPR2023-00205 on October 17, 2023. Netlist informed the Court on October 23, 2023 that it is no longer pursuing infringement of any claim in the '506 patent. |
| U.S. Patent No. 10,949,339 | All claims found invalid in IPR2023-00204 on October 18, 2023. Netlist informed the Court on October 23, 2023 that it is no longer pursuing infringement of any claim in the '339 patent. |
| U.S. Patent No. 11,232,054 | All claims found invalid in IPR2023-00999 on December 5, 2023. |

1

| U.S. Patent No. 11,016,918 | All claims found invalid in IPR2023-00996 on December 6, 2023. |
|---|---|
| U.S. Patent No. 8,787,060[1] | Challenged in IPR2023-00882 - Final Written Decision anticipated by April 12, 2024. |
| U.S. Patent No. 9,318,160[1] | Challenged in IPR2023-00883 - Final Written Decision anticipated by April 12, 2024. |

These invalidity decisions support Micron's Motion to Stay because they invalidate **all** of the patent claims that are asserted against Micron's commercial products. Specifically, Netlist is now only asserting the '060 and '160 patents against Micron's "HBM3" product design. Micron has not, however, **commercially released** HBM3 products—the design is still in qualification staging.[2] Therefore, the only patents remaining in the case, that the PTAB has not yet invalidated, are asserted against a pre-sale product design.

Proceeding to trial on accusations against products that are not on the market would require substantial resources by the parties and the Court, resources that can potentially be conserved by granting a stay. Indeed, Netlist's damages theory is based on speculative projections of future HBM3 sales and based on the jury award from the *Samsung* litigation that is still in post-trial briefing, and which was based on infringement of three of the now-invalidated patents. This damages theory is untenable, and Micron has filed a related motion to strike. *See* Dkt. No. 273.[3]

Netlist would not be prejudiced by a stay. 

. *See* Ex.

---

[1] The PTAB instituted Micron's petitions that challenged all asserted claims of U.S. Patent Nos. 8,787,060 and 9,318,160. *Micron Tech., Inc., et. al. v. Netlist, Inc.*, IPR2023-00882, Paper 7 (PTAB Oct. 26, 2023); *Micron Tech., Inc., et. al. v. Netlist, Inc.*, IPR2023-00883, Paper 7 (PTAB Oct. 26, 2023).

[2] Netlist originally accused "HBM2" products in its infringement contentions. Netlist, however, in its opening expert reports, ultimately withdrew those allegations and admitted that HBM2 products do not infringe.

[3] Netlist's liability theory for this case is also untenable. Every asserted claim in the '060 and '160 patents recites "array dies" which the Court construed as "something other than a DRAM circuit"—yet Netlist is accusing DRAM circuits of infringement. *See* Dkt. No. 279.



A at 46:15-47:3 (⬛). Furthermore, Netlist is not seeking injunctive relief and a "stay will not diminish the monetary damages to which [Netlist] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages. . . ." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014).

A stay is also warranted because Netlist **refuses to withdraw** the invalid '918 and '054 patents from this litigation.[4]  Absent a stay, there is a significant amount of work required based on Netlist's refusal to withdraw these invalid patents.  The parties are preparing to take and defend expert depositions with respect to these invalid patents, there are multiple dispositive and *Daubert* motions pending with this Court directed to these patents (e.g., Dkt. Nos. 267, 268, 274, 275, 276, 278, 281, 282), the parties are disputing Netlist's opposed motion to supplement its expert report with respect to these patents (Dkt. No. 316), and Micron is preparing supplemental reports to address evidence obtained after the report deadlines and to rebut Netlist's supplemental reports with respect to these patents.  Micron is also scheduling the deposition of the lead inventor on Netlist's invalid patents (per the Court's Order Dkt. No. 255), which is a deposition of a third-party[5] that can potentially be avoided by staying the case.

---

[4] Netlist is unreasonably asserting 47 claims from these two invalid patents.
[5] Netlist's counsel misrepresented that they represented Mr. Chen throughout the entire case.  *See* Dkt. No. 181.  Micron has now learned that Mr. Chen is employed by a third-party company (Smart Modular) and represented by separate counsel.

This case should be stayed to avoid further unnecessary expenditure of party and judicial resources.  Trial is currently set for January 22, 2024.  Given the short duration of the requested stay, the lack of sales for the accused products, and the significant amount of party and judicial resources that will otherwise be required over the next few months, Defendants respectfully request that the Court stay the case.

Dated: December 8, 2023              Respectfully submitted,


By: */s/ Michael R. Rueckheim*
    Thomas M. Melsheimer
    State Bar No. 13922550
    TMelsheimer@winston.com
    Natalie Arbaugh
    State Bar No. 24033378
    NArbaugh@winston.com
    WINSTON & STRAWN LLP
    2121 N. Pearl Street, Suite 900
    Dallas, TX 75201
    Telephone: (214) 453-6500
    Facsimile: (214) 453-6400

    David P Enzminger (*pro hac vice*)
    denzminger@winston.com
    WINSTON & STRAWN LLP
    333 South Grand Avenue, 38th Floor
    Los Angeles, CA 90071-1543
    Telephone: (213) 615-1700
    Facsimile: (213) 615-1750

    Michael R. Rueckheim
    State Bar No. 24081129
    MRueckheim@winston.com
    Ryuk Park (*pro hac vice*)
    RPark@winston.com
    Matthew R. McCullough
    State Bar No. 301330
    MRMcCullough@winston.com
    WINSTON & STRAWN LLP
    255 Shoreline Drive, Suite 520

Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

William M. Logan
State Bar No. 24106214
wlogan@winston.com
Juan C. Yaquian *(pro hac vice)*
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002-2925
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Andrea Fair
State Bar No. 24078488
andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR DEFENDANTS MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., AND MICRON TECHNOLOGY TEXAS LLC**

## CERTIFICATE OF SERVICE

I certify that, on December 8, 2023, a copy of the foregoing was served on all counsel of record via the Court's ECF system and email.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim