IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:22-CV-203-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., | ) |
| MICRON SEMICONDUCTOR | ) ▇▇▇▇▇▇▇▇▇▇▇▇ |
| PRODUCTS INC., MICRON | ) |
| TECHNOLOGY TEXAS LLC, | ) |
| | ) |
| Defendants. | ) |

**NETLIST INC.'S REPLY IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT ON MICRON'S EQUITABLE DEFENSES
(DKT. 274)**

Micron states that it is dropping its standards-based estoppel and prosecution history estoppel defenses: "Defendants ('Micron') are not pursuing standards-based estoppel or prosecution history estoppel defenses." Dkt. 301 at 1. Notably, Micron is resisting summary judgment on withdrawn defenses, even though it is improperly moving for summary judgment on withdrawn infringement claims. *Compare* Dkt. 279 at 6-7 and Dkt. 332 at 1 (Micron MSJ), *with* Dkt. 301 at 1 (Micron Opp.).

With respect to prosecution laches, Micron argues that Netlist "unreasonably, inexcusably, and prejudicially delayed in prosecuting claims of the '918 and '054 Patents." Opp. at 1. This is the exact same argument that this Court rejected in its ruling following the bench trial in *Netlist v. Samsung*:

> Netlist's prosecution of the '918 and '054 Patent claims—including its decision of when and how to prosecute disclosed inventions and their embodiments, such as those directed to hybrid memory and those that are not—does not amount to an "unreasonable and unexplained delay in prosecution that constitutes an egregious misuse of the statutory patent system under the totality of the circumstances" so as to warrant a finding of prosecution laches. [Dkt. 274-2 at 36].
> \*\*\*
> The prosecution history of the '918 and '054 Patent family further indicates that Netlist showed at least some reasonable diligence in prosecuting each of the patent applications that arose from the disclosure set forth in the '918 and '054 Patent family specification . . . . Samsung does not point to any "unexplained gap" in the prosecution history of the '918 and '054 Patent family because Netlist continuously filed patent applications between 2008 to the present day—i.e., Netlist was not "sitting on its hands." [Dkt. 274-2 at 37].

The facts here are the same as they were before the Court in *Samsung*. Micron identifies no new evidence, and the prosecution history is not disputed—indeed, Micron does not even respond to Netlist's statement of undisputed facts. Micron identifies no basis to hold a second trial on the exact same record and issue. Instead, Micron cites to an out-of-district decision, *Sonos, Inc. v. Google LLC*, 2023 WL 6542320 (N.D. Cal. Oct. 6, 2023). The facts in *Sonos* are significantly different. There, among other things, the patentee filed continuation applications with amended specifications and figures but attempted to claim priority to a decade-old application, and then incorrectly represented to the patent office the applications contained no new matter. *Id.* at \*13. Here, this Court already held there was no unreasonable or unexplained delay by Netlist, and Netlist did not add new matter to its specification.

- 1 -

| | |
|---|---|
| Dated: December 6, 2023 | Respectfully submitted,<br><br>*/s/ Jason G. Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Andrew Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>Rebecca Carson (*pro hac vice*)<br>rcarson@irell.com<br>**IRELL & MANELLA LLP**<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

## CERTIFICATE OF SERVICE

I hereby certify that, on December 6, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao