IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:22-CV-203-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., | ) |
| MICRON SEMICONDUCTOR | ) |
| PRODUCTS INC., MICRON | ) |
| TECHNOLOGY TEXAS LLC, | ) |
| | ) |
| Defendants. | ) |

**NETLIST INC.'S REPLY IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT REGARDING IPR ESTOPPEL AS TO THE '918
AND '054 PATENTS (DKT. 275)**

Micron argues that, even after a final written decision in IPR, it can re-present the **same** prior art references and combinations to the jury in this case because it has not used "identical" phrasing to describe its invalidity grounds. That is not the law. Section 315(e)(2) estoppel precludes any ground "that the petitioner raised or reasonably could have raised during that inter partes review." A ground is the same (and thus actually raised) where, even if not identically phrased, it consists of a combination of references that is "simply a subset of the instituted grounds" or has "no substantive difference" from the IPR ground. *Biscotti Inc. v. Microsoft Corp.*, 2017 WL 2526231, at *7-8 (E.D. Tex. May 11, 2017); *Hafeman v. LG Elecs., Inc.*, 2023 WL 4362863, at *1 (W.D. Tex. Apr. 14, 2023).

Here, Micron does not even attempt to dispute Netlist's explanation in its motion that all of the invalidity grounds Micron presents involve the same references as the IPRs and are a subset of the IPR grounds with no substantive difference. Dkt. 275 at 3-8. Nor does Micron dispute all its grounds could have been raised. Micron merely argues that because its petitions were joined to Samsung's, estoppel is limited to grounds actually raised. The Court need not reach this argument because all of Micron's grounds are actually raised in the IPRs. But in any event, the Federal Circuit did not hold in *Network-1 Techs., Inc. v. Hewlett-Packard Co.*, 981 F.3d 1015, 1027 (Fed. Cir. 2020) that estoppel is limited any time there is a joinder. Rather, in *Network-1* the joined party (HP) was "time-barred" from filing its own petition, and the only way it could participate in the IPR was to file a request for joinder limited to the same grounds. *Id.* at 1027. Here, Micron was **not** time-barred and does not dispute that it could have raised any grounds it wished in its petition. Further, Micron does not dispute that the Board instituted Micron's own IPR petitions, and that Micron is before the Board as a petitioner and thus subject to complete estoppel in its own right. Dkt. 275 at 1-2. *Uniloc 2017 LLC v. Facebook Inc.*, 989 F.3d 1018, 1030 (Fed. Cir. 2021) does not support Micron's argument. There, the Court held there was no estoppel as to a claim (claim 7) that "was not at issue in the Apple IPR" and not addressed in the FWD. Here, in contrast, the IPRs cover all asserted claims.

Dated: December 6, 2023            Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 6, 2023, a copy of the foregoing was served to all counsel of record.

/s/ Yanan Zhao
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ Yanan Zhao
Yanan Zhao