IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:22-CV-203-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., | ) |
| MICRON SEMICONDUCTOR | ) ▇▇▇▇▇▇▇▇▇▇▇▇▇ |
| PRODUCTS INC., MICRON | ) |
| TECHNOLOGY TEXAS LLC, | ) |
| | ) |
| Defendants. | ) |

**NETLIST INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO ANTICIPATION AS TO THE '060 AND '160 PATENTS AND THAT 2012 DESIGN REVIEW IS NOT PRIOR ART (DKT. 272)**

I. **Micron's Sole Anticipation Theory For the '060 and '160 Patents Relies on an Incorrect Claim Construction and Fails to Identify Disclosure of Distinct Terminals**

This Court may accept all of Micron's factual assertions. Summary judgment should still be granted as the only disputed issue is one of claim construction.

Micron admits the claims of the '060 Patent require "a plurality of input/output terminals," including "a first terminal . . . the first terminal being a data terminal" and "one or more second terminals" via which control signals are received, and that the asserted claims of the '160 Patent require "data terminals and control terminals." Dkt. 299 at 1. Micron likewise does not dispute that the only section 102 theory alleged by its expert is based on HMC2. The other prior art opinions Micron references (Kim, Rajan, and Foster) are based only on obviousness. Dkt. 272-2 (Ex. 1) at ¶¶ 174, 175.

Although Micron claims Netlist "grossly mischaracterizes" Dr. Woods' opinions on HMC2, its opposition admits that (exactly as Netlist described) Dr. Woods points to 

Dkt. 299 at 3-4

), 4

). Dr. Woods' report is explicit that he is pointing to the same structure for both limitations. Dkt. 272-3 (Woods Appx. 1) at ¶ 51

██████████████████████████████████████████

Micron concedes that the Court did not alter the plain meaning of the limitation, and does not even attempt to square its claim interpretation that the first and second terminals "need not be separate and distinct" with the plain meaning of the claims. Micron simply ignores the authority cited by Netlist that "[t]he use of the terms 'first' and 'second' is a common patent-law convention to distinguish between repeated instances of an element or limitation." *3M Innovative Props. Co. v. Avery Dennison Corp.*, 350 F.3d 1365, 1371 (Fed. Cir. 2003). This Court has repeatedly confirmed that where a claim uses "first" and "second," "the 'first' and 'second' sets must be distinct in order to give meaning to all of the words of the claim." *Mobile Telecommunications Techs., LLC v. Leap Wireless Int'l*, 2015 WL 2250056, at *6-7 (E.D. Tex. May 13, 2015) (claims reciting a "[first/second] set of transmitters"); *see also* Dkt. 272-4 Samsung Dkt. 114 at 24 (construing first, second, third, fourth voltages as "distinct"). Micron offers no response to this well-established law.

Micron instead advances a new argument in its opposition that Dr. Woods is supposedly ██████████████████████████████████████████ ██████ Dkt. 299 at 5. This is an attorney argument invented to try to avoid summary judgment, which was not disclosed in Dr. Woods' report or Micron's invalidity contentions. As discussed in Netlist's motion, Dr. Woods alleges the ███████████████████████ ████████████████ Dkt. 272-3 at ¶ 40. He then points to the ██████████████ ██████ *Id.* at ¶ 51. Dr. Woods excerpts ██████████████████████████ ██████ *Id.*; *see also* Dkt. 272 (Mot.) at Undisputed Facts 4-7. Dr. Woods nowhere states in his report that he is █████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ To the contrary, Dr. Woods █████████████/███████████████████████. *Id.* That Dr. Woods is relying on █████████████████████████████████ is explicit in his report.

*Id.* at ¶ 51 ▮



▮ (emphasis added). Likewise, Micron's invalidity contentions do not disclose this theory, instead combing the two elements and citing the exact same disclosures for the ▮ and ▮ limitations. Ex. 11 (Micron '060 Contentions Ex. E-19) at 47-66.

Further, Micron's alleged new theory would not avoid summary judgment even if it were properly raised. Micron's apparent theory is that ▮ Dkt. 299 at 5. Even if this were true, it does not change the fact that the claims expressly require distinct "first" and "second" terminals – not merely using the same terminal for both data and control signals.

Micron also argues that Netlist's expert supposedly "presented infringement theories based on the same interpretation" as Dr. Woods. Dkt. 299 at 6. As an initial matter, this is a non-sequitur. There is only one construction of claims for both validity and infringement. If Netlist presents a case at trial using an improper claim construction, this will be prevented either via an objection or a Rule 50(a) motion that will be granted.

Micron is also incorrect. Netlist's expert, Dr. Brogioli, explains that Micron's accused products



▮ *See, e.g.*, Ex. 12 (Brogioli Opening Rpt.) at ¶ 235 (accused products ▮ ) (emphasis added); Ex. 13 (Brogioli Suppl. Report) at ¶¶ 16-32 ▮ . This is the opposite of Dr. Woods' opinion, who ▮ . Because Micron has not identified any

██████████████████████████████████████████████ as required by the claims, there is no anticipation as a matter of law, and summary judgment is appropriate.

**II.    Micron's Sole Anticipation Theory for the '160 Patent Did Not Apply the Court's Construction for "Driver Size"**

This Court construed the limitation in the '160 Patent requiring "the second driver size being different from the first driver size," (at Micron's urging) as referring to "driver physical size." Dkt. 272-7 at 13. Micron concedes in its opposition that ██████████████████████ ████████████████████ / ███████ ██████████████████████████████████████ – i.e., that █████████████████████ █████████ Dkt. 299 at 7 (emphasis added). Micron's own witness likewise admitted that in ███ ███████████████████████████████████████████████████████████████████████ Dkt. 272-8 (Keeth) at 68:13-20, 71:15-72:11 ████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ █████████. Micron does not contest that in his report, ████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████ Dkt. 272-3 at ¶¶ 149-150 ███████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ / █ ██████████████████████ / ██████████ (emphasis added), ¶ 152 (same).

Micron attempts to avoid summary judgment by advancing a new theory in opposition that because in some configurations the accused products █████████████████████████ ██████████████████████████████████████████████████. This theory is nowhere

expressed in Dr. Woods' report or in Micron's invalidity contentions for HMC2 and is therefore precluded. Dkt. 272-3 at ¶¶ 149-152, Ex. 14 (Micron Invalidity Con. Ex. F-19) at 48-68. Tellingly, Micron fails to point to any portions of the invalidity contentions that disclose this theory. It is also contrary to the undisputed facts: ██████████████████████████████████ ██████████████████ Dkt. 272-8 (Keeth) at 72:1-11 ██████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████ ████████ ██████████████████████████████████████ *Id.* at 71:11-14 ████████ ██████████████████████████████████████████████████████ ██████████████████, 72:7-11 ██████████████████████████████ ████████████████████████████████████████████████████████.

Micron's resort to possibility does not speak to what was actually done as required for 102(g)(2) art. *Z4 Techs., Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1352 (Fed. Cir. 2007) (section 102(g)(2) anticipation requires "actual reduction to practice of the invention claimed"). Micron identifies no disclosure in HMC2 of first and second drivers with different physical sizes as required.

Micron's further argument that Netlist's infringement theory allegedly points to non-enabled drivers is wrong. Dr. Brogioli explains in his report that the ██████████████████ ██████████████████████████████████ Ex. 12 (Brogioli Opening Report) at ¶ 283 (identifying ██████████████████████████████████████████). Dr. Brogioli's opinion that ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████. Micron's argument about activation is simply irrelevant.

### III. The 2012 Design Review is Not Prior Art

Micron does not dispute that the ████████████████ it relies on as allegedly anticipating

the '060 and '160 Patents post-dates the critical date and therefore is not prior art. Micron argues that it also relies on different documents that are prior art, but this is a red herring. Netlist's motion seeks only to preclude the ▮▮▮▮▮▮▮▮▮▮ because it is not a prior art document; Netlist is not seeking to preclude other documents on HMC2 that allegedly pre-date the '060 and '160 Patents.

Micron also argues that it should still be permitted to use the E80a Design Review because it is allegedly "corroborating evidence" of conception and reduction to practice under section 102(g)(2). However, section 102(g)(2) requires the invention be made "**before**" the invention of another. The ▮▮▮▮▮▮▮▮▮▮ is dated at least a year after the priority application for the '060 and '160 Patents, and the Federal Circuit holds it, therefore, cannot be corroborating evidence of conception or reduction to practice by Micron **before** the critical date. For example, in *Alexsam, Inc. v. Gap, Inc.*, 621 Fed. App'x 983 (Fed. Cir. 2015), the patent had an effective filing date of July 10, 1997, and there was an attempt to corroborate earlier conception with a document "dated August 19, 1997, a month after the date Mr. Dorf applied for his first patent." *Id.* at 985, 994. Although the patentee (as Micron does here) argued the August 1997 document was "describing a prior time," the Federal Circuit held the document "is not 'contemporaneous' corroboration of an October 1996 date" and that "this document post-dates the patent application date and cannot serve as contemporaneous corroborating evidence." *Id.* at 994. The lone case Micron cites, *Mosaic Brands, Inc. v. Ridge Wallet LLC*, 55 F.4th 1354, 1365 (Fed. Cir. 2022), confirms this, stating that corroborating evidence must be "created **at the time of** conception or reduction to practice." There, the Federal Circuit explained that the requirement the evidence be "contemporaneous" "is to protect against fraud and 'provide[ ] an additional safeguard against courts being deceived by inventors who may be tempted to mischaracterize the events of the past.'" *Id.* at 1363. ▮▮▮▮▮▮▮▮▮▮iew is not contemporaneous, but rather was created at least a year after the priority date. The Court should therefore grant summary judgment that the ▮▮ ▮▮▮▮▮▮▮▮▮▮ document is not prior art and cannot be used to prove alleged anticipation.

| | |
|---|---|
| Dated: December 6, 2023 | Respectfully submitted, |

/s/ *Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 6, 2023, a copy of the foregoing was served to all counsel of record.

                                                     */s/ Yanan Zhao*
                                                     Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

                                                     */s/ Yanan Zhao*
                                                     Yanan Zhao