# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:22-cv-203-JRG |
| | ) | |
| MICRON TECHNOLOGY, INC.; | ) | JURY TRIAL DEMANDED |
| MICRONSEMICONDUCTOR | ) | |
| PRODUCTS, INC.; MICRON | ) | ███████████ |
| TECHNOLOGY TEXAS LLC. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF NETLIST INC.'S MOTION FOR SUMMARY JUDGMENT OF NO PATENT MISUSE (DKT. 277)

I.   **Micron's Patent Misuse Defense Is Predicated On A Misreading Of the** ████████

Micron continues to ignore the key language of the SK hynix License—sections 7.12(a) and

7.12(b)—explaining how the ████████ functions. Those provisions unequivocally state that, if

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████ Dkt. 290-01 § 7.12. Micron's interpretation renders these

provisions meaningless. *See, e.g., Miscione v. Barton Dev. Co.*, 52 Cal. App. 4th 1320, 1330 (1997) (rejecting

contract interpretation because "violate[d] the rule of contractual interpretation that requires meaning

to be given to every part of a contract").[1] If the ██████████████████████████

████████████████████████████████████████████████

Ignoring sections 7.12(a) or 7.12(b), Micron instead relies on a plain misreading of two isolated

sentences in the ████████. First, Micron claims that the ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ Dkt. 290 (Opp.) at 11

(quoting Dkt. 290-01 § 7.12). But this language simply defines what constitutes a ████████

██████████████████████ In other words, ██████████████████████

████████████████████████████████████████████████████████

████████████████████████████. ████████████████████████

████████████████████████████████████████████████████████

Indeed, Micron's interpretation directly contradicts the subsequent paragraph, which lists ████

████████████████████████████████████████████████████

██████████████████████ Dkt. 290-01 § 7.12(a) (emphasis added).

---

[1] The SK hynix License is governed by California law. Dkt. 290-01 at 13.

Second, Micron's assertion that the ▮▮▮▮▮ somehow requires that royalties be based on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 290 at 8, is similarly baseless. ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 290-01 §

7.12(a). If it is, then this may ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*

In sum, Micron's patent misuse defense cannot be squared with the plain and unambiguous language of the ▮▮▮▮▮ on which it is based. But even if the ▮▮▮▮▮ were ambiguous in some way, Micron's patent misuse defense would still fail as a matter of law because Micron has failed to identify any extrinsic evidence—e.g., documents or testimony from either SK hynix or Netlist— supporting its interpretation of the ▮▮▮▮▮. Dkt. 277 (Mot.) at 5 ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



Dkt. 277-02 at 157:8-158:9. Micron's assertion that ▮▮▮▮▮▮▮▮▮▮▮▮ on whether the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to Micron is false. Dkt 290 at 2. Mr. Hong testified that, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ at

162:14-21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

█████████ (emphasis added). Regardless, Micron is the party with the burden of proof, and Micron has not provided any evidence to support its interpretation of the ████████. Dkt. 277 at 3.

## II.          Micron Cannot Show Patent Misuse Even If Its Misreading Is Accepted

Even setting aside Micron's clear misreading of the ████████, its patent misuse defense fails:

*Tying.* Micron's tying theory fails as a matter of law for multiple reasons. First, Micron does not dispute that it has never even requested that Netlist license individual patents, let alone that Netlist has ever refused such a request. Dkt. 277 at 6. ████████████████████████████████

████████████████████████, Dkt. 290 at 9, but the critical question is whether Micron has "provided [any] evidence of proposing" a non-portfolio license that Netlist actually refused. Dkt 277. at 6 (quoting *Bayer AG v. Housey Pharms., Inc.*, 228 F. Supp. 2d 467, 471 (D. Del. 2002)); *see also Virginia Panel Corp. v. MAC Panel Co.,* 133 F.3d 860, 871 (Fed. Cir. 1997) (reversing verdict of patent misuses where defendant "never entered into any license agreement that required [it] to purchase unpatented, staple goods."). Nor does Micron address the fact that an offer of package license that is "not consummated" cannot constitute patent misuse. Dkt. 277 at 6, n.2. Second, Micron also ignores that patent packaging licenses have numerous pro-competitive benefits because they dramatically decrease transactions costs. Dkt. 277 at 7-8. Micron, who bears the burden of proof, has not even attempted to show that any supposed anticompetitive effects of alleged tying outweigh these benefits.[2] Dkt. 277 at 6-8. Finally, Micron cannot contend that ████████████████████████████████

████████████████ alone constitutes patent misuse (even assuming this happened here). Dkt. 290 at 11. Micron cites no authority for this proposition, and ████████████████████████

████████████████████████████████████████████████████

---

[2] Micron's citations to *McCullough Tool* and *Paramount Pictures* are inapposite because those cases involved IP-to-product tying, not patent-to-patent tying which is pro-competitive.  *See U.S. Philips Corp. v. Int'l Trade Comm'n*, 424 F.3d 1179, 1188 (Fed. Cir. 2005).



█████████████████████████████████ Ex. 6 at 79:3-11 ██████████

████████████████████████████████████████████████████

████████████████████████████████████.

**Market Power.** Micron claims that the ██████████████ that Netlist made to Micron somehow constitutes evidence of Netlist charging supracompetitive prices. But even assuming ██

█████████████████████████████████████▱▰███████████████

█████████████████████████ also *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.,* 509 U.S. 209, 235 (1993) (cannot infer market power based on "list prices [that] were not the actual prices paid by consumers."). Micron also claims that Netlist has market power because "Netlist has taken the position that there are '[n]o commercially viable" alternatives to its patents.  Dkt. 290 at 14. But "any claim of market power must depend upon the patents themselves, not upon the statements of the patentee." *Orion Elec. Co., Ltd. v. Funai Elec. Co., Ltd.*, No. 01 CV 3501, 2002 WL 377541, at *6 (S.D.N.Y. Mar. 11, 2002); *see also Illinois Tool Works Inc. v. Indep. Ink, Inc.*, 547 U.S. 28, 45 (2006) ("[A] patent does not necessarily confer market power upon the patentee."). Other than the abstract assertion that certain patents could, in theory, create market power, Micron has never even alleged that any of Netlist's patents are in any way essential and thus confer such power here.[3]

**Royalty base**. Finally, Micron's claim that Netlist supposedly requires that royalties be based on "all Micron memory products whether they infringe or not" does not constitute patent misuse (even assuming this is true) Dkt. 290 at 13. It is a common practice to base royalties on total sales rather than infringement since it is often "impossible to determine whether a specific product is 'covered by' a patent without litigation," which would defeat the very purpose of entering into a license in the first place. *See Texas Instruments v. Hyundai Elecs.*, 49 F. Supp. 2d 893, 901 (E.D. Tex. 1999).

---

[3] Micron concedes that a mere breach is not patent misuse. Dkt. 290 at 15.

Dated: December 6, 2023

Respectfully submitted,

/s/ Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on December 6, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao