# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:22-CV-203-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., | ) |
| MICRON SEMICONDUCTOR | ) ▮▮▮▮▮▮▮▮▮▮ |
| PRODUCTS INC., MICRON | ) |
| TECHNOLOGY TEXAS LLC, | ) |
| | ) |
| Defendants. | ) |

**NETLIST INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT FINDING ALLEGED PRIOR ART NOT PUBLICLY ACCESSIBLE (DKT. 278)**

**Keller**. Micron does not even attempt to identify evidence that the Keller thesis was publicly accessible before the critical date. Instead, Micron argues that "Keller's public accessibility is not relevant" because its expert Dr. Stone is supposedly relying on Keller only to show state of the art. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Ex. 8 (Stone Rpt.) at ¶¶ Section XI.A, 302-303.

Micron is wrong that there is no public accessibility requirement for state of the art. *Volvo Penta of the Americas, LLC v. Brunswick Corp.*, 81 F.4th 1202, 1210 (Fed. Cir. 2023) (Board erred in relying on "testimony for the knowledge of a skilled artisan" where it reflected "the nonpublic, corporate knowledge of Volvo Penta"). Micron's cited case *Yeda Rsch. v. Mylan Pharms. Inc.*, 906 F.3d 1031 (Fed. Cir. 2018) concerned the different issue of whether a post-priority date study could be used to show motivation to combine. The court held that it could because the publication discussed a "study began two years before." *Id.*, 1041. There was no dispute the study reflected public knowledge.

**JEDEC Materials**. Micron argues that this Court's ruling in *Samsung* on alleged JEDEC prior art addressed the "very same issue." This is not correct. The Court's ruling in Samsung was based on a finding there was "a fact question as to who is the relevant public, who has access." Dkt. 278-8 at 104:17-18. Here, regardless of who is the relevant public, there is an independent basis for summary judgment because there is no evidence the alleged JEDEC prior art was searchable by the critical date.

The Federal Circuit holds that to be publicly accessible, documents must be searchable or indexed in a meaningful way as of the critical date. *Acceleration Bay, LLC v. Activision Blizzard Inc.*, 908 F.3d 765, 772-73 (Fed. Cir. 2018). Here, Micron has put forward no evidence that the JEDEC website had a search function for the JEDEC member's area before the critical date of 2007-2008, and there is unrebutted evidence it had no search functionality at that time. Dkt. 278 at Undisputed Fact 4. Micron purports to dispute this, but points only to a screenshot allegedly from an internet archive of

JEDEC's website in 2007. This alleged screenshot is not evidence. It was not produced in discovery, is not authenticated or dated by anyone, and there is no evidence of how (or if) the alleged search bar worked or what it searched. Fed. R. Civ. P. 37(c); *Malek v. United States*, 634 F. Supp. 3d 326, 335 (W.D. Tex. 2022) ("documents not produced in discovery cannot be used to oppose a motion for summary judgment"); *Open Text S.A. v. Box, Inc.*, 2015 WL 428365, at *2 (N.D. Cal. Jan. 30, 2015) (unauthenticated internet archive printouts could not be considered and did not create a fact dispute).

Further, even if the screenshot were evidence, it still would not establish public accessibility because to the extent the URL reflects an alleged date ("2007/06/26"), that **post-dates** the filing of the provisional application for the '918 and '054 Patents (June 1, 2007). Further, the screenshot appears to be from the public portion of the JEDEC website. ███████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

There is unrebutted evidence the member's area was not searchable. Dkt. 278-3 at ¶ 95.

Micron also argues that it need not prove the materials were searchable. But the authority Micron cites confirms that if an alleged publication was not "easily searchable," then in the alternative, Micron must prove it "was sufficiently disseminated." *Suffolk Techs., LLC v. AOL Inc.*, 752 F.3d 1358, 1365 (Fed. Cir. 2014). Micron has put forward no evidence of dissemination before the critical date.

Micron does not dispute that certain of the JEDEC materials it relies on are JEDEC internal materials accessible only to JEDEC members. *Samsung Elecs. Co. v. Infobridge Pte. Ltd.*, 929 F.3d 1363 (Fed. Cir. 2019) is on point. There, the defendant argued a reference was accessible because it was uploaded to an SSO members' website. *Id.* at 1366. As here, the website had no search functionality. *Id.* The Federal Circuit held the reference was not publicly accessible and that posting on the organization website was not sufficient. *Id.* at 1372. Micron's suggestion the materials could be shared with non-JEDEC members is unsupported. Dkt. 278 at 8, 10 (Micron witnesses admitting opposite).

| | |
|---|---|
| Dated: December 6, 2023 | Respectfully submitted,<br><br>*/s/ Jason G. Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Andrew Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>Rebecca Carson (*pro hac vice*)<br>rcarson@irell.com<br>**IRELL & MANELLA LLP**<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

## CERTIFICATE OF SERVICE

I hereby certify that, on December 6, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao