# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:22-CV-203-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., | ) |
| MICRON SEMICONDUCTOR | ) ▉▉▉▉▉▉▉▉▉▉ |
| PRODUCTS INC., MICRON | ) |
| TECHNOLOGY TEXAS LLC, | ) |
| | ) |
| Defendants. | ) |

**NETLIST INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT THAT THE ASSERTED PATENTS ARE NOT STANDARD ESSENTIAL (DKT. 276)**

## I. Micron Does Not Contend the '060 and '160 Patents Are Standard Essential

Micron concedes that it "is not contending that the '060 or '160 patents are standard essential." Dkt. 305 at 1. Summary judgment is therefore appropriate that these patents are not essential.

## II. There Is No Genuine Dispute the '918 and '054 Patents Are Not Standard Essential

JEDEC defines essential patent claims as "Those Patent claims the use of which would necessarily be infringed by the use, sale, offer for sale or other disposition of a portion of a product in order to be compliant with the required portions of a final approved JEDEC Standard." Dkt. 276-2 at § 8.2.1. Micron identifies no evidence in the record establishing that any claim of the '918 or '054 Patents meets this definition. Nor does Micron contest the evidence presented by Netlist that the '918/'054 Patents are not standard-essential, including the testimony of Micron's own corporate representatives. Dkt. 276-3 (Ross) at 15:15-22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮), 80:1-80:5 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 276-4 (Westergard) (objection omitted) at 77:4-12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Micron argues that it is not bound by the testimony of its corporate representatives because they were not designated on whether Netlist's patents are essential. This is wrong. Mr. Westergard was Micron's corporate representative on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 14 (Ross) at 17:14-18:2, 77:22-78:5. Micron alleged as a fact supporting its RAND

defense that the '918 and '054 Patents are "SEPs." Dkt. 160 at 38-39. Likewise, Mr. Ross was Micron's designee on Topic 82, "the JEDEC specification(s) [the] Micron Accused Products practice." Ex. 15. In the Fifth Circuit, the testimony of a corporate representative is binding. *United States ex rel Fisher v. Ocwen Loan Servicing, LLC*, 2016 WL 2997120, at *9 (E.D. Tex. May 24, 2016) (designation "bind[s] the corporation to the deponent's answers"). This includes a failure to present a contention on a subject. *Function Media, LLC v. Google, Inc.*, 2010 WL 276093, at *1 (E.D. Tex. Jan. 25, 2010) ("When the 30(b)(6) representative claims ignorance of a subject during the deposition, courts have precluded the corporation from later introducing evidence on that subject."). Mr. Westergard is not an engineer unschooled in patents or the concept of essentiality. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 16 (Westergard) at 9:7-17.

Further, because Micron is the party alleging breach of RAND, it bears the burden to prove essentiality. *Intel Corp. v. Future Link Sys.*, 268 F. Supp. 3d 605, 610 (D. Del. 2017) (granting summary judgment that defendant did not "meet its burden of demonstrating that RAND licensing requirements attach to these patents, as [it] failed to show that (1) each patent contains at least one 'Necessary Claim'"); *In re Innovatio IP Ventures, LLC Patent Litig.*, 956 F. Supp. 2d 925, 936 (N.D. Ill. 2013) ("the assertion of RAND is like an affirmative defense . . . The court thus assigns to the Defendants the burden of establishing the RAND commitment with respect to each patent claim."). This requires element-by-element analysis showing the claim is essential. *Intel*, 268 F. Supp. 3d at 611-612 (expert testimony regarding only "some elements" did not create a genuine dispute on essentiality).

Micron identifies no analysis in Dr. Stone's report comparing the complete claim elements of any claim to the JEDEC standards. Dkt. 276 at 4-6. Micron merely points to paragraph 176 of Dr. Stone's report, in which he ▇▇▇▇▇▇▇▇▇▇▇▇ summary in the JESD-301-1 specification. Opp. at 8. However, the JEDEC specification identifies these only as ▇▇▇▇▇ features, not as **required** features. Ex. 17 (Mangione-Smith Rebuttal) at ¶ 113. And Dr. Mangione-Smith further

explains that the specifications in JESD 301-1 Micron claims to use are only ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at ¶¶ 107-109. The JEDEC policy is clear that "Essential Patent Claims do not include Patent claims covering aspects that are not required to comply with a JEDEC Standard, or are required only for compliance with sections that are marked 'example,' 'non-normative,' or otherwise indicated as not being required . . . . Dkt. 276-2 at § 8.2.1. Neither Dr. Stone nor any other Micron expert contests Dr. Mangione-Smith's analysis – in fact, Micron's own corporate representative Mr. Ross admitted the schematics are optional. Dkt. 276-3 at 13:15-14:14 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Micron's PMIC suppliers testified the same. Dkt. 276 at 7. Further, even if arguendo Dr. Stone's analysis were taken as true, Dr. Stone opines only that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Dkt. 276-9 (Stone Rpt.) ¶ 176.

Micron argues there "was no need for Dr. Stone" to analyze the full claims because Netlist supposedly admitted essentiality. Dkt. 305 at 5. This argument has no connection to reality. Netlist does not contend that the '918/'054 Patents are standard-essential and expressly stated this in discovery responses served four months ago. Dkt. 276-5 at 129 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Netlist's infringement contentions did not (as Micron claims) "map" each claim element to required portions of a JEDEC standard. Rather, they asserted that **Micron's** accused DDR5 modules "comply with at least certain requirements of the JEDEC standards cited herein." *E.g.*, Ex. 18 ('918 Contentions) at 6. Micron's expert admitted that whether or not Micron's <u>products</u> comply with the DDR5 standards does not address the separate question of whether Netlist's <u>claims</u> cover required portions of the standard. Dkt. 276-10, ¶ 41 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dkt. 276-6 (Halbert), 58:23-59:9 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

- 3 -

███████████████████████████████████████████████████████

Netlist's expert Dr. Mangione-Smith does not "map" the asserted claims to required portions of the JEDEC standards either. In fact, Dr. Mangione-Smith does the opposite, opining that "the '918 and '054 patents are **no** ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Ex. 17 (Rebuttal Rpt.), ¶¶ 93, 107-109, 118-119.[1] Micron's own brief ultimately concedes that Dr. Mangione-Smith does not actually map the asserted claims to the JEDEC standards, but rather proves infringement using "datasheets and schematics **for Micron and third-party products**." Dkt. 305 at 4 (emphasis added). Micron merely argues that some of these products are allegedly standards-compliant, but as discussed above, the fact a product is standards-compliant does not mean a patent claim that covers it is standard-essential.

Micron also argues that there is a fact dispute because Netlist's witness Mr. Milton testified that ████████████████████████████████████████████████████████████████████████████████████████████████████████████ Dkt. 305 at 7. Not so. Whether Netlist's patents are needed to make a product that is competitive in the marketplace is a different question from whether they are standard-essential as defined in JEDEC policy. Mr. Milton was clear that he was discussing only commercial necessity, not essentiality to JEDEC standards. Ex. 19 at 88:7-11 ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Micron also argues that Mr. Milton testified the DDR5 standard requires on-module power, but misleadingly omits the final sentence of his answer in which he stated the opposite. Ex. 19 at 90:18-25 ████████████████████████████████████████████████████████████████████████████████████████████████████.

---

[1] Ex. 10 to Netlist's motion inadvertently included the incorrect excerpt of Dr. Mangione-Smith's report. The correct excerpt regarding standard essentiality is attached to this reply as Ex. 17.

Dated: December 6, 2023

Respectfully submitted,

/s/ *Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 6, 2023, a copy of the foregoing was served to all counsel of record.

/s/ *Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ *Yanan Zhao*
Yanan Zhao