IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:22-CV-203-JRG ) ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS INC., MICRON TECHNOLOGY TEXAS LLC, | ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE CERTAIN OPINIONS OF DEFENDANTS' EXPERT JOHN B. HALBERT (DKT. 267)**

I.       The "Public Availability of JEDEC Documents" (Opening Report ¶¶ 58-98)

**Late disclosure**.  Mr. Halbert relies on "prior art" documents whose publication dates were never disclosed in the invalidity contentions.  The list is below.



Local Patent Rule 3-3 requires Micron to disclose "each prior art publication" and identify its "date of publication." P.R. 3-3.  Micron claims the art will only be used to "demonstrate the relevant state of the art of the claimed invention."  Opp. at 2 n.1. The Federal Circuit holds that information that is not publicly accessible cannot be used to show what would have been known to a person of ordinary skill. *See Volvo Penta of the Americas, LLC v. Brunswick Corp.*, 81 F.4th 1202, 1210 (Fed. Cir. 2023) (Board erred in relying on "testimony for the knowledge of a skilled artisan" where it reflected "the nonpublic, *corporate* knowledge of Volvo Penta").

II.      The Purported NIAs (Rebuttal Report ¶¶ 21-24)

Micron does not dispute that it never identified the purported non-infringing alternatives during discovery even though Netlist specifically asked for it.  *See* Opp. at 4-7.  Micron states that it could not identify the new NIAs because they "involve features of third-party supplied component (PMICs), not something that Micron builds or designs." *Id.* at 4.  Not so.  Micron has been in possession of PMIC information from its suppliers ███████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████  Further, Mr. Halbert did not ████████████████████████

█████████████████████████████████████████████████ *See generally* Dkt. 267-3 ████████████

██████████████████████████████████████. Micron offers no credible justification for its failure to timely disclose its purposed NIAs during fact discovery.

Micron argues that Netlist's case law is not on point because they "did not involve expert opinions on third party-supplied components and feasibility of JEDEC standardization alternatives." Opp. at 5-6. That is incorrect: Case law is clear that non-infringing alternatives must be disclosed in discovery regardless of whether they are the accused infringer's own products, someone else's, a proposal discussed and rejected at SSO, or otherwise. *See* Fed. R. Civ. P. 37(c)(1); *BMC Software, Inc. v. Servicenow, Inc.*, 2016 WL 367251, at *3 (E.D. Tex. Jan. 29, 2016) (granting motion to strike defendant's experts' opinions on non-disclosed NIAs, which are **plaintiff's** old products, as "untimely and improper"); Dkt. 267 at 6-7 (collecting cases).

Micron argues that Mr. Halbert's discussion of the non-disclosed NIAs is only in response to Netlist's expert's opinions. Opp. at 5. Not so. As an initial matter, Mr. Halbert ████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████. *See generally* Dkt. 267-3. This is distinguishable from *ZiiLabs Inc., Ltd. v. Samsung*, which Micron relied on, where the Court explicitly noted that "Dr. Lastra disclosed this non-infringing alternative in direct response to statements by ZiiLabs' expert." 2015 WL 6690403, at *2 (E.D. Tex. Nov. 2, 2015). Further, the sections of Dr. Mangione-Smith's report referenced in Micron's opposition brief are ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████. Dkt. 304-10 ¶¶ 56-70; 604-24. Netlist did not conduct detailed analysis as to the technical and economic acceptability and availability of "placing the PMIC on the motherboard" (to the extent it means something other than the baseline case analyzed by Dr. Mangione-Smith) or "having PMICs that

include fewer than three buck converters" because Micron never identified them in discovery.

Micron's argument that Netlist suffered no prejudice also lacks merit. The Court only allowed Netlist to take a second deposition of Mr. Boe Holbrook on Micron's later disclosed non-infringement position, not on its purported NIAs. Dkt. 255 ("Plaintiff will be granted leave to take a supplemental deposition of Mr. Holbrook . . . **on the issue relating to the supplemental interrogatory answer**") (emphasis added). Micron's witness Mr. Samir Mittal explicitly testified that he was not aware of discussions of Micron's purported NIAs of the accused infringing products. Ex. 13 (2023-11-15 Mittal Tr.) at 14:9-15; 14:19-15:7. If Micron timely disclosed its purported NIAs, Netlist could have pursued third-party discovery from PMIC suppliers specifically on Micron's purported NIAs and their market acceptability/availability; Netlist could also have subpoenaed JEDEC or member representatives and asked them for the reasons why JEDEC did not adopt such purported NIAs. As the case law Micron relied on provides: "A continuance will not cure the prejudice because this case is set for trial in a matter of weeks." *ZiiLabs*, 2015 WL 6690403, at *3.

**III.  Netlist's Reasons to Withdraw from JEDEC and the ITC Investigations**

**Netlist's Withdrawal from JEDEC.** Micron improperly asserts that Mr. Halbert can opine on whether Netlist's conduct is consistent with JEDEC policies under the false assumption that Netlist's withdrawal from JEDEC was "motivated by litigation strategies." Opp. at 7-8. *First*, Netlist's withdrawal from JEDEC in 2015 and its motivation are irrelevant to any parties' claims or defenses at issue. *Second*, Micron itself contends it is not proper for experts to opine on a party's state of mind. Dkt. 273 at 10-11; Dkt. 271 at 5; Dkt. 282 at 2. *Third*, Mr. Halbert's speculation as to Netlist's motives is unsupported by any evidence: ███████████

████████████████████████████████████████████████████████████ d. *See* Halbert Opening Rept. ¶ 54.

**Discussions of ITC Proceedings.** Micron's asserted relevance of the ITC proceedings is based solely on an incorrect understanding of Netlist's position with respect to the standard essentiality of the asserted patents in this Action. Opp. at 9-10. Neither Netlist nor Micron contends the patents-in-suit are SEPs and Netlist will prove infringement based on a direct comparison of the claims with Micron's accused products. Dkt. 276; Dkt. 276-5 at 129. This is readily distinguishable from *JVC Kenwood*, which Micron cites, where the patentee "did not provide or proffer evidence of specific direct infringement," but instead "advanced a standards-compliance theory of infringement." *JVC Kenwood Corp. v. Nero, Inc.*, 797 F.3d 1039, 1043 (Fed. Cir. 2015). Even if Netlist asserts infringement based on JEDEC standards (which it does not), that does not explain why the ITC proceedings involving **other patents** would be relevant to this Action or otherwise justify a deviation from this Court's previous ruling and standing MILs. Dkt. 267-6 (*Samsung I* pretrial conference) at 223:18-25; *id.* at 225:11-18 (Samsung counsel admitting they had ██████████████████████████████████████████████████████████ ██████████).

### IV. The Purported JEDEC "Contributions" (Opening ¶¶ 5, 21-22; Rebuttal ¶¶ 9-20)

Micron does not dispute that it failed to identify or produce discovery on each of the



Dkt. 267-2 ¶ 21. ██████████████████████████████████████████████████████

██ *See* Opp. at 14. But based on ████████████████████████████████████ ████████████████ / ████████████████ not one for DDR4, DDR5, or HBM specifications, and therefore it does not fall within any category of the "contributions" Mr. Halbert identified in the chart. *See* Dkt. 267-2 at ¶¶ 21, 66. This example highlights the unreliability of Mr. Halbert's JEDEC contribution analysis. If Micron would have provided the

list of relevant contributions during fact discovery, Netlist could have tested Micron fact witnesses on them. These include Micron's contributions and its fact witnesses should have known about them. For example, Micron offered witness Mr. Frank Ross for deposition on August 17, 2023, on the topic of "[t]he role played by any Micron employees in JEDEC meetings regarding the design and function of the PMIC present on DDR5 modules" ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 14 (Excerpt of Netlist's Notice of Deposition Topic 83).

Micron's assertion that because JEDEC submissions are currently word searchable there is no prejudice because Netlist could have searched is wrong. There are hundreds or thousands of submissions on the JEDEC website. Netlist cannot guess which ones are relevant.

Micron also asserts that the proposed "contributions are tethered to the JEDEC standards" that "Netlist relies on to prove infringement." Opp. at 12-13. Not so. *First*, Netlist does not intend to prove its infringement claims based on the standards. *Second*, Micron failed to make any showing that any of the purported ▬▬▬▬▬▬▬ were actually adopted in the finalized JEDEC specifications, implemented by Micron's accused infringing products, or otherwise contributed to a specific value of these accused products beyond the accused infringing features. In fact, Micron's reliance on *Traxcell Tech., LLC v. Huawei Tech. USA Inc.* is misplaced. 2019 WL 6002202 (E.D. Tex. May 1, 2019). In *Traxcell*, the plaintiff challenged the defendant's expert's "reliance upon potential alternatives as non-commercially acceptable," which the Court found is "a highly factual inquiry," but here, Micron did not even make the threshold showing of relevance. *Id.* at *1.

Dated: December 6, 2023                                                          Respectfully submitted,

/s/ *Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000

sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

### CERTIFICATE OF SERVICE

I hereby certify that, on December 6, 2023, a copy of the foregoing was served to all counsel of record via Email as agreed by the parties.

*/s/ Yanan Zhao*
Yanan Zhao
