IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:22-CV-203-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., | ) |
| MICRON SEMICONDUCTOR | ) |
| PRODUCTS INC., MICRON | ) |
| TECHNOLOGY TEXAS LLC, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE OPINIONS OF DR. MATTHEW LYNDE (DKT. 268)**

I. **Dr. Lynde's Comparable License Analysis**

A. **Dr. Lynde** ███████████████████

Micron admits that Dr. Lynde ███████████████████ ███████████████████████████████████ Micron does not dispute there is no evidence that ███████████████████ This opinion is directly contradicted by Micron's own argument. Later in its brief, Micron states "the evidence shows ████████████████/██████████████ ███████████ Opp. at 7. Micron claims it has cured this defect by ██████████ ███████████████████████████████ Not so; *Wi-LAN* requires an analysis of what patents the parties to the license (in this case SK hynix and Netlist) valued as part of the agreement. *Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 973 (Fed. Cir. 2022).

Dr. Lynde also repeatedly opines that ███████████████████ ███████████████████████████████████ ¶ 273. This is wrong. The '918 and '054 are in one patent family, and the '060 and '160 are in another patent family—two patent families. Micron has not updated Dr. Lynde's report because doing so will spotlight how unsupportable his opinion is on this issue.

B. **Dr. Lynde Provides an Improper Legal Interpretation**

Micron claims he is applying an ███████████████ but this has no basis in reality—he is opining on ███████████████████████████. The exact same contractual terms—████████████████████—were at issue in that case. Micron does not explain why Dr. Lynde should be entitled to render a legal interpretation in this case when Mr. Meyer in *Samsung* could not because the Court construed the clause.

C. **Opinion that the Hynix Agreement Is** ███████████████████

Micron is attempting to revise Dr. Lynde's opinion. Dr. Lynde does not opine "what effect the ███████████████████████████████████ Opp. at

- 1 -

5. Dr. Lynde opines that the SK hynix agreement *is* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ¶ 249. There is no basis for this opinion in the record. Micron argues the patents-in-suit are covered ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Opp. at 5. To be clear, one Micron expert has opined that *if* Micron infringes, the '918 and '054 patents are essential. That is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ licensed in the SK hynix Agreement. Micron's corporate representative on licensing issues, including on RAND, testified that licenses where only a small portion of the licensed patents are standard essential do not fall under a RAND obligation. Ex. 9 (Westergard Depo.) at 79:15-23. In the Fifth Circuit, Micron is bound by this testimony.

**D.     Comparability Analysis of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Is Improper**

Dr. Lynde states that the ELM license includes the accused products in this litigation because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the ***ELM*** license. Comparability is not related to whether Micron uses or does not use a licensed patent. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012) ("When relying on licenses to prove a reasonable royalty, alleging a loose or vague comparability between different technologies or licenses does not suffice."). Dr. Lynde's analysis is based on the wrong standard.

**II.     Dr. Lynde's Damages Analysis as to the '060 and '160 Patents**

Micron admit that Dr. Lynde ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opp. at 8. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.' Ex. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

his damages opinions as to those patents should be excluded. *Optolum, Inc. v. Cree, Inc.*, 2021 WL 5908939, *5 (M.D. N.C. Dec. 14, 2021) (striking damages expert opinion where expert did not include "any analysis of the parameters of the hypothetical negotiation"); *Carucel Invs., L.P. v. Novatel Wireless, Inc.*, 2017 U.S. Dist. LEXIS 50855, *24-*26 (S.D. Cal. Apr. 3, 2017) (excluding expert's opinion that "there would be no hypothetical negotiation between [plaintiff] and [accused infringer] because that opinion is improper as a matter of law.")

Micron claims Dr. Lynde did not opine on the '060 and '160 patents because ███████ ███████████████████████████████████████████████████████████████████ ██████████████████████████████████ Opp. at 9. This is wrong as a matter of law. The hypothetical negotiation occurs on the date of first **infringement**, not first sale. *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995) ("The hypothetical negotiation requires the court to envision the terms of a licensing agreement reached between the patentee and the infringer at the time infringement began."). It is undisputed Micron ███████ ████████████████████████████████. *See, e.g.,* Ex. 10 (Stordahl) at 82:9-21 ██████ ████████████████████████████████████████████████████████████████████

### III. Misstatement of RAND

Micron again revises Dr. Lynde's opinion to state ███████████████████████ ████████████████████████████████████████████████████████████████████ Opp. at 10-11. That is not Dr. Lynde's opinion. Dr. Lynde opines that RAND commitments ██████ ████████████ ¶ 248. This is an incorrect statement of the law.

### IV. References to Alleged JEDEC Contributions

Micron claims that the only relevant standards in this case are DDR4 and DDR5. Opp. at 12-13. Micron makes no argument as to the relevance of JEDEC contributions to HBM

standards, and Micron takes the position the '060 and '160 patents are not essential to HBM standards ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉ Thus, the discussion of HBM standards should be stricken. Netlist has dropped the '339 and '506 patents, AND the discussion of DDR4 standards should be as well.

As to DDR5, Micron has not identified how counting thousands of contributions to broad standards has any connection to the facts of this case. The Court excluded this same opinion from Dr. Lynde in *Genband*, in which Dr. Lynde purported to determine value by analyzing the number of disclosures to a standard irrespective of the value of those disclosures:

> However, the way Mr. Lynde determines the fraction of the value of the "VoIP standard as a whole" to which Genband's patents are attributable is by counting the number of companies that provided intellectual property disclosures to the relevant VoIP standard setting organizations, and assuming that the value of each participant company's patent portfolio is the same. This approach ignores the size of each company, the number of patents in each company's portfolio, and the differences in value between patents—***his approach necessarily assumes that every participant company's patent portfolio was exactly the same***[.]

*Genband US LLC v. Metaswitch Networks Corp.*, 2016 WL 122967, *5 (E.D. Tex. Jan. 9, 2016) (excluding opinions).

**V.  References to** ▉▉▉▉▉▉

Micron claims it did not need to disclose an ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉



Netlist served damages related interrogatories. Mot. at 12. Micron responded, identifying ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ As such, Netlist was able to take further fact discovery into those licenses and into RAND issues. ▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

- 5 -

VI. ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████.

████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████,

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████ This opinion never appears in the body of his report. ████████████████████

█████████████████████████████/███████/████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████████

Dated: December 6, 2023

Respectfully submitted,

*/s/ Jason G. Sheasby*
Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew J. Strabone (*pro hac vice*)
astrabone@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

**Attorneys for Plaintiff Netlist, Inc.**

- 7 -

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ Yanan Zhao
Yanan Zhao

## CERTIFICATE OF SERVICE

I hereby certify that, on December 6, 2023, a copy of the foregoing was served to all counsel of record via Email as agreed by the parties.

/s/ Yanan Zhao
Yanan Zhao