# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:22-CV-203-JRG ) ) JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS INC., MICRON TECHNOLOGY TEXAS LLC, | ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE OPINIONS OF GARY WOODS (DKT. 270)**

# TABLE OF CONTENTS

                                         **Page**

A.   Paragraphs 178-179 Are Irrelevant Because '060 Claim 20 Is No Longer Asserted ............... 1

B.   "electrical communication" (Opening ¶¶ 177 and 180-183, Rebuttal ¶¶ 234-243) ................. 1

C.   "array die" (Rebuttal ¶¶ 41-75, 183-186, 205, 224-227, 317) ...................................................... 1

D.   Dr. Woods Should Not Be Allowed to Tell the Jury [REDACTED] Opening ¶¶ 189-191 and Rebuttal ¶¶ 301-303) ...................... 2

E.   Conversations with Unnamed Engineers (Rebuttal ¶¶ 261, 270, 322) ...................................... 3

F.   Improper Prior-Art Related Opinions Should be Stricken .......................................................... 3

   1.   Practicing the Prior Art (Rebuttal ¶¶ 358, 365, 377-379, 402-408) ....................... 3

   2.   Analysis of Individual Claim Elements in Prior Art (Rebuttal ¶¶ 370-383) ................................................................................................................................. 4

G.   Improper Opinions on Secondary Indicia (Paragraphs ¶¶ 204-219) ......................................... 5

H.   Improper Incorporation by Reference (Opening ¶ 218) ............................................................. 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*AstraZeneca AB v. Apotex Corp.*,
   782 F.3d 1324 (Fed. Cir. 2015) ......................................................................................... 5

*Genuine Enabling Tech. LLC v. Nintendo Co.*,
   29 F.4th 1365 (Fed. Cir. 2022) ...................................................................................... 1, 2

*Immunex Corp. v. Sandoz, Inc.*,
   964 F.3d 1049 (Fed. Cir. 2020) ......................................................................................... 5

*Realtime Data LLC v. EchoStar Corp.*,
   2018 WL 6271807 (E.D. Tex. Nov. 29, 2018) .................................................................. 3

*Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*,
   522 F.3d 1348 (Fed. Cir. 2008) ......................................................................................... 4

**A.      Paragraphs 178-179 Are Irrelevant Because '060 Claim 20 Is No Longer Asserted**

None of the currently asserted claims is mentioned in these paragraphs, which are not incorporated elsewhere. Paragraph 178 specifically compares claim 20 to the specification.

**B.      "electrical communication" (Opening ¶¶ 177 and 180-183, Rebuttal ¶¶ 234-243)**

Opening ¶¶ 177, 180-183: Micron concedes ██████████████████████████████████████████████████████████ Opp. 2. Micron advanced, and the Court rejected, that same argument in claim construction. Ex. 3, 8:13-19; Mot. 1-2. Dr. Woods' theory requires the jury to adopt a construction ████████████████████████████████████████████████████ The Court rejected that position. Dkt. 249 at 10. For example, the *Markman* order quotes the example in 8:57-63, which describes an embodiment of no "electrical communication" even though signals are transmitted to the stubs on the die. Because Dr. Woods applied an overly narrow interpretation of "not in electrical communication," his analysis should be stricken.

Rebuttal ¶¶ 234-243: The Court held that "electrical communication" is to be construed according to its plain meaning, not as an "act of transmitting." Dkt. 249 at 43. Dr. Woods' opinions based on a construction that the Court did not give are improper. Dr. Woods' interpretation of ████████████████████████████████████ during claim construction, which the Court rejected. Mot. 5-6; Dkt. 110-2 at 95; Dkt. 249 at 10. For these reasons, these paragraphs should be excluded.

**C.      "array die" (Rebuttal ¶¶ 41-75, 183-186, 205, 224-227, 317)**

Rebuttal ¶¶ 41-75, 183-186, 205, 224-227, and 317: Dr. Woods relies on ████████████████████████████████████████████████████████. Woods Rebuttal ¶ 49. As Netlist's motion pointed out and Micron's opposition does not dispute, it is improper to broaden the Rajan-based disclaimer under the controlling precedent *Genuine Enabling*, where the Federal Circuit held it was inappropriate to expand the scope of disclaimer based on extrinsic

evidence. *Genuine Enabling Tech. LLC v. Nintendo Co.*, 29 F.4th 1365 (Fed. Cir. 2022) (finding error in district court's reliance on expert testimony that "had no support in the intrinsic record, but rather was based solely on other extrinsic evidence"). Mot. 3-4; Opp. 3-5. ▮

▮

▮ Opp. 5. This is incorrect. ▮

▮ By contrast, Dr. Brogioli is not seeking to narrow the scope of the claim, but rather, considers the meaning of "DRAM circuit" in light of the '060 intrinsic record. *E.g.*, Dkt. 271-2 (Brogioli Rpt.) ¶ 73 (▮). The issue is not that the use of extrinsic evidence when discussing the plain and ordinary meaning of a term is *per se* improper. The issue is that Dr. Woods' approach runs afoul of *Genuine Enabling*, and thus these paragraphs should be stricken.

D.     **Dr. Woods Should Not Be Allowed to Tell the Jury** ▮ **(Opening ¶¶ 189-191 and Rebuttal ¶¶ 301-303)**

<u>Rebuttal ¶¶ 301-303</u>[1]: The Court's claim construction order held that claim 7 is not indefinite as a mixed method/apparatus claim because the "selected in consideration of a load" language does not introduce the concept of user selection. Dkt. 249 at 15-16. Micron points to nothing from the Court's order that limits '060 claim 7 to "▮

---

[1] Micron admits paragraphs 189-191 of the opening report should be stricken. Opp. 6.

Case 2:22-cv-00203-JRG-RSP   Document 380   Filed 12/13/23   Page 6 of 10 PageID #: 30994

███████████████████████████████████████████████████ Woods Rebuttal ¶ 303. Dr. Woods should not be permitted to misrepresent the Court's claim construction to the jury.

### E. Conversations with Unnamed Engineers (Rebuttal ¶¶ 261, 270, 322)

Micron now claims Dr. Woods' opinions that cite to "█████████ ██████" were based on information from ███████████████████ Mr. Stordahl is ████████████████████████████████████████████████████ ████████████████████████. Ex. 8 at 2-6. He was also not deposed until after Micron served Dr. Woods' report. Ex. 2 (Oct. 30, 2023 Woods Rebuttal Report); Ex. E (Nov. 7, 2023 Stordahl Depo.). Micron cannot rely on Mr. Stordahl's testimony at trial because ████████ ████████████████████████████ Dkt. 41 ¶ 1 (requiring disclosure "of persons having knowledge of relevant facts"); Dkt. 44 (Oct. 31, 2022 deadline for ¶ 1 disclosures).

### F. Improper Prior-Art Related Opinions Should be Stricken

#### 1. Practicing the Prior Art (Rebuttal ¶¶ 358, 365, 377-379, 402-408)

Micron does not dispute that these paragraphs are irrelevant to willfulness, nor does it dispute that Micron never disclosed practicing the prior art as a basis for its no willfulness defense. Mot. 9-10. Instead, Micron argues that these paragraphs are relevant to invalidity because if the ████████████████████████████████████████████ ████████/████████████████████████████████ ████████████████████ Opp. 9. First, Micron bears the burden of proof on invalidity, and so these opinions should have been included in Dr. Woods' opening report. By placing them in the rebuttal report, Netlist has no opportunity to respond. *Realtime Data LLC v. EchoStar Corp.*, 2018 WL 6271807, at *3 (E.D. Tex. Nov. 29, 2018) (striking untimely invalidity opinions in rebuttal report). Second, Micron cites nothing to support the assertion that Micron's ████████████████████████████████████████████████████ Nor can it, because Dr. Woods' rebuttal contains no analysis ████████████████████████

■■■. Mot. 9. When the Federal Circuit has allowed an "if infringed, then invalid" defense, it has been based on an actual analysis showing that the product accused of infringement existed in the same form before the patent. *Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1363-64 (Fed. Cir. 2008) (vacating summary judgment of invalidity based on prior art product J20525 where accused infringer failed to present evidence that two claim limitations were met, and merely argued that "to the extent the [allegedly infringing] PDI P20LCD is considered to practice them, then so did the RCA J20525 television"). Dr. Woods' report lays none of the technical foundation for making an "if infringed, then invalid" argument.

Indeed, Mr. Keeth, who is a co-inventor of HMC and Micron's corporate representative, ■■■. Ex. 9 (Keeth Tr.), 33:21-33:24 ■■■



■■■; 106:23-107:2 (same); 64:17-65:17 ■■■ ■■■). ■■■ in response to Netlist's Rog. No. 9 asking "[f]or each asserted claim of Netlist Patents-in-Suit that You assert Your liability for infringement is limited, Set Forth Your Complete Basis for Your assertion." Ex. 5 at 126. ■■■ ■■■ *See generally* Ex. 10.

2. <u>Analysis of Individual Claim Elements in Prior Art (Rebuttal ¶¶ 370-383)</u>

Dr. Brogioli's analysis properly focuses on the incremental value of the combination of elements in the context of the claimed memory package, not only the technical benefit of ■■■ ■■■ *Contra* Opp. 10; Dkt. 271-02 ¶ 270. Dr. Woods ■■■

████████████████████████ "the question is how much new value is created by the novel combination," not individual elements. *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1339 (Fed. Cir. 2015) ("It is not the case that the value of all conventional elements must be subtracted from the value of the patented invention as a whole when assessing damages.").

G. **Improper Opinions on Secondary Indicia (Paragraphs ¶¶ 204-219)**

Opening ¶¶ 204-209: Micron admits that ████████████████████████ ████████████████████████ Opp. 12. As explained in Netlist's motion, evidence of contemporaneous invention must cover the complete claim. Mot. 13-14; *Immunex Corp. v. Sandoz, Inc.*, 964 F.3d 1049 (Fed. Cir. 2020) (district court properly discounted evidence of simultaneous invention "directed to different fusion proteins, not [the patented] etanercept").

Opening ¶¶ 210-215: Micron does not dispute that Dr. Woods ████████ ████████████ *Id.* Thus, these paragraphs should be stricken.

Opening ¶¶ 217-219: Micron does not dispute it was required to disclose any derivation defenses under the Local Rules and Discovery Order. It contends that Dr. Woods is simply opining that ████████████████████████ Opp. 13. Not so. Dr. Woods ████████████████████████ . Opening ¶ 217 ████████████████████████ ), ¶ 219 ████████████████████████

H. **Improper Incorporation by Reference (Opening ¶ 218)**

Micron admits that in Paragraph 218, Dr. Woods asserts that ████████ ████████████████████████ ████ Opp. 15. Micron is clearly intending to pursue an "if infringed, then invalid" defense at trial. Micron should have presented the analysis in support of this invalidity defense in Dr. Woods' opening report, not his rebuttal report, and thus, Paragraph 218 should be excluded.

| | |
|---|---|
| Dated: December 6, 2023 | Respectfully submitted,<br><br>*/s/ Jason G. Sheasby*<br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason G. Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, Ph.D. (*pro hac vice*)<br>hzhong@irell.com<br>Andrew J. Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br><br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>***Attorneys for Plaintiff Netlist, Inc.*** |

- 7 -

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF SERVICE

I hereby certify that, on December 6, 2023, a copy of the foregoing was served to all counsel of record via Email as agreed by the parties.

*/s/ Jason Sheasby*
Jason Sheasby