UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 2:22-cv-203-JRG |
| ) | |
| MICRON TECHNOLOGY, INC.; ) | JURY TRIAL DEMANDED |
| MICRON SEMICONDUCTOR ) | |
| PRODUCTS, INC.; MICRON ) | |
| TECHNOLOGY TEXAS LLC, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF NETLIST, INC.'S RESPONSE TO MICRON'S SUPPLEMENT TO DEFENDANTS' MOTION TO STAY (DKT. 348)**

Micron's supplemental brief does not change the balance of factors this Court considers in exercising its discretion, and Micron's motion to stay should be denied. *See* Dkt. 94 (Netlist's Opposition to Micron's Motion to Stay); Dkt. 104 (sur-reply); *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co.*, 2018 WL 3472700, at *1 (E.D. Tex. July 19, 2018) ("[C]ourts in this district consider three factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay will simplify issues in question and trial of the case."); *Maxell Ltd. v. Apple Inc.*, 2020 WL 10458088, at *2 (E.D. Tex. Nov. 17, 2020) (the Court also considers "whether the movant has unreasonably delayed filing its IPR petition and motion to stay'").

### I.    This Case Is Ready for Trial on January 22, 2024

This case is set for jury trial in slightly over a month on January 22, 2024. Dkt. 263. Fact discovery in this Action closed on September 20, 2023. *Id.* The parties have fully briefed dispositive motions, *Daubert* motions, and motions *in limine*; and submitted the joint pretrial order, proposed jury instructions, jury verdict form, and exhibit lists. The pretrial conference is a few days away on December 20, 2023.

Staying this Action on the eve of trial is not an efficient use of the Court's and the parties' resources. *Saint Lawrence Commc'ns LLC v. ZTE Corp.,* 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017) (finding that "the advanced stage of this litigation disfavors a stay" when "jury trial in this case [was] currently set to begin in less than two months," and noting that "the Court has previously observed that failure [to] demonstrate diligence in the filing of IPR petitions weighs against a decision to stay" where the defendant "waited to file its IPR petitions for months after filing is invalidity contentions"). The court in *Saint Laurence* also rejected Micron's argument that Netlist will not suffer prejudice because it "does not make a competing product," finding that "a plaintiff has a right to timely enforcement of its patent rights." *Id.* (citing *Trover Grp., Inc. v. Dedicated Micros USA,* 2015 WL 1069179, at *3 (E.D. Tex. Mar. 11, 2015)). Moreover, Micron is inaccurate. Netlist manufactures its own products that use the 918/054 patents, and it also distributes DDR5 products that customers can choose to buy over Micron's. Ex. 1 (https://netlist.com/products/memory-module/) (identifying DDR5 DIMMs for sale).

## II. Micron Is Making, Using, Offering for Sale, Selling, or Importing into the United States the Accused HBM3E Products

Micron argues that a stay is appropriate because it has not "commercially released" the accused HBM3E products yet. This is a red herring. ███████████████████████████████ ███████████████████████████████████████████████████████████████████ Dkt. 300-16, 82:9-21 ████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ████████████████████████████. Importation and use, regardless of sale, are independent acts of infringement. 35 U.S.C. § 271(a).

## III. Micron's Attempt to Hide Inconsistent Positions in this Action and before PTAB Should Be Rejected

Micron has taken inconsistent positions in this district court litigation and before the PTAB. This stay is designed to allow Micron to continue this behavior. Micron has previously

tried to hide behind its "under-study" role in the IPRs. Micron filed its own duplicate IPRs taking the same positions as Samsung. *See* Dkt. 275-2 (IPR2023-00405) (Micron's challenge of the '054 patent); Dkt. 275-04 (IPR2023-00406) (Micron's challenge of the '918 patent). Those positions contradict testimony of Micron's corporate representative, Boe Holbrook. For example, in the joint IPRs for the '918 and '054 patents, Micron pointed to signals transiting from the AMB to the DRAM chips in FBDIMMs as satisfying this element: "A0-A15," "RAS, CAS, WE, CS." *See e.g.*, Ex. 4 (IPR2022-00996 ('918)) at 21-25; Ex. 5 (IPR2022-00999 ('054)) at 20-24. The claims, however, require the data, address, and control signals to pass from the host system to the memory module via the memory module's edge connections. In order to backfill the deficiency, the petitioners' reply argument asserted for the first time that the serialized packets sent across the edge to an AMB in FBDIMM constitute the required data signals, address signals, and control signals. *See e.g.*, Ex. 6 (IPR2022-00996 ('918), Paper 25) at 7-9; *see also* Ex. 7 (IPR2022-00999 ('054), Paper 26) at 8-10. This new argument, however, is contradicted by Mr. Holbrook who testified that



Ex. 2 (2023-08-30 Holbrook Tr.) at 52:13-18.



*Id.* at 53:7-13 (emphasis added).

Micron has since replaced Mr. Holbrook on technical infringement matters with a different representative, Mr. Scott Cyr. On November 20, 2023, a deposition of Mr. Cyr occurred

in *Micron II*[1] and he gave testimony consistent with Mr. Holbrook's testimony above regarding



Ex. 3 (2023-11-20 Cyr Tr.) at 28:5-14 (emphasis added) (objection omitted).



*Id.* at 30:5-20 (emphasis added) (objections omitted).

IV. **The PTAB's Final Written Decisions on the '054 and '918 Patents Are Interlocutory and Not Sufficient to Justify a Stay**

The final written decisions issued by PTAB as to the '054 and '918 patents after December 2023, by itself, cannot tip the scales or justify a stay of the imminent trial. The PTAB decisions Micron refers to are interlocutory, and Netlist disagrees with them on the merits and intends to appeal. The interlocutory PTAB decisions have no binding effect on this case. *United Therapeutics Corp. v. Liquidia Techs., Inc.*, 74 F.4th 1360, 1372 (Fed. Cir. 2023) ("[W]e have previously held that an IPR decision does not have collateral estoppel effect until that decision is affirmed or the parties waive their appeal rights").

---

[1] *Netlist v. Micron*, No. 22-cv-294 (E.D. Tex.) (consolidated with No. 22-cv-293).

Moreover, Micron is pursuing separate invalidity grounds that are not resolved by the IPRs as to the '918 and '054 Patents. Micron has categorically denied that it is estopped by the IPRs. *See* Micron's Opposition to Netlist's Motion for Summary Judgment Regarding IPR Estoppel As To The '918 and '054 Patents, Dkt. 303 at 4 ███████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████. These seven grounds are:

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

Dkt. 269-02 (Stone Opening Rpt.) at 279-304.

In addition to those seven obviousness grounds, Micron's expert witness, Dr. Stone, is also advancing seven different written description grounds against the '918 and '054 patents:





Dkt. 269-02 (Stone Opening Report) at TOC.  Micron has not agreed to drop these defenses or conced that it is estopped by the IPRs; as such, Micron's defenses need to be resolved at trial.

Dated: December 17, 2023

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
jsheasby@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

**Attorneys for Plaintiff Netlist, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 17, 2023, a copy of the foregoing was served to all

counsel of record.

*/s/ Yanan Zhao*  
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Jason Sheasby*  
Jason Sheasby