IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Netlist, Inc., | § | |
|     *Plaintiff,* | § § § | |
| v. | § § | Case No.: 2:22-cv-203-JRG |
| Micron Technology, Inc., Micron Semiconductor Products, Inc., Micron Technology Texas, LLC, | § § § § | |
|     *Defendants.* | | |

**MICRON'S DAUBERT MOTION AND MOTION TO STRIKE
EXPERT TESTIMONY OF MR. DAVID KENNEDY**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................... 1

II. BACKGROUND ....................................................................................................... 1

    A. Samsung's Jury Verdict ................................................................................. 1
    B. The Rambus License Agreement ................................................................... 1
    C. Micron's hbm3e products .............................................................................. 2
    D. MR. KENNEDY'S OPINIONS REGARDING WILLFULNESS .................................................................................. 2

III. LEGAL STANDARDS ............................................................................................. 2

    A. Rule 702/Daubert .......................................................................................... 2
    B. Rules of Evidence 703, 401, and 403 ........................................................... 3

IV. ARGUMENT ............................................................................................................ 4

    A. The Court Should Strike Mr. Kennedy's Opinions Regarding the Samsung Litigation Jury Verdict ...................................... 4

        1. The Samsung Litigation jury verdict is unreliable for informing the hypothetical negotiation between Netlist and Micron ........................................................................ 4
        2. The Samsung Litigation jury verdict is extremely prejudicial to Micron, far exceeding any arguable probative value ............................................................................. 6

    B. The Court Should Strike Mr. Kennedy's Opinion That the Rambus License Agreement Is Relevant to the Hypothetical Negotiation ................................................................. 7
    C. The Court Should Strike Mr. Kennedy's Opinions Calculating Running Royalty Rates for Future Sales of HBM3E Products. ......................................................................... 8
    D. The Court Should Strike Mr. Kennedy's Opinions Regarding Willfulness and Netlist's February 2015 Slide Deck and April 2015 Slide Deck ........................................... 10

V. CONCLUSION ........................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Allergan Sales, LLC v. UCB, Inc.*,
  No. 2:15-CV-01001-JRG-RSP, 2016 WL 8222619 (E.D. Tex. Nov. 7, 2016) ..................... 9

*Apple Inc. v. Wi-LAN Inc.*,
  25 F.4th 960 (Fed. Cir. 2022) ............................................................................................. 3

*Applied Medical Resources Corp. v. U.S. Surgical Corp.*,
  435 F.3d 1356 (Fed. Cir. 2006) .......................................................................................... 5

*BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*,
  28 F.4th 1247 (Fed. Cir. 2022) ........................................................................................... 9

*Daubert v. Merrell Dow Phanns., Inc.*,
  509 U.S. 579 (1993) ........................................................................................................... 3

*Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*,
  2019 WL 1987172 (E.D. Tex. April 12, 2019), adopted by 2019 WL 1979866 (E.D.
  Tex. May 2, 2019) .................................................................................................. 3, 11, 12

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  607 F. Supp. 3d 464 (D. Del. 2022) ................................................................................... 4

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  694 F.3d 51 (Fed. Cir. 2012) .............................................................................................. 8

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009) .......................................................................................... 7

*Maxell, Ltd. v. Apple Inc.*,
  2021 WL 3021253 (E.D. Tex. Feb. 26, 2021) ................................................................ 6, 7

*Maxell, Ltd. v. ZTE Corp., et al.*,
  EDTX-5-16-CV-00179-RWS (E.D. Tex.) ...........................**Error! Bookmark not defined.**

*Mobile Telecomms.Techs., LLC v. ZTE (USA) Inc.*,
  No. 13-cv-00946, ECF No. 251 (E.D. Tex. Aug. 23, 2016) .............................................. 11

*Pipitone v. Biomatrix, Inc.*,
  288 F.3d 239 (5th Cir. 2002) .............................................................................................. 8

*Quintel Tech. Ltd v. Huawei Techs. USA, Inc.*,
   2018 WL 626355 (E.D. Tex. Jan. 30, 2018) ............................................................................ 12

*ResQNet.com, Inc. v. Lansa, Inc.*,
   594 F.3d 860 (Fed. Cir. 2010) .................................................................................................. 7

*Retractable Techs. Inc. v. Abbott Labs., Inc.*,
   2010 WL 11531436 (E.D. Tex. June 18, 2010) ..................................................................... 12

*Saint Lawrence Commc'ns LLC v. ZTE Corp.*,
   2017 WL 3476978 (E.D. Tex., 2017) ........................................................................ 4, 5, 6, 7

*Samsung Electronics. Co., Ltd. Et. al. v. Netlist, Inc.*,
   No. 2:21-CV-00463-JRG (E.D. Tex.) ............................................................................ 1, 2, 4

*Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*,
   760 F. App'x 977 (Fed. Cir. 2019) ........................................................................................... 5

*Summit 6, LLC v. Samsung Elecs. Co.*,
   802 F.3d 1283 (Fed. Cir. 2015) ................................................................................................ 7

*Thomas v. PFG Transco, Inc.*,
   501 F. Supp. 3d 437 (E.D. Tex. 2020) ................................................................................... 11

*VirnetX Inc. v. Apple, Inc.*,
   2020 WL 11647826 (E.D. Tex. Sept. 1, 2020) ............................................................... 4, 5, 6

*VirnetX, Inc. v. Cisco Systems, Inc.*,
   767 F.3d 1308 (Fed. Cir. 2014) ................................................................................................ 3

*XpertUniverse, Inc. v. Cisco Sys., Inc.*,
   2013 WL 936449 (D. Del. Mar. 11, 2013) .............................................................................. 8

**OTHER AUTHORITIES**

Fed. R. Evid. 401 ...................................................................................................................... 3, 9

Fed. R. Evid. 403 ......................................................................................................................... 3

Fed. R. Evid. 702 ......................................................................................................................... 2

Fed. R. Evid. 702(a) .................................................................................................................... 9

Fed. R. Evid. 703 ......................................................................................................................... 3

▮▮▮▮▮▮▮▮▮▮

## I. INTRODUCTION

Micron asks the Court to strike the following unsupported and unreliable opinions of Plaintiff's expert Mr. David Kennedy: (1) unreliable and extremely prejudicial opinions relating to the Samsung litigation verdict, (2) irrelevant opinions that will not help the trier of fact regarding the Rambus license agreement, (3) irrelevant and speculative opinions calculating a running royalty rate based on projected future sales, and (4) unsupported and unreliable lay opinions regarding various documents outside of Mr. Kennedy's knowledge and expertise.

## II. BACKGROUND

**A.     Samsung's Jury Verdict.**

In this case, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ from the case against a different defendant, *Netlist, Inc. v. Samsung Elec. Co., Ltd.*, No. 21-cv-463 (E.D. Tex.), to infer infringement liability and assess damages against Micron. *See* Ex. 1 (Kennedy Opening Rpt.), ¶¶ 562-570, 911-918. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**B.     The Rambus License Agreement.**

Mr. Kennedy also opines that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is relevant to the present Hypothetical Negotiation between Netlist and Micron. *See, e.g.*, Ex. 1, ¶¶ 690-94. This opinion rests entirely on the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1

Accordingly, none of Netlist's witnesses addressed the technical comparability of any of the remaining Asserted Patents to the Rambus Agreement.

**C.     Micron's HBM3E Products.**

One of the accused products is Micron's High Bandwidth Memory 3 Generation 2 ("HBM3E").

**D.     Mr. Kennedy's Opinions Regarding Willfulness.**

Netlist's counsel asked Mr. Kennedy, an economist, None of these opinions rely on Mr. Kennedy's training or expertise. If the documents are even admissible, Mr. Kennedy is in no better position to draw any conclusions from them than jurors. The Court should strike his opinions on willfulness. Ex. 4 (*Samsung Electronics. Co., Ltd. Et. al. v. Netlist, Inc.*, No. 2:21-CV-00463-JRG (E.D. Tex.), Order on Pretrial Motions and Motions *In Limine*) at ¶ 14.

### III.    LEGAL STANDARDS

**A.     Rule 702/Daubert.**

An expert may testify only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the

facts of the case." Fed. R. Evid. 702; *Daubert v. Merrell Dow Phanns., Inc.*, 509 U.S. 579, 592-93 (1993). *Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*, No. l7-cv-00662-JRG, 2019 WL 1987172, at *2 (E.D. Tex. April 12, 2019), adopted by 2019 WL 1979866 (E.D. Tex. May 2, 2019) ("simply pointing out knowledge of the parent of one of the asserted patents or knowledge of other patents that share the same inventor as one of the asserted patents is insufficient").

The Federal Circuit has imposed significant constraints on expert damages testimony to ensure damages are limited to the value of claimed inventions. For example, in *VirnetX*, the Federal Circuit vacated a $368 million jury verdict when "the district court should have exercised its gatekeeping authority to ensure that only theories comporting with settled principles of apportionment were allowed to reach the jury." *VirnetX, Inc. v. Cisco Systems, Inc.*, 767 F.3d 1308, 1328 (Fed. Cir. 2014). More recently, the Federal Circuit ordered a new trial when Mr. Kennedy's opinions were "untethered to the facts of this case." *Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 973 (Fed. Cir. 2022).

**B.     Rules of Evidence 703, 401, and 403.**

In addition to Fed. R. Evid. 702, courts should consider other applicable rules when assessing expert testimony. *Daubert*, 509 U.S. at 595. Rule 703, for example, provides that expert opinions based on otherwise inadmissible hearsay are to be admitted only if the facts or data are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." *Id*.  Federal Rule of Evidence 401 and 403 requires excluding irrelevant evidence or relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Id*. at 595.

3

## IV.     ARGUMENT

A.     **The Court Should Strike Mr. Kennedy's Opinions Regarding the Samsung Litigation Jury Verdict.**

  1.     <u>The Samsung Litigation jury verdict is unreliable for informing the hypothetical negotiation between Netlist and Micron.</u>

This Court has a standing motion in limine precluding parties from discussing other cases in which they are parties.[1] This standing order is well-reasoned. "[A] jury verdict represents the considered judgment of twelve (or maybe fewer) random non-experts as to what a hypothetical negotiation would have resulted in for the patent(s) at issue." *IOENGINE, LLC v. PayPal Holdings, Inc.*, 607 F. Supp. 3d 464, 504 (D. Del. 2022). Jury verdicts are not "established and reliable data point[s]" for a hypothetical negotiation until they have at the very least been tested in post-trial briefing and on appeal. *Saint Lawrence Commc'ns LLC v. ZTE Corp.,* 2017 WL 3476978, at *2 (E.D. Tex., 2017); *IOENGINE*, 607 F. Supp. 3d at 504. Further, although a prior verdict may, in rare cases, have probative value when the verdict occurs before the negotiation and has been tested on appeal, it loses value when it occurs after the hypothetical negotiation and is not final. *VirnetX Inc. v. Apple, Inc.*, No. 6:12-CV-0855-RWS, 2020 WL 11647826, *5 (E.D. Tex. Sept. 1, 2020)

The Samsung Litigation jury verdict "is a long way from being an established and reliable data point" relevant to the hypothetical negotiation here. *See Saint Lawrence*, 2017 WL 3476978, at *2. For starters, the verdict is in the thick of post-trial briefing. *See Netlist, Inc. v. Samsung Elec. Co., Ltd.*, No. 21-cv-463 (E.D. Tex.), at Dkt. 561, Dkt. 563. Like in *Saint Lawrence*, where this

---

[1] Standing Order on Motions *In Limine* in Cases Assigned to Chief Judge Rodney Gilstrap Involving Allegations of Patent Infringement and/or Breach of FRAND Obligations, as Well As Declaratory Judgment Actions Which Relate to Same, Court MIL No. 13.

4

Court rejected an expert's use of a former jury verdict involving the same asserted patents and plaintiff because post-trial briefing and a final decision had not concluded, 2017 WL 3476978, at *1-2, so too should this Court prohibit Mr. Kennedy from relying on the Samsung verdict in this case. In *Saint Lawrence*, this Court rejected the Plaintiff's argument that the verdict was "highly relevant to the question of damages" and the hypothetical negotiation, noting the unreliability of allowing reliance on a "jury's verdict [that] is not fixed and remains subject to multiple avenues of attack" and that the final decision would further be subject to appeal. *Id.* at *2. Likewise, here, Mr. Kennedy's use of the Samsung verdict is extremely unreliable. *See* Ex. 1, ¶ 568.

Mr. Kennedy relies on two Federal Circuit decisions to support his reliance on the prior jury verdict. *Id.*, ¶ 563, fn 567, 912, fn 940 (*Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*, 760 F. App'x 977 (Fed. Cir. 2019*); Applied Medical Resources Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356 (Fed. Cir. 2006)). This Court has differentiated these exact cases in situations like here, because in those cases "the admitted prior verdict occurred **before** the date of the hypothetical negotiation." *VirnetX*, 2020 WL 11647826 at *5 (emphasis added). But this Court has made clear that "that doctrine—often called the book-of-wisdom doctrine—relates only to probative value and is typically applied to infringers' sales." *VirnetX*, 2020 WL 11647826 at *5. "Even if verdicts occurring after the date of the

5

hypothetical negotiation can be probative, their probative value must not be substantially outweighed by a risk of unfair prejudice." *Id.*

    2.    <u>The Samsung Litigation jury verdict is extremely prejudicial to Micron, far exceeding any arguable probative value.</u>

"Evidence of prior verdicts 'can be prejudicial and must be treated with great care[.]'" *Maxell, Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2021 WL 3021253, at *6 (E.D. Tex. Feb. 26, 2021). Even when "the prior verdict involve[s] some of the same patents asserted here, its probative value is minimal" when, as here, the "case involve[s] different parties, accused products, witnesses and prior art." *Maxwell*, 2021 WL 3021253 at *7. Thus, Netlist seeks to unfairly prejudice Micron by "Such a result would be inappropriate and constitutes unfair prejudice." *Id.; see also Saint Lawrence*, 2017 WL 3476978, at *1; *IOENGINE*, 607 F. Supp.

6

3d at 503 (citing numerous decisions from various jurisdictions); MIL No. 13.

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████ The sheer magnitude of this significantly inflated number—that is calculated from a ████████████████████

█████████████████████, Samsung—could greatly taint the jury's ability to try the current case objectively, unfairly prejudicing Micron. In fact, cases from this District have rejected the use of significantly smaller jury verdicts on the basis of undue prejudice substantially outweighing any probative value. *See Saint Lawrence*, 2017 WL 3476978 at *1-2; *Maxwell*, 2021 WL 3021253 at *6-7; *see Maxell, Ltd. v. ZTE Corp., et al.*, No. 5:16-cv-00179-RWS (E.D. Tex.), Dkt. ¶ 228.

**B.   The Court Should Strike Mr. Kennedy's Opinion That the Rambus License Agreement Is Relevant to the Hypothetical Negotiation.**

Mr. Kennedy relies on the opinions of Dr. Mangione-Smith that the '506 patent is technically comparable to certain patents in the Rambus license. Ex. 1. ¶ 692. ████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████ Dr. Mangione-Smith relied ████████████████████████████

█████████████████████████████████████ Because █████████████████████

███████████████████████████████████████████████████████████

████████████ *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283 (Fed. Cir. 2015); *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 870 (Fed. Cir. 2010) (finding district court erred

7

in considering damages opinions when expert "used licenses with no relationship to the claimed invention to drive the royalty rate up to unjustified [] levels.").

Dr. Mangione-Smith provided ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dr. Mangione-Smith's provides only vague, "loose" and unsupported that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012) ("When relying on licenses to prove a reasonable royalty, alleging a loose or vague comparability between different technologies or licenses does not suffice."). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *see also XpertUniverse, Inc. v. Cisco Sys., Inc.*, No. CIV.A. 09-157-RGA, 2013 WL 936449, at *5 (D. Del. Mar. 11, 2013) (excluding damages expert's opinion when "each step of [the] opinion . . . is based on opinions from [another expert] that are," *inter alia*, "unreliable [and] not based on sufficient facts and data. . ."). Thus, the Court should exclude Mr. Kennedy's damages opinions tied to the Rambus Agreement, because they are unhelpful to the trier of fact and therefore irrelevant. *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 245 (5th Cir. 2002) (affirming district court's finding that an expert's testimony was not relevant because it would not assist the trier of fact).

**C.     The Court Should Strike Mr. Kennedy's Opinions Calculating Running Royalty Rates for *Future* Sales of HBM3E Products.**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Nonetheless, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mr. Kennedy follows two approaches to calculate the damages base for HBM3E ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8

███   First, Mr. Kennedy ████████████████████████████████████████

████████████████████████████████████████████████   Mr. Kennedy ████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████   However, █████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████   Second ██████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████   Relying on this type of speculative (by its nature) and forward-looking document is not appropriate to prove instances of infringement for purposes of a damages award.

The Court should exclude these opinions under Rule 702(a) and Rules 401 and 402 because both approaches opine on a future royalty that may, ***or may not***, accrue from infringement that has not yet occurred. *Allergan Sales, LLC v. UCB, Inc.*, No. 2:15-CV-01001-JRG-RSP, 2016 WL 8222619, at *3 (E.D. Tex. Nov. 7, 2016). In *Allergan Sales,* this Court excluded an expert's testimony in an analogous situation, finding that "[a]lthough Mr. Malackowski's future sales projections do not appear unreliable or speculative, his opinions cannot be presented to the jury because they are based on a running royalty applied to future acts of infringement that have not yet occurred." *Id*. at *2.; *see also BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, 28 F.4th 1247, 1276 (Fed. Cir. 2022). ████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████   Accordingly, Micron respectfully requests that the Court strike Mr.

Kennedy's opinions based on projected future sales, including those set forth in ¶¶ 895-900, and 952-954 of his opening report.

D. **The Court Should Strike Mr. Kennedy's Opinions Regarding Willfulness and Netlist's February 2015 Slide Deck and April 2015 Slide Deck.**

The Court should strike Mr. Kennedy's opinions regarding willfulness, wherein ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ If documents Mr. Kennedy summarizes are relevant and admissible, the jury is perfectly capable of assessing them without "expert" testimony, which utilizes none of Mr. Kennedy's expertise.

Specifically, Mr. Kennedy discusses two slide decks from February 2015 and April 2015 that Netlist apparently found in its *own files* and uses to speculate about what was allegedly said during meetings between Netlist and Micron over 8 years ago. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Instead, Mr. Kennedy relies ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mr. Chuck Hong, Netlist's corporate designee on topics related to Netlist's alleged disclosure of its patents to Micron, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mr. Kennedy cannot speculate from Netlist documents about facts that Netlist itself does not know.

10

Moreover, the slide decks are irrelevant to Micron's knowledge or state of mind. ▇

▇▇▇. But Netlist did not file the '918 patent until 2021 and the '054 patent until 2022. The slide decks prepared *five to six years earlier* cannot possibly have any bearing on Micron's knowledge of those patents. Mr. Kennedy attempts to side-step this by claiming ▇▇▇ That is irrelevant—a claim of willfulness must be based on the patents in this case. *Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*, No. l7-cv-00662-JRG, 2019 WL 1987172, at *2 (E.D. Tex. April 12, 2019), adopted by 2019 WL 1979866 (E.D. Tex. May 2, 2019) ("simply pointing out knowledge of the parent of one of the asserted patents or knowledge of other patents that share the same inventor as one of the asserted patents is insufficient"); *see also Mobile Telecomms. Techs., LLC v. ZTE (USA) Inc.*, No. 13-cv-00946-JRG, ECF No. 251, at *2 (E.D. Tex. Aug. 23, 2016). Moreover, the PTO declared all asserted claims of the '833 Patent invalid in a prior IPR proceeding. Ex. 7 ('833 Patent Final Written Decision).

In short, ▇▇▇. "An expert witness's credentials put him in no better position to opine as to Defendant's state of mind than the jury." *Thomas v. PFG Transco, Inc.*, 501 F. Supp. 3d 437, 443 (E.D. Tex. 2020). Indeed, these types of opinions are "matters which a jury is capable of

11

understanding without an expert's help." *Retractable Techs. Inc. v. Abbott Labs., Inc.*, Case No. 5:05-CV-157, 2010 WL 11531436, at *6 (E.D. Tex. June 18, 2010).

For the same reason, in *Samsung v. Netlist*, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The situation is more pronounced here, as ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ This Court has excluded expert testimony that relies on mere knowledge of a party's other patents, including related patents, as a basis for knowledge of an asserted patent. *See Intell. Ventures II LLC*, 2019 WL 1987172, at *2, *adopted by* 2019 WL 1979866 (E.D. Tex. May 2, 2019); *see also Quintel Tech. Ltd v. Huawei Techs. USA, Inc.*, No. 4:15-CV-307, 2018 WL 626355, at *3 (E.D. Tex. Jan. 30, 2018) ("A trial court may strike expert testimony that evaluates a party's state of mind, as that evaluation is within the province of the jury."). Mr. Kennedy exclusively uses the inadmissible and highly speculative slide decks to opine on Micron's state of mind. *see* e.g., Ex. 1, ¶ 121.

Accordingly, Micron respectfully requests that the Court strike Mr. Kennedy's opinions regarding ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

## V.     CONCLUSION

For the foregoing reasons, Micron respectfully requests that the Court grant Micron's motion.

Dated: November 14, 2023            Respectfully submitted,

/s/ Michael R. Rueckheim
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P Enzminger (*pro hac vice*)
denzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
Ryuk Park (*pro hac vice*)
RPark@winston.com
Matthew R. McCullough
MRMcCullough@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

William M. Logan
State Bar No. 24106214
wlogan@winston.com
Juan C. Yaquian (*pro hac vice*)
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400

13

Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Vivek V. Krishnan (*pro hac vice*)
vkrishnan@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive, Suite 4200
Chicago, IL 60601
Telephone: 312-558-9508
Facsimile: 312-558-5700

Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Andrea Fair
State Bar No. 24078488
andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323


**ATTORNEYS FOR DEFENDANTS MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC**

## CERTIFICATE OF SERVICE

I certify that, on November 14, 2023, a copy of the foregoing was served on all counsel of record via the Court's ECF system and email.

/s/ *Michael R. Rueckheim*
Michael R. Rueckheim

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ *Michael R. Rueckheim*
Michael R. Rueckheim

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Micron and Netlist met and conferred regarding Micron's Daubert Motion and Motion to Strike Expert Testimony of Mr. David Kennedy. Netlist's counsel indicated that Netlist opposes Micron's motion.

/s/ *Michael R. Rueckheim*
Michael R. Rueckheim