# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 2:22-CV-203-JRG ) |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS INC., MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S MOTION TO COMPEL MICRON TO
PRODUCE CLAWED-BACK DOCUMENTS**

**TABLE OF CONTENTS**

**Page**

I.   Background ...................................................................................................................1

II.  ARGUMENT .................................................................................................................1

    A.   Failure to Provide a Privilege Log Is a Waiver ................................................1

    B.   Appendix 1 of the Opening Report of Dr. Woods Is Not Privileged
        Information ........................................................................................................4

    C.   Micron Otherwise Waived Its Privilege ...........................................................4

III. Conclusion......................................................................................................................4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Equal Emp. Opportunity Comm'n v. BDO USA, LLP*,
    876 F.3d 690 (5th Cir. 2017)..................................................................................................4

*Fox v. Taylor Diving & Salvage Co.*,
    694 F.2d 1349 (5th Cir. 1983) ................................................................................................7

*Hodges, Grant & Kaufmann v. U.S. Government, Dept. of the Treasury, I.R.S.*,
    768 F.2d 719 (5th Cir. 1985)..................................................................................................4

*Lincoln Elec. Co. v. Esab Grp., Inc.*,
    2016 WL 6804861 (E.D. Tex. Nov. 17, 2016).....................................................................6, 7

*Metro Serv. Grp., Inc. v. Waste Connections Bayou, Inc.*,
    2022 WL 2255203 (E.D. La. May 31, 2022)..........................................................................3

*United States ex rel. Wall v. Vista Hospice Care*,
    319 F.R.D. 498 (N.D. Tex. 2016) ...........................................................................................5

**Rules**

Fed. R. Civ. P. 26 ................................................................................................................. 4, 5, 6

Fed. R. Civ. P. 502(d) ....................................................................................................................3

Micron served the final version of Dr. Gary Woods's opening report included an Appendix 1 on October 4, 2023, the deadline provided by the Third Amended Docket Control Order. Dkt. 163 (Third Amended DCO). On October 30, Micron served a copy of Corrected Appendix 1 with Dr. Woods Rebuttal Report, even though the Rebuttal Report does not reference Appendix 1. Then on December 4, Micron suddenly announced that it intended to claw back original Appendix 1 of Dr. Woods's report. Ex. 1 (2023-12-04 Park Email). This request was sent long after Netlist's experts reviewed the appendix, after the parties served rebuttal reports on October 30, after the parties filed *Daubert* motions and responses respectively on November 14 and November 28. Dkt. 243 (Fifth Amended DCO).

Micron has never explained its basis for the assertion that the original Appendix 1 of Dr. Woods's report includes privileged information. It appears that the basis for this is a set of embedded comments in the appendix that were written by either Dr. Woods or Micron's counsel. Dr. Woods's comments are not privileged, as he is an expert and his thought processes are properly subject to discovery. The comments by Micron counsel are providing information to Dr. Woods, and are once again not privileged because information provided to an expert that forms the basis for the opinion is not privileged. At any rate, if there was any residual privilege associated with the document the time to assert that has long passed. This is especially the case because Micron refused to provide a privilege log after clawing back.

I. **BACKGROUND**

On October 4, 2023, both Netlist and Micron served their opening expert reports pursuant to the Docket Control Order. Dkt. 163. Micron's expert, Dr. Gary Woods, was retained to provide opinions in support of Micron's invalidity and non-infringement arguments in connection with U.S. Patent No. 8,787,060 ("the '060 patent") and U.S. Patent No. 9,318,160 ("the '160 patent") Netlist asserts in this Action (collectively, the "HBM patents").

In his opening report, Dr. Woods provides "opinions regarding anticipation and obviousness of the Asserted Claims of the '060 and '160 Patents based primarily on Micron's Hybrid Memory Cube (Gen. 2) . . . in **Appendix 1** to [his] Report." Dkt. 270-02 (Woods Opening Rept.) ¶ 173. Appendix 1 attached to the report is over 150 pages, with analysis mapping Netlist's claim elements to the HMC2 products of Micron. In Appendix 1, Dr. Woods also included some comments, which appear to be communications between him and Micron's counsel regarding the substance of the report.

On October 30, 2023, Micron served a "corrected" version of Dr. Woods's report without first seeking leave with the Court to amend the Scheduling Order. Micron did not provide redline or otherwise specify what amendments were made in the corrected report. In fact, the corrected report was served at the same time the parties' rebuttal reports were due. Thus, in preparing for their rebuttal reports, Netlist's experts relied on the original Appendix 1 Micron served on October 4.

Before Micron first raised the request to claw back portions of Dr. Woods's opening report, it has been referenced in at least the following materials by both parties in their expert reports and briefings:

|    | Reference | Party | Date |
|----|-----------|-------|------|
| 1. | Rebuttal Report of Dr. Michael Brogioli | Netlist | 2023-10-30 |
| 2. | Rebuttal Report of Dr. Matthew Lynde | Micron | 2023-10-30 |
| 3. | Rebuttal Report of Dr. Gary Woods | Micron | 2023-10-30 |
| 4. | Netlist's Motion to Strike Gary Wood Reports, Dkt. 270 | Netlist | 2023-11-14 |
| 5. | Defendants' Opposition to Plaintiff's Motion to Strike Expert Report of Dr. Woods, Dkt. 291 | Micron | 2023-11-28 |

On December 4, Micron stated that the original report of Dr. Woods should be clawed back.

> The original Appendix 1 to Dr. Woods's Opening Report inadvertently included privileged information. Pursuant to paragraph 12 of the Protective Order, please immediately cease any use of the original Appendix 1, take reasonable steps to retrieve all copies of the original Appendix 1, and confirm within 5 business days that all copies have been destroyed. Ex. 1.

In response, Netlist explained that Micron did not ask to claw back until over two months after the service of the original report, and its attempt to do so at this late stage raised a serious concern because

Netlist's experts "have already analyzed and based their opinions on the original Appendix 1. They cannot unlearn what is in there and cannot un-rely on it." *Id.* at 1 (2023-12-04 Sheasby Email).

The Protective Order entered in this Action, Dkt. 46 ¶ 12, provides:

> Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of any privileged or work product protected information (including documents) in this action shall not be deemed a waiver of any such privilege or protection.3 Any party or non-party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return. If a receiving Party receives information that the receiving Party believes may be subject to a claim of privilege or protection from discovery, the receiving Party shall promptly identify the information to the producing Party. . . .Within fourteen (14) days after a producing Party or receiving Party identifies the information, and not thereafter, the receiving Party may file a motion to compel the production of the information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this action. The producing Party and the receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel.

Micron never specifically explained what the privileged information is other than broadly clawing back the entire Appendix 1 of Dr. Woods's report, which is over 150 pages. Nor did Micron serve a privilege log on this. Netlist hereby respectfully moves to compel Micron to produce the original Appendix 1 of Dr. Woods's report because the information is not privileged or protected from disclosure; in the alternative, production is needed because Micron has waived any applicable privilege or immunity.[1]

## II.   ARGUMENT

### A.   Failure to Provide a Privilege Log Is a Waiver

After claw back, Netlist requested that Micron provide a privilege log on December 8, 2023, but Micron has failed to do so as of today. Sheasby Decl. ¶ 4. The failure to provide a privilege log is not accidental. Micron would not commit on the call to providing a log. This constitutes a waiver

---

[1] Out of an abundance of caution, and in consistent with the Protective Order entered in this Action, Netlist "has conducted a diligent search for copies of the original Appendix 1 to Dr. Woods's Opening Report, and have destroyed all such copies that were located" within 5 business days after receiving Micron's notice. Ex. 2 (2023-12-11 Werner Email).

-3-

of privilege. *See Metro Serv. Grp., Inc. v. Waste Connections Bayou, Inc.*, 2022 WL 2255203, at *6 (E.D. La. May 31, 2022) ("To date, no privilege log has been provided. The Court concludes that to the extent the [Defendant] sought to assert vague and blanket privileges, the objections are waived because of its failure to comply with the Federal Rule 26. Thus, unredacted copies of [the communications] must be produced"); *see also Equal Emp. Opportunity Comm'n v. BDO USA, LLP*, 876 F.3d 690, 697 (5th Cir. 2017) ("Continual failure to adhere to Rule 26's prescription [regarding privilege logs] may result in waiver of the privilege where a court finds that the failure from unjustified delay, inexcusable conduct, or bad faith.").

### B. Appendix 1 of the Opening Report of Dr. Woods Is Not Privileged Information

Micron fails to carry its burden to show that Appendix 1 of Dr. Woods's opening report served on October 4 is privileged. *See Hodges, Grant & Kaufmann v. U.S. Government, Dept. of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985) ("The burden of demonstrating the applicability of the privilege rests on the party who invokes it.").

***First***, the Federal Rule of Civil Procedure 26(a)(2)(B) requires testifying experts to provide in the report: "a complete statement of all opinions the witness will express and the basis and reasons for them," and "the facts or data considered by the witness in forming them." Thus, Micron cannot contend Appendix 1 of Dr. Woods' report is privileged because the Federal Rules of Civil Procedure, as well as this Court's Scheduling Order, clearly requires Micron to disclose such information.

***Second***, although Micron has refused to explain the basis for its privilege assertion, it appears that it is based on embedded comments by either the expert or counsel for Micron in the document served. To the extent Micron contends that the comments in the report are "privileged information," that argument must also fail. These comments reflect either Dr. Woods' opinions or facts provided by Micron to Dr. Woods, which are part of the "facts or data considered by Dr. Woods" and the "basis and reasons" for his opinions disclosed in the Opening Report. Contrary to Micron's assertion,

such information is not privileged but is properly subject to discovery. Fed. R. Civ. P. 26(b)(4)(C) (communications between experts and the party's attorneys are discoverable to the extent the communications "identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed" or "identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed").

***Third***, Micron cannot claim that the original Appendix 1 is simply a draft report and therefore shielded from discovery. Micron served the original report on October 4, 2023, the deadline for opening expert reports. Dr. Woods has provided a signature to his report confirming it is "final":

> **XIII. RESERVATION OF RIGHT TO SUPPLEMENT**
>
> 229. The opinions I rendered in this Report may be supplemented or amended a later time if relevant new information is obtained (including, without limitation, testimony, opinions, or other evidence) or if there are new developments in this case. I reserve the right to amend or supplement this Report under such conditions or under other appropriate circumstances.
>
> 126
>
> **CONFIDENTIAL – ATTORNEYS' EYES ONLY**
>
> Dated: October 4, 2023        *[signature]* Gary L. Woods, Ph.D.

Moreover, nowhere in the report (including Appendix 1) contains a "Draft" or "Attorney-Work Product" designation or mark, or otherwise shows that the report served on the eve of the deadline was not final. Simply labeling the previous report as a "draft" cannot retroactively shield Micron from discovery. In any event, Rule 26(b)(4) does not shield communications that reflect the "facts or data considered" by Dr. Woods and the "basis and reasons" for his opinions disclosed in the Opening Report, even if they are discussed in a draft report. *See United States ex rel. Wall v. Vista Hospice Care*,

319 F.R.D. 498, 509 (N.D. Tex. 2016) ("Thus, to conclude that Rule 26(b)(4)(B) precludes the application of Rule 26(b)(4)(C) and its exceptions to any communications between the party's attorney and the expert witness in the form of a draft expert report and permits attorneys to protect from discovery facts or data considered by or assumptions relied upon by a retained expert by providing some in a draft report would be inconsistent with Rule 26(b)(4)(C)(ii)-(iii)'s exception to an otherwise broad application of work-product protection and the structure and purpose of Rule 26(a)(2)(B) and 26(b)(4)") (examining case law).

### C. Micron Otherwise Waived Its Privilege

To the extent the original Appendix 1 contains any privileged information—it does not—Micron's privilege has been waived because of the initial disclosure and the failure by Micron to take any reasonable steps to prevent, and later rectify, the disclosure.

This Court's decision in *Lincoln Elec. Co. v. Esab Grp., Inc.*, 2016 WL 6804861, at *2 (E.D. Tex. Nov. 17, 2016) is on point. In *Lincoln*, the defendants disclosed "(1) approximately 40 pages of source code with embedded comments, which Defendants initially produced to Plaintiffs and later 'clawed back' and redacted as privileged; (2) a 'risk assessment document' also produced and later clawed back; and (3) a May 2009 document created by Joakim Ed, also produced and later clawed back." *Id.* at *1. The Court held that "any privilege would have been waived by the manner in which the documents were handled" by the Defendants. *Id.* at *2. Specifically, "[t]he documents at issue in this motion were produced to Plaintiffs in mid-June, were relied upon by Plaintiffs in the infringement contentions exchanged in mid-July, and were further used in depositions in August." *Id.* Only at that time, defendants' counsel raised the question of privilege and attempted to claw them back. As the Court noted, these "are not documents that were mistakenly produced," but instead, counsel for defendants "made the determination that the documents were not privileged." Similarly here, Micron made a decision to serve the final report with an appendix of Dr. Woods on the last day for service of opening

experts, which was signed by Dr. Woods. In fact, Micron's intentional choice was further confirmed by the fact that Micron itself served an amended report on October 30 but still did not raise the privilege issue or attempt to claw the original version black.

The Court also noted in *Lincoln Elec. Co.*, "[o]nce the documents have been produced to and used by opposing counsel in preparing pleadings and deposition questions over a course of months, it is too late to claw them back based on information that was always available to counsel from their own clients' employees." *Id.* Micron here did not attempt to claw back the allegedly privileged information until over **two months** after the initial disclosure, at which time, Netlist's experts reviewed the material and relied on it to prepare their rebuttal reports. Netlist's counsel also relied on Dr. Woods's Appendix 1 to prepare *Daubert* motions and other filings, which Micron itself responded to. As such, Micron has waived its privilege. *Id.* (granting the plaintiff's motion to compel production of defendants' clawed-back documents); *see also Fox v. Taylor Diving & Salvage Co.*, 694 F.2d 1349, 1356 (5th Cir. 1983) (finding that if "communications between the attorney and the expert witness were covered by a work product immunity," it "was extinguished when the attorney himself requested the witness to disclose the information and made no objection when it was offered. A claim of work product immunity is lost when the attorney discloses the information to the court").

## III.   CONCLUSION

For reasons discussed above, Netlist's motion to compel production of the original Appendix 1 attached to the opening report of Dr. Woods, dated October 4, 2023, should be granted.

Dated: December 18, 2023                    Respectfully submitted,

                                            */s/ Jason G. Sheasby*

                                            Samuel F. Baxter
                                            Texas State Bar No. 01938000
                                            sbaxter@mckoolsmith.com
                                            Jennifer L. Truelove
                                            Texas State Bar No. 24012906
                                            jtruelove@mckoolsmith.com

**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF CONFERENCE

I hereby certify that, on December 8, 2023, the lead and local counsel of each side met and conferred. Micron refused to provide the requested information. The parties thus are at an impasse.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF SERVICE

I hereby certify that, on December 18, 2023, a copy of the foregoing was served to all counsel of record via the court's CM/ECF system.

*/s/Yanan Zhao*
Yanan Zhao