IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Netlist, Inc., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Case No.: 2:22-cv-203-JRG |
| Micron Technology, Inc., | § | |
| Micron Semiconductor Products, Inc., | § | |
| Micron Technology Texas, LLC, | § | |
| | § | |
| *Defendants.* | | |

**MICRON'S OPPOSITION TO NETLIST'S DAUBERT MOTION
AND MOTION TO STRIKE
EXPERT TESTIMONY OF DR. MATTHEW LYNDE**

**TABLE OF CONTENTS**

                                                                                            Page

I.    ARGUMENT ................................................................................................... 1

      A.    Dr. Lynde's Comparable License Analysis is Reliable. ....................................... 1

            1.    Dr. Lynde never assigns the same value to every patent. ........................ 1
            2.    Dr. Lynde properly employs his economic training to
                  interpret the effects of the MFL clause in the Hynix License
                  on damages ....................................................................................... 3
            3.    Dr. Lynde properly rebuts Mr. Kennedy's claim that supply
                  clause in the Hynix License makes the License Not
                  Comparable. ...................................................................................... 4
            4.    Dr. Lynde's opinions regarding what effect the Hynix
                  License would have on damages if it were "under a RAND
                  obligation" are admissible .................................................................. 5
            5.    Dr. Lynde's adjustment to the value of the Patents-in-Suit
                  is proper. .......................................................................................... 6
            6.    Dr. Lynde properly compares the Goodman and ELM
                  licenses. ........................................................................................... 7

      B.    Dr. Lynde's Damages Analysis as to the '060 and '160 Patents is
            Reliable. ......................................................................................................... 8

      C.    Dr. Lynde's References to RAND are Relevant and Reliable. ........................... 9

      D.    Dr. Lynde's Description of RAND is a Fact Question. ................................... 10

      E.    Dr. Lynde's References to NIAs are Admissible. .......................................... 11

      F.    A Nexus Exists Between JEDEC Contributions to the Relevant
            Standards and the Accused Products in This Case. ........................................ 11

      G.    Dr. Lynde's Discussions of Patent Hold-Up and Royalty Stacking
            are Admissible. ............................................................................................... 13

      H.    Dr. Lynde's References to Standards Setting Organizations are
            Admissible. .................................................................................................... 13

      I.    Dr. Lynde's SSPPU Opinions are Admissible. ............................................... 14

      J.    Dr. Lynde's Lump Sum, Through the Life of the Patents, Opinions
            are Admissible. ............................................................................................... 14

      K.    Dr. Lynde's Regression Analysis is Admissible. ............................................ 15

II.   CONCLUSION ............................................................................................. 15

████████

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alacritech Inc. v. CenturyLink, Inc.,*
No. 2:16-CV-00693-RWS-RSP, 2023  WL 8101872 (E.D. Tex. Nov. 21, 2023)................ 6

*Apple Inc. v. Wi-LAN Inc.,*
25 F.4th 960 (Fed. Cir. 2022) ........................................................................... 2, 7

*Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.,*
No. 2:22-CV-00126-JRG-RSP, 2022  WL 14328350 (E.D. Tex. Oct. 24, 2022) .............. 14

*Bio-Rad Lab's, Inc. v. 10X Genomics Inc.,*
967 F.3d 1353 (Fed. Cir. 2020)........................................................................... 7

*CEATS, Inc. v. TicketNetwork, Inc.,*
No. 2:15-CV-01470-JRG-RSP, 2018 WL 453732 (E.D. Tex. Jan. 17, 2018).................... 14

*Commonwealth Sci. & Indus. Rsch. Organisation v. Cisco Sys., Inc.,*
809 F.3d 1295 (Fed. Cir. 2015)........................................................................... 13

*Embrex, Inc. v. Serv. Eng'g Corp.,*
216 F.3d 1343 (Fed. Cir. 2000)........................................................................... 9

*Ericsson, Inc. v. D-Link Sys., Inc.,*
773 F.3d 1201 (Fed. Cir. 2014)............................................................... 10, 12, 13

*Genband US LLC v. Metaswitch Networks Corp.,*
No. 2:14-CV-33-JRG-RSP, 2016  WL 125503 (E.D. Tex. Jan. 9, 2016)........................... 6

*Hitkansut LLC v. United States,*
130 Fed. Cl. 353 (2017), aff'd, 721  F. App'x 992 (Fed. Cir. 2018) ...................... 8

*Lone Star Tech. Innovations, LLC v. ASUSTek Comp. Inc.,*
2022 WL 4494312 (E.D. Tex. Aug. 18, 2022) ...................................................... 7

*Lucent Techs., Inc. v. Gateway, Inc.,*
580 F.3d 1301 (Fed. Cir. 2009)........................................................................... 7

*Metaswitch Networks Ltd. v. Genband US LLC,*
No. 2:14-CV-744-JRG-RSP,  2016 WL 874775 (E.D. Tex. Mar. 7, 2016) .......... 1, 3, 4, 5, 7

*Personalized Media Commc'ns, LLC v. Apple, Inc.*,
      No. 2:15-CV-01366-JRG-RSP,  2021 WL 662237 (E.D. Tex. Feb. 20, 2021)............. 6, 7, 8

*Virnetx, Inc. v. Cisco Sys., Inc.*,
      767 F.3d 1308 (Fed. Cir. 2014)....................................................................................... 11, 14

███████████████

Netlist's Motion to Strike provides no reason to exclude any of Dr. Lynde's opinions. At best, Netlist's criticisms of Dr. Lynde go to the weight of the testimony, which can be probed on cross-examination—not its admissibility. The Court should deny Netlist's motion in its entirety.

## I.     ARGUMENT

### A.     Dr. Lynde's Comparable License Analysis is Reliable.

#### 1.     Dr. Lynde never assigns the same value to every patent.

Netlist seeks to exclude paragraphs 224 to 247 of ███████████████████ ██████████████████████████████████ Most of those paragraphs do not even deal with patent valuation, and instead relate to other aspects of commercial comparability. ████████████████████████████████

████████████████████████████████████

███████████████████████████████████

████████ ███████████████████████

███████████████████████████████████

████████████████████████████████████

██████████████; *see also Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-744-JRG-RSP, 2016 WL 874775, at *2 (E.D. Tex. Mar. 7, 2016) ("Mr. Lynde, relying upon his expertise as an economist, cites the need to adjust the patent pool licensing rate based on real-world factors such as the participation rate and the value of expected cross-licenses. [] Based on these considerations, he determines that a multiplier of three is appropriate."). ████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████. At no point, does "Dr.

Lynde treat every patent in allegedly comparable portfolio agreements [] as equal in value," Dkt.

268 at 1. By contrast, in *Wi-LAN*, Mr. Kennedy (Netlist's expert in this case), attempted to increase

the value of the Patents-in-Suit by forming opinions "untethered to the facts of th[e] case." *Apple*

*Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 973 (Fed. Cir. 2022).

Contrary to Netlist's claim that Dr. Lynde's opinion is comparable to Mr. Kennedy's

opinions in *Wi-LAN*, Dr. Lynde properly analyzes the Hynix license with an economic analysis

tethered to the facts of this case. Moreover, Dr. Lynde does not even assume that the patent families

to be licensed to Micron have the same value.  His analysis assumes only that the **average** value

of the four patent families for the patents to be licensed to Micron is equal (before adjustment to

account for importance) to the average value of the ███████████████████████████████

An assumption as to the average value of a set of four patent families is not an assumption that

each of the four patent families is equivalent in value, or that the patents in those patent families

are equivalent in value.

And Dr. Lynde's analysis does not end there. █████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████ *see also* discussion *infra*

Section I.A.5 (explaining why assigning the Asserted Patents an above median importance is

proper).████████████████████████████████████████████████████████████

█████████████████████████████████████████Ex. 1 at ¶ 278. Thus, Dr.

Lynde does not treat every patent in the comparable portfolio agreements as equal in value. Rather,

Dr. Lynde assumes, based on factors specific to the Hynix license, that all patents are not equal in

███████████

value and relies upon his expertise as an economist to rely on other facts in the record to adjust the value of the Asserted Patents.  Dr. Lynde performed this analysis with respect to each of the other comparable licenses and adjusted the value of those patents by the specific terms and scope of those licenses.  This Court approved of Dr. Lynde's same methodology in analyzing comparable licenses in *Metaswitch*. 2016 WL 874775, at *2-3. Because Dr. Lynde ***does not*** assign the same value to every patent licensed in the Hynix license, and because Dr. Lynde's methodology is well-reasoned and tied to the facts of this case, the Court should deny Netlist's motion.

> **2.** Dr. Lynde properly employs his economic training to interpret the effects of the MFL clause in the Hynix License on damages.

Dr. Lynde engages in a proper ***economic*** interpretation of the Most Favored Licensee ("MFL") clause to determine that the MFL clause adds no ***economic*** value to the license for either party. Contrary to Netlist's contention, Dr. Lynde does not opine on the legal enforceability of the clause. ████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████; *Metaswitch*, 2016 WL 874775, at *2 (denying a motion to strike Dr. Lynde's "opinions as improper legal testimony by an economic expert as to the metes and bounds of the contracts at issue."). In *Metaswitch*, this Court concluded that "it is proper for Mr. Lynde, as an economist, to assume for purposes of his analysis that a FRAND obligation exists and to opine about what effect this obligation would have on damages." *Id*. Similarly, it is proper for Dr. Lynde as an economist to opine here on the economic effects that the MFL clause, or any clause, could have on his damages analysis.  The Court should deny Netlist's motion to strike Dr. Lynde's ***economic*** interpretation of the MFL clause.

██████████████

**3.**      Dr. Lynde properly rebuts Mr. Kennedy's claim that supply clause in the Hynix
License makes the License Not Comparable.

Netlist's expert, Mr. Kennedy, ████████████████████████████████████████

████████████████████████████████████████. As explained above, Dr.

Lynde also properly considers the supply clause from an *economic* perspective to determine if ███

██████████████████████████████████████████████

██████████████████████; *see also* discussion *supra* Section I.A.2. And Dr. Lynde opines

that the supply agreement does not affect the license value because, by its terms, ████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████   Dr. Lynde determines, as an economist, that ████████████████████

███████████████████████████████████████████

███████████████████████████████   Additionally, Dr. Lynde's economic

interpretation of the supply clause is proper rebuttal testimony of Mr. Kennedy's opinion ████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████

Dr. Lynde's opinions are easily distinguished from opinions excluded *in limine* in

*Samsung*—which involved a different expert and different contractual terms. In this case, Dr.

Lynde never opines that the supply clause is legally unenforceable. Compare Ex. 3 (Samsung

Order). Instead, as has been previously accepted by this Court, it is proper for Dr. Lynde ███

███████████████████████████████████████████

████████████████████████████████   *Metaswitch,*

█████████████████

2016 WL 874775, at *2. The Court should deny Netlist's motion to strike Dr. Lynde's economic

interpretation of the supply clause.

      **4.**     <u>Dr. Lynde's opinions regarding what effect the Hynix License would have on</u>
<u>damages if it were "under a RAND obligation" are admissible.</u>

Dr. Lynde's opinions regarding what effect the Hynix license would have on damages if it

were "under a RAND obligation" are proper and within the purview of Dr. Lynde's expertise as an

economist. Micron has consistently asserted that ████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████ Additionally, ██████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████ As in *Metaswitch*, Dr. Lynde "analyze[s] the scope and nature

of the alleged []RAND commitment and [] give[s] his opinions about its economic effect."

*Metaswitch*, 2016 WL 874775, at *2. This Court has previously held that "it is proper for Mr.

Lynde, as an economist, to assume for purposes of his analysis that a ████████████████

███████████████████████████████████████ Lastly, Netlist asserts

that Micron's experts do not analyze any of the patents asserted against Hynix. Dkt. 268 at 5.

However, ███████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████ . Dr. Lynde is permitted to rely on the technical opinions of technical

experts. The Court should deny Netlist's motion to strike ¶ 249 of Dr. Lynde's expert report.

███████████████████

**5.**    Dr. Lynde's adjustment to the value of the Patents-in-Suit is proper.

Netlist also is wrong that Dr. Lynde "opines that the patents-in-suit provide no incremental benefits to the Accused Products and have no actual technical value." Dkt. 268 at 6. Dr. Lynde does not give that opinion. *See, e.g.*, Ex. 1. As explained above, ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████    *see Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-RWS-RSP, 2023 WL 8101872, at \*4 (E.D. Tex. Nov. 21, 2023) ("Further, Apple is distinguishable because, here, Mr. Gunderson addresses the extent to which the non-asserted patents contribute to the royalty rate, and he opines they contribute nothing."). ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████    Should Netlist choose, it may contend on cross examination that Dr. Lynde's analysis should lower the value of the hypothetical negotiation. *See Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2016 WL 125503, at \*5 (E.D. Tex. Jan. 9, 2016) ("Likewise, there is no rule that precludes a patentee's expert from being 'conservative' in his royalty analysis by declining to adjust his royalty upward."); *Personalized Media Commc'ns, LLC v. Apple, Inc.*, No. 2:15-CV-01366-JRG-RSP, 2021 WL 662237, at \*3 (E.D. Tex. Feb. 20, 2021) (holding that "[a]t some point an expert must be allowed to rely on and use his or her judgment, so long as their opinion is supported by facts and data"). Contrary to the case opinions Netlist cites, which find that it is improper for an expert to arbitrarily increase or decrease the value of the patents in favor of their client, ████████████████████

████████████████████████████████████████



*See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009) ("[A]ny reasonable royalty analysis necessarily involves an element of approximation and uncertainty.") (quotation omitted).

is not "untethered to the facts of the case." *Apple Inc.*, 25 F.4th at 973.

, Dr. Lynde properly relies on his judgment to The Court should deny Netlist's motion to strike ¶¶ 274, 276-279 of Dr. Lynde's expert report.

**6.**   Dr. Lynde properly compares the Goodman and ELM licenses.

Netlist claims that Dr. Lynde's reference to Netlist's size as a factor in comparing these licenses is prejudicial and improper. It is not. Dr. Lynde compares the Goodman and ELM license

*Bio-Rad Lab's, Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1372–73 (Fed. Cir. 2020). This Court has consistently allowed experts to consider the size of companies to determine if a license is comparable. *See Personalized Media*, 2021 WL 662237, at *5; *Lone Star Tech. Innovations, LLC v. ASUSTek Comp. Inc.*, No. 6:19-CV-00059-RWS, 2022 WL 4494312, at *13-14 (E.D. Tex. Aug. 18, 2022). In fact, this Court previously excluded a portion of Dr. Lynde's expert report when he ***failed to consider a company's size***. *See Metaswitch*, 2016 WL 874775, at *3 (striking a portion of Dr. Lynde's report because his "approach ignores the size of each company"). Contrary to Netlist's contention, this Court also permits the "use of the term 'non-

practicing entity[.]'" MIL No. 11. ██████████████████████████████

██████████████████████████████ Moreover, ██████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████ *Personalized Media*, 2021 WL 662237, at *4.

Netlist is wrong that Dr. Lynde has no reason to claim that the ELM license is technically

comparable because " █████████████████████████████████████████

██████████████████████████████████████████████████████████████

Dr. Lynde's report is premised on the assumption that ████████████████████

██████████████████████████████████████████████████████████████

Additionally, Dr. Lynde properly relies upon the opinions of Micron's technical experts. ███

██████████████████ Thus, ██████████████████████████████████████

██████████████████████████ Dr. Lynde can properly conclude that

the ELM license is technically comparable. Accordingly, the Court should deny Netlist's motion

to strike Dr. Lynde's opinions regarding the comparability of the Goodman and ELM licenses.

## B.  Dr. Lynde's Damages Analysis as to the '060 and '160 Patents is Reliable.

Next, Dr. Lynde properly conducts a *Georgia Pacific* analysis for the '060 and '160 Patents.

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████ Dr. Lynde does ██████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████ *see Hitkansut*

*LLC v. United States*, 130 Fed. Cl. 353, 394 (2017), aff'd, 721 F. App'x 992 (Fed. Cir. 2018)

(finding that no reasonable royalty rate "is supportable because [patented technology has not]

reached the commercial stage"). "Royalties are ordinarily computed based upon the sales of a

████████████

patented product or process." *Embrex, Inc. v. Serv. Eng'g Corp.*, 216 F.3d 1343, 1350 (Fed. Cir.

2000). ████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

The date of the hypothetical negotiation has ██████████████████████████████████

██████████████████████████████████. Dr. Lynde's damages analysis of the

'060 and '160 Patents is reliable ████████████████████████████████████████

████████████████████████████████ Dr. Lynde's remaining damages analysis of the

'060 and '160 Patents ██████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████. Even if one concludes ████████████████████, Dr. Lynde

appropriately responded to Mr. Kennedy's analysis █████████████████████████████

██████████████████████████████████ Accordingly, the Court should deny

Netlist's motion to strike Dr. Lynde's damages opinions regarding the '060 and '160 Patents.

**C.    Dr. Lynde's References to RAND are Relevant and Reliable.**

Dr. Lynde's RAND references are relevant and reliable. Micron has consistently asserted

that ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████. As Netlist itself contended, ██████████████████

███████████████████████████████████████████████████████ Because

Dr. Lynde's expert opinion on RAND ███████████████████████████████████████

████████████████████████████████████████████████████████████████████████

Further, Netlist and its experts have ██████████████████████████████████████

████████████████████████████████████████ For example, ██████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████. Similarly, Netlist's expert Mr. Kennedy states: ████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

Likewise, ████████████████████████████████████████████████████████████████

████████████████████████████████████. These letters included the ██████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████ In short, Netlist cannot run from its self-proclaimed RAND obligations in this case. The Court should deny Netlist's motion to strike references to RAND.

**D.    Dr. Lynde's Description of RAND is a Fact Question.**

Dr. Lynde is providing an economic opinion by stating that ██████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████ A RAND commitment is fair, reasonable non-discriminatory, which "limits the market value to (what the patent owner can reasonably charge for use of) the patented technology." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1231 (Fed. Cir. 2014). As a matter of economics, it is proper for Dr. Lynde to opine that ██████████████████████████████



despite his consideration of the RAND obligation,

Accordingly, the Court should deny Netlist's motion to strike ¶ 248 of Dr. Lynde's expert report.

**E.    Dr. Lynde's References to NIAs are Admissible.**

Netlist

Dr. Lynde may

respond. The non-infringing alternatives raised by Dr. Lynde are not new but are instead proper

rebuttal testimony to Mr. Kennedy's

Dr. Lynde relies on

Ultimately, Netlist—not

Micron—

Dr. Lynde's opinions constitute proper rebuttal to those opinions and should not

be struck. Lastly, in *Netlist v. Samsung*, this Court denied Netlist's similar motion to strike the

expert testimony of Mr. Meyer. Ex. 3. Accordingly, Micron respectfully requests that the Court

deny Netlist's motion to strike Dr. Lynde's opinions regarding non-infringing alternatives.

**F.    A Nexus Exists Between JEDEC Contributions to the Relevant Standards and the Accused Products in This Case.**

A proper damages analysis must apportion the value of the accused technology in the

accused products. *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1327 (Fed. Cir. 2014). The

standards with which certain accused products comply are the result of a development effort of

dozens of companies through the standards organization JEDEC. Netlist claims that Dr. Lynde

fails to identify any nexus between the contributions made by these companies to the standards to the technology accused in this case. Dkt. No. 268 at 11. █████████████████

███████████████████████████████████████████

████████████████████████████████████████ Dr. Lynde relies on Micron's technical experts that █████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

Dr. Lynde looks to the industry's relative contributions to the ██████████████

███████████████████████████████████████████

████████████████████████████████ Mr. Kennedy claims that ██████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████ Mr. Kennedy ignores the contributions of the other JEDEC members and also ignores the significant R&D expenditures of Micron and other JEDEC participants. Netlist, thus, has not apportioned between the patented and unpatented features at all, which is a fundamental requirement. *Ericsson*, 773 F.3d at 1226.

Given the absence of any connection between company-wide R&D budgets and the accused products, █████████████████████████████████

█████████████████████████████████████ Dr. Lynde relies on John Halbert's analysis that ████████████████████████████████

███████████████████████████████████████████

█████████████████████████ Mr. Halbert engages in reliable analysis to quantify the relative contributions of Netlist, Samsung, and other JEDEC members to the specific standards

relevant to the case: DDR4 and DDR5. *See Commonwealth Sci. & Indus. Rsch. Organisation v. Cisco Sys., Inc.*, 809 F.3d 1295, 1304 (Fed. Cir. 2015); *Ericsson*, 773 F.3d at 1232. Mr. Halbert's analysis provides the necessary nexus and relevance for Dr. Lynde to rebut the technical contribution analysis performed by Kennedy. Lastly, in *Netlist v. Samsung*, ███████████ ██████████████████████████████████████████████████ Unlike Mr. Kennedy, Dr. Lynde ████████████████████████████████ ███████████████ Accordingly, Micron respectfully requests that the Court deny Netlist's motion to strike Dr. Lynde's opinions regarding JEDEC contributions.

**G.     Dr. Lynde's Discussions of Patent Hold-Up and Royalty Stacking are Admissible.**

Dr. Lynde's discussions of patent hold-up and royalty stacking is proper rebuttal. Micron ████████████████████████████████████████████████████ ████████ Dr. Lynde is directly responding to Mr. Kennedy's own analysis of patent hold-up and royalty stacking. ███████████████. Accordingly, the Court should deny Netlist's motion to strike Dr. Lynde's discussions of patent hold-up and royalty stacking—to allow Dr. Lynde to rebut the opinions of Mr. Kennedy.

**H.     Dr. Lynde's References to Standards Setting Organizations are Admissible.**

Dr. Lynde's references to standards setting organizations ("SSOs") also are proper, and these references would not lead to a "legal sideshow." ████████████████████████ ████████████████████████████████████████████████ ███████████████ Specifically, ████████████████████████████████ The ███████████████, which is supplemental support in a footnote, █████████████ █████████████████████████████████ Similarly, Dr. Lynde references ███████████████ ████████████████████████████████████████████████████



Accordingly, Dr. Lynde's single reference to ETSI and IEEE would not lead to a "legal sideshow," and the Court should deny Netlist's motion to strike Dr. Lynde's references to SSOs.

**I.      Dr. Lynde's SSPPU Opinions are Admissible.**

Dr. Lynde relies on Dr. Stone's determination ███████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████. Dr. Lynde "is permitted to rely on a technical expert in the industry to help form his damages opinion." *Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*, No. 2:22-CV-00126-JRG-RSP, 2022 WL 14328350, at *3 (E.D. Tex. Oct. 24, 2022) (quotation omitted). Lastly, as a matter of law, "in the absence of [the entire market value], principles of apportionment apply." *Virnetx*, 767 F.3d at 1327. The SSPPU "is simply a step toward meeting the requirement of apportionment." *Id*. at 1326. In fact, ████████████████████████████ ████████████████████████████ Because Netlist has never contended the entire market value applies, it clearly knew principles of apportionment apply here. Thus, because Dr. Lynde's SSPPU references is not a legal theory, but is a step toward meeting the requirements of apportionment, and because ████████████████████████████████████████, the Court should deny Netlist's motion to strike Dr. Lynde's references to SSPPU.

**J.      Dr. Lynde's Lump Sum, Through the Life of the Patents, Opinions are Admissible.**

Dr. Lynde properly opines on the term of the license in response to Mr. Kennedy's calculations. Netlist contends that there is "no basis for Dr. Lynde to tell the jury that the term of the license runs through 2033." Dkt. 268 at 14-15. Dr. Lynde, however, explains the basis of his opinion—████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████ Additionally, Dr. Lynde's analysis is proper rebuttal testimony to Mr. Kennedy's report that ████████████████████████ *CEATS, Inc. v.*

████████████████

*TicketNetwork, Inc.*, No. 2:15-CV-01470-JRG-RSP, 2018 WL 453732, at *3 (E.D. Tex. Jan. 17, 2018); Ex. 7 at Schedule 5. Accordingly, Dr. Lynde's opinions are proper rebuttal.

Additionally, Dr. Lynde provides a detailed analysis of the adjustments he makes to the ELM and Goodman licenses and opines that his lump sum calculations are ████████████ ████████████████████████████████████████████. The Court should deny Netlist's motion to strike Dr. Lynde's opinions that the lump-sum is through the life of the patents.

## K.    Dr. Lynde's Regression Analysis is Admissible.

Micron's late production of Dr. Lynde's regression software code was unintentional. After Netlist served their Motion to Strike Opinions of Dr. Lynde, *see* Dkt. 268, ████████████

████████████████████████████████████████

████████████████████████████████ █████

████████████████████████████████████████

████████████████████████████████████████

████████████████ FRCP 26(e) allows expert reports to be supplemented according to FRCP 26(a)(3), which states that "unless the court orders otherwise, these disclosures must be made at least 30 days before trial." F.R.C.P. 26(a)(3). The Court's Amended Docket Control Order has set a deadline to complete expert discovery by December 11, 2023. Dkt. 263. Because Micron provided the source code at Netlist's request ████████████████████████, before both the Court's deadline to complete expert discovery, and substantially more than 30 days before trial, Dr. Lynde's regression analysis was timely. Ex. 20 (Docket Control Order). Accordingly, Micron respectfully requests that the Court deny Netlist's motion to strike Dr. Lynde's regression analysis.

## II.    CONCLUSION

For the foregoing reasons, Micron respectfully requests that the Court deny Netlist's motion to strike opinions of Dr. Matthew Lynde.

Dated: November 28, 2023

Respectfully submitted,

*/s/ Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P Enzminger (*pro hac vice*)
denzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
Ryuk Park (*pro hac vice*)
RPark@winston.com
Matthew R. McCullough
MRMcCullough@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

William M. Logan
State Bar No. 24106214
wlogan@winston.com
Juan C. Yaquian (*pro hac vice*)
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400

Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Vivek V. Krishnan (*pro hac vice*)
vkrishnan@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive, Suite 4200
Chicago, IL 60601
Telephone: 312-558-9508
Facsimile: 312-558-5700

Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Andrea Fair
State Bar No. 24078488
andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR DEFENDANTS
MICRON TECHNOLOGY, INC.,
MICRON SEMICONDUCTOR PRODUCTS,
INC., MICRON TECHNOLOGY TEXAS, LLC**

17

## CERTIFICATE OF SERVICE

I hereby certify that, on November 28, 2023, a copy of the foregoing was served on all counsel of record via the Court's ECF system and email.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim