IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Netlist, Inc.,<br><br>   *Plaintiff,*<br><br> v.<br><br>Micron Technology, Inc.,<br>Micron Semiconductor Products, Inc.,<br>Micron Technology Texas, LLC,<br><br>   *Defendants.* | Case No.: 2:22-cv-203-JRG |

**MICRON'S SUR-REPLY TO NETLIST'S DAUBERT MOTION
AND MOTION TO STRIKE
EXPERT TESTIMONY OF DR. MATTHEW LYNDE**

**FILED UNDER SEAL**

## TABLE OF CONTENTS

Page

I. ARGUMENT ............................................................................................................. 1

    A. Dr. Lynde's Comparable License Analysis is Reliable. ............................................ 1

        1. Contrary to Netlist's contention, Dr. Lynde never assigns the same value to every patent. ...................................................................... 1
        2. Dr. Lynde provides a proper economic interpretation. .............................. 2
        3. Dr. Lynde's opinions regarding what effect the Hynix License would have on damages if it were "under a RAND obligation" are admissible. .............................................................. 2
        4. Dr. Lynde properly compares the Goodman and ELM licenses. ................................................................................................ 2

    B. Dr. Lynde's Damages Analysis as to the '060 and '160 Patents is Reliable. ......................................................................................................... 3

    C. Dr. Lynde's Description of RAND is a Fact Question. ........................................... 4

    D. A Nexus Exists Between JEDEC Contributions to the Relevant Standards and the Accused Products in This Case. ................................................ 4

    E. Dr. Lynde's SSPPU Opinions are Admissible. ....................................................... 4

    F. Dr. Lynde's Lump Sum, Through the Life of the Patents, Opinions are Admissible. ................................................................................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Wi-LAN Inc.*,
 25 F.4th 960 (Fed. Cir. 2022) ...................................................................................................1

*LaserDynamics, Inc. v. Quanta Comput., Inc.*,
 694 F.3d 51 (Fed. Cir. 2012) .....................................................................................................3

*Metaswitch Networks Ltd. v. Genband US LLC*,
 No. 2:14-CV-744-JRG-RSP, 2016 WL 874775 (E.D. Tex. Mar. 7, 2016) ........................ 1, 2, 4

▮▮▮▮▮▮▮▮

## I.     ARGUMENT

**A.    Dr. Lynde's Comparable License Analysis is Reliable.**

1. <u>Contrary to Netlist's contention, Dr. Lynde never assigns the same value to every patent.</u>

Dr. Lynde properly analyzes which patents the parties to the license (▮▮▮▮▮▮) valued more as part of the agreement. *Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 973 (Fed. Cir. 2022). Dr. Lynde's analysis assumes only that the **average** value ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ Thus, as required in this Court, Dr. Lynde "rel[ies] upon his expertise as an economist" and "adjust[s] the patent [family] licensing rate based on real-world factors." *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-744-JRG-RSP, 2016 WL 874775, at *2 (E.D. Tex. Mar. 7, 2016).

Additionally, Netlist is improperly trying to manufacture a dispute about patents versus patent families. Micron agrees with Netlist that ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dr. Lynde's affirmative opinion, which is based on the SK Hynix license, ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Thus, it appears that Netlist misunderstood (and actually agrees with) Dr. Lynde's analysis.

1

2. <u>Dr. Lynde provides a proper economic interpretation.</u>

Netlist misrepresents the issues from the *Samsung* case when it claims that "Micron does not explain why Dr. Lynde should be entitled to render a legal interpretation in this case when Mr. Meyer in *Samsung* could not because the Court construed the clause." Dkt. 336 at 1. In *Samsung*, ▮▮▮▮▮ Rather, Netlist filed a motion *in limine* to "Preclude Samsung from Presenting any evidence or argument that SK hynix's supply obligation to Netlist is not legal binding on SK hynix." Ex. 4 (*Samsung* Order) at 10. In this case, Dr. Lynde does not opine that either clause is not legally binding on SK hynix, but instead opines, as an economist, that ▮▮▮▮▮ Netlist's criticisms go to the weight of the testimony, not its admissibility.

3. <u>Dr. Lynde's opinions regarding what effect the Hynix License would have on damages if it were "under a RAND obligation" are admissible.</u>

Dr. Lynde's opinions regarding what effect the Hynix license would have on damages if it were "under a RAND obligation" are proper and consistent with his opinions in *Metaswitch*, where this Court held that "it is proper for Mr. Lynde, as an economist, to assume for purposes of his analysis that a []RAND obligation exists and to opine about what effect this obligation would have on damages." *Metaswitch*, 2016 WL 874775, at *2. Again, Netlist's criticisms go to the weight of the testimony, not its admissibility.

4. <u>Dr. Lynde properly compares the Goodman and ELM licenses.</u>

Dr. Lynde properly relies on Dr. Woods' opinions to determine that the ELM license is technically comparable to the hypothetical negotiation. Ex. 1 at ¶ 242 n.394; Ex. 5 (Woods Rpt.)

2

at ¶¶ 431-445. Additionally, and contrary to Netlist's contention, Dr. Lynde does not allege a loose or vague comparability between different technologies, but rather, ▮▮▮▮

▮▮▮▮.

▮▮▮▮

▮▮▮▮

▮▮▮▮ The Court should deny Netlist's motion to strike Dr. Lynde's opinions regarding the comparability of the ELM license.

**B.    Dr. Lynde's Damages Analysis as to the '060 and '160 Patents is Reliable.**

Dr. Lynde's damages analysis for the '060 and '160 patents also is reliable.  Netlist does not refute Micron's position that Dr. Lynde's damages analysis of the '060 and '160 Patents is proper rebuttal testimony to Mr. Kennedy's analysis. Dkt. 292 at 9. Instead, ▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮. Dr. Lynde has provided no opinion when ▮▮▮▮

▮▮▮▮ But Dr. Lynde has rendered opinions rebutting Mr. Kennedy's valuation of future royalties[1] ▮▮▮▮

▮▮▮▮

▮▮▮▮. For example, in Schedule 11, Dr. Lynde calculates

---

[1] ▮▮▮▮

Micron royalties payable to Netlist for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Thus, Netlist is incorrect that "Dr. Lynde has rendered no opinions as to the hypothetical negotiation for the '060 and '160 Patents." Dkt. 336 at 2.

### C. Dr. Lynde's Description of RAND is a Fact Question.

Dr. Lynde provides an economic opinion by stating that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ It is proper for Dr. Lynde, as an economist, "to opine about what effect [a RAND] obligation would have on damages." *Metaswitch*, 2016 WL 874775 at *2. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Netlist's criticisms go to the weight of the testimony, not its admissibility.

### D. A Nexus Exists Between JEDEC Contributions to the Relevant Standards and the Accused Products in This Case.

Netlist does not refute Micron's position that Dr. Lynde's analysis and reliance on Mr. Halbert is proper rebuttal testimony to Mr. Kennedy's technical contribution analysis. Additionally, for DDR4, DDR5, and HBM2/3/4, Mr. Halbert—who Dr. Lynde basis his analysis on—e▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Court should follow its decision in *Samsung*—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—and deny Netlist's motion to strike Dr. Lynde's opinions regarding JEDEC contributions. Ex. 4 at 5.

### E. Dr. Lynde's SSPPU Opinions are Admissible.

Dr. Lynde's SSPPU opinions are admissible because he uses his SSPPU analysis to rebut the opinions of Mr. Kennedy, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4

Additionally, Micron responded to Netlist's interrogatory that " ███████████████████████████████████████████████████████████████████████. Thus, the Court should deny Netlist's motion to strike Dr. Lynde's references to SSPPU.

### F. Dr. Lynde's Lump Sum, Through the Life of the Patents, Opinions are Admissible.

Lastly, Dr. Lynde's lump sum opinions are admissible. Netlist does not refute Micron's position that Dr. Lynde's analysis is proper rebuttal testimony to Mr. Kennedy's report that improperly analyzes post-trial damages. Dkt. 292 at 14–15. ██████████████████████████████████████████████████████ Dr. Lynde analyzes the ELM and Goodman licenses ██████████████████████████████████████ ███████████████████████████████████████ Thus, the ELM and Goodman licenses ████████████████████████████████████

Additionally, Dr. Lynde provides a detailed analysis of the adjustments he makes to the ELM and Goodman licenses in the body of his report. For example, ████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████ Dr. Lynde then opines that ████ ████████████████████████████████████████████████████████████████ ██████████████████████████ Similarly, Dr. Lynde relies on a ████████████████████████████████████████ ██████████████████████████ Dr. Lynde uses these findings to ████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

Accordingly, Dr. Lynde's lump sum opinions in his Workpapers are supported by analysis in his report. The Court should deny Netlist's motion to strike Dr. Lynde's opinions that the lump-sum is through the life of the patents.

5

| | |
|---|---|
| Dated: December 13, 2023 | Respectfully submitted,<br><br>WINSTON & STRAWN LLP<br><br><br>*/s/ Michael R. Rueckheim*<br>Thomas M. Melsheimer<br>State Bar No. 13922550<br>TMelsheimer@winston.com<br>Natalie Arbaugh<br>State Bar No. 24033378<br>NArbaugh@winston.com<br>Barry K. Shelton<br>State Bar No. 24055029<br>BShelton@winston.com<br>**WINSTON & STRAWN LLP**<br>2121 N. Pearl Street, Suite 900<br>Dallas, TX 75201<br>Telephone: (214) 453-6500<br>Facsimile: (214) 453-6400<br><br>David P Enzminger<br>denzminger@winston.com<br>**WINSTON & STRAWN LLP**<br>333 South Grand Avenue, 38th Floor<br>Los Angeles, CA 90071-1543<br>Telephone: (213) 615-1700<br>Facsimile: (213) 615-1750<br><br>Michael R. Rueckheim<br>State Bar No. 24081129<br>MRueckheim@winston.com<br>**WINSTON & STRAWN LLP**<br>255 Shoreline Drive, Suite 520<br>Redwood City, CA 94065<br>Telephone: (650) 858-6500<br>Facsimile: (650) 858-6559<br><br>Matthew Hopkins (*pro hac vice*)<br>State Bar No. 1500598<br>mhopkins@winston.com<br>**WINSTON & STRAWN LLP**<br>1901 L Street, N.W.<br>Washington, D.C. 20036<br>Telephone: (202) 282-5000<br>Facsimile: (202) 282-5100 |

Juan C. Yaquian
State Bar No. 24110559
JYaquian@winston.com
**WINSTON & STRAWN LLP**
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill (State Bar No. 24032294)
wh@wsfirm.com
Andrea Fair (State Bar No. 24078488)
andrea@wsfirm.com
Charles Everingham IV (State Bar No. 00787447)
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323


**ATTORNEYS FOR DEFENDANTS
MICRON TECHNOLOGY, INC.,
MICRON SEMICONDUCTOR PRODUCTS,
INC., MICRON TECHNOLOGY TEXAS, LLC**

7

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been on counsel of record who are deemed to have consented to electronic service on December 13, 2023, via electronic filing using the Court's CM/ECF system.

/s/ *Michael R. Rueckheim*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ *Michael R. Rueckheim*
Michael R. Rueckheim