████████████

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Case No.: 2:22-cv-203-JRG |
| MICRON TECHNOLOGY, INC., | § | JURY TRIAL DEMANDED |
| MICRON SEMICONDUCTOR PRODUCTS, | § | |
| INC., MICRON TECHNOLOGY TEXAS, | § | |
| LLC, | § | |
| | | |
| *Defendants.* | | |

**MICRON'S REPLY TO NETLIST'S OPPOSITION TO MOTION TO STRIKE EXPERT
TESTIMONY OF MR. DAVID KENNEDY (DKT. 300)**

## <u>TABLE OF CONTENTS</u>

Page

I.      **ARGUMENT** ................................................................................................... 1

      **A.**    **The Court Should Strike Mr. Kennedy's Opinions Regarding the Samsung Litigation Jury Verdict** ................................ 1

      **B.**    **The Court Should Strike Mr. Kennedy's Opinion That the Rambus License Agreement Is Relevant to the Hypothetical Negotiation** ........................................................................ 2

      **C.**    **The Court Should Strike Mr. Kennedy's Opinions Calculating Running Royalty Rates for *Future* Sales of HBM3E Products.** ..................................................................... 3

      **D.**    **The Court Should Strike Mr. Kennedy's Opinions Regarding Willfulness and Netlist's February 2015 Slide Deck and April 2015 Slide Deck** ................................ 4

II.     **CONCLUSION** ................................................................................. 5

████████

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allergan Sales, LLC v. UCB, Inc.*,
  No. 2:15-CV-01001-JRG-RSP, 2016 WL 8222619 (E.D. Tex. Nov. 7, 2016) ........................4

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  694 F.3d 51 (Fed. Cir. 2012)........................................................................................................3

*Saint Lawrence Commc'ns LLC v. ZTE Corp.*,
  2017 WL 3476978 (E.D. Tex., 2017) .........................................................................................1

*Sprint Commc'ns Co., L.P. v. Time Warner*,
  760 F. Appx. 977 (Fed. Cir. 2019)..............................................................................................1

*Sprint Commc'ns Co. L.P. v. Time Warner Cable, Inc.*,
  255 F. Supp. 3d 1134 (D. Kan. 2017) .........................................................................................1

*Thomas v. PFG Transco, Inc.*,
  501 F. Supp. 3d 437 (E.D. Tex. 2020) ........................................................................................4



## TABLE OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| ■ | ███████████████████████████████ |
| ■ | ████████████████████████████ |
| ■ | ██████████████ |
| ■ | █████████████ |
| ■ | █████████████ |
| ■ | ██████████████ |
| ■ | █████████████ |
| ■ | █████████████████ |
| ■ | ███████████ |
| ■ | ████████████████ |

█████████████████

## I.     ARGUMENT

### A.     The Court Should Strike Mr. Kennedy's Opinions Regarding the Samsung Litigation Jury Verdict.

Mr. Kennedy's opinions regarding the *Samsung* litigation jury verdict are unreliable and extremely prejudicial. Ex. 1 ("Motion"). In arguing that no rule "prohibits a patent damages expert from relying on a prior jury verdict," Netlist ignores this Court's standing motion *in limine* precluding parties from discussing ***other cases in which they are parties***. Ex. 2 at 1; MIL No. 13. Excluding the Samsung jury verdict is consistent with the well-reasoned purpose of this MIL.

Netlist's reliance on *Sprint Commc'ns Co., L.P. v. Time Warner* is misplaced given the significant differences between *Sprint* and this case. *Sprint Commc'ns Co., L.P. v. Time Warner*, 760 F. Appx. 977 (Fed. Cir. 2019). First, Sprint relied upon a 2007 verdict against Vonage, which was many years before the later case, and more importantly, years before the date of "their hypothetical negotiation in 2010." *Id*. at 981. Sprint filed its complaint on December 19, 2011, and the trial occurred between February 13, 2017 to March 3, 2017. *Sprint Commc'ns Co. L.P. v. Time Warner Cable, Inc.,* 255 F. Supp. 3d 1134, 1138 (D. Kan. 2017). By this time, the Vonage jury verdict was tested on appeal and was resolved before the 2010 hypothetical negotiation date. Here, neither is true. Jury verdicts are not "established and reliable data point[s]" for a hypothetical negotiation until they have at the very least been tested in post-trial briefing and on appeal. *Saint Lawrence Commc'ns LLC v. ZTE Corp.*, 2017 WL 3476978, at *2 (E.D. Tex., 2017). Netlist's contention that *Saint Lawrence* is inapposite because the court in *Saint Lawrence* had not yet entered a final judgment ignores the reasoning of that case. Ex. 2 at 4. The court specifically explained, it "goes (almost without saying) that after this lengthy process results in a final judgment entered by this Court, ***the resulting judgment is then subject to appeal***. In short, the verdict in the Motorola case is a long way from being an established and reliable data point." *Saint Lawrence,*

████████████

2017 WL 3476978 at *2 (emphasis added). ███████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

Micron's reliance on *Saint Laurence* clearly is relevant.

In this case, ███████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████ Micron has not █████████████████

██████████████████████████████████████ Thus, allowing Netlist to rely on the

Samsung jury verdict for the '060 and '160 Patents on different products than accused here would

have extremely low probative value and that would be significantly outweighed by a risk of unfair

prejudice.  A jury instruction will not assuage this significant risk. Accordingly, the Court should

strike Mr. Kennedy's opinions regarding the Samsung jury verdict.

**B.     The Court Should Strike Mr. Kennedy's Opinion That the Rambus License Agreement Is Relevant to the Hypothetical Negotiation.**

The Court likewise should strike Mr. Kennedy's Opinion regarding the relevance of the

Rambus License. ████████████████████████████████████████

█████████████████████████████████████████████████████

███ But ██████████████████████████████████████████████

██████████████████████████ As the '506 Patent was link of technical comparability to

the Rambus license, Netlist now makes two, contradicting, arguments—both of which the Court

should reject.

First, Netlist incorrectly claims that Dr. Mangione-Smith did not limit his technical

comparability of the Rambus license to the '506 Patent. ███████████████████████████

███████████

████████████████████████████████████████████

█████████████████████████ That is not sufficient to permit comparability opinions.

*LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012) ("When relying

on licenses to prove a reasonable royalty, alleging a loose or vague comparability between different

technologies or licenses does not suffice."). Second, ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████. Netlist claims—incorrectly—this

opinion is based on new evidence. Dr. Mangione-Smith did not require new evidence ***from Micron***

to compare Netlist's '918/'054 patents to the Rambus patents covered by the Rambus license. █

████████████████████████████████████████████

███████████████████████████████████ Thus, the Court

should strike Mr. Kennedy's opinions that the Rambus license is technically comparable to the

'918/'054 patents.

**C.      The Court Should Strike Mr. Kennedy's Opinions Calculating Running Royalty Rates for *Future* Sales of HBM3E Products.**

The Court also should strike Mr. Kennedy's running-royalty opinions based on future sales

of HBM3E Products. ████████████████████████████████

████████████████████████████████████████████

██████████████████████████ Netlist's opposition argues that █████████████

████████████████████████████████████████████

██████████████ Mr. Kennedy █████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬. As Netlist states in its opposition, ▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

As explained in *Allergen*, rather than basing an ongoing royalty on the ▬▬▬▬▬▬

▬▬▬▬▬▬ Mr. Kennedy's "opinion regarding an ongoing royalty is based on a tort that has not yet occurred," and Mr. Kennedy's "opinion suggests a running royalty, not a lump-sum royalty, and a running royalty is based on actual sales or use." *Allergan Sales, LLC v. UCB, Inc.*, No. 2:15-CV-01001-JRG-RSP, 2016 WL 8222619, at *2 (E.D. Tex. Nov. 7, 2016). Thus, the Court should strike Mr. Kennedy's opinions assessing damages on potential future sales of HBM3E products.

**D.     The Court Should Strike Mr. Kennedy's Opinions Regarding Willfulness and Netlist's February 2015 Slide Deck and April 2015 Slide Deck.**

Finally, the Court should strike Mr. Kennedy's speculative and improper opinions regarding willfulness based on February and April 2015 slide decks as outside his expertise. Ex. 2 at 13. There is no admissible evidence that any slide of the slide deck was actually ***presented*** to Micron. And Mr. Kennedy's proposed testimony has nothing to do with his expertise as an economist. Reliance on these slide decks is wholly speculative and improper. Additionally, Netlist's claim that Micron has not provided the Court with a basis to strike any paragraph of Mr. Kennedy's report that does not relate to the slide decks is wrong. The Court should strike Mr. Kennedy's opinion on Micron's alleged state of mind should because "[a]n expert witness's credentials put him in no better position to opine as to Defendant's state of mind than the jury." *Thomas v. PFG Transco, Inc.*, 501 F. Supp. 3d 437, 443 (E.D. Tex. 2020).

███████████████████

Micron also never waived a notice argument, as Netlist contends. Micron asked the court to strike "Mr. Kennedy's Opinions Regarding Willfulness ***and*** Netlist's February 2015 Slide Deck and April 2015 Slide Deck." Ex. 1 at 13 (emphasis added). ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ Netlist's opposition simply claims that "notice regarding a parent patent ***can*** suffice to provide notice of children of that parent." Ex. 2 at 13 (emphasis added). Contrary to Netlist's claim that ████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████ Netlist seeks to have Mr. Kennedy speculate to the jury because ████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████ Similarly, all that the 'contemporaneous evidence' demonstrates, ███████████████████████████████████████

█████████████████████████████████████ Mr. Kennedy's basis that these slide decks demonstrate the Micron had notice of the Patents-in-Suit is unreliable and outside the scope of his expertise as an economist. Micron moves to strike Mr. Kennedy's opinions here not only because he relies on hearsay, but because his opinion based on that hearsay outside his expertise. If the slide decks are admissible, the jury can draw its own conclusions without Mr. Kennedy.

## II.   CONCLUSION

For the foregoing reasons, Micron respectfully requests that the Court grant Micron's motion.

Dated: December 5, 2023

Respectfully submitted,

*/s/ Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P Enzminger (*pro hac vice*)
denzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
Ryuk Park (*pro hac vice*)
RPark@winston.com
Matthew R. McCullough
MRMcCullough@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

William M. Logan
State Bar No. 24106214
wlogan@winston.com
Juan C. Yaquian (*pro hac vice*)
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400

Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Vivek V. Krishnan (*pro hac vice*)
vkrishnan@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive, Suite 4200
Chicago, IL 60601
Telephone: 312-558-9508
Facsimile: 312-558-5700

Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Andrea Fair
State Bar No. 24078488
andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR DEFENDANTS
MICRON TECHNOLOGY, INC.,
MICRON SEMICONDUCTOR PRODUCTS,
INC., MICRON TECHNOLOGY TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that, on December 5, 2023, a copy of the foregoing was served on all counsel of record via the Court's ECF system and email.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim


## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim