**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICRON TECHNOLOGY, INC.; MICRON ) <br> SEMICONDUCTOR PRODUCTS, INC.; ) <br> MICRON TECHNOLOGY TEXAS LLC, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 2:22-cv-00203-JRG <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' REPLY MOTION
FOR SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES (DKT. 294)**

**FILED UNDER SEAL**

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................... 1

II. RESPONSE TO NETLIST'S DISPUTED FACTS............................................... 1

III. ARGUMENT............................................................................................................. 2

    A. The Only Evidence Netlist Cites Proves Netlist Failed to Provide Actual Notice to Micron for the '918 and '054 Patents. ....................................... 2

        1. Netlist's 2015 Slide Decks and April 2021 letter do not identify the '918 or '054 Patents. ..................................................................... 2

        2. Netlist's 2015 Slide Decks and April 2021 letter do not identify a specific charge of infringement as to specific Micron products. ................ 3

        3. No admissible evidence demonstrates Netlist showed Micron the 2015 slide decks. ................................................................................ 5

    B. Netlist Raises No Material Issue of Fact on Its Failure to Mark. ......................... 10

IV. CONCLUSION........................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
 24 F.3d 178 (Fed. Cir. 1994)..................................................................................................2

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
 950 F.3d 860 (Fed. Cir. 2020).............................................................................................1, 11

*Arigna Technology Ltd. v. Nissan Motor Co., Ltd.*,
 2022 WL 18046695 (E.D. Tex. Sep. 20, 2022) ..................................................................10, 11

*Arthrex, Inc. v. Smith & Nephew, Inc.*
 No. 2:15-CV-01047-RSP, 2016 WL 11750176 (E.D. Tex. Nov. 29, 2016)...............................3

*K-TEC, Inc. v. Vita-Mix Corp*,
 696 F.3d 1364 (Fed. Cir. 2012)..............................................................................................5

*Lubby Holdings LLC v. Chung*,
 11 F.4th 1355 (Fed. Cir. 2021) .............................................................................................2

*Mass. Institute of Tech. v. Abacus Software, Inc.*,
 No. 5:01–CV344, 2004 WL 5268125 (E.D. Tex. Sept. 29, 2004) ............................................2

*of Est. of Shepherd v. City of Shreveport*,
 920 F.3d 278 (5th Cir. 2019) ............................................................................................8, 9

*Sivertson v. Citibank, N.A. as Tr. for Registered Holders of WAMU Asset-Backed*
 *Certificates WAMU Series No. 2007-HE2 Tr.*,
 No. 4:18-CV-169, 2019 WL 5091991 (E.D. Tex. Oct. 11, 2019) ............................................9

*United States v. $92,203.00 in U.S. currency*,
 537 F.3d 504, 508 (5th Cir. 2008) ………………………………………...  .......................8

*United States v. McDonald*,
 837 F.2d 1287 (5th Cir. 1988) ..............................................................................................7

**Statutes**

35 U.S.C. § 287................................................................................................................10, 11

**Other Authorities**

Fed. R. Civ. P. 16(b)(4)...............................................................................................................8

Fed. R. Evid. 804 .......................................................................................................................6

## TABLE OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| ■ | ■■■■■■■■ |
| ■ | ■■■■■■ |
| ■ | ■■■■ |
| ■ | ■■■■■■■ |
| ■ | ■■■■■■■ |
| ■ | ■■■■■■■ |
| ■ | ■■■■■■■■■ |
| ■ | ■■■■■ |
| ■ | ■■■■■■ |
| ■ | ■■■■■■ |
| ■ | ■■■■■■■ |
| ■ | ■■■■ |
| ■ | ■■■■■■■ |
| ■ | ■■■■■ |

███████████

#### I.  INTRODUCTION

Netlist raises no material fact of pre-suit notice sufficient to survive summary judgment. Netlist strings together documents and testimony that it contends show actual notice, but to the contrary, that evidence conclusively demonstrates that it never provided a ***specific charge of infringement by a specific product for any of the asserted patents***, as required to meet establish actual notice. Additionally, Netlist disregards the content and context of Micron's May 25, 2023 letter, which plainly discharged Micron's "low burden" of production under *Arctic Cat*. In that regard, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Because Netlist cites no evidence (1) that these products were marked or otherwise immune from the marking requirement, or (2) that Micron had actual notice, it may not recover pre-suit damages.

#### II.  RESPONSE TO NETLIST'S DISPUTED FACTS

Netlist response to "Micron's Statement of Undisputed Material Facts" is improper because it denies facts without basis, and instead disputes the ***conclusions*** to which the facts lead. As such, Netlist's response is an implicit confirmation of the recited factual assertions. For example, Netlist disputed Fact Nos. 1, 2, and 8, which state that neither the ███████████████████████ ████████████████████████████████████████████████████████████████████ This is undisputed. Netlist disputes the conclusion—███████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████ Similarly, Netlist disputed Fact Nos. 6, 7 and 12, but contends only that Micron's letter was insufficient under *Arctic Cat*, not that it disputes the

---

[1] The United States Patent and Trademark Office found all claims of U.S. Patent No. 11,232,054 unpatentable on December 5, 2023. *See Samsung Electronics. Co., Ltd. et. al. v. Netlist, Inc.,* IPR2022-00999.

underlying facts. When necessary, Micron will address the specific evidence Netlist cites throughout its argument.

### III.     ARGUMENT

**A.     The Only Evidence Netlist Cites Proves Netlist Failed to Provide Actual Notice to Micron for the '918 and '054 Patents.**

The precedent is clear that, to provide adequate actual notice, a patentee must specifically identify the patent along with a specific charge of infringement as to specific products. See Dkt. No. 281; *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). Under this test, none of the evidence Netlist cites—for any asserted patent— constitutes actual notice. Indeed, ███████████████████████████████████ Even Netlist's cited case supports a finding of no actual notice under these facts. *Mass. Institute of Tech. v. Abacus Software, Inc.*, No. 5:01–CV344, 2004 WL 5268125, *4 (E.D. Tex. Sept. 29, 2004) (finding no actual notice when letter was "informational" without a specific charge of infringement as to specific products).

**1.     Netlist's 2015 Slide Decks and April 2021 letter do not identify the '918 or '054 Patents.**

As explained in Micron's Motion for Summary Judgment of No Pre-Suit Damages ("Micron's Motion"), ███████████████████████████████████ ███████████████████████████████████████████ However, in addition to a specific charge of infringement by a specific accused Micron product or device, actual notice requires, at a minimum, the identification of the asserted patent number, ███████ ███████████████████████████████ *See Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360 (Fed. Cir. 2021) ("As we have long explained, 'the actual notice requirement of § 287(a) is satisfied when the recipient is informed of the identity of the patent and the activity that is believed to be an infringement . . . .' "). As explained in Micron's Motion, ███████

2

████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████ Similarly, the

April 2021 ██████████████████████████████████

     To circumvent this critical issue in Netlist's claim of pre-suit damages, and in an attempt to expand the actual notice standard, Netlist cites inapposite cases to suggest that the inclusion of an invalidated parent patent—███████████████████████████████████████

████ Netlist's reliance on *Arthrex, Inc. v. Smith & Nephew, Inc.* No. 2:15-CV-01047-RSP, 2016 WL 11750176 (E.D. Tex. Nov. 29, 2016) is misplaced. In *Arthrex*, as a result of a patent infringement lawsuit, two parties entered into an agreement that included the asserted patents. *Id*. Following this agreement, the same parties entered into another lawsuit regarding a patent that was a continuation-in-part of the previously asserted patents *Id*. This Court found that "the scope of a patentee's actual notice may expand based on subsequent events—at least when the parties are entangled in an ongoing and complex patent dispute." *Id*. *2. Unlike *Arthrex*, ██████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████ The Court's reasoning in *Arthrex* thus provides no basis to expand actual notice, ████████████████████████████████████████ Thus, Netlist's failure to identify the '918 of '054 Patent in the 2015 slide decks or April 2021 fails to raise a genuine issue of fact that it provided Micron with actual notice.

    **2.**    **Netlist's 2015 Slide Decks and April 2021 letter do not identify a specific charge of infringement as to specific Micron products.**

    In addition, neither the 2015 slide decks nor the April 2021 letter identify a ***specific charge of infringement*** by a ***specific accused Micron product or device***. Netlist is wrong that the

████████████████████████████████████████████████████

3

■■■■■■■■ and the April 2021 provided actual notice because it identifies "all other Micron RDIMM and LRDIMM products." Dkt. 294 at 9-12. None of this evidence rises to the level of actual notice. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. Additionally, because the ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Additionally, Netlist's slide decks were not accompanied by a proposal to abate infringement of Micron's accused products. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Similarly, the April 2015 slide decks inclusion that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Thus, the 2015 slide decks could not have provided Micron with actual notice of the Patents-in-Suit.

Neither does the April 2021 letter. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Netlist's broad claim that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Indeed, Netlist's argument that the letter includes ■■■■■■■■■■■■■■■■

---

[2] Indeed, Netlist's email summarizing the April 2015 meeting stated Micron's "people in the room were not looking at this defensively from a need to get a license." Ex. 4 (NL-MIC-203_00042083).

4

demonstrates just how **unspecific** the letter is in identifying a specific Micron accused product and, thus, its failure to rise to the level of pre-suit notice. Dkt. 294 at 15.

In support of Netlist's attempt to expand the actual notice requirement, Netlist cites *K-TEC, Inc. v. Vita-Mix Corp*, 696 F.3d 1364 (Fed. Cir. 2012), where the Federal Circuit expanded the actual notice requirement under very narrow circumstances. Specifically, the Federal Circuit held that actual notice existed because the "patentee's initial notice is sufficiently specific to accuse one product of infringement, [so] ensuing discovery of other models and related products may bring those products within the scope of the notice." *Id*. at 1379. In contrast to *K-TEC*, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Rather, Netlist identifies ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Accordingly, the court's reasoning in *K-Tec* provides no basis to expand the actual notice requirement here, and Netlist's 2015 slide decks and April 2021 letter do not identify a specific charge of infringement as to specific products sufficient to provide Micron actual notice.

### 3. No admissible evidence demonstrates Netlist showed Micron the 2015 slide decks.

Not only did the 2015 slide decks not provide Micron actual notice even if they were provided to Micron, but also no admissible evidence shows that the slides Netlist identifies in the 2015 slide decks were ever shown to Micron. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—Netlist provides no evidence that it showed or discussed the slide that identifies the ▮▮▮▮▮▮▮▮▮▮▮. Nor has Netlist presented evidence that it would matter if the slides had been shown, as that patent is

not in this case and the PTO determined its subject matter is unpatentable. Indeed, Netlist's

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████████

Further, Netlist's claim that "[t]here is contemporaneous ***documentary*** evidence the meetings occurred and that the presentations were made to Micron," Dkt. 294 at 4 (emphasis added), misses the point. None of the documents indicate that the slide Netlist asserts was shown to Micron. ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████. Even Netlist's purported 'contemporaneous evidence' demonstrates that Micron ███████████████████

██████████████████████████████████████████████████ Accordingly, all that the contemporaneous evidence demonstrates, ***at best***, ████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Because Netlist has no evidence that the April 2015 slide deck was shown to Micron, it now attempts to introduce both inadmissible hearsay and untimely and improper new evidence. ████████████████████████████████████████████████████████████████

█████████████ Netlist is offering this deposition to "confirm[] the presentations were made to Micron." Dkt. 294 at 4. Because this deposition is offered for its truth, it is hearsay unless it "is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an

6

opportunity and similar motive to develop it by direct, cross, or redirect examination." Fed. R. Evid. 804. The ITC proceeding was between Netlist and SK hynix—Micron was not a party. Ex. 10 at 3. Compared to Micron, SK hynix did not have a "similarity of motive" in developing the testimony—███████████████████████████████████████

███████████████████████. *United States v. McDonald*, 837 F.2d 1287, 1292 (5th Cir. 1988). Rather, ██████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████ Thus, SK hynix was not Micron's predecessor in interest during the ITC hearing and the deposition testimony of Mr. Whitley constitutes inadmissible hearsay.[3]

Second, Netlist attaches an untimely and improper third-party declaration of ████████ ████████████████████████████ Mr. Whitley made the declaration on █████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████ Specifically, Netlist did not include ███████████████████████████ ████████████████████████ Although Netlist has always known of ████████████ ████████ it did not disclose him until ██████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████ Micron then deposed two of Netlist's corporate representatives who, testifying on behalf of Netlist, ████████████████████████████

---

████████████████████████████████████████████████████████████████████████████████████████████

7

████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████ Having failed to disclose ████████ Netlist now seeks to rely on his hearsay declaration, served two months after the close of discovery, to contradict the previous testimony of its corporate representatives. *See United States v. $92,203.00 in U.S. currency*, 537 F.3d 504, 508 (5th Cir. 2008) (cannot support or defeat dispositive motion with inadmissible hearsay). The Court should reject such tactics.

Netlist makes no argument on why "good cause" purportedly exists for the Court to modify the pretrial schedule to allow this untimely declaration—because there is none. Fed. R. Civ. P. 16(b)(4). The Fifth Circuit considers four factors to determine whether a party has good cause to modify a pretrial schedule: "(1) the explanation for the failure to submit a complete report on time; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Shepherd on behalf of Est. of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019).

Considering these factors, ████████████████████████████████████ ████████████████████████ It appears that Netlist is submitting the declaration now, only after recognizing in the face of Micron's Motion that its pre-suit damages argument contains substantial deficiencies. Netlist was capable of disclosing ████████ or obtaining the declaration sooner, and it does not appear that ████████ testimony was previously unavailable to it or difficult to obtain. In fact, Netlist ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████ That demonstrates that Netlist has no excuse for failing to obtain ████████ testimony

8

before the close of fact discovery.[4] Ex. 12. Thus, the first factor weighs against Netlist having good cause.

Additionally, in *Shepherd,* the Fifth Circuit explained that the second factor weighed against there being good cause because, by the proponent of the new evidence's "own description, the supplemental materials merely represented mostly elaboration of points prior made." *Shepherd*, 920 F.3d at 288. Similarly, although the declaration raises for the first time in this litigation the only evidence of what allegedly was presented during the 2015 meetings, Netlist claims—incorrectly—that other evidence also supports its claim. Thus, the second factor weighs against Netlist having good cause because Netlist claims other important evidence supports its claim. Third, allowing this evidence would substantially prejudice Micron. The trial is under two months away, Micron has had no opportunity to depose ▒▒▒▒▒▒▒▒▒▒▒▒ and ▒▒▒▒▒▒▒▒▒▒▒▒ ▒▒▒▒▒▒▒▒▒▒▒▒ Thus, the third factor weighs against Netlist having good cause. Lastly, the trial is scheduled for January 22, 2023, which is under two months away from the filing of this motion. Due to the timing of the motion, combined with the fact that Netlist provided corporate-representative testimony on this very issue, ▒▒▒▒▒▒▒▒▒▒▒▒ ▒▒▒▒▒▒--a continuance is not desirable, so the fourth factor weighs against Netlist having good cause. Because Netlist has not shown good cause for its untimely declaration, the Court should strike it from evidence.

Additionally, the Court should strike ▒▒▒▒▒▒▒▒▒▒▒▒ under the sham declaration rule. "Pursuant to the 'sham affidavit' doctrine, a party cannot file an affidavit in contradiction of

9

his own prior testimony, without any explanation for the change in the testimony, in an attempt to create a fact issue and avoid summary judgment." *Sivertson v. Citibank, N.A. as Tr. for Registered Holders of WAMU Asset-Backed Certificates WAMU Series No. 2007-HE2 Tr.*, No. 4:18-CV-169, 2019 WL 5091991 (E.D. Tex. Oct. 11, 2019). ▮

▮

▮

▮. Micron is introducing this declaration, without any explanation for the change in the testimony, in an attempt to create a fact issue and avoid summary judgment. Accordingly, the Court should strike ▮

Accordingly, because neither the ▮

▮

▮ the Court should enter summary judgment that Netlist did not provide actual notice of infringement prior to the Complaint's allegations of infringement for the '918 and '054 Patents.

### B. Netlist Raises No Material Issue of Fact on Its Failure to Mark.

Although Netlist takes issue with specific language used in Micron's May 25, 2023 notice letter regarding Netlist's failure to mark under 35 U.S.C. § 287, ▮

▮

▮ In this letter, ▮

███████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████

Additionally, the situation in the present proceeding is different than in *Arigna Technology Ltd. v. Nissan Motor Co., Ltd.*, 2022 WL 18046695 (E.D. Tex. Sep. 20, 2022), which Netlist cites. In *Arigna*, Toyota sent a letter to Arigna, stating that Toyota believed "that Arigna's inclusion of the Denso DNMWR008 module in the infringement contentions was 'simply a mistake.'" *Id*. at *1. The Court noted that the Toyota letter did "not notify Arigna of any defendants' intent to challenge the marking status of either the DNMWR008 module or the chip regarding adherence with § 287." *Id*. at *5. In contrast to *Arigna*, ████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████ Accordingly, under the *Arctic Cat I* framework, Micron's May 25, 2023 letter met its low burden of identifying unmarked products and shifted the burden to Netlist to prove that the identified products were marked or otherwise not subject to a marking requirement. *Arctic Cat I*, 876 F.3d at 1366.

As explained in Micron's Motion, Netlist failed to provide any evidence that the Netlist–SK hynix Agreement required SK hynix to mark its products under its license agreement. ██ ████████████████████████████████████████, which is dispositive of Netlist's failure to make reasonable efforts to ensure compliance with the marking requirements. *See, e.g.*, *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864–66 (Fed. Cir. 2020) ("*Arctic Cat II*") (finding that the patentee's failure to contractually require its licensee to mark could not be deemed a "reasonable effort" at marking). Thus, Netlist has failed to carry its burden to raise a genuine fact issue that Micron had any constructive notice of the asserted patents.

11

IV. **CONCLUSION**

Micron requests that the Court grant summary judgment that Netlist cannot recover pre-suit damages for the '918 and '054 patents before the filing date of the Complaint in the current matter for failure to comply with 35 U.S.C. § 287.

12

Dated: December 5, 2023                        Respectfully submitted,

*/s/ Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P Enzminger (*pro hac vice*)
denzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
Ryuk Park (*pro hac vice*)
RPark@winston.com
Matthew R. McCullough
MRMcCullough@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (*pro hac vice*)
State Bar No. 1500598
mhopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

William M. Logan
State Bar No. 24106214
wlogan@winston.com
Juan C. Yaquian (*pro hac vice*)
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400

13

Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Vivek V. Krishnan (*pro hac vice*)
vkrishnan@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive, Suite 4200
Chicago, IL 60601
Telephone: 312-558-9508
Facsimile: 312-558-5700

Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Andrea Fair
State Bar No. 24078488
andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323


**ATTORNEYS FOR DEFENDANTS MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC**

14

## CERTIFICATE OF SERVICE

I certify that, on November 14, 2023, a copy of the foregoing was served on all counsel of record via the Court's ECF system and email.

/s/ *Michael R. Rueckheim*
Michael R. Rueckheim

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ *Michael R. Rueckheim*
Michael R. Rueckheim