IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>　　　　*Plaintiff*,<br><br>v.<br><br>MICRON TECHNOLOGY, INC. *et al.*,<br><br>　　　　*Defendants*. | Case No. 2:22-cv-00203-JRG-RSP |

**ORDER ON MOTIONS *IN LIMINE*__**

The Court held a Pretrial Conference in the above-captioned case on December 20, 2023, and addressed motions *in limine* filed by Plaintiff Netlist, Inc. ("Netlist"), (Dkt. No. 329) and Defendants Micron Technology, Inc. *et al* ("Micron"), (Dkt. No. 333). This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument before the jury about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

**A.  Netlist's Motions *in Limine* (Dkt. No. 329)**

1. Plaintiff's MIL No. 1: Preclude Micron from presenting any evidence or argument regarding RAND obligations or any alleged failure to license patents-in-suit on RAND terms.

This motion *in limine* is **CARRIED** to be taken up in connection with the related Motion for Summary Judgment (Dkt. No. 276) and the Motion to Strike (Dkt. No. 269).

2. Plaintiff's MIL No. 2: Preclude Micron from presenting evidence or argument that SK Hynix's supply obligation to Netlist is not legally binding on SK Hynix.

This motion *in limine* is **GRANTED** as to any evidence or argument that the supply obligation in the SK Hynix agreement is not legally binding, including citing Article 5.3 without stating that it is only "unless and until a valid purchase order is issued and accepted pursuant to" the PPSA. This does not prevent Defendant's expert, Dr. Lynde, from offering testimony about the economic effect of the contract's terms, but it is intended to exclude legal opinions about the meaning of the contract terms.

3. Plaintiff's MIL No. 3: Preclude Micron from presenting any allegation that Netlist has failed to comply with JEDEC obligations.

This motion *in limine* is **GRANTED** as neither party properly contends that the asserted patents actually are standard essential. This does not prevent Defendant from pointing out, when relevant, the simple fact that Plaintiff did not disclose the asserted patents to JEDEC.

4. Plaintiff's MIL No. 4: Preclude Micron from presenting evidence, argument, or testimony that practicing a standard is a defense to infringement or willfulness.

This motion *in limine* is **GRANTED** to exclude evidence or argument that Defendant has simply been following the standard in designing its products. To the extent that such an argument has any relevance to infringement, or even willful infringement, that relevance is substantially outweighed by unfair prejudice and jury confusion.

5. Plaintiff's MIL No. 5: Preclude Micron from presenting any argument or evidence that Netlist is discriminating against Micron by not offering Micron the same licensing terms as Samsung or SK Hynix.

This motion *in limine* is **DENIED**, but noting that both sides agree that "non-discriminatory" does not mean that the terms offered to different customers cannot be different, but rather only that they cannot be unfairly different.

### B. Micron's Motions *in Limine* (Dkt. No. 333)

### C.

1. <u>Defendant's MIL No. 1</u>: No argument or evidence regarding Netlist's February 2015 slide deck and April 2015 slide deck.

This motion *in limine* is **DENIED**, reserving to the exhibit hearing the admissibility of the documents.

2. <u>Defendant's MIL No. 2</u>: No argument or evidence regarding the *Samsung* trial or verdict.

This motion *in limine* is **GRANTED** except for use within expert testimony of Messrs. Kennedy, Brogioli, and Mangione-Smith, which will be addressed in connection with related motions to strike.

3. <u>Defendant's MIL No. 3</u>: No argument or evidence suggesting that Netlist disclosed the asserted patents to JEDEC, Texas Instruments, or any other company.

This motion *in limine* is **DENIED** as overly broad.

4. <u>Defendant's MIL No. 4</u>: No argument or evidence suggesting a parties' corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company.

This motion *in limine* is **GRANTED** with three exceptions:

1. If a witness testifies to a specific issue on direct examination, they can be cross-examined and impeached based on a lack of knowledge relating to that issue;
2. If a witness was designated as a 30(b)(6) representative at deposition and could not answer questions relating to their designated topic, they can be impeached on that basis; and

3

    3. A corporate representative may be impeached at trial if the representative makes statements that are inconsistent with that party's 30(b)(6) deposition testimony.

5. <u>Defendant's MIL No. 5</u>: No argument or evidence that Micron's success was contingent on Netlist's patents because Micron's prior product designs allegedly failed.

This motion *in limine* is **GRANTED** with respect to evidence or arguments of "copying," but otherwise denied.

**SIGNED this 27th day of December, 2023.**

                                                    ROY S. PAYNE
                                                   UNITED STATES MAGISTRATE JUDGE