IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 2:22-cv-203-JRG-RSP |
| | § | |
| v. | § | |
| | § | |
| MICRON TECHNOLOGY, INC. *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## REPORT & RECOMMENDATION

Before the Court is the Motion to Stay Pending Resolution of *Inter Partes* Review of the Asserted Patents filed by Defendants Micron Semiconductor Products Inc., Micron Technology Texas LLC, and Micron Technology, Inc. **Dkt. No. 80**. Having heard arguments at a recent hearing and considered the briefing, the Court recommends that the Motion be **DENIED**.

### I.   BACKGROUND

Netlist's Complaint originally asserted six patents, U.S. Patent Nos. 10,860,506; 10,949,339; 11,016,918; 11,232,054; 8,787,060; and 9,318,160. Dkt. No. 1; Dkt. No. 80 at 6. Prior to the instant lawsuit, IPR petitions were filed on all six asserted patents by a third-party. Dkt. No. 80 at 6. Micron filed motions to join the IPRs. *Id.* at 7. The PTAB issued final written decisions for the '506 Patent on October 17, 2023, and for the '339 Patent on October 18, 2023. Dkt. No. 246 at 1. Netlist has since dropped the '506 and '339 Patents from this case. *See* Dkt. No. 406 at 108; Dkt. No. 250. Additionally, the PTAB has issued final written decisions for the '054 Patent, on December 5, 2023, and for the '918 Patent on December 6, 2023. Dkt. No. 345 at 1; *see Samsung Elecs. Co. Ltd., et. al. v. Netlist, Inc.*, IPR2023-00999, Paper 51 (PTAB Dec. 5, 2023); *Samsung Elecs. Co. Ltd., et. al. v. Netlist, Inc.*, IPR2023-00996, Paper 49 (PTAB Dec. 6, 2023).

1

Petitions have been instituted for the remaining patents and Micron represents that they anticipate a final written decision on the '060 and '160 Patents by April 12, 2024. Dkt. No. 348 at 1–2.

A hearing was held on December 20, 2023, and argument was heard regarding the Motion to Stay. Dkt. No. 399; Dkt. No. 406 at 107–122. Trial is currently set to begin on January 22, 2024. Dkt. No. 243.

## II.  LEGAL STANDARD

"The party seeking a stay bears the burden of showing that such a course is appropriate." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 218-cv-390-RWS-RSP, 2019 WL 3826051, at *1 (E.D. Tex. Aug. 14, 2019) (quoting *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-cv-86-RWS-JDL, 2017 WL 3712916, at *3 (E.D. Tex. Feb. 3, 2017)); accord *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). District courts have the power to stay proceedings as part of their inherent power to control their own dockets. *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017) (citing *ThinkOptics, Inc. v. Nintendo*, No. 6:11-cv-455-LED, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014)); accord *Clinton v. Jones*, 520 U.S. 681, 706 ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis*, 299 U.S. at 254).

District courts typically consider three factors when deciding whether to stay litigation pending IPR of the asserted patent(s): "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) (collecting cases).

### III.   ANALYSIS

#### A.  Prejudice to the Non-movant

"Whether the patentee will be *unduly prejudiced* by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (emphasis in original).  This concern is "present in every case in which a patentee resists a stay, and is therefore not sufficient, standing alone, to defeat a motion to stay." *NFC Tech*, 2015 WL 1069111, at *2; *see also Trover Grp.*, 2015 WL 1069179, at *2 (collecting cases); *VirtualAgility*, 759 F.3d at 1319 ("A stay . . . only delays realization of [monetary] damages and delays any potential injunctive remedy").

The delay caused by a stay is especially burdensome where the parties are competitors in the marketplace. *Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 6:12–cv–799, 2014 WL 4477393, at *2 (E.D. Tex. July 25, 2014); *Volstar*, 2013 WL 4511290, at *2; accord *SenoRx, Inc. v. Hologic, Inc.*, No. 12–cv–173, 2013 WL 144255, at *7 (D. Del. Jan. 11, 2013) ("Courts have recognized that when the parties are direct competitors, there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill."); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 3:12–cv–05501, Doc. No. 108 at 6 (N.D. Cal. Jan. 13, 2014).

Micron asserts that a stay is not prejudicial "because it will not diminish Netlist's monetary damages. Dkt. No. 80 at 9. Netlist responds that the stay could delay the trial for at least two years due to appeals. Dkt. No. 94 at 9. Further, Netlist asserts that prejudice is not limited to monetary damages since the parties are competitors in the marketplace. Dkt. No. 94 at 9–10.

The Court finds that the potential prejudice weighs against a stay. A delay in the proceedings would be prejudicial to Netlist as a direct competitor to Micron. Further, the process could be further extended if either party appeals the PTAB's findings to the Federal Circuit. *See* 35 U.S.C. § 141(c). Netlist has a well-established interest in the timely enforcement of its patent rights. *See Voltstar Techs., Inc. v. Superior Commc'ns, Inc.*, No. 2:12–cv–082, 2013 WL 4511290, at *2 (E.D.Tex. Aug. 22, 2013).

### B. Stage of the Case

The Court finds that the late stage of the case weighs against instituting a stay. While the Court typically assesses the stage of the case from the date of filing, here the unique disposition of the ongoing IPR proceedings demonstrates a need to assess the current stage of the case instead. As discussed above, the case is on the eve of trial, a stay of the nature requested by Micron could delay the action for up to two years as all appeals are exhausted before the PTAB.

### C. Simplification

Whether a stay "will result in simplification of the issues before a court is viewed as the most important factor when evaluating a motion to stay." *Uniloc USA*, 2017 WL 2899690, at *3 (citing *Intellectual Ventures II LLC v. Kemper Corp.*, No. 6:16-cv-81-JRG, 2016 WL 7634422, at *2 (E.D. Tex. Nov. 7, 2016); *NFC Tech.*, 2015 WL 1069111, at *4).

Micron asserts that awaiting final decisions from the PTAB could simplify the case either due to invalidation of the asserted claims or through limited IPR estoppel pursuant to 35 U.S.C. § 315(e)(2). Dkt. No. 80 at 10.

Further simplification of the pending action would necessitate at a minimum a stay until April 12, 2024 if no appeals are sought. However, this is under the assumption that the pending IPRs will result in rulings of invalidity. The Court is unpersuaded to delay a case on the eve of

trial based on a possibility of invalidity rulings and is unconvinced that the alleged simplification outweighs the prejudice discussed above. Further, if invalidity is not found, Micron has asserted that estoppel is limited to art explicitly asserted in the petition. *See* Dkt. No. 80 at 10; Dkt. No. 406 at 114–115. This form of estoppel carries a lesser likelihood of simplification of the issues on the two patents awaiting final written decisions. For these reasons, the Court finds that the factor weighs against a stay.

## IV.   CONCLUSION

Having found that the factors weigh against a stay, the Court recommends that Micron's Motion to Stay, Dkt. No. 80, be **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 3rd day of January, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE