UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., AND MICRON TECHNOLOGY TEXAS LLC,<br><br>    Defendants. | Civil Action No. 2:22-CV-203-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION DENYING MOTION TO STAY**

Pursuant to Fed. R. Civ. P. 72 and Local Rule CV-72, Micron submits the following objections to Magistrate Judge Payne's Report and Recommendation Denying Micron's Motion to Stay (ECF 416, the "R&R"). The R&R recommends that the case proceed to trial despite the fact that all claims of four patents asserted against Micron's products have been declared unpatentable by the PTAB, and the remaining two patents, on which final written decisions on all claims are due by April 12, 2024, are asserted against a product design that has not yet been commercially released. No court has tried a case under these circumstances, as far as Micron is aware.

Micron filed its motion to stay (ECF 80) on May 19, 2023 after IPRs had been instituted on all claims of all patents asserted against Micron. Subsequently, Micron filed notices to the Court when all claims of each asserted patent were declared unpatentable in final written decisions by the PTAB. Micron then filed its supplemental motion to stay on December 8, 2023 (ECF 348; allowed by ECF 350), which explained that the PTAB has now invalidated four of the six patents asserted in this case, and final written decisions are due by April 12, 2024 for the remaining two patents. Despite Micron repeatedly asking Netlist to drop all of the invalidated patents, Netlist intends to assert two of the now-invalid patents (the "'918 and '054 patents") in the trial set for jury selection on January 19, 2024. There appears to be no precedent anywhere for allowing trial on patents where ***all claims*** have been declared unpatentable by the PTAB. Micron's motion further identified that there have been no U.S. commercial product sales for the products accused of infringing the remaining asserted patents (the "'060 and '160 patents"). Micron's motion identified the significant prejudice and risk of wasting party, witness and judicial resources if Netlist is allowed to try its patents on the current schedule given the present circumstances.

The R&R recommended denial of Micron's motion, stating: a "delay in the proceedings would be prejudicial to Netlist as a direct competitor to Micron." ECF 416 at 3-4. This conclusion

1

is in error. First, Netlist ***is not a competitor for any products allegedly practicing the '060 and '160 patents***, and indeed, Netlist's briefing only alleges, ***without any factual support***, to be a competitor on products allegedly practiced by the now invalid '918 and '054 patents. *See* ECF 94 at 9. Second, even if Netlist and Micron were competitors, a stay is warranted because Netlist waited several months to eight years after issuance, depending on the asserted patent, to bring suit. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318-19 (Fed. Cir. 2014) (patent owner waiting for "nearly a year" after patent issuance before filing suit weighed against argument of undue prejudice resulting from a stay). A stay is also warranted because Netlist did not move for preliminary injunction or even plead injunctive relief in the above captioned case, nor did it seek injunctive relief in its case against Samsung following the jury verdict (*see* Case No. 2:21-cv-463). *See VirtualAgility*, 759 F.3d at 1318-20 (patent owner decision to not seek injunctive relief weighed against argument of undue prejudice resulting from a stay).

Indeed, when, as here, the patent owner failed to establish that monetary damages are inadequate, delay alone does not cause undue prejudice. *Vill. Green Techs., LLC v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-99-JRG, 2023 WL 416419, at *2 (E.D.Tex., Jan. 25, 2023); *Commc'n Techs., Inc. v. Samsung Elecs. Am., Inc*, No. 2:21-cv-444-JRG, 2023 WL 1478447, at *2 (E.D.Tex., Feb 2, 2023) ("Plaintiff fails to establish that monetary damages are inadequate …. [T]he Court is not persuaded that a stay, within this particular scenario, would unduly prejudice the Plaintiff."); *NFC Tech. LLC v. HTC Am., Inc*., No. 2:13–CV–1058–WCB, 2015 WL 1069111, at *2 (E.D.Tex., Mar. 11, 2015) (holding that delay in vindication of patent rights is "not sufficient" to defeat a stay motion). There is no reason why the outcome should have been different in Micron's case.

The cases cited by the R&R do not support its conclusion that Netlist would be "unduly" prejudiced by a stay. In *Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 6:12–cv–799, 2014 WL

2

4477393 (E.D. Tex. July 25, 2014), the IPRs did not cover all asserted claims and some had not yet instituted. *Id.* at *1. Moreover, unlike here, the parties were "competitors in the marketplace" for the patented products. *Id*. at *2. *Volstar Tech., Inc. v. Superior Comm'cns, Inc*., No. 2:12-cv-0082-JRG, 2013 WL 4511290 (E.D. Tex. Aug. 22, 2013) and *SenoRx, Inc. v. Hologic, Inc*., No. 12–cv–173, 2013 WL 144255 (D. Del. Jan. 11, 2013) are both of minimal relevance because they involve *inter partes* reexamination proceedings, which were replaced by Congress in favor of the streamlined IPR proceedings. Moreover, in both cases the parties were direct competitors in the relevant market. *Volstar*, 2013 WL 4511290 at *2 ("Here, VolStar and AT&T compete directly in the battery charger market."); *SenoRx*, 2013 WL 144255 at *8 ("In this case, there is no question that the parties are direct competitors, but that does not go far enough. Indeed, they are the only two companies who participate in the balloon brachytherapy market."). Finally, in *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 3:12–cv–05501, Doc. No. 108 (N.D. Cal. Jan. 13, 2014), the parties were "direct competitors in the non-invasive pre-natal testing market." *Id*. at 5.

The R&R also found that "the current stage … on the eve of trial" weighs against the requested relief. ECF 416 at 4. Respectfully, this finding is erroneous. The case "stage" factor must be considered from when the motion ***was filed***, not when the court later rules. *VirtualAgility*, 759 F.3d at 1317 ("the time of the motion is the relevant time to measure the stage of litigation"); *Smartflash LLC v. Apple Inc*., 621 Fed.Appx. 995, 1005–06 (Fed. Cir. 2015) (accord).

Second, the "current" stage of the case favors a stay—because the IPR final decisions for the '060 and '160 patents are due shortly by April 12, 2024. The R&R's observation that the requested stay "could delay the action for up to two years as all appeals are exhausted" is inapposite and addressable by only staying the case until April when the IPR final decisions issue, and addressing further stay requests (if any) then. Since Micron has no U.S. commercial product sales

3

of the accused products for the '060 and '160 patents, and Netlist does not compete in the market for the accused products, a short stay while the PTAB completes its review is warranted.

The R&R also errs in finding that the "simplification" factor weighs against Micron's requested relief. The case will be simplified by the estoppel applied for joinder IPR proceedings under 35 U.S.C. § 315(e)(2). Indeed, when (as here) the Board has instituted IPR proceedings, "courts have been nearly uniform in granting motions to stay proceedings in the trial court." *NFC Technology*, 2015 WL 1069111, at *18-21 (collecting cases and observing "after the PTAB has instituted review proceedings, the parallel district court litigation ordinarily should be stayed").

Most importantly, the Magistrate Judge failed to address the '918 and '054 patents. It is not mere speculation to say that the case will be simplified by a stay—every asserted claim from those patents was already found invalid by the PTAB. Simply put, these invalidated patents should not be tried to a jury. Should the case not be stayed, both Micron and Netlist will present additional experts and witnesses with respect to infringement and validity issues for the **numerous forty-seven (47) asserted claims** in the invalid patents at trial, clearly adding complexity to the case that could otherwise be avoided. Indeed, the complexity, as well as the prejudice to Micron, would be substantially increased here because there is no overlap in the products accused for the invalid '918 and '054 patents vs. the '060 and '160 patents, nor is there overlap in those patent families. It is for exactly this reason that Netlist is improperly pushing forward with trying the invalid patents – unlike the '060 and '160 patents that have no commercial sales yet, there have been considerable sales of the products Netlist accuses of infringement by the invalid '918 and '054 patents.

In other cases where all asserted claims were the subject of IPR trials, the Court previously found that the "likelihood of simplification of issues is high" and granted stay motions. *Vill. Green*, 2023 WL 416419, at 3; *Comm'cn Techs. Inc. v. Samsung Elec. Am., Inc.*, NO. 2:21-CV-00444-

JRG, 2023 WL 1478447, at *4-5 (E.D.Tex., Feb. 2, 2023) ("The Court finds, given that *inter partes* review has been instituted on all claims of the [asserted] Patent and on multiple grounds, the likelihood of simplification of issues is material. This factor weighs in favor of a stay under these facts."); see also *NFC Technology*, 2015 WL 1069111, at *23 (holding that where "the PTAB has already instituted review of the two patents in suit in this case, the 'simplification' factor cuts strongly in favor of granting a stay in this case"); *Smartflash*, 621 Fed.Appx. at 1005–06 (finding that the district court did "not properly consider" the significance of the simplification factor in its analysis and therefore "abused its discretion when it denied Samsung's motion to stay"). Here, the PTAB has **already declared all claims of the '918 and '054 patents unpatentable on multiple grounds** and instituted review of all claims of the '060 and '160 patents on multiple grounds.

The case should be stayed. All **47 asserted claims** in two of Netlist's patents are invalid and presumed invalid under 35 U.S.C. § 314(a),[1] and those invalid patents account for all of the allegedly infringing sales. For the '060 and '160 patents, there are no U.S. commercial product sales, and Netlist seeks a judgment seeking a future royalty on products that have not yet been released. To Micron's knowledge, this Court has never allowed parties to use judicial resources, or be forced to waste their own, with a trial under these circumstances. Doing so now is prejudicial and poses a significant risk of wasting party, witness and judicial resources. At a minimum, Micron respectfully requests that the Court sever the invalid patents from the patents still subject to PTAB review and stay those invalid patents pending completion of any PTAB appeals by Netlist.

---

[1] *See Network-1 Security Solutions, Inc. v. Alcatel-Lucent USA Inc.*, No. 6:11-cv-492, 2015 WL 11439060, at *3 (E.D.Tex. Jan. 5, 2015) (noting the "presumption of a 'reasonable likelihood' of invalidity" created upon institution by 35 U.S.C. § 314(a)). Indeed, here, the PTAB has already confirmed the presumption of invalidity for all asserted claims in its well-reasoned final written decisions on multiple grounds.

5

Dated: January 5, 2024

Respectfully submitted,

*/s/ Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
Barry K. Shelton
State Bar No. 24055029
BShelton@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

David P Enzminger
denzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Matthew Hopkins (pro hac vice)
State Bar No. 1500598
mhopkins@winston.com
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Juan C. Yaquian

State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill (State Bar No. 24032294)
wh@wsfirm.com
Andrea Fair (State Bar No. 24078488)
andrea@wsfirm.com
Charles Everingham IV (State Bar No. 00787447)
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR DEFENDANTS MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2024, the foregoing document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including counsel of record for Plaintiff Netlist Inc.

                                                                                                          */s/ Michael R. Rueckheim*
                                                                                                             Michael R. Rueckheim