IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § § § § § § § § § § | |
| *Plaintiff,* | | CIVIL ACTION NO. 2:22-cv-203-JRG-RSP |
| v. | | |
| MICRON TECHNOLOGY, INC. *et al.*, | | |
| *Defendants*. | | |

### REPORT & RECOMMENDATION

Before the Court is the Motion for Summary Judgment Regarding IPR Estoppel as to the '918 and '054 Patents, filed by Netlist, Inc. **Dkt. No. 275**. For the following reasons, the motion should be **DENIED**.

### I.   BACKGROUND

Netlist's Complaint originally asserted six patents, U.S. Patent Nos. 10,860,506; 10,949,339; 11,016,918; 11,232,054; 8,787,060; and 9,318,160. Dkt. No. 1; Dkt. No. 80 at 6. Prior to the instant lawsuit, IPR petitions were filed on all six asserted patents by a third-party. Dkt. No. 80 at 6. Micron filed motions to join the IPRs. *Id.* at 7. The PTAB issued final written decisions for the '506 Patent on October 17, 2023, and for the '339 Patent on October 18, 2023. Dkt. No. 246 at 1. Netlist has since dropped the '506 and '339 Patents from this case. *See* Dkt. No. 406 at 108; Dkt. No. 250. Additionally, the PTAB has issued final written decisions for the '054 Patent, on December 5, 2023, and for the '918 Patent on December 6, 2023. Dkt. No. 345 at 1; *see Samsung Elecs. Co. Ltd., et. al. v. Netlist, Inc.*, IPR2023-00999, Paper 51 (PTAB Dec. 5, 2023); *Samsung Elecs. Co. Ltd., et. al. v. Netlist, Inc.*, IPR2023-00996, Paper 49 (PTAB Dec. 6, 2023). Petitions have been instituted for the remaining '060 and '160 Patents and Micron represents that they anticipate a final written decision on those Patents by April 12, 2024. Dkt. No. 348 at 1–2.

1

## II. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

IPR is limited to invalidity grounds "that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(b). Relevant to this motion are several statutory provisions governing IPR estoppel:

> (c) Joinder.– If the Director institutes an inter partes review, the Director, in his or her discretion, may join as a party to that inter partes review any person who properly files a petition under section 311 that the Director, after receiving a preliminary response under section 313 or the expiration of the time for filing such a response, determines warrants the institution of an inter partes review under section 314.

***

> [(e) Estoppel.–] (2) Civil actions and other proceedings.– The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final

> written decision under section 318(a), or the real party in interest or privy of the petitioner, may not assert either in a civil action arising in whole or in part under section 1338 of title 28 or in a proceeding before the International Trade Commission under section 337 of the Tariff Act of 1930 that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

35 U.S.C. § 315(c), (e)(2). The Federal Circuit has held that estoppel for parties joined to an IPR action is governed by § 315(c), and the "joinder provision does not permit a joining party to bring into the proceeding new grounds that were not already instituted." *Network-1 Technologies, Inc. v. Hewlett-Packard Company*, 981 F.3d 1015, 1027 (Fed. Cir. 2020) (citing *Facebook, Inc. v. Windy City Innovations, LLC*, 973 F.3d 1321, 1334–36 (Fed. Cir. 2020)).

### III.   ANALYSIS

Netlist asserts that seven grounds in Micron's invalidity expert report as to the '918 and '054 Patents are subject to IPR estoppel. Dkt. No. 275 at 8. As an initial matter, Netlist's reliance on § 315(e)(2) to estop grounds that reasonably could have been raised is in error in light of the Federal Circuit precedent regarding § 315(c). *See Network-1*, 981 F.3d at 1027. Accordingly, it is recommended that Netlist's motion for summary judgment on Ground 7, Dkt. No. 275 at 10–11 (section IV(B)), be **DENIED**.

Netlist asserts that Grounds 1–6 in Micron's invalidity expert report were raised in the IPRs. Dkt. No. 275 at 6. Specifically, for Grounds 1–4, Netlist asserts they are subsets of the instituted grounds which included the prior art references Amidi, Harris, and Spiers. Dkt. No. 275 at 6. For Grounds 5–6, Netlist asserts that the grounds are the same as those instituted in the IPR but rename the included standard. *Id.* at 9–10. Micron responds that the seven obviousness grounds raised in Dr. Stone's expert report are not identical to the five instituted invalidity grounds. Dkt. No. 303 at 7.

Micron's obviousness Grounds 1–4 are "APA combined with Harris," "APA combined with Harris + Amidi," "APA combined with Spiers," and "APA combined with Spiers + Amidi." Dkt. No. 275 at 6–7. APA as defined in Dr. Stone's expert report refers to "Admitted Prior Art" which "are statements made by an applicant admitting that a certain disclosure constitutes prior art and pre-dates the filing date of the patent." Dkt. No. 275-6 ¶ 265. The IPR was instituted for five grounds:

- Harris + FBDIMM Standards
- Ground 1 + Amidi
- Ground 2 + Hajeck
- Spiers + Amidi
- Ground 4 + Hajeck

Dkt. No. 275-2 at 5–6.

The Court finds that Grounds 1–4 are subsets of instituted grounds, but IPR estoppel pursuant to § 315(c) does not apply. Functionally, the Federal Circuit rulings regarding joinder estoppel act to lop off the "or reasonably could have raised" aspects of § 315(e)(2). This Court has recognized that IPR estoppel applies to subsets of grounds instituted, however the foundation for that ruling is found in the "or reasonably could have raised" language of § 315(e)(2). *See Biscotti Inc. v. Microsoft Corp.*, 2017 WL 2526231, at *7–8 (E.D. Tex. 2017).

Micron's obviousness Grounds 5–6 are "JEDEC" and "JEDEC combined with Amidi." Dkt. No. 275 at 9. Netlist contends, and Micron does not contest, that the "JEDEC" and "FBDIMM" standards are the same. Dkt. No. 275 at 9–10; *see* Dkt. No. 303.

The Court finds that Grounds 5–6 are subsets of the instituted grounds, but IPR estoppel pursuant to § 315(c) does not apply as discussed above. The IPR grounds instituted were Harris + FBDIMM and Harris + Amidi + FBDIMM. Here, the contested grounds of Amidi + JEDEC and just JEDEC are sub-components of the combined instituted ground.

4

Accordingly, having found that IPR estoppel does not apply to the contested grounds, the Court recommends that Netlist's Motion for Summary Judgment Regarding IPR Estoppel, Dkt. No. 275, be **DENIED**.

## IV.     CONCLUSION

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report by **January 17, 2024** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 10th day of January, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE