IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § § § § § § § § § § | |
| *Plaintiff*, | | CIVIL ACTION NO. 2:22-cv-203-JRG-RSP |
| v. | | |
| MICRON TECHNOLOGY, INC. *et al.*, | | |
| *Defendants*. | | |

**REPORT & RECOMMENDATION**

Before the Court are several motions related to the affirmative defense of patent misuse asserted by Defendants Micron Technology, Inc. *et al.* First is Netlist, Inc.'s Motion to Strike Micron Defendants' Affirmative Defense of Patent Misuse (**Dkt. No. 193**). Second is Micron's Alternative Motion for Leave to Assert Patent Misuse Affirmative Defense (**Dkt. No. 222**). Third is Netlist's Motion for Summary Judgment of No Patent Misuse (**Dkt. No. 277**).

**I.   BACKGROUND**

Netlist's Complaint originally asserted six patents, U.S. Patent Nos. 10,860,506; 10,949,339; 11,016,918; 11,232,054; 8,787,060; and 9,318,160. Dkt. No. 1. Netlist has since dropped the '506 and '339 Patents from this case. *See* Dkt. No. 406 at 108; Dkt. No. 250.

Generally, the Asserted Patents relate to computer memory. U.S. Patents 11,016,918 and 11,232,054, which are related and share a common specification, concern computer memory devices that use different types of memory. '918 Patent at 1:66–2:2; *see also* '054 Patent at 1:66–2:2. U.S. Patents 8,787,060 and 9,318,160, which are related and share a common specification, concern "systems and methods for reducing the load of drivers of memory packages included on memory modules." '060 Patent at 1:19–21; *see also* '160 Patent at 1:21–23.

1

## II. LEGAL STANDARD

Patent misuse is an equitable defense established when the patentee engages in conduct that impermissibly broadens a patent's physical or temporal scope with anticompetitive effect. *Virginia Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 868 (Fed. Cir. 1997); *Eon Corp. IP Holdings, LLC v. Landis+Gyr Inc.*, No. 6:11-cv-00317, 2013 WL 12040726, at *2 (E.D. Tex. May 17, 2013). Patent misuse derives historically from the defense of unclean hands. *C.R. Bard Inc. v. M3 Systems, Inc.*, 157 F.3d 1340, 1372 (Fed. Cir. 1998). However, in its modern form, patent misuse hews more closely to an antitrust violation than it does to fraud or a general charge of inequitable misconduct. *Id.*

"The Supreme Court established the basic rule of patent misuse: that the patentee may exploit his patent but may not 'use it to acquire a monopoly not embraced in the patent.'" *Princo Corp. v. ITC*, 616 F.3d 1318, 1327 (Fed. Cir. 2010) (citing *Transparent-Wrap Mach. Corp. v. Stokes & Smith Co.*, 32 U.S. 637, 643 (1947)). The Federal Circuit in turn has "characterized patent misuse as the patentee's act of 'impermissibly broaden[ing] the "physical or temporal scope" of the patent grant with anticompetitive effect.'" *Id.* at 1328 (citing *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1001 (Fed. Cir. 1986)). "It follows that the key inquiry under the patent misuse doctrine is whether, by imposing the condition in question, the patentee has impermissibly broadened the physical or temporal scope of the patent grant and has done so in a manner that has anticompetitive effects." *Id.*

## III. ANALYSIS

Netlist filed a Second Amended Complaint, which was allowed without opposition. Dkt. No. 145; *see* Dkt. No. 140 (non-opposition response). Micron then filed an answer to the amended complaint, including for the first time the affirmative defense of patent misuse. *See* Dkt. No. 160. Netlist then filed this Motion seeking to strike the affirmative defense as procedurally

improper or, in the alternative, as facially deficient. Dkt. No. 193. Micron opposed the Motion through a response and sur-reply. Dkt. No. 221; Dkt. No. 247.

### A. Leave Was Required

Netlist asserts that Micron's inclusion of the patent misuse defense was improper due to failure to seek leave. Dkt. No. 193 at 9. Netlist contends that patent misuse is a new defense that goes beyond Netlist's addition of indirect infringement allegations added in the amended complaint. Dkt. No. 193 at 9–10. Alternatively, Netlist argues that Micron cannot demonstrate good cause for the purported amendment. Dkt. No. 193 at 10–13. Micron responds that procedurally they were not required to seek leave of court to submit an answer permitted by the Federal Rules of Civil Procedure. Dkt. No. 221 at 5.

The Court finds that leave of court was not required to file an answer to the amended complaint, but the addition of the patent misuse defense was beyond the material added in Netlist's amendment. *See* Fed. R. Civ. P. 12(b), 15(a)(3); Dkt. No. 243 (the operative fourth amended Docket Control Order). While leave is not required for filing an answer, adding a factually distinct affirmative defense does require leave of court when past the deadline for filing amended answers. *Tech Pharmacy Services, LLC v. Alixa Rx LLC*, 2017 WL 2911773, at *1–2 (E.D. Tex. 2017) (citing *Cyberonics, Inc. v. Zabara*, 2013 WL 3713432, at *2 (S.D. Tex. 2013) ("most courts require leave to raise new allegations and defenses that go beyond responding to the new matters raised in the amended complaint.")). The Court finds that the patent misuse defense was a new defense that went beyond the indirect infringement matters raised in the amended complaint. Accordingly, the Court turns to whether good cause was present in the alternative to allow Defendants to amend their answer to include the patent misuse defense.

### B. Good Cause is Not Present

Micron asserts in their Alternative Motion for Leave to Assert Patent Misuse that good cause exists. Dkt. No. 222. First, Micron asserts that delay in asserting in the defense was due to not receiving an unredacted version of the SK Hynix agreement until February 21, 2023. Dkt. No. 222 at 4–5. Second, Micron asserts the amendment is important due to potentially rendering the patents unenforceable. Dkt. No. 222 at 5. Third, Micron asserts the amendment does not result in prejudice and that continuance was available through potential for negotiating an extension to the discovery deadlines. Dkt. No. 222 at 6–7.

The Court finds that the elements of patent misuse involve distinct factual matters that, if allowed to be injected near the discovery deadline, would unduly prejudice Netlist. *Compare* Dkt. No. 163 (discovery deadline at time of filing the amended answer of September 5, 2023), *with* Dkt. No. 160 (filing date of August 30, 2023). Additionally, the Court finds that Micron's assertions that deadlines could be extended through party negotiation do not outweigh prejudice where the filing was so close to the operative deadline at the time. Essentially, Micron's unpersuasive argument is that delay in filing the affirmative defense is not prejudicial where a plaintiff has the option to either engage in motion practice to strike the defense or negotiate for an extension of deadlines due to the new discovery needs created by Micron's amendment.

Further, the Court finds that Micron's delay in asserting the defense is not excusable where the amended infringement contentions do not relate to the newly asserted defense. Nor does the Court find persuasive that the delay in receipt of the unredacted version of the SK Hynix Agreement excuses the delay in asserting the affirmative defense. *Compare* Dkt. No. 222 at 4–5 (asserting receipt of February 21, 2023), *with* Dkt, No, 160 (filing date of August 30, 2023, over six months later). Micron's argument that the addition of the affirmative defense is

4

important due to potentially rendering the patents unenforceable is equally unpersuasive since it likewise increases the prejudice involved.

In weighing the factors for good cause to amend, the Court finds that leave to add the affirmative defense of patent misuse at this late date should not be given.

## IV. CONCLUSION

The Court recommends that Netlist's Motion to Strike Micron Defendants' Affirmative Defense of Patent Misuse (Dkt. No. 193) be **GRANTED**, Micron's Alternative Motion for Leave to Assert Patent Misuse Affirmative Defense (Dkt. No. 222) be **DENIED**, and Netlist's Motion for Summary Judgment of No Patent Misuse (Dkt. No. 277) be **DENIED AS MOOT**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report **by not later than noon on January 18, 2024** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 15th day of January, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE