UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:22-cv-203-JRG ) |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFF NETLIST'S OBJECTIONS TO REPORT AND RECOMMENDATION (DKT. 426)**

Pursuant to Fed. R. Civ. P. 72 and Local Rule CV-72, Plaintiff Netlist, Inc. ("Netlist") respectfully objects to Magistrate Judge Payne's Report and Recommendations (Dkt. 426, the "R&R"), which recommends denying Netlist's Motion for Summary Judgment Regarding IPR Estoppel as to the '918 and '054 Patents, filed by Netlist, Inc. Dkt. No. 275.

**I.   FACTUAL BACKGROUND**

On January 6, 2023, Micron filed an IPR Petition as to U.S. Patent No. 11,232,054 ("the '054 Patent") asserting the following grounds under section 103: (1) Harris + FBDIMM Standards, (2) Harris + FBDIMM Standards + Amidi, (3) Harris + FBDIMM Standards + Amidi + Hajeck, (4) Spiers + Amidi and (4) Spiers + Amidi + Hajeck. Dkt. 275-02 (IPR2023-00405, Petition).

The Board instituted Micron's IPR Petition as to the '054 Patent on June 23, 2023, and further joined Micron as a Petitioner to an earlier IPR on the '054 Patent filed by Samsung asserting the same grounds (IPR2022-00999). Dkt. 275-03 (IPR2023-00405, Paper 7). The Board set Micron's Petition on the same schedule as Samsung's earlier Petition to which it was joined. *Id.*

On January 6, 2023, Micron filed an IPR Petition as to U.S. Patent No. 11,016,918 ("the '918 Patent") asserting the following grounds under section 103: (1) Harris + FBDIMM Standards, (2) Harris + FBDIMM Standards + Amidi, (3) Harris + FBDIMM Standards + Amidi + Hajeck, (4) Spiers + Amidi, and (5) Spiers + Amidi + Hajeck. Dkt. 275-04 (IPR2023-00406, Petition).

The Board instituted Micron's IPR Petition as to the '918 Patent on June 23, 2023, and further joined Micron as a Petitioner to an earlier IPR on the '918 Patent filed by Samsung asserting the same grounds (IPR2022-00996). Dkt. 275-05 (IPR2023-00406, Paper 7). The Board set Micron's Petition on the same schedule as Samsung's earlier Petition to which it was joined. *Id.*

Micron's invalidity expert report in this case for the '918 and '054 Patents relies on the following alleged prior art references that are also asserted in the above IPRs: Harris, Amidi, Spiers, and FBDIMM standards (referred to by Dr. Stone as "JEDEC Standards"). Dkt. 275-06 (Stone Rpt.) at ¶¶ 266-275.

The Board issued its final written decision regarding the '054 IPR on December 5, 2023, and its final written decision regarding the '918 IPR on December 6, 2023.

## II. PROCEDURAL BACKGROUND

Netlist moved for summary judgment that, based on the final written decisions, Micron is estopped from raising in this case any ground of invalidity it "raised or reasonably could have raised during that inter partes review" pursuant to 35 U.S.C. § 315(e)(2).[1] Dkt. 275.

---

[1] 35 U.S.C. § 315(e)(2) provides that "The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a), or the real party in interest or privy of the petitioner, may not assert either in a civil action arising in whole or in part under section 1338 of title 28 or in a proceeding before the International Trade Commission under section 337 of the Tariff Act of 1930 that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review."

The R&R correctly finds that Micron's obviousness Grounds 1–6 are subsets of the instituted grounds. Dkt. 426 (R&R) at 4. However, the R&R ultimately recommends that IPR estoppel should not apply to Grounds 1-6 or Ground 7 (which included an alleged printed publication not raised at IPR, but which Micron has since stated it is not using as prior art in this case, Dkt. 302 at 4) because Micron is a joined party to Samsung's IPRs. *Id.* at 3-4. The R&R cites *Network-1 Technologies, Inc. v. Hewlett-Packard Company*, 981 F.3d 1015, 1027 (Fed. Cir. 2020) for the proposition "that estoppel for parties joined to an IPR action is governed by § 315(c), and the 'joinder provision does not permit a joining party to bring into the proceeding new grounds that were not already instituted.'" *Id.* at 3. The R&R concludes that "the Federal Circuit rulings regarding joinder estoppel act to lop off the 'or reasonably could have raised' aspects of § 315(e)(2)" and that while "this Court has recognized that IPR estoppel applies to subsets of grounds instituted, . . . the foundation for that ruling is found in the 'or reasonably could have raised' language of § 315(e)(2)." *Id.* at 4 (citing *See Biscotti Inc. v. Microsoft Corp.*, 2017 WL 2526231, at *7–8 (E.D. Tex. 2017)).

### III.    ARGUMENT[2]

Netlist respectfully disagrees that the Federal Circuit held in *Network-1* that estoppel is limited any time there is a joinder. Rather, *Network-1* stands for the proposition that estoppel is limited only when a time-barred party joins a pending IPR and has no control over the elected grounds. *See Network-1*, 981 F.3d at 1026-28. Specifically, in *Network-1*, "HP was time-barred under 35 U.S.C. § 315(b) from having its own petition instituted" because "more than one year had passed since the district court complaint had been served" on HP. *Network-1*, 981 F.3d at 1020. Indeed, HP initially filed an IPR petition that "included grounds different from those that

---

[2] Netlist incorporates by reference the arguments made in its motion for summary judgement and reply brief. Dkts. 275, 339.

had already been instituted" in a pending IPR and "[t]he Board denied HP's request." *Id.* HP therefore "filed a second IPR petition and motion to join the [pending] IPR, this time including only the grounds already instituted." *Id.* Thereafter, HP's own IPR Petition was terminated, and HP was before the Board solely as a joined party. Dkt. 275-11 (IPR2013-00495, Paper 13) at 10. The Federal Circuit held that, under those circumstances, HP was only estopped as to grounds actually raised in the IPR because HP, as a time-barred, joining party, "could not have raised with its joinder any additional invalidity challenges." *Network-1*, 981 F.3d at 1027. The court emphasized that HP was not estopped from raising new references because they "could not have reasonably been raised by HP" at IPR. *Id.* Subsequent Federal Circuit cases are in accord. *See, e.g.*, *Olaplex, Inc. v. L'Oreal USA, Inc.*, 855 F. App'x 701, 714 (Fed. Cir. 2021) ("[T]his court in *Network-1* held only that the estoppel provision of 35 U.S.C. § 315(e)(2) . . . did not bar Hewlett-Packard from raising challenges in court where it could not have raised those challenges in the inter partes review it had joined, but not initiated, *because joiners were limited to the issues raised by the initiating petitioner*.") (emphasis added).

Here, Micron does not dispute that at the time Micron filed its petitions, it was not subject to the 1-year bar under 35 U.S.C. § 315(b), and could have included any grounds that it desired in the petitions. Moreover, Micron is not merely a joined party in this case but is a Petitioner in its own right. Micron filed its **own** IPR Petitions that were instituted and were resolved by the Board. Micron had complete control over its own IPR Petitions and could have raised in those Petitions any grounds it saw fit. The fact that Micron made a strategic decision to limit its Petition to the grounds already at issue in the Samsung Petition in order to seek joinder does not allow Micron to insulate itself from the full scope of section 315(e)(2) estoppel. Nor does the statute contain any such exception.

Second, even if estoppel were limited to grounds actually at issue in the IPRs any time there is joinder, a subset of an IPR ground should not be treated as different from the ground

itself for the purposes of estoppel. A ground is the same (and thus actually raised) where, even if not identically phrased, it consists of a combination of references that is "simply a subset of the instituted grounds" or has "no substantive difference" from the IPR ground. *Biscotti Inc.*, 2017 WL 2526231, at *7-8 (E.D. Tex. May 11, 2017); *Hafeman v. LG Elecs., Inc.*, 2023 WL 4362863, at *1 (W.D. Tex. Apr. 14, 2023). The R&R found, and Micron did not dispute during briefing, that the grounds at issue were merely a subset of the instituted grounds and relied on the same alleged prior art.

Even a fully joined party that is not an independent petitioner—and Micron is both here—should not be able make an end run around the America Invents Act's estoppel provisions by merely removing some references from grounds that were actually raised at IPR. Approving this tactic will invite joined parties to present the same references and re-argue substantively identical arguments already made at IPR, as Micron intends to do in this case.

### IV.   CONCLUSION

For the foregoing reasons, Netlist respectfully requests the Court reverse the R&R and grant Netlist's motion.

Dated: January 17, 2024

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)

jsheasby@irell.com  
Annita Zhong, Ph.D. (*pro hac vice*)  
hzhong@irell.com  
Andrew J. Strabone (*pro hac vice*)  
AStrabone@irell.com  
Thomas C. Werner (*pro hac vice*)  
twerner@irell.com  
Yanan Zhao (*pro hac vice*)  
yzhao@irell.com  
Michael W. Tezyan (*pro hac vice*)  
mtezyan@irell.com  

**IRELL & MANELLA LLP**  
1800 Avenue of the Stars, Suite 900  
Los Angeles, CA 90067  
Tel. (310) 277-1010  
Fax (310) 203-7199  

***Attorneys for Plaintiff Netlist, Inc.***

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record via the court's ECF system.

*/s/ Yanan Zhao*  
Yanan Zhao