IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MICRON TECHNOLOGY, INC. *et al.*, <br><br> *Defendants*. | CIVIL ACTION NO. 2:22-cv-203-JRG-RSP |

## REPORT & RECOMMENDATION

Before the Court are several Motions for Summary Judgment filed by Netlist, Inc. First, Netlist's Motion for Summary Judgment of No Anticipation as to the '060 and '160 Patents and that 2012 Design Review is Not Prior Art. **Dkt. No. 272**. Second, Netlist's Motion for Partial Summary Judgment Finding Alleged Prior Art Not Publicly Accessible. **Dkt. No. 278**. Third, Netlist's Motion for Summary Judgment on Micron's Equitable Defenses. **Dkt. No. 274.**

### I.   BACKGROUND

Netlist's Complaint originally asserted six patents, U.S. Patent Nos. 10,860,506; 10,949,339; 11,016,918; 11,232,054; 8,787,060; and 9,318,160. Dkt. No. 1. Prior to the instant lawsuit, IPR petitions were filed on all six asserted patents by a third-party, which were joined by Micron. Netlist has since dropped the '506 and '339 Patents from this case. *See* Dkt. No. 406 at 108; Dkt. No. 250.

Generally, the Asserted Patents relate to computer memory. U.S. Patents 11,016,918 and 11,232,054, which are related and share a common specification, concern computer memory devices that use different types of memory. '918 Patent at 1:66–2:2; *see also* '054 Patent at 1:66–2:2. U.S. Patents 8,787,060 and 9,318,160, which are related and share a common specification,

concern "systems and methods for reducing the load of drivers of memory packages included on memory modules." '060 Patent at 1:19–21; *see also* '160 Patent at 1:21–23.

## II.   LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

### III. MOTION FOR SUMMARY JUDGMENT OF NO ANTICIPATION AS TO THE '060 AND '160 PATENTS AND THAT 2012 DESIGN REVIEW IS NOT PRIOR ART (DKT. NO. 272)

Netlist's Motion for Summary Judgment raises three issues: (A) a dispute regarding claim limitations of "first" and "second terminals," (B) a dispute regarding the application of the Court's construction of "driver size," and (C) a request to find the "2012 Design Review" not prior art. Dkt. No. 272. Micron filed an opposing response and sur-reply. Dkt. No. 299; Dkt. No. 363.

#### A. "terminals"

Netlist asserts that "Micron's sole anticipation theory for the '060 and '160 Patents relies on an incorrect and self-awarded claim construction" and, after self-determining what a plain and ordinary meaning of the term would constitute, that "Micron's invalidity expert does not identify any disclosure of *distinct* terminals in HMC2." Dkt. No. 272 at 9–11 (emphasis added).

The Court finds that the parties present competing applications of the claim limitations to the prior art. Micron denies that it will rely at trial on the same "terminal" to satisfy both the "first terminal" and "second terminal" limitations. Whether either side's experts impermissibly import their own construction or engage in opinions that should be struck is carried to be considered with the relevant motions to strike. Summary judgment is not appropriate.

#### B. "driver size"

Netlist asserts that "Micron's sole anticipation theory for the '160 Patent did not apply the court's construction for 'driver size.'" Dkt. No. 272 at 12–13.

Netlist's barebones argument regarding application of "driver size" is unpersuasive. Both sides provide competing applications of the construed limitation which demonstrate a genuine dispute of material fact. The Court is not persuaded that, even if Dr. Woods' testimony were to be stricken, that Netlist has carried its burden of demonstrating that a genuine dispute of material fact does not exist for this limitation.

### C.  2012 Design Review Prior Art

Netlist asserts that the "E80a Design Review" document used as evidence for the HMC2 prior art reference is not prior art due to being created after the critical date. Dkt. No. 272 at 13. Netlist supports this assertion by contending that the document relied upon by Micron's expert Dr. Woods does not show that it was created prior to 2012. *Id.* (citing *Estech Sys. IP, LLC v. Carvana LLC*, 2023 WL 329881, at *11–12 (E.D. Tex. 2023)). Micron responds that use of the document is proper and Dr. Woods is not solely relying on the document for his invalidity opinion. Dkt. No. 299 at 11. Micron asserts that reliance on the E80a Design Review document, despite post-dating the critical date, is permissible as corroborating evidence of conception and diligence. Dkt. No. 299 at 13. Netlist replies that reliance on the document for corroboration is error since the document was not contemporaneous with the time of conception or reduction to practice. Dkt. No. 343 at 7 (citing *Alexsam, Inc. v. Gap, Inc.*, 621 Fed. App'x 983 (Fed. Cir. 2015); *Mosaic Brands, Inc. v. Ridge Wallet LLC*, 55 F.4th 1354, 1365 (Fed. Cir. 2022)). Micron confirms in sur-reply that the E80a Design Review document is not being used for purposes of prior art but "corroborates Micron's diligent reduction to practice of its HMC2 prior art system." Dkt. No. 363.

The Court finds that Netlist and Micron agree that the E80a Design Review document is not prior art. However, that does not mean it is not admissible as evidence of reduction to practice for the HMC2 prior art system.  Mosaic applies the "rule of reason" to this question, considering "all pertinent evidence."

Accordingly, Netlist's Motion for Summary Judgment of No Anticipation as to the '060 and '160 Patents and that 2012 Design Review is Not Prior Art (Dkt. No. 272) should be **GRANTED-IN-PART** to the limited extent of finding that the E80a Design Review document is not prior art.

## IV.    MOTION FOR PARTIAL SUMMARY JUDGMENT FINDING ALLEGED PRIOR ART NOT PUBLICLY ACCESSIBLE (DKT. NO. 278)

Netlist asserts in this Motion that two prior art references were not publicly accessible: a university thesis by Sean Keller and asserted JEDEC materials. Dkt. No. 278 at 7, 9. Micron provided opposition through a response and sur-reply. Dkt. No. 302; Dkt. No. 356.

### A.  Legal Standard

A person shall be entitled to a patent unless "the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention . . . ." 35 U.S.C. § 102(a). The purpose of the "printed publication" provision of is "to prevent withdrawal by an inventor ... of that which was already in the possession of the public." *Jazz Pharm., Inc. v. Amneal Pharm., LLC*, 895 F.3d 1347, 1355 (Fed. Cir. 2018) (alteration in original) (quoting *Medtronic, Inc. v. Barry*, 891 F.3d 1368, 1380 (Fed. Cir. 2018)). "Whether an anticipatory document qualifies as a 'printed publication' under § 102 is a legal conclusion based on underlying factual determinations." *SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, 511 F.3d 1186, 1192 (Fed. Cir. 2008) (quoting *Cooper Cameron Corp. v. Kvaerner Oilfield Prods.*, 291 F.3d 1317, 1321 (Fed. Cir. 2002)).

"When considering whether a given reference qualifies as a prior art 'printed publication,' the key inquiry is whether the reference was made 'sufficiently accessible to the public interested in the art' before the critical date." *Voter Verified, Inc. v. Premier Election Sols., Inc.*, 698 F.3d 1374, 1380 (Fed. Cir. 2012) (quoting *In re Cronyn*, 890 F.2d 1158, 1160 (Fed. Cir. 1989)); *see also SRI Int'l*, 511 F.3d at 1195–96 (analyzing differing Federal Circuit cases regarding public accessibility). A reference will be considered publicly accessible if it was "disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it." *Kyocera Wireless Corp. v. Int'l Trade*

5

*Comm'n*, 545 F.3d 1340, 1350 (Fed. Cir. 2008). "[A] printed publication need not be easily searchable after publication if it was sufficiently disseminated at the time of its publication." *Suffolk Techs., LLC v. AOL Inc.*, 752 F.3d 1358, 1365 (Fed. Cir. 2014). "If accessibility is proved, there is no requirement to show that particular members of the public actually received the information." *Jazz Pharm.*, 895 F.3d at 1356 (quoting *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1569 (Fed. Cir. 1988)).

> If the material is not distributed to the public and never indexed, relevant factors include:
>
> (1) "the length of time the display was exhibited," (2) "the expertise of the target audience" (to determine how easily those who viewed the material could retain the information), (3) "the existence (or lack thereof) of reasonable expectations that the material displayed would not be copied," and (4) "the simplicity or ease with which the material displayed could have been copied."

*Medtronic*, 891 F.3d at 1381–82 (quoting *In re Klopfenstein*, 380 F.3d 1345, 1350 (Fed. Cir. 2004)).

"[T]he patent challenger bears the burden of establishing that a particular document is a printed publication." *Id*. at 1380 (citing *Blue Calypso, LLC v. Groupon, Inc.,* 815 F.3d 1331, 1350–51 (Fed. Cir. 2016)). When no facts are in dispute, the question of whether a reference represents a "printed publication" is a question of law. *Klopfenstein*, 380 F.3d at 1347. Whether a reference is a "printed publication" is a "case-by-case inquiry into the facts and circumstances surrounding the reference's disclosure to members of the public." *Id*. at 1350; *see also Navico Inc. v. Garmin Int'l, Inc.*, No. 2:16-cv-00190-JRG-RSP, 2017 WL 3750252, at *2 (E.D. Tex. July 28, 2017), *report and recommendation adopted,* No. 216-cv-00190-JRG-RSP, 2017 WL 3764213 (E.D. Tex. Aug. 29, 2017).

### B. Analysis

First, Netlist asserts that the Keller reference was not publicly accessible as a university thesis since it was not sufficiently catalogued or indexed before the critical date. Dkt. No. 278 at

6

7–9. Micron responds that public accessibility of the reference is not relevant to the invalidity defense since Micron is not relying on the reference as prior art and instead relies on the reference "in a limited capacity to demonstrate the state of the art at the time of the claimed invention." Dkt. No. 302 at 7–8.

The Court finds that the Keller reference is agreed to not be prior art and that, under Rule 403, it should not be admitted as evidence of the state of the art.

Second, Netlist asserts that JEDEC materials located on the website prior to the critical date were not publicly accessible due to a lack of searchability and indexing. Dkt. No. 278 at 9. Netlists further asserts that the final published standards have not been demonstrated to be publicly available by the critical date. Dkt. No. 278 at 10. Additionally, Netlist asserts that internal materials such as internal meeting minutes, ballots, and committee items were also not publicly available. Dkt. No. 278 at 11. Netlist also contends that the asserted JEDEC Materials would not otherwise qualify as publicly accessible presentations. Dkt. No. 278 at 13–14. Micron responds that produced archived versions of the JEDEC website demonstrate indexing and searchability was present in 2007, prior to the critical date. Dkt. No. 302 at 9–10. Further, in addition to contesting the relevant standard for determining public accessibility, Micron contends that deposition testimony demonstrates that materials were not strictly confidential and were available to certain individuals. Dkt. No. 302 at 12–13.

The Court finds that a genuine dispute of material fact is still present regarding the public accessibility of the asserted JEDEC materials. *See Klopfenstein*, 280 F.3d at 1347, 1350; *Navico*, 2017 WL 3750252, at *2.

Accordingly, the Motion should be **GRANTED-IN-PART** to the extent that the Keller reference is not prior art and is not admissible as evidence of the state of the art.

7

## V. MOTION FOR SUMMARY JUDGMENT ON MICRON'S EQUITABLE DEFENSES (DKT. NO. 274)

Netlist initially filed its Motion regarding several equitable defenses. Dkt. No. 274. Micron in response represented that the defenses regarding equitable/standards-based estoppel and prosecution history estoppel were being dropped. Dkt. No. 301. Remaining in dispute for this Motion is Netlist's request regarding prosecution laches. Dkt. No. 274 at 6–8.

"Prosecution laches as a defense to infringement requires proof of two elements: (a) that the patentee's delay in prosecution was unreasonable and inexcusable under the totality of the circumstances; and (b) that the accused infringer or the public suffered prejudice attributable to the delay." *Seagen Inc. v. Daiichi Sankyo Co.*, 2022 WL 2789901, at *4 (E.D. Tex. July 15, 2022) (citing *Cancer Rsch. Tech. Ltd. v. Barr Lab'ys, Inc.*, 625 F.3d 724, 728-29 (Fed. Cir. 2010)).

First, Netlist asserts that delay in prosecution was not unreasonable or inexcusable under the totality of the circumstances by relying on this Court's decision in a prior case involving the same patents, while also asserting that Micron has not provided evidence to the contrary. Dkt. No. 274 at 6–7. Micron responds that, despite Netlist's assertion that it was diligent in prosecution, Netlist had other options such as amending related applications or filing parallel applications. Dkt. No. 301 at 2–3 (citing *Sonos, Inc. v. Google LLC*, 20-06754 WHA, 2023 WL 6542320 (N.D. Cal. Oct. 6, 2023)).

Second, Netlist asserts that "Micron has not even asserted, much less put forth evidence, that it would have done something differently or that its economic position would have changed if the patents were prosecuted sooner." Dkt. No. 274 at 8. Further relying on *Sonos*, Micron responds that the totality of the circumstances supports that prejudice is present, namely production and design costs associated with the accused technology. Dkt. No. 301 at 3.

8

The Court is unpersuaded to rely solely on its findings in a previous action that did not involve the current set of defendants and a record not currently before the Court in this action. Further, the Court is not convinced that the persuasive authority cited from the Northern District of California resolves the distinguishable circumstances present in this case.

The Court finds that Netlist has not demonstrated that Micron does not have sufficient evidence of an essential element to carry its ultimate burden of persuasion at trial. Accordingly, the Motion should be **DENIED**.

## VI.    CONCLUSION

For the foregoing reasoning, it is recommended that Netlist's Motion for Summary Judgment of No Anticipation as to the '060 and '160 Patents and that 2012 Design Review is Not Prior Art (Dkt. No. 272) be **GRANTED-IN-PART**; Netlist's Motion for Partial Summary Judgment Finding Alleged Prior Art Not Publicly Accessible (Dkt. No. 278) be **GRANTED-IN-PART**; and Netlist's Motion for Summary Judgment on Micron's Equitable Defenses (Dkt. No. 274) be **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report **by not later than February 1, 2024** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Any objection to

this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 24th day of January, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE