IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:22-cv-00203-JRG-RSP |
| | § | |
| MICRON TECHNOLOGY, INC. *et al.*, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## MEMORANDUM ORDER

Before the Court is the Motion to Compel Micron to Produce Clawed-Back Documents, filed by Plaintiff Netlist, Inc. **Dkt. No. 393**. Defendants Micron Technology, Inc. *et al* opposed the relief, and the Motion was argued at a hearing. *See* Dkt. No. 399; Dkt. No. 406. Having heard argument at the hearing, Micron was excused from filing a response, except to provide the disputed document for in camera review. Dkt. No. 406 at 129.

### I. BACKGROUND

The document in question is Appendix 1 to Dr. Woods's expert report served by Micron on October 4, 2023. Dkt. No. 393 at 4. The Appendix included comment bubbles from Dr. Woods and Micron's counsel. Dkt. No. 393 at 5. Upon review of the document, the Court notes that the comments include explanations to Dr. Woods from Micron's counsel, as well as drafting notes by Dr. Woods that do not appear to be directed to counsel. On October 30, 2023, Micron served a version of Dr. Woods's rebuttal report which included Appendix 1 without the comment bubbles. Dkt. No. 393 at 4. Motions to strike were filed by both parties on November 14, 2023, including one directed at Dr. Woods. *See* Dkt. No. 243; Dkt. No. 270. Micron on December 4, 2023 declared

1

its intent to Netlist to claw back the version of Appendix 1 with the comments served on October 4, 2023. Dkt. No. 393 at 4.

Netlist asserts that the information is not privileged pursuant to FRCP 26(b)(4)(C) or in the alternative that the privilege has been waived. Dkt. No. 393 at 4, 7–9. Micron responds that the comments constitute work product communications with the expert and would therefore be privileged. Dkt. No. 406 at 126 ln 3–7.

## II.   ANALYSIS

Rule 26(b)(4) provides what is known as work product protection for communications between expert and lawyer unless the expert considered the lawyer's statements in formulating his opinions:

> (C) Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses. Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications: . . .
>
> > (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
> >
> > (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26(b)(4)(C)(ii)–(iii). Comments on documents between attorneys and experts is a common practice in the preparation of the expert reports for patent cases. The comments provided by Micron's counsel would be protected if they did not provide facts or data considered by the expert in forming his opinions. It appears likely that Dr. Woods did consider the information contained in the comment bubbles. His drafting notes do not qualify for protection since they do not appear to have been intended as communications with counsel.

In any event, the Court finds that work product protection was waived when disclosure of the document occurred on October 4, 2023. *See Lincoln Elec. Co. v. Esab Grp., Inc.*, 2016 WL

6804861, at *2 (E.D. Tex. 2016). Micron waited two months after serving the initial report to raise the issue of privilege, despite claiming to have realized the comments were present on the initial disclosure on October 30, 2023. Further, the claw-back request occurred after both a motion to strike for Dr. Woods was filed and Micron filed its opposition to the motion to strike. *See* Dkt. No. 270 (filed November 14, 2023); Dkt. No. 291 (filed November 28, 2023).

### III.   CONCLUSION

Netlist's Motion to Compel Micron to Produce Clawed-Back Documents is **GRANTED**.

**SIGNED this 25th day of January, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE