# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) Case No. 2:22-cv-203-JRG-RSP |
| | ) |
| vs. | ) JURY TRIAL DEMANDED |
| | ) |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S EXHIBIT OBJECTION DECISIONS



## TABLE OF EXHIBITS

| No. | Brief Description |
|---|---|
| ■ | ■ |
| ■ | ■■■■■■■■■■■■■■■■■ |
| ■ | ■ |
| ■ | ■■■■■■■ |
| ■ | ■■■■■■■ |
| ■ | ■■■■■■■■■■ |
| ■ | ■■■■■■ |
| ■ | ■■■■■■■ |

i

Pursuant to Fed. R. Civ. P. 72(a), Micron objects to Magistrate Judge Payne's exhibit objection decisions from the January 12, 2024 pretrial conference as follows:

**PX 5**   Micron objected to PX-5—the incomplete file histories of the patents-in-suit—on the grounds of relevancy, undue prejudice, completeness, and authentication. Ex. 1; Ex. 2 at 5:13-18. Micron moved to admit the complete and authentic file histories that includes the Patent Trial and Appeal Board's ("PTAB") final written decisions. *Id*. Judge Payne overruled Micron's objection to the incomplete file histories. *Id*. at 6:17-24.

The Supreme Court has noted that the presumption of validity of patents derives from "the basic proposition that a government agency such as the PTO was presumed to do its job." *Microsoft Corp*, 564 U.S. at 97, 131 S. Ct. 2238, 2243, 180 L. Ed. 2d 131 (2011). The USPTO, after considering additional prior art, that it did not consider when it initially issued the patents-in-suit, declared the patents unpatentable. There is a basic presumption that the USPTO—particularly after considering ***all of the facts***—did its job correctly when it invalidated these patents-in-suits. The complete file histories are highly relevant to that basic presumption.

Additionally, PX-5 is not the certified and authentic file histories that the United States Patent and Trademark Office ("USPTO") would issue today. 28 U.S.C.A. § 1744. The complete file histories of the patents demonstrate that the USPTO did not have all material facts before it when it granted the '918 patent and '054 patent.[1] In the interest of fairness, the Court should sustain Micron's objection and preclude the file histories or only admit the complete file histories so that Micron can most effectively meet its burden of persuasion. Fed. R. Evid. 106.

---

[1] *Microsoft Corp*, 564 U.S. at 112. ("Simply put, if the PTO did not have all material facts before it, its considered judgment may lose significant force. [] And, concomitantly, the challenger's burden to persuade the jury of its invalidity defense by clear and convincing evidence may be easier to sustain.").

Accordingly, Micron objects to Judge Payne's decision pre-admitting PX-5 without admitting the complete and authentic file histories of the patents-in-suits.

**PX 19**   Micron objected to PX-19—an April 2015 internal Netlist email and corresponding slide deck that Netlist created and relies upon to allege notice to Micron of certain patents—as hearsay, irrelevant, and unduly prejudicial because Netlist has no admissible evidence that the slide deck was ever actually presented to Micron. Ex. 3 ("April 2015 slide deck"); Ex. 2 at 23:18-24:12, 30:3-33:24, 58:9-59:2. Judge Payne overruled the relevance objection based on a recent declaration by a former Netlist employee Noel Whitley, ███████████████████████ ████████████████████████████████████████████ ███████████████████████████████████ Thus, the Whitley declaration is inadmissible hearsay, which the Court acknowledged will not be provided to the jury, Ex. 2 at 47:15-16 ("Well, the declaration won't be admitted to the jury."), and the Court's decision pre-admitting PX-19 is clearly erroneous and contrary to law.

Fed. R. Evid. 104(b) provides:

**Relevance That Depends on a Fact.** When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later.

Here, the relevance of PX-19 depends on Netlist's ability to introduce admissible trial evidence that it was actually presented to Micron, a point Judge Payne seemed to acknowledge with regard to other alleged notice exhibits.[2] The Supreme Court has clearly stated that the Court may not

---

[2] Ex. 2 at 40:7-12 ("[T]he fact that you are introducing it as something that was communicated to Micron is what provides that relevance, and if you don't have the link that shows that it was produced to Micron, then whatever relevance it has sitting in your file would be far outweighed by the prejudice.").

decide whether the proponent has proven the conditional fact, but only whether *a jury* could reasonably find the conditional fact:

> In determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact—here, that the televisions were stolen—by a preponderance of the evidence.

*Huddleston v. United State*s, 485 U.S. 681, 690, 108 S. Ct. 1496, 1501, 99 L. Ed. 2d 771 (1988); *accord Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 540 (D. Md. 2007) (emphasis added) ("the facts introduced [supporting admissibility under conditional relevance] ***must be admissible*** under the rules of evidence"). [3] Pre-admitting PX-19 is thus clear error because the Court bases its decision on an ***inadmissible*** declaration which will not be presented to the jury and thus cannot possibly be the basis of any finding by the jury.

Properly applying the Supreme Court's test in *Huddleston* confirms that PX-19 should not be admitted because there is not admissible evidence from which the jury could find that Netlist provided a copy or presented specific slides of the to Micron. Netlist has no trial witness that can provide that proof, ███████████████████████████████████████ ███████████████████████ His declaration will not be admitted before the jury. *See* Ex. 2 at 47:15-16 ("Well, the declaration won't be admitted to the jury."). The only fact witnesses on Netlist's trial witness list are Scott Milton and Chuck Hong. ███████████████████████
███████████████████████████████████████

---

[3] *See also United States v. James*, 590 F.2d 575 (5th Cir. 1979) ("[Rule 104] thus adopts the orthodox position that the judge alone decides preliminary questions as to the competence of evidence, and the jury decides preliminary questions as to the conditional relevancy of the evidence."); 1972 Advisory Committee Note to Fed. R. Evid. 104(b) ("If preliminary questions of conditional relevancy were determined solely by the judge, as provided in subdivision (a), the functioning of the jury as a trier of fact would be greatly restricted and in some cases virtually destroyed. These are appropriate questions for juries.").



And Mr. Hong, who was Netlist's corporate representative on the topic of Netlist's pre-suit communications with Micron, ▓▓▓▓▓▓▓

▓▓▓▓▓▓▓ And although Mr. Hong ▓▓▓▓▓▓▓

▓▓▓▓▓▓▓ which is impermissible speculation that would be inadmissible at trial.[5] Thus, there is no admissible evidence from which a jury could reasonably find that Netlist provided the presentation to Micron or presented any specific slides to Micron.

Similarly, the PX-19 email is not relevant to Netlist's assertion that Micron had notice of the patents-in-suit. The PX-19 email ▓▓▓▓▓▓▓

▓▓▓▓▓▓▓ Thus, Netlist has not offered any evidence that either portion of PX-19—▓▓▓▓▓▓▓—are relevant to the current proceeding.

Additionally, PX-19 is inadmissible hearsay and does not fall under Rule 803(6).[7] In *Versata Software, Inc. v. Internet Brands, Inc.*, Judge Bryson outlined when "e-mails [are] not

---

[4] Thus, Mr. Hong both lacks personal knowledge and cannot testify as a corporate representative because "a corporate representative may not testify to matters outside his own personal knowledge 'to the extent that information [is] hearsay not falling within one of the authorized exceptions.'" *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907-908 (5th Cir. 2010).
[5] Further, the fact that Mr. Hong ▓▓▓▓▓▓▓

[6] As Judge Payne noted, "the document that [Netlist] us[ed] to sponsor this slide deck otherwise, which is PX 19, concludes by saying that Micron was not left with a copy of it." Ex. 2 at 44:21-23.
[7] The Court noted that the e-mail does not fall under other hearsay exceptions, such as the present sense impression. *See* Ex. 2 at 42:3-4 ("An email after the fact is not going to be a present sense impression.").

admissible under the business records exception to the hearsay rule." No. 2:08-CV-313-WCB, 2012 WL 2595275, at *4 (E.D. Tex. July 5, 2012). Judge Bryson reasoned that e-mails should not fall under rule 803(6) when the proponent of the evidence fails to show that (1) the e-mail "was made and kept in the course of a regularly conducted business and as a regular practice of the business[,]" and (2) that the "that e-mails were routinely retained so as to be available for later use." *Id*. at *5.

Both issues arise here. Netlist has offered no evidence that the type of email in PX-19 was made and kept as a regular practice of the business. The ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Drafting e-mails, like the one in PX-19, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In fact, the Whitley declaration ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The Whitley declaration ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Additionally, Netlist has presented no evidence that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Thus, PX-19 is hearsay that does not fall under Rule 803(6).

Accordingly, Micron objects to Judge Payne's decision admitting PX-19 without condition that the fact on which its relevance depends first be proven by admissible trial evidence. Micron further objects that the PX-19 e-mail is inadmissible hearsay. Because there is not admissible evidence from which a jury could reasonably conclude that Netlist has made that proof, and because PX-19 is inadmissible hearsay, PX-19 should not be pre-admitted.

| | |
|---|---|
| Dated: January 26, 2024 | Respectfully submitted,<br><br>WINSTON & STRAWN LLP<br><br><br>*/s/ Michael R. Rueckheim*<br>Thomas M. Melsheimer<br>State Bar No. 13922550<br>TMelsheimer@winston.com<br>Natalie Arbaugh<br>State Bar No. 24033378<br>NArbaugh@winston.com<br>Barry K. Shelton<br>State Bar No. 24055029<br>BShelton@winston.com<br>**WINSTON & STRAWN LLP**<br>2121 N. Pearl Street, Suite 900<br>Dallas, TX 75201<br>Telephone: (214) 453-6500<br>Facsimile: (214) 453-6400<br><br>David P Enzminger<br>denzminger@winston.com<br>**WINSTON & STRAWN LLP**<br>333 South Grand Avenue, 38th Floor<br>Los Angeles, CA 90071-1543<br>Telephone: (213) 615-1700<br>Facsimile: (213) 615-1750<br><br>Michael R. Rueckheim<br>State Bar No. 24081129<br>MRueckheim@winston.com<br>**WINSTON & STRAWN LLP**<br>255 Shoreline Drive, Suite 520<br>Redwood City, CA 94065<br>Telephone: (650) 858-6500<br>Facsimile: (650) 858-6559<br><br>Matthew Hopkins (*pro hac vice*)<br>State Bar No. 1500598<br>mhopkins@winston.com<br>**WINSTON & STRAWN LLP**<br>1901 L Street, N.W.<br>Washington, D.C. 20036<br>Telephone: (202) 282-5000<br>Facsimile: (202) 282-5100 |

Juan C. Yaquian
State Bar No. 24110559
JYaquian@winston.com
**WINSTON & STRAWN LLP**
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Wesley Hill (State Bar No. 24032294)
wh@wsfirm.com
Andrea Fair (State Bar No. 24078488)
andrea@wsfirm.com
Charles Everingham IV (State Bar No. 00787447)
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323


**ATTORNEYS FOR DEFENDANTS
MICRON TECHNOLOGY, INC.,
MICRON SEMICONDUCTOR PRODUCTS,
INC., MICRON TECHNOLOGY TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that, on January 26, 2024, a copy of the foregoing was served on all counsel of record via the Court's ECF system and email.

/s/ *Michael R. Rueckheim*
Michael R. Rueckheim
