IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:22-CV-00203-JRG |
| § | |
| MICRON TECHNOLOGY, INC., MICRON § | |
| SEMICONDUCTOR PRODUCTS INC, § | |
| MICRON TECHNOLOGY TEXAS LLC, § | |
| § | |
| *Defendants*. § | |

**ORDER**

The Court issues this Order *sua sponte*. The Court previously stayed this case pending the PTAB's written decisions in IPR2022-01427 and IPR2022-01428. (Dkt. No. 493.) On April 1, 2024, the PTAB issued its final written decisions in IPR2022-01427 and IPR2022-01428, finding all asserted claims in U.S. Patent Nos. 8,787,060 and 9,318,160 in the above-captioned case to be invalid. The PTAB previously determined that all claims of U.S. Patent Nos. 11,016,918, 11,232,054, 10,860,506 and 10,949,339 were unpatentable. Accordingly, all asserted claims in the above-captioned case have been declared invalid by the PTAB.

Shortly after the PTAB issued its final written decisions in IPR2022-01427 and IPR2022-01428, the parties filed a Joint Notice Regarding the Current Stay (the "Notice"). (Dkt. No. 500.) In the Notice, Netlist argues that the stay should be lifted and this case proceed to trial because Netlist has brought a separate declaratory judgment action, asserting that Netlist's suits in this Court have not violated an Idaho state statute. *Netlist, Inc. v. Micron Tech., Inc*., 2:23-cv-628-JRG. Netlist argues that successfully litigating its underlying claims here will establish that Netlist's patent infringement claims are not "objectively baseless in the sense that no reasonable litigant

could realistically expect success on the merits," *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1376 (Fed. Cir. 2004); *Maxchief Investments Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1140 n.3 (Fed. Cir. 2018). Accordingly, Netlist requests that it be allowed to bring its claims before a jury.

Micron argues that the stay should remain. Specifically, Micron argues that the Court stayed the case when only four of the original six asserted patents were found invalid, observing the risk of "an inefficient consumption of limited judicial resources." (Dkt. No. 493 at 1-2.) Micron argues that this risk has now increased since all asserted patent claims have been found invalid. Micron also contends that it brought its original Idaho bad-faith litigation claims in Idaho state court because Netlist was asserting "facially invalid" claims from three patents, which had already been confirmed by the PTAB. Micron contends that "litigating Netlist's underlying" infringement theories is not dispositive in those state court proceedings or the broader declaratory judgment action Netlist brought before this Court.

The Court agrees with Micron. The Court is not persuaded that presenting infringement claims to a jury so that Netlist might be able to develop arguments for a separate declaratory judgment action in another forum is an appropriate basis for lifting the stay in this case. The reasoning from the Court's original Order staying the case now holds additional weight given that all asserted claims of all six patents in suit have been invalidated.

Accordingly, the Court finds that the stay in this case should be **maintained** until further order from this Court. The Parties are **ORDERED** to file a joint status report within ten (10) days after any ruling concerning the PTAB's final written decisions.

2

**So Ordered this**

**Jun 13, 2024**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE